| | |
|---|---|
| **McGuireWoods LLP**<br>Jamie D. Wells (SBN 290827)<br>Two Embarcadero Center<br>Suite 1300<br>San Francisco, CA 94111-3821<br>Telephone: 415.844.9944<br>Facsimile: 415.844.9922<br><br>K. Issac deVyver (*pro hac vice*)<br>Karla Johnson (*pro hac vice*)<br>Tower Two-Sixty<br>260 Forbes Avenue<br>Suite 1800<br>Pittsburgh, PA 15222<br>Telephone: 412.667.6000<br>Facsimile: 412.667.6050<br><br>Attorneys for Defendant<br>WELLS FARGO BANK, N.A. | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO: 3:19-cv-04065-MMC<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Date: N/A<br>Time: N/A<br>Place: N/A<br><br>Complaint Filed: July 16, 2019<br><br>Amended Complaint filed: September 27, 2019<br><br>**Hon. Judge Maxine M. Chesney** |

---

**DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**

Pursuant to Civil Local Rule 7-11, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") files this Administrative Motion to Continue the Case Management Conference, and in support, states as follows:

### FACTUAL BACKGROUND

On July 16, 2019, Plaintiff Eduardo Peña, on behalf of himself and a putative class, filed the Complaint in this action against Wells Fargo in the Northern District of California, San Francisco Division, and Wells Fargo was served on or about July 24, 2019. Pursuant to Fed. R. Civ. P. 12, Wells Fargo's original responsive pleading was due 21 days thereafter, or on or about August 14, 2019. *Id.* On August 5, 2019, the Parties filed a joint stipulation to extend Wells Fargo's time to respond to the Complaint until September 13, 2019 (D.E. 11), which was approved by the Court (D.E. 15).

On September 12, 2019, the Parties agreed to hold in abeyance any requirement to plead or otherwise respond to the Complaint on September 13, 2019, so that Plaintiff could file an Amended Complaint on or before September 27, 2019. (D.E. 25). Wells Fargo anticipated moving to dismiss and/or strike Plaintiff's original Complaint and expects to move to dismiss and/or strike Plaintiff's Amended Complaint, although Wells Fargo will need to review and assess the Amended Complaint once filed to make that determination. Consequently, the Parties further agreed to a briefing schedule with Wells Fargo's response to the Amended Complaint due 30 days after the filing, any opposition due 21 days thereafter, and any reply due 14 days after the filing of the opposition (D.E. 25). If Wells Fargo files its anticipated motion to dismiss and/or to strike, this would result in briefing being complete in late November or early December.

On September 13, 2019, this Court entered an Order approving the foregoing stipulation regarding the filing of an Amended Complaint and briefing schedule. (D.E. 26). The Court further provided in the Order that if "defendant intends to respond to the Amended Complaint with something other than an answer, the parties may wish to seek a continuance of the Initial Case Management Conference." (D.E. 26). The Initial Case Management Conference is currently set for October 18, 2019, with the Joint Case Management Statement and related materials due on October 11, 2019, and the parties' ADR Certification due on September 27, 2019. (D.E. 4, 22).

**REQUESTED RELIEF**

As noted, Wells Fargo anticipates that it will move to dismiss and/or to strike the class allegations in response to Plaintiff's Amended Complaint. Consequently, Wells Fargo reached out to Plaintiff about resetting the Initial Case Management Conference until after briefing was completed and setting Wells Fargo's expected motion to dismiss and/or to strike for argument on the same day as the Initial Case Management Conference for the convenience of the Court and the parties (as counsel for both parties are traveling from the East Coast for the Initial Case Management Conference and argument). The Parties met and conferred on September 23, 2019 and agreed to submit a Stipulation to the Court to continue the Initial Case Management Conference to allow the Parties time to assess the new claims in the Amended Complaint and any motions in response and proceed accordingly. Defendant proposed a new Initial Case Management Conference date of December 13, 2019, because this date would quickly follow the completion of any briefing in response to the Amended Complaint. Further, Defendant proposed that the Parties set the hearing on any pending motions for that same day, and to adjust the deadlines in the Order Setting the Initial Case Management Conference (D.E. 4) accordingly.

In response, Plaintiff stated that an Initial Case Management Conference date of November 15, 2019 would be preferred, so that Plaintiff could move forward with discovery expeditiously. Wells Fargo did not agree, but proposed that the parties file the Stipulation to continue the Initial Case Management Conference, and allow the Court to decide on the rescheduled date for the Initial Case Management Conference.

In response to this suggestion, Plaintiff then added a third alternative to the Parties' draft Stipulation, agreeing to the December 13, 2019 Initial Case Management Conference date, but only if Wells Fargo would agree to hold the Rule 26(f) conference on November 4, 2019, so that Plaintiff could immediately begin class discovery. Under the current briefing schedule, Plaintiff's opposition to Wells Fargo's anticipated motion(s) in response to the Amended Complaint would not be due until November 13, 2019, after Plaintiff's proposed date to commence discovery. And, during that time, Plaintiff could potentially amend again (an issue that Wells Fargo raised during the meet and confer and to which Plaintiff understandably could not state with certainty

2

**DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**

whether there would be further amendments). Accordingly, Wells Fargo responded that it could not agree to immediately begin class discovery until it had an opportunity to review and assess Plaintiff's Amended Complaint, and to assess its approach in response, including conducting factual investigation of the new claims. Wells Fargo's position is that the Parties need to review, analyze and understand Plaintiff's claims and Wells Fargo's defenses prior to agreeing to commence class discovery. The Parties' failed attempts at meeting and conferring on this issue are set forth in the attached Declaration of Karla Johnson, attached as Exhibit A.

## CONCLUSION

WHEREAS, Defendant Wells Fargo respectfully moves this Court for a continuance of the Initial Case Management Conference to December 13, 2019, and to adjust the remaining deadlines set forth in D.E. 4 accordingly, in order to avoid undue burden on the Parties and the Court.

DATED: September 27, 2019          McGuireWoods LLP


By: /s/ Karla L. Johnson
    Karla L. Johnson

    Attorneys for Defendant
    WELLS FARGO BANK, N.A.

3

**DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**