**McGuireWoods LLP**
Jamie D. Wells (SBN 290827)
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

K. Issac deVyver (*admitted pro hac vice*)
Karla Johnson (*admitted pro hac vice*)
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Telephone: 412.667.6000
Facsimile: 412.667.6050

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO: 3:19-cv-04065-MMC<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 13, 2019<br>Time: 9:00 a.m.<br>Courtroom: 7<br><br>Complaint: July 16, 2019<br>First Amended Complaint: September 27, 2019<br><br>**Hon. Judge Maxine M. Chesney** |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 9:00 AM on Friday, December 13, 2019, in Courtroom 7 of the above captioned court, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will and hereby does move for an order dismissing each of Plaintiff Eduardo Peña's ("Plaintiff"') claims against Wells Fargo pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion").

Wells Fargo's Motion is made on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

This Motion relies upon this Notice of Motion, the attached Memorandum of Points and Authorities, the papers on file with the Court, and the arguments of counsel at the hearing on this Motion.

DATED: October 28, 2019          **MCGUIREWOODS LLP**

By:    */s/ K. Issac deVyver*
        K. Issac deVyver
        Attorneys for Defendant
        WELLS FARGO BANK, N.A.

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
| | A. Plaintiff Has Failed To Plead Facts Sufficient To Show He Was Denied Direct Auto Financing For A Discriminatory Reason In Violation of Section 1981 | 5 |
| | B. Plaintiff Fails to State a Claim Under The Equal Credit Opportunity Act | 6 |
| |    1. Plaintiff Has Failed to Plead Facts Sufficient to Support His Claim that the Adverse Action Letter Was Inaccurate | 7 |
| |    2. Plaintiff's Claim of A Violation of the ECOA Based on the "Accuracy" of the Adverse Action Letter Has Not Been Recognized In This Court | 8 |
| |    3. Any Claim of Discrimination Under the ECOA, If Asserted, Fails | 9 |
| | C. Plaintiff Fails to State A Claim Under The Fair Credit Reporting Act | 10 |
| |    1. Plaintiff Has Failed to Plead Facts Sufficient to Support His Claim that Wells Fargo Pulled His Credit For An Improper Purpose | 10 |
| |    2. Plaintiff's Has Failed to Plead Facts Sufficient to Support His Claim That Wells Fargo Acted Willfully or Negligently in Pulling His Credit Report | 12 |
| V. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................4, 5, 7

*Banks v. JPMorgan Chase Bank, N.A.*,
    No. CV14-06429 JAK (FFMx), 2015 WL 2215220 (C.D. Cal. May 11, 2015) .........................9

*Bell Atl. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................4, 6

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) ...............................................................................................5

*Cousins v. Lockyer*,
    568 F.3d 1063 (9th Cir. 2009) .......................................................................................5, 7

*Demay v. Wells Fargo Home Mortg., Inc.*,
    279 F. Supp. 3d 1005 (N.D. Cal. 2017) ..............................................................10, 11, 12, 13

*Doe v. Holy See*,
    557 F.3d 1066 (9th Cir. 2009) ...........................................................................................5

*Fischl v. General Motors Acceptance Corp.*,
    708 F.2d 143 (5th Cir. 1983) .............................................................................................8

*Harvey v. Bank of Am., N.A.*,
    906 F. Supp. 2d 982 (N.D. Cal. 2012) ............................................................................9, 10

*HPG Corp. v. Countrywide Home Loans*,
    No. CV 10-945-JST, 2010 WL 11549383 (C.D. Cal. Nov. 8, 2010) ....................................6, 7

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ...............................................................................7

*Lacano Investments, LLC v. Balash*,
    765 F.3d 1068 (9th Cir. 2014) .......................................................................................5, 7

*Makreas v. The Moore Law Group, A.P.C.*,
    No. C-11-2406 MMC, 2011 WL 3047634 (N.D. Cal. July 25, 2011) .....................................11

*Myers v. Stoneleigh Recovery Assoc.*,
    No. CIV S-11-1753 LKK EFB PS, 2012 WL 1356752 (E.D. Cal. Apr. 18, 2012) ...................11

*Norris v. Bayview Loan Servicing, LLC*,
    No. CV-15-06413-MWF (DTBx), 2015 WL 6745048 (C.D. Cal. Oct. 26, 2015) .....................7

*Owens v. Bank of Am., N.A.*,
　No. 11-cv-4580-YGR, 2013 WL 1820769 (N.D. Cal. Apr. 30, 2013) ........................................7

*Para v. United Carolina Bank*,
　No. 97-CV-54-BR(1), 1998 U.S. Dist. LEXIS 16843 (E.D.N.C. Aug. 26, 1998) ...................8, 9

*Perez v. Wells Fargo Bank, N.A.*,
　No. 3:17-cv-454-MMC (N.D. Cal.) ......................................................................................12

*Powell v. Pentagon Federal Credit Union*,
　No. 10 CV 785, 2010 WL 3732195 (N.D. Ill. Sept, 17, 2010) ..................................................8

*Pyle v. First Nat. Collection Bureau*,
　No. 12-cv-288, 2012 WL 1413970 (E.D. Cal. Apr. 23, 2012)..................................................11

*Ruiz v. Samuel I. White, P.C.*,
　No. 09-cv-688, 2009 WL 10687930 (E.D. Va. Nov. 9, 2009)....................................................8

*Safeco Ins. Co. of Am. v. Burr*,
　551 U.S. 47 (2007) .................................................................................................................12

*Shelton v. Hal Hays Constructions, Inc.*,
　16-360-VAP, 2016 WL 8904414 (C.D. Cal. July 29, 2016)....................................................13

*Vasquez v. Bank of America, N.A.*,
　No. 13-cv-2902-JST, 2013 WL 6001924 (N.D. Cal. Nov. 12, 2013).........................................6

*Young v. Harbor Mortor Works, Inc.*,
　2009 WL 187793 (N.D. Ind. 2009)..........................................................................................13


**STATUTES**

12 C.F.R. § 202.5 (e)......................................................................................................................10

12 C.F.R. § 1002.9(a).......................................................................................................................3

15 U.S.C. § 1681b .........................................................................................................................11

15 U.S.C. § 1681b(a)(3) ................................................................................................................10

15 U.S.C. § 1681b(a)(3)(F) ...........................................................................................................11

15 U.S.C. § 1681b(f).......................................................................................................................3

15 U.S.C. § 1681n .........................................................................................................................13

15 U.S.C. § 1681o .........................................................................................................................13

15 U.S.C. § 1691 ............................................................................................................................3

15 U.S.C. § 1691(d)(1) ...................................................................................................................6

15 U.S.C. § 1691(d)(2) ................................................................................................................6, 7

15 U.S.C. § 1691(d)(3) .........................................................................................................8, 9, 11

42 U.S.C. § 1981 .........................................................................................................................3, 4

**OTHER AUTHORITIES**

Official Staff Commentary on Regulation B, 2006 WL 3946325, at *1.........................................10

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I. INTRODUCTION

Plaintiff seeks to bring a nationwide class action on behalf of all individuals with DACA status in the United States that applied to Wells Fargo for direct auto financing and were denied, based on alleged alienage discrimination under Section 1981 of the Civil Rights Act. Plaintiff seeks to bring a second nationwide class of DACA recipients who were also denied direct auto financing, but allegedly did not received an "accurate" explanation as to the reason for the denial, purportedly in violation of the Equal Credit Opportunity Act ("ECOA"). And, through his most recent Amended Complaint, Plaintiff has added a third nationwide class consisting of DACA recipients for whom Wells Fargo conducted a credit inquiry allegedly without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"). The lynchpin of Plaintiff's claims, and all three proposed classes, is that Wells Fargo has a policy of "categorically" refusing to offer direct auto financing to DACA recipients.

Plaintiff has failed to state a claim under Section 1981 because he has failed to allege facts sufficient to support that claim. With regard to the facts alleged in the First Amended Complaint, Plaintiff's Section 1981 claim is built on the assumption that Wells Fargo supposedly has a policy that categorically denies direct auto financing to DACA recipients, but the First Amended Complaint is devoid of any factual detail or support for such a claim. Plaintiff has not alleged any actual facts about the policy (including what the policy states or how it purportedly "categorically excludes" DACA recipients), and his own allegations establish only that Wells Fargo considered Plaintiff's work authorization expiration and permanence of residence when deciding whether to extend credit to him. These facts do not establish a policy that discriminates based on alienage and runs afoul of Section 1981. At best, these facts establish that Wells Fargo made a decision about Plaintiff based on his immigration status (which is an accepted risk consideration under the ECOA)—not his alienage—and such a claim fails as a matter of law.

Plaintiff's ECOA claim likewise fails to state a claim. Plaintiff alleges that Wells Fargo sent him an adverse action letter when it denied him financing that was false because it did not state that the true reason he was denied credit was based on Wells Fargo's exclusionary policy against DACA

1
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

recipients. But Plaintiff has not attached the adverse action letter or alleged any facts supporting his claim, including what the notice stated, what he contends it should have stated, or how it was purportedly inaccurate. Without these facts, Plaintiff has failed to state a claim. In any event, even if Plaintiff had plead the requisite facts, the weight of the authority is that an ECOA claim for an allegedly "false" adverse action letter does not exist and fails as a matter of law.

Plaintiff's FCRA claim is equally deficient on the face of the First Amended Complaint. Plaintiff alleges that Wells Fargo violated the FCRA by pulling his credit report in connection with his loan application. Although the FCRA expressly authorizes Wells Fargo to pull credit reports in connection with consumer transactions—like Plaintiff's loan application here—Plaintiff nevertheless contends the alleged credit pull was for an improper purpose because Wells Fargo did not use Plaintiff's credit report to determine his eligibility for direct auto financing. Plaintiff however, does not plead any facts in support of this claim. Nor does he plead any facts demonstrating that Wells Fargo's purported misconduct was willful or negligent—as he must to state an FCRA claim.

For these reasons, Plaintiff has failed to state a claim under Section 1981, ECOA, or the FCRA. Plaintiff's First Amended Complaint ("FAC") should accordingly be dismissed with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff alleges that he is a DACA recipient and possesses an Employment Authorization Document (an "EAD" or federal work permit) and a valid Social Security Number. FAC ¶ 48. He asserts that in or around November 2018, he submitted an online application for direct auto financing through Wells Fargo's website because he and his wife wanted to purchase a car. *Id.* ¶ 49. Plaintiff alleges that when the online application requested that he enter a citizenship status, he "selected the option for non-resident alien." *Id.* ¶ 49. Thereafter, Plaintiff claims that he received a phone call from a Wells Fargo representative to process the loan, and the "Wells Fargo representative provided him with additional paperwork to complete and asked him for a copy of his Social Security card." *Id.* ¶ 51. He alleges that when he provided his Social Security Card, the Wells Fargo representative

asked him for a copy of his work permit. *Id.* Plaintiff contends that "[w]hen he provided his work permit, the representative told him he was ineligible for the loan because his DACA status expired within the loan period." *Id.* Plaintiff maintains he "explained that his status would be renewed and that work authorization under DACA is for two-year periods." *Id.* Plaintiff alleges "[t]he representative told [him] that he could not be approved for an auto loan." *Id.* Plaintiff claims Wells Fargo did not consider his "actual creditworthiness for the auto loan or his ability to meet its underwriting criteria for the loan" but also claims that Wells Fargo conducted "a hard credit inquiry on his credit report." *Id.* ¶¶ 52, 54. Plaintiff then asserts that he "requested that Wells Fargo send him a written explanation for his auto loan denial, but never received one that accurately stated the reason for his denial of credit." *Id.* ¶ 53. Tellingly, Plaintiff does not attach the alleged false notice, nor does he allege what the notice of adverse action said, what he contends it should have said, or how it was purportedly inaccurate. Plaintiff further alleges he "suffered harm as a result of Wells Fargo's denial of his auto loan application, failure to provide him with an accurate written explanation for the denial, and placement of a hard credit inquiry on his credit report." *Id.* ¶ 54.

Based on these allegations, Plaintiff brought this nationwide class action against Wells Fargo on behalf of himself and others similarly situated. Plaintiff pleads three claims against Wells Fargo: (1) "Alienage Discrimination" in violation of the Civil Rights Act (42 U.S.C. § 1981), (2) "Failure to Provide Written Notice of Reason for Denial" in violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691, *et seq.* and 12 C.F.R. § 1002.9(a)) ("ECOA"), and (3) "Obtaining Consumer Reports Without a Permissible Purpose" in violation of FCRA, 15 U.S.C. § 1681b(f). *See generally* FAC. Plaintiff seeks to certify three classes—one of DACA recipients who were denied auto financing by Wells Fargo from July 16, 2017 through the date of final judgment in this action ("Covered Period") ("Section 1981 Class"), a second class of DACA recipients "in the Covered Period who were declined an auto loan by Wells Fargo and did not receive a written notice of adverse action with an accurate statement of the reasons for the denial" ("ECOA Class"), and a third class of DACA recipients "in the Covered Period who were declined an auto loan by Wells Fargo and for whom Wells Fargo conducted a hard credit inquiry" ("FCRA Class"). *Id.* ¶¶ 66-68.

In support of his first claim for "Alienage Discrimination," Plaintiff alleges Wells Fargo "intentionally discriminated against Plaintiff and the Section 1981 Class on the basis of alienage by denying them the opportunity to contract for credit" and "interfered with their right to make and enforce contracts for credit." *Id.* ¶¶ 83-84. Plaintiff maintains "Wells Fargo's policies of denying credit based on Plaintiff's and the Section 1981 Class Members' alienage harmed them and constitutes unlawful alienage discrimination in the making and enforcing of contracts in violation of 42 U.S.C. § 1981." *Id.* ¶ 85.

Plaintiff's second claim for "Failure to Provide Written Notice of Reason for Denial," alleges that "Wells Fargo violated ECOA by failing to provide a notice of adverse action that accurately stated the reasons for its denial of auto loans to Plaintiff and members of the ECOA Class." *Id.* ¶ 90. Plaintiff states that he "and members of the ECOA Class are entitled to actual damages resulting from Wells Fargo's violation of ECOA, punitive damages, and equitable and declaratory relief, as well as the recovery of costs and attorneys' fees." *Id.* ¶ 91.

Plaintiff's third claim for "Obtaining Consumer Reports Without a Permissible Purpose," alleges that Wells Fargo violated the FCRA by pulling but not using Plaintiff's credit report to determine Plaintiff's eligibility for credit. *Id.* ¶ 94. Based on these allegations, Plaintiff alleges that he and members of the FCRA Class are entitled to statutory damages per violation of $100 to $1,000, punitive damages, and other damages. *Id.* ¶ 77.

### III. LEGAL STANDARD

A court must dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted); *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (court does not accept *legal conclusions* in the

complaint as true, even if "cast in the form of factual allegations."); *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Leave to amend should be denied where amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In short, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (citations omitted).

## IV. ARGUMENT

### A. Plaintiff Has Failed To Plead Facts Sufficient To Show He Was Denied Direct Auto Financing For A Discriminatory Reason In Violation of Section 1981.

Plaintiff contends that Wells Fargo discriminated against him and denied him the right to contract for credit, based on his alienage or lack of U.S. citizenship, in violation of Section 1981, but fails to allege sufficient facts to support that claim. Plaintiff makes the bald and conclusory assertion that "Wells Fargo's direct auto line of business, as a matter of policy, treats non-United States citizens who reside in the United States and hold Deferred Action for Childhood Arrivals ("DACA") status as ineligible for auto loans even where such DACA applicants have valid Social Security numbers and federal work authorization and regardless of their creditworthiness and ability to satisfy the bank's auto loan underwriting criteria." FAC ¶ 2. Yet, Plaintiff has alleged no actual facts about the policy, including what the policy states and how is allegedly "categorically excludes" DACA recipients based on their alienage. Plaintiff seems to attempt to support this claim with references to other litigation making allegations of discriminatory lending that have nothing to do with direct auto lending, and litigation involving the auto line of business that has nothing to do with discrimination. *See* FAC ¶¶ 5-7. These references have absolutely nothing to do with the content of Wells Fargo's policies related to direct auto lending.

Even Plaintiff's own allegations undercut the existence of any such policy. Plaintiff avers that he was denied direct auto financing due to the expiration date of his work authorization (FAC ¶ 51), which is not a distinction based on alienage or citizenship. That allegation does not advance Plaintiff's contention that Wells Fargo has a policy of categorically denying direct auto financing to all DACA recipients, only that Wells Fargo considered Plaintiff's permanence of residence when deciding whether to extend credit to him.

1    In short, the only facts that Plaintiff has alleged is that he was denied auto financing and is a DACA recipient, and from those facts, Plaintiff is asking the Court to make the leap that Wells Fargo has a policy of refusing to offer direct auto financing to all DACA recipients—that is not enough to state a Section 1981 claim. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . . ." *HPG Corp. v. Countrywide Home Loans*, No. CV 10-945-JST (SSx), 2010 WL 11549383, at *5 (C.D. Cal. Nov. 8, 2010) (dismissing complaint where plaintiff failed to plead any specific facts in support of their claim that bank wrongfully foreclosed on their home) (quoting *Twombly*, 550 U.S. at 570). Conclusory allegations entirely devoid of any factual support are insufficient to state a claim. Accordingly, Plaintiff has failed to state a claim for violation of Section 1981 based on an unsupported, conclusory allegation about Wells Fargo's policy, which is not supported by any corroborating facts.

**B.      Plaintiff Fails to State a Claim Under The Equal Credit Opportunity Act.**

Plaintiff alleges Wells Fargo violated the ECOA by sending him an allegedly inaccurate decline letter. FAC ¶¶ 87-91. The ECOA generally "makes it illegal 'for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Vasquez v. Bank of America, N.A.*, No. 13-cv-2902-JST, 2013 WL 6001924, at * 10 (N.D. Cal. Nov. 12, 2013) (citing 15 U.S.C. § 1691). A creditor must notify an applicant of its action on an application within thirty days of receiving a completed application for credit. 15 U.S.C. § 1691(d)(1). "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). "A statement of reasons meets the requirements of [Section 1691(d)] only if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3). Thus, to state a claim for a procedural violation under the ECOA, a plaintiff must allege that the defendant failed to (1) notify the applicant within thirty days of receiving a completed credit application of its decision on the application and (2) provide a specific statement of the reasons for denial in any adverse action. *See Owens v. Bank of Am., N.A.*, No. 11-cv-4580-YGR, 2013 WL 1820769, at *5 (N.D. Cal. Apr. 30, 2013) (citing 15 U.S.C. § 1691(d)(2)) (granting defendant's motion to dismiss

ECOA claim without leave to amend because defendant's repudiation of loan modification offer was not a denial of a credit application to which notice of adverse action was required under the ECOA). Plaintiff's ECOA claim fails to state a claim for the following reasons.

### 1. Plaintiff Has Failed to Plead Facts Sufficient to Support His Claim that the Adverse Action Letter Was Inaccurate.

Plaintiff admits he received an adverse action letter from Wells Fargo, but alleges that "Wells Fargo violated the ECOA by failing to provide a notice of adverse action that accurately stated the reasons for its denial of auto loans to Plaintiff and members of the ECOA Class." FAC ¶ 90. Plaintiff, however, does not allege any facts supporting his claim. Plaintiff does not attach the alleged false notice, nor does he allege what the notice of adverse action said, what he contends it should have said, or how it was purportedly inaccurate. *See generally* FAC. Indeed, Plaintiff pleads absolutely no facts about the substance of the adverse action letter at all. *Id.* Instead, Plaintiff makes the conclusory assumption that the adverse action notice was inaccurate and asks the Court to do the same. FAC ¶¶ 53, 89-90. "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067; *Lacano Investments*, 765 F.3d at 1071 ("[L]egal conclusions in the complaint [are not taken] as true, even if cast in the form of factual allegations.") (internal citations and quotations omitted). *HPG Corp.*, 2010 WL 11549383, at *5 (dismissing complaint where plaintiff failed to plead any specific facts as to why the foreclosure was wrongful in support of their claim that bank wrongfully foreclosed on their home). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that [Wells Fargo] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Having failed to meet that pleading burden, Plaintiff's ECOA claim should be dismissed.[1]

---

[1] Notably, California courts have rejected conclusory claims as to "inaccuracy" related to other statutory schemes. *See, e.g., Norris v. Bayview Loan Servicing, LLC*, No. CV-15-06413-MWF (DTBx), 2015 WL 6745048, at *9 (C.D. Cal. Oct. 26, 2015) (dismissing Truth in Lending Act claim holding that plaintiff's "lone assertion that the statement was 'inaccurate' without explaining why it was inaccurate is a conclusory statement that cannot survive a motion to dismiss"); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1090 (S.D. Cal. 2010) (dismissing consumer protection claims with prejudice where plaintiffs failed

### 2. Plaintiff's Claim of A Violation of the ECOA Based on the "Accuracy" of the Adverse Action Letter Has Not Been Recognized In This Court.

Plaintiff's conclusory allegation that Wells Fargo violated the ECOA by providing an adverse action letter that purportedly failed to "accurately" state the reasons for Plaintiff's denial of credit (FAC ¶ 53) is also legally deficient. Many courts have refused to recognize such a claim exists, and this Court should follow those well-reasoned decisions. These courts have held that an "allegation that a statement of reasons is false does not give rise to ECOA notice liability because § 1691(d)(3), by its own terms, is aimed at ensuring that a creditor provides a sufficiently specific reason for its actions; the notice provision makes no requirement regarding falsity or truth." *See, e.g., Ruiz v. Samuel I. White, P.C.*, No. 09-cv-688, 2009 WL 10687930, at *4 (E.D. Va. Nov. 9, 2009) (dismissing notice claim under ECOA with prejudice). As explained by the court in *Ruiz*, "allegations of falsity [in an adverse action letter] are properly adjudicated in the context of an ECOA *discrimination* claim, not an ECOA *notice* claim." *Id.*[2] Similarly, in *Para v. United Carolina Bank*, No. 97-CV-54-BR(1), 1998 U.S. Dist. LEXIS 16843, at *8-9 (E.D.N.C. Aug. 26, 1998), the court explained that the "allegedly 'true' reasons" for the denial of credit are appropriately dealt with in the context of an ECOA discrimination claim. *Id.* at *8 ("an assertion that the specific reasons provided by United are not the "true" reasons her loan was denied does not, standing alone, amount to a violation of the regulation requiring the enumeration of specific reasons for an adverse action.").

The few courts that have recognized this cause of action have done so in the context of *discrimination* claims under the ECOA, which are not present here. *See Powell v. Pentagon Federal Credit Union*, No. 10 CV 785, 2010 WL 3732195, at *5, n.4 (N.D. Ill. Sept. 17, 2010) (recognizing cause of action for "inaccurate and misleading" adverse action reasons but citing *Fischl v. General Motors Acceptance Corp.*, 708 F.2d 143 (5th Cir. 1983) (discussing adverse credit explanation that

---

to "provide anything more than conclusory allegations to show that any of [defendant's] alleged representations were false or misleading").

[2] Further, the court in *Ruiz* explained the difficulty of this type of claims, as an allegation of "falsity" is often in actuality "a difference of opinion." 2009 WL 10687930, at *4.

was insufficient and vague, not inaccurate)). The *Para* court distinguished cases permitting this claim because in those cases the informative requirement of the Act was not satisfied. *Para*, 1998 U.S. Dist. LEXIS 16842 at n.1. Here, an informative reason was provided, but Plaintiff does not believe the reason was "accurate" (although he alleged no facts to support his belief). FAC ¶ 89. Under this authority, Plaintiff has also not stated a claim.[3] And, even if Plaintiff had attempted to allege an ECOA discrimination claim, it would fail as a matter of law for the reasons set forth in Section B.3, *infra.*

The express terms of the ECOA make clear that a "statement of reasons meets the requirements of [Section 1691(d)] [] if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3). Plaintiff's allegations concede that Wells Fargo provided a statement of reasons for the adverse action and thus, complied with Section 1691(d)(3). FAC ¶ 53 (admitting that he received a written adverse action notice but disputing the accuracy of the decline reasons listed therein). Plaintiff's claim for violation of the ECOA necessarily fails for these reasons as well.

### 3. Any Claim of Discrimination Under the ECOA, If Asserted, Fails.

To the extent Plaintiff alleges a discrimination claim under the ECOA (and the FAC does not appear to attempt to plead such a claim), it also fails as a matter of law. To state a claim for discrimination under the ECOA, plaintiffs must establish that they (1) are a member of a protected class; (2) applied for credit with defendants; (3) qualified for credit; and (4) were denied credit despite being qualified. *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012). Here, Plaintiff has not alleged membership in a protected class. Although Plaintiff has alleged he is a DACA resident, no Ninth Circuit cases have recognized that DACA status is a protected basis under the ECOA. The official interpretations of the Regulation B *permit* creditors to "inquire about

---

[3] Wells Fargo is not aware of any cases in the Ninth Circuit squarely addressing this issue. Rather, the Ninth Circuit has only recognized a potential ECOA procedural violation where the creditor failed to provide *any* adverse action notice to the applicant whatsoever—which Plaintiff's allegations confirm is not at issue here. *See e.g., Banks v. JPMorgan Chase Bank, N.A.*, No. CV14-06429 JAK (FFMx), 2015 WL 2215220, at *5 (C.D. Cal. May 11, 2015) (denying motion to dismiss because plaintiff alleged she did not receive an adverse action letter).

the permanent residency and immigration status of an applicant or any other person in connection with a credit transaction." 12 C.F.R. § 202.5 (e); *see also* Official Staff Commentary on Regulation B, 2006 WL 3946325, at *1 ("A denial of credit on the ground that an applicant is not a United States citizen is not per se discrimination based on national origin."). For this reason alone, Plaintiff cannot state a claim for discrimination under the ECOA. Furthermore, Plaintiff does not allege that he was denied credit despite being qualified—as required in order to plead a claim for discrimination under the ECOA. *Harvey,* 906 F. Supp. 2d at 991. Nor does Plaintiff set forth any facts demonstrating that he was qualified for the direct auto financing he sought. *See generally* Compl. Plaintiff alleges that his credit score was 748 (FAC ¶ 50), but offers no other facts demonstrating his creditworthiness.

For the aforementioned reasons, Plaintiff has failed to state any claim for violation of the ECOA. Accordingly, Plaintiff's ECOA claim should be dismissed without leave to amend.

**C.     Plaintiff Fails to State a Claim Under The Fair Credit Reporting Act.**

Plaintiff alleges that Wells Fargo violated FCRA by conducting "a hard credit check and pull of his consumer report from one or more credit bureaus" without a proper purpose. FAC ¶ 50. Plaintiff has failed to plead facts to support a claim under the FCRA.

**1.     Plaintiff Has Failed to Plead Facts Sufficient to Support His Claim That Wells Fargo Pulled His Credit For An Improper Purpose.**

"[T]he FCRA prohibits third parties from accessing consumer credit reports without a statutorily authorized (i.e., a "permissible") purpose." *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017) (citing 15 U.S.C. § 1681b(f)(1)). Section 1681b(a) provides a list of "permissible purposes" for which a creditor may access a consumer's credit report, including, as pertinent here, "(1) in connection with a credit transaction . . . involving the extension of credit to, or review or collection of an account of, [that] consumer; or (2) pursuant to a legitimate business need for the information." *Id.,* at 1009 (citing 15 U.S.C. § 1681b(a)(3)) (internal quotations omitted). "A legitimate business need, in turn, only exists for a business transaction initiated by the consumer or to review a consumer account to determine whether the consumer continues to meet

[its] terms . . . ." *Id.* (citing 15 U.S.C. § 1681b(a)(3)(F)) (internal quotations omitted). Thus, "[t]o assert a claim against a party for requesting a consumer credit report without a permissible purpose, a plaintiff must establish: (1) the defendant obtained a consumer credit report from a Consumer Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in requesting the report." *Demay*, 279 F. Supp. 3d at 1008.

Many courts in this Circuit have dismissed FCRA claims where a plaintiff alleges that the defendant acted without a permissible purpose, but simultaneously alleges facts that the defendant acted under circumstances that permit them to obtain a consumer's credit report. *See e.g. Myers v. Stoneleigh Recovery Assoc.*, No. CIV S-11-1753 LKK EFB PS, 2012 WL 1356752, at *4-5 (E.D. Cal. Apr.18, 2012) (dismissing an FCRA claim when the plaintiff alleged that the defendant pulled two credit reports without a permissible purpose but also alleged that the defendant was attempting to collect a debt from the plaintiff, which would have been a permissible purpose); *Makreas v. The Moore Law Group, A.P.C.*, No. C-11-2406 MMC, 2011 WL 3047634, at *1 (N.D. Cal. July 25, 2011) (finding that the plaintiff's allegation that the defendant debt collector lacked a permissible purpose for requesting the credit report, without more, was insufficient to state a claim); *Pyle v. First Nat. Collection Bureau*, No. 12cv288, 2012 WL 1413970, at *3-4 (E.D. Cal. Apr. 23, 2012) (holding that plaintiff's conclusory statements that Defendant collection agency violated 15 U.S.C. § 1681b by obtaining Plaintiff's consumer report without a permissible purpose, without further factual basis to support his claim, could not survive a motion to dismiss).

Plaintiff maintains Wells Fargo had no proper purpose for pulling his credit report (FAC ¶ 60), yet his own allegations show that the credit pull was in connection with a credit transaction, initiated by Plaintiff, involving the extension of credit to Plaintiff—as expressly permitted under Section 1681b(a)(3). *See e.g.* FAC ¶ 50 ("At some point after Mr. Peña submitted his application, Wells Fargo conducted a hard credit check and pull of his consumer report from one or more credit bureaus."). Plaintiff attempts to overcome this inconsistency by alleging that there was no need to run a credit report to determine Plaintiff's qualification for auto financing because "Wells Fargo will categorically deny credit to—and knows it will deny credit to—non-citizens with DACA

11
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

status." FAC ¶ 57. But, as noted above, Plaintiff's allegation about Wells Fargo's direct auto lending policy is self-serving and without factual support. In any event, Plaintiff's bald assertion about Wells Fargo's purported direct auto lending policy does not negate the fact that Plaintiff's credit was pulled in connection with his application to Wells Fargo and thus, squarely permitted under Section 1681b(a)(3). Plaintiff has accordingly failed to adequately allege that Wells Fargo acted without a permissible purpose[4] in obtaining his credit report and his FCRA claim fails for this reason alone. *Demay*, 279 F. Supp. 3d at 1011 (granting defendant's motion to dismiss because plaintiffs failed to adequately allege defendant's access of consumer credit reports was done without a permissible purpose).

### 2. Plaintiff Has Failed to Plead Facts Sufficient to Support His Claim That Wells Fargo Acted Willfully or Negligently in Pulling His Credit Report.

Plaintiff similarly fails to allege sufficient facts demonstrating that Wells Fargo acted willfully or negligently in pulling his credit report, as required to state a claim. *Demay*, 279 F. Supp. 3d at 1008. "To prove a willful violation, a plaintiff must show that a defendant knowingly or recklessly violated the FCRA." *Id.* at 1010 (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). "[A] violation is only reckless (and therefore willful) where [a defendant] adopts a reading of the statute that runs a risk of error *substantially greater than* the risk associated with a reading that was merely careless." *Id.* (internal quotations omitted).

Here, Plaintiff does not allege facts sufficient to establish that Wells Fargo intentionally pulled his credit report without a proper purpose. Once again, Plaintiff's claim rises and falls based on an alleged Wells Fargo policy of categorically denying DACA recipients direct auto financing for which Plaintiff has failed to allege sufficient facts such that the Court can accept the existence of that alleged policy as true. Plaintiffs also alleges reference to other litigation, *Perez v. Wells Fargo Bank, N.A.*, No. 3:17-cv-454-MMC (N.D. Cal.), which has nothing to do with direct auto finance lending and does not establish that Wells Fargo intentionally violated the FCRA in this case.

---

[4] Wells Fargo has found no authority supporting a claim for an FCRA violation because someone ultimately did not receive the credit that they applied for.

FAC ¶¶ 61-62. Finally, Plaintiff alleges that Wells Fargo "intentionally or recklessly took no action to prevent pulling consumer reports it knew it would not need" (FAC ¶ 63), but this is nothing more than a conclusory, boilerplate allegation that the Court should not accept as true. *Demay*, 279 F. Supp. 3d at 1010-11 (noting that plaintiff's complaint contains only conclusory allegations that defendant acted willfully and thus, failed to state a FCRA claim). Plaintiff has therefore failed to allege sufficient facts to plead a willful violation.

The same is true for Plaintiff's "alternative" contention that Wells Fargo's alleged violations of the FCRA were negligent. *See* FAC ¶ 63. "To prove a negligent violation, a plaintiff must show that a defendant's negligent noncompliance resulted in actual damages." *Demay,* 279 F. Supp. 3d at 1010 (citing 15 U.S.C. §§ 1681n, 1681o). Here, Plaintiff contends that Wells Fargo's alleged hard credit pull "harmed Plaintiff's credit score," but fails to plead any supporting facts that this was actually the case. FAC ¶ 98; *see also* FAC ¶ 50 ("Plaintiff's credit score was 748. This hard credit pull invaded Plaintiff's privacy and resulted in a derogatory mark on his consumer report."). Even assuming Plaintiff pled sufficient facts—which he does not—a decreased credit score or alleged invasion of privacy, standing alone, does not amount to actual damages under the FCRA. *See Shelton v. Hal Hays Constr., Inc.,* 16-360-VAP, 2016 WL 8904414 (C.D. Cal. July 29, 2016) (vague allegation of invasion of privacy was not sufficient to plead a negligent violation of the FCRA); *Young v. Harbor Mortor Works, Inc.*, No. 07-cv-31 JVB, 2009 WL 187793, at *5 (N.D. Ind. 2009) (dismissing FCRA claim in which plaintiff alleged that he suffered a decrease in his credit score but no pecuniary or non-pecuniary damage arising from such a decrease). Plaintiff makes the conclusory allegation that his credit score was adversely affected by the hard credit inquiry, however, he does not allege any pecuniary loss resulting from his purported decreased credit score. *See generally* FAC. Without alleging any actual damages, Plaintiff cannot state a claim for a negligent violation of FCRA. *Demay*, 279 F. Supp. 3d at 1011 (granting defendant's motion to dismiss because plaintiffs' complaint contained only conclusory allegations that defendant acted negligently and did not contain any allegation of actual damages).

In sum, Plaintiff has failed to plead the requisite elements to state a FCRA claim. His third claim necessarily fails as a result.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff fails to state a claim for violation of Section 1981 of the Civil Rights Act, violation of the ECOA, and violation of FCRA. Accordingly, Wells Fargo respectfully requests that this Court dismiss Plaintiff's complaint in full and with prejudice.

DATED: October 28, 2019      **McGuireWoods LLP**

By: */s/ K. Issac deVyver*
K. Issac deVyver
Attorneys for Defendant
WELLS FARGO BANK, N.A.