**MCGUIREWOODS LLP**
Jamie D. Wells (SBN 290827)
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

K. Issac deVyver (*admitted pro hac vice*)
Karla Johnson (*admitted pro hac vice*)
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Telephone: 412.667.6000
Facsimile: 412.667.6050

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO: 3:19-cv-04065-MMC<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING FINAL DISPOSITION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND IN THE ALTERNATIVE, TO BIFURCATE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 13, 2019<br>Time: 9:00 AM<br>Courtroom: 7<br><br>Complaint Filed: July 16, 2019<br>First Amended Complaint: September 27, 2019<br><br>**Hon. Judge Maxine M. Chesney** |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 9:00 AM on December 13, 2019 in Courtroom 7 of the above captioned court, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will, and hereby does, move the court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an order granting a stay of discovery pending final disposition of Wells Fargo's motion to dismiss, and in the alternative, an order bifurcating discovery, with individual discovery occurring prior to class discovery ("Motion").

Wells Fargo's Motion is made on the grounds that a stay of discovery should be granted until a final disposition of Wells Fargo's motion to dismiss given that the motion to dismiss is potentially dispositive of the entire case as a matter of law without raising factual issues for which Plaintiff requires discovery. This Motion is further made on grounds that this court should bifurcate discovery on the merits of Plaintiff's individual claims from class discovery in the interest of judicial economy and to avoid prejudice to Wells Fargo. Counsel for Wells Fargo reached out to Counsel for Plaintiff regarding the relief requested herein, and Counsel for Plaintiff did not agree.

This Motion relies upon this Notice of Motion, the attached Memorandum of Points and Authorities, the papers on file with the court, and the arguments of counsel at the hearing on this Motion.

DATED: October 28, 2019    **MCGUIREWOODS LLP**

By: */s/ K. Issac deVyver*
K. Issac deVyver
Attorneys for Defendant
WELLS FARGO BANK, N.A.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .................... 2

III. ARGUMENT ...................................................................................................... 3

    A. District Courts Have Broad Discretion To Stay Discovery Pending Resolution Of A Dispositive Motion ...................................................... 3

        1. A Stay Of Discovery Is Warranted Here Where The Motion To Dismiss Can Be Decided On The Face Of The Complaint And Is Case Dispositive ........................................................................... 5

        2. A Stay Warranted Because Discovery Would Not Be Necessary At This Stage Of The Litigation And Will Not Prejudice Plaintiff ................... 7

    B. In The Alternative, Bifurcation Of Class Discovery From Plaintiff's Individual Discovery Is Warranted ........................................................ 9

IV. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B.R.S. Land Investors v. U.S.*,
 596 F.2d 353 (9th Cir. 1979) ............................................................................................. 4

*Camacho v. United States*,
 No. 12-cv-956 CAB (BGS), 2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ...................... 8

*Clark v. Zeiger*,
 210 F. App'x 612 (9th Cir. 2006) ........................................................................................ 7

*Deleon v. Time Warner Cable LLC*,
 No. CV 09-2438, 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009) ............................. 9, 10, 11

*Demay v. Wells Fargo Home Mortg., Inc.*,
 279 F.Supp. 3d 1005 (N.D. Cal. 2017) ............................................................................... 7

*Fields v. Roberts*,
 No. 1:06-cv-00407, 2013 WL 5230034 (E.D. Cal. Sept. 16, 2013) ................................ 3, 8

*Hall v. Tilton*,
 No. C 07-3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ............................................ 4, 7

*Hamilton v. Rhoads*,
 C 11-0227 RMW (PR), 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ............................... 7

*In re Nexus 6p Prod. Liab. Litig.*,
 No. 17-cv-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ............................... 8

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*,
 499 F.3d 1048 (9th Cir. 2007) ............................................................................................. 4

*Jarvis v. Regan*,
 833 F.2d 149 (9th Cir. 1987) ............................................................................................... 4

*Lopez v. Cate*,
 No. 1:10-cv-01773-AWI-SKO, 2014 WL 3587852 (E.D. Cal. July 21, 2014) ................... 7

*Myers v. Stoneleigh Recovery Assoc.*,
 No. CIV S-11-1753 LKK EFB PS, 2012 WL 1356752 (E.D. Cal. Apr. 18, 2012) .............. 6

*Odom v. Microsoft*, 486 F.3d 541 (9th Cir. 2007) ..................................................................... 4

*Para v. United Carolina Bank*,
 No. 7:97-cv-54-BR(1), 1998 U.S. Dist. LEXIS 16843 (E.D.N.C. Aug. 26, 1998) .............. 5

*Ruiz v. Samuel I. White, P.C.*,
 No. 1:09-cv-688, 2009 WL 10687930 (E.D. Va. Nov. 9, 2009) ................................................. 5

*Wagh v. Metris Direct, Inc.*,
 363 F.3d 821 (9th Cir. 2003) ..................................................................................................... 4

*Wenger v. Monroe*,
 282 F.3d 1068 (9th Cir. 2002) ................................................................................................... 4

*Wood v. McEwen*,
 644 F.2d 797 (9th Cir. 1981) ..................................................................................................... 4

**RULES**

Fed. R. Civ. P. 1 ............................................................................................................................... 8

Fed. R. Civ. P. 12(b) ........................................................................................................................ 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 4

Fed. R. Civ. P. 16(c) ........................................................................................................................ 8

Fed. R. Civ. P. 26(b) ........................................................................................................................ 8

Fed. R. Civ. P. 26(c) .................................................................................................................... 1, 3

Fed. R. Civ. P. 42(b) .................................................................................................................... 1, 8

**STATUTES**

12 C.F.R. § 202.5 (e) ....................................................................................................................... 6

15 U.S.C. § 1691 .............................................................................................................................. 2

42 U.S.C. § 1981 .............................................................................................................................. 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves the Court, pursuant to Federal Rule of Civil Procedure 26(c), for an Order staying discovery until the Court has fully adjudicated Wells Fargo's motion to dismiss Plaintiff's First Amended Complaint. In the alternative, Wells Fargo moves the Court, pursuant to Federal Rule of Civil Procedure 42(b), for an Order bifurcating discovery, with discovery limited solely to the factual basis for Wells Fargo's denial of Plaintiff's request for direct auto financing, which forms the basis of Plaintiff's claims under Section 1981 of the Civil Rights Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act.

A stay of discovery pending the resolution of Wells Fargo's motion to dismiss is warranted for multiple reasons. First, Wells Fargo's motion to dismiss is case dispositive as a matter of law, without the need to consider the factual basis. As set forth in Wells Fargo's motion to dismiss, Plaintiff's claims are not legally cognizable and, even if they were, Plaintiff has failed to alleged sufficient facts to support his claims. There is no discovery needed in order for Plaintiff to oppose Wells Fargo's motion to dismiss, or for the Court to render a determination on the motion. Accordingly, Plaintiff will not be prejudiced by a limited stay. Thus, initiating discovery at this stage, when Plaintiff's claims likely will be dismissed, would result in unnecessary and unduly burdensome discovery.

In the alternative, Wells Fargo requests that any discovery be bifurcated, with discovery limited solely to the factual basis for Wells Fargo's denial of Plaintiff's request for direct auto financing. The basic factual premise underpinning Plaintiff's claims—that he was denied direct auto financing solely because of his DACA status—is factually inaccurate as set forth in the attached Declaration of Kent Gerloff. Consequently, if the Court does not dismiss Plaintiff's claims based on the face of the First Amended Complaint, the parties and Court should be addressing Plaintiff's self-serving and unsupported allegations about the denial of his request for direct auto financing before moving on to costly and time consuming class discovery because it is a case dispositive issue. For these reasons, which are set forth further below, Wells Fargo's motion should be granted.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2019, Plaintiff Eduardo Peña ("Plaintiff") brought this nationwide class action lawsuit on behalf of himself and all individuals with Deferred Action for Childhood Arrivals ("DACA") status in the United States who applied for direct auto financing with Wells Fargo and were denied. *See generally* Compl. On September 27, 2019, Plaintiff filed the First Amended Complaint ("FAC"). D.E. 27. Plaintiff alleges that Wells Fargo violated the Civil Rights Act, 42 U.S.C. § 1981, in denying direct auto financing to applicants based on their DACA status. *Id.* Plaintiff also contends that Wells Fargo violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, in failing to provide Plaintiff and other applicants with DACA status with an "accurate" statement for the reason for denial. *Id.* Lastly, Plaintiff alleges Wells Fargo violated the Fair Credit Reporting Act ("FCRA") by pulling Plaintiff's credit report in connection with his loan application without a permissible purpose. *Id.* Based on these allegations, Plaintiff seeks to certify three classes: one on behalf of DACA recipients who were denied an auto loan by Wells Fargo from July 16, 2017 through the date of final judgment in this action, a second on behalf of DACA recipients "in the Covered Period who were declined an auto loan by Wells Fargo and did not receive a written notice of adverse action with an accurate statement of the reasons for the denial," and a third on behalf of DACA recipients "in the Covered Period who were declined an auto loan by Wells Fargo and for whom Wells Fargo conducted a hard credit inquiry." FAC ¶¶ 66-68.

Importantly here, Plaintiff supports each of his claims with the same conclusory allegation that Wells Fargo has a policy of categorically denying direct auto financing to DACA recipients. In support of his Section 1981 claim, Plaintiff contends he was denied auto financing because "Wells Fargo's direct auto line of business, as a matter of policy, treats non-United States citizens that reside in the United States and hold Deferred Action for Childhood Arrivals ("DACA") status as ineligible for auto loans even where such DACA applicants have valid Social Security numbers and federal work authorization and regardless of their creditworthiness and ability to satisfy the bank's auto loan underwriting criteria." *Id.* ¶¶ 2, 51. Plaintiff specifically states that he provided his work permit and was told he was ineligible for the loan "because his DACA status expired within the loan

period." *Id.* ¶ 51. In support of his ECOA claim, Plaintiff asserts that he asked for a written explanation for the alleged denial of the auto financing, but that he "never received one that accurately stated the reason for his denial of credit." *Id.* ¶ 53. Lastly, in support of his FCRA claim, Plaintiff alleges that Wells Fargo violated FCRA by pulling but not using Plaintiff's credit report to determine Plaintiff's eligibility for credit. *Id.* ¶ 94.

Wells Fargo's investigation into the circumstances of Plaintiff's alleged credit denial do not match Plaintiff's version of events. *See,* Declaration of Kent Gerloff, attached hereto at Exhibit 1. As set forth in the Declaration, Mr. Peña's request for direct auto financing was denied because he failed to provide his work authorization permit, not because of his DACA status. If he had provided the documentation, his application would have continued, regardless of his DACA status. In turn, his adverse action letter was accurate, and Wells Fargo indisputably had a permissible purpose for pulling his credit, for which he actually provided Wells Fargo written permission to do as part of his application. As a result, discovery in this matter should be bifurcated to address this issue of whether Plaintiff has an individual claim, prior to any discussion of class discovery.

Wells Fargo filed its motion to dismiss Plaintiff's FAC on October 28, 2019. Plaintiff's opposition to Wells Fargo's motion to dismiss is due on November 18, 2019, with Wells Fargo's reply due on December 2, 2019. A Case Management Conference is scheduled for December 13, 2019.

### III. ARGUMENT

**A. District Courts Have Broad Discretion To Stay Discovery Pending Resolution Of A Dispositive Motion**

The Court has inherent authority to manage the cases before it. *Fields v. Roberts*, No. 1:06-cv-00407, 2013 WL 5230034, at *1 (E.D. Cal. Sept. 16, 2013) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") (citation omitted). "Rule 26(a) of the Federal Rules of Civil Procedure authorizes any

1 order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden of expense." *Id.* (internal citations and quotations omitted).

"A district court has broad discretion to stay discovery proceedings pending the disposition of a dispositive motion." *Hall v. Tilton*, No. C 07-3233, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (internal citations omitted). The Ninth Circuit has recognized that a court may limit discovery "for good cause . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam); *B.R.S. Land Investors v. U.S.*, 596 F.2d 353, 356 (9th Cir. 1979) (same); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ("We have held, however, that [a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.") (internal citations and quotations omitted). Indeed, "discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) (finding no error in district court granting motion to dismiss for failure to state a claim without allowing plaintiff discovery), *overruled on other grounds*, *Odom v. Microsoft*, 486 F.3d 541, 551 (9th Cir. 2007); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (finding stay of discovery appropriate where facts alleged in complaint were deficient as a matter of law). This is because generally "a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-Plex Technologies, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

With these standards in mind, courts in the Northern District have adopted a two-part test to determine whether discovery should be stayed pending resolution of a dispositive motion. First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Hall*, 2010 WL 539679, at *2. Second, the court must determine whether it can decide the pending dispositive motion absent discovery. *Id.* If the court answers these two questions in the affirmative, a stay of discovery is proper. *Id.* (staying discovery pending disposition of motion to dismiss after applying two part test).

As set forth further below, both factors weigh heavily in favor of granting a stay of discovery.

**1.  A Stay Of Discovery Is Warranted Here Where The Motion To Dismiss Can Be Decided On The Face Of The Complaint And Is Case Dispositive**

The status of the litigation and Wells Fargo's pending motion to dismiss warrant a stay of discovery.  Wells Fargo's motion seeks dismissal of Plaintiff's entire Complaint on the grounds that Plaintiff has failed to state a claim upon which relief may be granted, and the Court may decide the pending motion to dismiss without discovery.  For example, Plaintiff alleges a violation of Section 1981 based on the factually unsupported allegation that Wells Fargo treats DACA recipients as "categorically ineligible" for direct auto loans.  The only "facts" supporting this bald allegation concern irrelevant references to other litigation not involving Wells Fargo's auto line of business or its lending policies to DACA recipients.  FAC ¶¶ 5-7.  Thus, no discovery is required to decide Wells Fargo's arguments as this claim.[1]

The same is true for Plaintiff's ECOA notice claim.  Plaintiff does not allege that Wells Fargo failed to notify him of the reason for his denial within the required time period nor does Plaintiff claim that Wells Fargo failed to provide him with a specific statement of the reason for his denial as is required to state an ECOA notice claim.  Rather, Plaintiff maintains the reason provided in Wells Fargo's adverse action letter to Plaintiff was not "accurate."  FAC ¶ 89.  However, as outlined in Wells Fargo's motion to dismiss, courts do not recognize a claim for violation of the ECOA for providing an allegedly "inaccurate" decline reason in an adverse action letter. Courts have explained that this type of allegation is more appropriately asserted with a discrimination claim under the ECOA, not as a notice claim.  *See, e.g., Ruiz v. Samuel I. White, P.C.*, 2 No. 1:09-cv-688, 2009 WL 10687930, at *4-5 (E.D. Va. Nov. 9, 2009) (dismissing notice claim under ECOA with prejudice where accuracy of the reason provided was at issue).  As explained in *Ruiz*, "allegations of falsity [in an adverse action letter] are properly adjudicated in the context of an ECOA *discrimination* claim, not an ECOA *notice* claim." *Id.*[2]  Similarly, in *Para v. United Carolina Bank*,

---

[1] Plaintiff has also failed to allege sufficient facts in support of any of the claims.  As more fully addressed below, Wells Fargo's position is that the facts that are pled are inaccurate.
[2] Further, the court in *Ruiz* explained the difficulty of this type of claim, as an allegation of "falsity" is often in actuality a difference of opinion.  2009 WL 10687930, at *4-5.

No. 7:97-cv-54-BR(1), 1998 U.S. Dist. LEXIS 16843, at *8-9 (E.D.N.C. Aug. 26, 1998), the court explained that the "allegedly 'true' reasons" for the denial of credit are appropriately dealt with in the context of an ECOA discrimination claim. *Id.* at *8 ("an assertion that the specific reasons provided by United are not the 'true' reasons her loan was denied does not, standing alone, amount to a violation of the regulation requiring the enumeration of specific reasons for an adverse action.").

Plaintiff has not brought an ECOA discrimination claim and cannot do so in any event because immigration status is specifically enumerated as a permissible consideration and indicator of credit risk under the ECOA and therefore is not a protected classification. The official interpretations of the Regulation B *permit* creditors to "inquire about the permanent residency and immigration status of an applicant or any other person in connection with a credit transaction." 12 C.F.R. § 202.5 (e). Therefore, a bare claim of a notice violation under the ECOA based on these factual allegations does not state a claim. No discovery is required.

Plaintiff similarly fails to state an FCRA claim. Plaintiff maintains Wells Fargo had no proper purpose for pulling his credit report (FAC ¶ 60), yet, his own allegations show that the alleged credit pull was in connection with a credit transaction, initiated by Plaintiff, involving the extension of credit to Plaintiff—as expressly permitted under Section 1681b(a)(3). *See e.g.* FAC ¶ 50 ("At some point after Mr. Peña submitted his application, Wells Fargo conducted a hard credit check and pull of his consumer report from one or more credit bureaus."). Courts dismiss complaints containing these types of allegations. *See e.g. Myers v. Stoneleigh Recovery Assoc.*, No. CIV S-11-1753 LKK EFB PS, 2012 WL 1356752, at *4-5 (E.D. Cal. Apr.18, 2012) (dismissing an FCRA claim when the plaintiff alleged that the defendant pulled two credit reports without a permissible purpose but also alleged that the defendant was attempting to collect a debt from the plaintiff, which would have been a permissible purpose).

Plaintiff attempts to overcome this pleading failure by alleging that there was no need to pull a credit report to determine his qualification for a direct auto loan because "Wells Fargo will categorically deny credit to—and knows it will deny credit to—non-citizens with DACA status." FAC ¶ 57. Plaintiff's allegation is self-serving and without factual support. Plaintiff has also failed

6
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

to plead that any FCRA violation was either willful or negligent, and cannot show any actual damages required to state a claim based on negligence. *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1011 (N.D. Cal. 2017) (granting defendant's motion to dismiss because plaintiffs failed to adequately allege defendant's access of consumer credit reports was done without a permissible purpose, failing to allege facts sufficient to show actual damages). At bottom, Plaintiff has failed to sufficiently allege that Wells Fargo acted without a permissible purpose in obtaining his credit report. Plaintiff's FCRA claim necessarily fails for this reason.

Because Wells Fargo's motion to dismiss, if granted based on these reasons, will dispose of the entire case, Wells Fargo's request to stay discovery pending the outcome of the motion to dismiss should be granted. *Hall*, 2010 WL 539679, at *2; *see also Hamilton v. Rhoads*, C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (staying case pending decision on motion to dismiss because the pending motion to dismiss was potentially dispositive of the entire case and discovery was not needed for the court to issue a ruling).

### 2. A Stay Warranted Because Discovery Would Not Be Necessary At This Stage Of The Litigation And Will Not Prejudice Plaintiff

The rationale for a stay of discovery is sound: discovery is both unnecessary and unduly burdensome if a party is entitled to dismissal. *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO, 2014 WL 3587852, at *3 (E.D. Cal. July 21, 2014). Under Rule 12(b) of the Federal Rules of Civil Procedure, a defendant has the right to challenge the "legal sufficiency of a complaint's allegations without first subjecting itself to discovery." *Clark v. Zeiger*, 210 F. App'x 612 (9th Cir. 2006). Therefore, a stay of discovery prevents litigants and the courts from having to shoulder an otherwise unfair burden if the case is ultimately resolved without reaching the issues that require discovery. *Lopez*, 2014 WL 3587852, at *3 ("To the extent that any of Plaintiff's claims are subject to dismissal . . . engagement in discovery as to those claims is unduly burdensome and expensive, and a stay of discovery in this case pending resolution of Defendants' exhaustion motion furthers the goal of efficiency for the Court and the litigants, and allows for the avoidance of any unnecessary expenditures of judicial and government resources.").

7
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

Wells Fargo's motion to dismiss, if granted, will dispose of Plaintiff's entire case. It would therefore be a waste of the parties' and the court's resources to commence discovery at this stage of the litigation. Any discovery will be rendered unnecessary if the court dismisses this action. Further, to the extent the court dismisses only some of Plaintiff's claims in ruling on the motion, "Plaintiff will be able to focus his discovery on any surviving claims, thus limiting time and expense for all parties." *Fields*, 2013 WL 5230034, at *1 (granting motion to stay pending decision on motion to dismiss where motion sought to dismiss the entire action, and it would be a waste of resources for defendant to respond to discovery pending motion that would narrow issues).

Lastly, the requested stay will not prejudice Plaintiff. There is no discovery that Plaintiff needs in order to oppose Wells Fargo's dismissal arguments therein that encompass purely legal issues as to pleading a Section 1981 claim and the grounds for stating an ECOA notice claim and FCRA claim. Moreover, any stay would be limited in time as the motion to dismiss should be resolved in the short term. The Court should accordingly stay discovery pending Wells Fargo's motion to dismiss. *See e.g., In re Nexus 6p Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (holding that a three month discovery stay pending a ruling on a motion to dismiss would "not unduly prejudice Plaintiffs, and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer"); *Camacho v. United States*, No. 12-cv-956 CAB (BGS), 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) (granting a motion to stay pending disposition of motion to dismiss where the motion was dispositive of the case, no discovery was needed to decide the motion, and the harm in allowing discovery exceeded the harm in staying discovery); *Fields*, 2013 WL 5230034, at *1 (granting stay of discovery pending outcome of Defendant's motion to dismiss because discovery "would not help Plaintiff oppose Defendant's motion to dismiss" and the court did not anticipate a lengthy stay pending resolution of the motion to dismiss).

8
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

### B. In The Alternative, Bifurcation Of Class Discovery From Plaintiff's Individual Discovery Is Warranted

To the extent the Court is not inclined to order a stay of discovery pending the outcome of the motion to dismiss, Wells Fargo requests that Court enter an order bifurcating and limiting discovery solely to the issue of why Plaintiff was denied direct auto financing. As set forth below and in the attached Declaration of Kent Gerloff, Wells Fargo's evidence in the form of Mr. Peña's underwriting file indicates that Plaintiff's stated basis for filing this lawsuit—that he was denied direct auto financing based on his DACA status—is without factual basis.

"Under the Court's power to bifurcate issues, control discovery, and facilitate 'the just, speedy, and inexpensive determination of every action,' the Court has authority to bifurcate issues concerning Plaintiff as an individual from issues concerning the class." *Deleon v. Time Warner Cable LLC*, No. CV 09-2438, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) (citing Fed. R. Civ. P. 1, 16(c), 26(b), 42(b)). Pursuant to Rule 42(b), courts have authority to bifurcate a case so that discovery and dispositive motions on a plaintiff's individual claims can take place before "submerging the parties in an ocean of class discovery." *Id.*, at *1. "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Id.*, at *1 (internal citations and quotations omitted). Bifurcation is appropriate here.

Here, Plaintiff seeks to bring claims on behalf of three putative nationwide classes consisting of: (1) "DACA Residents in the Covered Period who were declined an auto loan by Wells Fargo", (2) "DACA Residents in the Covered Period who were declined an auto loan by Wells Fargo and did not receive a written notice of adverse action with an accurate statement of the reasons for the denial", and (3) "DACA residents in the Covered Period who were declined an auto loan by Wells Fargo and for whom Wells Fargo conducted a hard credit inquiry." FAC ¶¶ 66-68. There is no dispute that class discovery will be costly and time consuming. If allowed to go forward, discovery based on Plaintiff's class definitions would be burdensome given that it would encompass DACA loan applicants who were denied credit for reasons unrelated to their immigration or residency

status. Bifurcating discovery will permit "deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Deleon*, 2009 WL 10674767, at *1 (internal citations and quotations omitted).

As set forth herein, Wells Fargo's investigation into Plaintiff's application for direct auto financing has uncovered facts that disprove Plaintiff's underlying theory. *See* Exhibit 1, Declaration. As set forth in the Declaration of Kent Gerloff, Plaintiff was not denied direct auto financing due to his DACA status or expiration date of his work authorization. *Id.* ¶ 17. Rather, Plaintiff's failure to provide documentation to validate his immigration status was the reason for his application denial and the reason stated in his adverse action letter. *Id.* ¶¶ 16-19. Further, Wells Fargo's pull of Plaintiff's credit report, which he authorized, was for a permissible purpose and, contrary to Plaintiff's theory, Wells Fargo would have allowed his application for direct auto financing to move forward had he provided the requested documents. *Id.* ¶¶ 7, 13. These facts for which Wells Fargo has provided evidence and Plaintiff has provided only self-serving and unsupported allegations, if proven true, are dispositive of Plaintiff's Section 1981, ECOA, and FCRA claims.

"Plaintiff's individual claims will fail completely, fail in part, or survive completely. With bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved. If Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved. And if they survive completely, legal issues surrounding Plaintiff's theories will be clarified." *Deleon*, 2009 WL 10674767, at *2. Here, Plaintiff's claims will fail completely.

Bifurcating discovery in this case will not cause any unreasonable delay in any class certification decision or otherwise prejudice Plaintiff. This matter has only been pending since July 2019, the parties have yet to settle the pleadings, and no initial case management conference has been held or scheduling order issued, as the initial case management conference is currently set for December 13, 2019. [D.E. 31]. Further, the discovery that the parties would be conducting about Plaintiff's individual claims is discovery that will need to be conducted anyway, if Plaintiff's claims

10
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

survive a motion to dismiss. Plaintiff will have ample time to conduct class discovery to the extent he defeats dismissal of his individual claims and "will be on a level playing field" with Wells Fargo. *Deleon*, 2009 WL 10674767, at *2.

In sum, it is appropriate for the court to enter an order bifurcating discovery on Plaintiff's individual claims from class discovery. *Deleon*, 2009 WL 10674767, at *2 (granting motion to bifurcate discovery on plaintiff's individual claims from class discovery).

### IV. CONCLUSION

For the reasons set forth herein, Wells Fargo respectfully requests that this court stay discovery pending the outcome of Wells Fargo's motion to dismiss. In the alternative, Wells Fargo requests that the court bifurcate discovery on Plaintiff's individual claims from class discovery.

DATED: October 28, 2019                 **MCGUIREWOODS LLP**

By:   */s/ K. Issac deVyver*
       K. Issac deVyver
       Attorneys for Defendant
       WELLS FARGO BANK, N.A.