| | |
|---|---|
| Jahan C. Sagafi  (Cal. Bar No. 224887) | Brian James Shearer* |
| Rachel Dempsey (Cal. Bar No. 310424) | Craig L. Briskin* |
| OUTTEN & GOLDEN LLP | JUSTICE CATALYST LAW |
| One California Street, 12th Floor | 718 7th Street NW |
| San Francisco, CA 94111 | Washington, D.C. 20001 |
| Telephone: (415) 638-8800 | Telephone:  (518) 732-6703 |
| Facsimile:  (415) 638-8810 | brianshearer@justicecatalyst.org |
| jsagafi@outtengolden.com | cbriskin@justicecatalyst.org |
| rdempsey@outtengolden.com | |

*Attorneys for Plaintiff and the Proposed Class*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **Case No. 19-cv-04065-MMC**<br><br>**PLAINTIFF'S OPPOSITION TO WELLS FARGO'S MOTION TO STAY DISCOVERY PENDING FINAL DISPOSITION OF DEFENDANT'S MOTION TO DISMSIS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND IN THE ALTERNATIVE, TO BIFURCATE DISCOVERY** |

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND......................................... 1

III. ARGUMENT....................................................................................................... 2

    A. Plaintiff's Claims Easily Survive a Motion to Dismiss........................................ 3

        1. Plaintiff States a Claim Under Section 1981. ............................................. 3

        2. The Court Should Ignore Wells Fargo's Improper Extraneous Material. ... 4

        3. Plaintiff Also States Claims Under ECOA and FCRA............................... 6

        4. Wells Fargo Relies on Inapposite Authority............................................... 7

    B. Wells Fargo's Request to Bifurcate Discovery Should Be Denied....................... 8

IV. CONCLUSION................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*,
  No. 15 Civ. 2057, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) ................................................. 9

*B.R.S. Land Inv'rs v. United States*,
  596 F.2d 353 (9th Cir. 1978) ................................................................................................... 1

*Blankenship v. Hearst Corp.*,
  519 F.2d 418, 429 (9th Cir. 1975) ....................................................................................... 1, 3

*Camacho v. United States*,
  No. 12 Civ. 956, 2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ........................................... 8

*Chattler v. United States*,
  No. 07 Civ. 4040, 2008 WL 495702 (N.D. Cal. Feb. 20, 2008) ............................................. 5

*Chen v. Chase Bank USA, N.C.*,
  393 F. Supp. 3d 850 (N.D. Cal. 2019) ................................................................................ 6, 7

*Chen-Oster v. Goldman, Sachs & Co.*,
  285 F.R.D. 294, 299-300 (S.D.N.Y. 2012) ............................................................................. 9

*Clark v. Hershey Co.*,
  No. 18 Civ. 6113, 2019 WL 913603 (N.D. Cal. Feb. 25, 2019) ............................................. 5

*Clark v. Zeiger*,
  210 F. App'x 612 (9th Cir. 2006) ........................................................................................... 8

*Deleon v. Time Warner Cable LLC*,
  No. 09 Civ. 2438, 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009) .......................................... 9

*Fields v. Roberts*,
  No. 06 Civ. 407, 2013 WL 5230034 (E.D. Cal. Sept. 16, 2013) ............................................ 7

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) .......................................................................................... 1, 2

*Hall v. Tilton*,
  No. 07 Civ. 3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ........................................... 7, 8

*Hamilton v. Rhoads*,
  No. 11 Civ. 227, 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ............................................. 7

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
  499 F.3d 1048 (9th Cir. 2007) ................................................................................................ 4

*Jamieson v. Slater*,
　No. 06 Civ. 1524, 2006 WL 3421788 (D. Ariz. Nov. 27, 2006) ................................................6

*Juarez v. Nw. Mut. Ins. Co.*,
　69 F. Supp. 3d 364 (S.D.N.Y. 2014) ..........................................................................................4

*Lopez v. Cate*,
　No. 10 Civ. 1773, 2014 WL 3587852 (E.D. Cal. July 21, 2014) ..........................................7, 8

*Lowery v. F.A.A.*,
　No. 93 Civ. 1352, 1994 WL 912632 (E.D. Cal. Apr. 11, 1994) ................................................5

*In re Nexus 6p Prods. Liab. Litig.*,
　No. 17 Civ. 2185, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) .............................................8

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
　No. 16 Civ. 6370, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) .........................................2, 3

*Perez v. Wells Fargo & Co.*,
　No. 17 Civ. 00454, 2017 WL 3314797 (N.D. Cal. Aug. 3, 2017) ....................................3, 4, 6

*Rodriguez v. Procter & Gamble Co.*,
　338 F. Supp. 3d 1283 (S.D. Fla. 2018) .......................................................................................4

*Singh v. Google, Inc.*,
　No. 16 Civ. 3734, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) .............................................3

*Smith v. Bob Smith Chevrolet, Inc.*,
　275 F. Supp. 2d 808 (W.D. Ky. 2003) ........................................................................................7

*Smith v. Flagstar Bank FSB*,
　No. 18 Civ. 05131, 2019 WL 631537 (N.D. Cal. Feb. 14, 2019) .........................................4, 5

*Stephens v. LVNV Funding, LLC*,
　No. 12 Civ. 1159, 2013 WL 1069259 (D. Nev. Mar. 14, 2013) ................................................8

*Swierkiewicz v. Sorema N.A.*,
　534 U.S. 506 (2002) ....................................................................................................................4

*Syed v. M-I, LLC*,
　853 F.3d 492 (9th Cir. 2017) ......................................................................................................7

*True Health Chiropractic Inc v. McKesson Corp.*,
　No. 13 Civ. 2219, 2015 WL 273188 (N.D. Cal. Jan. 20, 2015) ................................................9

*Wood v. McEwen*,
　644 F.2d 797 (9th Cir. 1981) ..................................................................................................1, 3

**Statutes**

15 U.S.C. § 1681b(a)(3)(A), (F)(i) ...................................................................................7

**Rules and Regulations**

12 C.F.R. pt. 1002, Supp. I, § 1002.9, ¶ 9(b)(2).2 ............................................................6

Fed. R. Civ. P. 12(d) .........................................................................................................5

Model Rules Prof'l Conduct 3.3(a)(1) and 8.3 ................................................................6

**Other Authorities**

News Release, Wells Fargo, Wells Fargo Reports $6.1 Billion in Quarterly Net
  Income, Diluted EPS of $1.21 (Jan. 15, 2019)
  https://www08.wellsfargomedia.com/assets/pdf/about/investor-
  relations/earnings/fourth-quarter-2018-earnings.pdf ...................................................8

## I. INTRODUCTION

Plaintiff respectfully requests that the Court deny Wells Fargo's Motion to Stay Discovery, ECF No. 40, because it fails to meet the "heavy burden of making a 'strong showing'" of why this action should not proceed on a normal discovery schedule. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). As discussed further below, Plaintiff has plausibly stated a claim as to all three of his causes of action. *Cf. Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause[,]' and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." (citation omitted) (quoting *B.R.S. Land Inv'rs v. United States*, 596 F.2d 353 (9th Cir. 1978)). Moreover, the improper extraneous material Wells Fargo attaches to its Motion to Stay Discovery confirms the existence of a factual dispute between the parties—one that can only be resolved through discovery. Wells Fargo takes the extreme and unsupported position that this factual dispute must *bar* Plaintiff from taking *any* discovery until its Rule 12(b)(6) Motion to Dismiss, ECF No. 39, is resolved, when in fact it illustrates precisely why discovery should move forward quickly and efficiently in this action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Eduardo Peña ("Plaintiff") is a DACA recipient with a valid Social Security number ("SSN") and federal work permit who, in November 2018, applied to Wells Fargo for a direct automobile loan. ECF No. 27 (First Amended Complaint or "FAC") ¶¶ 48-49. After Plaintiff submitted his application, a Wells Fargo customer service representative requested—and Plaintiff provided—several pieces of information, including a copy of Plaintiff's Social Security card and his work permit. *Id.* ¶ 51. Wells Fargo then informed Plaintiff that he "could not be approved for an auto loan because his DACA status expired within the loan period." *Id.*

Wells Fargo denied Plaintiff the auto loan pursuant to its direct auto loan line of business policy that makes DACA recipients ineligible for auto loans. *Id.* ¶¶ 2, 55. The bank's lending policy for direct auto loans is similar to the bank's other consumer lending policies which

1

likewise make DACA recipients ineligible for student loans, personal loans, unsecured credit cards, and small business loans. *Id.* ¶ 5.

Although Plaintiff asked the Wells Fargo representative for a written explanation as to why he had been denied, he never received a denial notice that accurately stated the reason for his denial. *Id*. ¶ 53. Before denying his application, Wells Fargo conducted a hard credit pull of Plaintiff's consumer report from one or more credit bureaus. *Id*. at ¶ 50.

Plaintiff alleges that Wells Fargo denied his auto loan application because he had DACA, which is discrimination on the basis of alienage (or lack of U.S. citizenship) in violation of Section 1981. *Id.* ¶ 55. Plaintiff also alleges that he did not receive an accurate written notice of adverse action in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 and 12 C.F.R. § 1002.9, and that Wells Fargo's hard credit pull violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f). *Id*. ¶¶ 56-60.

On October 28, 2019, Wells Fargo filed both a Motion to Dismiss under Rule 12(b)(6), ECF No. 39, and a Motion to Stay Discovery, ECF No. 40. Wells Fargo has not produced Plaintiff's loan application file or notes, the audio recordings between Plaintiff and Wells Fargo, and anything else Wells Fargo's declarant, ECF No. 40-1, purports to have reviewed or relied upon in preparing the declaration.

III. **ARGUMENT**

A stay of discovery pending resolution of a motion to dismiss is "directly at odds with the need for expeditious resolution of litigation," and such stays are not granted as a matter of course. *Gray*, 133 F.R.D. at 40 (noting that if the Federal Rules intended discovery to be stayed for motions to dismiss, they "would contain a provision to that effect"); *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16 Civ. 6370, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (discovery should not be stayed without a showing that the plaintiff's claims are "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." (quoting *Gray*, 133 F.R.D. at 40)). Accordingly, the party seeking a stay "carries the heavy burden of making a 'strong showing' why discovery should be denied. *Gray*, 133 F.R.D. at 40

(quoting *Blankenship,* 519 F.2d at 429).

Courts in this district often apply a "two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Singh v. Google, Inc.*, No. 16 Civ. 3734, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. "Second, the court must determine whether the pending motion can be decided absent discovery." *Id*. Neither of these factors supports a stay here.

### A. Plaintiff's Claims Easily Survive a Motion to Dismiss.

The first prong of the test for a stay of discovery is only "superficially" satisfied by a simple showing that a motion to dismiss "could be dispositive of an entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted." *Optronic Techs., Inc.*, 2018 WL 1569811, at *1. As Judge Davila noted, "those are big 'ifs.'" *Id*. Rather, the defendant must show not only that the plaintiff's claims will not survive the pending motion to dismiss, but also that they cannot be amended to cure any deficiencies. *See, e.g., Wood*, 644 F.2d at 801 (setting forth the forward-looking standard that a district court may stay discovery only when "convinced that the plaintiff *will be* unable to state a claim" (emphasis added)); *Singh*, 2016 WL 10807598, at *2 (denying a motion to stay where, "even if Defendant were correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether leave to amend should be granted, rendering [the Defendant's] motion not dispositive"). As Plaintiff will discuss in greater detail in opposition to Wells Fargo's Motion to Dismiss, Wells Fargo does not come close to meeting that standard here.

#### 1. Plaintiff States a Claim Under Section 1981.

Plaintiff's Section 1981 claim states a claim for relief because Plaintiff alleges that he was a non-citizen with DACA, applied for a direct auto loan, and was denied credit because he—as a non-citizen with DACA—was ineligible for the loan under Wells Fargo lending policy. ECF No. 27 (FAC) ¶¶ 2, 5, 48-51, 55. This Court and others have sustained Section 1981 claims on the same set of facts. *See Perez v. Wells Fargo & Co.*, No. 17 Civ. 00454, 2017 WL

3

3314797, at *1-4 (N.D. Cal. Aug. 3, 2017) (sustaining Section 1981 alienage discrimination claims on behalf of DACA recipients denied credit products by Wells Fargo because they were ineligible for that credit under Wells Fargo's lending policies); *see also Rodriguez v. Procter & Gamble Co.*, 338 F. Supp. 3d 1283, 1286-87 (S.D. Fla. 2018) (sustaining Section 1981 hiring discrimination claim on behalf of DACA recipient ineligible for employment); *Juarez v. Nw. Mut. Ins. Co.*, 69 F. Supp. 3d 364, 368-70 (S.D.N.Y. 2014) (same). These courts also all held that even if the defendant had legitimate business reasons for its discriminatory policies, those reasons could not be determined on a motion to dismiss. *Perez*, 2017 WL 3314797, at *5-6; *Rodriguez*, 338 F. Supp. 3d at 1287; *Juarez*, 69 F. Supp. 3d at 370-71.

### 2. The Court Should Ignore Wells Fargo's Improper Extraneous Material.

Wells Fargo's argument that the allegations in the FAC are "factually unsupported," ECF No. 40 at 5; *see also* ECF No. 39 at 5-6, lacks merit and is contrary to established law, which requires a court, on a motion to dismiss, to "accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). Wells Fargo attempts to circumvent this principle by attaching extraneous material to its Motion to Stay—a declaration from Kent Gerloff ("Gerloff Decl.") and a purported letter from Wells Fargo, ECF No. 40-1—which it claims contradicts Plaintiff's allegations.

As an initial matter, district courts may not consider materials outside the pleadings when assessing a motion to dismiss under Rule 12(b)(6). *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (setting forth the well-settled principle that "a court may not consider material beyond the complaint," such as declarations, on a motion to dismiss); *Smith v. Flagstar Bank FSB*, No. 18 Civ. 05131, 2019 WL 631537, at *2 (N.D. Cal. Feb. 14, 2019) (same). But where a defendant presents extraneous material in support of its motion to dismiss or for judgment on the pleadings, Rule 12(d) authorizes a court, if it does not exclude such material, to treat that dismissal motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "All parties must then be given a 'reasonable opportunity to present all the

4

material that is pertinent to the motion,' including the opportunity to take reasonable discovery to meet the issues raised by the extraneous material." *Smith*, 2019 WL 631537, at *2 (quoting Fed. R. Civ. P. 12(d)).

Wells Fargo attaches this extraneous material to its Motion to Stay Discovery, not its Motion to Dismiss, likely to avoid triggering Rule 12(d), which would give the Court discretion to order immediate discovery. *Cf. id.* at *4 (applying Rule 12(d) to convert defendant's motion to dismiss to a motion for summary judgment and ordering immediate discovery because defendant attached extraneous material to its motion bearing on an important factual dispute); *Clark v. Hershey Co.*, No. 18 Civ. 6113, 2019 WL 913603, at *3 (N.D. Cal. Feb. 25, 2019) (same).

Wells Fargo's attachment of extraneous material to its Motion to Stay Discovery is unfair and prejudicial because a plaintiff has no recourse under the federal or local rules when a defendant attaches extraneous material bearing directly on its pending motion to dismiss to a motion to stay discovery. The Court should not consider the Gerloff Decl. In the alternative, if the Court does consider Wells Fargo's extraneous material in deciding this motion or the Motion to Dismiss, the Court should deny the Motion to Stay Discovery for the additional reason that Plaintiff is entitled to conduct immediate discovery to rebut Mr. Gerloff's factual claims.[1] *See Chattler v. United States*, No. 07 Civ. 4040, 2008 WL 495702, at *2 (N.D. Cal. Feb. 20, 2008) (Chesney, J.) (denying discovery stay where "Defendants' argument . . . has a factual basis, specifically, facts that, according to defendants, support a legal conclusion" that they acted lawfully, and in support of that factual basis the defendants submitted a declaration); *see also Lowery v. F.A.A.*, No. 93 Civ. 1352, 1994 WL 912632, at *3 (E.D. Cal. Apr. 11, 1994) ("Denying a protective order is particularly appropriate if a stay of discovery could preclude

---

[1] Plaintiff would immediately seek the production of (1) Plaintiff's paper and electronic application file and all accompanying notes; (2) all audio recordings in Wells Fargo's possession regarding Plaintiff's direct auto loan application; and (3) Wells Fargo's direct auto lending policy, including borrower eligibility information, plus any other material reviewed or relied upon by Mr. Gerloff in his declaration. Plaintiff would also likely seek to depose Mr. Gerloff.

5

either party from fully preparing for the pending dispositive motion.").

Relatedly, Plaintiff is also concerned that Mr. Gerloff's declaration contains factual contentions that do not have evidentiary support. Plaintiff's counsel[2] is in possession, through discovery in *Perez v. Wells Fargo Bank, N.A.*, No. 17 Civ. 454-MMC (a separate class action lawsuit challenging Wells Fargo's exclusion of DACA recipients from eligibility for four other types of consumer credit), of several documents that appear to directly contradict factual contentions made in the Gerloff Decl. Although Plaintiff is not able to use this material here because it is subject to a protective order in the *Perez* case, and although it is not immediately clear whether the policies and practices reflected therein were still operative when Plaintiff applied for a direct auto loan in November 2018, Plaintiff's counsel believes that it is ethically obligated to disclose these concerns to the Court. *See* Model Rules Prof'l Conduct 3.3(a)(1) and 8.3; *see also Jamieson v. Slater*, No. 06 Civ. 1524, 2006 WL 3421788, at *5 (D. Ariz. Nov. 27, 2006) (Rule 8.3(a) "authorizes and requires" reporting of ethical concerns). Plaintiff's counsel is willing to submit this material to the Court for *in camera* review, if the Court so wishes.

### 3. Plaintiff Also States Claims Under ECOA and FCRA.

Plaintiff also states viable claims under both ECOA and FCRA. Plaintiff's claim under ECOA is plausible because ECOA, Regulation B, the Official Interpretations, and the weight of authority all require creditors to include the accurate and actual reason for taking an adverse action in a disclosure to the consumer. *See, e.g.*, 12 C.F.R. pt. 1002, Supp. I, § 1002.9, ¶ 9(b)(2).2, Official Interpretation ("The specific reasons disclosed . . . must relate to and accurately describe the factors actually considered or scored by a creditor."). Plaintiff has adequately pleaded that Wells Fargo failed to provide a written statement of reasons that included the accurate and actual reason for his application's denial—his DACA status. ECF No. 27 (FAC) ¶¶ 4, 53. Accordingly, his ECOA claim will likely be sustained. *See, e.g., Chen v. Chase Bank USA, N.C.*, 393 F. Supp. 3d 850, 851-52 (N.D. Cal. 2019) (denying motion to

---

[2] Plaintiff refers here only to Outten & Golden LLP, which is also Plaintiffs' counsel in the *Perez* litigation, and not Justice Catalyst Law.

6

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY
CASE NO.: 19-CV-04065-MMC

dismiss pertaining to an adverse action notice that inadequately stated only that there was a "previous unsatisfactory relationship with this bank").

Plaintiff has also adequately pleaded that Wells Fargo obtained a consumer report without a "permissible purpose" in violation of the FCRA because it was not pulled "in connection with" a credit transaction or business transaction. 15 U.S.C. § 1681b(a)(3)(A), (F)(i). Plaintiff alleges that Wells Fargo makes DACA recipients ineligible for direct auto loans pursuant to its lending policy, and therefore had no legitimate reason to obtain Plaintiff's consumer report. ECF No. 27 (FAC) ¶¶ 2-3, 50, 52, 54. Where a lender obtains an applicant's consumer report without any intention of using it "in connection with" the application, that conduct violates the FCRA and constitutes a "willful violation" of the FCRA, entitling Plaintiff to statutory damages. *See Syed v. M-I, LLC*, 853 F.3d 492, 505 (9th Cir. 2017) (finding a willful violation if the statute "is not subject to a range of plausible interpretations"); *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 817 (W.D. Ky. 2003) (text and scope of FCRA do not contemplate a "limitless" interpretation of "in connection with," and require it to be grounded in eligibility, price, and financing at the time of the application).

### 4. Wells Fargo Relies on Inapposite Authority.

The cases Wells Fargo cites in support of a stay are inapposite. Indeed, nearly all of them involve cases brought by pro se prisoners under 42 U.S.C. § 1983. *See, e.g.*, *Lopez v. Cate*, No. 10 Civ. 1773, 2014 WL 3587852, at *2, *4 (E.D. Cal. July 21, 2014) (granting stay pending resolution of an exhaustion motion in case brought by pro se § 1983 plaintiff who served thirty-three discovery requests on state government defendant in the month and a half between the commencement of discovery and the motion for a stay of discovery); *Fields v. Roberts*, No. 06 Civ. 407, 2013 WL 5230034, at *1 (E.D. Cal. Sept. 16, 2013) (granting stay pending resolution of an exhaustion motion in case brought by pro se § 1983 plaintiff where plaintiff did not oppose stay); *Hamilton v. Rhoads*, No. 11 Civ. 227, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (granting stay pending resolution of an exhaustion motion in case brought by pro se § 1983 plaintiff); *Hall v. Tilton*, No. 07 Civ. 3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) (granting

stay pending motion to dismiss pro se § 1983 plaintiff's complaint); *see also Clark v. Zeiger*, 210 F. App'x 612 (9th Cir. 2006) (affirming both the dismissal and stay of discovery in libel lawsuit by pro se plaintiff).

As the *Lopez* court noted, § 1983 cases present a special circumstance because "the scarce resources of the . . . state government should not be needlessly wasted." *Lopez*, 2014 WL 3587852, at *3. Here, by contrast, Wells Fargo is an $86 billion-dollar company.[3] Furthermore, courts may be especially likely to stay discovery in pro se cases. *See, e.g.*, *Stephens v. LVNV Funding, LLC*, No. 12 Civ. 1159, 2013 WL 1069259, at *5 (D. Nev. Mar. 14, 2013) ("The court also finds that a stay of discovery will accomplish the inexpensive and speedy determination of the action, especially in light of plaintiff's *pro se* status . . . .").

In the only two cited cases involving a stay of discovery on class action claims, the courts considered the underlying motions to dismiss and concluded that the defendants had met their heavy burden to make a strong showing both that the motions were likely to be granted and that amendment was unlikely to cure any deficiencies. *In re Nexus 6p Prods. Liab. Litig.*, No. 17 Civ. 2185, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (granting a motion to stay after concluding the defendants presented "strong arguments" for dismissal of plaintiffs' express warranty claims based on evidence of an express warranty disclaimer); *Camacho v. United States*, No. 12 Civ. 956, 2014 WL 12026059, at *4-5 (S.D. Cal. Aug. 15, 2014) (granting motion to stay where there was evidence of a documented policy change that appeared to alter or eliminate the policy challenged in the complaint). Here, by contrast, Wells Fargo has made no showing that its motion is likely to be granted. Instead, it attached extraneous material that illustrates core factual disputes making a discovery stay inappropriate.

**B.    Wells Fargo's Request to Bifurcate Discovery Should Be Denied.**

Wells Fargo also fails to present compelling reason for bifurcation. In determining

---

[3]    *See* News Release, Wells Fargo, Wells Fargo Reports $6.1 Billion in Quarterly Net Income, Diluted EPS of $1.21 (Jan. 15, 2019) https://www08.wellsfargomedia.com/assets/pdf/about/investor-relations/earnings/fourth-quarter-2018-earnings.pdf.

8

whether to bifurcate discovery in a putative class action, courts may consider: "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13 Civ. 2219, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015).

Wells Fargo focuses only on the third prong of this test, judicial economy, arguing that "[t]here is no dispute that class discovery will be costly and time consuming." ECF No. 40 at 9. But Wells Fargo fails to support this conclusory assertion, which could be said for any proposed class action. Moreover, unlike in *Deleon v. Time Warner Cable LLC*, No. 09 Civ. 2438, 2009 WL 10674767, (C.D. Cal. Nov. 2, 2009), the sole case Wells Fargo cites in support of bifurcation, this case likely does not "require[] extensive discovery concerning class-wide issues." *Id*. at *1. To the contrary, discovery into the merits of Plaintiff's claims overlaps entirely with discovery into the class claims, as Plaintiff alleges that Wells Fargo has a facially discriminatory lending policy under which non-citizens with DACA are ineligible for direct auto loans. ECF No. 27 (FAC) ¶¶ 2, 5. This allegation rises and falls on the same facts and discovery for Plaintiff as for the class: if, as Wells Fargo alleges, no such policy exists, then the claims of both Plaintiff and the class fail.

Therefore, any judicial economy is minimal and likely to be outweighed by "the potential [of bifurcation] to further complicate this litigation." *True Health Chiropractic*, 2015 WL 273188, at *2 (noting that bifurcation might raise "a slew of issues" such as what discovery relates to the class as opposed to the named plaintiff); *see also Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15 Civ. 2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[M]any courts 'are reluctant to bifurcate class-related discovery from discovery on the merits' . . . because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299-300 (S.D.N.Y. 2012)).

## IV. CONCLUSION

For these reasons, the Court should deny Wells Fargo's Motion to Stay Discovery.

Dated: New York, NY
November 12, 2019

Respectfully submitted,

By: /s/ *Ossai Miazad*
**OUTTEN & GOLDEN LLP**
Ossai Miazad*
Michael N. Litrownik*
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
One California Street, 12th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Brian James Shearer*
Craig L. Briskin*
**JUSTICE CATALYST LAW**
718 7th Street NW
Washington, D.C. 20001
Telephone: 518-732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Benjamin D. Elga*
81 Prospect Street
Brooklyn, NY 11201
Telephone: 518-732-6703
belga@justicecatalyst.org

*admitted *pro hac vice*

**Attorneys for Plaintiff and the proposed Class**