**MCGUIREWOODS LLP**
Jamie D. Wells (SBN 290827)
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

K. Issac deVyver (*admitted pro hac vice*)
Karla Johnson (*admitted pro hac vice*)
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Telephone: 412.667.6000
Facsimile: 412.667.6050

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO: 3:19-cv-04065-MMC<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY PENDING FINAL DISPOSITION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND IN THE ALTERNATIVE, TO BIFURCATE DISCOVERY**<br><br>Date: December 13, 2019<br>Time: 9:00 AM<br>Courtroom: 7<br><br>Complaint Filed: July 16, 2019<br>First Amended Complaint: September 27, 2019<br><br>**Hon. Judge Maxine M. Chesney** |

**TABLE OF CONTENTS**

|     |     |     | Page |
| --- | --- | --- | --- |
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
|     | A. | A Stay Of Discovery Is Warranted Here Where The Motion To Dismiss Can Be Decided On The Face Of The Complaint And Is Dispositive | 2 |
|     | B. | Plaintiff And Plaintiff's Counsel Violated The Protective Order In *Perez* By Relying On Protected Material Produced In That Matter In This Litigation | 5 |
|     | C. | In The Alternative, Bifurcation Of Class Discovery From Plaintiff's Individual Discovery Is Warranted | 6 |
| III. | CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brady v. Grendene USA, Inc.*,
  No. 3:12-CV-0604-GPC-KSC, 2015 WL 1955027 (S.D. Cal. Apr. 29, 2015),
  modified on reconsideration, No. 3:12-CV-0604-GPC-KSC, 2015 WL 3554968
  (S.D. Cal. June 5, 2015) ................................................................................................5

*Chattler v. United States*,
  2008 WL 495702 (N.D. Cal. 2008) ................................................................................4

*Deleon v. Time Warner Cable LLC*,
  No. CV 09-2438, 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009) ........................6, 7, 8

*Hall v. Tilton*,
  No. C 07-3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010)......................................2, 4

*Hamilton v. Rhoads*,
  C 11-0227 RMW (PR), 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ........................4

*In re eBay Seller Antitrust Litigation*,
  No. C07–01882 JF (HRL), 2010 WL 2106004 (N.D.Cal. May 25, 2010) ..................5

*On Command Video Corp. v. Lodgenet Entertainment Corp.*,
  976 F.Supp. 917 (N.D.Cal.1997) ..................................................................................6

*Perez v. Wells Fargo Bank, N.A.*,
  Case No. 17-cv-00454-MMC..........................................................................................5

*True Health Chiropractic, Inc. v. McKesson Corp.*,
  No. 13 Civ. 2219, 2015 WL 273188 (N.D. Cal. Jan. 20, 2015)....................................6

**RULES**

Fed. R. Civ. P. 1 ..............................................................................................................6

Fed. R. Civ. P. 16(c)........................................................................................................6

Fed. R. Civ. P. 26(b)........................................................................................................6

Fed. R. Civ. P. 42(b)........................................................................................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff opposes Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Stay Discovery or in the Alternative, Motion to Bifurcate Discovery, but entirely fails to substantively address the core arguments warranting a stay. Rather, Plaintiff does little more than parrot the faulty and unsupported allegations in the Amended Complaint that fail to state a claim. And Plaintiff all but admits no discovery is needed for him to oppose Wells Fargo's Motion to Dismiss, or for the Court to rule on it, because the Motion raises no factual issues. Plaintiff complains that Wells Fargo submitted a declaration in support of the Motion to Stay, which Plaintiff contends entitles him to "immediate discovery," but Plaintiff does not cite any authority warranting his request to proceed with discovery. The cases cited are inapposite as they relate to the submission of extrinsic evidence as part of a Motion to Dismiss, which is not at issue here. In short, Plaintiff's cursory opposition has failed to show that a stay is unwarranted.

Plaintiff also opposes Wells Fargo's alternative request to bifurcate the issue of whether the Court should first allow discovery solely on the factual basis for Wells Fargo's denial of Plaintiff's request for direct auto financing. Plaintiff has failed to state a claim because he has failed to allege facts supporting his underlying contention that Wells Fargo denied him direct auto financing based on his DACA status. The reason that Plaintiff has not—and cannot—allege those facts is clear from the Declaration of Kent Gerloff: Plaintiff was not denied direct auto financing based on his DACA status. In opposition to Wells Fargo's request to bifurcate, Plaintiff had the opportunity to come forward with whatever evidence he claims supports his allegations and contradicts Mr. Gerloff's declaration, and he provided none, not even his own declaration. In light of Plaintiff's deficient factual allegations and failure to respond to Mr. Gerloff's declaration, if the Court is not inclined to stay discovery entirely, it should limit discovery to the factual basis for Wells Fargo's denial of Plaintiff's request for direct auto financing. There will be no undue delay or prejudice by bifurcation since the discovery that the parties would be conducting about Plaintiff's individual claims is discovery that will need to be conducted anyway, if Plaintiff's claims survive a Motion to Dismiss.

## II. ARGUMENT

### A. A Stay Of Discovery Is Warranted Here Where The Motion To Dismiss Can Be Decided On The Face Of The Complaint And Is Dispositive

As set forth in Wells Fargo's Motion, "[a] district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Hall v. Tilton*, No. C 07-3233, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (internal citations omitted). The Northern District has adopted a two-part test to determine whether discovery should be stayed pending resolution of a dispositive motion. First, a pending motion must be ***potentially*** dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Hall*, 2010 WL 539679, at *2 (emphasis added). Second, the court must determine whether it can decide the dispositive motion absent discovery. *Id.* If the court answers these two questions in the affirmative, a stay of discovery is proper. *Id.* (staying discovery pending disposition of motion to dismiss after applying two part test).

Plaintiff concedes a stay of discovery is proper when a pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and when the pending motion can be decided absent discovery, yet maintains no stay of discovery is warranted here. Plaintiff argues that his claims can "easily" survive a motion to dismiss, however, the arguments presented in support of Plaintiff's contention show otherwise. In his Opposition, Plaintiff does nothing more than repeat the same conclusory allegations from the Amended Complaint that Wells Fargo has already established fail to state a claim. For example, Plaintiff admits he received an adverse action letter from Wells Fargo as required under the ECOA. Plaintiff nonetheless maintains Wells Fargo violated the ECOA because the reasons included in the decline letter were inaccurate as they purportedly did not state the "actual reason for his application's denial—his DACA status." However, Wells Fargo already established in its Motion to Dismiss that such allegations fail to state a claim, both because Plaintiff has failed to allege sufficient facts and because such a claim is not recognized as a matter of law (the latter argument Plaintiff never even addresses). *Compare* D.E. 39 (Wells Fargo's Motion to Dismiss) at 7-9 *with* Plaintiff's Opposition

1  to Motion to Stay/Bifurcate ("Opp.") at 6.  Plaintiff has presented no argument to suggest he has
2  stated an ECOA claim.

3  Plaintiff also contends that Wells Fargo violated the FCRA because his credit report was
4  "not pulled 'in connection with' a credit transaction or business transaction'" but again Plaintiff
5  does nothing but summarize in a few sentences the deficient allegation in his Amended Complaint.
6  Opp. at 7.  As outlined in Wells Fargo's Motion to Dismiss, Plaintiff's allegations show that the
7  alleged credit pull was in connection with a credit transaction, initiated by Plaintiff, involving the
8  extension of credit to Plaintiff—as expressly permitted under Section 1681b(a)(3). D.E. 39 (Wells
9  Fargo's Motion to Dismiss) at 10-12.  The same is true for Plaintiff's cursory and unsupported
10 contention that Wells Fargo obtained Plaintiff's credit report "without any intention of using it"
11 which fails to establish that Wells Fargo acted either willfully or negligently when pulling his credit
12 report, which Plaintiff himself authorized. *Id.* at 12-13.

13 At bottom, Plaintiff has not moved the needle as to his failure to plead sufficient facts to
14 state a claim against Wells Fargo for violations of Section 1981, the ECOA, and FCRA. Plaintiff
15 also fails to show how any amendment could overcome these glaring deficiencies, particularly when
16 Plaintiff's claims necessarily fail as a matter of law.  The first part of the two-part test is therefore
17 met.

18 The second part of the two-part test is also satisfied. As set forth in Wells Fargo's Motion,
19 no discovery is required for Plaintiff to oppose or for the Court to decide Wells Fargo's pending
20 Motion to Dismiss.  Notably, Plaintiff's Opposition does not set forth any basis for why discovery
21 should not be stayed pending the outcome of the motion to dismiss.  Indeed, Plaintiff does not even
22 allege discovery is needed, much less what discovery, to resolve the Motion to Dismiss—because
23 there is none.  Plaintiff attempts to overcome this hurdle by arguing that the Declaration of Kent
24 Gerloff entitles him to "immediate discovery" including the deposition of Mr. Gerloff.  Opp. at 5;
25 fn. 1. Plaintiff's attempt to rely on the declaration of Mr. Gerloff to defeat the requested stay misses
26 the mark, as do Plaintiff's arguments regarding admissibility of extrinsic evidence when ruling on
27
28

the motion to dismiss. *See e.g.* Opp. at 4-6 (arguing the Court should exclude extrinsic evidence or convert a motion to dismiss to a motion for summary judgment and citing cases).

Plaintiff's reliance on *Chattler v. United States*, No. C-07-4040-MMC, 2008 WL 495702, at *1 (N.D. Cal. Feb. 20, 2008) is unavailing. In *Chattler*, this Court denied defendants' motion to stay discovery related to a factual issue defendants attempted to overcome by relying on a declaration submitted in conjunction with the motion to dismiss and granted defendants' motion to stay discovery in all other respects, noting that defendants' other arguments "are legal in nature, and the Court's resolution thereof [did] not require or entail resolution of any fact." *Id*. As Plaintiff acknowledges, Wells Fargo is not relying on Mr. Gerloff's declaration to support its Motion to Dismiss. Opp. at 5 ("Wells Fargo attaches [the declaration] to its Motion to Stay Discovery, not its Motion to Dismiss."). In fact, Wells Fargo's Motion to Dismiss makes absolutely no mention of the Gerloff Declaration. Nor does Wells Fargo's Motion to Dismiss raise any factual issues. "[D]iscovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion." *Chattler*, 2008 WL 495702, at *1 (internal quotations omitted). Here there are none. *Chattler* accordingly supports Wells Fargo's requested stay.

Moreover, Plaintiff asserts that Wells Fargo's submission of Mr. Gerloff's Declaration "is unfair and prejudicial" and that Plaintiff "is entitled to conduct immediate discovery to rebut Mr. Gerloff's factual claims." Opp at 5. But the time for Plaintiff to rebut Mr. Gerloff's Declaration was in his Opposition. Plaintiff was required to have a good faith basis for bringing his claims and he should have set forth that basis in his Opposition—and he did not. Plaintiff did not even submit his own declaration to support his contention that he was purportedly denied direct auto financing based on his DACA status.

For these reasons, Wells Fargo's request to stay discovery pending the outcome of the motion to dismiss should be granted. *Hall*, 2010 WL 539679, at *2 (staying discovery pending disposition of motion to dismiss after applying two part test); *see also Hamilton v. Rhoads*, C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (staying case pending decision

4
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

on motion to dismiss because the pending motion to dismiss was potentially dispositive of the entire case and discovery was not needed for the court to issue a ruling).[1]

### B. Plaintiff And Plaintiff's Counsel Violated The Protective Order In *Perez* By Relying On Protected Material Produced In That Matter In This Litigation

In his Opposition, Plaintiff argues that he is "concerned that Mr. Gerloff's declaration contains factual contentions that do not have evidentiary support." Opp. at 6. In support, Plaintiff relies on confidential documents that Wells Fargo produced in discovery in *Perez v. Wells Fargo Bank, N.A.*, Case No. 17-cv-00454-MMC (a separate class action against Wells Fargo which does not involve Plaintiff or Plaintiff's claims). Specifically, Plaintiff states that his counsel is in possession "of several documents that appear to directly contradict factual contentions made in the Gerloff Decl." *Id*. Plaintiff's counsel even goes so far as to offer to submit these confidential documents to the Court for an *in camera* review. *Id.*

Plaintiff and Plaintiff's counsel have violated the entered protective order in *Perez*, which makes clear that the protected material shall not be used in any other litigation proceedings, and their actions should not be countenanced. *Perez,* Dkt. No. 83 ("A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case ***only*** prosecuting, defending, or attempting to settle this litigation.") (emphasis added); *see On Command Video Corp. v. Lodgenet Entertainment Corp.*, 976 F.Supp. 917, 920-22 (N.D. Cal.1997) (where plaintiffs in federal court commenced lawsuit against same defendant in state court and used protected information, Court found plaintiffs in contempt, stating, "[t]he purpose of the Order is to limit the use of confidential information to this case. By using such information to file a separate lawsuit in another forum, plaintiff violated the plain terms of the Protective Order."); *In re eBay Seller Antitrust Litigation*, No. C07–01882 JF (HRL), 2010 WL 2106004, at *1 (N.D. Cal. May 25, 2010) (plaintiff's counsel would have been in violation of the protective order by

---

[1] Plaintiff attempts to detract from the clear basis warranting the requested stay by arguing that Wells Fargo relies on inapposite authority. Plaintiff's contention is solely based on the fact that some of the cases cited involved pro se parties and allegations that "by contrast, Wells Fargo is an $86 billion-dollar company." Opp. at 7-8. Neither of those assertions change the fact that a discovery stay is warranted here.

reviewing or "mining" eBay's confidential documents with an eye toward evaluating the documents' potential relevance and possible use in other litigation.); *Brady v. Grendene USA, Inc.*, No. 3:12-CV-0604-GPC-KSC, 2015 WL 1955027, at *5 (S.D. Cal. Apr. 29, 2015), modified on reconsideration, No. 3:12-CV-0604-GPC-KSC, 2015 WL 3554968 (S.D. Cal. June 5, 2015) (offending party held in contempt and barred from accessing information designated as confidential in previous case to file several subsequent lawsuits).

At minimum, the Court should disregard Plaintiff's and his counsel's references to documents that violate a Court Order in another case. More appropriately, the Court should strike the statements from Plaintiff's Opposition and Plaintiff and his counsel should be admonished for such tactics.[2]

## C. In The Alternative, Bifurcation Of Class Discovery From Plaintiff's Individual Discovery Is Warranted

Finally, as set forth in Section III.B of Wells Fargo's motion, "the Court has authority to bifurcate issues concerning Plaintiff as an individual from issues concerning the class." *Deleon v. Time Warner Cable LLC*, No. CV 09-2438, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) (citing Fed. R. Civ. P. 1, 16(c), 26(b), 42(b)). Plaintiff does not disagree but argues that bifurcation is not warranted here because "any judicial economy is minimal and likely to be outweighed by 'the potential [of bifurcation] to further complicate this litigation.'" Opp. at 9. Plaintiff argues that Wells Fargo fails to support its contention that class discovery will be costly and time consuming. *Id*. Plaintiff then goes on to argue that the "merits of Plaintiff's claims overlaps entirely with discovery into the class claims, as Plaintiff alleges that Wells Fargo has a facially discriminatory lending policy under which non-citizens with DACA are ineligible for direct auto loans." *Id*. In support of these arguments, Plaintiff relies upon *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-2219-JST, 2015 WL 273188 (N.D. Cal. Jan. 20, 2015), a case that is distinguishable and

---

[2] Plaintiff's vague references to alleged ethical violations are baseless. Opp. 6. Wells Fargo and its counsel have acted in accordance with their ethical obligations and duties of candor to the Court, and should Plaintiff and his counsel wish to press these issues, Wells Fargo and its counsel will respond appropriately.

inapposite on its face because it involved a party seeking to bifurcate class and individual discovery more than a year after the case was filed and the defendant's motion would have delayed class certification. None of those issues is present here, as this case was only just filed.

In any event, Plaintiff is mistaken. Wells Fargo is seeking to address a very discrete issue with bifurcating discovery: the reason that Plaintiff was denied direct auto financing. As set forth further in Wells Fargo's Motion and Gerloff Declaration, Plaintiff was denied direct auto financing because he failed to provide documentation to validate his immigration status—not because of his DACA status or expiration date of his work authorization, as alleged. Gerloff Decl. ¶¶ 16-19. Wells Fargo would have allowed his application for direct auto financing to move forward had he provided the requested documents. *Id.* ¶¶ 7, 13. Plaintiff's contention that his individual claims and class claims "rise and fall" on the same facts and discovery—namely, an alleged policy making DACA recipients automatically ineligible for direct loans—is therefore unfounded.

If allowed to go forward, discovery would be burdensome, as Plaintiff will no doubt be seeking production of Wells Fargo's policies and procedures, ESI and email, and class data, among other discovery. Indeed, as the Court is already aware, Plaintiff has been attempting to aggressively pursue class discovery in this case. The Court already had to step in once to continue the case management conference because Plaintiff refused to do so unless Wells Fargo agreed to immediately commence discovery. D.E. 29 (Plaintiff's Opposition); D.E. 31 (Court Order). Further, since that time, Plaintiff has aggressively pursued the initial Rule 26(f) conference and has already served Wells Fargo with discovery, with more rounds likely to be served, in advance of the Case Management Conference. Imposing that burden and expending resources to conduct class discovery, when Plaintiff's individual claims will fail completely, goes against judicial economy. If Plaintiff does not have an individual claim, he cannot represent the proposed putative class and is not entitled to class discovery when his individual claim fails. These issues should be decided before "submerging the parties in an ocean of class discovery." *Deleon*, 2009 WL 10674767, at *1.

In addition, and as set forth in Wells Fargo's Motion, bifurcating discovery will not cause any unreasonable delay in any class certification decision or otherwise prejudice Plaintiff. The

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY
AND IN THE ALTERNATIVE MOTION TO BIFURCATE DISCOVERY

discovery that the parties would be conducting about Plaintiff's individual claims is discovery that will need to be conducted anyway, if Plaintiff's claims survive a Motion to Dismiss. Plaintiff will have ample time to conduct class discovery to the extent he defeats dismissal of his individual claims and "will be on a level playing field" with Wells Fargo. *Id.*, at *2. Plaintiff does not address these arguments in his Opposition, conceding they are meritorious.

For these reasons, it is appropriate for the court to enter an order bifurcating discovery on Plaintiff's individual claims from class discovery. *Id.*, at *2-3 (granting motion to bifurcate discovery on plaintiff's individual claims from class discovery).

### III. CONCLUSION

For the reasons set forth herein and in Wells Fargo's motion, the court should stay discovery pending the outcome of Wells Fargo's motion to dismiss. In the alternative, the court should bifurcate discovery on Plaintiff's individual claims from class discovery.

DATED: November 18, 2019        **MCGUIREWOODS LLP**

By: */s/ K. Issac deVyver*
K. Issac deVyver
Attorneys for Defendant
WELLS FARGO BANK, N.A.