# Exhibit A

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2  **THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
   **A PROFESSIONAL CORPORATION**
3  4667 MacArthur Blvd., Suite 150
   Newport Beach, CA 92660
   Phone: (949) 200-8755
4  Fax: (866) 843-8308

5  Attorneys for Plaintiff JOSEPH E. NORRIS III, an individual

VENTURA
SUPERIOR COURT
**FILED**

JUN 2 4 2015

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____,Deputy
J. D. BELTRAN

8                    SUPERIOR COURT OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF VENTURA

11 | JOSEPH E. NORRIS III, an individual, | **Case No.:**  56-2015-00469059-CU-OR-VTA
12 |           Plaintiff, | **COMPLAINT FOR DAMAGES AND EQUITABLE**
13 | v. | **RELIEF:**
14 | BAYVIEW LOAN SERVICING, LLC; | 1. **VIOLATIONS OF REG. X OF RESPA AND**
   | BANK OF NY, SERIES 2007-HY3, a |    **REGULATION Z OF TILA**
15 | business entity form unknown; LAW | 2. **VIOLATIONS OF CA. CIV. CODE §2923.6**
   | OFFICES OF LES ZIEVE, a business | 3. **VIOLATIONS OF CA. CIV. CODE §2923.7**
16 | entity form unknown; and DOES 1-100, | 4. **VIOLATION OF CAL. BUSINESS &**
   | inclusive, |    **PROFESSIONS CODE §17200**
17 |  | 5. **NEGLIGENCE**
18 |           Defendants. | 6. **NEGLIGENCE PER SE**
   |  | 7. **DEMAND FOR ACCOUNTING**
19 |  |
20 |  | **DEMAND FOR JURY TRIAL**

**FAXED**

23  ///

Plaintiff JOSEPH E. NORRIS III, by his attorney, for causes of action against defendants,

BAYVIEW LOAN SERVICING, LLC; BANK OF NY, SERIES 2007-HY3; LAW OFFICES OF

LES ZIEVE; and DOES 1-100 (hereinafter collectively referred to as "Defendants"), allege the

following on information and belief:

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

# I.

## PARTIES

1. Plaintiff JOSEPH E. NORRIS III ("Plaintiff") is an individual and resident of the State of California, County of Ventura.

2. Plaintiff owns and resides in the subject real property, located at 2516 Seahorse Avenue, Ventura, CA 93001 (the "Subject Property").

3. Defendant BAYVIEW LOAN SERVICING, LLC ("Bayview") is a business organization of unknown form doing business in the State of California, County of Ventura. Bayview services 1-4 family residential mortgages including Plaintiff's first lien residential mortgage loan secured by the Subject Property. It is alleged that Bayview is the servicer of Plaintiff's first lien residential mortgage loan.

4. Defendant BANK OF NY, SERIES 2007-HY3 ("Bank of NY") is a business organization of unknown form doing business in the State of California, County of Ventura.

5. Defendant LAW OFFICES OF LES ZIEVE ("Les Zieve") is a business organization of unknown form doing business in the State of California, County of Ventura. It is alleged that Les Zieve is the trustee of Plaintiff's first lien residential mortgage loan.

6. The true names and capacities of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint showing the true names and capacities of such DOES when they are ascertained. Plaintiff, on information and belief, alleges that each of DOES 1 through 100 was responsible, in some manner, for the omissions, occurrences, acts and transactions herein alleged, and Plaintiff's damages and violations of Plaintiff's rights were proximately caused by those Defendants.

7. Plaintiff, on information and belief, alleges Defendants were the agents, servants, representatives, partners and/or employees of co-Defendants, and, by engaging in the actions mentioned below, were, unless otherwise alleged, acting within the course and scope of their authority as such agent, servant, representative, partner, and/or employee, with the permission and consent of co-Defendants.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

8. Any allegations about acts of any corporate or other business Defendants means that the corporation or other business did the alleged acts through its officers, directors, employees, agents, and/or representatives, while they were acting within the actual or ostensible scope of their authority.

## II.

## JURISDICTION AND VENUE

9. Venue and jurisdiction are proper in this Court because Plaintiff sustained injury and damages in this jurisdictional area and the Subject Property is located in this jurisdictional area.

10. This Court has subject-matter jurisdiction over the causes of action alleged in this Complaint because it is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action.

11. This Court has personal jurisdiction over Defendants because each Defendant resides in, is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California. CCP § 410.10.

12. This Court is the appropriate venue for this action under CCP §§ 395 and 395.5, because the acts giving rise to the causes of action herein alleged occurred in the State of California, County of Ventura, and the Subject Property is located in this county. Plaintiff hereby designates the County of Ventura, as the place of proper venue.

## III.

## DEMAND FOR JURY TRIAL

13. Plaintiff respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

## IV.

## CALIFORNIA HOMEOWNER'S BILL OF RIGHTS

14. In response to rising foreclosure numbers and mortgage servicers' misconduct, 49 state Attorney Generals filed suits against the country's five major mortgage servicers. Consequently, these mortgage servicers agreed to enter into consent judgments now known as the National Mortgage Settlement ("NMS"). The NMS imposed new servicing standards on these servicers.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    Thereafter, the California Legislature passed the Homeowner's Bill of Rights ("HBOR") applying

2    these requirements to all servicers, not just the five NMS signatories. The HBOR gives borrowers

3    standing and a private right of action to enforce these protections in court.

4    15. The HBOR is codified in Cal. Civil Code §§ 2920.5, 2923.4, 2923.5, 2923.55, 2923.6, 2923.7,

5    2924, 2924.9, 2924.10, 2924.11, 2924.12, 2924.17, 2924.18 and 2924.19.

6    16. The HBOR's purpose is to ensure, as part of the non-judicial foreclosure process, borrowers are

7    considered for any available loss mitigations options offered by or through the borrower's

8    mortgage servicer, such as loan modifications or other alternatives to foreclosure, and have a

9    meaningful opportunity to obtain any available relief. Cal. Civ. Code § 2923.4(a).

10   17. The HBOR protects homeowners fallen victim to foreclosures that are being wrongfully

11   advanced. "If a trustee's deed upon sale has not been recorded, a borrower may bring an action

12   for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9,

13   2924.10, 2924.11, or 2924.17." Cal. Civ. Code § 2924.12(a)(1). "The rights, remedies, and

14   procedures provided by this section are in addition to and independent of any other rights,

15   remedies, or procedures under any other law." Cal. Civ. Code § 2924.12(h).

## V.

## FACTUAL BACKGROUND

### Defendants' Marked-Up and Unnecessary Fees for Default-Related Services

18.   Plaintiff alleges on information and belief that in Defendants' loan servicing operations,

Defendants strategically generate "default-related fee income" by fraudulently concealing default

charges on defaulted borrowers' monthly mortgage statements, like Plaintiff's. Moreover,

Plaintiff alleges on information and belief that Defendants implemented this fraudulent income

strategy when Plaintiff defaulted on his loan.

19.   Plaintiff alleges on information and belief that Defendants' scheme works as follows:  Defendants

order default-related services from their subsidiaries and affiliated companies, who, in turn,

obtain the services from third-party vendors. Then, the third-party vendors charge Defendants for

the services. After Defendants receive the amount the third-party vendor actually charged,

Defendants mark-up the fees significantly, charge the new, marked-up amount on the borrower's

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1   account and retain the fraudulently generated profit. Thus, despite the mortgage market

2   collapsing and more and more borrowers falling into delinquency, Defendants continue

3   fraudulently generating substantial profits by concealing unnecessary, undisclosed and unlawful

4   marked-up fees to borrowers' accounts under the guise of lawfully charged default-related fees.

5  20. The mortgage contract between a lender and a borrower consists of two documents: the

6   Promissory Note ("Note") and the Mortgage or Deed of Trust ("Security Instrument"). The

7   mortgage contracts Defendants service are substantially similar because they conform to the

8   standard Fannie Mae/Freddie Mac form contract. These contracts contain form language

9   regarding what occurs if borrowers default on their loans. The Security Instrument authorizes

10   loan servicers, in the event of default, to:

11       pay for whatever is reasonable or appropriate to protect the note holder's

12       interest in the property and rights under the security instrument, including protecting and/or assessing the value of the property, and securing and/or

13       repairing the property.

14  21. The Security Instrument further provides that any such amounts disbursed by the servicer shall

15   become the borrower's additional debt, secured by the Security Instrument and shall bear interest,

16   from the date of disbursement, at the Note rate. The Note provides that the note holder:

17       will have the right to be paid back by [the borrower] for all of its costs and

18       expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

19

20  22. Thus, the mortgage contract allows the servicer to pay for default-related services when necessary

21   or appropriate, and to be reimbursed by the borrowers, but it *does not authorize* the servicer to

22   mark-up the actual cost of those services to make a profit.

23  23. By charging marked-up fees, Defendants violate their agreements with borrowers because

24   charges exceeding the actual cost of services provided are neither reasonable nor appropriate to

25   protect the Note holder's interest in the property and the rights under the Security Instrument.

26  24. Furthermore, Defendants do not disclose to borrowers that the fees assessed on their accounts are

27   marked-up from the actual amount charged by the vendor, demonstrating the wrongful nature of

28   the marked-up fees.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

5

25. Defendants conceal these marked-up fees for default-related services on borrowers' accounts, including Plaintiffs', by only identifying the charges as "Miscellaneous Fees," "Corporate Advances," "Other Fees" or "Advances" on borrowers' statements.

26. Plaintiff alleges, on information and belief, that under the categories "Miscellaneous Fees," "Corporate Advances," "Other Fees" or "Advances" on borrowers' statements, Defendants also assess unnecessary and unreasonable fees for property inspections. Although such inspections are purportedly conducted to guard against property loss, Defendants' designed practices ensure these fees are charged to as many accounts as possible, even when the inspections are inappropriate, unnecessary or unreasonable.

27. Plaintiff alleges, on information and belief, that even if the property inspections were properly performed and actually reviewed by someone at the bank, Defendants' continuous assessment of fees for these inspections on borrowers' accounts are still improper and unreasonable because of the frequency with which they are performed. When the first inspection report shows that the property is occupied and in good condition, it is unnecessary and inappropriate for Defendants to automatically continue to order monthly inspections. Nothing in the report justifies Defendants' continued monitoring.

28. Plaintiff alleges the assessment of these marked-up fees make it nearly impossible for borrowers to become current on the loan. Charges for default-related services can add hundreds or thousands of dollars to borrowers' loans over time, driving them further into default.

29. When borrowers, like Plaintiff, get behind on their mortgages and fees for these default-related services are added on to the past-due principal and interest payments, Defendants' practices make it increasingly difficult for borrowers to bring their loan current. Even when borrowers pay the delinquent principal and interest payments, the marked-up fees for default-related services ensure the borrowers stay in default. After paying on time, both the delinquent principal and interest and the next payment, often through automatic payment deductions from borrower bank accounts, part of the payment is first applied to the fees and does not cover the borrower's monthly payment in full. Ultimately, the payment is deemed late and borrowers' accounts are once again slammed with additional fees and arrears, pushing borrowers further into delinquency. By the time

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    borrowers, like Plaintiff, become aware, Defendants are threatening to foreclose unless the

2    borrower makes an exceedingly large payment, whereby the weight of these unnecessary fees

3    holds borrowers in a financial abyss.

4    30. Defendants' scheme forces borrowers, including Plaintiff, deeper into default and causes severe

5    damage to their credit scores. Defendants provide information about borrowers' payment history

6    to credit reporting companies, including whether they have been late with a payment or missed

7    any payments. Accordingly, by keeping borrowers in default with these practices, Defendants

8    affect whether borrowers can get a loan in the future, and what the interest rate will be on such

9    loans.

10   31. Additionally, as a result of Defendants' practices, borrowers, including Plaintiff, are wrongfully

11   driven into foreclosure.

12   **Origination of the Loan and the Subject Property**

13   32. Plaintiff acquired the Subject Property in 2002. Plaintiff's ownership is documented in a number

14   of written instruments that are on file with the Ventura County Recorder's Office, including a

15   Grant Deed recorded on April 18, 2002, as document no. 2002009334300.

16   33. On or about February 26, 2007, Plaintiff obtained a first lien mortgage loan in the amount of

17   $604,000.00 in favor of Countrywide Bank (the "Loan") secured by a Deed of Trust encumbering

18   the Subject Property. A true and correct copy of the Deed of Trust, recorded on February 26,

19   2007, is attached as **Exhibit A**.

20   34. Upon information and belief, Bank of America is the prior servicer on the Loan.

21   35. Upon information and belief, Recontrust Company, N.A. is the prior trustee on the Loan.

22   36. Upon information and belief, Bayview subsequently acquired the servicing of Plaintiff's Loan in

23   the capacity described by Civil Code § 2920.5.

24   37. Upon information and belief, Law Offices of Les Zieve is the substituted trustee under the Deed

25   of Trust and the current trustee on the Loan under the Deed of Trust.

26   38. The Subject Property contains no more than four dwelling units and is owner-occupied. The

27   Subject Property is and at all relevant times Plaintiff's principal residence and is security for the

28   Loan, which was made for personal, family, or household purposes.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    39. Plaintiffs are borrowers as defined by Civil Code §2920.5(c).

2    40. Upon information and belief, Bayview continues to service the Loan in the capacity described by

3        Civil Code §2920.5(a).

4        **Plaintiff's Financial Hardship and Pursuit of Foreclosure Prevention Alternatives**

5    41. Plaintiff performed dutifully under the Loan, as required pursuant to the terms of the Loan until

6        around early-2010 when Plaintiff's income suffered a severe loss, and Plaintiff faced a financial

7        setback. Plaintiff had his own business as a stock consultant but, unfortunately, due to the poor

8        economy, Plaintiff lost his business in June 2010. As a result of these facts, Plaintiff was in a

9        constant struggle to make his monthly mortgage payments, and had no choice but to use the

10       money in his savings and investment accounts to stay current on the Loan.

11   42. On or about September 2009, Recontrust Company, N.A., the then trustee on the Loan, filed a

12       Notice of Default (the "Notice of Default"). A true and correct copy of the Notice of Default

13       recorded on September 1, 2009 with the Ventura County Recorder's Office is attached as **Exhibit**

14       **B.**

15   43. On or about February 2011 to August 2012, Plaintiff obtained employment in sales for Toyota

16       and thereafter worked in a brokerage house selling life insurance. Plaintiff is currently self-

17       employed selling life insurance supplements and works with Anthem Blue Cross.

18   44. On or about early 2014, in an effort to prevent foreclosure proceedings and defaulting on the

19       Loan, Plaintiff contacted the mortgage servicer, Bayview, to discuss possible loss mitigation

20       options to help him keep his home.

21   45. Bayview, through its authorized representative Jeff Critchfield, informed Mr. Norris that he

22       should apply for a loan modification.

23   46. Mr. Norris thereafter gathered the requested documentation and compiled a full and complete

24       loan modification application. Mr. Norris immediately submitted the complete loan modification

25       to Bayview on or about May 19, 2014.

26   47. On or about June 13, 2014, Mr. Norris called Jeff Critchfield to inquire as to the status of his loan

27       modification application.

28   48. On or about June 13, 2014, Bayview, through its authorized representative Jeff Critchfield, told

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    Mr. Norris over the phone that he had been denied on his loan modification application.

2 49. At no point did Bayview issue a written denial to Plaintiff notifying him that he had been denied

3    on his loan modification application.

4 50. Defendants then recorded a Notice of Trustee's Sale (the "Notice of Sale") on May 8, 2015 even

5    though Plaintiff's modification application was still pending. A true and correct copy of the

6    Notice of Sale is attached as **Exhibit C**.

7 51. To date, Bayview has not made a written determination as to Plaintiff's eligibility for the

8    available investor or non-HAMP options and, thus, his complete application remains pending.

9 52. Plaintiff's claims are simple: when large financial institutions promise to modify eligible loans

10    preventing foreclosures and the taxpaying homeowners live up to their end of the bargain,

11    homeowners expect that promise to be kept. Large financial institutions, acting under the

12    guidance of a federal program specifically targeted at preventing foreclosures, need to be held

13    accountable for its promises made to those taxpaying homeowners.

14 53. Defendants wrongfully delayed Plaintiff's request for an alternative to foreclosure due to their

15    own ineffective and unreasonably slow processing systems and their failure to properly train

16    representatives to comply with servicing standards and outreach requirements imposed by state

17    and federal regulations.

18 54. Plaintiff spent countless hours in loan modification negotiations and lost the opportunity to

19    pursue other alternatives to foreclosure. Had Plaintiff known that Bayview's representations

20    regarding her eligibility for a modification and the status of foreclosure were untrue, Plaintiff

21    would have sought other alternatives to foreclosure, such as refinancing, or reinstating before the

22    delinquent balance grew to such an amount that it became impossible for Plaintiff to cure. As a

23    result of the unnecessary delays and the mishandling of their documents, Plaintiff is unable to

24    cure the default because of the substantial arrearages, which include unnecessary fees added to

25    the loan balance.

26 55. The foregoing acts and material omissions of Defendants alleged herein were undertaken

27    willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of Plaintiff's

28    notice and disclosure rights.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

56. Defendants, as employers of the authorized representatives who had contact with Plaintiff, had advanced knowledge of the unfitness of their employee representatives and employed such representatives with a conscious disregard of the rights or safety of others, or authorized/ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice.

## REGULATION X OF RESPA AND REGULATION Z OF TILA

57. This action seeks to enforce the amended Regulation X, 12 C.F.R. Section 1024.30 through Section 1024.41, and also amended Regulation Z, Section 1026.36, both made effective January 10, 2014.

58. This case arises from Bayview's willful failure and/or complete disregard of the rights of Plaintiff arising from Bayview's statutory obligations and duties under Regulation X of RESPA and Regulation Z of TILA. Plaintiff alleges that he is entitled to statutory damages and actual damages suffered as a result of Bayview's willful and intentional failure to comply with these Regulations, including, but not limited to, the time and expense spent attempting to obtain Bayview's compliance, and the emotional and psychological harm suffered as a result of Bayview's persistent non-compliance.

59. The Loan at issue in this case is a "federally related mortgage" as that term is defined by Regulation X of RESPA, 12 C.F.R. § 1024.5(a); Bayview is subject to Regulation X of RESPA, 12 C.F.R. § 1024.5(a) and Bayview is not subject to any of the small servicer exceptions as provided for by 12 C.F.R. § 1026.41(e)(4)(ii).

60. Plaintiff alleges that Bayview must comply with written Requests for Information ("RFI") related to the servicing of a federally related mortgage loan under 12 C.F.R. § 1024.36 of Regulation X of the Mortgage Servicing Act under RESPA. RESPA, in its detailed Regulation X, mandates that a mortgage servicer must respond to written requests from a borrower that relate to the servicing of a mortgage (12 U.S.C. § 2605(e); 12 C.F.R. § 1024.36(c)) by acknowledging receipt of such correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) and by thereafter providing the requested information within 30 days (excluding legal public holidays, Saturdays, and Sundays), except a request for the Owner of the

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1   Note which requires a response within 10 days (excluding legal public holidays, Saturdays, and

2   Sundays).  When a non-response to the RFI or production date occurs, borrowers can notify a

3   servicer of its non-compliance with the regulatory requirements through a Notice of Error

4   ("NOE").  Non-compliance includes non-acknowledgment of receipt, non-responses, or if

5   responses are inadequate, incomplete, or contain errors in the information provided.

6   61. On or about November 25, 2014, Plaintiff, by and through their attorney, mailed ten (10) separate

7   RFIs in ten (10) separate letters to Bayview. Each RFI letter related to separate and distinct

8   information rights under Regulations X and Z and in many instances different responsive time lines

9   applied to each separate RFI letter. Plaintiff employed ten separate letters containing RFIs in order to

10   assist both parties in tracking, recording and replying to each separate request and within the proper

11   regulatory time-lines. The ten separate letters containing RFIs are alleged with particularity

12   hereinbelow and attached hereto as **Exhibits "D" through "M"** respectively.

13   62. The ten separate letters containing RFIs were addressed and delivered to the following address:

14   Bayview Loan Servicing, LLC, Attn: Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor,

15   Coral Gables, FL 33146.  Bayview designated the above-referenced address on its internet website's

16   "Contact Us" URL page found at https://www.bayviewloanservicing.com/contactus (last accessed

17   June 3, 2015 at 11:13 a.m.) for correspondence concerning Requests for Information and Notices of

18   Error (12 C.F.R. §§ 1024.35(c), 1024.36(b)). Plaintiff's ten RFI letters contained Mr. Norris's name,

19   loan number, and property address and included a letter of authorization, signed by the Plaintiff,

20   allowing Bayview to directly communicate with Plaintiff's attorneys.

21   63. Plaintiff's first Request for Information letter ("RFI #1") under 12 C.F.R. § 1024.36, was titled

22   "REQUEST FOR INFORMATION UNDER 12 C.F.R § 1026.36," and whose subject matter

23   requested proof from Bayview that all payments made by Plaintiff were promptly credited as of the

24   date of receipt. The RFI #1 letter was mailed via Certified U.S. Mail [Tracking Number: 7014 2120

25   0004 7819 6082]. Bayview received the RFI #1 letter on December 1, 2014, at approximately 1:01

26   p.m.  A true and correct copy of both, the RFI #1 letter and the printout of the "Product &

27   Tracking  Information" from www.usps.com for the RFI  #1 letter, are attached hereto and made a

28   part hereof as Plaintiff's **Exhibit "D,"** as though set forth in full.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

64. Plaintiff's second Request for Information letter ("RFI #2") under 12 C.F.R. § 1024.36, whose title and subject matter was "REQUEST FOR PAYOFF BALANCE UNDER 12 CFR § 1026.36", was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 6075]. Bayview received the RFI #2 letter on December 1, 2014, at approximately 1:01 p.m. A true and correct copy of both, the RFI #2 letter and the printout of the "Product & Tracking Information" from www.usps.com for the RFI #2 letter, are attached hereto and made a part hereof as Plaintiffs' **Exhibit "E,"** as though set forth in full.

65. Plaintiff's third Request for Information letter ("RFI #3") under 12 C.F.R. § 1024.36, whose title was "REQUEST FOR INFORMATION PURSUANT TO 12 C.F.R. § 1024.36 OF REGULATION X" and whose subject matter requested the status of Plaintiff's loan modification application. The RFI #3 letter was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 6099]. Bayview received the RFI #3 letter on December 1, 2014, at approximately 1:01 p.m. A true and correct copy of both, the RFI #3 letter and the printout of the "Product & Tracking Information" from www.usps.com for the RFI #3 letter, are attached hereto and made a part hereof as Plaintiff's **Exhibit "F,"** as though set forth in full.

66. Plaintiff's fourth Request for Information letter ("RFI #4") under 12 C.F.R. § 1024.36, whose subject matter requested Plaintiff's promissory note, deed of trust, any assignments of the mortgage or deed of trust, along with a payment history since Plaintiff was last less than 60 days past due. The RFI #4 letter was titled "REQUEST FOR INFORMATION UNDER 12 C.F.R. § 1024.36 and was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 6006]. Bayview received the RFI #4 letter on December 1, 2014, at approximately 1:01 p.m. A true and correct copy of both, the RFI #4 letter and the printout of the "Product & Tracking Information" from www.usps.com for the RFI #4 letter are attached hereto and made a part hereof as Plaintiff's **Exhibit "G,"** as though set forth in full.

67. Plaintiff's fifth Request for Information letter ("RFI #5") under 12. C.F.R. § 1024.36, whose subject matter requested the current owner and servicer of Plaintiff's loan and titled "REQUEST FOR INFORMATION UNDER 12 C.F.R. § 1024.36." The RFI #5 letter was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 6013]. Bayview received the RFI #5 letter on

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1     December 1, 2014 at approximately 1:01 p.m. A true and correct copy of both, the RFI #5 letter and

2     the printout of the "Product & Tracking Information" from www.usps.com for the RFI #5

3     letter, are attached hereto and made a part hereof as Plaintiff's **Exhibit "H,"** as though set forth in

4     full.

5   68.   Plaintiff's sixth Request for Information letter ("RFI #6") under 12 C.F.R. § 1024.36, whose subject

6     matter requested Plaintiff's loan's transaction history, including escrow fees and other fees charged

7     by Bayview throughout the life of the loan. The RFI #6 letter was titled "REQUEST FOR

8     INFORMATION UNDER 12 C.F.R. § 1024.36", was mailed via Certified U.S. Mail [Tracking

9     Number: 7014 2120 0004 7819 6020]. Bayview received the RFI #6 letter on December 1, 2014, at

10     approximately 1:01 p.m. A true and correct copy of both, the RFI #6 letter and the printout of the

11     "Product & Tracking Information" from www.usps.com for the RFI #6 letter from, are attached

12     hereto and made a part hereof as Plaintiff's **Exhibit "I,"** as though set forth in full.

13   69.   Plaintiff's seventh Request for Information letter ("RFI #7") under 12 C.F.R. § 1024.36 whose

14     subject matter set forth a request for loss mitigation assistance and titled "REQUEST FOR

15     INFORMATION PURSUANT TO 12 C.F.R. § 1026.36", was mailed via Certified U.S. Mail

16     [Tracking Number: 7014 2120 0004 7819 6037]. Bayview received the RFI #7 letter on December 1,

17     2014, at approximately 1:01 p.m. A true and correct copy of both, the RFI #7 letter and the printout

18     of the "Product & Tracking Information" from www.usps.com for the RFI #7 letter, are

19     attached hereto and made a part hereof as Plaintiff's **Exhibit "J,"** as though set forth in full.

20   70.   Plaintiff's eighth Request for Information letter ("RFI #8") under 12 C.F.R. § 1024.36, whose subject

21     matter requested an itemized payoff statement for Plaintiff's loan and was titled "REQUEST FOR

22     PAYOFF STATEMENT UNDER 12 C.F.R. § 1026.36". The RFI #8 letter was mailed via Certified

23     U.S. Mail [Tracking Number: 7014 2120 0004 7819 6044]. Bayview received the RFI #8 letter on

24     December 1, 2014, at approximately 1:01 p.m. A true and correct copy of both, the RFI #8 letter and

25     the printout of the "Product & Tracking Information" from www.usps.com for the RFI #8

26     letter, are attached hereto and made a part hereof as Plaintiff's **Exhibit "K,"** as though set forth in

27     full.

28   71.   Plaintiff's ninth Request for Information letter ("RFI #9") under 12 C.F.R. § 1024.36, whose subject

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    matter requested a reinstatement statement for Plaintiff's loan and was titled "REQUEST FOR

2    REINSTATEMENT STATEMENT UNDER 12 C.F.R. § 1026.36". The RFI #9 letter was mailed via

3    Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 6051]. Bayview received the RFI #8

4    letter on December 1, 2014, at approximately 1:01 p.m. A true and correct copy of both, the RFI #8

5    letter and the printout of the "Product & Tracking Information" from www.usps.com for the

6    RFI #8 letter, are attached hereto and made a part hereof as Plaintiff's **Exhibit "L,"** as though set

7    forth in full.

8    72. Plaintiff's tenth Request for Information letter ("RFI #9") under 12 C.F.R. 1024.36 and 12 C.F.R. §

9    1026.41, whose subject matter requested periodic billing statements for Plaintiff's loan and was titled

10   "REQUEST FOR PERIODIC BILLING STATEMENTS PURSUANT TO 12 C.F.R. §1026.41". The

11   RFI #10 letter was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 6068].

12   Bayview received the RFI #9 letter on December 1, 2014, at approximately 1:01 p.m. A true and

13   correct copy of both, the RFI #9 letter and the printout of the "Product & Tracking

14   Information" from www.usps.com for the RFI #9 letter, are attached hereto and made a part hereof

15   as Plaintiff's **Exhibit "M,"** as though set forth in full.

16   73. Plaintiff alleges upon information and belief that Bayview failed to acknowledge and provide

17   accurate and complete responses to the RFIs described above, and each of them, within 30 days

18   (excluding legal public holidays, Saturdays, and Sundays) after receipt. Bayview was required to

19   acknowledge receipt of Plaintiff's RFIs by December 8, 2014. 12 C.F.R. § 1024.36(d). However, it

20   failed to timely do so. In addition, Bayview was required provide the accurate payoff statement,

21   itemized payoff statement, and reinstatement statement within 7 days (excluding legal public

22   holidays, Saturdays, and Sundays). 12 C.F.R. § 1024.36(?). The applicable response deadline was

23   December 10, 2014. However, Bayview failed to timely provide the accurate payoff statement,

24   itemized payoff statement, and reinstatement statement by December 10, 2014. Bayview was also

25   required to provide the owner of Plaintiff's loan and servicer of Plaintiff's loan within 10 days

26   (excluding legal public holidays, Saturdays, and Sundays). 12 C.F.R. 1024. (?). The applicable

27   response deadline was December 15, 2014. However, Bayview failed to timely provide the owner or

28   master servicer of Plaintiff's loan by December 15, 2014. Moreover, Bayview was required to

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1  provide the remaining responses to Plaintiff's RFIs within 30 days (excluding legal public holidays,

2  Saturdays, and Sundays) pursuant to 12 C.F.R. § 1024.36(?), thus Bayview was required to provide

3  Plaintiff's attorney or record with accurate and complete responses by January 14, 2015. However,

4  Bayview failed to timely provide responses by January 14, 2015. As a direct result of Bayview's

5  failure to comply with the response deadlines provided by 12 C.F.R. 1024.36, Plaintiff sustained

6  actual damages by expending additional monies to send Bayview Notices of Error and was

7  further...(damages discussion)

8  74. On or about January 29, 2015 Plaintiff, by and through his attorney, mailed ten (10) separate

9  letters containing ten (10) separate NOEs to Bayview addressing Bayview's failure to

10  accurately and completely respond to the RFIs described above and directing Bayview to correct

11  the asserted errors. The ten letters containing NOEs are attached hereto as Exhibits **"N"**

12  **through "W"**, respectively. The ten separate letters containing the ten separate NOEs were

13  addressed and delivered to the following address: Bayview Loan Servicing, LLC, Attn:

14  Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146. Bayview

15  designated the above-referenced address on its internet website's "Contact Us" URL page found

16  at https://www.bayviewloanservicing.com/contactus (last accessed June 3, 2015 at 11:13 a.m.)

17  for correspondence concerning Requests for Information and Notices of Error (12 C.F.R. §§

18  1024.35(c), 1024.36(b)).

19  75. Plaintiff's first letter containing, Notice of Error ("NOE #1") under 12 C.F.R. § 1024.35, whose

20  subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR

21  SECTION 1024.35 "NOTICE"/LOSS MITIGATION," was mailed via Certified U.S. Mail

22  [Tracking Number: 7014 2120 0004 7819 9878]. Bayview received the NOE #1 letter on

23  February 2, 2015, at approximately 11:46 a.m. A true and correct copy of both, the NOE #1

24  letter and the printout of the "Product & Tracking Information" from www.usps.com for

25  the NOE #1 letter, are attached hereto and made a part hereof as Plaintiff's **Exhibit "N,"** as

26  though set forth in full.

27  76. Plaintiff's second letter containing, Notice of Error ("NOE #2") under 12 C.F.R. § 1024.35, whose

28  subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1   1024.35 "NOTICE"/PAYOFF BALANCE," was mailed via Certified U.S. Mail [Tracking Number:

2   7014 2120 0004 7819 9885]. Bayview received the NOE #2 letter on February 2, 2015, at

3   approximately 11:46 a.m. A true and correct copy of both, the NOE #2 letter and the printout of

4   the "Product & Tracking Information" from www.usps.com for the NOE #2 letter, are attached

5   hereto and made a part hereof as Plaintiff's **Exhibit "O,"** as though set forth in full.

6   77. Plaintiff's third letter containing, Notice of Error ("NOE #3") under 12 C.F.R. § 1024.35, whose

7   subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION

8   1024.35 "NOTICE"/ PROOF OF PROMPT CREDITING" was mailed via Certified U.S. Mail

9   [Tracking Number: 7014 2120 0004 7819 9892]. Bayview received the NOE #3 letter on February 2,

10   2015, at approximately 11:46 a.m. A true and correct copy of both, the NOE #3 letter and the

11   printout of the "Product & Tracking Information" from www.usps.com for the NOE #3 letter,

12   are attached hereto and made a part hereof as Plaintiff's **Exhibit "P,"** as though set forth in full.

13   78. Plaintiff's fourth letter containing, Notice of Error ("NOE #4") under 12 C.F.R. § 1024.35, whose

14   subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION

15   1024.35 "NOTICE"/REINSTATEMENT" was mailed via Certified U.S. Mail [Tracking Number:

16   7014 2120 0004 7819 9908]. Bayview received the NOE #4 letter on February 2, 2015, at

17   approximately 11:46 a.m. A true and correct copy of both, the NOE #4 letter and the printout of

18   the "Product & Tracking Information" from www.usps.com for the NOE #4 letter, are attached

19   hereto and made a part hereof as Plaintiff's **Exhibit "Q,"** as though set forth in full.

20   79. Plaintiff's fifth letter containing, Notice of Error ("NOE #5") under 12 C.F.R. § 1024.35, whose

21   subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION

22   1024.35 "NOTICE"/ PERIODIC BILLING STATEMENT," was mailed via Certified U.S. Mail

23   [Tracking Number: 7014 2120 0004 7819 9915]. Bayview received the NOE #5 letter on February 2,

24   2015, at approximately 11:46 a.m. A true and correct copy of both, the NOE #5 letter and the

25   printout of the "Product & Tracking Information" from www.usps.com for the NOE #5 letter,

26   are attached hereto and made a part hereof as Plaintiff's **Exhibit "R,"** as though set forth in full.

27   80. Plaintiff's sixth letter containing, Notice of Error ("NOE #6") under 12 C.F.R. § 1024.35, whose

28   subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1  1024.35 "NOTICE"/ITEMIZED PAYOFF BALANCE" was mailed via Certified U.S. Mail

2  [Tracking Number: 7014 2120 0004 7819 9922]. Bayview received the NOE #6 letter on February 2,

3  2015, at approximately 11:46 a.m. A true and correct copy of both, the NOE #6 letter and the

4  printout of the "Product & Tracking Information" from www.usps.com for the NOE #6 letter,

5  are attached hereto and made a part hereof as Plaintiff's **Exhibit "S,"** as though set forth in full.

6  81. Plaintiff's seventh letter containing, Notice of Error ("NOE #7") under 12 C.F.R. § 1024.35, whose

7  subject matter was set forth and titled "NOTICE OF ERROR (NOE) UNDER CFR SECTION

8  1024.35 "NOTICE"/OWNER OF NOTE," was mailed via Certified U.S. Mail [Tracking Number:

9  7014 2120 0004 7819 9939]. Bayview received the NOE #7 letter on February 2, 2015, at

10  approximately 11:46 a.m. A true and correct copy of both, the NOE #7 letter and the printout of

11  the "Product & Tracking Information" from www.usps.com for the NOE #7 letter, are attached

12  hereto and made a part hereof as Plaintiff's **Exhibit "T,"** as though set forth in full.

13  82. Plaintiff's eighth letter containing, Notice of Error ("NOE #8") under 12 C.F.R. § 1024.35, whose

14  subject matter was set forth and titled "RE: ERROR RESOLUTION NOTICE UNDER REG X

15  REGULATIONS 12 CFR §§ 1024.35 & 1024.41(G), ("DUAL TRACKING"): NEED TO

16  CANCEL/POSTPONE TRUSTEE'S SALE FOR VIOLATION OF "DUAL TRACKING" UNDER

17  REG X REGULATIONS," was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004

18  7819 9946]. Bayview received the NOE #8 letter on February 2, 2015, at approximately 11:46 a.m.

19  A true and correct copy of both, the NOE #8 letter and the printout of the "Product & Tracking

20  Information" from www.usps.com for the NOE #8 letter, are attached hereto and made a part hereof

21  as Plaintiff's **Exhibit "U,"** as though set forth in full.

22  83. Plaintiff's ninth letter containing, Notice of Error ("NOE #9") under 12 C.F.R. § 1024.35, whose

23  subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION

24  1024.35 "NOTICE"/COPY OF DOCUMENTS," was mailed via Certified U.S. Mail [Tracking

25  Number: 7014 2120 0004 7819 9854] Bayview received the NOE #9 letter on February 2, 2015, at

26  approximately 11:46 a.m. A true and correct copy of both, the NOE #9 letter and the printout of

27  the "Product & Tracking Information" from www.usps.com for the NOE #9 letter, are attached

28  hereto and made a part hereof as Plaintiff's **Exhibit "V,"** as though set forth in full.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

84. Plaintiff's tenth letter containing, Notice of Error ("NOE #10") under 12 C.F.R. § 1024.35, whose subject matter was set forth and titled "RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/TRANSACTION HISTORY" was mailed via Certified U.S. Mail [Tracking Number: 7014 2120 0004 7819 9861] Bayview received the NOE #10 letter on February 2, 2015, at approximately 11:46 a.m. A true and correct copy of both, the NOE #10 letter and the printout of the "Product & Tracking Information" from www.usps.com for the NOE #10 letter, are attached hereto and made a part hereof as Plaintiff's **Exhibit "W,"** as though set forth in full.

85. To date, Bayview has yet to accurately respond or correct the errors contained in the NOE letters, and each of them, described above. Plaintiff was only provided with a pay off balance/statement, an itemized pay off balance/statement, and an owner of the note, and was not provided with any of the other information requested in the RFIs and as asserted in the NOEs or, in the alternative, was not provided with accurate responses to the RFI letters and Bayview has made no attempt to correct the errors identified in Plaintiff's NOE letters. Therefore, Plaintiff cannot verify the specified amounts owed in the provided pay off statement/balance and provided itemized pay off statement/balance are accurate and based on actual charges incurred by Bayview in accordance with 12 C.F.R. §§ 1024.35 to 1024.36.

86. Plaintiff is informed and believes and thereon alleges that Bayview has erred in the calculation of what is due and owing for a pay-off amount since the amounts Bayview claims are due and owing were materially and significantly different from the payoff and past-due amounts provided by Bayview in its prior payoff statements.

87. The foregoing acts and material omissions of Bayview alleged herein were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of Plaintiff's notice and disclosure rights.

88. As a result of Bayview's acts and omissions alleged hereinabove, Plaintiff has been harmed in that he has expended significant time and money in his actions seeking correction of such errors. Plaintiff has suffered actual damages such as the costs of copying documents, postage fees, loss of work fees, traveling expenses to and from their attorney's office, interest and penalties on the Loan, emotional and psychological trauma and other issues of damages related to Bayview's

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1   failure to accurately and completely respond to Plaintiff's RFI letters requiring NOE letters to be

2   sent, to which Bayview has yet to completely and adequately respond. The total amounts of

3   damages have not been computed at this time, but will be provided by either an amended

4   pleading or through the discovery process.

5  89. Defendants, as employers of the authorized representatives who had contact with Plaintiff, had

6   advanced knowledge of the unfitness of their employee representatives and employed such

7   representatives with a conscious disregard of the rights or safety of others, or authorized/ratified

8   the wrongful conduct for which the damages are awarded or was personally guilty of oppression,

9   fraud, or malice.

10  90. Plaintiff is informed and believes and upon such information and belief alleges that the failures of

11   Bayview to comply with the RFI letters and NOE letters in this case are fully consistent with the

12   pattern and practice of failing to comply with RESPA and TILA set forth hereinabove. Plaintiff

13   alleges that the preceding gives rise to sufficiently establish the Plaintiff's right for the recovery of

14   statutory damages under RESPA of $2,000.00 and statutory damages under TILA of $4,000.00.

15                           **VI.**

16                   **FIRST CAUSE OF ACTION**

17           **VIOLATIONS OF CAL. CIVIL CODE §2923.6**

18               **(AS TO ALL DEFENDANTS)**

19  91. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in

20   this cause of action.

21  92. Pursuant to Cal. Civil Code § 2923.6(c), under HBOR, if a borrower submits a complete

22   application for a first lien loan modification offered by, or through, the borrower's mortgage

23   servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record

24   a notice of default or notice of sale, or conduct a trustee's sale, while the application is pending.

25  93. The mortgage servicer is not required to evaluate applications from borrowers who have already

26   been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification

27   prior to January 1, 2013, or otherwise consistent with the requirements of the statute, unless there

28   has been a material change in the borrower's financial circumstances since the date of the

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    borrower's previous application and that change is documented by the borrower and submitted to

2    the mortgage servicer.

3  94. On or about June 13, 2014, Plaintiff submitted an application to Bayview for a loan modification.

4    Plaintiff timely sent Bayview the required documentation to complete the application.

5  95. Defendants recorded the Notice of Trustee's Sale on May 8, 2015 while Plaintiff's complete

6    application was still in process even though Plaintiff's modification application was still pending.

7    This was in direct violation of Civil Code §2923.6(c).

8  96. To date, Plaintiff has not received a written determination as to eligibility for all available

9    modification options and her complete application remains pending, in further violation of Civil

10    Code § 2923.6(c) and (f).

11  97. Defendants cannot move forward with foreclosure unless and until Bayview makes a written

12    determination regarding Plaintiff's eligibility for a modification and either Plaintiff is denied and

13    any appeal period has expired or Plaintiff is approved but breaches the terms of the offer.

14  98. Pursuant to Civil Code §§ 2924.12 and 2924(g), Plaintiff seeks an order enjoining Defendants from

15    proceeding with foreclosure unless and until Defendants have corrected and remedied their violations

16    of Civil Code § 2923.6.

17

<div align="center">

**VII.**

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF CAL. CIV. CODE §2923.7**

**(AS TO ALL DEFENDANTS)**

</div>

21  99. Plaintiff re-alleges and incorporates by reference, all paragraphs above, as though fully set forth

22    in this cause of action.

23  100. Civil Code § 2923.7, under HBOR, requires servicers to provide borrowers with a "single point of

24    contact" during the foreclosure prevention alternatives process.

25  101. "Foreclosure prevention alternative" means a first lien loan modification or other available loss

26    mitigation option. Cal. Civ. Code §2920.5(b).

27  102. SPOCs may be an individual or a "team" of people and have several responsibilities, including:

28    (1) communicating the process by which a borrower may apply for an available foreclosure

<div style="text-align:left; font-size:smaller">JOSEPH R. MANNING, JR., ESQ.<br>4667 MACARTHUR BLVD., STE. 150<br>NEWPORT BEACH, CA 92660</div>

1    prevention alternative, (2) coordinating receipt of all documents associated with available

2    foreclosure prevention alternatives and notify the borrower of any missing documents, (3) having

3    access to current information and personnel sufficient to timely, accurately, and adequately

4    inform the borrower of the current status of the foreclosure prevention alternative, (4) ensuring

5    the borrower is considered for all foreclosure prevention alternatives offered by or through the

6    mortgage servicer, (5) having the ability and authority to stop foreclosure proceedings when

7    necessary.

8    103. Importantly, the SPOC *"shall remain assigned to the borrower's account until the mortgage*

9    *servicer determines that all loss mitigation options offered by, or through, the mortgage*

10   *servicer have been exhausted ..."* Civil Code § 2923.7(c).

11   104. Bayview failed to provide Plaintiff with a SPOC who was knowledgeable about Plaintiff's

12   situation and current status in the alternatives to foreclosure process, and who had the ability and

13   authority to perform the above-described responsibilities.

14   105. Plaintiff's SPOC was unable to adequately inform Plaintiffs of the current status of the review.

15   106. Plaintiff's SPOC failed to ensure Plaintiff was considered for all foreclosure prevention

16   alternatives offered by or through Bayview as Plaintiff's complete application remains pending

17   with Bayview.

18   107. Pursuant to Civil Code §§ 2924.12 and 2924(g), Plaintiff seeks an order enjoining Defendants

19   from proceeding with foreclosure unless and until Defendants have corrected and remedied their

20   violations of Civil Code § 2923.7.

21                                          **VIII.**

22                                **THIRD CAUSE OF ACTION**

23              **VIOLATIONS OF CAL. BUSINESS & PROFESSIONS CODE § 17200**

24                                **(AS TO ALL DEFENDANTS)**

25   108. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in

26   this cause of action.

27   109. Plaintiff brings this action against Defendants pursuant to California Business and Professions

28   Code § 17200, *et seq.,* referred to as the Unfair Competition Law (the "UCL").

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

110. California Business and Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." For the reasons described herein, Defendants have engaged in unfair or fraudulent business acts or practices in violation of Bus. and Prof. Code §17200, *et. seq.*

111. The Court has jurisdiction over this action pursuant to California Bus. and Prof. Code § 17200, *et seq.*, specifically Bus. and Prof. Code § 17203, which provides that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Bus. and Prof. Code § 17204, which provides for actions for any relief pursuant to the UCL to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association, or by any person acting for the interests of itself, its members or the general public.

112. As alleged herein, Defendants engaged in unlawful business practices in connection with the servicing of Plaintiff's mortgage loan, the processing of Plaintiffs' requests for an alternative to foreclosure, the foreclosure action taken against the Subject Property, and related matters. The unlawful practices committed by Defendants include:

   Failing to acknowledge Plaintiff's RFIs #1-10 within five business days of receiving Plaintiff's RFIs #1-10, excluding legal public holidays, Saturdays, and Sundays, in violation of 12 C.F.R. Section 1024.36(d);

   a. Violating 12 C.F.R. § 1024.36 of Regulation X by failing to conduct a reasonableinvestigation for the information requested in Plaintiff's RFI letters #1-10,and providing Plaintiff with the requested information, or otherwise explaining that Bayview. was unable to provide the requested information and the basis for such determination, within thirty days of receipt of the RFI letters;

   b. Violating 12 C.F.R. § 1026.36 of Regulation Z by failing to timely provide Plaintiff with an accurate payoff statement;

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

c.  Negligently reviewing Plaintiff's application for a loan modification by using a property value Bayview knew to be inaccurate based on documents within its possession and control;

d.  Violating 12 C.F.R. Section 1024.41(e), by failing to evaluation Plaintiff for any all loss mitigation options available to him, including a HAMP loan modification, which Plaintiff would have qualified for if Bayview had provided the correct property value in the NPV data chart;

e.  Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

f.  Concealing the true character, quality and nature of their assessment of marked-up fees against Plaintiffs' account; and

g.  Attempting to foreclosing on the Subject Property without the legal authority to do so.

113. Defendants' acts and practices, as hereinabove alleged, constitute "unfair" business acts under Bus. and Prof. Code §17200, *et seq.*, in that said acts and practices offend public policy and are substantially injurious to Plaintiff and all consumers. Said acts and practices have no utility whatsoever, much less sufficient utility to outweigh the substantial harm to Plaintiff, other consumers, and potential homeowners.

114. These violations were and remain to be a matter of Defendants' standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior. Defendants' actions are against public policy as the HBOR and Regulation X under RESPA and Regulation Z under TILA were exacted to prevent unnecessary foreclosures by providing borrowers with accurate and complete loan information and a full and fair opportunity to be reviewed for all available alternatives to foreclosure.

115. Defendants' acts and practices, as hereinabove alleged, constitute "fraudulent" business acts under § 17200 in that said acts and practices are likely to deceive the public and effect consumers' legal rights and obligations. Defendants' acts, including, but not limited to, active deception, falsifying and/or failing to deliver material documents, and concealment of information to prevent consumers from exercising rights to which they are entitled.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

116. Moreover, in the course and conduct of its loan servicing and collection, Defendants omitted a true itemization that identified the nature of each fee, and it failed to disclose the nature of the charges and fees assessed. Defendants concealed the category identified as "Miscellaneous Fees" or "Other Charges" reflecting marked-up and/or unnecessary fees, never actually incurred by Defendants. Relying on Defendants, Plaintiff and members of the general public believe they are obligated to pay the amounts specified in Defendants' communications for default-related services. Plaintiff relied on a reasonable expectation that Defendants complied with the plain meaning of the mortgage agreement, Notes, Security Instruments, court orders, and confirmed plans, and as a result, Plaintiff relied on Defendants' disclosures about the fees on their statements, reasonably believing the "Other Charges," "Other Fees" or "Miscellaneous Fees" to be valid charges that were not unlawfully marked-up and/or unnecessary. Indeed, tricking trusting borrowers and to dissuading them from challenging Defendants' unlawful fee assessments. Defendants concealed this scheme by telling borrowers, in statements and other documents, that such fees are "allowed by borrowers' Note and Security Instrument," or that they are "in accordance with the terms of your mortgage." Had the true nature of the fees been disclosed to Plaintiff, he would have been aware of the mark-ups and unnecessary nature of the fees and would have disputed the charges and not paid them.

As a direct and proximate result of Defendants' unlawful, unfair and fraudulent conduct alleged herein, Plaintiff has lost equity in the Subject Property. Defendants' marked up charges and excess fees resulted in damage to Plaintiffs' tangible interest in the Subject Property. This loss of equity, which should be credited back to Plaintiffs, constitutes a loss of money.

As a direct and proximate result of Defendants' unlawful, unfair and fraudulent conduct alleged herein, Plaintiff is in imminent risk of losing the Subject Property. The imminent threat and risk of foreclosure constitutes injury-in-fact because it is concrete and particularized as to the property in question and initiation of foreclosure proceedings puts Plaintiff's interest in the Subject Property sufficiently in jeopardy and constituting an injury under § 17200.

117. The illegal acts of Defendants alleged herein are a serious threat to Plaintiff because these acts have allowed, or will allow, Defendants to wrongfully foreclose on the Subject Property, to

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1     transfer title to or interest in the Subject Property, and to cause the imminent eviction of Plaintiff

2     from the Subject Property. Such eviction will cause Plaintiff to suffer further immediate and

3     irreparable injury, loss, and damage.

4  118. Defendants' unfair and deceptive business acts or practices caused a direct and proximate injury to

5     Plaintiff and the general public. Plaintiff is entitled to relief, including full restitution and/or

6     disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been

7     obtained by Defendants as a result of such business acts or practices.

8  119. Due to Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff suffered a

9     substantial, ascertainable loss. Therefore, pursuant to Business and Professions Code §§ 17203

10    and 17204, Defendants should be enjoined from continuing such practices.

11  120. In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a

12    constructive trust over, and restitution of the monies collected and realized by Defendants.

13 <div align="center">**IX.**</div>

14 <div align="center">**FOURTH CAUSE OF ACTION**</div>

15 <div align="center">**NEGLIGENCE**</div>

16 <div align="center">**(AS TO BAYVIEW)**</div>

17  121. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in

18    this cause of action.

19  122. Bayview, acting as Plaintiff's mortgage servicer, undertook a review of Plaintiff's application for

20    modification and, having done so, owed Plaintiffs the duty to exercise reasonable care in

21    processing and reviewing her application for a loan modification.

22  123. The loan modification process was intended to affect Plaintiff, as it could potentially modify his

23    loan. It was foreseeable that Plaintiff would be harmed by any delay or mishandling of his

24    application. Bayview definitely knew that mishandling Plaintiff's application would directly

25    result in no modification for Plaintiff and deprive Plaintiff of the opportunity to seek other relief

26    and avoid foreclosure. Bayview's blameworthiness is evident from Plaintiff's inability to protect

27    his own interests in the loss mitigation process. The recent HBOR and Mortgage Servicing Rules

28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    under RESPA (Regulation X) speak to the growing policy concerns about dual tracking and the

2    negligent review of applications.

3    124. Bayview breached its duty by: (1) failing to review Plaintiff's application in a timely manner; (2)

4    misplacing Plaintiff's application documents; (3) mishandling Plaintiff's application by relying

5    on incorrect information; (4) misrepresenting the status of Plaintiff's loan modification

6    application; and (5) initiating and continuing foreclosure in violation of public policy and the

7    HBOR's restrictions on dual-track foreclosures.

8    125. As a direct and proximate result of Defendant's negligence, Plaintiff has been harmed in that the

9    delayed processing of his application made it difficult for them to seek alternative assistance –

10   and impossible to reinstate the Loan. The mishandling of the documents deprived Plaintiff of the

11   opportunity of obtaining loss mitigation assistance as Plaintiff now faces imminent foreclosure.

12   Plaintiff has been harmed in that they have suffered the derogatory ratings by the credit agencies

13   that have made it difficult for them to establish creditworthiness. Plaintiff has been harmed in

14   that he has been required to retain legal counsel and has paid money to protect his interest in the

15   Subject Property that otherwise he would not have had to expend. Plaintiff has been harmed in

16   that he has lost substantial equity in the Subject Property.

17   126. As a direct and proximate result of the negligence and careless practices by Defendant Bayview

18   and its authorized representatives, Plaintiff suffered and continues to suffer, general and special

19   damages in an amount to be determined at trial.

20                                             **X.**

21                          **FIFTH CAUSE OF ACTION**

22                            **NEGLIGENCE PER SE**

23                              **(AS TO BAYVIEW)**

24   127. Under Regulation X and Regulation Z, discussed above, Plaintiff is entitled to certain information

25   regarding the loan serviced by Defendant Bayview.

26   128. Plaintiff is asserting a claim for relief against the Defendant for breach of the specific rules under

27   Regulation X and Regulation Z as set forth below. The Plaintiff has a private right of action

28   under the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1  ("TILA"), 12 U.S.C. Section 2605(f) for these breaches and such actions include actual damages,

2  costs, statutory damages for an established pattern and practice of non-compliance with the rules

3  under RESPA and TILA and attorney's fees.

4  **Failure to Provide Accurate and Complete Transaction History upon Plaintiff's Written**

5  **Request**

6  129. On or about November 25, 2015, Plaintiff sent a written request for information to Defendant

7  Bayview that included the name of the borrower, the identity of the account, the property

8  description and stated the information requested. This request was made pursuant to 12 C.F.R.

9  Section 1024.36, as described hereinabove in paragraph 39, by and through Plaintiff's letter

10  containing RFI #6.

11  130. The letter containing RFI #6 was mailed by certified mail, return receipt requested, having article

12  number 7014 2120 0004 7819 6020. The letter containing RFI #6 was mailed to and received by

13  the following address: Bayview Loan Servicing, LLC, Attn: Customer Support, 4425 Ponce de

14  Leon Boulevard, 5th Floor, Coral Gables, FL 33146.. Defendant designated the above-referenced

15  address to transmit and deliver RFIs and NOEs within its internet site having the URL of:

16  https://www.bayviewloanservicing.com/contactus in compliance with 12 C.F.R. Section

17  1024.36(b) and 12 C.F.R. Section 1024.35(c).

18  131. RFI #6 was received by the Defendant on December 1, 2014, as evidenced by the attached

19  tracking information, attached as Plaintiff's **Exhibit G**.

20  132. Plaintiff's RFI #6 included a request for Bayview to provide a copy of the life of loan history for

21  Plaintiff's account including all payments made on the account, all fees incurred (i.e., late fees

22  and charges, property inspection fees, broker price opinion fees, legal/attorney fees, escrow fees,

23  processing fees, technology fees, and any other collateral charge),what has been paid out of the

24  escrow account, and how all payments were applied. To the extent this life of loan transactional

25  history includes numeric or alpha-numeric codes, please attach a complete list of all such codes

26  and short description for each such code. Defendant has not provided Plaintiff with any timely

27  written acknowledgement of said letters containing RFI #6, nor has Defendant Bayview provided

28  complete and accurate responses to Plaintiffs' RFI #6, and Bayview has not explained why it does

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    not have to provide the requested information as provided for by 12 C.F.R. Section 1024.36(f)(1)

2    and (f)(2).

3    133. As a result of this lack of compliance by the Defendant, Defendant is liable to Plaintiff for actual

4    damages, statutory damages, costs and attorney's fees as previously referenced above in

5    paragraph 54.

6    134. Under 12 C.F.R. Section 1024.36(d), the Defendant had 30 business days to provide Plaintiff with

7    the information requested. The Regulations provide that in computing this time period public

8    holidays, Saturdays and Sundays are excluded. As a result, in this case, the written

9    acknowledgement was due no later than December 8, 2014, and the response was due no later

10   than January 14, 2015.

11   135. As of the filing of this complaint, the Defendant has failed to timely acknowledge and provide

12   accurate and complete information requested by Plaintiff in the letter containing RFI #6.

13   **Failure to Provide Accurate and Complete Loss Mitigation Options and the Status of Plaintiff's**

14   **Loss Mitigation Application upon Plaintiff's Written Request**

15   136. On or about November 25, 2014, Plaintiff sent a written request for information to Defendant

16   Bayview that included the name of the borrower, the identity of the account, the property

17   description and stated the information requested. This request was made pursuant to 12 C.F.R.

18   Section 1024.36, as described hereinabove in paragraph 34 and 30 by and through Plaintiff's

19   letter containing RFI #3 and #7. This request was made pursuant to 12 C.F.R. Section 1024.36.

20   137. The letter containing RFI #3 was mailed by certified mail, return receipt requested, having article

21   tracking number 7014 2120 0004 7819 6020. RFI #3 was mailed to the address noticed by

22   Bayview as referenced above in paragraph 27 and as provided for by 12 C.F.R. Section

23   1024.36(b).

24   138. The letter containing RFI #3 was received by Bayview on December 1, 2014, as evidence by the

25   attached tracking information attached as Plaintiff's **Exhibit D.**

26   139. Plaintiff's letter containing RFI #3 included a request for a determination from Bayview as to

27   whether Plaintiff's loss mitigation application was deemed complete, and if it was not considered

28   complete, Plaintiff's RFI #3 requested Bayview to provide Plaintiff with information to complete

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1  his loss mitigation application and the applicable date by which the necessary documents to

2  complete the loss mitigation application needed to be submitted.

3  140. Bayview failed to timely confirm or otherwise acknowledge receipt of Plaintiff's letter containing

4  RFI #3.

5  141. Under 12 C.F.R. Section 1024.36(c), Bayview was required to send Plaintiff a written

6  acknowledgement saying that Bayview received RFI #3 by December 8, 2014.

7  142. The letter containing RFI #7 was mailed by certified mail, return receipt requested, having article

8  number 7014 2120 0004 7819 6037.  RFI #7 was mailed to the address noticed by Bayview as

9  referenced above in paragraph 27 and as provided for by 12 C.F.R. Section 1024.36(b).

10  143. The letter containing RFI #7 was received by Bayview on December 1, 2014, as evidenced by the

11  attached tracking information, attached as Plaintiff's **Exhibit H.**

12  144. Plaintiff's letter containing RFI #7 included a request for any and all loss mitigation options

13  available to the borrower; the requirements for receiving an evaluation of any such loss mitigation

14  option; and the applicable timeline relating to the evaluation of the borrower for the loss

15  mitigation options and any potential foreclosure process.

16  145. Defendant failed to confirm or otherwise acknowledge receipt of Plaintiff's letter containing RFI

17  #7.

18  146. Under 12 C.F.R. Section 1024.36(c), the Defendant was required to send Plaintiff a written

19  acknowledgement saying that the Defendant received RFI #7 from Plaintiff by December 8, 2014.

20  147. Under 12 C.F.R. 1024.36(c) the written acknowledgement had to be provided to Plaintiff within

21  five (5) business days of the date of the receipt of RFI #7.  The Regulations provide that in

22  computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in

23  this case, the written acknowledgement was due no later than December 8, 2014.

24  148. Under 12 C.F.R. Section 1024.36(d), Bayview had 30 business days to provide Plaintiff with the

25  information requested in both RFIs #3 and #7.  The Regulations provide that in computing this

26  time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the

27  written acknowledgement was due no later than December 8, 2015, and the response was due no

28  later than January 14, 2015.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

29

149. Furthermore, and in addition failing to acknowledge receipt of Plaintiff's RFIs #3, #7, Bayview has not provided Plaintiff with any timely written response explaining why it does not have to provide the requested information as provided for by 12 C.F.R. 1024.36(f)(1) and (f)(2).

150. As a result of this lack of compliance by Bayview, Bayview is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees as previously referenced above in paragraph 54.

**Failure to Provide Proof of Prompt Crediting upon Plaintiff's Written Request**

151. On or about November 25, 2014, Plaintiff sent a written request for information, a letter containing RFI #1, to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 C.F.R. Section 1024.36.

152. The letter containing RFI #1 was mailed by certified mail, return receipt requested, having article number 7014 2120 0004 7819 6082. RFI #1 was mailed to the address noticed by the Defendant as referenced above in paragraph 27 and as provided for by 12 C.F.R. Section 1024.36(b).

153. The letter containing RFI #1 was received by Bayview on December 1, 2014, as evidenced by the attached tracking information, attached as Plaintiff's **Exhibit B**.

154. Plaintiff's RFI #1 included a request for proof of prompt crediting regarding Plaintiff's Loan.

155. Defendant Bayview failed to confirm or otherwise acknowledge receipt of the Plaintiff's RFI #1.

156. Under 12 C.F.R. Section 1024.36(c), Bayview was required to send Plaintiff a written acknowledgement saying that the Defendant received RFI #1 from Plaintiff's counsel of record by December 8, 2014.

157. Under 12 C.F.R. 1024.36(c) the written acknowledgement had to be provided to Plaintiff within five (5) business days of the date of the receipt of RFI #1. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written acknowledgement was due no later than December 8, 2014.

158. Furthermore, and in addition failing to timely acknowledge receipt of Plaintiff's RFI #1, Bayview has not provided Plaintiff with any written response explaining why it does not have to provide the requested information as provided for by 12 CFR 1024.36(f)(1) and (f)(2).

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

159. As a result of this lack of compliance by Bayview, Bayview is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees as previously referenced above in paragraph 54.

160. Under 12 C.F.R. Section 1024.36(d), Bayview had 30 business days to provide Plaintiff with the information requested. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result in this case, the complete and accurate proof of prompt crediting was due no later than January 14, 2015.

161. As of the filing of this complaint, the Defendant has failed to timely and completely provide any of the requested information to Plaintiff.

**Failure to Provide an Accurate Payoff Statement and Itemized Payoff Statement within 7 business days of Receiving Plaintiff's Letters Containing RFIs #2 and #8.**

162. On or about November 25, 2014, Plaintiff sent a written request for information, in two separate letters containing RFIs #2 and #8 to Bayview that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 C.F.R Section 1024.36.

163. The letter containing RFI #2 was mailed by certified mail, return receipt requested, having article number 7014 2120 0004 7819 6075. The letter containing RFI #2 was mailed to the address noticed by the Defendant as referenced above in paragraph 27 and as provided for by 12 C.F.R. Section 1024.36(b).

164. The letter containing RFI #8 was mailed by certified mail, return receipt requested, having the article number 7014 2120 0004 7819 6044. The letter containing RFI #8 was mailed to the address noticed by Bayview as referenced above in paragraph 27 and as provided for by 12 C.F.R. Section 1024.36(b).

165. The letter containing RFI #2 was received by Bayview on December 1, 2014, as evidenced by the attached tracking information, attached as **Exhibit C**.

166. The letter containing RFI #8 was received by Bayview on December 1, 2014, as evidenced by the attached tracking information, attached as **Exhibit I**.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

167. Plaintiff's RFI #2 included a request for an accurate payoff statement as required by 12 C.F.R. Section 1026.36(c)(3) of Regulation Z.

168. Plaintiff's RFI #8 included a request for an accurate itemized payoff statement as required by 12 C.F.R. Section 1026.36(c)(3).

169. Defendant Bayview was required to send the accurate payoff statement and itemized payoff statement within 7 business days of receiving Plaintiff's request pursuant to 12 C.F.R. Section 1026.36(c) of Regulation Z. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, Bayview was required to send the accurate payoff statement and the accurate itemized payoff statement by December 10, 2014.

170. Plaintiff's counsel of record's office never received the accurate itemized payoff statement or payoff statement by December 10, 2014. However, Plaintiff's counsel of record's office received an inaccurate payoff statement on January 2, 2015 which was dated December 29, 2015. A subsequent Notice of Error was sent to Bayview, requesting Bayview to correct the errors asserted.

171. As a result of this lack of compliance by the Defendant, Defendant is liable to Plaintiffs for actual damages, statutory damages, costs and attorneys fees as previously referenced above in paragraph 54 and 56.

172. As of the date of filing of this complaint, Bayview has failed to provide the accurate payoff statement and itemized payoff statement to Plaintiff.

**Failure to Provide Periodic Billing Statements to Plaintiff's Counsel of Record's Office upon Borrower's Written Request**

173. On or about November 25, 2014, Plaintiff sent a written request for information in a letter containing RFI #10 to Bayview that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 C.F.R Section 1024.36.

174. The letter containing RFI #10 was mailed by certified mail, return receipt requested, having article number 7014 2120 0004 7819 6068. The letter containing RFI #10 was mailed to the

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1   address noticed by the Defendant as referenced above in paragraph 27 and as provided for by 12

2   C.F.R. Section 1024.36(b).

3   175. The letter containing RFI #10 was received by Bayview on December 1, 2014, as evidenced by

4   the attached tracking information, attached as **Exhibit K.**

5   176. Plaintiff's RFI #10 included a request for periodic billing statements in accordance with 12

6   C.F.R. Section 1026.41, including the amount due, an explanation of the amount due, a

7   breakdown of all past payments, the transaction activity, information regarding any partial

8   payments, contact information, account information, and delinquency information.

9   177. Bayview was required to provide the periodic billing statement "within a reasonably prompt time

10   after the payment due date or the end of any courtesy period provided for the previous billing

11   cycle." 12 C.F.R. Section 1026.41(b).

12   178. Plaintiff's counsel of record's office did not receive Plaintiff's periodic billing statement in

13   response to Plaintiff's RFI #10.

14   179. As a result of this lack of compliance by the Defendant, Defendant is liable to Plaintiffs for

15   actual damages, statutory damages, costs and attorneys fees as previously referenced above in

16   paragraph 54 and 56.

17   180. As of the date of filing of this complaint, Bayview has failed to provide an accurate periodic

18   billing statement in accordance with 12 C.F.R. Section 1026.41 of Regulation Z.

19   **Failure to Provide the Accurate Reinstatement Statement Upon Plaintiff's Written Request**

20   181. On or about November 25, 2014, Plaintiff sent a written request for information in a letter

21   containing RFI #9 to Bayview that included the name of the borrower, the identity of the account,

22   the property description and stated the information requested. This request was made pursuant to

23   12 C.F.R Section 1024.36.

24   182. The letter containing RFI #9 was mailed by certified mail, return receipt requested, having article

25   number 7014 2120 0004 7819 6051. The letter containing RFI #9 was mailed to the address

26   noticed by the Defendant as referenced above in paragraph 27 and as provided for by 12 C.F.R.

27   Section 1024.36(b).

28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

183. The letter containing RFI #9 was received by Bayview on December 1, 2014, as evidenced by the attached tracking information, attached as **Exhibit J.**

184. Plaintiff's RFI #8 contained a request for a reinstatement statement within seven business days as required by 12 C.F.R. 102?.

**Failure to Correct Errors Asserted in Plaintiff's Notices of Error #1-10 Pursuant to 12 C.F.R. Section 1024.35 *et seq.***

185. On or about January 29, 2015, after Bayview failed to provide Plaintiff and Plaintiff's counsel of record's office with the information requested in Plaintiff's RFIs #1-10, Plaintiff, by and through his counsel of record, sent ten separate and distinct Notices of Error (NOE), as previously pled in paragraphs 40 through 50, relating to Bayview's failure to provide the requested information contained in Plaintiff's RFI letters #1-10. Each of the letters containing NOEs #1-10 addressed Bayview's failure to provide timely and accurate responses to Plaintiff's RFIs #1-10.

186. Defendant received Plaintiff's NOEs #1-10 on February 2, 2015, as evidenced by the Exhibits D through F. Thus, pursuant to 12 C.F.R. Section 1024.35(

187. Bayview failed to timely acknowledge each, every and all NOE #s 1-10 as herein alleged above in paragraphs 40 through 50, in violation of 12 C.F.R. Section 1024.35(d). Bayview should have sent written acknowledgment of Plaintiff's NOEs no later than February 9, 2015. However, Bayview failed to provide timely written acknowledgment of Plaintiff's NOEs #1-10 by February 9, 2015 as required by 12 C.F.R. 1024.35(d).

188. Plaintiff is informed and believes, and upon such information and belief alleges that, Bayview failed to conduct a reasonable investigation into the errors alleged in Plaintiff's NOEs #1-10, and failed to adequately correct and notify Plaintiff of said corrections. In addition, Plaintiff alleges that Defendant, did not conduct a reasonable investigation, and instead attempted to cover-up the errors asserted in Plaintiff's NOEs #1-10, by sending Plaintiff's counsel's office a response dated February 20, 2015, received by Plaintiff's counsel's office on February 26, 2015, falsely claiming that Bayview sent Plaintiff's counsel of record's office timely responses to Plaintiff's November 25, 2014, RFIs and provided false letters to that effect.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

189. Bayview's correspondence dated February 20, 2015, purports that Bayview sent an acknowledgment letter on December 6, 2014; however, Plaintiff nor Plaintiff's counsel of record's office received any such acknowledgment letter dated December 6, 2015, until February 26, 2015, the date Plaintiff's counsel of record's office received Bayview's February 20, 2015, correspondence. Furthermore, Bayview's February 20, 2015, correspondence purports to have sent a response to Plaintiff's RFIs #1-10 on December 17, 2014, and provided a letter to that effect. However, Plaintiff is informed and believes, and upon such information and belief, alleges Bayview, desiring to appear compliant with the response deadlines contained in 12 C.F.R. Section 1024.36, despite never having sent any such response to Plaintiff or Plaintiff's counsel of record's office, pre-dated the December 17, 2014, response letter, pre-dated the December 6, 2014, acknowledgement letter and then attached it to Bayview's correspondence dated February 20, 2015, in response to Plaintiff's NOEs #1-10.

190. Two separate transaction histories contained in Bayview's correspondence dated February 20, 2015, support Plaintiff's contention that Bayview pre-dated its correspondence dated December 6, 2014, and December 17, 2014. Bayview alleged in the December 17, 2014, correspondence, without providing documentation in the transaction history that said document was printed or retrieved on or before December 17, 2014.

191. Because the transaction history Bayview claimed to have provided to Plaintiff in its correspondence dated December 17, 2014, was never received by Plaintiff or Plaintiff's counsel of record's office, Bayview failed to correct its errors, and did not conduct a reasonable investigation as required by 12 C.F.R. Section 1024.35(e), to determine that no such error occurred in response to Plaintiff's NOEs #1-10. Furthermore, Bayview's failure to investigate or correct the errors asserted by NOEs #1-10, is evidenced by the fact that the transaction history allegedly mailed by Bayview on December 17, 2014, does not contain any dates indicating when the transaction history was allegedly printed, retrieved or sent to Plaintiff or Plaintiff's counsel of record's office.

192. Plaintiff asserts that had Bayview printed and mailed the transaction history on December 17, 2014, Bayview's transaction history print out would have included the date on which the

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    transaction history was printed, mailed or retrieved because Bayview's updated transaction

2    history provided in Bayview's February 20, 2015, correspondence, indicated the date of printing

3    or retrieval by Bayview in the upper right hand corner of the transaction history with a date of

4    "2/20/15". Bayview's correspondence allegedly mailed on December 17, 2014, contains no such

5    date in the upper right hand corner of the print-out, evidencing said document was actually

6    retrieved or printed on or before December 17, 2014. Thus, Plaintiff asserts Bayview pre-dated

7    both the December 6, 2014, written acknowledgment and the December 17, 2014, response

8    correspondence when Bayview received Plaintiff's NOEs #1-10, in an attempt to appear

9    compliant with 12 C.F.R. Section 1024.36, *et seq.*

10   193. Plaintiff is informed and believes, and upon such information and belief further alleges that

11   neither Bayview's correspondence dated February 20, 2015, or Bayview's correspondence dated

12   December 17, 2014, provides accurate or complete information in response to Plaintiff's RFIs #1-

13   10 or Plaintiff's NOEs #1-10. Accordingly, Bayview failed to correct its errors and failed to

14   provide Plaintiff with accurate information relating to the servicing of his loan account.

15   **Failure to Review Plaintiff for all Loss Mitigation Options Available to Plaintiff pursuant to**

16   **12 C.F.R. Section 1024.41(c)**

17   194. Plaintiff is informed and believes, and upon such information and belief alleges that Bayview did

18   not review Plaintiff for all loss mitigation options available to Plaintiff because Bayview used an

19   incorrect property value for the Subject Property in Bayview's January 13, 2015, denial letter,

20   which Plaintiff timely appealed and provided documentation indicating the correct property value

21   for the Subject Property.

22   195. On or about December 30, 2014, Plaintiff, by and through his counsel of record, submitted a

23   complete loss mitigation application, which was subsequently denied for a "HAMP Modification

24   loan modification" because the Net Present Value ("NPV") input's could not reduce Plaintiff's

25   principal and interest payment by at least 10% as stated by Bayview in its January 13, 2015,

26   denial letter. Bayview's January 13, 2015, denial letter stated Bayview used the NPV input

27   values and determined Plaintiff's principal and interest payment could not be reduced by at least

28   10%. The NPV input values used by Bayview included an inaccurate property value of the

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    Subject Property of $859,900.00. Bayview inaccurately indicated an exterior broker's price

2    opinion determined the property value of $859,900.00 and said property value was collected by

3    Bayview on January 8, 2015. However, the transaction history provided to Plaintiff's counsel of

4    record's office on February 20, 2015, does not reflect any charges to Plaintiff's loan account on

5    January 8, 2015, nor does the transaction history reflect any charges to Plaintiff's loan account on

6    or before January 8, 2015, for an exterior broker's price opinion. Thus, Bayview's assertion that

7    the NPV input for the Subject Property's value of $859,900.00 in its January 13, 2015, denial

8    letter had no basis for determining the Subject Property's value was $859,900.00.

9  196. Plaintiff asserts the actual property value of the Subject Property was actually $799,900.00,

10    approximately $60,000.00 less than the NPV input value contained in Bayview's January 13,

11    2015, denial letter.

12  197. Plaintiff's timely appeal dated February 11, 2015, of Bayview's January 13, 2015, denial letter,

13    included supporting documentation for Plaintiff's assertion that Bayview used the incorrect value

14    of the Subject Property by including a Grant Deed for 2546-2548 Seahorse Avenue, Ventura,

15    California 93001, a larger property down the street from the Subject Property, dated November 3,

16    2014, indicating that the sale price was $800,000.00. Plaintiff asserted that the value of the

17    Subject Property could not be greater than $800,000.000 because a larger property sold for that

18    amount.

19  198. Furthermore, in support of Plaintiff's assertion that Bayview used an inaccurate property value in

20    its January 13, 2015, denial letter, Bayview provided Plaintiff's counsel of record's office with

21    correspondence dated May 28, 2015, received on June 4, 2015, contained an exterior broker's

22    price opinion, conducted on February 2, 2015, by Michael Sipes (Broker's License Number

23    01220383) and prepared by John Holladay (Preparer's License Number 01397810). The February

24    2, 2015, exterior broker's price opinion contained the sale price of 2546-2548 Seahorse Avenue,

25    Ventura, California 93001 and two other properties. The sale price of 2546-2548 Seahorse

26    Avenue, Ventura, California 93001, was $800,000.00 on November 26, 2014, and the "as-is"

27    price determined by the opinion for the Subject Property was $779,000.00. The February 2, 2015,

28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    exterior broker's price opinion found that the Subject Property's value was **$80,900.00 less** than

2    Bayview's NPV data input contained in its January 13, 2015, denial letter.

3    199. Because Bayview used a property value $80,900.00 more than the actual value of the Subject

4    Property in its January 13, 2015, denial letter, Plaintiff was not reviewed for any and all loss

5    mitigation options available to him. If Bayview used the correct property value of $779,000.00,

6    Plaintiff's principal and interest payments would have been reduced by an amount greater than

7    10%. In response to Plaintiff's February 11, 2015, appeal, Bayview provided a response dated

8    March 25, 2015, received March 27, 2015, reiterating the language contained in Bayview's

9    January 13, 2015, denial letter, without providing reference to any of the issues raised in

10   Plaintiff's appeal and attached the same copies of the NPV data inputs from the January 13, 2015,

11   denial letters. Accordingly, Bayview failed to properly evaluate Plaintiff for any and all loss

12   mitigation options and has not corrected the property value input in the NPV chart, despite having

13   evidence in its possession and created at Bayview's direction, to the contrary.

14   200. As a result of this lack of compliance by Bayview, Bayview is liable to Plaintiff for actual

15   damages, statutory damages, costs and attorneys fees as previously referenced above in paragraph

16   54 and 56

17                                    **Conclusion**

18   201. Defendant Bayview's failure to acknowledge the requests for information and notices of error,

19   provide the requested information and correct the errors asserted, as alleged in paragraphs 63

20   through 136 above, has harmed Plaintiff in that Plaintiff has been unable to be evaluated for all

21   potential loss mitigation options available in an attempt to save his home from foreclosure and all

22   other damages as previously referenced above in paragraph 54 and 56.

23   202. Had Defendant Bayview provided complete and accurate information as requested, and corrected

24   the errors asserted in Plaintiff's NOEs #1-10, Plaintiff would have been able to properly evaluate

25   his options to avoid foreclosure and would have qualified for a loan modification.

26   203. Plaintiff seeks damages in an amount to be determined at trial.

27   ///

28   ///

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

1

## XII.

2

## SIXTH CAUSE OF ACTION

3

## DEMAND FOR ACCOUNTING

4

## (AS TO ALL DEFENDANTS)

5 | 204. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth

6 | in this cause of action.

7 | 205. Defendants hold themselves out to be Plaintiff's creditor and mortgage servicer. As a result of

8 | this purported relationship with Plaintiff, said Defendants have a duty to Plaintiff to properly

9 | account for payments made by Plaintiff.

10 | 206. The Deed of Trust allows Defendants to pay for default-related services when necessary or

11 | appropriate and to be reimbursed by the borrowers. However, it does not authorize Defendants to

12 | mark-up the actual cost of those services to make a profit.

13 | 207. Plaintiff alleges Defendants improperly marked-up prices charged by vendors and then, without

14 | disclosing the mark-up, assess Plaintiff's account for the marked-up amounts with the intention of

15 | generating a profit on the non-performing loan.

16 | 208. Defendants fraudulently concealed these unauthorized fees on borrowers' accounts, omitting any

17 | information about Defendants' additional profits, by identifying them on mortgage statements

18 | only as "Other Charges," "Other Fees," "Miscellaneous Fees" or "Corporate Advances."

19 | 209. Plaintiff reasonably believes the alleged arrearages include improper and excess amounts imposed

20 | by Defendants without Plaintiff's knowledge or consent and are not allowed by law.

21 | 210. Defendants seek to enforce the alleged arrearages against Plaintiff. Therefore, Defendants must

22 | account for the unauthorized amounts owed back to Plaintiff and provide Plaintiff a credit for

23 | amounts already paid and owed to Plaintiff or an adjustment of the total default balance.

24 | 211. The actual arrearages on Plaintiff's Loan and the actual amount of money due Plaintiff is

25 | unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and

26 | disbursements of the aforementioned transactions.

27 | ///

28 | ///

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:**

1. For reasonable attorney's fees and costs of suit, as allowed by law, and all other relief granted under California Civil Code § 2924.12;

2. For injunctive relief as set forth herein pursuant to California Civil Code § 2924.12, California Business & Professions Code § 17200, et seq., California Civil Code § 3396, and California Code of Civil Procedure § 526, et seq.

3. For actual damages, costs, and reasonable attorney's fees pursuant to 12 U.S.C. § 2605(f) and California Civil Code §§ 1788.17 and 1788.30;

4. Statutory damages of no less than $2,000.00, under RESPA, pursuant to 12 U.S.C. § 2605(f) and $4,000.00 under TILA for violation pursuant to 15 U.S.C. § 1640(a) for Defendant's "pattern and practice" of noncompliance with the requirements of Regulation X and Regulation Z; and any additional damages as the court may allow;

5. Appointment of a referee to enforce this Court's orders re Injunctive Relief;

6. For damages sustained by Plaintiff because of Defendants' wrongful acts in excess of the jurisdictional limits in an amount to be proven at trial;

7. Pursuant to Bus. & Prof. Code §17200, et seq., that all Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert with them, be permanently enjoined from making any false or misleading statements or falsely reporting negative credit to reporting agencies, and from selling the foreclosed property on an unlawfully procured debt;

8. Pursuant to Bus. & Prof. Code §17200, et seq., the Court makes such orders or judgments necessary to prevent the use or employment by any Defendant of any act violating §17200, et seq.; and restore to any person in interest, any money or property, real or personal, which may have been acquired by means of any such act;

9. For disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

10. For interest on the sum at the rate of 10% per annum;

11. For punitive damages against Defendants due to their intentional, reckless or willful wrongful acts;

12. For such other and further relief as this Court deems just and proper.

Dated: June 23, 2015

**LAW OFFICES OF JOSEPH R. MANNING, JR. A PROFESSIONAL CORPORATION**

By:_____
Joseph R. Manning Jr., Esq.
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT A**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Branch :WRC,User :3017                          Comment:                          Station Id :UQQD

## REQUESTED BY
## TITLE COURT

(REF. 3013-031)

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

When recorded mail to:
First American Title Insurance
Lenders Advantage
1100 Superior Avenue, Suite 200
Cleveland, Ohio 44114
Attn: NRP Team

When recorded mail to:





20070226-00038148-0  1/28
Ventura County Clerk and Recorder
Philip J. Schelt
02/26/2007 08:00:00 AM
57670 $99.00 PA

(THIS SPACE FOR RECORDER'S USE ONLY)

# Deed of Trust

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION (GOVT CODE 27361.6)
(additional recording fee applies)

Branch :WRC,User :3017                    Comment:                              Station Id :UQQD

Recording Requested By:
K. CARLE

After Recording Return To:
When recorded mail to:
First American Title Insurance
Lenders Advantage
1100 Superior Avenue, Suite 200
Cleveland, Ohio 44114
Attn: NSS-MT-Team

Prepared By:
GLORIA OWLER

——————————————  [Space Above This Line For Recording Data]  ——————————————

156338375                          00015633837501007
[Escrow/Closing #]                      [Doc ID #]

# DEED OF TRUST

MIN 1001337-0001953240-0

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

(A) "Security Instrument" means this document, which is dated JANUARY 26, 2007    , together
with all Riders to this document.
(B) "Borrower" is
JOSEPH E NORRIS III, AN UNMARRIED MAN

CALIFORNIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 16

-6A(CA) (0207)    CHL (08/05)(d)    VMP Mortgage Solutions, Inc. (800)521-7291            Form 3005 1/01
CONV/VA





Branch :WRC,User :3017                    Comment:                                    Station Id :UQQD

DOC ID #: 00015633837501007

Borrower's address is
2516 SEAHORSE AVE, VENTURA, CA 93001-3922
Borrower is the trustor under this Security Instrument.
**(C) "Lender" is**
Countrywide Bank, N.A.
Lender is a NATL. ASSN.
organized and existing under the laws of THE UNITED STATES
Lender's address is
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
**(D) "Trustee" is**
RECONTRUST COMPANY, N.A.
225 W HILLCREST DRIVE, MSN: TO-02, THOUSAND OAKS, CA 91360
**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F) "Note"** means the promissory note signed by Borrower and dated   JANUARY 26, 2007    . The Note states that Borrower owes Lender
SIX HUNDRED FOUR THOUSAND and 00/100

Dollars (U.S. $ 604,000.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   FEBRUARY 01, 2037   .
**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [X] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(M) "Escrow Items"** means those items that are described in Section 3.
**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)

-6A(CA) (0207)        CHL (08/05)              Page 2 of 16                          Form 3005 1/01

DOC ID #: 00015633837501007

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY                         of                         VENTURA                         :
          [Type of Recording Jurisdiction]                              [Name of Recording Jurisdiction]
LOT 502 OF TRACT NO. 1601-4 IN THE CITY OF VENTURA, COUNTRY OF VENTURA, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 42, PAGES 52 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Parcel ID Number:                                              which currently has the address of
                    2516 SEAHORSE AVE, VENTURA                                    ,
                              [Street/City]
California 93001-3922 ("Property Address"):
          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

-6A(CA) (0207)          CHL (08/05)              Page 3 of 16                    Form 3005 1/01

Branch :WRC,User :3017                    Comment:                    Station Id :UQQD

DOC ID #: 00015633837501007

but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

-6A(CA) (0207)    CHL (08/05)    Page 4 of 16    Form 3005 1/01

Branch :WRC,User :3017                    Comment:                    Station Id :UQQD

DOC ID #: 00015633837501007

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

-6A(CA) (0207)          CHL (08/05)          Page 5 of 16          Form 3005 1/01

DOC ID #: 0001563383750100?

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of

-6A(CA) (0207)          CHL (08/05)          Page 6 of 16                    Form 3005  1/01

Branch :WRC,User :3017                          Comment:                                    Station Id :UQQD

DOC ID #: 00015633837501007

paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

-SA(CA) (0207)          CHL (08/05)          Page 7 of 16          Form 3005 1/01

DOC ID #: 00015633837501007

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower

-6A(CA) (0207)          CHL (08/05)              Page 8 of 16                        Form 3005 1/01

Branch :WRC,User :3017                    Comment:                    Station Id :UQQD

DOC ID #: 00015633837501007

shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security

-6A(CA) (0207)        CHL (08/05)        Page 9 of 16        Form 3005 1/01

Branch :WRC,User :3017                    Comment:                    Station Id :UQQD

DOC ID #: 00015633837501007

Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

-6A(CA) (0207)          CHL (08/05)          Page 10 of 18          Form 3005 1/01

Branch :WRC,User :3017                          Comment:                          Station Id :UQQD

DOC ID #: 00015633837501007

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

-6A(CA) (0207)          CHL (08/05)          Page 11 of 16                    Form 3005  1/01

Branch :WRC,User :3017                         Comment:                                    Station Id :UQQD

DOC ID #: 00015633837501007

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in

-6A(CA) (0207)        CHL (08/05)            Page 12 of 16                        Form 3005 1/01

DOC ID #: 00015633837501007

compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

-6A(CA) (0207)        CHL (08/05)            Page 13 of 16                         Form 3005  1/01

Branch :WRC,User :3017       Comment:       Station Id :UQQD

DOC ID #: 00015633837501007

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

-6A(CA) (0207)    CHL (08/05)      Page 14 of 16       Form 3005 1/01

Branch :WRC,User :3017                        Comment:                                      Station Id :UQQD

DOC ID #: 0001563383750I007

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
JOSEPH E. NORRIS III                                        -Borrower

_____ (Seal)
                                                            -Borrower

_____ (Seal)
                                                            -Borrower

_____ (Seal)
                                                            -Borrower

-6A(CA) (0207)        CHL (08/05)        Page 16 of 16                    Form 3005 1/01

DOC ID #: 00015633837501007

State of California
County of Ventora } ss.

On JANUARY 27, 2007 before me, Simone E Lewis
Notary public _____ personally appeared

Joseph E Norris III

_____ personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



SIMONE E. LEWIS
COMM. #1533245
Notary Public · California
Ventura County
My Comm. Expires Dec. 19, 2008

_____ (Seal)

-6A(CA) (0207)        CHL (08/05)              Page 16 of 16                    Form 3005  1/01

Form No. 3301 (6/00)
Short Form Commitment, EAGLE
SUPER EAGLE

ORDER NO: 4581425
FILE NO: 4581425
LENDER REF: 156338375

### Exhibit "A"

The land referred to in this policy is situated in the **STATE OF CALIFORNIA, COUNTY OF VENTURA, CITY OF VENTURA**, and described as follows:

LOT 502 OF TRACT NO. 1601-4 IN THE CITY OF VENTURA, COUNTY OF VENTURA, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 42, PAGES 52 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN:080-0-252-085

11505618  NORRIS III          CA
FIRST AMERICAN LENDERS ADVANTAGE
DEED OF TRUST

# 1-4 FAMILY RIDER
### (Assignment of Rents)

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
GLORIA OWLER

156338375                    00015633837501007
[Escrow/Closing #]            [Doc ID #]

MULTISTATE 1 - 4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 1 of 5
-57R (0411)      CHL (11/04)(d)                                    Initials 
                 VMP Mortgage Solutions, Inc. (800)521-7291        Form 3170 1/01

* 2 3 9 9 1 *                        * 1 5 6 3 3 8 3 7 5 0 0 0 0 0 1 0 6 7 R *

DOC ID #: 00015633837501007

THIS 1-4 FAMILY RIDER is made this TWENTY-SIXTH day of JANUARY, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
Countrywide Bank, N.A.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

2516 SEAHORSE AVE, VENTURA, CA 93001-3922

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

-57R (0411)          CHL (11/04)          Page 2 of 5

Initials:

Form 3170 1/01

Branch :WRC,User :3017        Comment:        Station Id :UQQD

DOC ID #: 00015633837501007

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

-57R (0411)    CHL (11/04)    Page 3 of 5        Initials: _____  Form 3170 1/01

DOC ID #: 00015633837501007

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

-57R (0411)    CHL (11/04)      Page 4 of 5            Initials:_____ Form 3170 1/01

DOC ID #: 00015633837501007

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_____ (Seal)
JOSEPH E. NORRIS III                  - Borrower

_____ (Seal)
                                     - Borrower

_____ (Seal)
                                     - Borrower

_____ (Seal)
                                     - Borrower

-57R (0411)    CHL (11/04)          Page 5 of 5                    Form 3170 1/01

Branch :WRC,User :3017                    Comment:                                    Station Id :UQQD

LOAN #: 156338375

# FIXED/ADJUSTABLE RATE RIDER

(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this TWENTY-SIXTH    day of JANUARY, 2007    , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to Countrywide Bank, N.A.

("Lender") of the same date and covering the property described in the Security Instrument and located at:

2516 SEAHORSE AVE
VENTURA, CA 93001-3922
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.   ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial fixed interest rate of        6.250 %. The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

**4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of FEBRUARY, 2014    , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)(d)                    Page 1 of 5





Branch :WRC,User :3017                     Comment:                              Station Id :UQQD

LOAN #: 156338375

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO & ONE-QUART  percentage points (     2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than     11.250 % or less than     2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than     11.250 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 2 of 5

LOAN #: 156338375

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B.1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

● FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    Page 3 of 5

Branch :WRC,User :3017                    Comment:                                    Station Id :UQQD

LOAN #: 156338375

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                  Page 4 of 5

LOAN #: 156338375

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____(Seal)
JOSEPH E. NORRIS III                                            -Borrower

_____(Seal)
                                                                -Borrower

_____(Seal)
                                                                -Borrower

_____(Seal)
                                                                -Borrower

• FIXED/ARM Rider
Interest First/Only LIBOR One-Year Index
1E460-US (10/05)                    **Page 5 of 5**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT B**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Branch :WRC,User :3017        Comment:        Station Id :UQQD

Recording Requested by: DPS

**LANDSAFE TITLE**

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: Dolores Romo-Carabajal
TS No. 09-0125061
Title Order No. 09-8-368302

20090901-00146551-0 1/3
Ventura County Clerk and Recorder
James B. Becker, Assistant
09/01/2009 08:00:00 AM
346101 $18.00 AM

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is **$14,458.48**, as of 08/31/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

[Page 1 of 2 ]        *Form nod (09/01)*

TS No. 09-0125061

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR
THE BENEFIT OF ALTERNATIVE LOAN TRUST 2007-HY3 MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-HY3
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 01/26/2007, executed by JOSEPH E NORRIS III, AN UNMARRIED MAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 02/26/2007, as Instrument No. 20070226-00038148-0 (or Book , Page ) of Official Records in the Office of the County Recorder of Ventura County, California.
Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 604,000.00.
That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 05/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION,  THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 02/01/2037 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.
That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.
Dated: August 31, 2009
RECONTRUST COMPANY, N.A., as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney in Fact
By

**KATIE Mc CLELLAND**

[Page 2 of 2 ]

*Form nod (09/01)*

**Bank of America** 🔷
Home Loans

Notice Date: August 14, 2009
TS#09-0125061

Property Address:
2516 Seahorse Ave
Ventura, CA 93001

Joseph E Norris,III
2516 Seahorse Ave
Ventura, CA 93001

## CALIFORNIA DECLARATION

I, _Susan Funderburk_ of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

☑ BAC Home Loans Servicing, LP has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

☐ BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐ BAC Home Loans Servicing, LP verified that the borrower has surrendered the property.

☐ BAC Home Loans Servicing, LP has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ BAC Home Loans Servicing, LP has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because
_____

_8/18/09_  _Ft Worth, Tx_
Date and Place

_Susan Funderburk_                          _Collector II_
Name of Signor                              Title and/or Position

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.
CALDECLH 86529524 8/29/2008

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT C**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Recording Requested by: DPS

**STEWART TITLE**

[RECORDING REQUESTED BY]
**Law Offices of Les Zieve**

[WHEN RECORDED MAIL TO:]
**Law Offices of Les Zieve**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**

20150508-00069814-0 1/2
Ventura County Clerk and Recorder
MARK A. LUNN
05/08/2015 08:00:14 AM
938182 $27.00 CE

09-8-368302

T.S. No. 13-23207                    APN: 080-0-252-085

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 1/26/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**
A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **JOSEPH E. NORRIS III, AN UNMARRIED MAN**
Duly Appointed Trustee: Law Offices Of Les Zieve  Deed of Trust recorded 2/26/2007 as Instrument No. 20070226-00038148-0 in book , page   of Official Records in the office of the Recorder of Ventura County, California,
Date of Sale:**6/1/2015** at 11:00 AM
Place of Sale:      At the main front entrance to the County Government Center Hall of Justice 800 South Victoria Avenue Ventura, CA
Estimated amount of unpaid balance and other charges: **$873,442.45**

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of     **2516 SEAHORSE AVE**
real property:                                         **VENTURA, CA 93001-0000**
Described as follows:
 LOT 502 OF TRACT NO. 1601-4 IN THE CITY OF VENTURA, COUNTRY OF VENTURA, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 42, PAGES 52 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**A.P.N #.: 080-0-252-085**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 848-9272 or visit this Internet Web site www.elitepostandpub.com, using the file number assigned to this case 13-23207. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Dated: **5/6/2015**                **Law Offices of Les Zieve, as Trustee**
                                   **30 Corporate Park, Suite 450**
                                   **Irvine, CA 92606**
                                   **For Non-Automated Sale Information, call: (714) 848-7920**
                                   **For Sale Information: (714) 848-9272  www.elitepostandpub.com**

                                   **Christine O'Brien, Trustee Sale Officer**

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAINED WILL BE USED FOR THAT PURPOSE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT D**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| | | |
|---|---|---|
| Attorney:<br>Joseph R. Manning, Jr.<br>Info@ManningLawOffice.com | Office: 949.200.8755<br>Facsimile: 866.843.8308 | 4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660<br>www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6082*

> **Borrower name:** Joseph Norris
> **Loan Number:** 602184
> **Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

## REQUEST FOR INFORMATION UNDER 12 C.F.R. § 1026.36

Dear Sir or Madam:

The borrower requests the information described below relating to the servicing of the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Real Estate Settlement Procedures Act (Regulation X) and Truth in Lending Act (Regulation Z), Mortgage Servicing Rules. The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

Please provide proof that all payments to the borrower's loan account were promptly credited as of the date of receipt. To the extent that any payments were returned to the borrower or held in a suspense or unapplied funds account, please provide a statement identifying each such payment and the action taken with respect to the payment.

Pursuant to 12 C.F.R. § 1026.36, you must provide our office with proof of prompt payment crediting within seven business days of receiving this request. Please feel free to contact my office with any questions.

Sincerely yours,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enclosure

English          Customer Service          USPS Mobile                                                    Register / Sign In



# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70142120000478196082**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 28, 2014 , 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 7:00 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

---

## Track Another Package

**Tracking (or receipt) number**

[ Track It ]

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT E**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
|---|---|---|
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6075*

**Borrower name:** Joseph Norris
**Loan Number:** 602184
**Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

### REQUEST FOR PAYOFF BALANCE UNDER 12 C.F.R. § 1026.36

Dear Sir or Madam:

The borrower requests the payoff balance for the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Truth in Lending Act (Regulation Z). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

Pursuant to 12 C.F.R. § 1026.36, you must provide our office with the pay off balance within seven business days of receipt of this request. Please feel free to contact my office with any questions.

Sincerely yours,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enclosure

English·    Customer Service    USPS Mobile                                    Register / Sign In

## ▧USPS.COM®

# USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478196075**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

**Available Actions**

**Postal Product:**               **Features:**
                                  Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **December 1, 2014, 1:01 pm** | **Delivered** | **MIAMI, FL 33146** |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
| --- | --- | --- |
| December 1, 2014, 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014, 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014, 12:45 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014, 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014, 6:59 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

                                                    `Track It`

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT F**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:                          Office: 949.200.8755          4667 MacArthur Blvd., Suite 150
Joseph R. Manning, Jr.             Facsimile: 866.843.8308        Newport Beach, CA 92660
Info@ManningLawOffice.com                                         www.ManningLawOffice.com

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6099*

      **Borrower name:  Joseph Norris**
      **Loan Number:     602184**
      **Subject Property: 2514 Seahorse Avenue, Ventura, CA 93001**

## Re: Request for Information Pursuant to Section 1024.36 of Regulation X

Dear Sir or Madam:

Please consider this letter to **constitute a Request for Information related to the servicing of the above-referenced mortgage loan under 12 C.F.R. Section 1024.36 of Regulation X** of the Mortgage Servicing Act under RESPA, as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act, which became effective on January 10, 2014.

Pursuant to Section 1024.36(c) of Regulation X, you must acknowledge receipt of this Request within five (5) days (excluding legal public holidays, Saturdays and Sundays), and pursuant to Section 1024.36(d), you must respond no later than thirty (30) days after you receive this Request (excluding legal public holidays, Saturdays and Sundays).

The written authorization for the borrower, Jospeh Norris, to my law firm for this Request enclosed and incorporated herein by this reference.

As you are aware, in May 2014, Mr. Norris submitted a complete loan modification application to your office.  To date, Mr. Norris has not received a satisfactory response to the loss mitigation application or any correspondence from you regarding the application. For purposes of this request, the term "loan modification review" includes any activity that relates to your review of the mortgage loan for a modification.

Accordingly, please advise whether the loan modification application is "complete," which 12 C.F.R. 1024.41(b)(1) defines as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." If you consider the application complete, please state **the date** upon which the application was deemed "complete." 12 C.F.R. 1024.41(b)(2)(i)(B).

If you *do not* consider the application complete, please provide the following:

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

1. Any additional documents and information the borrowers must submit to make the loss mitigation application "complete," pursuant to 12 C.F.R. 1024.41(b)(2)(i)(B); and
2. The applicable date by which said documents must be submitted, pursuant to 12 C.F.R. 1024.41(b)(2)(ii).

Additionally, please be advised of your obligation to "exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." 12 C.F.R. 1024.41(b)(1).

We appreciate your anticipated cooperation in this matter.

Sincerely yours,
LAW OFFICES OF JOSEPH R. MANNING, JR., APC

Joseph R. Manning, Jr., Esq.

*Enclosure*



English     Customer Service     USPS Mobile    .                   Register / Sign In

# ⊠USPS.COM

## USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478196099**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

### Available Actions

**Postal Product:**      **Features:**
                       Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **December 1, 2014, 1:01 pm** | **Delivered** | **MIAMI, FL 33146** |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014, 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014, 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014, 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014, 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014, 7:01 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

Tracking (or receipt) number

|_____|    **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›** 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT G**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
|---|---|---|
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6006*

> **Borrower name:** Joseph Norris
> **Loan Number:** 602184
> **Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

## REQUEST FOR INFORMATION UNDER 12 C.F.R. § 1024.36

Dear Sir or Madam:

The borrower requests the information described below relating to the servicing of the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Real Estate Settlement Procedures Act (Regulation X). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

Please provide a copy of the following: (1) promissory note or other evidence of indebtedness; (2) deed of trust or mortgage; (3) any assignment of the mortgage or deed of trust to demonstrate the right to foreclose; and (3) payment history since the borrower was last less than 60 days past due. The borrower is entitled to the foregoing documents and information pursuant to California Civil Code Section 2923.55.

Pursuant to 12 C.F.R. § 1024.36, you must acknowledge receipt of this request within five business days and respond within 30 business days. Please feel free to contact my office with any questions.

Sincerely yours,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enclosure

English        Customer Service        USPS Mobile                                      Register / Sign In

# ☰USPS.COM

## USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70142120000478196006**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014 , 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 7:00 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

---

## Track Another Package

**Tracking (or receipt) number**

[                                    ]      **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT H**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
|---|---|---|
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6013*

**Borrower name:** Joseph Norris
**Loan Number:** 602184
**Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

### REQUEST FOR INFORMATION UNDER 12 C.F.R. §1024.36

Dear Sir or Madam:

    The borrower requests the information described below relating to the servicing of his mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Real Estate Settlement Procedures Act (Regulation X). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

    Please provide the identity of, and address or other relevant contact information for, the: (1) owner or assignee of the loan; (2) master servicer of the loan; and (3) current servicer of the loan.

    Pursuant to 12 C.F.R. § 1024.36(d), you must acknowledge receipt of this request within five business days and respond within ten business days. Please feel free to contact my office with any questions.

Sincerely yours,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enclosure

English          Customer Service          USPS Mobile                                          Register / Sign In

# ◤USPS.COM·

## USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478196013**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information                                Available Actions

**Postal Product:**                    **Features:**
                                       Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 25, 2014 , 9:40 pm | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 7:01 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

|                                                              | **Track It** |
|---|---|

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT I**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
|---|---|---|
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6020*

> **Borrower name:** Joseph Norris
> **Loan Number:** 602184
> **Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

## REQUEST FOR INFORMATION UNDER 12 C.F.R. § 1024.36:

Dear Sir or Madam:

The borrower requests the information described below relating to the servicing of the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Real Estate Settlement Procedures Act (Regulation X) and Truth in Lending Act (Regulation Z), Mortgage Servicing Rules. The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

Please provide a copy of the life of loan history for the borrower's account including all payments made on the account, all fees incurred (i.e., late fees and charges, property inspection fees, broker price opinion fees, legal/attorney fees, escrow fees, processing fees, technology fees, and any other collateral charge), what has been paid out of the escrow account, and how all payments were applied. To the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and a short description for each such code.

Pursuant to 12 C.F.R. § 1024.36(d), you must acknowledge receipt of this request within five business days and respond within 30 business days. Please feel free to contact my office with any questions.

Sincerely yours,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enclosure

# ⤳USPS.COM

## USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478196020**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014 , 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 7:43 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

|  |
|---|

**Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT J**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6037*

**Borrower name:** Joseph Norris
**Loan Number:** 602184
**Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

## REQUEST FOR INFORMATION PURSUANT TO 12 C.F.R. § 1024.36

Dear Sir or Madam:

The borrower requests the information described below relating to the servicing of the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Real Estate Settlement Procedures Act (Regulation X) and Truth in Lending Act (Regulation Z), Mortgage Servicing Rules. The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

The borrower requests loss mitigation assistance. Please provide an explanation of the loss mitigation options available to the borrower, the criteria for determining the borrower's eligibility for any such loss mitigation options, and the process for applying for any such loss mitigation options.

Pursuant to 12 C.F.R. § 1024.36, you must acknowledge receipt of this notice within five business days and respond within 30 business days. Please feel free to contact my office with any questions.

Sincerely yours,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enclosure

English        Customer Service        USPS Mobile                                                      Register / Sign In

# ⊠USPS.COM®

## USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70142120000478196037**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

**Postal Product:**      **Features:**
                       Certified Mail™

## Available Actions

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014 , 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 6:59 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

---

## Track Another Package

Tracking (or receipt) number

| | Track It |
|---|---|

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT K**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6044*

**Borrower name:** Joseph Norris
**Loan Number:** 602184
**Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

## REQUEST FOR PAYOFF STATEMENT UNDER 12 C.F.R. §1026.36

Dear Sir or Madam:

The borrower requests an itemized payoff statement for the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Truth in Lending Act (Regulation Z). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

Pursuant to 12 C.F.R. § 1026.36, you must provide our office with the itemized pay off statement within seven business days of receiving this request. Please feel free to contact my office with any questions.

Sincerely yours,
**LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enclosure

English      Customer Service      USPS Mobile                                        Register / Sign In



# USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70142120000478196044**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

**Available Actions**

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 25, 2014 , 9:40 pm | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 7:01 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

---

## Track Another Package

Tracking (or receipt) number

|  | **Track It** |
|---|---|

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT L**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
|---|---|---|
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6051*

**Borrower name:** Joseph Norris
**Loan Number:** 602184
**Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

### REQUEST FOR REINSTATEMENT STATEMENT UNDER 12 C.F.R. § 1026.36

Dear Sir or Madam:

The borrower requests a reinstatement statement for the mortgage loan. This request is made under the Consumer Financial Protection Board (CFPB), Truth in Lending Act (Regulation Z). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

Pursuant to 12 C.F.R. § 1026.36, you must provide our office with a reinstatement statement within seven business days of receiving this request. Please feel free to contact my office with any questions.

Sincerely yours,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enclosure

English          Customer Service          USPS Mobile                                              Register / Sign In

## ⊠ USPS.COM

# USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70142120000478196051**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information                          Available Actions

**Postal Product:**          **Features:**
                             Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:46 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014 , 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 6:59 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

---

## Track Another Package

**Tracking (or receipt) number**

[                                    ]     **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT M**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
|---|---|---|
| Joseph R. Manning, Jr. | Facsimile: 866.843.8808 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

November 25, 2014

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Via Facsimile: 305-631-5660
*Via Certified Mail: 7014 2120 0004 7819 6068*

**Borrower name:** Joseph Norris
**Loan Number:** 602184
**Subject Property:** 2514 Seahorse Avenue, Ventura, CA 93001

## REQUEST FOR PERIODIC BILLING STATEMENTS PURSUANT TO 12 C.F.R. § 1026.41

Dear Sir or Madam:

The borrower makes the following request in regard to the servicing of the mortgage loan pursuant to the Consumer Financial Protection Board (CFPB), Truth in Lending Act (Regulation Z). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf. Accordingly, please direct all communication regarding this request to my office.

The borrowers request periodic billing statements in accordance with 12 C.F.R. § 1026.41 including the amount due, an explanation of the amount due, a breakdown of all past payments, the transaction activity, information regarding any partial payments, contact information, account information and delinquency information.

Furthermore, the borrower waives any prior "no further contact letter" under the Fair Debt Collections Practices Act or any similar state statute in connection with the delivery and receipt of such statements.

Sincerely yours,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enclosure

# ✉USPS.COM

# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70142120000478196068**

**Updated Delivery Day: Tuesday, December 2, 2014**

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 1, 2014 , 1:01 pm | Delivered | MIAMI, FL 33146 |

Your item was delivered at 1:01 pm on December 1, 2014 in MIAMI, FL 33146.

| | | |
|---|---|---|
| December 1, 2014 , 12:01 pm | Arrived at Unit | MIAMI, FL 33146 |
| November 29, 2014 , 10:38 pm | Departed USPS Facility | MIAMI, FL 33152 |
| November 29, 2014 , 12:45 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| November 26, 2014 , 6:06 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| November 25, 2014 , 7:00 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

---

## Track Another Package

**Tracking (or receipt) number**

**Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT N**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199878

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/LOSS MITIGATION**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: Joseph Norris
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above.   Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan.   Specifically, we believe you are in error for:

1.   Not acknowledging receipt of the Request for Information dated November 25, 2014 bearing the Certified Mail number 7014 2120 0004 7819 6037 and whose RFI stated: "Please provide an explanation of the loss mitigation options available to the borrower, the criteria for determining the borrower's eligibility for any such loss mitigation options, and the process for applying for any such loss mitigation options."

2.   Failing to respond to the above Reg X RFI **entirely**.

3.   Not providing an explanation of the loss mitigation options available to the borrower.

Ltr 1 – noe 3

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

4. Not providing an explanation of the criteria for determining the borrower's eligibility for any such loss mitigation options.

5. Not providing an explanation of the process for applying for any such loss mitigation options.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale, whichever is earlier. If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(4)(ii)(B)-1.

**Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.**

If you fail to provide the requested information, investigate and correct the errors asserted herein, the borrower will have no choice but to take legal action against you. We look forward to hearing from you.

Sincerely,

LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enc:   Third Party Authorization signed by Borrower

Ltr 1 – noe 3

From Joseph E. Norris III to Jacob Meier          at Mon 11/24/2014  5:29 PM  2/2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney:<br>Joseph R. Manning, Jr.<br>Info@ManningLawOffice.com | Office: 949.200.8755<br>Facsimile: 866.843.8308<br>www.ManningLawOffice.com | 4667 MacArthur Blvd., Ste. 150,<br>Newport Beach, CA, 92660 |

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing   LOAN NO.: 660180/682184

BORROWER: Joseph Norris                    SOCIAL SECURITY NO.:

CO-BORROWER:                               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

TRUSTEE: Law Offices of Les Zieve   TS NO.: 13-23207

PROPERTY ADDRESS: 2514 Seahorse Ave. (2514 Seahorse Ave.)

CITY: Ventura          STATE: CA   ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes [ ]  No [ ]

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2514 Seahorse Ave

CITY: Ventura          STATE: CA   ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo; Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower: Joseph E. Norris III          Date: 12/14/2014

Co-Borrower:                             Date:

The Law Office of Joseph R. Manning, Jr., APC          PASSWORD: HELP
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature          Date

D5UI9A000RCG

8 of 9 Version: MLOCIV2062514

English          Customer Service          USPS Mobile          Register / Sign In

## ✉USPS.COM

# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199878**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

### Available Actions

| Postal Product: | Features:<br>Certified Mail™ | |
|---|---|---|
| DATE & TIME | STATUS OF ITEM | LOCATION |
| February 2, 2015 , 11:46 am | Delivered | MIAMI, FL 33146 |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
|---|---|---|
| February 2, 2015 , 10:24 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:09 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT O**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

January 29, 2015

**Via Certified Mail**
70142120000478199885

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/PAYOFF BALANCE**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above. Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan. Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information (RFI) dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6075 and whose RFI stated: "Pursuant to 12 C.F.R. § 1026.36, you must provide our office with the payoff balance within seven business days of receipt of this request."

2. Responding to the above Reg Z RFI incorrectly, in that the payoff statement does not identify the basis for such fees or any information providing the borrower as to who, what or when the fees were incurred by the servicer and how said fees, included the in the payoff statement, are related to the servicing of the borrower's loan account.

3. Not providing this office with the pay off balance within seven business days of receipt of this request.

Ltr 1 – noe 4

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| | | |
|---|---|---|
| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Suite 150 |
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| Info@ManningLawOffice.com | | www.ManningLawOffice.com |

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale**, whichever is earlier. **If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B)-1.

**Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.**

If you fail to provide the requested information, investigate and correct the errors asserted herein, the borrower will have no choice but to take legal action against you. We look forward to hearing from you.

Sincerely,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enc:    Third Party Authorization signed by Borrower



Ltr 1 – noe 4

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308
www.ManningLawOffice.com

4667 MacArthur Blvd., Ste. 150,
Newport Beach, CA, 92660

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing  LOAN NO.: 682184

BORROWER: Joseph Norris    SOCIAL SECURITY NO.: 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

CO-BORROWER:

TRUSTEE: Law Offices of Les Zieve    TS NO: 13-23207

PROPERTY ADDRESS: 2614 Seahorse Ave (2514 Seahorse Ave.)

CITY: Ventura    STATE: CA    ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes [ ] No [ ]

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2514 Seahorse Ave

CITY: Ventura    STATE: CA    ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo; Joanna Garzon; Artriola Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahiglan; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at your request.

Borrower    JOSEPH E. NORRIS III    Date 12/04/2014

Co-Borrower    Date

The Law Office of Joseph R. Manning, Jr., APC
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

PASSWORD: HELP

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature    Date

Q6UI9A000BCC

5 of 9 Version: MLOCiV2082514

English      Customer Service      USPS Mobile      Register / Sign In

# ≥USPS.COM

# USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199885**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

**Available Actions**

| Postal Product: | Features: |
| --- | --- |
| | Certified Mail™ |

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **February 2, 2015 , 11:46 am** | Delivered | **MIAMI, FL 33146** |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
| --- | --- | --- |
| February 2, 2015 , 10:24 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

[            ]     **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›** 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT P**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8808

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199892

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/PROOF OF PROMPT CREDITING**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above. Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan. Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information (RFI) dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6082 and whose RFI stated: "Please provide proof that all payments to the borrower's loan account were promptly credited as of the date of receipt. To the extent that any payments were returned to the borrower or held in a suspense or unapplied funds account, please provide a statement identifying each such payment and the action taken with respect to the payment."

2. Failing to respond to the above Reg Z RFI **entirely**.

Ltr 1 – noe 5

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

3. Not providing this office that all payments to the borrower's loan account were promptly credited as of the date of receipt.

4. Not providing a statement identifying each returned payment or payment held in suspense or unapplied funds account.

5. Not providing a statement identifying the action taken for each returned payment or payment held in suspense or unapplied account.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale, whichever is earlier. If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(e)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B).

**Accordingly, the borrower hereby demands that the foreclosure sale presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.**

If you fail to provide the requested information, investigate and correct the errors asserted herein, the borrower will have no choice but to take legal action against you. We look forward to hearing from you.

Sincerely,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enc:    Third Party Authorization signed by Borrower

Ltr 1 – noe 5

From Joseph E. Norris III to Jacob Meier          at Mon 11/24/2014  5:29 PM  2/2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Ste. 150, |
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA, 92660 |
| Info@ManningLawOffice.com | www.ManningLawOffice.com | |

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Rushmore Loan Servicing   LOAN NO.: 080801 682184

BORROWER: Joseph Norris            SOCIAL SECURITY NO.:

CO-BORROWER:                      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

TRUSTEE: Law Offices of Les Zieve   TS NO: 13-23207

PROPERTY ADDRESS: 2514 Seahorse Ave (2514 Seahorse Ave)

CITY: Ventura           STATE: CA   ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes ☐  No ☐

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2514 Seahorse Ave

CITY: Ventura           STATE: CA   ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo;Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at your request.

Borrower   JOSEPH E. Norris III          Date 12/04/2014

Co-Borrower                             Date

The Law Office of Joseph R. Manning, Jr., APC    PASSWORD: HELP
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature                  Date

Q6U9A000RCG

8 of 9  Version: MLOCIV2082514

English        Customer Service        USPS Mobile

Register / Sign In



# USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199892**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 2, 2015 , 11:46 am** | Delivered | **MIAMI, FL 33146** |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| February 2, 2015 , 10:23 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

[                    ]   **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT Q**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney:<br>Joseph R. Manning, Jr.<br>Info@ManningLawOffice.com | Office: 949.200.8755<br>Facsimile: 866.843.8308 | 4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660<br>www.ManningLawOffice.com |
|---|---|---|

January 29, 2015

**Via Certified Mail**
70142120000478199908

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

RE:   NOTICE   OF   ERROR   (NOE)   UNDER   CFR   SECTION   1024.35
"NOTICE"/REINSTATEMENT

Loan No.: 0000602184; TS No.: 13-28207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above.   Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan.  Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information (RFI) dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6051 and whose RFI stated: "Pursuant to 12 C.F.R. section 1026.36, you must provide our office with a reinstatement statement within seven business days of receiving this request."

2. Failing to respond to the above Reg Z RFI **entirely**.

3. Not providing this office with a reinstatement statement regarding the above Borrower.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale**, whichever is earlier.  **If you are unable to investigate and respond by the earlier of**

Ltr 1– noe 6

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8808

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

<u>the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled</u>
<u>or postponed in order to meet the deadline.</u> See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024
Supplement I, Comment 35(e)(3)(i)(B)-1.

Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for
February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this
notice and your compliance with the response deadline.

If you fail to provide the requested information, investigate and correct the errors asserted herein,
the borrower will have no choice but to take legal action against you. We look forward to hearing from
you.

Sincerely,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr. Esq.

Enc:    Third Party Authorization signed by Borrower



Ltr 1– noe 6

From Joseph E. Norris III to Jacob Meier      at Mon 11/24/2014 5:29 PM 2/2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 855.843.8306
www.ManningLawOffice.com

4667 MacArthur Blvd., Ste. 150,
Newport Beach, CA, 92660

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing   LOAN NO.: 060606/6802184

BORROWER: Joseph Norris      SOCIAL SECURITY NO.: 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

CO-BORROWER:

TRUSTEE: Law Offices of Les Zieve   TS NO.: 13-23207

PROPERTY ADDRESS: 2514 Seahorse Ave (2514 Seahorse Ave.)

CITY: Ventura       STATE: CA    ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes [ ]  No [ ]

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2514 Seahorse Ave

CITY: Ventura       STATE: CA    ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo;Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower  JOSEPH E. NORRIS III      Date 12/04/2014

Co-Borrower       Date

The Law Office of Joseph R. Manning, Jr., APC
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8305

PASSWORD: HELP

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature       Date

Q5UI9A000BCC

8 of 9 Version: MLOCIV2082514

English      Customer Service      USPS Mobile      Register / Sign In



# ☒USPS.COM®

## USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.

**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number:** 70142120000478199908

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

**Available Actions**

**Postal Product:**      **Features:**
                Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| February 2, 2015 , 11:46 am | Delivered | MIAMI, FL 33146 |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
| --- | --- | --- |
| February 2, 2015 , 10:23 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

[ ]    **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT R**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199915

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/PERIODIC BILLING STATEMENT**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above. Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan. Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information (RFI) dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6068 and whose RFI stated: "The borrower requests periodic billing statements in accordance with 12 C.F.R. section 1026.41 including the amount due, an explanation of the amount due, a breakdown of all past payments, the transaction activity, information regarding any partial payments, contact information, account information and delinquency information."

2. Failing to respond to the above Reg Z RFI **entirely**.

Ltr 1 – noe 7

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

3.  Not providing this office with periodic billing statements in accordance with 12 C.F.R. section 1026.41.

4.  Not providing this office with periodic billing statements that include: the amount due; an explanation of the amount due, a breakdown of all past payments, the transaction activity, information regarding any partial payments, contact information, account information and delinquency information.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or prior to the foreclosure sale, whichever is earlier. **If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. §1024.35(e)(1)(i)(B), 12 C.F.R. part 1024 Supplement 1, Comment 35(e)(3)(i)(B)-1.

**Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.**

If you fail to provide the requested information, investigate and correct the errors asserted herein, the borrower will have no choice but to take legal action against you. We look forward to hearing from you.

Sincerely,
**LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enc:    Third Party Authorization signed by Borrower

Ltr 1 – noe 7

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney:<br>Joseph R. Manning, Jr.<br>Info@ManningLawOffice.com | Office: 949.200.8755<br>Facsimile: 866.843.8308<br>www.ManningLawOffice.com | 4667 MacArthur Blvd., Ste. 150,<br>Newport Beach, CA, 92660 |
|---|---|---|

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing  LOAN NO.: 682184

BORROWER: Joseph Norris          SOCIAL SECURITY NO.:

CO-BORROWER:          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

TRUSTEE: Law Offices of Les Zieve   TS NO: 13-23207

PROPERTY ADDRESS: 2814 Seahorse Ave (2514 Seahorse Ave)

CITY: Ventura          STATE: CA   ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes ☐   No ☐

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2814 Seahorse Ave

CITY: Ventura          STATE: CA   ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo;Joanna Garzon; Patricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower   JOSEPH E. Norris III          Date  12/14/2014

Co-Borrower          Date

The Law Office of Joseph R. Manning, Jr, APC
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

PASSWORD: HELP

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature          Date

05U94000BCG

 **USPS.COM**

# USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199915**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information          Available Actions

**Postal Product:**          **Features:**
                             Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 2, 2015 , 11:46 am | Delivered | MIAMI, FL 33146 |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| February 2, 2015 , 10:23 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

Tracking (or receipt) number

[                                        ]     **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›** 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT S**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL.

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199922

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

RE: **NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/ITEMIZED PAYOFF BALANCE**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a Notice of Error regarding the loan account of the Borrower identified above. Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan. Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information (RFI) dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6044 and whose RFI stated: "Pursuant to 12 C.F.R. section 1026.36, you must provide our office with the itemized pay off balance within seven business days of receipt of this request."

2. Failing to respond to the above Reg Z RFI **entirely**.

3. Not providing this office with the itemized pay off balance within seven business days of receipt of this request.

Ltr 1 – noe 8

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney:<br>Joseph R. Manning, Jr.<br>Info@ManningLawOffice.com | Office: 949.200.8755<br>Facsimile: 866.843.8308 | 4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660<br>www.ManningLawOffice.com |
|---|---|---|

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale**, whichever is earlier. **If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B)-1.

Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.

If you fail to provide the requested information, investigate and correct the errors asserted herein, the borrower will have no choice but to take legal action against you. We look forward to hearing from you.

Sincerely,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enc:    Third Party Authorization signed by Borrower

Ltr 1 – noe 8

From Joseph E. Norris III to Jacob Meier          at Mon 11/24/2014  5:29 PM  2/2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308
www.ManningLawOffice.com

4667 MacArthur Blvd., Ste. 160,
Newport Beach, CA, 92660

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing   LOAN NO.: 6021840184

BORROWER: Joseph Norris          SOCIAL SECURITY NO.: 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

CO-BORROWER:

TRUSTEE: Law Offices of Les Zieve   TS NO.: 13-23207

PROPERTY ADDRESS: 2614 Seahorse Ave (2516 Seahorse Ave.)

CITY: Ventura          STATE: CA   ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes [ ]  No [ ]

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2614 Seahorse Ave

CITY: Ventura          STATE: CA   ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo; Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower: Joseph E. Norris III          Date: 12/14/2014

Co-Borrower:          Date:

The Law Office of Joseph R. Manning, Jr., APC
4667 MacArthur Blvd, Suite 160, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

PASSWORD: HELP

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature          Date

D6UI9A000BCC

8 of 9 Version: MLOCIV2082614

English          Customer Service          USPS Mobile                                                    Register / Sign In

# ⊠USPS.COM

## USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199922**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information                    ## Available Actions

**Postal Product:**             **Features:**
                               Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 2, 2015 , 11:46 am** | **Delivered** | **MIAMI, FL 33146** |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
|---|---|---|
| February 2, 2015 , 10:24 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

[                                    ]   **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT T**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199939

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/OWNER OF NOTE**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Stanford Ave., Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above. Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan. Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6013 and whose RFI stated: "Please provide the identity of, and address or other relevant contact information for, the: (1) owner or assignee of the loan; (2) master servicer of the loan; and (3) current servicer of the loan."

2. Failing to respond to the above Reg X RFI **entirely**.

3. Not providing the identity of, and address or other relevant contact information for the owner or assignee of the loan.

4. Not providing the identity of, and address or other relevant contact information for, the master servicer of the loan.

Ltr 1 – noe 9

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

5.  Not providing the identity of, and address or other relevant contact information for the current servicer of the loan.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale, whichever is earlier.  If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B)-1.

**Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.**

If you fail to provide the requested information, investigate, and correct the errors asserted herein, the borrower will have no choice but to take legal action against you.  We look forward to hearing from you.

Sincerely,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enc:    Third Party Authorization signed by Borrower



Ltr 1 – noe 9

From Joseph E. Norris III to Jacob Maier     at Mon 11/24/2014 5:29 PM 2/2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney:<br>Joseph R. Manning, Jr.<br>Info@ManningLawOffice.com | Office: 949.200.8755<br>Facsimile: 866.843.8308<br>www.ManningLawOffice.com | 4667 MacArthur Blvd., Ste. 150,<br>Newport Beach, CA, 92660 |

## LETTER OF AUTHORIZATION

**LENDER/SERVICER:** Baynas Loan Servicing **LOAN NO.:** 602184

**BORROWER:** Joseph Norris     **SOCIAL SECURITY NO.:**

**CO-BORROWER:**     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

**TRUSTEE:** Law Offices of Les Zieve **TS NO.:** 13-23207

**PROPERTY ADDRESS:** 2614 Seahorse Ave (2510 Seahorse Ave)

**CITY:** Ventura     **STATE:** CA     **ZIP CODE:** 93001

**IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS?** Yes ☐ No ☐

**IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:**

**MAILING ADDRESS:** 2614 Seahorse Ave

**CITY:** Ventura     **STATE:** CA     **ZIP CODE:** 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo;Joanna Garzon; Artricia Woods; Kim Lee; Naji Chamli; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

**Borrower** JOSEPH E. Norris III     **Date** 12/14/2014

**Co-Borrower**     **Date**

The Law Office of Joseph R. Manning, Jr., APC
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

**PASSWORD: HELP**

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

**Authorized Lender Signature**     **Date**

D6UI9A000RCG

8 of 9 Version: MLOCIV2082614



# USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

Tracking Number: 70142120000478199939

Updated Delivery Day: Tuesday, February 3, 2015

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 2, 2015, 11:46 am | Delivered | MIAMI, FL 33146 |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
|---|---|---|
| February 2, 2015, 10:23 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015, 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015, 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015, 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015, 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

Tracking (or receipt) number

[                                        ]   **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT U**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199946

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE:** **ERROR RESOLUTION NOTICE UNDER REG X REGULATIONS 12 C.F.R. §§ 1024.35 & 1024.41(g), ("DUAL TRACKING"): NEED TO CANCEL/POSTPONE TRUSTEE'S SALE FOR VIOLATION OF "DUAL TRACKING" UNDER REG X REGULATIONS**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: **Joseph Norris**
Subject Property Address: 2514 (2516) Seahorse Ave., Ventura, CA 93001

Dear Sir or Madam:

This letter is a request on behalf of the borrower for correction of the errors described below related to the mortgage loan secured by the above-referenced property. This request is made pursuant to the Consumer Financial Protection Board (CFPB), Real Estate Settlement Procedures Act (Regulation X), 12 C.F.R. §§ 1024.35 and 1024.41(g). The enclosed letter of authorization from the borrower authorizes my office to make this request on his behalf.

The following categories of "errors" are specifically listed by the regulation and subject to the error resolution requirements:

(1) Failure to forestall the foreclosure process while a completed modification application was pending.

(2) Failure to refrain from proceeding with filing for foreclosure order of sale while a completed modification application was pending.

(3) Failure to refrain from conducting a foreclosure sale while a completed modification application was pending.

Ltr 1-noe-19

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

(4)     Failure to move for a continuance with respect to the deadline for filing a dispositive motion while a completed modification application was pending.

Foreclosure cannot proceed unless and until the borrower has been evaluated for all available loss mitigation programs, and any applicable appeal options are exhausted. 12 C.F.R. § 1024.41(b) and (c). Despite the borrower receiving a denial letter on January 13, 2015, and having submitted a complete loan modification application, and still being within the applicable appeal period, **a trustee's sale is scheduled for February 17, 2015, in violation of the CFPB loss mitigation rules** (and the California Homeowner's Bill of Rights).

**If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B)-1.

Accordingly, the borrower hereby demands that the foreclosure sale, presently scheduled for February 17, 2015, be cancelled or postponed pending resolution of the errors asserted by this notice and your compliance with the response deadline.

If you fail to provide the requested information, investigate and correct the errors asserted herein, the borrower will have no choice but to take legal action against you. We look forward to hearing from you.

Sincerely yours,
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enc:     Third Party Authorization signed by Borrower

Ltr 1-noe-19

From Joseph E. Norris III to Jacob Meier          at Mon 11/24/2014  5:29 PM  2/2

# Manning Law Office, APC

### CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8306
www.ManningLawOffice.com

4667 MacArthur Blvd., Ste. 150,
Newport Beach, CA, 92660

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing   LOAN NO.: 682184

BORROWER: Joseph Norris                    SOCIAL SECURITY NO.:

CO-BORROWER:                               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

TRUSTEE: Law Offices of Les Zieve          TS NO.: 13-23207

PROPERTY ADDRESS: 2514 Seahorse Ave (2514 Sea Horse Ave)

CITY: Ventura          STATE: CA   ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes [ ]  No [ ]

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2514 Seahorse Ave

CITY: Ventura          STATE: CA   ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo; Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower: Joseph E. Norris III          Date: 12/14/2014

Co-Borrower: _____          Date: _____

The Law Office of Joseph R. Manning, Jr., APC          PASSWORD: HELP
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8306

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature          Date

D6UI9A000BCG

8 of 9 Version: MLOGN2082514



# USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199946**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

### Available Actions

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 2, 2015 , 11:46 am | Delivered | MIAMI, FL 33146 |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
|---|---|---|
| February 2, 2015 , 10:23 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:28 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

Tracking (or receipt) number

| |
|---|
| |

**Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS.com ›



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT V**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199854

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/COPY OF DOCUMENTS**

Loan No.: 0000602184; TS No.: 13-23207
Borrower: Joseph Norris
Subject Property Address: 2514 (2516) Seahorse Ave, Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a Notice of Error regarding the loan account of the Borrower identified above. Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan. Specifically, we believe you are in error for:

1. Not acknowledging receipt of the Request for Information (RFI) dated November 25, 2014 bearing the Certified Mail number 7014 2120 0004 7819 6006 and whose RFI stated: "Please provide a copy of the following: (1) promissory note or other evidence of indebtedness; (2) deed of trust or mortgage; (3) any assignment of the mortgage or deed of trust to demonstrate the right to foreclose; and (4) payment history since the borrower was last less than 60 days past due."

2. Failing to respond to the above Reg X RFI **entirely**.

Ltr 1 – noe 1

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

3. Not providing a true and correct copy of the promissory note or other evidence of indebtedness.

4. Not providing a true and correct copy of any assignment of the mortgage or deed of trust to demonstrate the right to foreclosure.

5. Not providing a true and correct copy of the payment history since the borrower was last less than 60 days past due.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or prior to the foreclosure sale, whichever is earlier. If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline. See 12 C.F.R. § 1024.35(e)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B)-1.

If you fail to provide the requested information, Mr. Morris will have no choice but to take legal action against you. We look forward to hearing from you. Please correct all of these errors and acknowledge receipt of the Notice of Error herein referred to within the statutory time period allowed.

Thank you for your attention to this matter.

Sincerely,

LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION

Joseph R. Manning, Jr., Esq.

Enc:   Third Party Authorization signed by Borrower.

Ltr 1 – noe 1

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8306
www.ManningLawOffice.com

4667 MacArthur Blvd., Ste. 150,
Newport Beach, CA, 92660

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing   LOAN NO.: 8000 602184

BORROWER: Joseph Norris                    SOCIAL SECURITY NO.:

CO-BORROWER:                               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

TRUSTEE: Law Offices of Les Zieve     TS NO: 13-23207

PROPERTY ADDRESS: 2514 Seahorse Ave (2516 Seahorse Ave)

CITY: Ventura          STATE: CA     ZIP CODE: 93001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes [ ]  No [ ]

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2514 Seahorse Ave

CITY: Ventura          STATE: CA     ZIP CODE: 93001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr. permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avelos; Amy Olmedo; Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower _JOSEPH E. Norris III_          Date _12/04/2014_

Co-Borrower _____          Date _____

The Law Office of Joseph R. Manning, Jr., APC          PASSWORD: HELP
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8306

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature _____          Date _____

Q5U9A000BCC

5 of 9 Version: MLOON2092514



# USPS Tracking™


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199854**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

**Available Actions**

**Postal Product:**                   **Features:**
                                      Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 2, 2015 , 11:46 am** | Delivered | **MIAMI, FL 33146** |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| | | |
|---|---|---|
| February 2, 2015 , 10:24 am | Arrived at Unit | MIAMI, FL 33146 |
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:09 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

[                                        ]          **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**EXHIBIT W**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

January 29, 2015

**Via Certified Mail**
70142120000478199861

Bayview Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146
Fax: 248-824-7960; 305-646-9943; 877-360-9593

Law Offices of Les Zieve
Attn: Reinstatement Department
30 Corporate Park, Suite 450
Irvine, CA 92606
Fax: (714) 848-7650

**RE: NOTICE OF ERROR (NOE) UNDER CFR SECTION 1024.35 "NOTICE"/TRANSACTION HISTORY**

Loan No.: 0000602184; TS No.: 13-28207
Borrower: Joseph Norris
Subject Property Address: 2514 (2516) Seahorse Ave, Ventura, CA 93001

To Whom It May Concern:

Pursuant to 12 CFR § 1024.35, please consider this letter to be a **Notice of Error** regarding the loan account of the Borrower identified above.  Attached is the Borrower's Third Party Authorization authorizing you to communicate with us regarding the Borrower's loan.  Specifically, we believe you are in error for:

    1. Failing to acknowledge receipt of the Request for Information (RFI) dated November 25, 2014, bearing the Certified Mail number 7014 2120 0004 7819 6020 and whose RFI stated:

        Please provide a copy of the life of loan history for the borrower's account including all payments made on the account, all fees incurred (i.e., late fees and charges, property inspection fees, broker price opinion fees, legal/attorney fees, escrow fees, processing fees, technology fees, and any other collateral charge), what has been paid out of the escrow account, and how all payments were applied.  To the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and a short description for each such code.

    2. Failing to respond to the above Reg X RFI **entirely**.

Ltr 1 – noe 2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

Attorney:
Joseph R. Manning, Jr.
Info@ManningLawOffice.com

Office: 949.200.8755
Facsimile: 866.843.8308

4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
www.ManningLawOffice.com

3. Failing to provide a true and correct copy of the life of loan history for the borrower's account including all payments made on the account.

4. Failing to provide a true and correct copy of the life of loan history for the borrower's account including all fees incurred (i.e., late fees and charges, property inspection feeds, broker price opinion fees, legal/attorney fees, escrow fees, processing fees, technology fees, and any other collateral charge).

5. Failing to provide a true and correct copy of accounting showing what has been paid out of the escrow account.

6. Failing to provide a true and correct copy of accounting showing how all payments were applied.

7. Failing to provide a complete list of all such codes and a short description for such code to the extent this life of loan transactional history includes numeric or alpha-numeric codes.

The CFPB rules require that you acknowledge receipt of this notice in writing within five business days and investigate, correct, or respond to the errors asserted herein within 30 business days or **prior to the foreclosure sale, whichever is earlier. If you are unable to investigate and respond by the earlier of the foreclosure sale or 30 business days after receipt of the error notice, the sale should be cancelled or postponed in order to meet the deadline.** See 12 C.F.R. § 1024.35(a)(3)(i)(B), 12 C.F.R. part 1024 Supplement I, Comment 35(e)(3)(i)(B)-1.

If you fail to provide the requested information, investigate and correct the errors asserted herein, Mr. Norris will have no choice but to take legal action against you. We look forward to hearing from you. Please correct all of these errors and acknowledge receipt of the Notice of Error herein referred to within the statutory time period allowed.

Thank you for your attention to this matter.

Sincerely,
**LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

Enc:   Third Party Authorization signed by Borrower

Ltr 1 – noe 2

From Joseph E. Norris III to Jacob Meier          at Mon 11/24/2014 5:29 PM 2/2

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| Attorney: | Office: 949.200.8755 | 4667 MacArthur Blvd., Ste. 150, |
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA, 92660 |
| Info@ManningLawOffice.com | www.ManningLawOffice.com | |

## LETTER OF AUTHORIZATION

LENDER/SERVICER: Bayview Loan Servicing    LOAN NO.: 602184

BORROWER: Joseph Norris    SOCIAL SECURITY NO.: 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

CO-BORROWER:

TRUSTEE: Law Offices of Les Zieve    TS NO: 13-23207

PROPERTY ADDRESS: 2614 Seahorse Ave (2516 Seahorse Ave)

CITY: Ventura    STATE: CA    ZIP CODE: 83001

IS YOUR PROPERTY ADDRESS THE SAME AS YOUR MAILING ADDRESS? Yes ☐ No ☐

IF NO, PLEASE PROVIDE YOR MAILING ADDRESS:

MAILING ADDRESS: 2614 Seahorse Ave

CITY: Ventura    STATE: CA    ZIP CODE: 83001

To Whom It May Concern:

This letter is to serve as my/our written authorization that I/we, the mortgagor on the above referenced property, do hereby grant The Law Office of Joseph R. Manning Jr., permission to discuss all current and future matters related to my mortgage. Their contact information is listed below. My authorized agents are: Diana Lopez; Richard Avalos; Amy Olmedo;Joanna Garzon; Artricia Woods; Kim Lee; Naji Chami; Tina Mehrazar; Katie Nahigian; Janet Harris. This authorization is effective from the date of client(s) signature indicated on the bottom of this form and remains valid for the next 365 consecutive days.

Should you be in possession of previous "Authorization to Release Lending Information" form, please delete them from your records at my/our request.

Borrower    JOSEPH E. NORRIS III    Date 12/14/2014

Co-Borrower    Date

The Law Office of Joseph R. Manning, Jr., APC    PASSWORD: HELP
4667 MacArthur Blvd, Suite 150, Newport Beach, CA 92660
Office: (949) 200-8755 Fax: (866) 843-8308

PLEASE DO NOT WRITE BELOW THIS LINE. FOR LENDER USE ONLY

Authorized Lender Signature    Date

06U9A000BEG

8 of 9 Version: MLOCIV2082614

# ✉USPS.COM®

## USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70142120000478199861**

**Updated Delivery Day: Tuesday, February 3, 2015**

## Product & Tracking Information

### Available Actions

| Postal Product: | Features:<br>Certified Mail™ |
|---|---|

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 2, 2015 , 11:46 am | Delivered | MIAMI, FL 33146 |

Your item was delivered at 11:46 am on February 2, 2015 in MIAMI, FL 33146.

| February 2, 2015 , 10:24 am | Arrived at Unit | MIAMI, FL 33146 |
|---|---|---|
| February 1, 2015 , 2:29 pm | Departed USPS Facility | MIAMI, FL 33152 |
| January 31, 2015 , 3:34 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| January 30, 2015 , 6:39 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| January 29, 2015 , 7:10 pm | Arrived at USPS Facility | SANTA ANA, CA 92799 |

## Track Another Package

**Tracking (or receipt) number**

|  | **Track It** |
|---|---|

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



[RECORDING REQUESTED BY]
Law Offices of Les Zieve

[WHEN RECORDED MAIL TO:]
Law Offices of Les Zieve 30
Corporate Park, Suite 450
Irvine, CA 92606

T.S. No. 13-23207       APN: 080-0-252-085    [SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

a

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LLCU Y: KEM THEO DAY LA BAN TRINH BAY TOM LLTQC VE THONG TIN TRONG TAI LIEU NAY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 1/26/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **JOSEPH E. NORRIS III, AN UNMARRIED MAN**
Duly Appointed Trustee: Law Offices Of Les Zieve Deed of Trust recorded 2/26/2007 as Instrument No. 20070226-00038148-0 in book , page    of Official Records in the office of the Recorder of Ventura County, California,
Date of Sale:12/2/2014 at 1 1:00 AM
Place of Sale:      At the main front entrance to the County Government Center Hall of Justice 800 South
      Victoria Avenue Ventura, CA Estimated amount of
unpaid balance and other charges: **$855,656.41**

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of real property:

Described as follows:
As more fully described on said Deed of Trust.

**2516 SEAHORSE AVE
VENTURA, CA 93001-0000**

A.P.N*.: 080-0-252-085

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 848-9272 or visit this Internet Web site www.elitepostandpub.com, using the file number assigned to this case 13-23207. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Dated: 11/3/2014

**Law Offices of Les Zieve, as Trustee
30 Corporate Park, Suite 450
Irvine, CA 92606
For Non-Automated Sale Information, call: (714) 848-7920 For**

Christine OTJffen, Tfu**geSa4e Officer

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAINED WILL BE USED FOR THAT PURPOSE

Sale Information: (714) 848-9272   www.elitepostandpub.com