Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

*admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*
*(Additional Counsel on Signature Page)*

Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
718 7th Street NW
Washington, D.C. 20001
Telephone: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 19-cv-04065-MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER UNDER RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: January 31, 2020<br>Time: 9:00 a.m.<br>Courtroom: 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney<br><br>Complaint: July 16, 2019<br>First Amended Complaint: September 27, 2019 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 31, 2020, at 9:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Maxine M. Chesney in the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 7 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff will, and hereby does, move the Court for an order under Federal Rule of Civil Procedure 26 to prohibit Defendant Wells Fargo Bank, N.A. from making redactions to otherwise responsive documents for any reason other than to protect privilege, work product, or personally identifiable information ("PII"), and from withholding email attachments or family members of emails for any reason other than the same.

This motion will be based upon this Notice of Motion and Motion and Memorandum of Points and Authorities hereto, as well as the Declarations of Michael N. Litrownik and Daniel Stromberg, together with any exhibits.

Dated: December 19, 2019

Respectfully submitted,

By: */s/ Michael N. Litrownik*
     Michael N. Litrownik

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California St., 12th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
718 7th Street NW
Washington, D.C. 20001
Telephone: 518-732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Benjamin D. Elga*
JUSTICE CATALYST LAW
81 Prospect Street
Brooklyn, NY 11201
Telephone: 518-732-6703
belga@justicecatalyst.org

*admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*

## TABLE OF CONTENTS

I.    INTRODUCTION **.................................................................................... 1**

II.  FACTUAL BACKGROUND ............................................................. 1

     A.    This Litigation................................................................................1

     B.    Perez v. Wells Fargo, No. 17 Civ. 454 (N.D. Cal. 2017)......................................2

III. LEGAL STANDARD ...................................................................... 3

IV. ARGUMENT ................................................................................. 4

     A.    Relevance Redactions Are Improper …..………………………………………..4

     B.    A Ruling on Relevance Redactions Now Advances the Goal
            of Efficiency.............................................................................6

V.   CONCLUSION ............................................................................. 7

PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 19-CV-04065-MMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks a ruling consistent with well-established Ninth Circuit authority, prohibiting the parties from redacting portions of otherwise responsive documents or withholding attachments or parts of an email chain for any reason except to protect privilege, work product, or personally identifiable information ("PII"). Plaintiff respectfully requests that the Court decide this issue now, before the bulk of Wells Fargo's document production in this litigation begins, because (1) Wells Fargo is unwilling to agree now not to make such redactions ("relevance redactions") and in fact "anticipates" making such relevance redactions in the course of ESI production in this case; (2) counsel to the parties expended significant time and resources in Perez v. Wells Fargo Bank, N.A., No. 17 Civ. 454 (N.D. Cal. 2017) (Chesney, J.) (the "Perez litigation") twice raising and resolving this issue before Judge Laporte, both times in favor of Plaintiff's position here; (3) the vast weight of authority, including the relevant authority in the Ninth Circuit, prohibits relevance redactions; and (4) establishing a bright-line rule now at the outset of the litigation strongly advances goals of efficiency and resource conservation, as well as other aims of Rule 1 of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND

### A. This Litigation

On July 15, 2019, Plaintiff, who has Deferred Action for Childhood Arrivals ("DACA"), filed a class action complaint, challenging Wells Fargo's denial of his application for a direct auto loan as alienage discrimination in violation 42 U.S.C. § 1981 ("Section 1981") and Wells Fargo's failure to provide him written notice that accurately stated the reason for the denial in violation of the Equal Credit Opportunity Act ("ECOA"). ECF No. 1. Plaintiff seeks to represent a class of similarly situated denied DACA applicants. *Id.* On September 27, 2019, Plaintiff amended his complaint and added a class claim under the Fair Credit Reporting Act ("FCRA") arising from Wells Fargo's lack of a permissible purpose for pulling his credit bureau information. ECF No. 27.

On November 15, 2019, the parties held their Rule 26(f) conference. Declaration of Michael N. Litrownik ("Litrownik Decl.") ¶ 3. Plaintiff served his First Set of Requests for Production of Documents on the same date and served his Second Set of Requests for Production of Documents on November 26, 2019. *Id*. ¶ 4. On November 20, 2019, Plaintiff sent Wells Fargo a draft stipulation concerning the production of electronically stored information ("ESI Stipulation") and a draft stipulated protective order. *Id*. ¶ 5. Plaintiff's draft ESI Stipulation prohibited the parties from redacting or withholding otherwise responsive documents produced in discovery except to protect privilege or PII. *Id*. ¶ 6. On December 9, 2019, the parties met and conferred over the ESI Stipulation and related issues, and Wells Fargo informed Plaintiff that it would not agree to language in the ESI Stipulation prohibiting relevance redactions and that it "anticipated" making such relevance redactions as this case moved into discovery. *Id*. ¶ 7. The parties continued their meet and confer efforts by email in the weeks following the December 9 conference. *Id*. ¶ 8. The parties reached impasse over whether Wells Fargo *will agree now*, as a binding rule for the duration of the litigation, to not make redactions for reasons other than to protect privilege, work product, or PII. *Id*. ¶ 10. The parties are nearly in agreement on the remaining provisions of the ESI Stipulation and on the protective order. *Id*. ¶ 12.

### B. *Perez v. Wells Fargo*, No. 17 Civ. 454 (N.D. Cal. 2017)

Plaintiff raises this dispute now because of the significant litigation around it in the *Perez* litigation. There, Wells Fargo made extensive redactions to otherwise responsive documents in its first document production, which Wells Fargo contended contained irrelevant information. Ex. C[1] (Dec. 7, 2017 Joint Discovery Dispute Letter). The *Perez* plaintiffs challenged the relevance redactions as improper, contending that they scrubbed context and explanatory information from key documents, impaired the *Perez* plaintiffs' ability to use them at depositions, and were contrary to the weight of authority, including the relevant Ninth Circuit

---

[1] All exhibits referenced herein are attached to the Litrownik Decl.

2

authority.  *Id.* at 1-3.  The parties met and conferred and were unable to resolve their dispute.  *Id.* at 1.

After the parties briefed and appeared for a December 13, 2017 hearing on this issue, Judge Laporte held that redactions were appropriate only "for truly privileged information, not irrelevant information."  Ex. D (Dec. 13, 2017 Hearing Tr.) at 29:21-30:5.  Judge Laporte reaffirmed this holding on December 21, 2017 in a written order prohibiting relevance redactions but permitting redactions based on privilege or work product protection.  Ex. E (Dec. 21, 2017 Order) at 7.

Despite this clear ruling from Judge Laporte, Wells Fargo continued to make relevance redactions to hundreds of additional documents to obscure what it claimed was information related to other lines of business that the Court had dismissed from the *Perez* litigation.  Ex. F (Dec. 27, 2018 Joint Discovery Dispute Letter) at 1.  The *Perez p*laintiffs thus were *again* forced to seek relief from Judge Laporte and requested sanctions under Rule 37 for Wells Fargo's defiance of her order.  *Id.* at 1-3.  In a short written opinion, Judge Laporte reiterated her prior order prohibiting all relevance redactions, finding that "[t]he delay and distrust caused by Defendant's decision to redact this recent batch of documents are the precise reasons why relevancy redactions are ill advised" and that "[t]he parties' protective order is sufficient to protect the confidentiality of information associated with these other lines of business."  Ex. G (Jan. 8, 2019 Order).[2]  Judge Laporte also admonished Wells Fargo, finding that Rule 37(b) applied because Wells Fargo failed to "comply with the Court's order prohibiting relevancy redactions," but "while a close question," Judge Laporte declined to "impose sanctions at this time because Defendant's interpretation of Judge Chesney's order was not wholly untenable."  *Id.*

III.    **LEGAL STANDARD**

A protective order should be granted when the moving party establishes "good cause" for

---

[2]    Judge Laporte also rejected Wells Fargo's "compromise" proposal, *see* Ex. F at 4-5, that Wells Fargo re-review any redactions the *Perez* plaintiffs believed were improperly applied.

3

the order and justice requires "an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26(c)

confers 'broad discretion on the trial court to decide when a protective order is appropriate and

what degree of protection is required.'" *Acosta v. Heritage*, 332 F.R.D. 347, 349 (D. Haw. 2019)

(quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Additionally, "district courts have the inherent authority to manage their dockets and

courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*,

136 S. Ct. 1885, 1892 (2016).

## IV.    ARGUMENT

### A.    Relevance Redactions Are Improper.

As a matter of authority, it is well-established in the Ninth Circuit that a party may not

unilaterally redact documents based on its subjective view of relevancy. *See Toyo Tire &*

*Rubber Co., Ltd v. CIA Wheel Grp.*, No. 15 Civ. 246, 2016 WL 6246384, at *2 (C.D. Cal. Feb.

23, 2016) (producing party "may not redact otherwise responsive documents because those

documents contain irrelevant material"); *Live Nation Merchandise, Inc. v. Miller*, No. 13 Civ.

3936, 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (Cousins, M.J.) ("unilateral redaction is

disfavored"); *Krausz Indus., Ltd v. Romac Indus., Inc.*, No. 10 Civ. 1204, 2011 WL 13100750, at

*3 (W.D. Wash. Aug. 10, 2011) ("[U]nilateral redactions on the basis of irrelevance or non-

responsiveness is improper, especially when a protective order is in place to govern production

of confidential information between the parties.").[3] The prohibition against unilateral redaction

---

[3]      *See also Bonnell v. Carnival Corp.*, No. 13 Civ. 22265, 2014 WL 10979823, at *4 (S.D.
Fla. Jan. 31, 2014) (defendant "*cannot* unilaterally redact portions of otherwise discoverable,
non-privileged documents based on its own belief that portions of the documents are irrelevant to
the claims in this case"); *Burris v. Versa Prods., Inc.*, No. 07 Civ. 3938, 2013 WL 608742, at *3
(D. Minn. Feb. 19, 2013) ("The practice of redacting for nonresponsiveness or irrelevance finds
no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a
party from seeing a portion of a document in the Rules are claims of privilege or work-product
protection."); *Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co.*, 270 F.R.D. 456,
458 (D.N.D. 2010) (criticizing "the unilateral editing of documents produced in discovery,
particularly when there is a protective order in place, given the suspicion and distrust that it

4

1 for reasons other than privilege recognizes that "[r]edaction is, after all, an alteration of potential

2 evidence." *Krausz Indus., Ltd.*, 2011 WL 13100750, at *3 (quoting *Evon v. Law Offices of*

3 *Sidney Mickell*, No. 09 Civ. 760, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010)); *see also*

4 Fed. R. Civ. P. 34(b), advisory committee's note to 2006 amendment (noting that the

5 requirement "that a party must produce documents as they are kept in the usual course of

6 business" is intended to "protect against deliberate or inadvertent production in ways that raise

7 unnecessary obstacles for the requesting party"). The prohibition also recognizes that "[i]t is a

8 rare document that contains only relevant information. And irrelevant information within a

9 document that contains relevant information may be highly useful to providing context for the

10 relevant information." *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D.

11 Minn. 2011).

12       Wells Fargo may argue that it needs the option of making relevance redactions here to

13 protect confidential or sensitive business information. However, where, as here, the parties have

14 or intend to implement a protective order to protect confidential material, this concern is

15 misplaced and meritless. *See Holman v. Experian Info. Solutions, Inc.*, No. 11 Civ. 180, 2012

16 WL 2501085, at *6 (N.D. Cal. June 27, 2012) (Ryu, M.J.) (ordering the production of unredacted

17 documents where "any confidential financial or proprietary business information is sufficiently

18 protected by the procedures set forth in the protective order entered in this case"); *Trevino v.*

19 *ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (Lloyd, M.J.) (ordering the production of

20 unredacted agreement claimed to contain confidential financial information and trade secrets

21 subject to protective order).

22 _____

23 generates, which, in turn, leads to unnecessary discovery disputes and burdensome *in camera*
inspections"); *Orion Power Midwest, L.P. v. American Coal Sales Co.*, No. 05 Civ. 555, 2008
24 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008) (there "is no express or implied support" in the
Federal Rules of Civil Procedure by "which a party would scrub responsive documents of non-
25 responsive information"); *In re Medeva Securities Litigation*, No. 93 Civ. 4376, 1995 WL
943468, at *3 (C.D. Cal. May 30, 1995) ("The Court does not welcome unilateral editing of
26 documents by the producing party. Even when implemented with restraint and in good faith, the
27 practice frequently gives rise to suspicion that relevant material harmful to the producing party
has been obscured. It also tends to make documents confusing or difficult to use.").
28

Wells Fargo may also argue that it may permissibly make relevance redactions because

Outten & Golden LLP misused documents the bank produced in the *Perez* litigation. This

allegation is baseless, and in any case irrelevant. If Wells Fargo believes that Plaintiff's counsel

violated the protective order in the *Perez* case, its recourse, *which it has not taken*, is to move to

enforce the protective order, not to unreasonably withhold discovery in a different case and

needlessly increase the cost of litigation. *See, e.g.*, *LifeScan Scotland, Ltd. v. Shasta Techs.,*

*LLC*, No. 11 Civ. 4494, 2013 WL 5949629, at *4 (N.D. Cal. Nov. 6, 2013) (Orrick, J.) (Rule 37

provides the proper mechanism for enforcing a discovery order, including a protective order).

**B.      A Ruling on Relevance Redactions Now Advances the Goal of Efficiency.**

"A party seeking an ordinary protective order under Federal Rule of Civil Procedure

26(c) must show that 'specific prejudice or harm will result if no protective order is granted.'"

*Manning v. Uber Techs. Inc.*, 358 F. Supp. 3d 962, 963-64 (N.D. Cal. 2019) (Corley, M.J.)

(quoting *Ground Zero Ctr. for Non-Violent Action v. United States*, 860 F.3d 1244, 1260 (9th

Cir. 2017)). Here, if no protective order is granted, Plaintiff will be prejudiced by the delay

inevitably caused by Wells Fargo making the very same relevance redactions it "anticipates"

making that it made in the *Perez* litigation, and by the parties having to brief and appear for a

hearing on the issue and then await a decision. Applying redactions is typically the most time-

consuming and therefore burdensome step in a producing party's ESI review workflow.

Declaration of ESI Counsel Daniel Stromberg ("Stromberg Decl.") ¶ 7. If Wells Fargo is later

prohibited from making relevance redactions, it would then have to re-review, unredact, and

reproduce the documents it produced with redactions, and Plaintiff's counsel would need to re-

process and re-review the documents. *Id.* ¶ 11. In the *Perez* case, Plaintiff lost many months in

discovery time raising this issue, twice, and then awaiting the re-production of unredacted

documents. *Id.* ¶ 12.

Accordingly, given the substantial likelihood of potential delay caused by Wells Fargo's

indication that it "anticipates" again making relevance redactions—particularly in light of the

time and resources already expended on this issue in the *Perez* case, as well as Judge Laporte's

clear and definitive rulings—the most efficient course of action is to set a binding ground rule now to govern the production of ESI in this litigation. *Cf. Hardin v. Mendocino Coast Dist. Hosp.*, No. 17 Civ. 5554, 2019 WL 4256383, at \*1 (N.D. Cal. Sept. 9, 2019) (Hixson, M.J.) (citing Fed. R. Civ. P. 26(f)(1)) ("Rule 26 makes clear that the scope of ESI production should be addressed at the beginning of discovery."). A ruling now also strongly aligns with the aims of the Federal Rules regarding the production of ESI. The primary goal of establishing protocols for dealing with ESI at the outset of the case, rather than tackling issues and disputes as they come up, is to pursue the directives of Rule 1 of the Federal Rules of Civil Procedure with regards to ESI and ensure that disputes, to the greatest extent possible, are resolved expeditiously and efficiently. Stromberg Decl. ¶ 14. A clear and definitive ruling now barring all relevance redactions directly advances these goals.

## V.    CONCLUSION

For these reasons, the Court should prohibit the parties from making redactions to otherwise responsive documents except to protect privilege, work product, or PII, and prohibit the parties from withholding attachments to emails or family members of email threads except to protect privilege, work product, or PII.

Dated:    New York, NY
          December 19, 2019

Respectfully submitted,

By: /s/ *Michael N. Litrownik*
        Michael N. Litrownik


Ossai Miazad\*
Michael N. Litrownik\*
OUTTEN & GOLDEN LLP
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

7

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California St., 12th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
718 7th Street NW
Washington, D.C. 20001
Telephone: 518-732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Benjamin D. Elga*
JUSTICE CATALYST LAW
81 Prospect Street
Brooklyn, NY 11201
Telephone: 518-732-6703
belga@justicecatalyst.org

*admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*