# Exhibit B

# Tapia Colin, Miguel

| | |
|---|---|
| **From:** | Litrownik, Michael |
| **Sent:** | Wednesday, December 18, 2019 3:13 PM |
| **To:** | Johnson, Karla L. |
| **Cc:** | deVyver, K. Issac; Griset, Jill Crawley; WFAuto Plaintiffs Counsel; Stromberg, Daniel |
| **Subject:** | RE: Peña v. Wells Fargo - prohibition on relevance redactions |

Hi Karla,

Impasse is determined by *conduct*, not empty phrases like "we are not at impasse." What we are at impasse over is whether your client will agree *now* to not do something in the future that you said it "anticipated" doing here and that it did extensively in *Perez*, causing us substantial delay and prejudice and unnecessary expenditure of resources. If you will not agree *now* not to make such relevance redactions, we are at impasse over that issue. Of course, we will attach all relevant material to our motion, including our email exchanges.

As you know, parties typically have and raise disputes at the outset of litigation about its parameters and contours. As an example, you requested in October 2019 that we agree to a stay of all discovery pending resolution of Wells Fargo's motion to dismiss. You requested our agreement to stay discovery before the parties had even commenced discovery, much less served any document requests. Because we would not agree *then* not to serve discovery before resolution of the motion, you filed a motion to stay discovery. As another example, we are currently negotiating a protective order to govern the protection of confidential information produced in discovery even though neither party has yet to produce any documents or information that they wish to designate as confidential. Relatedly on that issue, we will be forced to ask the Court soon to adopt our version of the protective order because it has been over a week since we sent you our further, minor proposed edits and you have not yet returned it to us with either any further edits or your agreement to file it. Even more concerning is that you have cited the fact that the parties have not yet stipulated to a protective order as a basis to withhold production of even our *client's direct auto loan application file*, which your declarant, Kent Gerloff, reviewed and attempted to use in support of your motion to stay discovery.

Finally, we are not willing to agree to any compromise that would require us to wait until the middle of the discovery period to raise and litigate disputes over relevance redactions, thereby causing the same prejudice and delay that obligate us to seek resolution of the issue now.

Best,

Mike

**Michael N. Litrownik**
**Pronouns: he/him/his**
347-390-2158

**From:** Johnson, Karla L. <KJohnson@mcguirewoods.com>
**Sent:** Wednesday, December 18, 2019 1:57 PM
**To:** Litrownik, Michael <mlitrownik@outtengolden.com>
**Cc:** deVyver, K. Issac <KdeVyver@mcguirewoods.com>; Griset, Jill Crawley <JGriset@mcguirewoods.com>; WFAuto Plaintiffs Counsel <WFAutoPlaintiffsCounsel@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Peña v. Wells Fargo - prohibition on relevance redactions

Mike,

We never said that we would just produce documents with redactions, leading to the concerns you raise below. We will agree, however, that we will meet and confer with you prior to making any redactions to documents (other than for privilege or PII), in order to avoid any of the concerns you raise below. Again, we do not know whether we will be making any redactions for reasons other than privilege or PII, so this is all hypothetical. And this issue in no way impacts document collection, so that is not an issue.

Again, there is no impasse, because there is no ripe dispute.  You know this, but you nevertheless seemed determined to file a motion to create an issue that does not exist.  If you file a motion over our objection, we ask that you attach this email, or we will in our opposition.  In addition, to the extent you sign a certification that the parties are at an impasse, we intend to cite this email as grounds to dispute that.

Thanks,
Karla

**Karla L. Johnson**
McGuireWoods LLP
T: +1 412 667 7927 | M: +1 724 986 3693

**From:** Litrownik, Michael <mlitrownik@outtengolden.com>
**Sent:** Wednesday, December 18, 2019 12:31 PM
**To:** Johnson, Karla L. <KJohnson@mcguirewoods.com>
**Cc:** deVyver, K. Issac <KdeVyver@mcguirewoods.com>; Griset, Jill Crawley <JGriset@mcguirewoods.com>; WFAuto Plaintiffs Counsel <WFAutoPlaintiffsCounsel@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Peña v. Wells Fargo - prohibition on relevance redactions

**EXTERNAL EMAIL; use caution with links and attachments**

Karla,

Thanks for the response. If we are unable to reach agreement now on a bright-line rule to prohibit relevance redactions for the entire litigation, before document collection and review begins in earnest, then we are at impasse. As we've noted many times, resolving the issue now serves important efficiency purposes and minimizes prejudice, delay, and the wasteful use of resources.

Contrary to your assertions, we are under no obligation to wait several months into the discovery period for your client to produce documents with the relevance redactions that you stated very clearly during our call your client "anticipates" making. Such delay will cause us prejudice (by the delay occasioned, well into the discovery period, through raising the issue and resolution, as well as the reproduction of the documents) and unnecessary burden and fees on both our parts because of the review and re-review of the documents.

Finally, we are not cutting off meet and confer efforts; to the contrary, I invited you to reach out today if you are willing to agree *now* on a bright-line rule now to avoid motion practice. Your email response below makes it abundantly clear that you are not willing to agree *now* to such a rule. If we have misinterpreted your position, please let us know immediately.

Best,

Mike

**From:** Johnson, Karla L. <KJohnson@mcguirewoods.com>
**Sent:** Wednesday, December 18, 2019 11:43 AM
**To:** Litrownik, Michael <mlitrownik@outtengolden.com>
**Cc:** deVyver, K. Issac <KdeVyver@mcguirewoods.com>; Griset, Jill Crawley <JGriset@mcguirewoods.com>; WFAuto Plaintiffs Counsel <WFAutoPlaintiffsCounsel@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Peña v. Wells Fargo - prohibition on relevance redactions

Mike,

First, I ask that you refrain from cutting off our prior meet and confer communications on this issue so that you can avoid the fact that we have repeatedly said that we will not know our position on this issue until we are at the point of

reviewing and producing documents.  I don't know how many times I can tell you that we do not know whether this will become a dispute in this case or not.  (I'm attaching our prior communications on this to ensure we have a full record.)

So the answer is clearly no, we are not an impasse.  There is no reason to bring some future hypothetical dispute to the Court's attention at this time and use judicial resources when there is no dispute.  We are under no obligation to include that issue in the ESI Stipulation, and in fact, we find it interesting that you are okay with leaving for another day a decision on non-responsive attachments in the text of the Stipulation, but are insistent on running to the Court on this issue.  As you are aware, the redaction issue is flagged in the Joint Case Management Statement, which will be teed up to the Court within the next month regardless.  This is nothing but gamesmanship and a waste of everyone's, including the Court's, time.

So just in case there is any confusion, we do not know whether this will become a dispute in this case, we have made no redactions, and we have produced no documents with redactions -- and therefore, there is no impasse.

Thanks,
Karla

**Karla L. Johnson**
McGuireWoods LLP
T: +1 412 667 7927 | M: +1 724 986 3693

**From:** Litrownik, Michael <mlitrownik@outtengolden.com>
**Sent:** Wednesday, December 18, 2019 10:36 AM
**To:** Johnson, Karla L. <KJohnson@mcguirewoods.com>
**Cc:** deVyver, K. Issac <KdeVyver@mcguirewoods.com>; Griset, Jill Crawley <JGriset@mcguirewoods.com>; WFAuto Plaintiffs Counsel <WFAutoPlaintiffsCounsel@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** Peña v. Wells Fargo - prohibition on relevance redactions

**EXTERNAL EMAIL; use caution with links and attachments**

Karla,

We write to confirm that we have reached impasse over whether the parties may permissibly make redactions in this case for any reason except to protect privilege, work product, or PII. This issue includes redactions made to otherwise responsive documents as well as to documents withheld altogether as email attachments or family members.

We will be filing a motion now to prohibit such redactions as a general rule consistent with Rule 1 and in the interests of efficiency, minimization of burden and expense, and avoidance of delay. Although it seems clear that your client will not agree to not make such redactions given our vigorous disagreement and multiple discussions by phone and email over the past several weeks, please let us know as soon as possible if that is no longer the case. We will need your client to agree in writing, whether by ESI stipulation or separate stipulation, not to make such redactions in this case. We are available to discuss today if it would be helpful.

Best,

Mike

**Michael N. Litrownik** | **Associate**
Pronouns: he/him/his
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2091

mlitrownik@outtengolden.com | Bio

☐ ☐ ☐ ☐

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*