# Exhibit F

December 27, 2018

**VIA ECF**
The Honorable Elizabeth D. Laporte, U.S. Magistrate Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom E
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    Joint Dispute Letter
       *Perez v. Wells Fargo Bank, N.A.*, Case No. 17 Civ. 454 (MMC)(EDL)

Dear Judge Laporte:

The parties, having met and conferred by telephone on August 30, 2018; via e-mail on September 5, 6, 10, 11, and November 16 and 26, 2018; and in person in Oakland, California on December 6, 2018, submit this joint discovery letter per the Court's Discovery Procedures and Order on Regular Meet and Confer Sessions, ECF Nos. 87 and 182, to resolve the below dispute.

Plaintiffs' Position: This is the second time Plaintiffs have been forced to seek relief from this Court regarding Wells Fargo's improper, unilateral redactions of discovery for reasons other than privilege or work product.  After the parties briefed[1] and appeared for a December 13, 2017 hearing on this very issue, the Court held that "[T]he only . . . redactions would be for truly privileged information, not irrelevant information," and that Defendants "obviously have to have a privilege log for anything that you're not producing." ECF No. 133 at 29:21-30:5.  On December 21, 2107, the Court reiterated in a written order that the parties are prohibited from redacting discovery based on relevance, but may redact documents based on privilege or work product protection.  ECF No. 120 at 7.  Wells Fargo has violated this Court's oral and written order by making relevance redactions to nearly 400 documents produced regarding Wells Fargo's credit card, student loan, Business Direct and personal loan lines of business to obscure what it claims is information related to its auto and home mortgage lending businesses.  Since late August 2018, Plaintiffs have repeatedly asked Wells Fargo to produce or reproduce these documents without redactions and Wells Fargo has refused.  Wells Fargo's conduct has now delayed—as it did nearly a year ago—the production of unredacted, relevant documents to which Plaintiffs are entitled.[2]

Wells Fargo argues that it may redact otherwise responsive and relevant documents regarding the business lines currently in this case because of Judge Chesney's orders dismissing Plaintiffs' claims of auto and home mortgage discrimination from Plaintiffs' Fourth Amended Complaint, striking those business lines from Plaintiffs' proposed class definition, and granting Wells Fargo's motion for relief from this Court's order permitting discovery as to those business lines.  ECF Nos.

---

[1]    *See* ECF No. 102 (Joint Discovery Dispute Letter on Unilateral Redactions).

[2]    Wells Fargo made its initial production of credit policy documents on November 6, 2017 with extensive redactions that made the documents unreadable and unusable to Plaintiffs. Plaintiffs raised the dispute to the Court, which agreed that redactions can only be made based on privilege or work product, not relevance.  ECF No. 120 at 7.  Wells Fargo reproduced the documents without redactions on December 22, 2017, delaying Plaintiffs' ability to comprehend and use the documents for nearly two months.

227 and 228.[3]  This position is based on the unsupportable premise, already rejected by this Court, that discovery is of words and pages, rather than of documents.  Moreover, instead of seeking reconsideration of this Court's redactions order or seeking a protective order in light of Judge Chesney's orders, Wells Fargo has determined for itself that it may violate this Court's redactions order, thereby forcing Plaintiffs to seek *for a second time* an order from this Court prohibiting Wells Fargo from making redactions in the future except to protect privilege or work product.

The material facts here are undisputed.  <u>First</u>, Plaintiffs have complied with Judge Chesney's August 15, 2018 order, ECF No. 228, and have not separately sought discovery on the mortgage or auto lines of business.[4]  <u>Second</u>, Wells Fargo has made these redactions to otherwise relevant and responsive emails and attachments, scrubbing information from the documents that is in plain view.  <u>Third</u>, this Court has already ruled that redactions are not permitted except as to claims of privilege or work product, and if Defendant produces redacted documents or withholds documents on the grounds of privilege or any other protective doctrine, the redacted or withheld documents must be accompanied by a privilege log.  <u>Fourth</u>, the context of several of the documents makes it appear unlikely that the redactions were limited to information relating purely to the mortgage and auto lines of business.  For example, one document discussing the credit underwriting policy for consumer lending provides that ████████████████████████████████████████ ██████████████████████████████ [5]  It is difficult to imagine how this redaction could apply to information about mortgage and auto and not to relevant information about credit cards.  Another document includes a chart ██████████████████████████████████████████████████████████ ████████████████████████████████████████ [6]  For all of these reasons, Wells Fargo's offer that it would review redactions that "had errors," or conduct a document-by-document examination of redactions, does not resolve Plaintiffs' concerns and is insufficient in light of this Court's order that such redactions are already improper.  Plaintiffs will not respond to Wells Fargo's speculation about their motives in seeking compliance with this order.

---

[3]      In ruling on Wells Fargo's motion for relief from this Court's discovery order, Judge Chesney noted the proper means to secure the relief that Wells Fargo sought was to move for reconsideration in front of the magistrate judge, but given the Court's ruling on the motion to strike and in the interest of judicial efficiency, held that Wells Fargo "need not provide discovery as to its mortgage loan and automobile loan practices."  ECF No. 228 at 1-2.

[4]      In the interest of efficiency, Plaintiffs included questions on mortgage and auto loans in discovery served during the stay, but repeatedly clarified to Defendant both orally and in writing that they would not press or pursue such discovery unless and until the stay was lifted.  Since the August 15, 2018 order resolving the scope of discovery, in addition to not serving written discovery specifically targeted to auto or home mortgage, Plaintiffs have complied in other ways. For example, Plaintiffs deposed Wells Fargo's head of consumer credit—a department which includes auto and home mortgage lending—on December 5, 2018, and agreed, at Wells Fargo's request, not to specifically question the witness on auto loans or home mortgages, but did reserve the right to pose or follow up on any questions that were appropriate in light of the witness's testimony.  Any questions that arose at the deposition regarding auto or home mortgages flowed directly from otherwise responsive exhibits or sought to clarify the witness's own testimony.

[5]      *See* Exhibit A.

[6]      *See* Exhibit B.

The mortgage and auto lines of business were struck from the case because Judge Chesney concluded that they were insufficiently similar to the credit card, student loan, small business loan, and personal loan lines of business for which claims were allowed to proceed. It follows from that conclusion that Plaintiffs cannot seek discovery as to the mortgage and auto lines of business, because they are no longer *relevant* to Plaintiffs' claims. But irrelevant information contained in plain view in relevant documents or deposition testimony cannot be shielded from production or questioning just because it is irrelevant. As this Court has already held, following the substantial weight of authority, *redactions for relevance are not permitted.* ECF No. 120 at 7; *see also Burris v. Versa Products, Inc.*, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) ("The practice of redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege and work-product protections."); ECF No 102 at 2 (listing cases). The only case Wells Fargo cites in support of its attempt to manufacture a new category of redactions "pursuant to Court order" characterizes such redactions as relevance redactions, holding that where damages discovery was bifurcated from fact discovery redactions were permitted where the redacted information "represents damages discovery *or is otherwise not relevant.*" *Dryer v. Nat'l Football League*, 2012 WL 12895563, at *6–7 (D. Minn. May 21, 2012) (emphasis added). Unlike in *Dryer*, the Court here has already ruled that such redactions are not permitted.

Because this Court has already determined that unilateral redactions based on relevance and responsiveness rather than privilege or the work product doctrine are not permitted, and because Plaintiffs have been forced to expend considerable time and resources attempting to *again* resolve this issue, first without and then with Court intervention, Plaintiffs request an order (i) requiring Wells Fargo to re-produce documents redacted for relevance without redactions and to not make such redactions in the future, and (ii) for reimbursement of reasonable attorneys' fees and costs associated with ensuring Wells Fargo's compliance with the Court's order. Rule 37(b)(2); *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981) ("Rule 37(b)(2) provides for the award of reasonable expenses and attorney's fees 'caused by the failure' to obey a court order….").[7]

<u>Defendant's Position</u>: At issue is Plaintiffs' request that Wells Fargo produce discovery related to claims that have been dismissed. In this lawsuit, Plaintiffs have attempted on numerous occasions to state claims relating to Wells Fargo's mortgage and auto lines of business, both on behalf of themselves and on behalf of putative class members. Judge Chesney has not only dismissed those claims, but she explicitly ordered that discovery as to those business lines was not to go forward on August 15, 2018. *See* ECF No. 227, 228. The redactions about which Plaintiffs now complain pertain to those dismissed lines of business. These are, accordingly, redactions made pursuant to Court order, not relevancy redactions, and Plaintiffs are doing nothing more than attempting to seek discovery that Judge Chesney has ruled is out of bounds. Indeed, as they admit in this letter, Plaintiffs have repeatedly violated Judge Chesney's Orders regarding discovery on Wells Fargo's mortgage and auto lines of business by serving discovery and asking deposition questions about those lines of business. These violations, which Plaintiffs concede, have occurred both before and

---

[7]  In arguing against the reimbursement of attorneys' fees, Wells Fargo cites to inapposite authority on the imposition of dismissal sanctions, which Plaintiffs do not request. *Multiven, Inc. v. Cisco Sys., Inc.*, No. 08 Civ. 05391, 2010 WL 2557335, at *1 (N.D. Cal. June 21, 2010) (Lloyd, M.J.) (citing *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (listing five factors courts consider in deciding whether to dismiss a case pursuant to Rule 37(b)(2) "[b]ecause the sanction of dismissal is such a harsh penalty")). Regardless, where the factors set forth in *Porter* are relevant, they favor the imposition of sanctions here.

after Judge Chesney's August 15, 2018 Order.  Moreover, before Plaintiffs involved the Court, Wells Fargo attempted to meet and confer with Plaintiffs regarding the redactions—even offering to review any redactions that Plaintiffs claimed had errors—and Plaintiffs refused, instead deciding to involve the Court.  Given these undisputed facts, there can be no other explanation than that Plaintiffs are seeking these unredacted documents in an attempt to manufacture yet another claim against Wells Fargo based on its mortgage and auto lines of business, a fact that Plaintiffs do not dispute in this letter.

Leading up to Judge Chesney's August 15, 2018 Orders, Plaintiffs had challenged Wells Fargo's position that its auto and home mortgage lines of business were not relevant to Plaintiffs' claims and that discovery should not be allowed for those lines of business for which Plaintiffs did not apply.  Wells Fargo moved to dismiss and to strike Plaintiffs' Third Amended Complaint as to any claims for auto or mortgage lending discrimination and to stay discovery related to those lines of business.  ECF Nos. 166, 167.  Those motions were granted in part and denied in part, allowing Plaintiffs an additional chance at amending to state a claim.  ECF 197.

Plaintiffs then filed a Fourth Amended Complaint, again attempting to state claims as to the mortgage and auto lines of business, which Wells Fargo again moved to strike and dismiss.  ECF Nos. 203, 219.  That motion to strike and dismiss was granted.  ECF No. 227.  Judge Chesney also granted in part the deferred section of Wells Fargo's Motion for Relief, ordering that "Wells Fargo need not provide discovery as to its mortgage loan and automobile loan practices."  ECF No. 228. Judge Chesney's Order was much broader than what Plaintiffs are entitled to request through discovery; it also addressed what Wells Fargo must provide.  *Id.* ("Wells Fargo *need not provide discovery . . .*") (emphasis added).  Plaintiffs are not entitled to this discovery and Wells Fargo was allowed to protect, under Judge Chesney's clear direction, information as to these two lines of business.

In an attempt to circumvent Judge Chesney's Order, Plaintiffs mischaracterize the redactions as "relevance redactions," but Wells Fargo's redactions are based on Judge Chesney's Order, not relevance.  None of the cases upon which Plaintiffs rely ordered removal of redactions where the court had specifically ordered that discovery was not to go forward as to that content.  For example, *In re Medeva Securities Litigation*, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995), is clearly distinguishable as there was not a previous court order under which the redactions were completed in that matter.  Instead, Wells Fargo posits that this is a situation where there is an "exceedingly persuasive justification" where such redactions may be permitted, as the *Burris* case that Plaintiffs cite, notes.

In fact, the District of Minnesota, which decided *Burris*, has a much more factually analogous case that was decided in the same timeframe as *Burris*.  That analogous case, *Dryer v. Nat'l Football League*, 2012 WL 12895563, at *6–7 (D. Minn. May 21, 2012), held that redactions as to damages were properly done on the basis of the court's prior order denying damages discovery at that point in the case.  *Id.* at *7 ("the Court orders that the Defendant is not compelled to unredact documents that have been redacted because the information represents damages discovery or is otherwise not relevant…").  This is more akin to the facts present here, where there is a clear court order in place prohibiting discovery on the auto and mortgage lines of business, and Wells Fargo followed that order by redacting its productions thereafter.

To the extent that Plaintiffs complain about the redaction themselves (like, for example, the documents are obscured or unintelligible), that argument should be rejected because Plaintiffs have

refused to meet and confer.  On multiple occasions, Wells Fargo agreed to re-review the redactions and discuss any issue with Plaintiffs, including any claim that Wells Fargo made a mistaken redaction.  Plaintiffs refused.  In fact, at the in person meet and confer, Wells Fargo agreed to take any documents that Plaintiffs felt were improperly redacted, or for which Plaintiffs complained that the redaction made the document incomprehensible, and re-review and reconsider any redaction.  Plaintiffs refused the compromise, declaring that the parties were at an impasse.  Rather than address the issue directly between the parties to solve the concern over redactions that make a document otherwise confusing, Plaintiffs instead really just seek to have all of the redactions removed.  This alone is evidence that Plaintiffs' concerns have nothing to do with the actual redactions or how they were done.

Furthermore, Plaintiffs' counsel's representations that they have not sought discovery in violation of Judge Chesney's Orders—and in a clear attempt to try to find a way to bring Wells Fargo's mortgage and auto lines of business back into this case with yet another amended complaint—is demonstrably false.  Judge Chesney first stayed discovery as to Wells Fargo's mortgage and auto lines of business back on January 30, 2018, which she extended on May 9, 2018.  Dkt. Nos. 151, 199.  Despite these orders, Plaintiffs continued to serve written discovery as to these lines of business, including requests for admissions on May 21 and 24, 2018, in violation of the Judge Chesney's Orders.  *See, e.g*., Exhibits C & D.  Plaintiffs also served notice of Federal Civil Rule 30(b)(6) depositions, which sought information about the mortgage and auto lines of business, in violation of Judge Chesney's Order.  Plaintiffs do not dispute serving this discovery after the stay was entered, but claim that they should be absolved because they did not "press or pursue" the discovery.  However, by serving the discovery and forcing Wells Fargo to object to that discovery (which they did), Plaintiffs' violated Judge Chesney's Order.

Further, after Judge Chesney's August 15, 2018 Order, Plaintiffs' counsel repeatedly questioned Wells Fargo's head of consumer credit about minimum eligibility requirements for certain products, while specifically referencing auto loans, in violation of the Order.  Plaintiffs concede their violation.  Thus, Plaintiffs' statement above that "Plaintiffs have complied with Judge Chesney's August 15, 2018 order, ECF No. 228, and have not separately sought discovery on the mortgage or auto lines of business" is simply untrue.  All of this confirms that Plaintiffs do not have a proper basis for seeking this discovery and, by seeking to remove the redactions, Plaintiffs are seeking class-wide discovery on Wells Fargo's home mortgage and automotive loan lines of business in violation of Judge Chesney's Order.

Finally, Plaintiffs' request for sanctions should be denied because Wells Fargo acted pursuant to Judge's Chesney's order; therefore, even if her Honor rules that the documents should be produced unredacted, Wells Fargo's actions were substantially justified.  Sanctions cannot be ordered if a party's actions were "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Further, Plaintiffs have failed to address any of the required elements to impose sanctions.  When considering whether to impose sanctions under FRCP 37(b)(2)(A), the district court must weigh five factors before doing so: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Multiven, Inc. v. Cisco Sys., Inc*., No. C08-05391 JW (HRL), 2010 WL 2557335, at *1 (N.D. Cal. June 21, 2010).  The key factors are prejudice and the availability of lesser sanctions.  *Id.*  Plaintiffs have not addressed either, or any of the requirements for that matter.  Accordingly, Plaintiffs' requests for sanctions should be denied.

Respectfully submitted,

/s/ Ossai Miazad                              /s/ K. Issac deVyver
Ossai Miazad                                 K. Issac deVyver

Counsel for Plaintiffs                       Counsel for Defendant

# EXHIBIT A

## Subject to Administrative Motion to Seal

# EXHIBIT B

## Subject to Administrative Motion to Seal

# EXHIBIT C

Jahan C. Sagafi    (Cal. Bar No. 224887)
Relic Sun          (Cal. Bar No. 306701)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rsun@outtengolden.com
rdempsey@outtengolden.com

Thomas A. Saenz (Cal. Bar No. 159430)
Joel Marrero       (Cal. Bar No. 275601)
Andrés Gallegos   (Cal. Bar No. 313090)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile:  (213) 629-0266
tsaenz@maldef.org
jmarrero@maldef.org
agallegos@maldef.org

*Attorneys for Plaintiffs and the Proposed Class*
*(Additional Counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MITZIE PEREZ, ANDRES ACOSTA, SERGIO BARAJAS, TERESA DIAZ VEDOY, VICTORIA RODAS, and SAMUEL TABARES VILLAFUERTE, individually and on behalf of all others similarly situated, and CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 17 Civ. 454 (MMC) <br><br> **PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

PROPOUNDING PARTY:                 PLAINTIFFS

RESPONDING PARTY:                  WELLS FARGO BANK, N.A., Defendant

SET NUMBER:                        ONE

TO WELLS FARGO BANK, N.A., AND ITS COUNSEL OF RECORD:

 Pursuant to Federal Rules of Civil Procedure Rule 36, Plaintiffs propound the following requests for admissions on Defendant.  These requests for admissions will be deemed admitted unless, within 30 days after being served, you serve on the requesting party a written answer or objection addressed to the matter and signed by you or your attorney.

 Plaintiffs request that you serve your responses on Plaintiffs' counsel, Outten & Golden, LLP, 685 Third Avenue, 25th Floor, New York, NY 10017, or at such other place as is agreed by counsel no later than 30 days after service.

 Pursuant to Civil Local Rule 36-1, and for the convenience of the parties and the Court, please quote each request for admission in full immediately preceding your response.

## **DEFINITIONS & INSTRUCTIONS**

 1. "DACA" means Deferred Action for Childhood Arrivals, as that term is used by U.S. Citizenship and Immigration Services ("USCIS").

 2. "TPS" means Temporary Protected Status, as that term is used by USCIS.

 3. "Covered Non-Citizen Resident" means any non-United States citizen who resided in the United States and who held either (i) DACA status, (ii) temporary protected status, or (iii) another legally protected status under any United States visa at the relevant time they applied or attempted to apply for credit from Wells Fargo.

 4. "Litigation" means this lawsuit, *Perez v. Wells Fargo Bank, N.A.*, No. 17-cv-00454 (N.D. Cal.)

 5. "Relevant Period" means from January 31, 2013 through the present.

 6. "Undocumented Aliens" has the same meaning as in WF-PEREZ-000000005: individuals who "do not possess the appropriate visa documentation to reside or work in the United States."

7.     "You," "Your," or "Wells Fargo" refer to Defendant Wells Fargo Bank, N.A.

8.     Unless other instructed, all Requests for Admissions cover the Relevant Period.

9.     If you claim that a Request is ambiguous, that contention shall not be a basis for refusing to respond, but you should identify the language that you content is ambiguous and set forth the interpretation that you employed in responding to the Request.

10.    If you claim that any of the Requests are objectionable, state your objection clearly and specifically identify which parts of the Request or the responses they require are objectionable and why.  If you assert that part of any Request is objectionable, please respond to those remaining parts of the Request to which you do not object.

11.    If cannot answer any portion or part of these Requests in full even after exercising due diligence to secure the information to do so, state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

12.    If you claim that any information requested is protected by the attorney-client privilege, the work product doctrine or any other privilege, respond to that part of each Request that does not require you to divulge privileged information.  For each part of any Request for which you claim a privilege, provide a log or list of such privileged information or documents and describe the factual basis for your claim of privilege in sufficient detail to permit the court to determine if your claim is valid.  Include in your "privilege log" the following: (a) brief description of the document or communication; (b) the date of the document or communication; (c) the name, title, job description and address of the transmitter of the document or communication; (d) the name, title, job description and address of any person to whom the communication was made or the document was sent or to whom copies were sent or circulated at any time; and (e) the nature of the privilege claimed.

13.    If any documents or things responsive to any of the Requests contained herein are claimed to be privileged or otherwise protected from discovery in whole or in part, state with particularity the nature and basis of the claim of privilege in sufficient detail to permit the Court to adjudicate the validity of such claim.

14.     These Requests shall be deemed to be continuing, and you are requested to supplement your answers if you obtain any additional information between the time the answers to these Requests are served and the time of trial.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:

Admit that You have had a policy that categorically excludes applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for student loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 2**:

Admit that You have had a policy that categorically excludes applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for unsecured credit cards throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 3**:

Admit that You have had a policy that categorically excludes applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 4**:

Admit that You have had a policy that categorically excludes applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for personal loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 5**:

Admit that You have had a policy that categorically excludes applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for auto loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 6**:

Admit that You have had a policy that categorically excludes applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for residential home mortgages throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 7**:

If You admit RFA No. 1, in whole or in part, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for student loans.

**REQUEST FOR ADMISSION NO. 8**:

If You admit RFA No. 2, in whole or in part, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 9**:

If You admit RFA No. 3, in whole or in part, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business.

**REQUEST FOR ADMISSION NO. 10**:

If You admit RFA No. 4, in whole or in part, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 11**:

If You admit RFA No. 5, in whole or in part, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 12**:

If You admit RFA No. 6, in whole or in part, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding (i) DACA status; (ii) TPS; or (iii) a legally protected status under any United States visa from eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 13**:

Admit that You consider, deem, or characterize applicants with DACA status as "Undocumented Aliens" for purposes of eligibility for student loans.

**REQUEST FOR ADMISSION NO. 14**:

Admit that You consider, deem, or characterize applicants with DACA status as "Undocumented Aliens" for purposes of eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 15**:

Admit that You consider, deem, or characterize applicants with DACA status as "Undocumented Aliens" for purposes of eligibility for business direct loans or credit products.

**REQUEST FOR ADMISSION NO. 16**:

Admit that You consider, deem, or characterize applicants with DACA status as "Undocumented Aliens" for purposes of eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 17**:

Admit that You consider, deem, or characterize applicants with DACA status as "Undocumented Aliens" for purposes of eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 18**:

Admit that You consider, deem, or characterize applicants with DACA status as "Undocumented Aliens" for purposes of eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 19**:

Admit that You do not consider, deem, or characterize applicants with DACA status to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for student loans.

**REQUEST FOR ADMISSION NO. 20**:

Admit that You do not consider, deem, or characterize applicants with DACA status to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 21**:

Admit that You do not consider, deem, or characterize applicants with DACA status to have "legal residency status" or "valid supporting residency documents" for purposes of determining foreign or domestic ownership of a business for which that individual has sought a business direct loan or credit product.

**REQUEST FOR ADMISSION NO. 22**:

Admit that You do not consider, deem, or characterize applicants with DACA status to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 23**:

Admit that You do not consider, deem, or characterize applicants with DACA status to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 24**:

Admit that You do not consider, deem, or characterize applicants with DACA status to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 25**:

Admit that You do not consider, deem, or characterize applicants with TPS to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for student loans.

**REQUEST FOR ADMISSION NO. 26**:

Admit that You do not consider, deem, or characterize applicants with TPS to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 27**:

Admit that You do not consider, deem, or characterize applicants with TPS to have "legal residency status" or "valid supporting residency documents" for purposes of determining foreign or domestic ownership of a business for which that individual has sought a business direct loan or credit product.

**REQUEST FOR ADMISSION NO. 28**:

Admit that You do not consider, deem, or characterize applicants with TPS to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 29**:

Admit that You do not consider, deem, or characterize applicants with TPS to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 30**:

Admit that You do not consider, deem, or characterize applicants with TPS to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 31**:

Admit that You do not consider, deem, or characterize applicants with status under any United States visa to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for student loans.

**REQUEST FOR ADMISSION NO. 32**:

Admit that You do not consider, deem, or characterize applicants with status under any United States visa to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 33**:

Admit that You do not consider, deem, or characterize applicants with status under any United States visa to have "legal residency status" or "valid supporting residency documents" for purposes of determining foreign or domestic ownership of a business for which that individual has sought a business direct loan or credit product.

**REQUEST FOR ADMISSION NO. 34**:

Admit that You do not consider, deem, or characterize applicants with status under any United States visa to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 35**:

Admit that You do not consider, deem, or characterize applicants with status under any United States visa to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 36**:

Admit that You do not consider, deem, or characterize applicants with status under any United States visa to have "legal residency status" or "valid supporting residency documents" for purposes of eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 37**:

Admit that in approximately August 2015, You canceled Plaintiff Andres Acosta's Business Platinum Credit Card, account ending in 9510, pursuant to Your business direct policy's categorical exclusion of applicants with DACA status who hold a greater than 24% ownership interest in the business for which they sought a business direct loan or credit product.

**REQUEST FOR ADMISSION NO. 38**:

Admit that on or about approximately September 8, 2015, You denied Plaintiff Andres Acosta an Equipment Express Loan for his business, A.A. Construction LLC, pursuant to either Your business direct policy's categorical exclusion of applicants with DACA status who hold a greater than 24% ownership interest in the business for which they seek credit or a loan or Your unsecured credit card policy's categorical exclusion of applicants with DACA status.

**REQUEST FOR ADMISSION NO. 39**:

Admit that on or about approximately June 22, 2016, Plaintiff Sergio Barajas was told by Your employee that his pending application for an unsecured credit card would be denied because he was not a U.S. citizen or legal permanent resident.

**REQUEST FOR ADMISSION NO. 40**:

Admit that if Plaintiff Sergio Barajas had not withdrawn his pending application for an unsecured credit card on or about approximately June 22, 2016, Barajas would have been denied that credit card pursuant to Your unsecured credit card policy's categorical exclusion of applicants with DACA status.

**REQUEST FOR ADMISSION NO. 41**:

Admit that in approximately June 2016, You denied Plaintiff Victoria Rodas a student loan pursuant to Your student loan policy's categorical exclusion of applicants with DACA status.

**REQUEST FOR ADMISSION NO. 42**:

Admit that on or about approximately January 30, 2017, You denied Plaintiff Samuel Tabares Villafuerte an unsecured credit card pursuant to Your unsecured credit card policy's categorical exclusion of applicants with DACA status.

**REQUEST FOR ADMISSION NO. 43**:

Admit that on or about approximately February 8, 2017, You denied Plaintiff Teresa Diaz-Vedoy an unsecured credit card pursuant to Your unsecured credit card policy's categorical exclusion of Covered Non-Citizen Residents.

**REQUEST FOR ADMISSION NO. 44**:

Admit that no facts exist regarding, supporting, or underlying Your Affirmative Defense that "Plaintiffs' and/or the putative class members' claims are barred because Defendant's credit decisions were permitted under federal law."

**REQUEST FOR ADMISSION NO. 45**:

Admit that no facts exist regarding, supporting, or underlying Your Affirmative Defense that "Plaintiffs' and/or the putative class members' claims are barred because Defendant's legitimate credit decisions were not a pretext for intentional discrimination."

**REQUEST FOR ADMISSION NO. 46**:

Admit that You have conducted no analysis, assessment, or research regarding business reasons or justifications for Your student loan policy's categorical exclusion of Covered Non-Citizen Residents from eligibility for student loans.

**REQUEST FOR ADMISSION NO. 47**:

Admit that You have conducted no analysis, assessment, or research regarding business reasons or justifications for Your unsecured credit card policy's categorical exclusion of Covered Non-Citizen Residents from eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 48**:

Admit that You have conducted no analysis, assessment, or research regarding business reasons or justifications for Your business direct policy's categorical exclusion Covered Non-Citizen Residents who hold a greater than 24% ownership interest in the business for which they seek a business direct loan or credit product from eligibility for that loan or credit product.

**REQUEST FOR ADMISSION NO. 49**:

Admit that You have conducted no analysis, assessment, or research regarding business reasons or justifications for Your personal loan policy's categorical exclusion of Covered Non-Citizen Residents from eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 50**:

Admit that You conducted no analysis, assessment, or research regarding business reasons or justifications for Your auto loan policy's categorical exclusion of Covered Non-Citizen Residents from eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 51**:

Admit that You conducted no analysis, assessment, or research regarding business reasons or justifications for Your auto loan policy's categorical exclusion of Covered Non-Citizen Residents from eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 52**:

Admit that Plaintiff Mitzie Perez brought her claims against You in this Litigation within the relevant statute of limitations periods.

**REQUEST FOR ADMISSION NO. 53**:

Admit that Plaintiff Andres Acosta brought his claims against You in this Litigation within the relevant statute of limitations period.

**REQUEST FOR ADMISSION NO. 54**:

Admit that Plaintiff Sergio Barajas brought his claims against You in this Litigation within the relevant statute of limitations periods.

**REQUEST FOR ADMISSION NO. 55**:

Admit that Plaintiff Teresa Diaz Vedoy brought her claims against You in this Litigation within the relevant statute of limitations periods.

**REQUEST FOR ADMISSION NO. 56**:

Admit that Plaintiff Victoria Rodas brought her claims against You in this Litigation within the relevant statute of limitations periods.

**REQUEST FOR ADMISSION NO. 57**:

Admit that Plaintiff Samuel Tabares Villafuerte brought his claims against You in this Litigation within the relevant statute of limitations periods.

**REQUEST FOR ADMISSION NO. 58**:

Admit that Plaintiff LULAC brought its claims against You in this Litigation within the relevant statute of limitations periods.

**REQUEST FOR ADMISSION NO. 59**:

Admit that no arbitration clause or similar agreement exists or has ever existed between You and any Plaintiff in this Litigation.

**REQUEST FOR ADMISSION NO. 60**:

Admit that You have not, throughout the entire Relevant Period, required applicants for (i) student loans; (ii) unsecured credit cards; (iii) business direct loans or credit products; (iv) personal loans; (v) auto loans; or (vi) residential home mortgages to enter into arbitration clauses or similar agreements with You to apply for a loan or credit product with You.

**REQUEST FOR ADMISSION NO. 61:**

If You admit RFA No. 60, in whole or in part, admit that no arbitration clause or similar agreement exists or has ever existed between You and any proposed class member in this Litigation.

Dated:   Washington, DC
         May 21, 2018

By: _____

**OUTTEN & GOLDEN LLP**
Patrick David Lopez*

Daniel S. Stromberg*
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:   (202) 847-4410
pdl@outtengolden.com
dstromberg@outtengolden.com

Jahan C. Sagafi    (Cal. Bar No. 224887)
Relic Sun          (Cal. Bar No. 306701)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP

One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:(415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rsun@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Thomas A. Saenz  (Cal. Bar No. 159430)
Joel Marrero        (Cal. Bar No.  275601)
Andrés Gallegos    (Cal. Bar No. 313090)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile:  (213) 629-0266
tsaenz@maldef.org
jmarrero@maldef.org
agallegos@maldef.org

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Proposed Class*

# EXHIBIT D

Jahan C. Sagafi    (Cal. Bar No. 224887)
Relic Sun         (Cal. Bar No. 306701)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rsun@outtengolden.com
rdempsey@outtengolden.com

Thomas A. Saenz (Cal. Bar No. 159430)
Joel Marrero      (Cal. Bar No. 275601)
Andrés Gallegos   (Cal. Bar No. 313090)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile:  (213) 629-0266
tsaenz@maldef.org
jmarrero@maldef.org
agallegos@maldef.org

*Attorneys for Plaintiffs and the Proposed Class*
*(Additional Counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| MITZIE PEREZ, ANDRES ACOSTA, SERGIO BARAJAS, TERESA DIAZ VEDOY, VICTORIA RODAS, and SAMUEL TABARES VILLAFUERTE, individually and on behalf of all others similarly situated, and CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS,<br><br>           Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>           Defendant. | **Case No. 17 Civ. 454 (MMC)**<br><br>**PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS** |

PROPOUNDING PARTY:              PLAINTIFFS

RESPONDING PARTY:              WELLS FARGO BANK, N.A., Defendant

SET NUMBER:                      TWO

TO WELLS FARGO BANK, N.A., AND ITS COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 36, Plaintiffs propound the following requests for admissions on Defendant.  These requests for admissions will be deemed admitted unless, within 30 days after being served, you serve on the requesting party a written answer or objection addressed to the matter and signed by you or your attorney.

Plaintiffs request that you serve your responses on Plaintiffs' counsel, Outten & Golden, LLP, 685 Third Avenue, 25th Floor, New York, NY 10017, or at such other place as is agreed by counsel no later than 30 days after service.

Pursuant to Civil Local Rule 36-1, and for the convenience of the parties and the Court, please quote each request for admission in full immediately preceding your response.

## **DEFINITIONS & INSTRUCTIONS**

1. "DACA" means Deferred Action for Childhood Arrivals, as that term is used by U.S. Citizenship and Immigration Services ("USCIS").

2. "TPS" means Temporary Protected Status, as that term is used by USCIS.

3. "Covered Non-Citizen Resident" means any non-United States citizen who resided in the United States and who held either (i) DACA status, (ii) temporary protected status, or (iii) another legally protected status under any United States visa at the relevant time they applied or attempted to apply for credit from Wells Fargo.

4. "Litigation" means this lawsuit, *Perez v. Wells Fargo Bank, N.A.*, No. 17-cv-00454 (N.D. Cal.).

5. "Relevant Period" means from January 31, 2013 through the present.

6. "Undocumented Aliens" has the same meaning as in WF-PEREZ-000000005: individuals who "do not possess the appropriate visa documentation to reside or work in the United States."

7.      "You," "Your," or "Wells Fargo" refer to Defendant Wells Fargo Bank, N.A.

8.      Unless otherwise instructed, all Requests for Admissions cover the Relevant Period.

9.      If you claim that a Request is ambiguous, that contention shall not be a basis for refusing to respond, but you should identify the language that you content is ambiguous and set forth the interpretation that you employed in responding to the Request.

10.      If you claim that any of the Requests are objectionable, state your objection clearly and specifically identify which parts of the Request or the responses they require are objectionable and why.  If you assert that part of any Request is objectionable, please respond to those remaining parts of the Request to which you do not object.

11.      If cannot answer any portion or part of these Requests in full even after exercising due diligence to secure the information to do so, state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

12.      If you claim that any information requested is protected by the attorney-client privilege, the work product doctrine or any other privilege, respond to that part of each Request that does not require you to divulge privileged information.  For each part of any Request for which you claim a privilege, provide a log or list of such privileged information or documents and describe the factual basis for your claim of privilege in sufficient detail to permit the court to determine if your claim is valid.  Include in your "privilege log" the following: (a) brief description of the document or communication; (b) the date of the document or communication; (c) the name, title, job description and address of the transmitter of the document or communication; (d) the name, title, job description and address of any person to whom the communication was made or the document was sent or to whom copies were sent or circulated at any time; and (e) the nature of the privilege claimed.

13.      If any documents or things responsive to any of the Requests contained herein are claimed to be privileged or otherwise protected from discovery in whole or in part, state with

particularity the nature and basis of the claim of privilege in sufficient detail to permit the Court to adjudicate the validity of such claim.

14.    These Requests shall be deemed to be continuing, and you are requested to supplement your answers if you obtain any additional information between the time the answers to these Requests are served and the time of trial.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have had a policy that categorically excludes applicants holding DACA status from eligibility for student loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You have had a policy that categorically excludes applicants holding TPS from eligibility for student loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You have had a policy that categorically excludes applicants holding a legally protected status under any United States visa from eligibility for student loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have had a policy that categorically excludes applicants holding DACA status from eligibility for unsecured credit cards throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You have had a policy that categorically excludes applicants holding TPS from eligibility for unsecured credit cards throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You have had a policy that categorically excludes applicants holding a legally protected status under any United States visa from eligibility for unsecured credit cards throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You have had a policy that categorically excludes applicants holding DACA status who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You have had a policy that categorically excludes applicants holding TPS who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You have had a policy that categorically excludes applicants holding a legally protected status under any United States visa who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You have had a policy that categorically excludes applicants holding DACA status from eligibility for personal loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You have had a policy that categorically excludes applicants holding TPS from eligibility for personal loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You have had a policy that categorically excludes applicants holding a legally protected status under any United States visa from eligibility for personal loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You have had a policy that categorically excludes applicants holding DACA status from eligibility for auto loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 14:**

Admit that You have had a policy that categorically excludes applicants holding TPS from eligibility for auto loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 15:**

Admit that You have had a policy that categorically excludes applicants holding a legally protected status under any United States visa from eligibility for auto loans throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You have had a policy that categorically excludes applicants holding DACA status from eligibility for residential home mortgages throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 17:**

Admit that You have had a policy that categorically excludes applicants holding TPS from eligibility for residential home mortgages throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You have had a policy that categorically excludes applicants holding a legally protected status under any United States visa from eligibility for residential home mortgages throughout the entire Relevant Period.

**REQUEST FOR ADMISSION NO. 19:**

If You admit RFA No. 1, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding DACA status from eligibility for student loans.

**REQUEST FOR ADMISSION NO. 20:**

If You admit RFA No. 2, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding TPS from eligibility for student loans.

**REQUEST FOR ADMISSION NO. 21:**

If You admit RFA No. 3, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding a legally protected status under any United States visa from eligibility for student loans.

**REQUEST FOR ADMISSION NO. 22:**

If You admit RFA No. 4, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding DACA status from eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 23:**

If You admit RFA No. 5, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding TPS from eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 24:**

If You admit RFA No. 6, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding a legally protected status under any United States visa from eligibility for unsecured credit cards.

**REQUEST FOR ADMISSION NO. 25:**

If You admit RFA No. 7, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding DACA status who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business.

**REQUEST FOR ADMISSION NO. 26:**

If You admit RFA No. 8, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding TPS who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business.

**REQUEST FOR ADMISSION NO. 27:**

If You admit RFA No. 9, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding a legally protected status under any United States visa who hold a greater than 24% ownership interest in a business from eligibility for business direct loans or credit products for that business.

**REQUEST FOR ADMISSION NO. 28:**

If You admit RFA No. 10, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding DACA status from eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 29:**

If You admit RFA No. 11, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding TPS from eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 30:**

If You admit RFA No. 12, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding a legally protected status under any United States visa from eligibility for personal loans.

**REQUEST FOR ADMISSION NO. 31:**

If You admit RFA No. 13, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding DACA status from eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 32:**

If You admit RFA No. 14, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding TPS from eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 33:**

If You admit RFA No. 15, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding a legally protected status under any United States visa from eligibility for auto loans.

**REQUEST FOR ADMISSION NO. 34:**

If You admit RFA No. 16, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding DACA status from eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 35:**

If You admit RFA No. 17, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding TPS from eligibility for residential home mortgages.

**REQUEST FOR ADMISSION NO. 36:**

If You admit RFA No. 18, admit that You have made no exceptions to Your policy's categorical exclusion of applicants holding a legally protected status under any United States visa from eligibility for residential home mortgages.

Dated:  Washington, DC
        May 24, 2018

By: _____

**OUTTEN & GOLDEN LLP**
Patrick David Lopez*

Daniel S. Stromberg*
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:   (202) 847-4410
pdl@outtengolden.com
dstromberg@outtengolden.com

Jahan C. Sagafi    (Cal. Bar No. 224887)
Relic Sun          (Cal. Bar No. 306701)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:(415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rsun@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Thomas A. Saenz  (Cal. Bar No. 159430)
Joel Marrero       (Cal. Bar No.  275601)
Andrés Gallegos   (Cal. Bar No. 313090)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile:  (213) 629-0266
tsaenz@maldef.org
jmarrero@maldef.org

- 9 -

agallegos@maldef.org

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Proposed Class*