# Exhibit G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITZIE PEREZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No.17-cv-00454-MMC   (EDL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF UNREDACTED DOCUMENTS**<br><br>Re: Dkt. No. 237 |

For the second time in this case, Plaintiffs have moved the Court to order Defendant Wells Fargo to re-produce documents without relevancy redactions. The first time the issue was before the Court it unequivocally ruled that "Defendant may not redact documents based on relevance." Dkt. No. 120, December 27, 2017 discovery order.

Notwithstanding this Court's prior ruling, Defendant contends that their decision to redact nearly 400 documents to remove information regarding its mortgage and auto lines of business from documents that were otherwise related to Defendant's credit card, student loan, Business Direct, and personal loan lines of business was made pursuant to Judge Chesney's orders dated August 15, 2018. In one order, Judge Chesney dismissed Plaintiffs' claims about the mortgage and auto lines but allowed their claims as to the credit card, student loan, Business Direct, and personal loan lines to go forward. Dkt. No. 227. In a separate order, Judge Chesney ruled that in light of her decision to dismiss the claims regarding the mortgage and auto lines Defendant "need not provide discovery as to its mortgage loan and automobile loan practices." Dkt. No. 228.

The Court reads Judge Chesney's order to relieve Defendant of any obligation to respond to discovery requests specifically directed to information about the mortgage or auto loan lines or to produce documents that only concern those two lines. The August 15, 2018 order does not give Defendant license to redact any reference to the mortgage or auto loan lines that could be found in

a document that was otherwise responsive to a request for information about the lines of business that remain in the case. The delay and distrust caused by Defendant's decision to redact this recent batch of documents are the precise reasons why relevancy redactions are ill advised. The parties' protective order is sufficient to protect the confidentiality of information associated with these other lines of business. The Court need not speculate as to Plaintiffs' interest in the redactions as there are ample legitimate reasons why the redactions are not allowed.

Plaintiffs request an award of their attorneys' fees and costs in bringing this motion. Federal Rule of Civil Procedure 37 provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The Court may issue an order awarding the moving party's reasonable expenses, unless the failure to comply with a discovery order was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Defendant did not comply with the Court's order prohibiting relevancy redactions, so Rule 37(b) applies. However, while a close question, the Court will not impose sanctions at this time because Defendant's interpretation of Judge Chesney's order was not wholly untenable.

Accordingly, Plaintiffs' motion to compel is GRANTED. Defendant is ordered to re-produce the documents in unredacted form within 7 days of this order.

**IT IS SO ORDERED.**

Dated: January 8, 2019

ELIZABETH D. LAPORTE
United States Magistrate Judge