Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone:	(415) 638-8800
Facsimile:	(415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
718 7th Street NW
Washington, D.C. 20001
Telephone: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Benjamin D. Elga*
JUSTICE CATALYST LAW
81 Prospect Street
Brooklyn, NY 11201
Telephone: 518-732-6703
belga@justicecatalyst.org

*admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **Case No. 19-cv-04065-MMC**<br><br>**DECLARATION OF ESI COUNSEL DANIEL STROMBERG IN SUPPORT OF MOTION FOR PROTECTIVE ORDER UNDER RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

I, Daniel Stromberg, declare under penalty of perjury of the laws of the United States:

1. I am E-Discovery Counsel at Outten & Golden LLP, counsel to Plaintiff.

2. I have over ten years of experience dedicated to electronic discovery, in both legal and technical roles at law firms and technology vendors.

3. In my capacity as E-Discovery Counsel, I advise clients and counsel on e-discovery obligations and technical solutions, and direct and supervise litigation support resources and managed reviews.

4. I have directed and supervised hundreds of document review projects, and managed hundreds of individuals reviewing documents, as both a producing party and as a requesting party.

5. As a producing party, the review of documents itself is typically the most time-intensive and expensive step taken to respond to document discovery obligations.

6. In a producing party's document review, the most time-intensive step, and therefore the most expensive one, is identifying information that the producing party believes warrants redaction, if applicable, and applying said redactions.

7. As a requesting party, document review of produced documents is typically the most expensive and time-intensive step in a discovery workflow.

8. Both producing and requesting parties incur nominal, but real, costs and hours spent creating and importing production deliverables, respectively.

9. A document reviewer's ability to assess and analyze a document is impaired by redactions because redactions degrade the document from its original form, i.e., compared to how the producing party is able to search, review, and assess it, in contravention of Rule 34(b). *See* Advisory Committee note to 2006 amendment (noting that ESI "should not be produced in a form that removes or significantly degrades" its searchability).

10. A redacted document also impairs counsel's ability to obtain necessary context and explanatory information from the unredacted portion of the document.

1

11. Many months in the discovery period are lost, and unnecessary costs incurred, where a producing party is forced to re-review, unredact, and reproduce documents it produced with redactions, and the receiving party is forced to re-process and re-review documents with altered redactions or added attachments.

12. This substantial delay and unnecessary expenditure of costs is what happened in the *Perez* litigation as a result of Wells Fargo extensively making relevance redactions to its first document production, and then by failing to abide by Judge Laporte's order prohibiting relevance redactions later in the case.

13. In this case, it is my opinion as an E-Discovery professional that the parties should be bound at the outset of this litigation to guidelines that instruct what content, if any, can be redacted or withheld, to avoid costly and duplicative work by both parties.

14. The primary goal of establishing protocols for dealing with ESI at the outset of the case, rather than addressing issues and disputes piecemeal as they come up, is to pursue the directives of Rule 1 with regards to ESI and ensure that disputes, to the greatest extent possible, are resolved expeditiously and efficiently. *See* Fed. R. Civ. P. 1 ("[The federal rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 19, 2019, in Charlottesville, Virginia.

/s/ *Daniel Stromberg*
Daniel Stromberg

Daniel Stromberg (*pro hac vice* admission pending)
OUTTEN & GOLDEN LLP
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
dstromberg@outtengolden.com