United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDUARDO PEÑA,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No.  19-cv-04065-MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY OR BIFURCATE DISCOVERY**

Re: Dkt. Nos. 39, 40

Before the Court are two motions:  (1) defendant's "Motion to Dismiss," filed October 28, 2019; and (2) defendant's "Motion to Stay Discovery . . . , and in the Alternative, to Bifurcate Discovery," filed October 28, 2019.  Both motions have been fully briefed.[1]  Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

## BACKGROUND

For purposes of the instant motion, the Court assumes the following allegations in the operative complaint, the First Amended Complaint ("FAC"), are true.

Plaintiff Eduardo Peña "obtained status under DACA [Deferred Action for Childhood Arrivals] along with a Social Security number and federal work authorization in

---

[1]Defendant's reply in support of its motion to stay or bifurcate discovery was submitted in double-sided format.  For future reference, defendant is advised that all future chambers copies must be submitted in single-sided format.  See Standing Orders for Civil Cases Assigned to The Honorable Maxine M. Chesney ¶ 2; Civil L.R. 3-4(c)(2) (providing "text must appear on one side only").

[2]By order filed December 5, 2019, the Court took the matters under submission.

or around 2012" and "[h]e has since renewed his DACA status three times." (<u>See</u> FAC ¶ 9.) He presently is employed as a "tax manager." (<u>See</u> FAC ¶ 8.)

"In or around November 2018," plaintiff "submitted an online application for an auto loan through the Wells Fargo website," and, "[w]hen the online application requested that he enter his citizenship status," he selected "non-resident alien." (<u>See</u> FAC ¶ 49.) "At some point after [plaintiff] submitted his application," defendant "conducted a hard credit check and pull of his consumer report from one or more credit bureaus." (<u>See</u> FAC ¶ 50.) At another point after he submitted his application, plaintiff "received a phone call from a Wells Fargo representative to process the loan" and said representative "provided him with additional paperwork to complete and asked him for a copy of his Social Security card." (<u>See</u> FAC ¶ 51.) After plaintiff provided his Social Security card, the representative then asked him for "a copy of his work permit," which plaintiff also provided. (<u>See id.</u>) Thereafter, the representative told plaintiff he was "ineligible for the loan because his DACA status expired within the loan period" (<u>see id.</u>); plaintiff's "creditworthiness" was "not consider[ed]" (<u>see</u> FAC ¶ 52.) Although plaintiff subsequently requested defendant send him a "written explanation" for the denial, he did not receive an explanation that "accurately stated the reason." (<u>See</u> FAC ¶ 53.)

Based on said allegations, plaintiff alleges three claims for relief, specifically, (1) "Alienage Discrimination (42 U.S.C. § 1981)"; (2) "Failure to Provide Written Notice of Reason for Denial (ECOA, 15 U.S.C. § 1691 and 12 C.F.R. § 1002.9(a))"; and (3) "Obtaining Consumer Reports Without a Permissible Purpose (FCRA, 15 U.S.C. § 1681b(f))."

## DISCUSSION

**A. Motion to Dismiss**

The Court considers plaintiff's three claims, in turn.

**1. First Claim: Alienage Discrimination**

In the First Claim for Relief, plaintiff alleges defendant's denial of his application for an automobile loan violated 42 U.S.C. § 1981, which statute provides, in relevant part,

1  that "[a]ll persons within the jurisdiction of the United States shall have the same right in

2  every State and Territory to make and enforce contracts . . . as is enjoyed by white

3  citizens." See 42 U.S.C. § 1981(a).  Section 1981 "protect[s] primarily against racial

4  discrimination" but also "protects against discrimination on the basis of alienage." See

5  Sagana v. Tenorio, 384 F.3d 731, 738 (9th Cir. 2004).

6      At the outset, the Court notes that several issues bearing on plaintiff's § 1981

7  claim are not directly addressed by the parties in their respective submissions, and,

8  consequently, the Court, without making a finding herein as to how such issues should be

9  resolved, assumes the following:  (1) aliens protected by § 1981 are aliens who are

10  lawfully present in the country, see Anderson v. Conboy, 156 F.3d 167, 180 (2nd Cir.

11  1998) (finding "[i]f an employer refuses to hire a person because that person is in the

12  country illegally, that employer is discriminating on the basis not of alienage but of

13  noncompliance with federal law"); (2) DACA recipients are considered to be lawfully in

14  the country, see Arizona Dream Act Coalition v. Brewer, 757 F.3d 1053, 1059 (9th Cir.

15  2014 (observing Department of Homeland Security "considers DACA recipients not to be

16  unlawfully present in the United States"); and (3) the length of the loan plaintiff sought

17  from defendant extended beyond the date his DACA status would expire if not renewed

18  (see FAC ¶ 51).

19      Next, it is undisputed that, if a person is "approved into the DACA program," the

20  person is "granted a renewable two-year term of deferred action." See Regents of the

21  University of California v. United States Department of Homeland Security, 908 F.3d 476,

22  490 (9th Cir. 2018).  Stated otherwise, all DACA recipients must seek a renewal every

23  two years.  In light of the factual allegations in the FAC, "accept[ed] as true," see Ashcroft

24  v. Iqbal, 556 U.S. 662, 678 (2009), as well as the assumptions identified above, the Court

25  finds defendant's denial of plaintiff's application, allegedly based on a requirement that

26  plaintiff's DACA status not expire during the above-referenced loan period, constitutes a

27  //

28  //

a violation of § 1981.[3]

Accordingly, defendant has not shown the First Claim for Relief is subject to dismissal.

**2. Second Claim: Failure to Provide Written Notice of Reason for Denial**

In the Second Claim for Relief, plaintiff alleges defendant did not provide him with a written notice that "accurately stated the reasons for its denial" (see FAC ¶ 90), in violation of 15 U.S.C. § 1691, which requires a creditor to provide a "statement of reasons" that "contains the specific reasons" for the denial, see 15 U.S.C. § 1691(d)(2)-(3), and in violation of 12 C.F.R. § 1002.9, which similarly requires a creditor to provide a "statement of specific reasons" that "indicate[s] the principal reason(s)" for the denial, see 12 C.F.R. § 1002.9(a)(2)(ii), § 1002.9(b)(2).

As defendant correctly observes, plaintiff fails to allege any facts to support his conclusory assertion that the reasons stated in the notice he received were not "accurate," and, consequently, he fails to state a cognizable claim. See Iqbal, 556 U.S. at 679 (holding courts "not bound to accept as true a legal conclusion couched as a factual allegation"); Harding v. Time Warner, Inc., 2009 WL 2575898, at *3-4 (S.D. Cal. August 18, 2009) (finding complaint lacked "sufficient non-conclusory factual content" where plaintiff alleged defendant employer did not "keep accurate records of all hours worked by its employees" and did not "provide accurate Itemized Wage Statements") (internal quotations and citations omitted).

Accordingly, the Second Claim for Relief is subject to dismissal.

---

[3]In support of its motion to stay or bifurcate discovery, defendant has submitted evidence that, according to defendant, shows it denied plaintiff's application because he did not submit certain requested material and that, if such material had been submitted, defendant could have found plaintiff eligible for the loan. Defendant does not, however, rely on such evidence in support of its motion to dismiss (see Def.'s Reply Mem. in Support of Mot. to Stay Discovery at 4:9-12), which material, in any event, cannot be considered in connection with such motion. See Intri–Plex Tech. Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (holding courts, when ruling on motion to dismiss, "may not consider material beyond the complaint," other than material as to which judicial notice may be taken).

### 3. Third Claim: Obtaining Consumer Reports Without Permissible Purpose

In the Third Claim for Relief, plaintiff alleges defendant obtained his "consumer report" without having a "permissible purpose," as it "knows it will deny credit to non-citizens with DACA status." (See FAC ¶¶ 50, 57, 60.) Plaintiff asserts such act was in violation of 15 U.S.C. § 1681b, which prohibits a person from obtaining a "consumer report" unless it is obtained for an "authorized" purpose. See 15 U.S.C. § 1681b(f). Defendant argues the claim is subject to dismissal, as plaintiff has not pleaded facts to support a finding that it lacked a permissible purpose to obtain plaintiff's consumer report.

A creditor may obtain a consumer report for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished [by a consumer reporting agency] and involving the extension of credit to . . . the consumer." See 15 U.S.C. § 1681b(a)(3)(A). As plaintiff alleges defendant obtained his consumer report after he submitted a loan application to defendant (see FAC ¶¶ 49-50), plaintiff's theory, to be viable, is dependent on defendant's knowledge of plaintiff's DACA status at the time defendant obtained plaintiff's consumer report.

As noted, the FAC alleges that, when plaintiff submitted his loan application, he advised defendant he was a "non-resident alien." (See FAC ¶ 49.) As not all non-residents are DACA recipients, however, see, e.g., Ahmed v. University of Toledo, 822 F.2d 26, 26 (6th Cir. 1987) (observing "foreign students" who were "admitted to this country under student visas" were "non-resident aliens"), said allegation, standing alone, is insufficient to support a finding that defendant knew plaintiff was a DACA recipient at the time it obtained his consumer report.

As also noted, the FAC alleges that, at some point after plaintiff submitted his application, a "representative" of defendant requested plaintiff submit a copy of his "work permit," and that, after plaintiff did so, the representative stated plaintiff was "ineligible for the loan because his DACA status expired within the loan period" (See FAC ¶ 51.) Assuming such factual allegations to be true, it would appear defendant's representative learned of plaintiff's DACA status from plaintiff's work permit. Plaintiff does not allege,

5

however, the representative obtained such knowledge prior to defendant's obtaining plaintiff's consumer report.

Under the circumstances, the Court finds plaintiff has failed to allege facts from which it can reasonably inferred defendant lacked a permissible purpose when it obtained plaintiff's consumer report.

Accordingly, the Third Claim for Relief is subject to dismissal.

**B. Motion to Stay or Bifurcate Discovery**

Defendant seeks an order staying all discovery or, alternatively, bifurcating discovery such that discovery on plaintiff's individual claim(s) be conducted prior to class-wide discovery.

To the extent defendant seeks an order staying all discovery, the motion will be denied, as the First Claim for Relief will not be dismissed.

To the extent defendant alternatively seeks an order bifurcating discovery, the motion will be granted. Defendant has offered evidence that its denial of plaintiff's loan application was for a reason unrelated to plaintiff's status as a DACA recipient, specifically, plaintiff's asserted "failure to provide appropriate documentation," described as "a properly signed SSA-89" and a copy of a "valid work permit, visa, or DACA authorization." (See Gerloff Decl. ¶¶ 14-17.) Contrary to plaintiff's argument, discovery as to the merits of such limited issue, i.e., whether plaintiff did submit a completed application, does not overlap with the class claim that defendant has a policy of denying automobile loans to DACA recipients.

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent defendant seeks dismissal of the First Claim for Relief, the motion is DENIED.

    b. To the extent defendant seeks dismissal of the Second and Third Claims

for Relief, the motion is GRANTED, and said claims are DISMISSED.

            c.  If plaintiff wishes to file a Second Amended Complaint for purposes of amending the Second and/or Third Claims for Relief, he shall file it no later than January 17, 2020.

    2.  Defendant's motion to stay or bifurcate discovery is hereby GRANTED in part and DENIED in part, as follows:

            a.  To the extent defendant seeks an order staying all discovery, the motion is DENIED.

            b.  To the extent defendant seeks an order bifurcating discovery, the motion is GRANTED.

**IT IS SO ORDERED.**

Dated: December 23, 2019

MAXINE M. CHESNEY
United States District Judge