Jahan C. Sagafi  (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
718 7th Street NW
Washington, D.C. 20001
Telephone: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Benjamin D. Elga*
JUSTICE CATALYST LAW
81 Prospect Street
Brooklyn, NY 11201
Telephone: 518-732-6703
belga@justicecatalyst.org

*admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **Case No. 19-cv-04065-MMC**<br><br>**DECLARATION OF MICHAEL N. LITROWNIK IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A PARTIAL MOTION FOR RECONSIDERATION UNDER CIVIL LOCAL RULE 7-9** |

I, Michael N. Litrownik, declare as follows:

1. I am an attorney at law admitted before the bar of this Court for purposes of this case and Counsel at Outten & Golden LLP, retained as counsel for Plaintiff. Along with lawyers from Justice Catalyst Law, I am one of the attorneys primarily responsible for prosecuting Plaintiff's claims on behalf of himself and the proposed classes.

2. I make this declaration in support of the Plaintiff's Motion for Leave to File a Partial Motion for Reconsideration Under Civil Local Rule 7-9 ("Motion").

**Procedural History and Discovery**

3. On October 31, 2019, Mr. Peña located in his Gmail account several email exchanges, including attachments, he had with a Wells Fargo lending representative (or Bilingual-Inbound Sales Specialist) named Leticia Benitez Lopez regarding his application, the forms he submitted, and the basis for his credit denial.

4. Among these documents were Mr. Peña's manually signed SSA-89 form, which Mr. Peña modified by whiting out his Social Security number before sending the document to his counsel.

5. Mr. Peña produced these emails and attachments to Wells Fargo on December 9, 2019, as part of the parties' exchange of Rule 26 initial disclosures.

6. Mr. Peña and Ms. Benitez Lopez also spoke by phone multiple times regarding Mr. Peña's loan application, one recording of which Wells Fargo produced on January 15, 2020 in which Plaintiff requested that his application be expedited and was asked for some information about his application.

7. On November 15, 2019, the parties held their Rule 26(f) conference.

8. Later the same day, Mr. Peña served his First Set of Requests for Production of Documents, which sought documents related only to Mr. Peña's individual auto loan application and denial, including his loan file, any emails between Mr. Peña and Wells Fargo, the relevant lending policies under which Plaintiff's application was considered and denied, any audio recordings of telephone calls between Mr. Peña and Wells Fargo, and any other documents reviewed and considered by Mr. Gerloff in preparing his declaration.

9. On Monday, January 6, 2020, Mr. Peña informed Wells Fargo that he intended to seek leave to move for partial reconsideration of the Court's order bifurcating discovery because the grounds on which it was based were contradicted by the email exchanges had Plaintiff located.

10. Mr. Peña requested Wells Fargo's consent for the motion.

11. On January 7, Mr. Peña outlined in detail to Wells Fargo, at Wells Fargo's request, how the email exchanges and the manually signed SSA-89 form called into question the factual contentions made by Mr. Gerloff and Wells Fargo that formed the basis for the Court's bifurcation order. Mr. Peña also noted that Wells Fargo has always had access to all relevant documents (i.e., these email exchanges, Mr. Peña's application file, and the relevant lending policies) and requested that if Wells Fargo believed that any of these documents supported or refuted or otherwise related to this issue, the bank should bring them to Mr. Peña's attention immediately.

12. On January 8, lead counsel for the parties met and conferred by telephone over a different issue, but also discussed Mr. Peña's intended motion for leave. Wells Fargo was not prepared to explain the factual discrepancies Mr. Peña had outlined and requested until January 10 to respond, to which Mr. Peña agreed.

13. On January 9, Wells Fargo produced the contents of Mr. Peña's loan file.

14. As of the date of this declaration, Wells Fargo has yet to produce any other documents, including the email exchanges Mr. Peña located in the form in which they are maintained on Wells Fargo's encrypted email system, the relevant lending policies, the audio recordings of any telephone calls between Mr. Peña and Wells Fargo (other than the recording of one call in which Wells Fargo asked Mr. Peña for certain information about his loan application), and any other documents reviewed and considered by Mr. Gerloff in preparing his declaration.

15. On January 10, Wells Fargo informed Mr. Peña that it "appreciated the time to investigate [his] allegations," but would not agree to vacate the bifurcation order. Wells Fargo did not provide any explanation as to the factual discrepancies Mr. Peña identified or produce any documents that supported the theory it put forward to obtain the bifurcation order.

16. On January 13, Mr. Peña informed Wells Fargo that he also intended to rely on the materials produced by Wells Fargo on January 9 in support of this motion for leave.

**DACA and U.S. Visas**

17. DACA recipients, as recipients of deferred action, are "authorized" to work in the United States, 8 C.F.R. § 274a.12(c)(14), and Mr. Peña had federal work authorization. *See* ECF No. 27 (FAC) ¶ 9.

18. According to the United States Department of State, United States visas are permits for foreign citizens to lawfully travel to, enter, and remain in the United States. *What is a U.S. Visa?*, *available at*: https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/frequently-asked-questions/what-is-us-visa.html (last visited January 15, 2020).

19. By definition, DACA recipients, because they must have come to the U.S. before the age of sixteen, have been living in the U.S. when DACA was announced, and have continuously resided in the U.S. for at least the previous five years, are *not* eligible for U.S. visas and are not able to obtain U.S. visas. *See* Napolitano Memorandum, Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children (June 15, 2012), *available at*: https://www.dhs.gov/xlibrary/assets/s1-exercising-prosecutorial-discretion-individuals-who-came-to-us-as-children.pdf (last visited January 15, 2020); *see also Ariz. Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1058-59 (9th Cir. 2017) (discussing the requirements for DACA and noting that "DACA recipients enjoy no formal immigration status").

**Exhibits**

20. Attached hereto as **Exhibit A** is Mr. Peña's primary email exchange with Leticia Benitez Lopez on November 29 and 30, 2018 regarding his Wells Fargo auto loan application and denial and the forms he submitted, Bates-stamped E_PENA0000001-08.

21. Attached hereto as **Exhibit B** is Mr. Peña's manually and properly signed SSA-89 form, which he sent as an attachment to the email exchange in Exhibit A, Bates-stamped E_PENA000011-12. As noted above, Mr. Peña modified this document before sending it to his counsel by whiting out his Social Security number.

22. Attached hereto as **Exhibit C** are two additional e-mail threads between Mr. Peña and Ms. Benitez Lopez, Bates-stamped E_PENA000009-10 and E_PENA000013-14.

23. Attached hereto as **Exhibit D** is Mr. Peña's properly signed SSA-89 form as obtained from Wells Fargo's system, which was produced by Wells Fargo to Plaintiff on January 9, 2020, Bates-stamped WF-PENA-00000030-31.

24. Attached hereto as **Exhibit E** is Wells Fargo's application notes file from Mr. Peña's loan application, Bates-stamped WF-PENA-00000001.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct, and that this declaration was executed on January 15, 2020 in New York, New York.

*/s/ Michael N. Litrownik*
Michael N. Litrownik

Michael N. Litrownik (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
mlitrownik@outtengolden.com