1  MCGUIREWOODS LLP
   JAMIE D. WELLS SBN #290827
2  Two Embarcadero Center
   Suite 1300
3  San Francisco, CA  94111-3821
   Telephone:  415.844.9944
4  Facsimile:  415.844.9922

5  K. ISSAC DEVYVER
   KARLA L. JOHNSON
6  Tower Two-Sixty
   260 Forbes Avenue
7  Suite 1800
   Pittsburgh, PA 15222
8  Telephone: 412-667-6000
   Facsimile: 412-667-6050

9
   Attorneys for Defendant Wells Fargo Bank, N.A.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendants. | CASE NO. 3:19-cv-04065-MMC<br><br>**WELLS FARGO'S RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS TO AND PORTIONS OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A PARTIAL MOTION FOR RECONSIDERATION** |

## RESPONSE IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL

Pursuant to Local Civil Rule 79-5(e)(1), as well as the approved Stipulated Protective Order (Dkt. 59), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") files this response in support of Plaintiff's Administrative Motion to file under seal exhibits to and portions of Plaintiff's Motion for Leave to File a Partial Motion for Reconsideration (Dkt. No. 64) ("Plaintiff's Motion"). This Response is supported by the Declaration of K. Issac deVyver in Support of Administrative Motion to File Under Seal.

Specifically, Plaintiff seeks an order authorizing him to file the following exhibits under seal that contain information designated as "Confidential" per the terms of the Stipulated Protective Order (Dkt. 59):

1. An unredacted version of the Reconsideration Motion.
2. Plaintiff's manually signed SSA-89 form (Bates-stamped WF-PENA - 00000030-31) (Exhibit D to the Reconsideration Motion).
3. Wells Fargo's application notes file for Plaintiff's loan application (Bates-stamped WF-PENA-00000001) (Exhibit E to the Reconsideration Motion).

With the exception of Exhibit D, the above-referenced documents contain confidential information that is not made available to the public, disclosure of which could be detrimental to Wells Fargo's interest and right to the security of its proprietary information relating to its internal processes as to the processing of and decision-making on credit applications.

## I. LEGAL ARGUMENT

Pursuant to Civil Local Rule 79-5, the Court may issue an order authorizing the sealing of documents if the requesting party can demonstrate that: (1) the document or portions thereof are "privileged or protectable as a trade secret or otherwise entitled to protection under the law," and (2) the request is narrowly tailored. Civil L.R. 79-5(a). As described in greater detail below and in the supporting Declaration of K. Issac deVyver attached hereto as Exhibit A, both requirements are satisfied for the application notes file and references thereto contained in the Reconsideration Motion.

Plaintiff here asserts that Wells Fargo should be required to meet the "good cause"

standard to overcome the presumption in favor of access of judicial documents. Plaintiff's Motion at 1; *Bohannon v. Facebook, Inc.,* Case No. 12-cv-01894-BLF, 2014 WL 5598222 (N.D. Cal. Nov. 3, 2014) (noting that a party seeking to file documents under seal in relation to a non-dispositive motion must show only "good cause" for the sealing request). The "good cause" standard applies to motions where the court will not be required to discuss aspects of the merits of the action in making its determination on the motion. *See United States v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016) (holding that the motion to strike expert report was subject to the good cause standard). Here, the "good cause" standard applies to Wells Fargo's confidential documents because Plaintiff is seeking reconsideration of an order regarding the bifurcation of discovery, and therefore it is not a dispositive motion.

"Good cause may exist to seal documents that are 'privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Bohannon*, 2014 WL 5598222 at *2 (citation omitted). A party must make a "particularized showing" of good cause for each individual document it seeks to seal. *Id.*

### *Wells Fargo Takes No Position as to Plaintiff's Signed SSA-89 at Exhibit D*

Plaintiff contends that his SSA-89 form should not be considered confidential because "it is simply a government form that he signed and dated." Plaintiff's Motion at 1-2. Plaintiff notes that he does not object to the public filing of this material as long as his PII is redacted. *Id.* Wells Fargo therefore takes no position as the whether this document should be sealed. Wells Fargo marked this document "Confidential" pursuant to the Stipulated Protective Order in order to protect the personal information of Plaintiff, which was produced from an applicant's credit application. To the extent that Plaintiff does not have concerns about the confidentiality of this document, Wells Fargo takes no position.

### *The Good Cause Standard Is Met For Sealing the Application Notes at Exhibit E*

Good cause exists to seal the entirety of Wells Fargo's application notes for Plaintiff's loan file (Exhibit E). Courts recognize that documents may be sealed to prevent harm caused by public disclosure of a company's internal strategies, research, and sales data that could cause competitive

2

harm if publicly divulged. *See, e.g., In re Hydroxycut Mktg. & Sales Practices Litig.*, 09MD2087 BTM (AJB), 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (sealing product development information).

Courts have also recognized that strategic business information may be sealed to avoid giving competitors an advantage. *See Krieger v. Atheros Commc'ns, Inc.*, 11-CV-2400640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing presentation about long-term financial projections, discussion of business strategy, and competitive analysis as highly sensitive and confidential). Most relevant here, courts have found that a company's policies and procedures should be placed under seal as "trade secrets." *See Cowan v. GE Capital Retail Bank,* No. 13-cv-03935, 2015 WL 1324848, at *2-3 (N.D. Cal. Mar. 24, 2015) (the court sealed the bank's "internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud."); *Esquivel v. Bank of Am., N.A.,* No. 2:12-cv-02502, 2015 WL 4224712, at *4 (E.D. Cal. July 10, 2015) (the court sealed a document that contained "an outline of the procedures implemented by Defendants to correct a homeowner's credit report once his or her loan has been modified.") (internal quotations and citation omitted); *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 12-CV-6003, 2015 WL 8570883, at *5 (N.D. Cal. Nov. 18, 2015) (sealing HP's mergers and acquisitions corporate governance revisions as trade secrets.).

Wells Fargo's application notes for Plaintiff's loan file are not intended to be shared with the public, as the information includes descriptions of Wells Fargo's internal policies and procedures relevant to lending decisions for its direct auto line of business. Further, the account notes include considerations of and reveal policies and procedures relating to verifying customer identification and documentation, making determinations as to pricing and credit terms, as well as requesting certain information from applicants to aid in the decision-making process. This information in its entirety provides information as to Wells Fargo's internal and propriety credit decision-making processes. The entirety of the account notes, which identify Wells Fargo's internal lending requirements and procedures, underwriting considerations, and regulatory requirements and considerations should remain confidential. Additionally, the entirety of Wells Fargo's application notes for Plaintiff's loan file was marked "Confidential" because delineating

1  redactions where such confidential information forms the basis of the analysis would not serve to
2  protect the proprietary nature of the information. Accordingly, Wells Fargo has shown good cause
3  to seal its application notes on Plaintiff's loan file.

### *The Redacted Portions of the Reconsideration Motion Should Remain Under Seal*

Plaintiff has attached an unredacted version of his Reconsideration Motion as Exhibit 2. Wells Fargo maintains that the narrowly tailored portions marked for redaction of Plaintiff's Reconsideration Motion should be placed under seal. The narrowly tailored quoted portions of the account notes are not otherwise available in the public record (contrary to Plaintiff's representations) and contain internal notes reflecting decisions as to underwriting and application requirements that are internal to Wells Fargo. Similar to the entirety of the account notes, these excerpts reveal internal processes and decision-making of Wells Fargo that should be afforded the protection of Confidentiality. *See Cowan*, 2015 WL 1324848, at *2-3 (sealing the bank's "internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud."); *Esquivel,* 2015 WL 4224712, at *4 (protecting procedures implemented by Defendants to correct a homeowner's credit report). As such, these quotations from the account notes that reveal internal policies and procedures should similarly be placed under seal.

## II. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant Plaintiffs' Administrative Motion to File Under Seal (Dkt 64) as to Exhibit E, Wells Fargo's account notes, as well as direct quotations of those notes contained in Plaintiff's Motion for Leave to File a Partial Motion for Reconsideration.

///
///
///
///
///
///

DATED: January 17, 2020          Respectfully submitted,

MCGUIREWOODS LLP


By: */s/ K. Issac deVyver*
    K. Issac deVyver
    Attorneys for Defendant Wells Fargo Bank, N.A.