IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEÑA,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 19-cv-04065-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Doc. No. 63 |

In the above-titled action, plaintiff alleges his application for an automobile loan was denied by defendant on a prohibited ground, specifically, on account of his status under Deferred Action for Childhood Arrivals ("DACA"), and, in light of such denial, asserts claims on his own behalf and on behalf of a putative class.

By order filed December 23, 2019 ("December 23 Order"), the Court, inter alia, granted defendant's request to bifurcate discovery, such that discovery on plaintiff's individual claims would be conducted prior to class-wide discovery. In said order, the Court noted defendant had offered evidence that its denial of plaintiff's application was not based on plaintiff's status, but, rather, on his failure to provide certain documents, described by defendant as "a properly signed SSA-89" and a "valid work permit, visa, or DACA authorization." (See December 23 Order at 6:14-18.) Now before the Court is plaintiff's Motion, filed January 15, 2020, "for Leave to File a Partial Motion for Reconsideration under Civil Local Rule 7-9," by which motion plaintiffs seek leave to file a motion for reconsideration of the Court's December 23 Order, to the extent the Court granted therein defendant's request to bifurcate discovery.

Under the Local Rules of this District, a party seeking reconsideration of an

1    interlocutory order must show (1) "a material difference in fact or law exists from that
2    which was presented to the Court before entry of the interlocutory order" and that "in the
3    exercise of reasonable diligence the party applying for reconsideration did not know such
4    fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material
5    facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure
6    by the Court to consider material facts or dispositive legal arguments which were
7    presented to the Court before such interlocutory order." See Civil L. R. 7-9(b).

8    In support of the instant motion, plaintiff has submitted evidence he contends is
9    sufficient to show he did submit to defendant the two documents defendant states were
10   not submitted.  First, plaintiff relies on an exchange of emails between plaintiff and one of
11   defendant's employees, which emails, plaintiff asserts, confirm he did submit the subject
12   documents.  As plaintiff acknowledges, however, plaintiff possessed the emails prior to
13   the entry of the Court's December 23 Order.  Next, plaintiff relies on two documents he
14   received from defendant on January 9, 2020, which documents, plaintiff asserts, likewise
15   confirm his submission of the documents.  Plaintiff, however, possessed one of those
16   documents prior to December 23 (see Litrownik Decl. Exs. B, D), and plaintiff does not
17   contend the second of those documents establishes any fact not established by the
18   documents plaintiff previously possessed.  Lastly, although plaintiff argues the above-
19   referenced documents establish the futility of any motion for summary judgment
20   defendant anticipates filing as to plaintiff's individual claims, the Court is not in a position
21   to prejudge defendant's motion.

22   Under such circumstances, the Court finds that none of grounds set forth in Civil
23   Local Rule 7-9(b) have been satisfied.

24   Accordingly, the motion is hereby DENIED.

25   **IT IS SO ORDERED.**

27   Dated: January 24, 2020

MAXINE M. CHESNEY
United States District Judge

2