| | |
|---|---|
| Jahan C. Sagafi (Cal. Bar No. 224887) | Jamie D. Wells (SBN 290827) |
| Rachel Dempsey (Cal. Bar No. 310424) | **McGuireWoods LLP** |
| OUTTEN & GOLDEN LLP | Two Embarcadero Center |
| One California Street, 12th Floor | Suite 1300 |
| San Francisco, CA 94111 | San Francisco, CA 94111-3821 |
| Telephone: (415) 638-8800 | Telephone: (415) 844-9944 |
| Facsimile: (415) 638-8810 | Facsimile: (415) 844-9922 |
| jsagafi@outtengolden.com | |
| rdempsey@outtengolden.com | K. Issac deVyver (*pro hac vice*) |
| | Karla Johnson (*pro hac vice*) |
| Ossai Miazad (*pro hac vice*) | Tower Two-Sixty |
| Michael N. Litrownik (*pro hac vice*) | 260 Forbes Avenue |
| 685 Third Avenue, 25th Floor | Suite 1800 |
| New York, NY 10017 | Pittsburgh, PA 15222 |
| Telephone: (212) 245-1000 | Telephone: (412) 667-6000 |
| Facsimile: (646) 509-2060 | Facsimile: (412) 667-6050 |
| om@outtengolden.com | |
| mlitrownik@outtengolden.com | |

*Attorneys for Plaintiff and the Proposed Classes*     *Attorneys for Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO: 3:19-cv-04065-MMC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with the Settlement Agreement and Release dated June 16, 2020 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, on June __, 2020, a hearing was held on the motion of Plaintiff to (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Plaintiff Eduardo Peña as the Class Representative, his counsel as Class counsel, and JND Legal Administration as Settlement Administrator; (4) set the deadlines for filing claims, written exclusions, or objections to the Agreement; (5) approve the forms of notice to the Settlement Class and the claim form; and (6) schedule a hearing on the final approval of the Agreement for _____, 2020 (the "Preliminary Approval Motion").

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Nature of Action.** Plaintiff alleges that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") engaged in lending discrimination on the basis of alienage or immigration status in violation of federal and California state law by excluding DACA recipients from access to direct auto loans.

Wells Fargo disputes and denies all of Plaintiff's claims. Wells Fargo contends that it has fully complied with all applicable laws at issue in this matter.

2. **Settlement.** Plaintiff Eduardo Peña, individually and as class representative on behalf of the Class, and Wells Fargo (collectively the "Parties") have negotiated a potential settlement to the Action to avoid the expense, uncertainties, and burden of protracted litigation, and

to resolve the Released Claims (as defined in the Agreement) against Wells Fargo and the Releasees.

3. **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). In determining whether class action settlements should be approved, "[c]ourts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. [Citation omitted] . . . They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). To determine if a class action settlement is "fair, reasonable, and adequate," the district court must consider eight factors: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). "[A] settlement agreement is presumptively valid...." *Ruonavaara v. Harris Corp.*, No. CV 2:17-2463 WBS CKD, 2018 WL 746498, at *1 (E.D. Cal. Feb. 6, 2018) (citation omitted). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

The Court has carefully reviewed the Agreement, including the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Action. The Court has also reviewed the declarations of Ossai Miazad and Craig Briskin in support of preliminary approval. The terms and conditions in the Agreement are hereby incorporated as though fully set

3

[PROPOSED] ORDER
PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE
No. 19-cv-4065-MMC

forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

4. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

5. **Preliminary Approval.** Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of an experienced mediator in the settlement process supports the finding that the Settlement is non-collusive.

6. **Settlement Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as the collective group of all persons making up the National Class and the California Class, defined as follows:

- "National Class" means those individuals who:
    - (i) applied for credit from the Wells Fargo direct auto line of business; (ii) between July 16, 2017 through the date of preliminary approval; (iii) who held valid and unexpired DACA status at the time they applied for credit; (iv) who were denied as set forth in the class data to be produced by Wells Fargo; and (v) who were not California residents at the time they applied for credit as set forth in the class data to be produced by Wells Fargo.
    - Excluded from the National Class are Wells Fargo, all officers, directors, and employees of Wells Fargo, and their legal representatives, heirs, or assigns,

and any Judges to whom the Action is assigned, their staffs, and their immediate families.

- "California Class" means those individuals who:
  - (i) applied for credit from the Wells Fargo direct auto line of business; (ii) between July 16, 2017 through the date of preliminary approval; (iii) who held valid and unexpired DACA status at the time they applied for credit; (iv) who were denied as set forth in the class data to be produced by Wells Fargo; and (v) who were California residents at the time they applied for credit as set forth in the class data to be produced by Wells Fargo.
  - Excluded from the California Class are Wells Fargo, all officers, directors, and employees of Wells Fargo, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representative is typical of the claims of the Class; (d) the Class Representative and his counsel will fairly and adequately represent and protect the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. **Designation of Class Representatives and Class Counsel.** The Court finds and concludes that Plaintiff Eduardo Peña as Class Representative has claims typical of and is an adequate representative of the members classes he proposes to represent. The Court hereby appoints Eduardo Peña to serve as Class Representative. The Court finds and concludes that Outten & Golden LLP and Justice Catalyst Law have extensive experience in prosecuting discrimination,

5

[PROPOSED] ORDER
PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE
No. 19-cv-4065-MMC

civil rights, and consumer rights class actions. The Court hereby appoints Outten & Golden and Justice Catalyst Law as Class Counsel.

8. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") shall be held before this Court, on _____, 2020, at _____.m., at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.24 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representative for his representation of and service to the Class; (vi) to consider any Settlement Class Member's objections to the Settlement and/or any application by Class Counsel for payment or reimbursement of attorneys' fees, costs, and expenses and any application for an award to the Class Representative; and (vii) to rule upon such other matters as the Court may deem appropriate. The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

9. **Class Notice.** The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action (the "Notice") and the Claim Form annexed hereto as Exhibits 1-A and 1-B, respectively, as well as the reminder notice, annexed hereto as Exhibit 1-C, and the proposed communication to claimants regarding Official Documentation, annexed hereto as Exhibit 1-D. The Court further finds that the form, content and mailing of the Notice, substantially in the manner and form set forth in Paragraph 9 of this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice is based on the model forms supplied by the Federal Judicial Center and the Northern District of California's Procedural Guidance for Class Action Settlements, and it fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about (1) the nature of this action, the definition of each Settlement Class, the identity of Class Counsel, and the essential

terms of the Settlement, including the plan of allocation and the programmatic relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notice, motions for approval and for attorneys' fees and any other important documents in the case; (2) Plaintiff's forthcoming application for the Plaintiff's Service Award and Class Counsel's attorneys' fees and costs award; (3) how Class Members' individual settlement payments will be calculated, with examples; (4) this Court's procedures for final approval of the Settlement; (5) how to submit a Claim Form, object to, or opt out of the Settlement; (6) how to obtain additional information regarding this action and the Settlement, including instructions on how to access the case docket via PACER or in person at any of the Court's locations; and (7) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, and that Class Members may check the settlement website or the Court's PACER site to confirm that the date has not been changed.

The Court further finds and concludes that the proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice to all individuals on the Notice List by first-class mail and e-mail to their last known mailing and e-mail address, where the email address is readily available. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify potential Class Members who may not receive notice under this proposed distribution plan. In addition, the Settlement Administrator will send reminder notices by email (where the email address is readily available) to those who have not submitted a claim, form, opt out form, or objection form as the response deadline approaches.

The Court further finds and concludes that the Notice List contains individuals with and without DACA who were denied direct auto loans by Defendant. The Court further finds that because the Notice List also contains individuals without DACA, it is necessary for Class Members to demonstrate that they have DACA and that the proposed Notice plan does so in a reasonable method by requiring the submission of Official Documentation after final approval is

7

[PROPOSED] ORDER
PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE
No. 19-cv-4065-MMC

granted. The Court further finds that the Settlement contains reasonable protections to maintain the confidentiality of such Official Documentation, including ensuring that Class Members submit it only to the Settlement Administrator, which will treat it with the highest level of confidentiality.

The Court hereby concludes that the proposed Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

10. **Settlement Administrator.** Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints JND Legal Administration ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

(a) No later than thirty-five (35) days from the entry of this Order (the "Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit 1-A hereto, together with the Claim Form, substantially in the form annexed as Exhibit 1-B hereto (though the Settlement Administrator shall have discretion to format the Notice in a reasonable manner to minimize mailing or administration costs), to be mailed by first class U.S. mail and e-mailed (to the extent email is readily available) to the last known mailing address and e-mail address of each individual on the Notice List;

(b) No later than the Notice Mailing Date, the Settlement Administrator shall establish a website at www.WFDACALawsuit.com, and shall post on the website the Agreement and Exhibits including the Notice and Claim Form, and the operative Complaint in this Action;

(c) Following the mailing of the Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing and publication via website;

(d) No later than 30 days following the Notice Mailing Date, the Settlement Administrator shall cause a copy of the reminder notice, substantially in the form annexed as Exhibit 1-C hereto, to be emailed (where the email address is readily available) to each individual on the Notice List; and

(e) The Settlement Administrator has prepared the CAFA notice in conformity with 28 U.S.C. § 1715. The Court finds that Wells Fargo's obligations under CAFA are satisfied.

(f) The Settlement Administrator shall otherwise carry out its duties as set forth in Section 6 of the Agreement.

11. **Submission of Claim Forms.** Class Members who wish to receive payment under the Settlement shall complete, sign, and return their Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than thirty (30) days before the Final Approval Hearing. <u>Any Class member who does not timely and validly submit a Verified Claim Form within the time provided shall be barred from receiving payment under the Settlement, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court.</u>

12. **Exclusion from the Class.** Any Class Member may, upon request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out, postmarked no later than forty-five (45) days before the Final Approval Hearing. The written Request to Opt Out must be sent to the Settlement Administrator. To be valid, the Request to Opt Out must be made on the Request to Opt Out page of the Claim Form and (a) identify the case name, (b) identify the Class Member's name and address, (c) be personally signed by the person requesting exclusion, (d) contain a statement that indicates a desire to be excluded from the Settlement Class, (e) affirm valid and unexpired DACA status at the time of the denial, and (f) include Official Documentation as set forth in Section 11 of the Settlement Agreement. All Class Members who submit valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A Class Member who desires to opt out must take timely

affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

13. **Copies of Requests to Opt Out.** The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

14. **Entry of Appearance.** Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be represented by Class Counsel.

15. **Binding Effect on Class.** All Members who do not exclude themselves from the Settlement Class by properly and timely submitting an exclusion form shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

16. **Objections.** Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a Final Judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Class Counsel, or why an award should not be made to the Class Representative; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel or award made to the Class Representative, unless a written objection is filed with the Clerk of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on or before forty-five (45) days before the Final Approval Hearing. A copy of the objection must also be

mailed to Class Counsel and Defense Counsel, postmarked on or before forty-five (45) days before the Final Approval Hearing. To be valid, the objection must be made on the objections page of the Claim Form and set forth, in clear and concise terms: (a) the case name and number (*Eduardo Peña, et al. v. Wells Fargo Bank, N.A.*, No. 3:19-cv-04065-MMC); (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the reasons for the objection; (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (e) affirm that the individual had valid and unexpired DACA status and was denied one of the credit products. The Objection must also include the Official Documentation as set forth in Section 12 of the Agreement, to be provided only to the Settlement Administrator. Within seven (7) business days of the Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above guidelines. The Court shall have the ultimate determination of whether an Objection has been appropriately made, and the Court may seek in camera review of Official Documentation if requested.

17. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

18. **Appearance of Objectors at Final Approval Hearing.** Any Class Member who files and serves a written objection in accordance with Paragraph 16 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to

Appear must include the identity of any witnesses that may be called to testify and copies of any papers, exhibits, or other evidence that the objector will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

19. **Service of Motion for Final Approval.**  The motion in support of final approval of the Settlement shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

20. **Fees, Expenses, and Awards.**  Class Counsel's application for Attorneys' Needs and Expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Final Approval Hearing.  Neither Wells Fargo nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representatives for their representation of the Class, should be approved.

21. **Releases.**  If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

22. **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wells Fargo.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative,

regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

23. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24. **Stay of Proceedings.** All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

25. **Preliminary Injunction.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

26. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 22 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

27. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

28. **Authority.** The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

29. **Jurisdiction.** This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE MAXINE M. CHESNEY
SENIOR UNITED STATES DISTRICT JUDGE