# Exhibit B

*Eduardo Peña v. Wells Fargo Bank, N.A.*,
**[Case No. 19-cv-4065-MMC]**

**United States District Court
Northern District of California**

# If you had Deferred Action for Childhood Arrivals ("DACA") at the time you applied for and were denied a direct auto loan from Wells Fargo, you could get one or more cash payments from this class action settlement.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

An individual with DACA who applied for and was denied a direct auto loan ("Plaintiff") sued Wells Fargo Bank, N.A. ("Wells Fargo") under federal civil rights law (Section 1981 of the Civil Rights Act of 1866) and fair lending and credit laws (the Equal Credit Opportunity Act and the Fair Credit Reporting Act), alleging that Wells Fargo discriminated against him by denying his application due to his immigration status, provided him with an inaccurate statement of reasons for the denial of credit, and conducted a hard credit check without a permissible purpose. The Plaintiff and Wells Fargo have now settled this lawsuit. In connection with the settlement, Wells Fargo will change its lending practices for its direct auto loan ~~lines~~line of business to make loans available to current and valid DACA recipients. Wells Fargo will also make cash payments to DACA recipients who were denied credit.

- If you live anywhere in the United States other than California, you may be eligible for a cash payment of up to $300 for each denial of a direct auto loan. If you live in California, you may be eligible for a cash payment of up to $2,500 for each denial of a direct auto loan.

- You are receiving this notice because Wells Fargo has identified you as a potential DACA recipient who applied to Wells Fargo and was denied a direct auto loan between July 16, 2017 and the present, due to your immigration status. **Because Wells Fargo's records do not identify which applicants had or have DACA, you must establish your eligibility to be a class member and receive payment.**

- Visit the settlement website at www.WFDACALawsuit.com for additional details about the settlement. You may also get additional information by calling the Settlement Administrator at XXX-XXX-XXXX.

- Your legal rights may be affected whether you act or don't act. Read this notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT** ||
|---|---|
|  | If you applied for and were denied a direct auto loan from Wells Fargo and had valid, unexpired DACA status at the time of your application, you may complete the enclosed Claim Form and demonstrate your eligibility to receive up to $300 |

*You may also submit this form online at www.WFDACALawsuit.com.

| | |
|---|---|
| **SUBMIT A CLAIM AND BE PREPARED TO DEMONSTRATE YOUR ELIGIBILITY** | per each denial of credit or, if you lived in California, up to $2,500 per each denial of credit ~~by completing the enclosed Claim Form.~~ *<br><br>If you did not have DACA at the time you were denied a direct auto loan by Wells Fargo, then you are not a part of the settlement, you cannot submit a Claim Form, and you will receive no settlement money, but you will also not be bound by any judgment or settlement.<br><br>To submit a claim, you need to complete and submit the enclosed form on or before [**DATE**].  The Claim Form requires that you affirm: (i) that you applied for and were denied at least one direct auto loan from Wells Fargo; (ii) between July 16, 2017 and [**DATE**]; (iii) that at the time of each denial, you had current and valid DACA status, a Social Security number, and a United States address; and (iv) that you are prepared to provide official documentation of your current, valid, and unexpired DACA status or your valid and unexpired DACA status at the time of your denied application for which you are making a Claim, either via an I-787 Approval notice or a work authorization card containing the code "C-33."  You can submit your Verified Claim Form via mail, email to [**e-mail address**], or online at: www.WFDACALawsuit.com.  After you submit the form, someone will follow up with you to confirm your documentation. |
| **DO NOTHING** | If you had DACA at the time you were denied a direct auto loan by Wells Fargo and you do nothing, you will not receive **any** payment and will not be able to sue Wells Fargo separately about the same legal claims in this lawsuit. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt out") from the settlement you must follow the directions outlined in Paragraph 10 below. If you exclude yourself, you will receive no payment and you cannot object to the settlement. **Your exclusion request must be postmarked no later than XX, 2020.** |
| **OBJECT** | You may write to the Court about why you believe the settlement is not fair or reasonable.  You must object in writing in order to appear at the Fairness Hearing to speak to the Court about the fairness of the settlement.  **You must send a written objection postmarked no later than XX, 2020.** |

- Your rights and options, and the deadlines to exercise them, are explained in this notice.  To demonstrate your eligibility and either stay in the class or exclude yourself, you must act before [DATE].

The Court in charge of this case still has to decide whether to give final approval to the settlement. Class Member payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

# BASIC INFORMATION

### 1. Why did I get this notice and what is this lawsuit about?

This lawsuit claims that Wells Fargo unlawfully discriminated against DACA recipients by making them ineligible for direct auto loans. It also claims that Wells Fargo unlawfully pulled DACA recipients' credit reports without a permissible purpose, and unlawfully misstated the reason their applications for credit were denied. This settlement obtained different relief for people who lived in California at the time their application was denied (the "California Class") and everyone else (the "Nationwide Class"), due to the different protections available under California and federal laws.

Wells Fargo denies Plaintiff's claims and maintains that its policies complied with the law.

The Parties have now settled this lawsuit and a Settlement Administrator has issuedsent this notice. In connection with this settlement, Wells Fargo has agreed to change its lending policies to make DACA recipients eligible for direct auto loans and to make cash payments to members of the California Class and the Nationwide Class.

Wells Fargo's records show that you (1) submitted one or more applications to Wells Fargo for a direct auto loan during the time period covered by this case; (2) had a U.S. address at the time of each application; (3) had a valid Social Security number at the time of each application(s); and (4) were denied at least one direct auto loan under certain denial codes related to citizenship or residency status. Wells Fargo's records do not indicate who had DACA at the time of these applications, which means that you and others receiving this notice may or may not have DACA, and those who do have DACA will need to demonstrate that they do to receive one or more cash payments.

The Court ordered that you be sent this notice because the proposed settlement may apply to you and you have a right to know about it and all your options before the Court decides whether to approve the settlement.

### 2. Why is this a class action and who is involved?

In a class action, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. All those people together are the "Class" or "Class Members." The Class Representative and Class Members together are the "Plaintiffs," and in this case Wells Fargo is the "Defendant." One court resolves the issues for everyone in the Class.

### 3. Why is there a settlement?

The Court did not decide in either Plaintiff's or Defendant's favor. Both sides believe they would have won this lawsuit, but there was no ruling in favor of either party. Instead, both sides agreed to a settlement, which avoids the costs, delays, and uncertainties associated with a trial, and ensures that you and other Class Members get a payment. Plaintiff and Plaintiff's lawyers think the settlement is the best result for all Class Members and that the terms and conditions of the settlement are fair, reasonable, and adequate.

## WHO IS IN THE SETTLEMENT

### 4. How do I know if I am part of the Settlement?

You are a member of the **Nationwide Class** if you resided ~~in~~ anywhere in the United States other than California as noted in Wells Fargo's records and had valid, unexpired DACA status at the time you applied to and were denied at least one direct auto loan between July 16, 2017 and [DATE].

You are a member of the **California Class** if you resided in California as noted in Wells Fargo's records and had valid, unexpired DACA status at the time you applied to Wells Fargo and were denied at least one direct auto loan between July 16, 2017 and [DATE].

**If you do not have DACA now and did not have DACA in the past, you are not a Class Member, and your rights are not affected by this settlement.**

If you aren't sure about whether you qualify as a Class Member, you can contact the ~~Claims~~Settlement Administrator at the email address and phone number identified on the first page of this Notice.

## WHAT YOU GET FROM THE SETTLEMENT

### 5. What does the Settlement provide?

The Settlement provides cash payments and changes to Wells Fargo's lending policies. First, Wells Fargo has agreed to change its policies so that DACA recipients are eligible for direct auto loans on the same terms and conditions as those loans are offered to U.S. citizens as long as there is an appropriate product. In other words, Wells Fargo will not consider whether an applicant has DACA in deciding whether to offer credit.

Second, Wells Fargo has agreed to make cash payments to Class Members who timely submit a Verified Claim Form. The number of cash payments will be based on each Class Member's number of applications and denials of direct auto loans from July 16, 2017 through [DATE] that are contained in Wells Fargo's direct auto loan application database.

**Nationwide Class Members**: Wells Fargo has agreed to pay Nationwide Class Members (i.e., those outside California) who timely submit a Verified Claim Form up to $300 for each eligible credit denial, for a maximum Settlement Fund of $105,000 and a minimum Settlement Fund of $55,000 for the Nationwide Class. In other words, for Nationwide Class Members, the payment amount per claim will start at $300 and will decrease if the number of claims exceeds 350. For example, if individuals submit 400 claims, the payment amount per claim will be $262.50 (i.e., the capped amount of $105,000 divided by 400).

**California Class Members**: Wells Fargo has also agreed to pay California Class Members who timely submit a Verified Claim Form up to $2,500 for each denial of credit during the applicable time period. The settlement will be funded based on how many claims are submitted via Verified Claim Forms, as follows:

- ~~The~~For the first 110 claims from Verified Claimants from the California Class ~~shall~~, Wells Fargo will add $2,500 per claim to the fund up to $275,000.

- ~~Any~~For any remaining claims from Verified Claimants from the California Class ~~shall~~, Wells Fargo will add $800 per claim to the fund up to $525,000.

In other words, for California Class Members, the payment amount per claim (for each denial of credit) will start at $2,500 for each claim and will decrease if the number of claims exceeds the total amounts above. For example, if individuals submit 200 claims, the cash payment for each claim will be $1,735 (i.e., (110 x $2,500) plus (90 x $800), all divided by 200). If individuals submit 600 claims, the cash payment for each claim will be $875 (i.e., the capped amount of $525,000 divided by 600).

**Settlement Floor and Ceiling and Cy Pres**: The maximum amount in the Settlement Funds for both classes is $630,000, and the minimum is $280,000, regardless of the number of claimants. If the total amount of cash payments does not reach $280,000, the difference in the total amount of cash payments and $280,000 will be split evenly and distributed to United We Dream, a nonprofit that supports and advocates for the DACA community and other immigrant youth, and Consumer Action, a consumer rights nonprofit.

**Attorneys' Fees and Costs, Service Award, and Settlement Administration**: Wells Fargo has also agreed to pay an additional amount of up to $500,000 to cover Class Counsel's attorneys' fees and costs, a $5,000 service award to the Class Representative, and $50,000 to cover the cost of administering the settlement.

### 6. How can I make a claim and when would I get my payment?

To receive a payment under the settlement, you must send in the Make A Claim section of the ~~Claim Form~~Forms and Instructions document, which is attached to this Notice. Please read the instructions and certification carefully, fill out the ~~forms~~applicable form completely and accurately, and submit the ~~forms~~form and any documents when requested, as applicable. **Claim Forms must be sent to the Settlement Administrator, postmarked no later than [DATE] or submitted online pursuant to the instructions at www.WFDACALawsuit.com, by [DATE].**

You must complete the entire Claim Form and submit any required documentation to the settlement administrator. Failure to do so may result in the denial of your Claim which means that you will receive no cash payment from this settlement.

Once the deadline for making claims has passed, the Court will hold a hearing on [insert fairness hearing date], to decide whether to approve the settlement. If the judge approves the settlement, and there are no appeals, we estimate that checks will be mailed around [insert approximate date]. However, because it is always possible for there to be unexpected delays or appeals, it is possible that the payments will be delayed by a year or more, or that an appeals court will determine that the payments cannot be made.

We will provide regular updates of the status of the Settlement at www.WFDACALawsuit.com. If your contact information changes, please submit your new contact information to the Settlement Administrator or Class Counsel via that website.

### 7. What am I giving up to get a payment?

If the Court grants final approval of the settlement, all Class Members who do not opt out of the Settlement are giving up (also called "releasing") their right to sue Wells Fargo for discrimination in connection with a denial of a direct auto loan due to a lack of U.S. citizenship or immigration status,

for conducting a credit check without permissible purpose, or for providing an inaccurate statement of reasons for the denial of credit. This release includes, but is not limited to, claims under Section 1981 of the Civil Rights Act of 1866, the Unruh Act, FCRA, and ECOA. Both California and Nationwide Class Members will give up these rights whether or not they choose to submit a Verified Claim Form.

## THE LAWYERS REPRESENTING YOU

### 8. Do I have a lawyer in this case?

The Court has decided that the lawyers at Outten & Golden LLP and Justice Catalyst Law are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" based on a determination that they are capable and experienced in handling complex class actions, including discrimination and consumer class actions.

You can contact Class Counsel at:

| | |
|---|---|
| OUTTEN & GOLDEN LLP | JUSTICE CATALYST |
| Ossai Miazad | Benjamin D. Elga |
| Michael N. Litrownik | Brian James Shearer |
| 685 Third Avenue, 25th Floor | Craig L. Briskin |
| New York, New York 10017 | JUSTICE CATALYST LAW |
| Telephone: (212) 245-1000 | 718 7th Street NW |
| Email: mlitrownik@outtengolden.com | Washington, D.C. 20001 |
| | 518-732-6703 |
| Rachel Dempsey | Email: brianshearer@justicecatalyst.org |
| One California Street, Suite 1250 | |
| San Francisco, CA 94111 | |
| Telephone: (415) 638-8800 | |
| Email: rdempsey@outtengolden.com | |

### 9. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $500,000 for their attorneys' fees and costs. The Court may award less than these requested amounts.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to be able to sue Wells Fargo for the claims that are covered by the release in this lawsuit, you must exclude yourself from the Class. This process is also sometimes referred to as "opting out."

### 10. How do I opt out of the Settlement?

To exclude yourself from the Settlement, you must submit the Request to Opt Out Pagepage of the Claim FormForms and Instructions document to the Settlement Administrator with the following information: (a) the case name; (b) your name and address; (c) a signature; (d) a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action"; and (e) an affirmation that you were denied a direct auto loan and that you had valid and unexpired DACA status at the time of your application. It must also include either a copy of your I-797 Approval Notice or a work authorization card containing the code "C-33" that is

either current or was valid at the time of your denied application or applications. Your exclusion request must be postmarked no later than XX, 2020, and must be mailed to the Settlement Administrator at:

JND Legal Administration
Peña v. Wells Fargo
~~XXX~~
[address]
[email address]
[fax number]
[website]

If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement, but you will be able to separately sue Wells Fargo.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be considered a part of the Settlement Class, you will be bound by the settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

## OBJECTING TO THE SETTLEMENT

If you remain in the class, you can tell the Court you do not agree with the Settlement or some part of it.

**11. How do I tell the Court I don't like the Settlement?**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections must be made on the Objection page of the ~~Claim Form~~Forms and Instructions document and include: (a) the case name and number (*Peña v. Wells Fargo*, Case Number 19 Civ. 4065); (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the reasons for the objection; (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (e) an affirmation that the individual had valid and unexpired DACA status and was denied one of the relevant credit products. Objections may be submitted to the Court either by mailing them to the ~~Class Action~~ Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 94102, or by filing them in person at ~~any location of the United States District Court for the Northern District of California~~that location, and must be filed or postmarked on or before [DATE].

Additionally, if you choose to make a written objection, you must send either a copy of (1) an I-797 Approval Notice from an I-821D; or (2) a Work Authorization Card containing the code "C-33," to show valid and unexpired DACA status that is either current or was valid at the time of the denial of your

application or applications, as well as a copy of the objection page of the Claim Form, to the Settlement ~~Claims~~ Administrator at the address below.  **DO NOT SEND THESE DACA/WORK AUTHORIZATION DOCUMENTS TO THE COURT.**

[address]

## THE COURT's FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**12. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a fairness hearing at [insert time and date], at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 7 on the 19th Floor~~, before the Honorable Maxine Chesney, United States District Judge.~~.  Due to the ongoing COVID-19 pandemic, however, the fairness hearing may be conducted telephonically or virtually.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  ~~Judge Chesney~~The Court will listen to people who wish to speak at the hearing, if any.  The Court may also decide how much to pay Class Counsel and the Representative.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.  The fairness hearing may be postponed without further notice to the Class.  If you plan to attend the hearing, you should check www.WFDACALawsuit.com or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not been changed.

**13. Do I have to come to the hearing?**

No. Class Counsel represent you and will answer any questions ~~Judge Chesney~~the Court may have.  But you are welcome to come at your own expense.  If you send a comment (including an objection), you do not have to come to Court to talk about it.  As long as you submitted it on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**14. May I speak at the hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter to the ~~Class Action~~ Clerk of Court at the address listed in section 11, saying that it is your "Notice of Intention to Appear at the Fairness Hearing in *Peña v Wells Fargo*, Case Number 19 Civ. 4065."  You must include your name, address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked or emailed no later than [insert deadline]. This requirement may be excused upon a showing of good cause.

You cannot speak at the hearing if you have opted out or excluded yourself, because the case no longer affects you.

## GETTING MORE INFORMATION

| **15. Are there more details about the Settlement?** |
|---|

This Notice is intended to be a summary of the terms of the Settlement.  The Settlement Agreement, ~~Second~~Sixth Amended Complaint, and this Notice are all available at www.WFDACALawsuit.com.

You may also obtain this information by contacting the Settlement Administrator at [insert phone number], class counsel at Outten & Golden LLP at (415) 638-8800, or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov~~, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.~~.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

~~By order of the United States District Court for the Northern District of California.~~

 Dated:  [DATE]