Jahan C. Sagafi  (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
718 7th Street NW
Washington, D.C. 20001
Telephone: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Benjamin D. Elga*
JUSTICE CATALYST LAW
81 Prospect Street, 7th Floor
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

*Attorneys for Plaintiff and the Proposed Class*
*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 17-cv-00454-MMC<br><br>**DECLARATION OF OSSAI MIAZAD IN SUPPORT PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

I, Ossai Miazad, declare under penalty of perjury as follows:

1. I am a partner at the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiff's counsel herein, co-chair of O&G's Discrimination and Retaliation Practice Group, and a member of O&G's Class Action Practice Group. O&G is a 60+ attorney firm based in New York City, with offices also in San Francisco and Washington D.C., which focuses on representing plaintiffs in a wide variety of employment and civil rights matters, including class action litigation challenging systemic employment discrimination on the basis of protected characteristics such as race, gender, and nationality; discrimination on the basis of citizenship status; and disparate impact litigation regarding the use of criminal background checks in employment eligibility.

2. I am one of the lawyers primarily responsible for prosecuting Plaintiff's claims.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

4. I received a Juris Doctor degree from American University Washington College of Law in 2004. Since joining O&G in 2007, I have exclusively represented plaintiffs in employment litigation and other employee rights matters, with a focus on representing employees in class action and impact litigation involving discrimination. I currently serve as plaintiffs' counsel in numerous major class action lawsuits involving these claims.

5. I am the Co-Chair of O&G's Discrimination and Retaliation Practice Group. I have served as a Co-Chair of the Subcommittee on USERRA for the American Bar Association's ("ABA") Labor and Employment Law Section, Fair Labor Standards Legislation Committee. I have also served on the New York City Bar Association's Committee on Civil Rights and as a board member of the New York affiliate of the National Employment Lawyers Association ("NELA").

6. I have been appointed as Class Counsel in many cases, including *Gonzalez v. Pritzker*, No. 10 Civ. 3105 (S.D.N.Y.), a nationwide class action litigation challenging, under Title VII of the Civil Rights Act of 1964 ("Title VII"), the racially disparate impact of the U.S. Census Bureau's criminal history screening process. I have litigated numerous other discrimination class actions, such as *Long v. Southeastern Pennsylvania Transportation Authority*, No. 16. Civ. 1991 (E.D. Pa.) (FCRA

and Pennsylvania Criminal History Record Information Act claims); *see also* 903 F.3d 312 (3d Cir. 2018) (substantially prevailing on appeal of dismissal of FCRA claims on standing grounds); *Keels v. Geo Group, Inc.*, No. 15 Civ. 6261 (E.D.N.Y.) (FCRA claims under Section 1681b(b)(3)); *The Fortune Society, Inc. v. Macy's Inc.*, No. 19 Civ. 5961 (S.D.N.Y.) (Title VII and New York City Human Rights Law criminal history discrimination claims); *Pickett v. SIMOS Insourcing Solutions, Corp.*, No. 17 Civ. 1013 (N.D. Ill.) (FCRA claims under Section 1681b(b)(2) and (b)(3)); *Millien v. The Madison Square Garden Co.*, No. 17 Civ. 4000 (S.D.N.Y.) (FCRA and New York City Human Rights Law criminal history discrimination claims); and *NAACP New York State Conference Metropolitan Council of Branches v. Philips Electronics North America Corporation*, Index No. 156382/2015 (Sup. Ct. N.Y. Cty.) (New York City Human Rights Law criminal history discrimination claims).

7. I have also litigated other discrimination class actions on behalf of DACA recipients, including *Juarez v. Northwestern Mutual Ins. Co.*, No. 14 Civ. 05107 (S.D.N.Y.) (employment discrimination); *Rodriguez v. The Procter & Gamble Co.*, No. 17 Civ. 22652 (S.D. Fla.) (employment discrimination; defendant's motion for summary judgment denied on June 10, 2020); *Peña v. Wells Fargo Bank, N.A.*, No. 19 Civ. 04065 (N.D. Cal.) (lending discrimination); and *Juarez v. Social Finance, Inc.*, No. 20 Civ. 03386 (N.D. Cal.) (lending discrimination).

8. The attorneys at O&G are experienced, highly regarded members of the plaintiffs' bar with extensive expertise in complex class action litigation. Courts have repeatedly recognized O&G as qualified counsel in class actions. *See, e.g.*, *Gonzalez v. Pritzker*, No. 10 Civ. 3105, 2016 WL 5395905, at *4 (S.D.N.Y. Sept. 20, 2016) (Title VII class action) ("Class Counsel are nationally recognized employment class action litigators . . . . Outten & Golden's resources played a significant role in Class Counsel's ability to pursue this litigation without compensation over the past six years."); *Hall v. L-3 Communications Corp.*, No. 15 Civ. 231, slip. op. at 7 (E.D. Wash. Jan. 25, 2019) (USERRA class action) ("The attorneys involved in this case have litigated it expertly, and in their long experience in class action and labor work conclude this settlement is fair and reasonable."); *Pickett v. SIMOS Insourcing Solutions, Corp.*, No. 17 Civ. 1013 (N.D. Ill.) (FCRA class action) (appointing O&G as class counsel in settlement); *Easterling v. Connecticut, Dep't of Correction*, 08

1  Civ. 826 (D. Conn.) (appointing O&G as class counsel in a Title VII case); *Jaffe v. Morgan Stanley &*
2  *Co., Inc.*, No. 06 Civ. 3903 (N.D. Cal.) (race discrimination class action brought on behalf of African
3  American and Latino financial advisors, resulting in settlement of $16 million and comprehensive
4  injunctive relief); *Duling v. Gristede's Operating Corp.,* No. 06 Civ. 10197 (S.D.N.Y.) (appointing
5  O&G as class counsel in a Title VII case); *Amochaev v. Citigroup Global Markets, Inc., d/b/a Smith*
6  *Barney*, No. 05 Civ. 1298 (N.D. Cal.) (gender discrimination class action brought on behalf of a
7  national class of female financial advisors, resulting in settlement of $33 million and comprehensive
8  injunctive relief); *Wright v. Stern*, No. 01 Civ. 4437 (S.D.N.Y.) (appointing O&G as class counsel in a
9  Title VII case).

10      9.      I supervised numerous other O&G attorneys and staff who worked on this matter. Brief
11  backgrounds for these primary O&G attorneys and staff are set forth below:

12          a.      Michael N. Litrownik is Counsel with O&G and a member of the Class
13  Action Practice Group. Before he joined O&G in 2013, he worked a small plaintiff-side firm litigating
14  consumer rights class actions and police misconduct cases. Mr. Litrownik received his J.D. from
15  Washington University School of Law in 2010. Since 2010, Mr. Litrownik has exclusively
16  represented workers and consumers in individual and class action litigation, including other lending
17  and employment class actions on behalf of DACA recipients such as *Juarez v. Northwestern Mutual*
18  *Ins. Co.*, No. 14 Civ. 05107 (S.D.N.Y.) (employment discrimination); *Rodriguez v. The Procter &*
19  *Gamble Co.*, No. 17 Civ. 22652 (S.D. Fla.) (employment discrimination; defendant's motion for
20  summary judgment denied on June 10, 2020); *Peña v. Wells Fargo Bank, N.A.*, No. 19 Civ. 04065
21  (N.D. Cal.) (lending discrimination); and *Juarez v. Social Finance, Inc.*, No. 20 Civ. 03386 (N.D. Cal.)
22  (lending discrimination). Mr. Litrownik has also served as trial counsel in individual and class action
23  civil rights and wage theft matters and co-authored an amicus brief on behalf of academic sociologists
24  and economists in the consolidated DACA cases before the U.S. Supreme Court, Nos. 18-587, 18-588,
25  and 18-589. Mr. Litrownik is a member of the National Employment Lawyers Association – New
26  York, where he serves on the Judiciary Committee, the New York City Bar Association, where he
27  serves on the Public Service Committee, and the Federal Bar Council, where he serves on the
28  Employment Litigation Committee. Mr. Litrownik was admitted to the bar of the Commonwealth of

Massachusetts in 2010, and the bar of the State of New York in 2011.  Mr. Litrownik is also admitted to the bars of the United States District Courts for the Southern, Eastern, and Western Districts of New York, the District of Massachusetts, the District of Connecticut, and the U.S. Courts of Appeal for the Second and Eleventh Circuits.

     b. Rachel Williams Dempsey is an associate at O&G in San Francisco.  Before joining the firm in 2017, Ms. Dempsey clerked for the Honorable John A. Kronstadt, United States District Court for the Central District of California, and for the Honorable Richard R. Clifton, Ninth Circuit Court of Appeals.  Ms. Dempsey received her J.D. in 2015 from Yale Law School and her B.A., cum laude, from Yale University in 2009.  Ms. Dempsey is admitted to practice in California and the Ninth Circuit.

     c. Hannah Cole-Chu is an associate at O&G in Washington D.C.  Before joining the firm in September 2018, Ms. Cole-Chu clerked for the Honorable Alvin W. Thompson, U.S. District Judge for the District of Connecticut.  Ms. Cole-Chu received her J.D., *magna cum laude*, from the University of Maryland Francis King Carey School of Law in 2017. During law school, Ms. Cole-Chu was Editor in Chief of the *Maryland Law Review* and Co-President of the Maryland Public Interest Law Project, Inc.  She received her B.A. from Bard College in 2009.  Ms. Cole-Chu is licensed to practice in Maryland and Washington, D.C.

     d. Miguel Tapia Colin is a paralegal at O&G.  Before joining O&G in 2019, he graduated from Columbia University with a B.A. in Political Science and Government and worked as a legal intern at the Law Offices of Jeffrey E. Goldman.

## Pre-Suit Investigation

10. Prior to filing this lawsuit, Class Counsel spent several months investigating the claims.

11. Class Counsel conducted research into the facts of Plaintiff's claims as well as potential claims under the Equal Credit Opportunity Act ("ECOA") and the Fair Credit Reporting Act ("FCRA").

## Class Counsel's Lodestar

12. The Settlement Agreement provides that Class Counsel may petition the Court for approval of up to $500,000 in attorneys' fees and costs.

13. Class Counsel have invested substantial time and maintained significant expenses to prosecute this case.

14. As of September 21, 2020, Class Counsel have incurred $392,906.90 in attorneys' fees, broken down by firm as follows:

| Firm | Fees | Hours |
|---|---|---|
| Outten & Golden LLP | $ 292,118.50 | 626.6 |
| Justice Catalyst Law | $ 108,353.40 | 147.9 |
| **TOTAL** | **$ 400,471.90** | **774.5** |

15. Class Counsel anticipate their lodestar to grow substantially through the claims period and final approval, including responding to Class Member inquiries, appearing for hearings, and overseeing the claims process, verification process, and distribution of payments to Class Members.

16. The requested fee award constitutes approximately 42% of a constructive common fund of $1,185,000.

17. All of these fees and costs were reasonably expended for the benefit of the class.

### Hours Class Counsel Spent Litigating This Case

18. Class Counsel devoted approximately 774.5 hours to litigating this case. Outten & Golden attorneys dedicated approximately 626.6 hours to prosecution of this case.

19. A core team of attorneys did the vast majority of the work in this case. Three attorneys and one paralegal put in approximately 65% of the total hours expended on this case. Six attorneys put in approximately 86% of the attorney hours expended on this case.

20. At every stage, Class Counsel confronted unprecedented issues and had to diligently research, prepare, and confer on strategy.

21. Due to the complexity and novelty of the claims, it was critical that Class Counsel confer regularly on strategy and the substance of the claims, which benefited the case and Class Members.

22. Wherever possible, Class Counsel assigned work to the lowest-billing attorney capable of doing the work. While several lawyers collaborated on major tasks when necessary, such as drafting the complaint or opposing the motion to dismiss, each of the primary lawyers in the case was

assigned discrete tasks to avoid duplication and to reduce the extent to which more than a single member of Class Counsel had to spend time delving into complex issues.

23. In calculating their total hours worked, Outten & Golden LLP eliminated any hours billed by time-keepers who worked on the case for less than 5 hours.

24. When we take a case on a contingency basis, we concentrate on maintaining "lean" staffing. We simply cannot afford to overstaff cases or to duplicate work. Unlike most defense firms, and unlike on our hourly matters, the billable hours we spend on contingency cases do not necessarily result in us getting paid. We are paid when we get results. While it is in our interest to get excellent results, it is also in our interest to do so with the smallest reasonable outlay of professional resources consistent with doing excellent work. We must pay our attorneys and paralegals as we go.

25. Class Counsel analyzed their billing records and eliminated certain hours in the exercise of billing judgment.

26. Attached as **Exhibit A (Class Counsel Lodestar Summary – by Timekeeper)** are summaries of the time spent by each attorney, paralegal, and support staff member as of September 21, 2020, including each biller's position, hours, hourly rate, and lodestar.

27. Attached as **Exhibit B (Class Counsel Lodestar Summary – Phase of Litigation)** is a summary of the hours billed by phase of litigation.

### Class Counsel's Hourly Rates

28. For purposes of calculating Class Counsel's lodestar in this action, Class Counsel have used current hourly rates for most timekeepers.

29. However, Outten & Golden has modified historical rates for timekeepers who left the firm earlier in the case or for attorneys who moved from law clerk to associate status or associate status to partner during the pendency of the case. *See* **Exhibit A (Class Counsel Lodestar Summary – by Timekeeper).**

30. Currently, Outten & Golden's rates range from $575 to $1300 per partner's hour, $525 to $925 per counsel's hours, $315 to $600 per associate's hour, $400 to $600 per staff or contract attorney's hour, $250 per law clerk's hour, and $250 to $290 per paralegal's hour. The firm's clients regularly accept and pay Outten & Golden's hourly rates.

31. The hourly rates of Class Counsel at Outten & Golden LLP are rates that comparable attorneys at Outten & Golden LLP charge paying clients. Outten & Golden ordinarily and regularly bills clients on an hourly fee basis, based upon each attorney's standard hourly rate.

32. O&G charges fee-paying clients at rates that are the same as or higher than Ossai Miazad's rate of $850 per hour; Michael Litrownik's rate of $525 per hour, Rachel Dempsey's rate of $375 per hour, and Hannah Cole-Chu's rate of $325 per hour.

33. There is no shortage of hourly work at O&G. Thus, when O&G lawyers spend time on contingency matters, it is at an opportunity cost for the firm. Every O&G lawyer working on this case could have spent more time on hourly matters. O&G's lawyers, senior and junior, have experience and expertise in employment law and litigation generally. Even the O&G lawyers who have not recently billed a significant portion of their time to hourly paying clients could do so if they and the firm so chose; these attorneys are qualified to represent clients in individual matters, which generate hourly fees. Such matters include consultations, severance agreements, individual cases (e.g., discrimination, retaliation, breach of contract), and other types of matters.

34. Hourly work is a key component of O&G's business model. Unlike many other firms in the employee-side employment field, we do not perform exclusively contingency work. Rather, a substantial portion of our client matters are handled on an hourly fee basis.

35. O&G takes on cases like this one on a contingency basis, investing substantial resources without a guarantee of payment, because we believe in enforcing employee rights where violations of the law may have occurred. When O&G's resources and attorney time are tied up in cases like this one, we must turn away other business, and did so to prosecute this case. But we also recognize that, if private firms like O&G were not willing and able to take on these cases on a contingency basis, violations of the law might go unremedied.

36. Class Counsel's rates are commensurate with or less than those prevailing in the applicable market for attorneys with comparable skill and experience litigating complex class and collective actions brought under federal anti-discrimination, benefits, and wage and hour laws.

37. Outten & Golden's hourly rates have been approved at or near the rates they request here. *Zamora v. Lyft, Inc.*, No. 16 Civ. 02558, 2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018)

1  (approving rates ranging from $280 to $850 as "reasonable in light of the market for legal services of this type and quality"); *del Toro Lopez v. Uber Techs., Inc.*, No. 17 Civ. 6255, 2018 WL 5982506, at *4 (N.D. Cal. Nov. 14, 2018) (approving Outten & Golden's hourly rates of $250 to $850); *Walsh v. CorePower Yoga LLC*, No. 16 Civ. 05610, 2017 WL 4390168, at *10 (N.D. Cal. Oct. 3, 2017) (approving Outten & Golden attorney rates ranging from $200 to $775 per hour as "in line with the overall range of market rates in this District for attorneys and for litigation support staff of similar abilities and experience").

### Class Counsel's Out-of-Pocket Expenses

38. Class Counsel have spent $8,510.48 in actual litigation expenses, broken down by firm as follows:

| Firm | Costs |
|---|---|
| Outten & Golden LLP | $7,268.49 |
| Justice Catalyst Law | $1,241.99 |
| **TOTAL** | **$8,510.48** |

39. These costs include legal research fees, telephone conference calls, mailing expenses, travel, and other reasonable litigation-related costs, among others.

40. O&G charges fee-paying clients for out-of-pocket costs and disbursements, including of the types sought in this case.

41. Attached as **Exhibit C (Class Counsel Costs Report)** is a true and correct summary of the costs incurred by Outten & Golden in this matter. My firm has not received any reimbursement for any of the monies expended to cover costs incurred.

42. Class Counsel also seek approval of $50,000 in settlement administration expenses, which is a reasonable expense in light of the complexity of this settlement.

43. All these costs were necessary to prosecute this action and incurred for the benefit of the Class.

### Exhibits

44. Attached hereto as **Exhibit A** is a true and correct copy of Class Counsel Lodestar Summary – by Timekeeper.

45. Attached hereto as **Exhibit B** is a true and correct copy of Class Counsel Lodestar Summary – Phase of Litigation.

46. Attached hereto as **Exhibit C** is a true and correct copy of Class Counsel Cost Summary.

47. Attached hereto as **Exhibit D** is a true and correct copy of the Declaration of Craig Briskin in Support of Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award.

48. Attached hereto as **Exhibit E** is a true and correct copy of the Declaration of Todd Jackson in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award in *Perez v. Wells Fargo*, 17 Civ. 454 (N.D. Cal.).

49. Attached hereto as **Exhibit F** is a true and correct copy of the Declaration of James M. Finberg in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award *Perez v. Wells Fargo*, 17 Civ. 454 (N.D. Cal.).

50. Attached hereto as **Exhibit G** is a true and correct copy of the Declaration of David A. Lowe in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award *Perez v. Wells Fargo*, 17 Civ. 454 (N.D. Cal.).

51. Attached hereto as **Exhibit H** is a true and correct copy of the Declaration of Jennifer M. Keough Regarding Administration Costs.

52. Attached hereto as **Exhibit I** is a true and correct copy of the Declaration of Eduardo Peña in Support of Motion for Service Award.

1  I declare under penalty of perjury under the laws of the United States and the State of New
2  York that the foregoing is true and correct, and that this declaration was executed on September 25,
3  2020 in New York, New York.

/s/ *Ossai Miazad*
Ossai Miazad

Ossai Miazad (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000
Facsimile:   (646) 509-2060
omiazad@outtengolden.com