# Exhibit E

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Daniel S. Stromberg*
Hannah Cole-Chu*
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue, 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
dstromberg@outtengolden.com
hcolechu@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Thomas A. Saenz (Cal. Bar No. 159430)
Belinda Escobosa Helzer (Cal. Bar No. 214178)
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
tsaenz@maldef.org
bescobosa@maldef.org

*Attorneys for Plaintiffs and the Proposed Class*
*Additional counsel listed on signature page*
*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MITZIE PEREZ and SERGIO BARAJAS, individually, and ANDRES ACOSTA, TERESA DIAZ VEDOY, VICTORIA RODAS, and SAMUEL TABARES VILLAFUERTE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | Case No. 17-cv-00454-MMC<br><br>**DECLARATION OF TODD JACKSON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS** |

I, TODD JACKSON, declare as follows:

1. I am a member in good standing of the State Bar of California. I am also admitted to practice before all U.S. District Courts in the state of California and the Ninth Circuit Court of Appeals. I am a partner at Feinberg Jackson Worthman & Wasow LLP. I was previously a shareholder at the law firm of Lewis, Feinberg, Lee & Jackson, P.C. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. This Declaration is submitted in support of plaintiffs' Unopposed Motions for Approval of Attorneys' Fees, Costs, and Service Awards in the above-captioned matter and in *Peña v. Wells Fargo*, 19-cv-4065, a related case.

**My Background and Experience**

3. I graduated from the University of California, Berkeley School of Law in 1998. From 1998 to 1999, I clerked for Honorable Judith N. Keep of the U.S. District Court for the Southern District of California. Following my clerkship, I worked as an attorney and shareholder for Lewis, Feinberg, Lee & Jackson, P.C. until 2015, when I became a partner at Feinberg, Jackson, Worthman and Wasow.

**My Background and Experience**

4. I have written and spoken extensively on employment and ERISA law and litigation and have closely followed legal developments in the area. I am a chapter editor of the ABA's "Employee Benefits Law" and of the ABA's "The Fair Labor Standards Act" and have presented numerous articles on ERISA fiduciary rules and wage and hour litigation. I am also the author of the "Mediating Wage and Hour Disputes" chapter in the California Continuing Education of the Bar's California Wage and Hour - Law and Litigation. I served as the Employee Co-Chair of the Employee Benefits Committee of the ABA's Labor and Employment Section. I have been named a Northern California Super Lawyer every year since 2009. I have taught Employment Law at Berkeley Law since 2014. I taught Employment Benefits Law at Berkeley Law in 2013 and 2014. I am a mediator on the Northern District of California ADR mediation panel.

5. The following are exemplars of the cases in which I, along with others from my current and former law firms, worked as lead or co-lead counsel:

- *Rosenburg v. Int'l Bus. Machines Corp.*, No. 06—cv-00430-PJH, 2007 WL 2043855 (N.D. Cal. July 12, 2007): In July 2007, the United States District Court for the Northern District of California granted final approval of a settlement of $65 million for a class of present and former technology workers employed by IBM.

- *Gutierrez v. Schmid Insulation Contractors, et al.*, No. 08-cv-6010-DSF (C.D. Cal. March 9, 2009): On March 9, 2009, the Central District of California granted final approval of a settlement of $8.5 million for a class of present and former California installers for Schmid Insulation Contractors and Masco Contractor Services of California. The class had asserted that they were denied minimum wage and overtime and subject to unlawful wage deductions.

- *Cancilla v. Ecolab*, Case No. 12-cv-03001 (N.D. Cal. 2016). In January 2016, the Northern District of California granted final approval of a class action settlement of $7.5 million for a class of more than 1,000 workers who asserted that they were misclassified as exempt employees).

- *Lindell v. Synthes, Inc.*, --- F. Supp. 3d --- (E.D. Cal. 2016). On January 1, 2016, the Eastern District of California denied Defendants' motion to decertify two classes of medical sales device consultants, granted summary judgment for Plaintiff's and the Class on their unlawful deductions claims under the California Labor Code, and granted and part and denied in part Defendants' motion for summary judgment as to Plaintiff's and the Class's claim for unreimbursed expenses under Labor Code § 2802.

- *Strauch v. CSC*, No. 14-cv-00956 (D. Conn. filed July 1, 2014). Attorneys from the firm and co-counsel represent a group of current and former technical support workers in a conditionally certified Fair Labor Standards Act collective as well as workers in several proposed Rule 23 classes with parallel state-law claims. I served as lead trial counsel and

Plaintiffs won a jury trial liability verdict in December of 2017 on behalf of a class of over 1,000 workers.

- *Castro v. ABM Industries, Inc,* 4:17-cv-03026-YGR. Attorneys from the firm, along with co-counsel, represent Plaintiffs in claims brought on behalf of a putative class of janitorial employees. Plaintiffs allege that Defendants have a company-wide policy of not reimbursing or indemnifying putative class members for out-of-pocket expenses for work-related use of their personal cell phones, in violation of California law. The case settled for $5.4 million dollars. The final approval motion is to be heard in August.

- *Gama v. Able Services,* No. RG15773582 (Alameda Co. Sup. Ct. filed June 10, 2015). Attorneys from the firm, along with co-counsel, represent Plaintiffs in claims brought on behalf of a putative class of janitorial employees. Plaintiffs allege that Defendants' have a company-wide policy of not reimbursing or indemnifying putative class members for out-of-pocket expenses for work-related use of their personal cell phones, in violation of California law. The case is currently before the Alameda County Superior Court.

- *Fernandez v. K-M Indus. Holding Co., Inc.,* 646 F. Supp. 2d 1150 (N.D. Cal. 2009): Attorneys from the firm represented as co-counsel a class of employees of Kelly-Moore Paint Company and CIG (an insurance company which, along with Kelly-Moore, was owned by K-M Industries Holding Co., Inc.) who were participants and beneficiaries of the K-M Industries Holding Co., Inc. ESOP. Plaintiffs alleged that Defendants breached their fiduciary duties under ERISA by causing the ESOP to purchase employer stock at an inflated price. Plaintiffs settled with the Company and the family trust of its founder, William Moore, after briefing but before decision on their motion for summary judgment on the statute of limitations. Plaintiffs settled with the successor trustee of the ESOP after briefing but before decision on a motion for summary judgment on the merits. Class-wide settlements resulted in the payment of $55 million to the class.

- *Neil v. Zell,* 275 F.R.D.256 (N D. Ill. 2011): Attorneys from the firm represented participants and beneficiaries of the Tribune Company ESOP in a certified class action

pending in the Northern District of Illinois. Plaintiffs alleged that defendants breached fiduciary duties and engaged in prohibited transactions in the 2007 Leveraged ESOP Transaction which permitted Sam Zell to take control of the Tribune Company. Tribune Company filed bankruptcy less than a year after the Transaction, and the ESOP's stock is now worthless. After ruling in Plaintiffs' favor on several motions, the court approved Plaintiffs' motion for class certification. A class-wide settlement of $32 million was approved in January 2012.

- *Pryor v. Overseas Admin. Servs.*: Appointed class counsel in certified wage and hour class action arbitration on behalf of truck drivers employed in Iraq by KBR, Inc.;
- *Rogers v. Kindred Healthcare Inc.*, No. RG-14729507 (Alameda Co. Superior Court) Class action resulting in $2.465 million settlement of wage and hour claims brought on behalf of homecare workers; and
- *Lindell v. Synthes USA*, No. 11-cv-2053 (E.D. Cal. 2016) (certified class action on behalf of more than 250 medical device sales consultants; preliminary approval of $5 million settlement granted September 21, 2016.

**Plaintiffs' Motion and the Underlying Litigation**

6. I have been asked to express my opinion as to the hourly rates being charged by Class Counsel in the *Perez v. Wells Fargo* and *Peña v. Wells Fargo* cases. I am familiar with the work of Outten & Golden generally and Jahan Sagafi, Ossai Miazad, Michael Litrownik, and Relic Sun in particular.

7. I understand that the *Perez v. Wells Fargo* litigation involved claims brought by DACA recipients who were denied credit and loan products by Wells Fargo. The plaintiffs brought claims of alienage discrimination under 42 U.S.C. § 1981 and California's Unruh Act challenging those denials on behalf of themselves and California and nationwide classes of DACA recipients. I understand that this litigation spanned more than three years and was heavily litigated, including extensive motion practice at the pleading stage, voluminous discovery and briefing of discovery disputes, 18 fact and expert depositions, and briefing of the class

certification motion. I understand that the relief achieved by the plaintiffs and Class Counsel includes up to $2,500 in cash payments to class members and programmatic relief whereby Wells Fargo has agreed to change its lending policies and make credit and loans available to DACA recipients on the same terms and conditions as it offers credit to U.S. citizens.

8. I understand that the *Peña v. Wells Fargo* litigation involved claims brought by a DACA recipient who was denied a direct auto loan product by Wells Fargo. The plaintiff brought claims of alienage discrimination under 42 U.S.C. § 1981, California's Unruh Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act challenging that denial on behalf of himself and California and nationwide classes of DACA recipients. I understand that the complaint in this case was filed in July 2019 and, since that time, the parties briefed multiple motions, the plaintiff amended the complaint twice, and the parties exchanged written discovery. I understand that the relief achieved by the plaintiff and Class Counsel includes up to $2,500 in cash payments to class members and programmatic relief whereby Wells Fargo has agreed to change its auto lending policies and make direct auto loans available to DACA recipients on the same terms and conditions as it offers credit to U.S. citizens.

9. I have litigated multiple complex employment matters as co-counsel with Jahan Sagafi and his colleagues at Outten & Golden LLP during my career. In the course of that work, I have found that Mr. Sagafi and his colleagues at the firm. They are, simply put, excellent lawyers who creatively, carefully and ethically represent their clients. I had the good fortune to try a class action wage and hour lawsuit successfully to verdict before a jury with a team of Outten & Golden lawyers, including Mr. Sagafi and Mr. Litrownik. Their work there, as in other cases, was superlative and I can think of no other firm I'd rather try a difficult case with as co-counsel.

10. I have reviewed the hourly rates for which Class Counsel seek compensation in these cases, including $950 for Jahan Sagafi (law school class of 2001), $850 for Ossai Miazad (2004), $525 for Michael N. Litrownik (2010), $450 for Elizabeth Stork and Relic Sun (both 2013), $375 for Rachel W. Dempsey (2015), $325 for Hannah Cole-Chu (2017), and $270 for paralegals. In my opinion, Class Counsel's hourly rates are well within the range of market rates

charged by Bay Area attorneys for equivalent experience, skill, and expertise for comparable litigation and are otherwise reasonable rates for the high level of work done by the Outten & Golden firm.

11. The hourly rates charged by Outten & Golden are also comparable to my rates and those of attorneys at my firm. My current billing rate is $925 per hour. At my firm, partners charge hourly rates of $610-950, associates charge hourly rates of $350-600, and paralegals charge hourly rates of $250. Therefore, I believe the rates billed by Class Counsel to be reasonable.

*   *   *

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed this 23rd day of September, 2020 at Berkeley, California.

_____
Todd Jackson