# Exhibit H

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.<br><br><br>    Defendant. | Case No. 19-cv-04065-MMC-TSH<br><br><br>**DECLARATION OF**<br>**JENNIFER M. KEOUGH REGARDING**<br>**ADMINISTRATION COSTS** |

I, JENNIFER M. KEOUGH, declare and state as follows:

1.      I am the Chief Executive Officer of JND Legal Administration ("JND").  This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees, and if called upon to do so, I could and would testify competently thereto.

2.      I have more than 20 years of legal experience creating and supervising notice and claims administration programs and have personally overseen well over 500 matters.  A comprehensive description of my experience is attached as Exhibit A.

3.      JND is a legal administration services provider with headquarters located in Seattle, Washington.   JND has extensive experience with all aspects of legal administration and has administered hundreds of class action settlements.  JND was chosen as the Settlement Administrator in this case after going through a competitive bidding process.

4.      As CEO, I am involved in all facets of JND's operation, including monitoring the implementation of our notice and claims administration programs.

5.      I submit this Declaration at the request of Class Counsel in the above-referenced litigation to detail the requested administration costs for work performed in connection with this matter.

**SETTLEMENT ADMINISTRATION COSTS**

6.      Per the Settlement Agreement and Release dated June 16, 2020, in its role as the Settlement Administrator, JND will perform the following work in connection with the administration: preparing and mailing CAFA notices to appropriate officials in all 50 states (as well as U.S. territories), designing and formatting notice for mailing to over 1,600 unique potential Class Member records, coordinating an e-mail notice campaign to an estimated 1,600 potential Class Members, researching and re-mailing notices that have been returned to JND as undeliverable, implementing a dual-language toll-free number and IVR menu, designing and maintain a dual-language Settlement website with online claim filing functionality, designing and sending an e-mail reminder notice, receiving and processing claim form submissions, validating claims providing supporting documentation, sending deficiency letters to claimants with invalid submissions, and distributing benefits and tax forms to an estimated 250 potential Class Members.  In addition, JND will incur costs for approximately nine (9) months of project management to oversee this matter, as well as associated expenses (P.O. box charges, translation costs, postage, etc.).  The tasks listed in this paragraph are reflected in JND's bid for this matter, wherein JND anticipated that it would incur $34,670 in administration fees and expenses.  The estimate was prepared assuming a total of 2,000 unique Class Member records.  Based on my experience with claims administration, this is a reasonable and realistic estimate of fees and costs for handling the notice and claims process in this case.  For example, due to the size of the potential class, I estimate that mailing notice and processing the claim forms and requests for Official Documentation alone will cost approximately $5,050.  I estimate that expenses – including postage, translation, and related mailing costs – for a class of this size will cost approximately $3,800.

7.      Although JND's settlement fees and expenses are estimated to cost approximately $15,000 less than the amount Plaintiffs seek to be approved by the Court, I expect that JND will incur additional, unanticipated fees and expenses throughout the settlement administration process and those

DECLARATION OF JENNIFER M. KEOUGH RE: ADMINISTRATION COSTS

fees and expenses can easily add up to $15,000.  In my experience, it is not uncommon for cases to require extra work or for certain tasks to take more time than anticipated.  This case is not likely to be an exception, particularly given the overinclusive class list and the sensitive review of official documentation that my staff will undertake.  For example, if more potential class members file claim forms than expected, that will increase JND's processing costs.  It is also possible that JND will receive many more calls and emails from potential class members than in the average case of this size.  Finally, it is possible that reviewing the Official Documentation – and sending out deficiency letters – will be more time consuming and expensive than anticipated.  For these reasons, JND's actual fees and expenses may exceed its original $34,670 bid in this matter.  However, JND has agreed to cap its costs in this matter at $50,000.  JND will circulate monthly invoices to Class Counsel to account for the work performed in connection with this matter.  To the extent that JND's costs do not amount to the full cap, JND will charge the actual costs.

Executed on September 23, 2020 at Seattle, Washington.

_____

JENNIFER M. KEOUGH

DECLARATION OF JENNIFER M. KEOUGH RE: ADMINISTRATION COSTS

# EXHIBIT A

# JENNIFER KEOUGH

### CHIEF EXECUTIVE OFFICER AND CO-FOUNDER





## I.

# INTRODUCTION

Jennifer Keough is Chief Executive Officer and a Founder of JND Legal Administration ("JND"). She is the only judicially recognized expert in all facets of class action administration - from notice through distribution. With more than 20 years of legal experience, Ms. Keough has directly worked on hundreds of high-profile and complex administration engagements, including such landmark matters as the $20 billion Gulf Coast Claims Facility, $10 billion BP Deepwater Horizon Settlement, $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class action settlement ever), $3.05 billion VisaCheck/MasterMoney Antitrust Settlement, $1.3 billion Equifax Data Breach Settlement, $1 billion Stryker Modular Hip Settlement, $600 million Engle Smokers Trust Fund, $215 million USC Student Health Center Settlement, and countless other high-profile matters. She has been appointed notice expert in many notable cases and has testified on settlement matters in numerous courts and before the Senate Committee for Indian Affairs.

The only female CEO in the field, Ms. Keough oversees more than 200 employees at JND's Seattle headquarters, as well as other office locations around the country. She manages all aspects of JND's class action business from day-to-day processes to high-level strategies. Her comprehensive expertise with noticing, claims

processing, Systems and IT work, call center, data analytics, recovery calculations, check distribution, and reporting gained her the reputation with attorneys on both sides of the aisle as the most dependable consultant for all legal administration needs. Ms. Keough also applies her knowledge and skills to other divisions of JND, including mass tort, lien resolution, government services, and eDiscovery. Given her extensive experience, Ms. Keough is often called upon to consult with parties prior to settlement, is frequently invited to speak on class action issues and has authored numerous articles in her multiple areas of expertise.

Ms. Keough launched JND with her partners in early 2016. Just a few months later she was named as the Independent Claims Administrator ("ICA") in a complex BP Solar Panel Settlement. Ms. Keough also started receiving numerous appointments as notice expert and in 2017 was chosen to oversee a restitution program in Canada where every adult in the country was eligible to participate. Also, in 2017, Ms. Keough was named a female entrepreneur of the year finalist in the 14th annual Stevie Awards for Women in Business. In 2015 and 2017, she was recognized as a "Woman Worth Watching" by Profiles in Diversity Journal.

Since JND's launch, Mrs. Keough has also been featured in numerous news sources. In 2019, she was highlighted in an Authority Magazine article, "5 Things I wish someone told me before I became a CEO," and a Moneyish article, "This is exactly how rampant 'imposter syndrome' is in the workforce." In 2018, she was featured in several Fierce CEO articles, "JND Legal Administration CEO Jennifer Keough aids law firms in complicated settlements," "Special Report—Women CEOs offer advice on defying preconceptions and blazing a trail to the top," and "Companies stand out with organizational excellence," as well as a Puget Sound Business Journal article, "JND Legal CEO Jennifer Keough handles law firms' big business." In 2013, Mrs. Keough appeared in a CNN article, "What Changes with Women in the Boardroom."

Prior to forming JND, Ms. Keough was Chief Operating Officer and Executive Vice President for one of the then largest administration firms in the country, where she oversaw operations in several offices across the country and was responsible for all large and critical projects. Previously, Ms. Keough worked as a class action business

analyst at Perkins Coie, one of the country's premier defense firms, where she managed complex class action settlements and remediation programs, including the selection, retention, and supervision of legal administration firms. While at Perkins she managed, among other matters, the administration of over $100 million in the claims-made Weyerhaeuser siding case, one of the largest building product class action settlements ever. In her role, she established a reputation as being fair in her ability to see both sides of a settlement program.

Ms. Keough earned her J.D. from Seattle University. She graduated from Seattle University with a B.A. and M.S.F. with honors.



# II. LANDMARK CASES

Jennifer Keough has the distinction of personally overseeing the administration of more large class action programs than any other notice expert in the field. Some of her largest engagements include the following:

### 1. Allagas v. BP Solar Int'l, Inc.

**No. 14-cv-00560 (N.D. Cal.)**

Ms. Keough was appointed by the United States District Court for the Northern District of California as the Independent Claims Administrator ("ICA") supervising the notice and administration of this complex settlement involving inspection, remediation, and replacement of solar panels on homes and businesses throughout California and other parts of the United States. Ms. Keough and her team devised the administration protocol and built a network of inspectors and contractors to perform the various inspections and other work needed to assist claimants. She also built a program that included a team of operators to answer claimant questions, a fully interactive dedicated website with on-line claim filing capability, and a team trained in the very complex intricacies of solar panel mechanisms. In her role as ICA, Ms. Keough regularly reported to the parties and the Court as to the progress of the administration. In addition to her role as ICA, Ms. Keough also acted as mediator for those claimants who opted out of the settlement to pursue their claims individually against BP. Honorable Susan Illston, recognized the complexity of the settlement when appointing Ms. Keough the ICA (December 22, 2016):

> The complexity, expense and likely duration of the litigation favors the Settlement, which provides meaningful and substantial benefits on a much shorter time frame than otherwise possible and avoids risk to class certification and the Class's case on the merits...The Court appoints Jennifer Keough of JND Legal Administration to serve as the Independent Claims Administrator ("ICA") as provided under the Settlement.

## 2.   Careathers v. Red Bull North America, Inc.

**No. 13-cv-0369 (KPF) (S.D.N.Y.)**

Due to the nature of this case, direct notice was impossible. Therefore, Ms. Keough assisted in the design of a publication notice and claims administration program intended to reach the greatest number of affected individuals. Due to the success of the notice program, the informational website designed by Ms. Keough and her team received an unprecedented 67 million hits in less than 24 hours. The Claims Administration program received over 2 million claim forms submitted through the three available filing options: online, mail, and email. Judge Katherine Polk Failla approved the notice program (May 12, 2015) finding:

> ...that the Notice to the Settlement Class... was collectively the best notice practicable under the circumstances of these proceedings of the matters set forth therein, and fully satisfies the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

## 3.   Chester v. The TJX Cos.

**No. 15-cv-01437 (C.D. Cal.)**

As the notice expert, Ms. Keough proposed a multi-faceted notice plan designed to reach over eight million class members. Where class member information was available, direct notice was sent via email and via postcard when an email was returned as undeliverable or for which there was no email address provided. Additionally, to reach the unknown class members, Ms. Keough's plan included a summary notice in eight publications directed toward the California class and a tear-away notice posted in all TJ Maxx locations in California. The notice effort also included an informational and interactive website with online claim filing and a toll-free number that provided information 24 hours a day. Additionally, associates were available to answer class member questions in both English and Spanish during business hours. Honorable Otis D. Wright, II approved the plan (May 14, 2018):

> *...the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable.*

## 4.  Cobell v. Salazar

**No. 96 CV 1285 (TFH) (D. D.C.)**

As part of the largest government class action settlement in our nation's history, Ms. Keough worked with the U.S. Government to implement the administration program responsible for identifying and providing notice to the two distinct but overlapping settlement classes. As part of the notice outreach program, Ms. Keough participated in multiple town hall meetings held at Indian reservations located across the country. Due to the efforts of the outreach program, over 80% of all class members were provided notice. Additionally, Ms. Keough played a role in creating the processes for evaluating claims and ensuring the correct distributions were made. Under Ms. Keough's supervision, the processing team processed over 480,000 claims forms to determine eligibility. Less than one half of 1 percent of all claim determinations made by the processing team were appealed. Ms. Keough was called upon to testify before the Senate Committee for Indian Affairs, where Senator Jon Tester of Montana praised her work in connection with notice efforts to the American Indian community when he stated: "Oh, wow. Okay... the administrator has done a good job, as your testimony has indicated, [discovering] 80 percent of the whereabouts of the unknown class members." Additionally, when evaluating the Notice Program, Judge Thomas F. Hogan concluded (July 27, 2011):

> *...that adequate notice of the Settlement has been provided to members of the Historical Accounting Class and to members of the Trust Administration Class.... Notice met and, in many cases, exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3). The best notice practicable has been provided class members, including individual*

*notice where members could be identified through reasonable effort. The contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B).*

## 5.   Gulf Coast Claims Facility (GCCF)

The GCCF was one of the largest claims processing facilities in U.S. history and was responsible for resolving the claims of both individuals and businesses relating to the Deepwater Horizon oil spill. The GCCF, which Ms. Keough helped develop, processed over one million claims and distributed more than $6 billion within the first year-and-a-half of its existence. As part of the GCCF, Ms. Keough and her team coordinated a large notice outreach program which included publication in multiple journals and magazines in the Gulf Coast area. She also established a call center staffed by individuals fluent in Spanish, Vietnamese, Laotian, Khmer, French, and Croatian.

## 6.   Hernandez v. Experian Info. Solutions, Inc.

**No. 05-cv-1070 (C.D. Cal.)**

This case asserts claims in violation of the Fair Credit Reporting Act. The litigation dates back to 2005, when José Hernandez filed his original Class Action Complaint in *Hernandez v. Equifax Info. Services, LLC*, No. 05-cv-03996 (N.D. Cal.), which was later transferred to C.D. Cal. and consolidated with several other related cases. In April 2009, a settlement agreement between Defendants and some plaintiffs was reached that would provide payments of damage awards from a $45 million settlement fund. However, after being granted final approval by the Court, the agreement was vacated on appeal by the United States Circuit Court of Appeals for the Ninth Circuit. The parties resumed negotiations and reached an agreement in April 2017. The settlement provided both significant monetary (approximately $38.7 million in non-reversionary cash) and non-monetary benefits. Ms. Keough oversaw the notice and administration efforts for the entire litigation. In approving the settlement and responding to objections about notice and administration expenses, Honorable David O. Carter, stated (April 6, 2018):

*The Court finds, however, that the notice had significant value for the Class, resulting in over 200,000 newly approved claims—a 28% increase in the number of Class members who will receive claimed benefits—not including the almost 100,000 Class members who have visited the CCRA section of the Settlement Website thus far and the further 100,000 estimated visits expected through the end of 2019. (Dkt. 1114-1 at 3, 6). Furthermore, the notice and claims process is being conducted efficiently at a total cost of approximately $6 million, or $2.5 million less than the projected 2009 Proposed Settlement notice and claims process, despite intervening increases in postage rates and general inflation. In addition, the Court finds that the notice conducted in connection with the 2009 Proposed Settlement has significant ongoing value to this Class, first in notifying in 2009 over 15 million Class members of their rights under the Fair Credit Reporting Act (the ignorance of which for most Class members was one area on which Class Counsel and White Objectors' counsel were in agreement), and because of the hundreds of thousands of claims submitted in response to that notice, and processed and validated by the claims administrator, which will be honored in this Settlement.*

## 7.   In re Air Cargo Shipping Servs. Antitrust Litig.

**No. 06-md-1775 (JG) (VVP) (E.D.N.Y.)**

This antitrust settlement involved five separate settlements. As a result, many class members were affected by more than one of the settlements, Ms. Keough constructed the notice and claims programs for each settlement in a manner which allowed for the comparison of claims data. Each claims administration program included claims processing, review of supporting evidence, and a deficiency notification process. The deficiency notification process included mailing of deficiency letters, making follow up phone calls, and sending emails to class members to help them complete their claim. To ensure accuracy throughout the claims process for each of the settlements, Ms. Keough created a process which audited many of the claims that were eligible for payment.

## 8.   In re Classmates.com

**No. C09-45RAJ (W.D. Wash.)**

Ms. Keough managed a team that provided email notice to over 50 million users with an estimated success rate of 89%. When an email was returned as undeliverable, it was re-sent up to three times in an attempt to provide notice to the entire class. Additionally, Ms. Keough implemented a claims administration program which received over 699,000 claim forms and maintained three email addresses in which to receive objections, exclusions, and claim form requests. The Court approved the program when it stated:

> *The Court finds that the form of electronic notice... together with the published notice in the Wall Street Journal, was the best practicable notice under the circumstances and was as likely as any other form of notice to apprise potential Settlement Class members of the Settlement Agreement and their rights to opt out and to object. The Court further finds that such notice was reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process...*

## 9.   In re Equifax Inc. Customer Data Sec. Breach Litig.

**No. 17-md-2800-TWT (N.D. Ga.)**

JND was appointed settlement administrator, under Ms. Keough's direction, for this complex data breach settlement valued at $1.3 billion with a class of 147 million individuals nationwide. Ms. Keough and her team oversaw all aspects of claims administration, including the development of the case website which provided notice in seven languages and allowed for online claim submissions. In the first week alone, over 10 million claims were filed. Overall, the website received more than 200 million hits and the Contact Center handled well over 100,000 operator calls. Ms. Keough and her team also worked closely with the Notice Provider to ensure that each element of the media campaign was executed in the time and manner as set forth in the Notice Plan.

Approving the settlement on January 13, 2020, Judge Thomas W. Thrash, Jr. acknowledged JND's outstanding efforts:

> JND transmitted the initial email notice to 104,815,404 million class members beginning on August 7, 2019. (App. 4, ¶¶ 53-54). JND later sent a supplemental email notice to the 91,167,239 class members who had not yet opted out, filed a claim, or unsubscribed from the initial email notice. (Id., ¶¶ 55-56). The notice plan also provides for JND to perform two additional supplemental email notice campaigns. (Id., ¶ 57)...JND has also developed specialized tools to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). As a result, class members have the opportunity to file a claim easily and have that claim adjudicated fairly and efficiently...The claims administrator, JND, is highly experienced in administering large class action settlements and judgments, and it has detailed the efforts it has made in administering the settlement, facilitating claims, and ensuring those claims are properly and efficiently handled. (App. 4, ¶¶ 4, 21; see also Doc. 739-6, ¶¶ 2-10). Among other things, JND has developed protocols and a database to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). Additionally, JND has the capacity to handle class member inquiries and claims of this magnitude. (App. 4, ¶¶ 5, 42). This factor, therefore, supports approving the relief provided by this settlement.

## 10.  In re General Motors LLC Ignition Switch Litig.

No. 2543 (MDL) (S.D.N.Y.)

<u>GM Ignition Switch Compensation Claims Resolution Facility</u>

Ms. Keough oversaw the creation of a Claims Facility for the submission of injury claims allegedly resulting from the faulty ignition switch. The Claims Facility worked with experts when evaluating the claim forms submitted. First, the Claims Facility reviewed thousands of pages of police reports, medical documentation, and pictures to determine whether a claim met the threshold

standards of an eligible claim for further review by the expert. Second, the Claims Facility would inform the expert that a claim was ready for its review. Ms. Keough constructed a database which allowed for a seamless transfer of claim forms and supporting documentation to the expert for further review.

<u>GM Ignition Switch Economic Settlement Claims Center</u>

Ms. Keough was also recently appointed the class action settlement administrator for the $120 million GM Ignition Switch settlement. On April 27, 2020, Honorable Jesse M. Furman approved the notice program designed by Ms. Keough and her team and the notice documents they drafted with the parties:

> *The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.*

> *The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set forth in the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator...*

## 11.  In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

**No. 2179 (MDL) (E.D. La.)**

Following the closure of the Gulf Coast Claims Facility, the Deepwater Horizon Settlement claims program was created. There were two separate legal settlements that provided for two claims administration programs. One of the programs was for the submission of medical claims and the other was for the submission of economic and property damage claims. Ms. Keough played a key role in the formation of the claims program for the evaluation of economic and property damage claims. Additionally, Ms. Keough built and supervised the back-office mail and processing center in Hammond, Louisiana, which was

the hub of the program. The Hammond center was visited several times by Claims Administrator Pat Juneau -- as well as by the District Court Judge and Magistrate -- who described it as a shining star of the program.

## 12. In re Stryker Rejuvenate and ABG II Hip Implant Products Liab. Litig.

### No. 13-2441 (MDL) (D. Minn.)

Ms. Keough and her team were designated as the escrow agent and claims processor in this $1 billion settlement designed to compensate eligible U.S. Patients who had surgery to replace their Rejuvenate Modular-Neck and/or ABG II Modular-Neck hip stems prior to November 3, 2014. As the claims processor, Ms. Keough and her team designed internal procedures to ensure the accurate review of all medical documentation received; designed an interactive website which included online claim filing; and established a toll-free number to allow class members to receive information about the settlement 24 hours a day. Additionally, she oversaw the creation of a deficiency process to ensure claimants were notified of their deficient submission and provided an opportunity to cure. The program also included an auditing procedure designed to detect fraudulent claims and a process for distributing initial and supplemental payments. Approximately 95% of the registered eligible patients enrolled in the settlement program.

## 13. In re The Engle Trust Fund

### No. 94-08273 CA 22 (Fla. 11th Jud. Cir. Ct.)

Ms. Keough played a key role in administering this $600 million landmark case against the country's five largest tobacco companies. Miles A. McGrane, III, Trustee to the Engle Trust Fund recognized Ms. Keough's role when he stated:

> *The outstanding organizational and administrative skills of Jennifer Keough cannot be overstated. Jennifer was most valuable to me in handling numerous substantive issues in connection with the landmark Engle Trust Fund matter. And, in her communications with affected class members, Jennifer proved to be a caring expert at what she does.*

### 14.  In re Washington Mut. Inc., Sec. Litig.

**No. 08-md-1919 MJP (W.D. Wash.)**

Ms. Keough supervised the notice and claims administration for this securities class action which included three separate settlements with defendants totaling $208.5 million. In addition to mailing notice to over one million class members, Ms. Keough managed the claims administration program, including the review and processing of claims, notification of claim deficiencies, and distribution. In preparation for the processing of claims, Ms. Keough and her team established a unique database to store the proofs of claim and supporting documentation; trained staff to the particulars of this settlement; created multiple computer programs for the entry of class member's unique information; and developed a program to calculate the recognized loss amounts pursuant to the plan of allocation. The program was designed to allow proofs of claim to be filed by mail or through an online portal. The deficiency process was established in order to reach out to class members who submitted incomplete proof of claims. It involved reaching out to claimants via letters, emails, and telephone calls.

### 15.  In re Yahoo! Inc. Sec. Litig.

**No. 17-cv-373 (N.D. Cal.)**

Ms. Keough oversaw the notice and administration of this $80 million securities settlement. In approving the settlement, Judge Lucy H. Koh, stated (September 7, 2018):

> The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation.

## 16. Linneman v. Vita-Mix Corp.

**No. 15-cv-748 (S.D. Ohio)**

Ms. Keough was hired by plaintiff counsel to design a notice program regarding this consumer settlement related to allegedly defective blenders. The Court approved Ms. Keough's plan and designated her as the notice expert for this case. As direct notice to the entire class was impracticable due to the nature of the case, Ms. Keough proposed a multi-faceted notice program. Direct notice was provided by mail or email to those purchasers identified through Vita-Mix's data as well as obtained through third parties, such as retailers, dealers, distributors, or restaurant supply stores. To reach the unknown class members, Ms. Keough oversaw the design of an extensive media plan that included published notice in *Cooking Light*, *Good Housekeeping*, and *People* magazine and digital notice placements through Facebook/Instagram, Twitter, and Conversant, as well as a paid search campaign through Google and Bing. In addition, the program included an informational and interactive website where class members could submit claims electronically, and a toll-free number that provided information to class members 24 hours a day. When approving the plan, Honorable Susan J. Dlott stated (May 3, 2018):

> *JND Legal Administration, previously appointed to supervise and administer the notice process, as well as oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.*

## 17. Loblaw Card Program

Jennifer Keough was selected by major Canadian retailer Loblaw and its counsel to act as program administrator in its voluntary remediation program as a result of a price-fixing scheme by some employees of the company involving

bread products. The program offered a $25 Card to all adults in Canada who purchased bread products in Loblaw stores between 2002 and 2015. Some 28 million Canadian residents were potential claimants. Ms. Keough and her team: (1) built an interactive website that was capable of withstanding hundreds of millions of "hits" in a short period of time; (2) built, staffed and trained a call center with operators available to take calls twelve hours a day, six days a week; (3) oversaw the vendor in charge of producing and distributing the cards; (4) was in charge of designing and overseeing fraud prevention procedures; and (5) handled myriad other tasks related to this high-profile and complex project.

### 18. New Orleans Tax Assessor Project

After Hurricane Katrina, the City of New Orleans began to reappraise properties in the area which caused property values to rise. Thousands of property owners appealed their new property values and the City Council did not have the capacity to handle all the appeals in a timely manner. As a result of the large number of appeals, the City of New Orleans hired Ms. Keough to design a unique database to store each appellant's historical property documentation. Additionally, Ms. Keough designed a facility responsible for scheduling and coordinating meetings between the 5,000 property owners who appealed their property values and real estate agents or appraisers. The database that Ms. Keough designed facilitated the meetings between the property owners and the property appraisers by allowing the property appraisers to review the property owner's documentation before and during the appointment with them.

### 19. USC Student Health Ctr. Settlement

**No. 18-cv-04258-SVW (C.D. Cal.)**

JND was approved as the Settlement Administrator in this important $215 million settlement that provides compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall at the USC Student Health Center during a nearly 30-year period. Ms. Keough and her team designed a notice effort that included mailed and email notice to

potential Class members, digital notices on Facebook, LinkedIn, and Twitter, an internet search effort, notice placements in USC publications/eNewsletters, and a press release. In addition, her team worked with USC staff to ensure notice postings around campus, on USC's website and social media accounts, and in USC alumni communications, among other things. Ms. Keough ensured the establishment of an all-female call center, fully trained to handle delicate interactions, with the goal of providing excellent service and assistance to every woman affected. She also worked with JND staff handling lien resolution for this case. Preliminary approving the settlement, Honorable Stephen V. Wilson stated (June 12, 2019):

> The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.

## 20. Williams v. Weyerhaeuser Co.

**Civil Action No. 995787 (Cal. Super. Ct.)**

This landmark consumer fraud litigation against Weyerhaeuser Co. had over $100 million in claims paid. The action involved exterior hardboard siding installed on homes and other structures throughout the United States from January 1, 1981 to December 31, 1999 that was alleged to be defective and prematurely fail when exposed to normal weather conditions.

Ms. Keough oversaw the administration efforts of this program, both when she was employed by Perkins Coie, who represented defendants, and later when she joined the administration firm handling the case. The claims program was extensive and went on for nine years, with varying claims deadlines depending on when the class member installed the original Weyerhaeuser siding. The

program involved not just payments to class members, but an inspection component where a court-appointed inspector analyzed the particular claimant's siding to determine the eligibility and award level.  Class members received a check for their damages, based upon the total square footage of damaged siding, multiplied by the cost of replacing, or, in some instances, repairing, the siding on their homes.  Ms. Keough oversaw the entirety of the program from start to finish.



# III. JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Keough's work as outlined above and by the sampling of judicial comments from other JND programs listed below.

## 1. Judge Susan R. Bolton

***In re Banner Health Data Breach Litig.,*** (April 21, 2020)
No. 16-cv-02696 (D. Ariz.):

*Prior to the Final Approval Hearing, Class Counsel filed the original and supplemental Declaration of Jennifer M. Keough Regarding Notice Administration, confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of Service Awards to the Class Representatives.*

## 2. Judge Joan B. Gottschall

***In re Navistar MaxxForce Engines Mktg., Sales Practices and Products,*** (January 3, 2020)
No. 14-cv-10318 (N.D. Ill.):

*In accordance with PTO 29 and subsequent orders, the settlement administrator, a corporation for which Jennifer Keough ("Keough" or "settlement administrator") speaks, filed several declarations updating the court on the notice, opt-out, and claims process... the court finds that the settlement is fair, reasonable, and adequate.*

## 3. Judge Fernando M. Olguin

***Ahmed v. HSBC Bank USA, NA,*** (December 30, 2019)
No. 15-cv-2057-FMO-SPx (N.D. Ill.):

*On June 21, 2019, the court granted preliminary approval of the settlement, appointed JND Legal Administration ("JND") as settlement administrator... the court*

*finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement... the reaction of the class has been very positive.*

### 4.   Honorable Steven I. Locke

***Donnenfield v. Petro, Inc.,*** (December 4, 2019)
No. 17-cv-02310 (E.D.N.Y.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

### 5.   Judge Sarah D. Morrison

***Blasi v. United Debt Serv., LLC,*** (November 5, 2019)
No. 14-cv-0083 (S.D. Ohio):

*JND Class Action Administration ("JND"), the claims administrator, mailed 166,597 notices to the class and had 10,377 notices returned as undeliverable. Id. at 6. Of those, JND re-mailed 2,306 to updated addresses. Id. 7. In addition, the website hosted 3,606 users who registered 10,170 page views. Id. As of August 14, 2019, JND had received 11,178 claim forms that remained under review. Id. Not one objection was lodged, and no one sought exclusion. Id... Through the postcard mailing and the website, the Court finds that the Class Representatives have utilized the best possible yet reasonable means to effectuate notice. Consequently, the Court holds that the Settlement Notice is sufficient.*

### 6.   Judge Cormac J. Carney

*In re ConAgra Foods Inc.,* (October 8, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*Following the Court's preliminary approval, JND used a multi-pronged notice campaign to reach people who purchased Wesson Oils...As of September 19, 2019, only one class member requested to opt out of the settlement class, with another class member objecting to the settlement. The reaction of the class has thus been overwhelmingly positive, and this factor favors final approval.*

### 7.   Judge Teri L. Jackson

*Lee v. Hertz Corp., Dollar Thrifty Auto. Grp. Inc.,* (August 30, 2019)
No. CGC-15-547520 (Cal. Super. Ct.):

*On April, 16, 2019, the Court issued Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, in which the Court did the following...appointed JND Legal Administration as the Settlement Administrator...The manner and form of notice...was the best notice practicable under the circumstances, was valid, due, and sufficient notice to all members of the Settlement Class, and complied fully with California law and due process.*

### 8.   Judge Barbara Jacobs Rothstein

*Wright v. Lyft, Inc.,* (May 29, 2019)
No. 17-cv-23307-MGC 14-cv-00421-BJR (W.D. Wash.):

*The Court also finds that the proposed method of distributing relief to the class is effective. JND Legal Administration ("JND"), an experienced claims administrator, undertook a robust notice program that was approved by this Court...*

### 9.   Judge J. Walton McLeod

***Boskie v. Backgroundchecks.com,*** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator...The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

### 10.  Honorable James Donato

***In re Resistors Antitrust Litig.,*** (May 2, 2019)
No. 15-cv-03820-JD (N.D. Cal.):

*The Court approves as to form and content the proposed notice forms, including the long form notice and summary notice, attached as Exhibits B and D to the Second Supplemental Declaration of Jennifer M. Keough Regarding Proposed Notice Program (ECF No. 534-3). The Court further finds that the proposed plan of notice – including Class Counsel's agreement at the preliminary approval hearing for the KOA Settlement that direct notice would be effectuated through both U.S. mail and electronic mail to the extent electronic mail addresses can be identified following a reasonable search – and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.The Court appoints the firm of JND Legal Administration LLC as the Settlement Administrator.*

### 11.  Honorable Leigh Martin May

*Bankhead v. First Advantage Background Serv. Corp.,* (April 30, 2019)
No. 17-cv-02910-LMM-CCB (N.D. Ga.):

*The Court appoints JND Legal Administration as Settlement Administrator... The Court approves the notice plans for the Class as set forth in the declaration of the JND Legal Administration. The Court finds that class notice fully satisfies the requirements of due process of the Federal Rules of Civil Procedure. The notice plan constitutes the best notice practicable under the circumstances of the Class.*

### 12.  Honorable P. Kevin Castel

*Hanks v. Lincoln Life & Annuity Co. of New York,* (April 23, 2019)
No. 16-cv-6399 PKC (S.D.N.Y.):

*The Court approves the form and contents of the Short-Form Notice and Long-Form Notice (collectively, the "Notices") attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on April 2, 2019, at Docket No. 120...The form and content of the notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto...the Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

### 13.  Judge Cormac J. Carney

*In re ConAgra Foods Inc,* (April 4, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*The bids were submitted to Judge McCormick, who ultimately chose JND Legal Administration to propose to the Court to serve as the settlement administrator. (Id. ¶ 65.) In addition to being selected by a neutral third party, JND Legal Administration appears to be well qualified to administer the claims in this case... The Court appoints JND Legal Administration as Settlement Administrator... JND*

*Legal Administration will reach class members through a consumer media campaign, including a national print effort in People magazine, a digital effort targeting consumers in the relevant states through Google Display Network and Facebook, newspaper notice placements in the Los Angeles Daily News, and an internet search effort on Google. (Keough Decl. ¶ 14.) JND Legal Administration will also distribute press releases to media outlets nationwide and establish a settlement website and toll-free phone number. (Id.) The print and digital media effort is designed to reach 70% of the potential class members. (Id.) The newspaper notice placements, internet search effort, and press release distribution are intended to enhance the notice's reach beyond the estimated 70%. (Id.)*

## 14. Honorable William J. McGovern, III, J.S.C.

**Atl. Ambulance Corp. v. Cullum and Hitti,** (March 29, 2019)
No. MRS-L-264-12 (N.J. Super. Ct.):

*The Court finds that the manner and form of notice set forth in the Settlement Agreement (Class Notice) was provided to the Settlement Class Members and Settlement Sub-class Members by JND Legal Administration, the Court-appointed Administrator of the Settlement...The Class Notice satisfied the requirements of due process and R. 4:32-2 and constitutes the best practicable notice under the circumstances.*

## 15. Judge Edward M. Chen

**In re MyFord Touch Consumer Litig.,** (March 28, 2019)
No. 13-cv-3072 (EMC) (N.D. Ca.):

*The parties have justified their choice of JND as Settlement Administrator... And the Court finds that the language of the class notice is appropriate and that the means of notice is the "best notice...practicable under the circumstances."*

### 16.  Judge Jonathan Goodman

**Belanger v. RoundPoint Mortgage Servicing,** (March 28, 2019)
No. 17-cv-23307-MGC (S.D. Fla.):

*Class Counsel has filed with the Court a declaration from Jennifer M. Keough, Chief Executive Officer at JND Legal Administration, the independent third-party Settlement Administrator for the Settlement, establishing that the Mail Notice, Claim Form, and Claim Form Instructions were mailed to Noticed Class Members on December 12, 2018; the Settlement Website and IVR toll-free telephone number system were established on December 12, 2018; internet advertising was published beginning December 14, 2018; and the Publication Notice was published on January 7, 2019. Adequate Class Notice was given to the Noticed Class Members in compliance with the Settlement Agreement and the Preliminary Approval Order.*

### 17.  Judge Steven P. Shreder

**Chieftain Royalty Co. v. Marathon Oil Co.,** (March 8, 2019)
No. 17-cv-334 (E.D. Okla.):

*The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, and the Escrow Agent, Signature Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.*

### 18.  Judge Thomas S. Zilly

**Connolly v. Umpqua Bank,** (February 28, 2019)
No. C15-517 (TSZ) (W.D. Wash.):

*Notice of the proposed class action settlement and of the final approval hearing scheduled for February 21, 2019, was sent to all members of the Class in the manner*

*described in the Declaration of Jennifer M. Keough, the Chief Executive Officer of
JND Legal Administration, which is the Settlement Administrator for this matter...
the methods of transmitting notices to class members, along with the maintenance
of a dedicated website, were the best notice practicable under the circumstances
and comported with Federal Rule of Civil Procedure 23 and the Due Process Clause
of the United States Constitution.*

## 19.  Judge Kathleen M. Daily

***Podawiltz v. Swisher Int'l, Inc.,*** (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The
Court finds that the notice plan is reasonable, that it constitutes due, adequate
and sufficient notice to all persons entitled to receive notice, and that it meets the
requirements of due process, ORCP 32, and any other applicable laws.*

## 20.  Honorable Robert W. Lehrburger

***Hines v. CBS Television Studios,*** (February 5, 2019)
No. 17-cv-7882 (PGG) (S.D.N.Y.):

*Class Members were provided with the best notice practicable under the
circumstances. The Court further finds that the Notice and its distribution comported
with all constitutional requirements, including those of due process. No Cass Member
opted out of or objected to the Settlement. Moreover, approximately 57% of Class
Members returned the Claim form, which represents a substantial response from the
Settlement Class...On August 24, 2018 the Court preliminary appointed JND as the
Settlement Claims Administrator in this action. JND is an experienced administrator
of Class Action settlements nationwide.*

### 21. Judge Naomi Reice Buchwald

*In re LIBOR-Based Fin. Instruments Antitrust Litig.,* (December 20, 2018)
No. 11-md-2262 (NRB) (S.D.N.Y.):

*The Court hereby finds that the forms and methods of notifying the Lender Class of the Settlements and their terms and conditions met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Lender Class Members entitled thereto of these proceedings and the matters set forth herein, including the Settlements and Plan of Distribution.*

### 22. Judge Kimberly E. West

*Reirdon v. Cimarex Energy Co.,* (December 18, 2018)
No. 16-CIV-113 (KEW) (E.D. Okla.):

*The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order...The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, and the Escrow Agent, Signature Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.*

### 23. Honorable Kenneth J. Medel

*Huntzinger v. Suunto Oy,* (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best*

*notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

## 24. Judge Mark H. Cohen

***Liotta v. Wolford Boutiques, LLC,*** (November 30, 2018)
No. 16-cv-4634 (N.D. Ga.):

*The Notice Program included written mail notice via post-card pursuant to addresses determined from a look-up on the telephone numbers using a historic look-up process designed to identify the owner of the relevant telephone numbers on July 7, 2016 and September 2, 2016. Keough Decl. ¶¶ 3-4. The Claims Administrator used multiple databases to determine addresses and names of the cellular telephone owners at the time the text messages were sent. Keough Decl. ¶ 3. The Parties' filed evidence that the Claims Administrator provided notice in conformance with the Notice Program approved by the Court. Id. ¶ 4 & Ex. A; Settlement Agreement § C.4; Prelim. Approval Order at 16-17. This notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and the fairness hearing. The notice constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.*

## 25. Judge Kimberly E. West

***Cecil v. BP America Prod. Co.,*** (November 19, 2018)
No. 16-cv-410 (RAW) (E.D. Okla.):

*The form, content, and method of communicating the Notice of Settlement, together with the class settlement website referred to therein: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Litigation, the proposed Settlement Agreement, their right to exclude themselves from the proposed Settlement Agreement and resulting Settlement, their right to object to the same of any part thereof, and their right to appear at the Final Fairness Hearing; (iii)*

*was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protection of the State of Oklahoma, and any other applicable law.*

### 26. Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 27. Honorable Beth Labson Freeman

***Wahl v. Yahoo! Inc.,*** (November 15, 2018)
No. 17-cv-2745 (BLF) (N.D. Cal.):

*The Settlement Class was provided with adequate notice of the settlement and an opportunity to object or opt out. The notice satisfied all applicable legal requirements, including those under Federal Rule of Civil Procedure 23 and the United States Constitution.*

### 28. Honorable Tanya Walton Pratt

***Pierce v Anthem Ins. Cos.,*** (November 13, 2018)
No. 15-cv-00562-TWP-TAB (S. D. Ind.):

*The Court hereby finds and concludes that Notice and the Supplemental Notice was disseminated to members of the Settlement Class in accordance with the terms*

*of the Agreement and that the Notice and its dissemination were in compliance with the Agreement and this Court's Preliminary Approval. The Court further finds and concludes that the Notice implemented pursuant to the Settlement Agreement constitutes the best practicable notice; is notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing; constitutes reasonable, due, adequate and sufficient notice to all persons entitled to receive notice; and meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court.*

## 29. Judge Maren E. Nelson

***Granados v. County of Los Angeles,*** (October 30, 2018)
No. BC361470 (Cal. Super. Ct.):

*JND's Media Notice plan is estimated to have reached 83% of the Class. The overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

## 30. Judge Maren E. Nelson

***McWilliams v. City of Long Beach,*** (October 30, 2018)
No. BC361469 (Cal. Super. Ct.):

*It is estimated that JND's Media Notice plan reached 88% of the Class and the overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

### 31. Judge Cheryl L. Pollak

***Dover v. British Airways, PLC (UK),*** (October 9, 2018)
No. 12-cv-5567 (E.D.N.Y.), in response to two objections:

*JND Legal Administration was appointed as the Settlement Claims Administrator, responsible for providing the required notices to Class Members and overseeing the claims process, particularly the processing of Cash Claim Forms…the overwhelmingly positive response to the Settlement by the Class Members, reinforces the Court's conclusion that the Settlement is fair, adequate, and reasonable.*

### 32. Judge Edward J. Davila

***In re Intuit Data Litig.,*** (October 4, 2018)
No. 15-CV-1778-EJD (N.D. Cal.):

*The Court appoints JND Legal Administration ("JND") to serve as the Settlement Administrator…The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibit A thereto (herein, the "Notice Program"). The Court approves the form and content of the proposed forms of notice, in the forms attached as Attachments 1 through 3 to Exhibit A to the Agreement. The Court finds that the proposed forms of notice are clear and readily understandable by Class Members. The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.*

### 33. Judge Michael H. Watson

***O'Donnell v. Fin. American Life Ins. Co.,*** (August 24, 2018)
No. 14-cv-01071 (S.D. Ohio):

*The Court finds that the Class Notice and the notice methodology implemented pursuant to this Settlement Agreement (as evidenced by the Declaration of Settlement Administrator Keough, JND Legal Administration): (1) constituted the best practicable*

notice; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Proposed Settlement, the available relief, the release of claims, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the fairness hearing; (3) were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

## 34.  Judge Timothy J. Corrigan

***Finerman v. Marriott Ownership Resorts, Inc.,*** (August 15, 2018)
No. 14-cv-1154-J-32MCR (M.D. Fla.):

*Notice was given by Mail in accordance with the Settlement Agreement and the Preliminary Approval Order. The Class Notice, Claim Form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on the Settlement Website at www.cruisefaresettlement.com. These forms of class notice fully complied with the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and were due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.*

## 35.  Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy,*** (August 10, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the notice to the Class Members regarding settlement of this Action, including the content of the notices and method of dissemination to the Class Members in accordance with the terms of Settlement Agreement, constitute the best notice practicable under the circumstances and constitute valid, due and sufficient notice to all Class Members, complying fully with the requirements of California Code of Civil Procedure § 382, California Civil Code § 1781, California Rules of Court Rules 3.766 and 3.769(f), the California and United States Constitutions, and any other applicable law.*

## 36. Honorable Thomas M. Durkin

*In re Broiler Chicken Antitrust Litig.,* (June 22, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice vial mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach class members who could not be individually identified.*

## 37. Honorable Stanley R. Chesler

*Muir v. Early Warning Services, LLC,* (June 13, 2018)
No. 16-cv-00521 (D.N.J.):

*Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process. The Court is informed the Mail Notice was sent by first class mail to approximately 211 Settlement Class Members by JND Legal Administration, the third-party Settlement Administrator.*

## 38. Honorable Lewis A. Kaplan

*Cline v. TouchTunes Music Corp.,* (May 24, 2018)
No. 14-CIV-4744 (LAK) (S.D.N.Y.):

*The Court finds that the Notice Program has been implemented by the Claims Administrator and Parties, and that such Notice Program, including of the utilized Notice Form, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.*

### 39.  Judge Janet T. Neff

***Sullivan v. Wenner Media LLC,*** (May 22, 2018)
No. 16−cv−00960−JTN−ESC (W.D. Mich.):

*The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances.*

### 40.  Judge Maren E. Nelson

***Djoric v. Justin Brands, Inc.,*** (March 12, 2018)
No. BC574927 (Cal. Super. Ct.):

*Based on the number of claims submitted the Court concludes that the notice was adequate and the best available means under the circumstances.*

### 41.  Judge Federico A. Moreno

***Brna v. Isle of Capri Casinos and Interblock USA, LLC,*** (February 20, 2018)
No. 17-cv-60144 (FAM) (S.D. Fla.):

*Class Counsel has filed with the Court a Declaration from JND Legal Administration, the independent third-party Settlement Administrator for the Settlement, establishing the Settlement Notice and Claim Form were delivered by email and mail to the class members on November 27, 2017 and December 4, 2017, the Settlement website was established on November 27, 2017, and Claim Forms were also available electronically on the website. Adequate notice was given to the Settlement Class Members in compliance with the Settlement Agreement and the preliminary approval order.*

### 42.  Honorable Percy Anderson

*Nozzi v. Housing Authority for the City of Los Angeles,* (February 15, 2018)
No. CV 07-380 PA (FFMx) (C.D. Cal.):

*The notice given in this case was reasonably calculated to reach the Damages Class... Finally, a notice was published in the L.A. Times for three consecutive weeks on August 18, 2017, August 25, 2017, and September 1, 2017, and a 30-day internet advertising campaign was launched on Facebook, Instagram, and Twitter to inform Class Members about the settlement. (Keough Decl. ¶ 12.) The Court therefore concludes that the notice procedures satisfied the requirements of Due Process and Federal Rule of Civil Procedure 23(e).*

### 43.  Judge Ann D. Montgomery

*In re Wholesale Grocery Prod. Antitrust Litig.,* (November 16, 2017)
No. 9-md-2090 (ADM) (TNL) (D. Minn.):

*Notice provider and claims administrator JND Legal Administration LLC provided proof that mailing conformed to the Preliminary Approval Order in a declaration filed contemporaneously with the Motion for Final Approval of Class Settlement. This notice program fully complied with Fed. R. Civ. P. 23, satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted due and adequate notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.*

### 44.  Honorable Robert S. Lasnik

*Gragg v. Orange Cab Co.,* (October 5, 2017)
No. C12-0576RSL (W.D. Wash.):

*The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances...The Class*

*Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.*

## 45. The Honorable Philip S. Gutierrez

**Harris v. Amgen, Inc.,** (April 4, 2017)
No. CV 07-5442 PSG (PLAx) (C.D. Cal.):

*Class counsel retained JND to provide notice and administration services for this litigation. See generally Keough Decl. JND mailed 13,344 class action notices to class members by first-class mail on January 14, 2017. See Keough Decl., ¶ 6. If the mailings returned undeliverable, JND used skip tracing to identify the most updated addresses for class members. Id. To date, JND reports than only 179 notices are undeliverable. Id. ¶ 7. Moreover, as of March 21, 2017, the deadline for filing objections, JND had received no objections to the final settlement agreement. The lack of objections is an indicator that class members find the settlement to be fair, reasonable, and adequate.*



# IV. CASE EXPERIENCE

Ms. Keough has played an important role in hundreds of matters throughout her career. A partial listing of her notice and claims administration case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Adair v. Michigan Pain Specialist, PLLC* | 14-28156-NO | Mich. Cir. |
| *Adkins v. EQT Prod. Co.* | 10-cv-00037-JPJ-PMS | W.D. Va. |
| *Adzhikosyan v. Denver Mgmt.* | BC648100 | Cal. Super. Ct. |
| *Ahmed v. HSBC Bank USA, NA* | 15-cv-2057-FMO-SPx | N.D. Ill. |
| *Allagas v. BP Solar Int'l, Inc.* | 14-cv-00560 (SI) | N.D. Cal. |
| *Amin v. Mercedes-Benz USA, LLC* | 17-cv-01701-AT | N.D. Ga. |
| *Andreas-Moses v. Hartford Fire Ins. Co.* | 17-cv-2019-Orl-37KRS | M.D. Fla. |
| *Anger v. Accretive Health* | 14-cv-12864 | E.D. Mich. |
| *Arthur v. Sallie Mae, Inc.* | 10-cv-00198-JLR | W.D. Wash. |
| *Atkins v. Nat'l. Gen. Ins. Co.* | 16-2-04728-4 | Wash. Super. Ct. |
| *Atl. Ambulance Corp. v. Cullum & Hitti* | MRS-L-264-12 | N.J. Super. Ct. |
| *Backer Law Firm, LLC v. Costco Wholesale Corp.* | 15-cv-327 (SRB) | W.D. Mo. |
| *Baker v. Equity Residential Mgmt., LLC* | 18-cv-11175 | D. Mass. |
| *Bankhead v. First Advantage Background Services Corp.* | 17-cv-02910-LMM-CCB | N.D. Ga. |
| *Barclays Dark Pool Sec. Litig.* | 14-cv-5797 (VM) | S.D.N.Y. |
| *Barrett v. Nestle USA, Inc.* | 18-cv-167-DPM | E.D. Ark. |
| *Belanger v. RoundPoint Mortgage Servicing* | 17-cv-23307-MGC | S.D. Fla. |
| *Beltran v. InterExchange, Inc.* | 14-cv-3074 | D. Colo. |
| *Bergman v. Thelen LLP* | 08-cv-05322-LB | N.D. Cal. |
| *Bey v. Encore Health Res.* | 19-cv-00060 | E.D. Tex. |
| *BlackRock Core Bond Portfolio v. Wells Fargo* | 65687/2016 | N.Y. Super. Ct. |
| *Blasi v. United Debt Serv., LLC* | 14-cv-0083 | S.D. Ohio |
| *Blocher v. Landry's Inc.* | 14-cv-03213-MSS-JSS | M.D. Fla. |
| *Bobo v. LM Wind Power Blades (ND), Inc.* | 18-cv-230-DPM | E.D. Ark. |
| *Bollenbach Enters. Ltd. P'ship. v. Oklahoma Energy Acquisitions* | 17-cv-134 | W.D. Okla. |

| CASE NAME | CASE NUMBER | LOCATION |
| --- | --- | --- |
| *Boskie v. Backgroundchecks.com* | 2019CP3200824 | S.C. C.P. |
| *Bradley v. Honecker Cowling LLP* | 18-cv-01929-CL | D. Or. |
| *Briones v. Patelco Credit Union* | RG 16805680 | Cal. Super. Ct. |
| *Brna v. Isle of Capri Casinos* | 17-cv-60144 (FAM) | S.D. Fla. |
| *Broussard v. Stein Mart, Inc.* | 16-cv-03247 | S.D. Tex. |
| *Browning v. Yahoo!* | C04-01463 HRL | N.D. Cal. |
| *Call v. Shutterstock* | SCV-262841 | Cal. Super. Ct. |
| *Calvert v. Xcel Energy* | 17-cv-02458-RBJ | D. Colo. |
| *Cambridge v. Sheetz, Inc.* | 17-cv-01649-JEJ | M.D. Pa. |
| *Careathers v. Red Bull North America, Inc.* | 13-cv-369 (KPF) | S.D.N.Y. |
| *Carmack v. Amaya Inc.* | 16-cv-1884 | D.N.J. |
| *Carson v. Cheers* | 17-2-29644-9 | Wash. Super. Ct. |
| *Castro v. Cont'l Airlines, Inc.* | 14-cv-00169 | C.D. Cal. |
| *Cecil v. BP America Prod. Co.* | 16-cv-410 (RAW) | E.D. Okla. |
| *Chamblee v. TerraForm Power, Inc.* | 16 MD 2742 (PKC)(AJP) | S.D.N.Y. |
| *Chanve c. E.I. Du Pont De Nemours* | 16-cv-00376-MAC-ZJH | E.D. Tex. |
| *Chavez v. Our Lady of Lourdes Hosp.* | 12-2-50575-9 | Wash. Super. Ct. |
| *Chester v. TJX Cos.* | 15-cv-1437 (ODW) (DTB) | C.D. Cal. |
| *Chieftain Royalty Co. v. Marathon Oil Co.* | 17-cv-334 | E.D. Okla. |
| *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.* | 17-cv-00336-KEW | E.D. Okla. |
| *Chieftain Royalty Co. v. XTO Energy, Inc.* | 11-cv-00029-KEW | E.D. Okla. |
| *City of Los Angeles v. Bankrate, Inc.* | 14-cv-81323 (DMM) | S.D. Fla. |
| *Cline v Sunoco, Inc.* | 17-cv-313-JAG | E.D. Okla. |
| *Cline v. TouchTunes Music Corp.* | 14-CIV-4744 (LAK) | S.D.N.Y. |
| *Cobell v. Salazar* | 96-cv-1285 (TFH) | D.D.C. |
| *Common Ground Healthcare Coop. v. United States* | 17-877C | F.C.C. |
| *Connolly v. Umpqua Bank* | C15-517 (TSZ) | W.D. Wash. |
| *Corona v. Sony Pictures Entm't Inc.* | 14–CV–09600–RGK–E | C.D. Cal. |
| *Courtney v. Avid Tech., Inc.* | 13-cv-10686-WGY | D. Mass. |
| *DASA Inv., Inc. v. EnerVest Operating LLC* | 18-cv-00083-SPS | E.D. Okla. |
| *Davis v. Carfax, Inc.* | CJ-04-1316L | D. Okla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Dearth v. Hartford Fire Ins. Co.* | 16-cv-1603-Orl-37LRH | M.D. Fla. |
| *DeFrees v. Kirkland and U.S. Aerospace, Inc.* | CV 11-04574 | C.D. Cal. |
| *del Toro Lopez v. Uber Techs., Inc.* | 14-cv-6255 | N.D. Cal. |
| *Delkener v. Cottage Health Sys.* | 30-2016-847934 (CU) (NP) (CXC) | Cal. Super. Ct. |
| *DeMarco v. AvalonBay Communities, Inc.* | 15-cv-00628-JLL-JAD | D.N.J. |
| *De Santiago v. California Respite Care, Inc.* | CIVDS1807688 | Cal. Super. Ct. |
| *Diaz v. Lost Dog Pizza, LLC* | 17-cv-02228-WJM-NYW | D. Colo. |
| *Dixon v. Zabka* | 11-cv-982 | D. Conn. |
| *Djoric v. Justin Brands, Inc.* | BC574927 | Cal. Super. Ct. |
| *Doan v. CORT Furniture Rental Corp.* | 30-2017-00904345-CU-BT-CXC | Cal. Super. Ct. |
| *Doan v. State Farm Gen. Ins. Co.* | 1-08-cv-129264 | Cal. Super. Ct. |
| *Donnenfield v. Petro, Inc.* | 17-cv-02310 | E.D.N.Y. |
| *Dougherty v. Barrett Bus. Serv., Inc.* | 17-2-05619-1 | Wash. Super. Ct. |
| *Doughtery v. QuickSIUS, LLC* | 15-cv-06432-JHS | E.D. Pa. |
| *Dover v. British Airways, PLC (UK)* | 12-cv-5567 | E.D.N.Y. |
| *Dozier v. Club Ventures Invs. LLC* | 17BK10060 | S.D.N.Y. |
| *Duran v. DirecTV* | 4850 (1-14-CV-274709) | Cal. Super. Ct. |
| *Dwyer v. Snap Fitness, Inc.* | 17-cv-00455-MRB | S.D. Ohio |
| *Easley v. The Reserves Network, Inc.* | 16-cv-544 | N.D. Ohio |
| *Edwards v. Arkansas Cancer Clinic, P.A.* | 35CV-18-1171 | Ark. Cir. Ct. |
| *Edwards v. Hearst Commc'ns., Inc.* | 15-cv-9279 (AT) (JLC) | S.D.N.Y. |
| *EEOC v. Patterson-UTI Drilling Co. LLC* | 5-cv-600 (WYD) (CBS) | D. Colo. |
| *Erica P. John Fund, Inc. v. Halliburton Co.* | 02-cv-1152 | N.D. Tex. |
| *Espenshade v. Wilcox & Wilcox* | BC647489 | Cal. Super. Ct. |
| *Essex v. The Children's Place, Inc.* | 15-cv-5621 | D.N.J. |
| *Expedia Hotel Taxes & Fees Litig.* | 05-2-02060-1 (SEA) | Wash. Super. Ct. |
| *Family Med. Pharmacy LLC v. Impax Labs., Inc.* | 17-cv-53 | S.D. Ala. |
| *Family Med. Pharmacy LLC v. Trxade Group Inc.* | 15-cv-00590-KD-B | S.D. Ala. |
| *Farmer v. Bank of Am.* | 11-cv-00935-OLG | W.D. Tex. |
| *Felix v. WM. Bolthouse Farms, Inc.* | 19-cv-00312-AWI-JLT | E.D. Cal. |
| *Fielder v. Mechanics Bank* | BC721391 | Cal. Super. Ct. |
| *Finerman v. Marriott Ownership Resorts, Inc.* | 14-cv-1154-J-32MCR | M.D. Fla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Fitzgerald v. Lime Rock Res.* | CJ-2017-31 | Okla. Dist. Ct. |
| *Folweiler v. Am. Family Ins. Co.* | 16-2-16112-0 | Wash. Super. Ct. |
| *Fosbrink v. Area Wide Protective, Inc.* | 17-cv-1154-T-30CPT | M.D. Fla. |
| *Fresno County Employees Ret. Assoc. v. comScore Inc.* | 16-cv-1820 (JGK) | S.D.N.Y. |
| *Frost v. LG Elec. MobileComm U.S.A., Inc.* | 37-2012-00098755-CU-PL-CTL | Cal. Super. Ct. |
| *FTC v. Consumerinfo.com* | SACV05-801 AHS (MLGx) | C.D. Cal. |
| *Gazda v. Serve U Brands, Inc.* | E2019009233 | N.Y. Super. Ct. |
| *Gehrich v. Howe* | 37-2018-00041295-CU-SL-CTL | N.D. Ga. |
| *Gervasio v. Wawa, Inc.* | 17-cv-245 (PGS) (DEA) | D.N.J. |
| *Gormley v. magicJack Vocaltec Ltd.* | 16-cv-1869 | S.D.N.Y. |
| *Gragg v. Orange Cab Co.* | C12-0576RSL | W.D. Wash. |
| *Granados v. County of Los Angeles* | BC361470 | Cal. Super., Ct. |
| *Grant v. Ballard Mgmt, Inc.* | 18-2-54890-0 SEA | Wash. Super. Ct. |
| *Hahn v. Hanil Dev., Inc.* | BC468669 | Cal. Super. Ct. |
| *Hall v. Dominion Energy* | 18-cv-00321-JAG | E.D. Va. |
| *Halperin v. YouFit Health Clubs* | 18-cv-61722-WPD | S.D. Fla. |
| *Hanks v. Lincoln Life & Annuity Co. of New York* | 16-cv-6399 PKC | S.D.N.Y. |
| *Harris v. Amgen, Inc.* | CV 07-5442 PSG (PLAx) | C.D. Cal. |
| *Harris v. Chevron U.S.A., Inc.* | 15-cv-00094 | W.D. Okla. |
| *Harrison v. Strategic Experiential Group* | RG16 807555 | Cal. Super. Ct. |
| *Health Republic Ins. Co. v. United States* | 16-259C | F.C.C. |
| *Hernandez v. Experian Info. Solutions, Inc.* | 05-cv-1070 (DOC) (MLGx) | C.D. Cal. |
| *Hernandez v. Great Western Pacific Inc.* | 18-2-08788-1 SEA | Wash. Super. Ct. |
| *Hernandez v. United States Cold Storage of California, Inc.* | S-1500-CV-282297-SPC | Cal. Super. Ct. |
| *Hines v. CBS Television Studios* | 17-cv-7882 (PGG) | S.D.N.Y. |
| *Holt v. Murphy Oil USA, Inc.* | 17-cv-911 | N.D. Fla. |
| *Hopwood v. Nuance Commc'n, Inc.* | 4:13-cv-02132-YGR | N.D. Cal. |
| *Howard v. Southwest Gas Corp.* | 18-cv-01035-JAD-VCF | D. Nev. |
| *Howell v. Checkr, Inc.* | 17-cv-4305 | N.D. Cal. |
| *Huntzinger v. Suunto Oy* | 37-2018-27159 (CU) (BT) (CTL) | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Air Cargo Shipping Servs. Antitrust Litig.* | 06-md-1775 (JG) (VVP) | E.D.N.Y. |
| *In re Akorn, Inc. Sec. Litig.* | 15-c-1944 | N.D. Ill. |
| *In re Am. Express Fin. Advisors Sec. Litig.* | 04 Civ. 1773 (DAB) | S.D.N.Y. |
| *In re AMR Corp. (American Airlines Bankr.)* | 1-15463 (SHL) | S.D.N.Y. |
| *In re Auction Houses Antitrust Litig.* | 00-648 (LAK) | S.D.N.Y. |
| *In re AudioEye, Inc. Sec. Litig.* | 15-cv-163 (DCB) | D. Ariz. |
| *In re Banner Health Data Breach Litig.* | 16-cv-02696 | D. Ariz. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re Classmates.com* | C09-45RAJ | W.D. Wash. |
| *In re ConAgra Foods Inc.* | 11-cv-05379-CJC-AGR | C.D. Cal. |
| *In re CRM Holdings, Ltd. Sec. Litig.* | 10-cv-00975-RPP | S.D.N.Y. |
| *In re Equifax Inc. Customer Data Sec. Breach Litig.* | 17-md-2800-TWT | N.D. Ga. |
| *In re General Motors LLC Ignition Switch Litig.* | 2543 (MDL) | S.D.N.Y. |
| *In re Global Tel*Link Corp. Litig.* | 14-CV-5275 | W.D. Ark. |
| *In re GoPro, Inc. Shareholder Litig.* | CIV537077 | Cal. Super. Ct. |
| *In re Guess Outlet Store Pricing* | JCCP No. 4833 | Cal. Super. Ct. |
| *In re Initial Pub. Offering Sec. Litig. (IPO Sec. Litig.)* | No. 21-MC-92 | S.D.N.Y. |
| *In re Intuit Data Litig.* | 15-CV-1778-EJD | N.D. Cal. |
| *In re J.P. Morgan Stable Value Fund ERISA Litig.* | 12-cv-02548-VSB | S.D.N.Y. |
| *In re Legacy Reserves LP Preferred Unitholder Litig.* | 2018-225 (JTL) | Del. Ch. |
| *In re LIBOR-Based Fin. Instruments Antitrust Litig.* | 11-md-2262 (NRB) | S.D.N.Y. |
| *In re MyFord Touch Consumer Litig.* | 13-cv-3072 (EMC) | N.D. Cal. |
| *In re Navistar MaxxForce Engines Mktg., Sales Practices and Products* | 14-cv-10318 | N.D. Ill. |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* | 2179 (MDL) | E.D. La. |
| *In re PHH Lender Placed Ins. Litig.* | 12-cv-1117 (NLH) (KMW) | D.N.J. |
| *In re Pokémon Go Nuisance Litig.* | 16-cv-04300 | N.D. Cal. |
| *In re Polyurethane Foam Antitrust Litig.* | 10-md-196 (JZ) | N.D. Ohio |
| *In re Processed Egg Prod. Antitrust Litig.* | 08-MD-02002 | E.D. Pa. |
| *In re Resistors Antitrust Litig.* | 15-cv-03820-JD | N.D. Cal. |
| *In re Resonant Inc. Sec. Litig.* | 15-cv-1970 (SJO) (MRW) | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| In re Stericycle, Inc. Sec. Litig. | 16-cv-07145 | N.D. Ill. |
| In re Stryker Rejuvenate and ABG II Hip Implant Products Liab. Litig. | 13-md-2441 | D. Minn. |
| In re SunTrust Banks, Inc. ERISA Litig. | 08-cv-03384-RWS | N.D. Ga. |
| In re Tenet Healthcare Corp. Sec. | CV-02-8462-RSWL (Rzx) | C.D. Cal. |
| In re The Engle Trust Fund | 94-08273 CA 22 | Fla. 11th Cir. Ct. |
| In re Ubiquiti Networks Sec. Litig. | 18-cv-01620 (VM) | S.D.N.Y. |
| In re Unilife Corp. Sec. Litig. | 16-cv-3976 (RA) | S.D.N.Y. |
| In re Washington Mut. Inc. Sec. Litig. | 8-md-1919 (MJP) | W.D. Wash. |
| In re Webloyalty.com, Inc. Mktg. & Sales Practices Litig. | 06-11620-JLT | D. Mass. |
| In re Wholesale Grocery Prod. Antitrust Litig. | 9-md-2090 (ADM) (TNL) | D. Minn. |
| In re Williams Sec. Litig. | 02-CV-72-SPF (FHM) | N.D. Okla. |
| In re Yahoo! Inc. Sec. Litig. | 17-cv-373 | N.D. Cal. |
| Ivery v. RMH Illinois, LLC and RMH Franchise Holdings, Inc. | 17-CIV-1619 | N.D. Ill. |
| Jerome v. Elan 99, LLC | 2018-02263 | Tx. Dist. Ct. |
| Jeter v. Bullseye Energy, Inc. | 12-cv-411 (TCK) (PJC) | N.D. Okla. |
| Johnson v. MGM Holdings, Inc. | 17-cv-00541 | W.D. Wash. |
| Jones v. Encore Health Res. | 19-cv-03298 | S.D. Tex. |
| Jordan v. Things Remembered, Inc. | 114CV272045 | Cal. Super. Ct. |
| Kellgren v. Petco Animal Supplies, Inc. | 13-cv-644 (L) (KSC) | S.D. Cal. |
| Kent v. R.L. Vallee, Inc. | 617-6-15 | D. Vt. |
| Kissel v. Code 42 Software Inc. | 15-1936 (JLS) (KES) | C.D. Cal. |
| Komesar v. City of Pasadena | BC 677632 | Cal. Super. Ct. |
| Konecky v Allstate | CV-17-10-M-DWM | D. Mont. |
| Kramer v. DuPont, USA | 17L2 | Ill. Cir. Ct. |
| Krueger v. Ameriprise Fin., Inc. | 11-cv-02781 (SRN/JSM) | D. Minn. |
| Langan v. Johnson & Johnson Consumer Co. | 13-cv-01471 | D. Conn. |
| Lee v. Hertz Corp., Dollar Thrifty Auto. Grp. Inc. | CGC-15-547520 | Cal. Super. Ct. |
| Linderman v. City of Los Angeles | BC650785 | Cal. Super. Ct. |
| Lindsay v. Cutter Wireline Serv., Inc. | 7-cv-01445 (PAB) (KLM) | D. Colo. |
| Linneman v. Vita-Mix Corp. | 15-cv-748 | S.D. Ohio |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Lion Biotechnologies Sec. Litig.* | 17-cv-02086-SI | N.D. Cal. |
| *Liotta v. Wolford Boutiques, LLC* | 16-cv-4634 | N.D. Ga. |
| *Lippert v. Baldwin* | 10-cv-4603 | N.D. Ill. |
| *Lloyd v. CVB Fin. Corp.* | 10-cv-6256 (CAS) | C.D. Cal. |
| *Loblaw Card Program* | Remediation Program | |
| *Mabrey v. Autovest* | CGC-18-566617 | Cal. Super. Ct. |
| *Machado v. Endurance Int'l Grp. Holdings Inc.* | 15-cv-11775-GAO | D. Mass. |
| *Malin v. Ambry Genetics Corp.* | 30-2018-00994841-CU-SL-CXC | Cal. Super. Ct. |
| *Martinez v. Rial de Minas, Inc.* | 16-cv-01947 | D. Colo. |
| *McClellan v. Chase Home Fin.* | 12-cv-01331-JGB-JEM | C.D. Cal. |
| *McClintock v. Continuum Producer Serv., LLC* | 17-cv-00259-JAG | E.D. Okla. |
| *McFarland v. Swedish Med. Ctr.* | 18-2-02948-1 SEA | Wash. Super. Ct. |
| *McGann v. Schnuck Markets Inc.* | 1322-CC00800 | Mo. Cir. Ct. |
| *McKibben v. McMahon* | 14-2171 (JGB) (SP) | C.D. Cal. |
| *McKnight Realty Co. v. Bravo Arkoma, LLC* | 17-CIV-308 (KEW) | E.D. Okla. |
| *McNeal v. AccentCare, Inc.* | 4:15cv03304 | N.D. Cal. |
| *McNeill v. Citation Oil & Gas Corp.* | 17-CIV-121 (KEW) | E.D. Okla. |
| *McWilliams v. City of Long Beach* | BC361469 | Cal. Super. Ct. |
| *Mild v. PPG Indus., Inc.* | 18-cv-04231 | C.D. Cal. |
| *Millien v. Madison Square Garden* | 17-cv-04000 | S.D.N.Y. |
| *Milstead v. Robert Fiance Beauty Sch., Inc.* | CAM-L-328-16 | N.J. Super. Ct. |
| *Moeller v. Advance Magazine Publishers, Inc.* | 15-cv-05671 (NRB) | S.D.N.Y. |
| *Mohamed v. SkyHop Global LLC* | 18-2-54565-0-KNT | Wash. Super. Ct. |
| *Mojica v. Securus Techs., Inc.* | 14-cv-5258 | W.D. Ark. |
| *Molnar v. 1-800-Flowers Retail, Inc.* | BC 382828 | Cal. Super. Ct. |
| *Monteleone v. Nutro Co.* | 14-cv-00801-ES-JAD | D.N.J. |
| *Moodie v. Maxim HealthCare Servs.* | 14-cv-03471-FMO-AS | C.D. Cal. |
| *Morel v. Lions Gate Entm't Inc.* | 16-cv-1407 (JFC) | S.D.N.Y. |
| *Moss v. United Airlines* | 16-cv-08496 | N.D. Ill. |
| *Muir v. Early Warning Services, LLC* | 16-cv-00521 | D.N.J. |
| *Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd.* | 12-3824 | E.D. Pa. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Nasseri v. Cytosport, Inc. | BC439181 | Cal. Super. Ct. |
| Nesbitt v. Postmates, Inc. | CGC-15-547146 | Cal. Super. Ct. |
| New Orleans Tax Assessor Project | Tax Assessment Program | |
| New York v. Steven Croman | 450545/2016 | N.Y. Super. Ct. |
| NMPA Late Fee Program Groups I-IVA | Remediation Program | CRB |
| Nozzi v. Housing Authority of the City of Los Angeles | CV 07-0380 PA (FFMx) | C.D. Cal. |
| Nwabueza v. AT&T | C 09-01529 SI | N.D. Cal. |
| Nwauzor v. GEO Group, Inc. | 17-cv-05769 | W.D. Wash. |
| Ortega v. Borton & Sons, Inc. | 17-2-03005-39 | Wash. Super. Ct. |
| O'Donnell v. Fin. American Life Ins. Co. | 14-cv-01071 | S.D. Ohio |
| Ortez v. United Parcel Serv., Inc. | 17-cv-01202 (CMA) (SKC) | D. Colo. |
| Paggos v. Resonant, Inc. | 15-cv-01970-SJO | C.D. Cal. |
| Palazzolo v. Fiat Chrysler Auto. NV | 16-cv-12803 | E.D. Mich. |
| Parker v. Time Warner Entm't Co. | 239 F.R.D. 318 | E.D.N.Y. |
| Parker v. Universal Pictures | 16-cv-1193-CEM-DCI | M.D. Fla. |
| Parmelee v. Santander Consumer USA Holdings Inc. | 16-cv-783-K | N.D. Tex. |
| Pemberton v. Nationstar Mortgage LLC | 14-cv-1024-BAS (MSB) | S.D. Cal. |
| Petersen v. Costco Wholesale Co. | 13-cv-01292-DOC-JCG | C.D. Cal. |
| Pickett v. Simos Insourcing Solutions Corp. | 1:17-cv-01013 | N.D. Ill. |
| Pierce v Anthem Ins. Cos. | 15-cv-00562-TWP-TAB | S. D. Ind. |
| Podawiltz v. Swisher Int'l, Inc. | 16CV27621 | Or. Cir. Ct. |
| Press v. J. Crew Group, Inc. | 56-2018-512503 (CU) (BT) (VTA) | Cal. Super. Ct. |
| Purcell v. United Propane Gas, Inc. | 14-CI-729 | Ky. 2nd Cir. |
| Racies v. Quincy Bioscience, LLC | 15-cv-00292 | N.D. Cal. |
| Ralph v. Get Fresh Produce, Inc. | 2019-CH-02324 | Ill. Cir. Ct. |
| Ramos v. Hopele of Fort Lauderdale, LLC | 17-cv-62100 | S.D. Fla. |
| Reirdon v. Cimarex Energy Co. | 16-CIV-113 (KEW) | E.D. Okla. |
| Rhea v. Apache Corp. | 14-cv-00433-JH | E.D. Okla. |
| Rice v. Insync | 30-2014-00701147-CU-NP-CJC | Cal. Super. Ct. |
| Rice-Redding v. Nationwide Mut. Ins. Co. | 18-cv-01203 | N.D. Ga. |
| Rich v. EOS Fitness Brands, LLC | RIC1508918 | Cal. Super. Ct. |
| Rollo v. Universal Prop. & Cas. Ins. | 2018-027720-CA-01 | Fla. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Roman v. Antelope Valley Newspapers, Inc. | BC382639 | Cal. Super. Ct. |
| Rotatori v. TGI Fridays | 14-0081-B | Mass. Super. Ct. |
| Roth v. Bellevue Club | 19-2-07780-8 | Wash. Super. Ct. |
| Routh v. SEIU Healthcare 775NW | 14-cv-00200 | W.D. Wash. |
| Rozeboom v. Dietz & Watson | 17-cv-01266-RAJ | W.D. Wash. |
| Ruppel v. Consumers Union of United States, Inc. | 16-cv-2444 (KMK) | S.D.N.Y. |
| Saccoccio v. JP Morgan Chase | 13-cv-21107 | S.D. Fla. |
| San Antonio Fire & Police Pension Fund v. Dole Food Co. | 15-cv-1140 (LPS) | E.D. Del. |
| Sanders v. Global Research Acquisition, LLC | 18-cv-00555 | M.D. Fla. |
| Sanders v The CJS Solutions Group, LLC | 17-cv-03809 | S.D.N.Y. |
| Schlesinger v. Ticketmaster | BC304565 | Cal. Super. Ct. |
| Schourup v. Private Label Nutraceuticals, LLC | 2015cv01026 | C.D. Cal. |
| Schwartz v. Intimacy in New York, LLC | 13-cv-5735 (PGG) | S.D.N.Y. |
| Schwartz v. Opus Bank | 16-cv-7991 (AB) (JPR) | C.D. Cal. |
| SEB Inv. Mgmt. AB v. Endo Int'l PLC | 17-cv-3711-TJS | E.D. Pa. |
| Seegert v. P.F. Chang's China Bistro | 37-2017-00016131-CU-MC-CTL | Cal. Super. Ct. |
| Soderstrom v. MSP Crossroads Apartments LLC | 16-cv-233 (ADM) (KMM) | D. Minn. |
| Solano v. Amazon Studios LLC | 17-cv-01587 (LGS) | S.D.N.Y. |
| Soto v. Diakon Logistics (Delaware), Inc. | 08-cv-33-L(WMC) | S.D. Cal. |
| Speed v. JMA Energy Co., LLC | CJ-2016-59 | Okla. Dist. Ct. |
| Stanley v. Capri Training Ctr. | ESX-L-1182-16 | N.J. Super. Ct. |
| Steele v. PayPal, Inc. | 05-CV-01720 (ILG) (VVP) | E.D.N.Y. |
| Stillman v. Clermont York Assocs. LLC | 603557/09E | N.Y. Super. Ct. |
| Stretch v. Montana | DV-04-713 (A) | Mont. 11th Dist. Ct. |
| Strickland v. Carrington Mortgage Services, LLC | 16-cv-25237 | S.D. Fla. |
| Strougo v. Lannett Co. | 18-cv-3635 | E.D. Pa. |
| Stuart v. State Farm Fire & Cas. Co. | 14-cv-04001 | W.D. Ark. |
| Sudunagunta v. NantKwest, Inc. | 16-cv-01947-MWF-JEM | C.D. Cal. |
| Sullivan v Wenner Media LLC | 16–cv–00960–JTN–ESC | W.D. Mich. |
| Swinton v. SquareTrade, Inc. | 18-CV-00144-SMR-SBJ | S.D. Iowa |
| Szafarz v. United Parcel Serv., Inc. | SUCV2016-2094-BLS2 | Mass. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Terrell v. Costco Wholesale Corp. | 16-2-19140-1-SEA | Wash. Super. Ct. |
| Timberlake v. Fusione, Inc. | BC 616783 | Cal. Super. Ct. |
| Tkachyk v. Traveler's Ins. | 16-28-m (DLC) | D. Mont. |
| T-Mobile Remediation Program | Remediation Program | |
| Tolliver v. Avvo, Inc. | 16-2-5904-0 (SEA) | Wash. Super. Ct. |
| Townes, IV v. Trans Union, LLC | 04-1488-JJF | D. Del. |
| Tschosik v. Diamond Freight Sys. | 16-2-01247-1 | Wash. Super. Ct. |
| Tyus v. Gen. Info. Solutions LLC | 2017CP3201389 | S.C. C.P. |
| United States v. City of Austin | 14-cv-00533-LY | W.D. Tex. |
| United States v. City of Chicago | 16-c-1969 | N.D. Ill. |
| United States v. Consol. City of Jacksonville | 170-17M-393 | U.S. D.O.J. |
| United States v. Greyhound Lines, Inc. | 16-67-RGA | D. Del. |
| USC Student Health Ctr. Settlement | 18-cv-04258-SVW | C.D. Cal. |
| Viesse v. Saar's Inc. | 17-2-7783-6 (SEA) | Wash. Super. Ct. |
| Wahl v. Yahoo! Inc. | 17-cv-2745 (BLF) | N.D. Cal. |
| Walton v. AT&T Servs., Inc. | 15-cv-3653 (VC) | N.D. Cal. |
| Weber v. KASA Delivery LLC | 16-2-13761-0 SEA | Wash. Super. Ct. |
| WellCare Sec. Litig. | 07-cv-01940-VMC-EAJ | M.D. Fla. |
| Williams v. Children's Mercy Hosp. | 1816-CV 17350 | Mo. Cir. Ct. |
| Williams v. Naples Hotel Group, LLC | 18-cv-422-Orl-37-DCI | M.D. Fla. |
| Williams v. Weyerhaeuser Co. | 995787 | Cal. Super. Ct. |
| Wilson v. LSB Indus., Inc. | 15-cv-07614-RA-GWG | S.D.N.Y. |
| Wood v. AmeriHealth Caritas Serv. | 19-2194 | E.D. Pa. |
| Wornicki v. Brokerpriceopinion.com, Inc. | 13-cv-03258 (PAB) (KMT) | D. Colo. |
| Wright v. Lyft, Inc. | 14-cv-00421-BJR | W.D. Wash. |
| Young v. World Wide Tech., LLC | 2019-L-001728 | Ill. 13th Cir. Ct. |

45