# Exhibit F

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Daniel S. Stromberg*
Hannah Cole-Chu*
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue, 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
dstromberg@outtengolden.com
hcolechu@outtengolden.com

Thomas A. Saenz (Cal. Bar No. 159430)
Belinda Escobosa Helzer (Cal. Bar
No. 214178)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
tsaenz@maldef.org
bescobosa@maldef.org

*Attorneys for Plaintiffs and the Proposed Class*
*Additional counsel listed on signature page*
*admitted pro hac vice

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MITZIE PEREZ and SERGIO BARAJAS, individually, and ANDRES ACOSTA, TERESA DIAZ VEDOY, VICTORIA RODAS, and SAMUEL TABARES VILLAFUERTE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | Case No. 17-cv-00454-MMC<br><br>**DECLARATION OF JAMES M. FINBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |

I, James M. Finberg, declare as follows:

1.     I am a member in good standing of the bar of the State of California, as well as the U.S. District Court for the Northern District of California, and I am a partner at the law firm Altshuler Berzon LLP.  I make these statements based on personal knowledge and would so testify if called as a witness.

2.     This Declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees and Costs in the above-captioned matter.

**My Background and Experience**

3.     Altshuler Berzon LLP ("Altshuler Berzon" or "AB") specializes in labor and employment, environmental, constitutional, campaign and election, and civil rights law.  We are among a limited number of law firms in the country that handle large, complex cases on a contingent basis. A copy of the firm's resume listing representative cases is attached hereto as Exhibit A.

**My Background and Experience**

4.     I received a Bachelor of Arts degree, with honors in history and environmental studies, from Brown University in 1980.  I received a Juris Doctor degree from the University of Chicago Law School in 1983.  At the University of Chicago Law School, I was the Executive Editor of the University of Chicago Law Review. From Fall 1983 through Summer 1984, I served as a law clerk to the Honorable Charles L. Levin, a Justice of the Supreme Court of the State of Michigan.

5.     I joined Altshuler Berzon LLP as a partner in January 2007.  From 1992 through 2006, I was a partner at Lieff Cabraser Heimann & Bernstein LLP.

6.     During my approximately 36 years of practice, I have served as lead or co-lead counsel in a number of discrimination class actions, including the following: *Butler v. Home Depot*, No. C94 4335 SI (settlement of $87.5 million, plus comprehensive injunctive relief, in gender discrimination case in 1998); *Satchell v. Federal Express Corp*., No. C03-2659 SI; C03-2878 SI (N.D. Cal.) (approval of settlement of $55 million in monetary relief, plus comprehensive

injunctive relief, of race and national origin discrimination claims in 2007); *Holloway v. Best Buy*, No. C05-cv-05056 (N.D. Cal.) (approval of Consent Decree providing comprehensive injunctive relief in race and gender discrimination class action in 2011); *Jaffe v. Morgan Stanley*, No. C06-3903 TEH (N.D. Cal.) (approval of Consent Decree providing $16.5 million in monetary relief and comprehensive injunctive relief in 2008 in race discrimination class action); *Amochaev v. Smith Barney*, No. C05-CV-1298 PJH (N.D. Cal.) (approval of settlement providing $33 million in monetary relief, plus comprehensive injunctive relief in gender discrimination case in 2008); *Frank v. United Airlines*, No. C92 0692 MJJ (N.D. Cal.) (approval of $36.5 million settlement of gender discrimination case in 2004); *Buttram v. UPS*, No. 97-1590 MJJ (N.D. Cal.) ($12.2 million settlement, plus comprehensive injunctive relief, of race discrimination action); *Church v. Consolidated Freightways, Inc.*, 1993 WL149840 (N.D. Cal.) ($13.5 million settlement in age discrimination case).

7.    I have also served as lead, or co-lead, counsel in many class actions involving violations of wage and hour laws, including the following: *Fan v. Delta* (Case No. 2:19-cv-04599) ($4 million settlement of wage and hour class action in 2019); *McDonald v. CPOpCo* (Case No. 17-cv-04915)($3 million settlement of WARN Act Case in 2018); *Lopez v. Delta Air Lines, Inc.*, 2:15-cv-07302-SVW-SS (C.D. Cal.) ($4.25 million settlement of wage-and-hour class action in 2017); *Spicher v. Aidells Sausage Co.*, 3:15-cv-05012-WHO (N.D. Cal) ($2.375 million settlement of wage and hour class action in 2017); *Guzman-Padilla, et al. v. Van de Pol, et al.*, 2:17-cv-00196-JAM-KJN (E.D. Cal) (wage-and-hour and discrimination settlement on behalf of class of 120 low-wage dairy workers providing monetary and extensive injunctive relief in 2017); *Cancilla et al. v. Ecolab, Inc.*, No. 12-3001-JD (N.D. Cal) ($7.5 million settlement of wage and hour case approved in January 2016); *Rosenburg v. International Business Machines Corp.,* No. CV 06-00430 PJH (N.D. Cal.) ($65 million settlement of wage and hour class and collective action in 2007); *Giannetto v. CSC Corp.*, No. CV 03-8201 (C.D. Cal.) ($24 million settlement of wage and hour case in 2005); *Gerlach v. Wells Fargo & Co.*, No. 05-00585 CW (N.D. Cal.) ($12.8 million settlement of wage and hour class and collective action in 2007); *Trotter v. Perdue*

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

1    *Farms,* No. 99 893 (RRM) (D. Del.) ($10 million settlement in wage and hour case in 2002)

2    *Thomas v. CSAA,* No. CH217752 (Alameda County Sup. Ct.) ($8 million settlement of wage and

3    hour case in 2002); *Danieli v. IBM*, No. 08-cv-3688 (S.D.N.Y) ($7.5 million settlement of class

4    action regarding alleged misclassification of technology support workers in 2010); *In re the Pep*

5    *Boys Overtime Actions*, Case No. 07-cv-01755 (C.D. Cal.) ($6 million settlement in 2008

6    compensating employees who were denied meal and rest breaks and required to work "off the

7    clock" without pay).

8        8.    I have also served as lead, or co-lead, counsel in various securities class actions,

9    including *In re California Micro Devices Securities Litigation*, No. C94 2817 VRW (N.D. Cal.)

10    ($26 million in settlements – approximately 100% of losses); *In re Network Associates, Inc.*

11    *Securities Litigation,* No. C99 1729 WHA (N.D. Cal.) ($30 million settlement in 2001); and *In re*

12    *Mediavision Technology Securities Litigation*, No. C94 1015 EFL (N.D. Cal.) (settlements and

13    judgments totaling $218 million).

14        9.    I have also served as one of the primary trial counsel in the trial of three class

15    action trials.  In September 2003, I served as one of the primary trial counsel representing

16    plaintiffs in a three-week class and collective action liability phase trial involving approximately

17    2,700 insurance claims adjusters in *In re: Farmers Insurance Exchange Claims Representatives'*

18    *Overtime Pay Litigation*, No. MDL Docket No. 1439 (D. Or.). On November 6, 2003, Judge

19    Robert E. Jones ruled in favor of the auto and low-level property adjusters.  The Court found that

20    Farmers acted willfully in violating the FLSA, and that the auto and low-level property adjustors

21    were entitled to liquidated damages as well as actual damages.  During 2004 and 2005, I and

22    colleagues tried the damages phase of that case.  Judgments totaling approximately $52.5 million

23    were entered for plaintiffs in 2005.  On March 30, 2007, a three-judge panel of the Ninth Circuit

24    affirmed in part, reversed in part, and remanded to the District Court for consideration of state law

25    claims.  *In re Farmers Exch., Claims Reps. Overtime Pay Litig.* 481 F.3d 1119 (9th Cir. 2007).

26    We settled those state law claims for $8 million.  In 2013, I served, in a class arbitration, as one of

27    the primary trial counsel for approximately 7,000 truck drivers who alleged KBR/Halliburton

28

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

forced them to work off the clock. In April 2015, I served as one the primary trial counsel for a class of approximately 172,000 former California State University students who alleged that CSU breached the implied covenant of good faith and fair dealing by increasing tuition twice in one term in Fall 2009. I also served as lead trial counsel for the California Teachers Association of California Federation of Teachers, as intervenors, in *Vergara v. California*, No. BC 484642 (L.A. Sup. Ct.) a case involving the constitutionality of several provisions of the California Education Code.

10. Since 2005, I have been listed by Best Lawyers in America as one of the best lawyers in America in the field of labor and employment law, and since 2018 also in the field of class actions. I was named by Best Lawyers as the 2014 Lawyer of the Year in the field of Litigation-Labor and Employment in the San Francisco Bay Area. From 2005 to 2013, I was designated by *San Francisco Magazine* as one of the top 100 attorneys in Northern California, and have been designated as a "Super Lawyer" since 2004. I am a fellow of the American College of Labor and Employment Lawyers and of the American Bar Foundation. In 2003, I was selected by *The Recorder* legal newspaper (based on a survey of judges, arbitrators, mediators, and lawyers in the field) as the top plaintiff's securities litigator in the San Francisco Bay Area. In 2006, I was selected by *The Daily Journal* as one of the Top 100 lawyers in California. In 2009, I was named a California Lawyer of the Year by the *California Lawyer* magazine in the area of civil rights law. In 2020, I was named in the Legal 500 Hall of Fame in the field of Plaintiff Labor and Employment Disputes.

11. In 2005, I served as the President of the Bar Association of San Francisco. From 2000-2001, I served as Co-Chair of the delegation of Lawyer Representatives from the Northern District of California to the Ninth Circuit Judicial Conference. From 1997 through 1998 and 2009 through 2010, I served as Co-Chair of the Board of Directors of the Lawyers' Committee for Civil Rights of the San Francisco Bay Area, and served on its board for approximately two decades. I am currently serving as a member of the Executive Committee of the Board of Directors of the Legal Aid at Work and serve as the Secretary of that organization. From 2008 to

2010, I served on the Visiting Committee of the University of Chicago Law School.  From 2010 to 2013 I served on the board of the National Employment Lawyers Association.  I served on the board of the Work Life Law Center at U.C. Hastings College of Law from 2011-2016.

12.    I am a co-author of the chapter "Statistical and Other Expert Proof," in *Employment Discrimination Law* (5th ed. 2012, 4th ed. 2007, Lindemann and Grossman, BNA), and the supplements to that chapter.  I also edited the 2000 and 2002 Cumulative Supplements to Chapter 39, "Statistical Proof," of that treatise (3d ed.).  I am the author of two chapters in *Wage and Hour Laws: A State-by-State Survey* (BNA, 2010) and one chapter in *The Fair Labor Standards Act* (ABA, 2010).  I am the author of a chapter on Notice and Settlement in *The Class Action Fairness Act: Law and Strategy* (ABA 2013) and the author of a chapter on Trials in *Class Action Strategy* (ABA 2018). I am the author of a chapter on cross examination in *Trial Techniques for the Labor and Employment Law Practitioner* (ABA 2019).  I was an editor of *Securities Litigation Report* (Glasser Legal Works) from 2004-2006.

13.    I am author or co-author of the following articles, among others: "The Risk of Using Algorithms for Employment Decisions" (*Daily Journal*, Oct. 8, 2019); "Assessing Whether Compensation is Fair " (ABA EEO, 2018); "The Use of 'Big Data' for Employment Decisions" (ABA, Nov. 2017); "Is the 'Gig' Economy a Bubble About to Burst or Is it Here to Stay?" (ABA, March 2017); "*Tyson v. Bouaphakeo* and the New Fed. R. Civ. P. Proportionality Standards" (ABA CLE, 2016); Co-author with George Hansan, Jason Marsili, and Cornelia Dai, "Class/Collective Action Trials" (NELA June 2016); Co-author with Kelly M. Dermody, "Issue Certification in Employment Class Actions: Rule 23 (c)(4) Provides a Useful Procedural Device" (ABA LEL Section CLE Nov. 2015); "*Comcast v. Behrend*, Sound and Fury Signifying Little" (ABA EEO Committee March 2014); Co-author with David Kern, "Strategic Thinking In Defeating FLSA Defenses" (NELA March 2013); "Doing Well By Doing Good: Fulfilling The Promise Of The FLSA" (NELA March 2013); Co-author with Ellen C. Kearns, Elizabeth Lawrence, and Gregory K. McGillivary, "Square Peg, Round Hole: The Challenges and Pitfalls of Exempt Classifications under the FLSA" (ABA Nov. 2012); "The Use of Expert Testimony in

1  Employment Cases Post-*Dukes*" (NELA Oct. 2012); "Life After *Dukes*—Disparate Impact

2  Claims for Compensation Discrimination are Certified in *McReynolds v. Merrill Lynch*, 2012 WL

3  572745, F.3d (7th Cir. 2012)" (NELA Annual Convention June 2012); "Representing

4  Misclassified and Reclassified Workers," (NELA Annual Convention July 2011); Co-author with

5  Dennis McClelland, Paul L. Bittner and Janet Herold, "Get in the Game: The Latest News and

6  Developments in Wage and Hour Litigation," (ABA 4th Annual CLE Conference November

7  2010); "*Ricci v. DeStefano*: Sound and Fury Signifying Little, For Now," (ABA EEO Conference

8  March 2010); Co-author with Peder Thoreen, "The Impact of *Morgan v. Family Dollar Stores* on

9  FLSA Collective Actions," ABA Section of Labor and Employment Law (2009); Co-Author with

10  David Borgen, Julia Akins Clark, Peder Thoreen, Ellen C. Kearnes, and William C. E. Robinson,

11  "White Collar Exemptions," (ABA 2008); Co-Author with Peder J. Thoreen, "The Use of

12  Representative Testimony in FLSA Collective Actions" (ABA 2008); Co-Author with Peder

13  J.Thoreen, "The Use of Representative Testimony and Bifurcation of Liability and Damages in

14  FLSA Collective Actions" (ABA 2007); Co-Author with Peter E. Leckman, "Holding Customers

15  Who Assist Securities Fraud Accountable Under State Law," *Securities Litigation Report* (Vol. 3,

16  No. 5, May 2006);  "Fair Labor Standards Act and State Law Wage & Hour Claims," ABA

17  Annual Meeting 2006; Author, "State Law Wage/Hour Class Actions: Alive And Well In Federal

18  Court," ABA Labor and Employment Section (2005); Co-Author with Melissa Matheny, "A

19  Developing Consensus:  The PSLRA's 'Basis' Requirement Does Not Require the Disclosure of

20  Confidential Sources in a Complaint," *Securities Litigation Report* (Vol. 2, No. 1, July/August

21  2005) (Glasser Legal Works); Co-Author with Chimène I. Keitner, "New Overtime Regulations

22  Require Heightened Vigilance," *San Francisco Attorney Magazine*, Spring 2004; Co-Author with

23  Chimène I. Keitner, "Summary of Proposed DOL Regulations Re FLSA Overtime Exemptions"

24  (2003) (American Bar Association - Labor and Employment Law, Federal Labor Standards

25  Legislation Committee Annual Report); "Title VII's Remedial Scheme:  Employment

26  Discrimination Class Actions at the Crossroads," *San Francisco Attorney* (August/September

27  2002); "Certification of Employment Discrimination Actions After The Passage of the 1991 Civil

28

Rights Act: (b)(2) or Not (b)(2), That Is The Question," Class Actions & Derivative Suits, Vol. 10 (March 2000); Co-Author with Joshua P. Davis, "*Allison v. Citgo Petroleum Corp.*- A Noble Retreat," Class Actions & Derivative Suits, Vol. 9, No. 1 (Winter 1999); Co-Author with Kelly Dermody, "Discovery in Employment Discrimination Class Actions," in Litigation and Settlement of Complex Class Actions (Glasser Legal Works 1998); Co-Author with Melanie M. Piech, "The Impact of the Private Securities Litigation Reform Act:  Unintended Consequences," *Securities Reform Act Litigation Reporter*, Vol. 6, No. 3 (Dec. 1998);  Co-Author with Karen Jo Koonan, "The Importance of Anecdotal Testimony to the Jury Trial of a Title VII Class Action: Lessons from *Butler v. Home Depot*," *Class Actions & Derivative Suits*, Vol. 8, No. 3 (Summer 1998); "Northern District of California Requires Internet Posting of Pleadings And Key Briefs In Securities Actions," *Securities Reform Act Litigation Reporter* (1997); "Class Actions: Useful Devices That Promote Judicial Economy And Provide Access to Justice," 41 New York Law School Law Review 353 (1997); Co-Author with Melvin R. Goldman, "Deposing Expert Witnesses" i*n Taking Depositions* (ABA) (1989); Co-Author with George C. Weickhardt, "New Push For Chemical Weapons," *Bulletin of the Atomic Scientist* (Nov. 1986); Comment, "The General Mining Law and The Doctrine of Pedis Possessio: The Case For Congressional Action," *University of Chicago Law Review* 1027 (1982).

14.     During the Spring Semester of 2008, I was an Adjunct Professor of Law at the University of California Hastings College of Law, where I taught a first-year course on statutory construction, focusing on employment discrimination law.

15.     My commercial hourly rate in 2020 is $1050/hour. In 2019, my commercial rate was $980/hour. In 2018, I billed my commercial clients at a rate of $940/hour, and was paid at that rate by at least two commercial clients, including the City and County of San Francisco. In 2017, I billed my commercial rate of $930/hour, and was paid at that rate by at least two clients, one of which was the City and County of San Francisco. In addition, in each year from 2007 to 2016, at least one paying client has paid me by the hour at my commercial hourly rate. In 2016, my commercial hourly rate was $925/hour. In 2014 and 2015, my commercial hourly rate was

1    $895/hour. In 2013, my commercial hourly rate was $875/hour. In 2012, my commercial hourly

2    rate was $850/hour. In 2010, a paying client paid me at my commercial rate of $785/hour that

3    year for over 840 hours of work at that rate. In 2011, that client paid me at my commercial rate of

4    $825 per hour that year.

5         16.    Altshuler Berzon's commercial hourly rate (or their historical equivalents) have

6    been repeatedly approved by courts, including in the following cases: *McDonald v. CPOpCo*

7    (Case No. 17-cv-04915) (approving my 2019 rate of $980) (**Exhibit B**); *Lopez v. Delta Air Lines,*

8    *Inc.*, 2:15-cv-07302-SVW-SS (C.D. Cal.) (approving my 2017 rate of $930) (**Exhibit C**); *Spicher*

9    *v. Aidells' Sausage Co.,* Case No. 3:15-cv-05012-WHO (N.D. Cal.) (approving my 2017 rate of

10   $930 per hour, 2017 law clerk rate of $285 per hour, and 2017 paralegal rate of $250 per hour)

11   (**Exhibit D**); *Cancilla v. Ecolab, Inc.*, Case No. 12-cv-2001 JD (N.D. Cal) (approving my 2015

12   rate of $895 per hour) (**Exhibit E**); *Tokoshima v. The Pep Boys – Manny, Moe & Jack,* Case No.

13   12-04810 CRB (N.D. Cal) (approving my 2014 rate of $895, mid-level partner 2014 rate of $775,

14   and junior partner 2014 rate of $635) (**Exhibit F**); *Bell v. Farmers Services, LLC,* BC438517

15   (Los Angeles County Super. Ct.) (approving my 2013 rate of $875 per hour, mid-level partner

16   2013 rate of $750 per hour, law clerk rate of $250 per hour, and paralegal rate of $225 per hour)

17   (**Exhibit G**);

18        17.    I have personal knowledge of the hourly rates charged by other attorneys with

19   comparable experience to mine. I believe that Altshuler Berzon's current commercial rates are

20   fully consistent with the market rate for attorneys with comparable expertise, experience, and

21   qualifications.

22        18.    I worked with Jahan Sagafi when we were both attorneys at Lieff, Cabraser,

23   Heimann and Berstein, LLP. I have also co-counseled a number of cases with Outten & Golden,

24   including *Rosenburg v. International Business Machines Corp.,* No. CV 06-00430 PJH (N.D.

25   Cal.) and *Danieli v. International Business Machines Corp.*, No. 08-cv-3688 (S.D.N.Y). I know

26   Jahan to be an experienced and capable lawyer with specialized knowledge of class actions and

27   employment law. The hourly rates charged by Outten & Golden in the above captioned case for

28

- 8 -

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

partners, associates, and paralegals are consistent with the hourly rates charged by my firm for lawyers and paralegals with similar rates of experience.

19. I declare, under penalty of perjury, under the laws of the United States that the foregoing is true and correct. Executed this 21st day of September, 2020 at San Francisco, California.

/s/ *James M Finberg*
James M. Finberg

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

EXHIBIT A

STEPHEN P. BERZON
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
HUNTER B. THOMSON*
STEFANIE L. WILSON

*ADMITTED IN NEW YORK ONLY

**ALTSHULER BERZON** LLP

ATTORNEYS AT LAW

177 POST STREET, SUITE 300

SAN FRANCISCO, CALIFORNIA 94108

(415) 421-7151

FAX (415) 362-8064

www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

ELIZABETH VISSERS
FELLOW

December 2019

## FIRM RESUME

Altshuler Berzon LLP is a San Francisco law firm that specializes in labor and employment, constitutional, environmental, civil rights, campaign and election, and impact litigation, at both the trial and appellate levels, in federal and state courts, as well as before administrative agencies.

## CURRENT CASES

Altshuler Berzon LLP's current docket includes the following matters:

* ***SEIU Local 200U v. Trump***: Federal court challenge on behalf of federal employees to implementation of three Executive Orders impacting the rights of federal employees and their unions as violating the procedural and substantive requirements of the Administrative Procedure Act and otherwise violating statutory authority and the Constitution.

* ***North Carolina State Conference of the NAACP v. The North Carolina State Bd. of Elections***: Federal law challenge to North Carolina state and county officials' removal of thousands of voters from the registration rolls in the weeks leading up to the November 2016 election based on mass challenges alleging that the voters had relocated their residences.

* ***Ries v. McDonald's USA LLC***: Class action seeking to hold McDonald's responsible for failing to protect employees from sexual harassment.

* ***Chamber of Commerce v. City of Seattle***: The defense on remand from the Ninth Circuit of a Seattle ordinance authorizing collective organization and negotiation by independent contractor drivers who work for for-hire transportation companies, such as Uber and Lyft.

* ***Ellis v. Google, Inc.***: A class action under the California Equal Pay Act alleging that Google pays women employees less than it pays men with similar qualifications performing similar work.



\* ***Jewett v. Oracle Corp.***: A class action under the California Equal Pay Act alleging the women employed in technology and technology support positions were paid less than men with similar qualifications performing similar work.

\* ***Rivera Madera v. Lee***: A federal court challenge under the Voting Rights Act to Florida's failure to provide Spanish language ballots to Puerto Rican voters in 32 of its counties.

\* ***City of Oakland v. BP P.L.C./ County of San Mateo v. Chevron Corp.***: Representation of California public entities in Eighth and Ninth Circuits in climate-change litigation seeking to hold major oil and gas companies responsible under state public nuisance law for abating damage to public infrastructure resulting from global warming.

\* ***William Morris Endeavor Entertainment LLC, et al. v. Writers Guild of America, West et al.***: Representation of Hollywood screenwriters union and individual screenwriters in lawsuit asserting antitrust, RICO, and state law challenges to major talent agencies' compensation based on the profits of the movie or television show for which the screenwriter writes, instead of through the traditional commission model, as creating inherent conflicts of interest; defense of union against antitrust and federal labor law claims brought by major talent agencies in same case.

\* ***California v. Azar***: Representation of intervenor unions and homecare workers in challenge to Trump administration's issuance of a rule interpreting a provision of the Medicaid Act to prohibit the deduction of union dues and benefits payments from homecare workers' paychecks

\* ***Pacific Coast Federation of Fishermen's Associations v. Ross***: Federal district court lawsuit brought on behalf of a coalition of fishing and conservation groups challenging the Trump Administration's Endangered Species Act permits (known as biological opinions) for the operations of the Central Valley Project and State Water Project in California.

\* ***Center for Popular Democracy v. Board of Governors of the Federal Reserve System***: FOIA lawsuit seeking to compel disclosure of public records concerning the selection and appointment of presidents and directors of the regional Federal Reserve Banks.

\* ***Sanchez v. McDonald's/Salazar v. McDonald's***: California state law class actions in state and federal courts on behalf of restaurant crew members employed by corporate-owned and franchisee-owned McDonald's fast food outlets, alleging numerous violations of California employment law and seeking to establish McDonald's corporate liability on joint employer and other theories.

\* ***Regents of University of California v. United States Dep't of Homeland Security/County of Santa Clara v. Trump***: A federal court action challenging the Trump Administration's rescission of the Deferred Action for Childhood Arrivals ("DACA") program on constitutional, statutory, and equitable grounds.

\* ***Curling v. Kemp***: Representation of *amicus curiae* Common Cause, National Election Defense Coalition, and Protect Democracy in a federal court challenge to Georgia's use of electronic voting equipment that does not generate paper records of voting results.

\* ***Lewis v. Alabama***: A federal equal protection challenge asserting intentional race discrimination in Alabama state statute preempting Birmingham minimum wage ordinance; now en banc before the Eleventh Circuit.

\* ***California Trucking Ass'n v. Becerra***: Representation of intervenor union in defense of California's use of the "ABC test" to determine whether truck drivers are employees or independent contractors for purposes of a wage order, against Federal Aviation Administration Authorization Act preemption and other claims.

\* ***OBOT v. City of Oakland***:  Two cases, the first an appeal from a federal court ruling that the City of Oakland's prohibition on the storage and handling of coal in Oakland based on substantial risk to residents' health and safety breached its contract with a bulk shipping goods terminal developer; the second the defense of the City of Oakland in state trial and appellate courts against contract and tort claims brought by the same developer.

\* ***Daly v. Board of Supervisors of San Bernardino County***: Defense on appeal of a Superior Court victory in a Brown Act challenge to a county Board of Supervisors' use of a secret e-mailed ballot procedure to select candidates to interview for a vacant supervisor position.

\* ***NRDC v. Bernhardt***: Following remand from an 11-0 *en banc* victory at the Ninth Circuit, continued litigation of an environmental challenge to long-term contracts for the delivery of more than 2.3 million acre-feet of California Central Valley Project water and operations of that project, as posing a severe risk to the survival and recovery of the threatened Delta smelt and salmon.

\* ***Canela v. Costco Wholesale Corp***: The defense in the Ninth Circuit against an Article III challenge to employees' right to pursue representative actions in federal court under California's Private Attorney General Act ("PAGA") without obtaining class certification under the Federal Rules of Civil Procedure.

\* ***Ibarra v. Wells Fargo Bank***: The defense on appeal of a federal trial court order awarding bank employees over $95 million in damages based on the bank's failure to provide legally compliant meal periods and rest breaks.

\* ***Ridgeway v. Wal-Mart***: Defense on appeal of a $54 million jury verdict in favor of truck drivers who were not properly compensated for layovers, rest breaks, and pre- and post-truck inspections.

\* ***In re ExxonMobile Corp***: Defense of California cities and counties sued in Texas state court for alleged conspiracy to interfere with an oil and gas company's speech about the causes and effects of climate change.

\* ***Goss v. Ross***: State court "suitable seating" case on behalf of retail store cashiers who were not permitted access to seating while assisting customers at front-end cashier stands.

* ***Oman v. Delta Air Lines, Inc***.: A California Supreme Court appeal, on certified questions from the Ninth Circuit, concerning application of California wage-and-hour laws to employees of out-of-state companies, who routinely spent short periods of time working on the ground in California.

* ***Transport Workers Union Local 556 et al. v. Southwest Airlines Co.***: A state court action alleging that the employer violated paid sick leave and kin care requirements of California and local law.

* ***Shuman v. Microchip***: ERISA class action against a company that terminated the workforce of its merger partner and refused to pay benefits allegedly due under ERISA severance plan.

* ***Blair v. Rent-A-Center***: A consumer class action in federal district court seeking a public injunction and damages for hundreds of thousands of low-income consumers who were allegedly overcharged in violation of California's Rental Purchase Law for appliances and other products purchased on a rent-to-buy basis.

* ***Faulkner v. Dominguez***: The defense of a union representing airline ramp, operations, provisions and freight agents in a federal court action for breach of contract.

* ***Warner v. Fry's Electronics***: A state court representative action for civil penalties brought on behalf of sales employees alleging systematic violations of California's minimum wage law.

* ***American Airlines Flow-Thru Pilots Coalition v. Allied Pilots Ass'n***: The defense of a labor union sued for the positions it took in collective bargaining negotiations and in a seniority integration arbitration.

* ***Chavez v. Plan Benefit Services, Inc.***: A federal court class action under ERISA for charging allegedly excessive fees for administrative and marketing services for health insurance and retirement plans.

* ***California Physicians' Service dba Blue Shield of California v. Johnson***: Appeal of the denial of an anti-SLAPP motion brought by a whistleblower who was sued for providing information to government regulators, the media, and the public.

* ***Bayer v. Neiman Marcus***: Appeal after a bench trial in a federal court action under Section 503(b) of Americans with Disabilities Act seeking to establish that an employer's imposition of a mandatory arbitration agreement after the plaintiff-employee had already filed an administrative complaint with the EEOC unlawfully interferes with its employees' ability to pursue their ADA rights.

* ***Johnson v. Serenity Transportation***: Ninth Circuit appeal challenging denial of class certification in case of first impression under California's labor contractor joint employer law.

* *State of Alaska v. Alaska State Employees Ass'n/ Alaska State Employees Ass'n v. Dunleavy*:
State court challenge to the State of Alaska's attempt to unilaterally terminate state employees'
union dues deductions and to require state employee union members to annually renew their dues
deduction authorizations after receiving a government "warning" that doing so would involve
waiving their rights.

* *Major League Baseball Players Ass'n v. Top Velocity LLC*: Federal district court action
challenging web site operator's unauthorized appropriation of baseball players' likenesses as
violations of the right of publicity and Lanham Act protections.

* *Health Care Ass'n of America v. Becerra*: Representation of a labor union intervenor in
defense of a California law that allows unions to obtain names and telephone numbers of
registered homecare aides who choose to share that information with unions.

* *NRDC v. Nat'l Oceanic and Atmospheric Administration – Fisheries*: FOIA lawsuit
challenging the Fisheries Service's failure to provide records regarding its consultation on the
impacts of the Central Valley Project and State Water Project on federally protected Chinook
salmon.

* *Evans Hotels, LLC et. al. v. UNITE HERE! Local 30 et. al*: Representation of a labor union
in defense of speech and petitioning activity alleged to violate federal labor, antitrust, and RICO
laws and state common law.

* *SEIU v. Preferred Building Services*: Federal court of appeal petition seeking to overturn an
NLRB decision that an employer lawfully fired janitors who protested sexual harassment and
low wages, as based on an overly broad construction of the NLRA's secondary boycott
prohibition.

* *Aliser v. SEIU California/ Anderson v. SEIU 503/ Babb v. CTA/ Wilford v. Nat'l Educ.
Ass'n/ Matthews v. United Teachers Los Angeles/ Martin v. California Teachers Ass'n/ Few v.
United Teachers Los Angeles/ Belgau v. Inslee/ Bermudez v. SEIU Local 521/ Bierman v.
Dayton/ Brice v. CFA/ Carey v. Inslee/ Chambers v. AFSCME AFL-CIO et al./ Cook v. Brown
and Oregon AFSCME Council 75/ Crockett v. NEA-Alaska/ Danielson v. Inslee/ Few v.
UTLA/ Fisk v. Inslee/ Grossman v. HI Gov't Employees/ Hamidi v. SEIU Local 1000/
Hendrickson v. AFSCME Council 18/ Hoekman v. Education Minnesota/ Hough v. SEIU
Local 521/ Imhoff v. CTA/ James et al. v. SEIU Local 668 et al./ LaSpina v. SEIU PA State
Council/ Lyon v. SEIU Local 1000/ Mandel v. SEIU Local 73/ Martin v. CTA/ Matthews v.
UTLA/ Mentele v. Inslee/ Molina v. SEIU 668/ Polk v. SEIU Local 2015/ Riffey v. Rauner/
Thompson v. Marietta Education Ass'n/ Wholean v. CSEA SEIU Local 2001/ Wilford v. NEA
and numerous other cases pending in the federal district and circuit courts*: The defense of
public sector labor unions against cases seeking to invalidate state laws providing for exclusive
representation, challenging the validity of union membership applications that predate the
Supreme Court's decisions in *Janus v. AFSCME Council 31* and *Harris v. Quinn*, and attempting
to compel refunds of dues and fair share fees paid prior to *Janus* and *Harris*.

We also represent many local unions and apprenticeship programs on general matters, including litigation, negotiations, arbitrations and advice. In addition, we represent many workers in individual employment matters, public agencies in selected constitutional cases, and law firms and public interest organizations on statutory and common fund attorneys' fees matters. We also defend labor unions and public interest groups against SLAPP suits, and regularly provide legal advice to both unions and public agencies on the drafting of legislation, ballot measures, and regulations.

## <u>VICTORIES</u>

### LABOR AND EMPLOYMENT

* ***UAW v. Johnson Controls*** (Supreme Court): Prohibited employers from adopting "fetal protection" policies that discriminate against female workers in violation of Title VII.

* ***UAW v. Brock*** (Supreme Court): Compelled the Department of Labor to restore $200 million in wrongfully withheld Trade Act benefits to thousands of unemployed autoworkers and steelworkers.

* ***Bower v. Bunker Hill Co.***: Restored, after a six-week jury trial, tens of millions of dollars of retiree health insurance benefits that had been terminated following the shutdown of Idaho's largest private employer.

**\* *Dynamex Operations West v. Superior Court***: Obtained a unanimous California Supreme Court ruling establishing a new legal standard for distinguishing between employees and independent contractors under California Wage Orders.

* ***Interpipe Contracting v. Becerra***: Successfully helped defend, on behalf of a labor organization as amicus curiae, state law that required construction workers' consent to divert their wages to industry advancement programs on public works projects.

* ***North Carolina State Conference of the NAACP v. The North Carolina State Bd. of Elections***: Obtained summary judgment decision against North Carolina and county election officials, holding that officials violated the National Voter Registration Act by removing thousands of voters from the registration rolls in the weeks leading up to the November 2016 election.

* ***Rasier LLC v. City of Seattle***: Representing the City of Seattle, defeated state administrative law challenge to rules implementing Seattle ordinance authorizing collective organization and negotiation by independent contractor drivers who work for for-hire transportation companies, such as Uber and Lyft.

* ***Clark v. City of Seattle***: Representing the City of Seattle, defeated constitutional and statutory challenges to rules implementing Seattle ordinance authorizing collective organization and negotiation by independent contractor drivers who work for for-hire transportation companies, such as Uber and Lyft.

* ***Golden Gate Restaurant Ass'n v. City and County of San Francisco***: Obtained a Ninth Circuit ruling upholding, against an ERISA preemption challenge, a San Francisco ordinance that requires employers either to provide health benefits to their employees or to pay into a City fund for the same purpose.

* ***Nicanor Casumpang, Jr. v. Hawaiian Comm'l & Sugar Co.***: Obtained dismissal of former union member's duty of fair representation claim against labor union, including successful defense of dismissal ruling before the Ninth Circuit.

**\*** ***Pimentel v. Aloise***: Obtained dismissal with prejudice of union members' LMRDA challenge to union leadership election.

* ***Gerawan Farms v. Agricultural Labor Relations Board***: Representing United Farm Workers union in conjunction with in-house counsel, obtained California Supreme Court decision overturning Court of Appeal decision and upholding the constitutionality of a California law requiring binding interest arbitration to resolve agricultural labor disputes.

* ***UAW v. Kiddoo***: Required California to resume paying unemployment compensation to almost 400,000 unemployed workers following a budgetary impasse between the Legislature and the Governor.

* ***Bay Area Laundry Workers v. Ferbar*** (Supreme Court): Established longer statute of limitations for suits against employers who withdraw from multi-employer pension plans.

* ***Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174***: Obtained a unanimous *en banc* court of appeals decision overturning decisions that had severely weakened the protection afforded by the Norris-LaGuardia Act to union economic action.

* ***Armendariz v. Foundation Health Psychcare Svcs.***: Obtained a California Supreme Court ruling that employers cannot require their employees, as a condition of employment, to resolve employment claims through arbitration, where the arbitration agreement does not provide for specific procedural protections.

* ***UFCW Local 751 v. Brown Shoe Group, Inc.*** (Supreme Court): Established union standing to sue employers that violate the Worker Adjustment and Retraining Notification Act's statutory notice requirements.

* ***Vergara v. California***: Overturned on appeal trial court decision invalidating as unconstitutional California statutes governing public school teacher tenure and layoff.

* ***Air Line Pilots Association, International, et al. v. United Airlines, Inc.***: Obtained declaratory and injunctive relief on behalf of United Airlines pilots requiring the airline to comply with California's Kin Care law, which requires employers that offer paid sick leave to allow employees to use up to half of that leave to care for ill relatives.

* *24 Hour Fitness USA, Inc./ Totten v. Kellogg Brown & Root, LLC*: Obtained rulings from the National Labor Relations Board and the Central District of California striking down mandatory employment arbitration agreements that prohibit class collective actions and representative actions as violations of the right to engage in concerted protected activity guaranteed by the National Labor Relations Act.

* *Ochoa v. McDonald's*: Obtained substantial settlements with both franchisee and McDonald's in California state law class action brought on behalf of restaurant crew members employed in franchisee-owned McDonald's fast food outlets, alleging numerous violations of California employment law and seeking to establish McDonald's corporate liability on joint employer and other theories.

* *Hall v. Rite Aid/ Kilby v. CVS Pharmacy, Inc./ Henderson v. JP Morgan Chase/ Smiles v. Wlgreens*: Obtained substantial settlements, including penalties and injunctive relief, in Private Attorneys General Act ("PAGA") cases involving claims based on employers' failure to provide cashiers suitable seating.

* *Greene v. Dayton*: Obtained Eighth Circuit decision affirming district court's dismissal of claims that a state law permitting homecare workers for Medicaid program participants to be represented by a union is preempted by the National Labor Relations Act, violates the Contract Clause, and tortiously interferes with the right to contract.

* *Does I, et al. v. The Gap, Inc., et al.*: Negotiated a $20 million settlement and innovative workplace monitoring program in anti-sweatshop class action on behalf of 30,000 Chinese and other foreign workers against Saipan garment factories and retailers for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, the Alien Tort Claims Act, the Fair Labor Standards Act, and federal common law.

* *Granite Rock Co. v. Int'l Bhd. of Teamsters* (Supreme Court): Obtained a U.S. Supreme Court decision rejecting an employer's unprecedented attempt to expand Section 301 of the Labor Management Relations Act to include tort theories for interference with contract by international union.

* *Regents of the University of Wisconsin v. Adidas*: Successful intervention on behalf of an Indonesian labor union, followed by settlement in the Wisconsin state court, of an action brought to hold Adidas responsible under a University licensing agreement for unpaid wages and benefits owed to 2,700 Indonesian garment workers employed by a bankrupt factory that manufactured Adidas apparel.

* *Washington Service Contractors Coalition v. District of Columbia*: Successfully defended against a federal preemption challenge a local displaced worker ordinance that requires new service contractors to retain the employees of their predecessors.

* *NLRB v. Town & Country Electric, Inc.* (Supreme Court): Protected paid union organizers from discriminatory discharge or refusal to hire under the National Labor Relations Act.

* ***Carrillo v. Schneider Logistics, Inc.***: Federal district court class action resulting in $22.7 million settlement on behalf of low-wage immigrant warehouse workers who alleged that Walmart, its warehouse operator, and their labor services contractors were joint employers liable for a series of state and federal wage-and-hour violations, including for imposing unlawful group piece rate scheme, wage fraud, and wrongful mass retaliatory termination.

* ***Does I Thru XXIII v. Advanced Textile Corp.***: Established the right of workers to sue under fictitious names and withhold their identities from their employers, where they reasonably fear that disclosure of their identities will result in severe retaliation.

* ***Brinker Restaurant Corp. v. Superior Court***: Obtained a unanimous California Supreme Court decision, which ultimately resulted in a $56 million settlement, establishing standards governing meal period and rest break claims, and affirming in part and reversing in part trial court's certification of class of low-wage restaurant workers.

* ***Veliz v. Cintas Corp.***: Obtained a $22.75 million settlement of class actions and individual cases pending in the Ninth Circuit, the Northern District of California, the Judicial Panel on Multidistrict Litigation, and AAA arbitration, each of which challenged a nationwide industrial laundry company's policy of classifying its drivers as exempt from overtime requirements of federal and state wage-and-hour laws.

* ***McDonald v. CP OPCO, LLC dba Classic Party Rentals, et al.***: Obtained substantial settlement in federal class action alleging that defendants failed to provide notice to their employees prior to closing their facilities or conducting a mass layoff, in violation of the federal and California WARN Acts.

* ***AFL-CIO v. Employment Development Department***: Compelled California to continue to pay unemployment compensation benefits to hundreds of thousands of claimants per year pending evidentiary hearings on their continued eligibility.

* ***Hawaii State Teachers Ass'n/United Public Workers v. Lingle***: Enjoined the Governor of Hawaii from unilaterally implementing unpaid furloughs for all state employees of three days per month on the ground that unilateral implementation violated the state constitutional right to collective bargaining.

* ***El Centro v. Lanier***: Defeated a state constitutional challenge to a California law that provides charter cities with a financial incentive to require contractors on municipal construction projects to pay prevailing wages to their employees and to hire apprentices.

* ***Broussard v. First Tower Loan, LLC***: Obtained an arbitration decision holding that an employer violated Title VII's prohibition against sex discrimination when it constructively discharged a transgender male employee by requiring that he act and dress in conformity with traditional female gender stereotypes, and awarding economic and non-economic damages.  In subsequent proceedings, the EEOC relied upon the arbitration decision to procure a consent decree requiring substantial changes in the defendant's treatment of transgender employees.

\* ***SEIU-UHW v. Fresno County IHSS Public Authority***: Obtained an injunction requiring Fresno County to maintain the wage and benefit rates paid to providers of in-home support services pending arbitration of the union's grievance regarding the wage and benefit reduction.

\* ***D.R. Horton***: On behalf of amici SEIU and Change to Win, obtained a ruling from the National Labor Relations Board (later reversed by Fifth Circuit) that employers commit an unfair labor practice by including prohibitions against joint, class, and collective actions in mandatory employment arbitration agreements.

\* ***Narayan v. EGL***: Obtained a Ninth Circuit reversal of a district court's grant of summary judgment to an employer of delivery truck drivers, on the grounds that the district court had improperly applied Texas law to California drivers' statutory wage and hour claims and incorrect concluded that the drivers were independent contractors rather than employees.

\* ***Satchell v. FedEx Express***: Obtained a consent decree providing $55 million in monetary relief to two classes of African American and Latino employees of FedEx Express, as well as comprehensive injunctive relief against discriminatory employment practices, including reducing managerial discretion in promotions, compensation and discipline, and prohibiting the use of a promotion test that had an adverse impact on minority employees.

\* ***Noe v. Superior Court***: Obtained a Court of Appeal decision holding that businesses that hire contractors can be held liable under California's Private Attorney General Act for their contractors' misclassification of the contractors' employees as independent contractors.

\* ***Bright v. 99 Cent Only Stores, Inc./ Home Depot v. Superior Ct.***: Obtained Court of Appeal rulings that California workers have private right of action under the Labor Code for civil PAGA penalties against employers who violate minimum labor conditions standards guaranteed by Industrial Wage Commission wage orders.

\* ***Pulaski v. Calif. Occupational Safety and Health Standards Board***: Successfully defended the nation's first safety standard on ergonomics against an industry challenge, and invalidated exemptions that would have prevented that standard from applying to most California workplaces.

\* ***Passantino v. Johnson & Johnson Consumer Products, Inc.***: Successfully defended on appeal a multi-million dollar jury award in an employment discrimination action under federal and state law.

\* ***SkyWest Pilots ALPA Organizing Committee v. SkyWest Airlines, Inc.***: Obtained a temporary restraining order and a preliminary injunction prohibiting an airline from interfering with its pilots' rights to organize and to free expression under the Railway Labor Act.

**\* *Glaviano v. Sacramento City Unified Sch. Dist.***: Obtained a California Court of Appeal decision reversing trial court's interpretation of attorney's fees statute requiring labor organization to disclose amount paid to outside counsel for representation of union member.

\* ***Employee Staffing Services, Inc. v. Aubry***: Defeated an employee-leasing company's ERISA preemption challenge to California's workers' compensation laws.

\* ***California Teachers Ass'n v. Governing Bd. of Salinas City Elementary Sch. Dist.***: Obtained a California Supreme Court order vacating, and a subsequent Court of Appeal decision reversing, a court of appeal opinion that had required union to arbitrate non-waivable statutory claims brought on behalf of its members; on remand, obtained writ requiring school district to place teachers on the correct steps on the salary schedule and to provide more than $3 million in back pay and interest.

\* ***State Building & Constr. Trades v. Aubry***: Struck down, as a usurpation of legislative authority, administrative regulations that would have lowered by 20 percent the prevailing wage rate paid to construction workers on public projects.

\* ***Bell v. Farmers Ins. Exchange*** (***Bell III***): Obtained an appellate decision upholding the largest overtime pay jury verdict in history, in class action on behalf of insurance company claims representatives who were misclassified as exempt under California's wage and hour law, and subsequently negotiated a settlement in excess of $200 million for class members.

\* ***Turman v. Superior Court***: Obtained appellate decision holding that individual owners and their companies can be held jointly and severally liable for wage violations if they satisfy the Wage Order and common law definitions of "employer" under California law.

\* ***The Hess Collection Winery v. California Agricultural Relations Bd.***: Successfully defended against a constitutional challenge a California statute providing for the binding resolution of disputes between agricultural employers and their union-represented employees arising from their failure to agree on an initial labor contract, thereby guaranteeing that agricultural workers will obtain an initial contract.

\* ***Long Beach City Employees v. City of Long Beach***: Overturned on state constitutional grounds a city policy requiring public employees to submit to polygraph examinations.

\* ***Kaiser Aluminum and Chemical Corp.***: Obtained a ruling that a national aluminum manufacturer violated the National Labor Relations Act by unlawfully locking out 3,000 of its employees and must pay them approximately $175 million in back wages, at that time the highest backpay award in the history of the Act.

\* ***Associated Builders and Contractors v. Nunn/ ACTA v. Smith***: Defeated federal court preemption challenges to a regulation raising the minimum wage rates for California apprentices.

\* ***Duran v. U.S. Bank***: Obtained a unanimous California Supreme Court ruling, after briefing and oral argument on behalf of a coalition of amicus groups, allowing California employees to prove class-wide claims through surveys, and statistical and representative evidence, as long as trial plan provides their employer an adequate opportunity to prove individualized affirmative defenses.

\* ***Amaral v. Cintas Corp.***: Won a $1.6 million summary judgment in a class action challenging a nationwide laundry company's systematic underpayment of its workers, defeating state law preemption and federal due process challenges to a local living wage ordinance.

* ***Ellis v. Costco Wholesale Corp.***: Obtained an $8 million settlement on behalf of a class of women employees who alleged gender discrimination in promotions in violation of Title VII of the 1964 Civil Rights Act, as well as wide-ranging programmatic relief modifying corporate policies to allow women a greater chance of promotions in the future.

* ***AFL-CIO v. Marshall***: Obtained a ruling requiring payment of an additional 26 weeks of extended unemployment compensation benefits, worth billions of dollars, to unemployed workers nationwide.

* ***Capers v. Nunn***: Obtained a decision upholding a California Apprenticeship Council ruling that precluded non-union apprenticeship program from operating outside its approved geographic area.

* ***Rosenburg v. Int'l Business Machines Corp.***: Obtained a $65 million settlement in a class action brought on behalf of IBM information technology specialists for failure to pay overtime compensation.

* ***Air Line Pilots Ass'n, Int'l v. Emery Worldwide Airlines, Inc.***: Obtained an eight-figure settlement of breach of contract claim on behalf of airline pilots who were permanently furloughed when their employer ceased flight operations.

* ***Cremin v. Merrill Lynch***: Settled a nationwide sex discrimination class action on behalf of women brokers, resulting in establishment of novel claims procedure and agreement by brokerage firm no longer to compel any employees to arbitrate statutory discrimination claims.

* ***Curtis-Bauer v. Morgan Stanley & Co., Inc.***: Obtained a $16 million class-action settlement for African-American and Latino financial advisors and financial advisor trainees requiring Morgan Stanley to change its account distribution procedures to de-emphasize historical factors that have an adverse impact on minorities, to engage in active recruitment of minority financial advisors, to tie manager compensation to diversification efforts, and to provide other non-monetary relief.

* ***Akau v. Tel-A-Com Hawaii***: Upheld, against an employer's ERISA preemption challenge, Hawaii's Dislocated Workers Act, which provided supplemental unemployment compensation benefits to workers adversely affected by plant closings.

* ***Reigh v. Calif. Unemployment Insurance Appeals Bd.***: Obtained the right to unemployment compensation for workers in non-safety-sensitive jobs who were discharged after refusing to take, or failing, a random drug test.

* ***Martens v. Smith Barney***: Settled a nationwide sex discrimination class action on behalf of women brokerage employees, resulting in a novel claims procedure allowing for potentially tens of millions of dollars in damages.

* ***California Hospital Ass'n v. Henning***: Overcame a federal statutory challenge to a California law requiring payment of accrued vacation pay to workers upon cessation of employment.

* ***United Public Workers v. Yogi***: Invalidated a state public employee wage freeze that conflicted with the state constitutional right to organize for the purpose of collective bargaining.

* ***St. Thomas - St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands***: Defeated a federal preemption challenge to a Virgin Islands statute that protects employees from termination without cause.

* ***Simo v. Union of Needletrades, Industrial & Textile Employees***: Successfully defended on federal appeal a labor union's use of the "garment industry proviso" to Section 8(e) of the National Labor Relations Act.

* ***Adcock v. United Auto Workers; Patterson v. Heartland Industrial Partners, LLP***: Obtained decisions from the Fourth Circuit (Adcock) and the Northern District of Ohio (Patterson) holding that an agreement under which an employer agrees to remain neutral in union organizing campaigns in return for the union's agreement to limitations on such campaigns does not violate Section 302 of the Labor Management Relations Act or the Racketeer Influenced and Corrupt Organizations Act.

* ***Heartland Industrial Partners, LLP and the United Steelworkers of America, AFL-CIO***: Obtained a decision from the National Labor Relations Board upholding a neutrality and card-check organizing agreement under Section 8(e) of the National Labor Relations Act.

* ***Pearson Dental Supplies v. Superior Court***: Obtained a California Supreme Court ruling that requires heightened judicial review of an arbitration award, issued pursuant to a mandatory arbitration agreement, that is challenged on the ground that the arbitrator's legal error deprived the claimant of a hearing on the merits of a fundamental statutory or common law claim.

* ***Danielli v. Int'l Business Machines Corp.***: Obtained a $7.5 million common-fund settlement in a class action brought on behalf of IBM employees for IBM's failure to pay overtime compensation.

* ***Vendachalam v. Tata International***: Obtained a Ninth Circuit decision that Tata International, India's largest conglomerate, could not force its overseas workers to arbitrate employment disputes before Tata's hand-picked arbitrators in Mumbai.

* ***SEIU Local 24/7 v. Professional Technical Security Services, Inc.***: Obtained a settlement under state wage and hour laws providing payments to hundreds of low-wage workers as reimbursement for uniform cleaning expenses.

* ***Int'l Longshore & Warehouse Union, Local 142 v. Brewer***: Obtained a settlement on behalf of a class of retirees from sugar and pineapple plantations compensating them for the company's termination of their medical plans.

* ***Vega v. Contract Cleaning Maintenance, Inc.***: Obtained class-action settlements on behalf of low-wage janitors and maintenance workers who were misclassified as independent contractors, providing double overtime, reimbursement of allegedly unlawful paycheck deductions, and statutory interest.

* ***Wynne v. McCormick & Schmick's Seafood Restaurants, Inc.***: Obtained a consent decree against a restaurant chain requiring it to implement a series of measures to increase the representation of African-American employees in "front of the house," i.e., server, bartender, and host/hostess, positions.

* ***Southern California Edison Co. v. Public Utilities Comm'n***: Obtained a decision upholding the authority of the Public Utilities Commission to order utilities to require the payment of prevailing wages to construction workers on energy utility construction projects.

* ***Adams v. Inter-Con Security Systems, Inc.***: Obtained a $4 million settlement compensating private security guards who were required to work "off the clock" without pay and requiring the company to pay its employees in the future for the time they spend in mandatory training sessions and pre-shift briefings.

* ***Martin v. New United Motor Mfg., Inc.***: Obtained a $4.65 million settlement from an automobile manufacturing plant for failure to compensate its employees for donning and doffing protective gear, in violation of federal and state law.

* ***IBEW v. Eichleay***: Enforced a multi-million dollar arbitration award against an employer that tried to evade its contract obligations through a non-union alter ego.

* ***Local 1564 v. City of Clovis***: Invalidated a local "right to work" law enacted by a New Mexico city.

* ***Patel v. Sugen***: Obtained a nearly $2 million settlement in a class action challenge to a pharmaceutical company's refusal to pay contractually-mandated severance pay and bonuses to employees upon sale of the company, representing complete recovery of all monies owed plus ten percent interest.

* ***EQR/Legacy Partners***: Obtained a settlement in administrative action of $1.6 million in back wages to construction workers who were not paid the prevailing wage required on public works projects.

* ***Californians for Safe and Competitive Dump Truck Transportation v. Mendonca***: Defeated an industry challenge to the application of California's prevailing wage law to motor carriers after the enactment of trucking deregulation.

* ***Fry v. Air Line Pilots Ass'n***: Defeated an attempt to hold a union liable under RICO and state tort law for ostracism allegedly directed against strikebreakers.

* ***IBEW Locals 595 and 6 v. LIS Electric***: Won a private attorney general action, after a multi-week trial, against a construction contractor and its president for failing to pay workers prevailing wages on public works projects.

* ***International Longshore and Warehouse Union Local 142 v. Hawaiian Waikiki Beach Hotel***: Obtained an order requiring the corporate parent of a hotel in receivership to arbitrate claims for millions of dollars in accrued vacation and severance pay owed to the hotel's employees.

* ***SEIU v. County of San Bernardino***: Obtained an injunction prohibiting one of the nation's largest counties from depriving its employees of their right to discuss union issues at work.

* ***Retlaw Broadcasting Co. v. National Labor Relations Board***: Successfully defended on appeal the National Labor Relations Board's decision that an employer unlawfully implemented a contract proposal allowing it to bypass the union and negotiate directly with its individual employees.

* ***San Joaquin Regional Transit Dist.***: Obtained an arbitration award that stopped a transit district from contracting out numerous jobs held by union-represented workers.

* ***Driscoll v. Oracle***: Negotiated a $12.7 million settlement in nationwide overtime case under the Fair Labor Standards Act and state law on behalf of internet sales representatives.

* ***UAW Local 2244 and New United Motor Manufacturing, Inc.***: Obtained an arbitration award in excess of a million dollars for violation of a contractual provision requiring an employer to pay wage premiums to employees who start their shifts before 6:00 a.m.

* ***ATU Local 1292 and Alameda County Transit District***: Obtained an arbitration award prohibiting a public transit district from using a lease arrangement to evade contractual restrictions on outsourcing bargaining unit jobs.

* ***California Federation of Interpreters v. Region 1 Court Interpreter Employment Relations Committee/ California Federation of Interpreters v. Region 2 Court Interpreter Employment Relations Committee/ California Federation of Interpreters v. Region 4 Court***: Obtained arbitration awards requiring Superior Courts to pay mileage compensation to court interpreters and holding that the courts acted illegally by giving interpreting assignments to independent contractors.

* ***New United Motor Manufacturing, Inc. and United Auto Workers, Local 2244***: Successfully challenged in arbitration an employer's policy of terminating sick leave benefits for ill or injured employees, providing relief to nearly one hundred employees.

* ***Int'l Bhd. of Electrical Workers Local 551 v. WSB Electric***: Enjoined a contractor and its officers from continuing to commit unfair business practices by underpaying workers on public works projects, leading to the debarment of the contractor from bidding on public works projects for three years.

* ***Associated Builders and Contractors***: Obtained a National Labor Relations Board decision that an association of non-union construction contractors violated the National Labor Relations Act by filing and prosecuting a lawsuit challenging a union program to recapture jobs for union workers.

* *McCabe Hamilton & Renny Co., Ltd. v. Int'l Longshore & Warehouse Union, Local 142*: Obtained, and secured against federal court challenge, a $355,000 arbitration award for a longshore worker who was assaulted, permanently disabled, and forced to spend two years in a witness protection program due to the employer's breach of a contractual duty to provide a safe workplace.

* *Advocate Health Care Network v. Service Employees Int'l Union*: Obtained dismissal of defamation, commercial disparagement, unfair trade practices, and maintenance claims arising from union's support for community campaign to change hospital chain's practice of overcharging uninsured patients.

* *In re Opinion of Bill Lockyer, Attorney General (**State Allocation Board**)*: Obtained an interpretation from the California Attorney General requiring school districts to utilize competitive bidding laws to award public school construction projects, thereby insuring that union contractors have an opportunity to bid on such work.

* *In re Santa Ana Transit Village*: Obtained a California administrative ruling that a transfer of property for a redevelopment project at so-called "fair reuse value" is not equivalent to a transfer at the "fair market price," thereby requiring the payment of prevailing wages to construction workers on those projects.

* *Wagner v. Professional Engineers in California Gov't*: Established that the appropriate remedy for legal deficiencies in a union's annual fair share fee notice is for the union to correct and re-issue the notice, not to refund fees previously collected.

* *Bricklayers and Allied Craftworkers Local 3 v. Northern California Mason Contractors Multiemployer Bargaining Ass'n*: Obtained an arbitration award upholding a union's right to allocate annual economic increases under a collective bargaining agreement between wages and fringe benefits.

* *Contra Costa County and Contra Costa Public Defenders Ass'n*: Obtained an arbitration award against Contra Costa County for violating the "parity" clause of its collective bargaining agreement, which required the County to provide its public defenders with any new benefits provided to its district attorneys.

* *Montoya v. Laborers International Union of North America*: Obtained the voluntary dismissal with prejudice, after filing a motion to dismiss on grounds of justiciability and preemption, of a challenge to an international labor union's procedures for transferring geographic jurisdiction between local union affiliates.

* *Southern Wine & Spirits v. Simpkins*: Defeated a motion for preliminary injunction in Florida state court seeking to prevent California-based employee of Florida company from working for company's California competitor.

* *SEIU Local 24/7 and Pacific Gas & Electric Company*: Obtained a seven-figure arbitration award for an employer's failure to pay its security guards for on-duty meal periods.

-16-

\* ***UGL-UNNICO Service Co.***: Helped obtain a National Labor Relations Board decision reinstating a bar to challenging a union's majority status after a new employer assumes control of an organized facility, thereby allowing the parties a reasonable period of time to negotiate a collective bargaining agreement.

\* ***S&F Market Street Health Care LLC and Windsor of North Long Beach***: Obtained victory before a National Labor Relations Board administrative law judge and an injunction in federal district court in a case alleging that a nursing home employer engaged in unlawful "surface bargaining" by insisting on a package of contract proposals that would have forced the union to surrender all representational authority for the duration of the collective bargaining agreement.

\* ***Sheen v. SAG***: Successfully defeated a motion for preliminary injunction under the Labor- Management Reporting and Disclosure Act seeking to stop the counting of votes in a union merger election, resulting in the merger passing by an overwhelming majority.

\* ***Holloway v. Best Buy Co., Inc.***: Obtained a consent decree, with a four-year duration, in a federal court class action requiring changes in Best Buy's personnel policies and procedures that will enhance the equal employment opportunities for the thousands of women, African Americans, and Latinos employed by Best Buy nationwide.

\* ***Reed v. Los Angeles Unified School District***: Overturned on appeal a California Superior Court decision approving a settlement agreement that impaired the statutory and contractual rights of public school teachers, over the objection of the teachers' union (which had not agreed to the settlement), on the grounds that the approval of the settlement violated the teachers' due process right to an adjudication of the merits of the underlying claim and the requirements of the California statute regarding judgments based on settlements.

\* ***Los Angeles Times Communications LLC v. Los Angeles Unified School District***: On behalf of an intervening labor union, obtained a Court of Appeal decision holding that public school teachers' performance evaluations, identified with particular teachers, are not subject to disclosure under the California Public Records Act.

\* ***Professional Engineers in California Government v. Brown***: Obtained, and successfully defended on appeal, a ruling that the California Governor and Department of Personnel Administration exceeded their authority by unilaterally imposing unpaid furloughs on public employees.

\* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision finding that an employer violated the recognition clause of a collective bargaining agreement by transferring represented nurses' duties to non-union nurses.

\* ***CRONA and Stanford Hospital & Clinics and Lucile Packard Children's Hospital***: Obtained an arbitration decision that stopped hospitals from making unilateral changes to reduce nurses' health benefits.

\* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision ordering a hospital to pay specialty skills incentive payments to nurses in the hospital's main operating room.

\* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision finding that employer violated the collective bargaining agreement by canceling on-call shifts shortly before they were to take place, without paying on-call pay.

\* ***Turtle Bay Exploration Park, City of Redding***: Obtained a decision on administrative appeal that a hotel project was covered by the California's prevailing wage law because the developer was not paying fair-market rent for the use of public land, overturning the agency's original, contrary determination.

\* ***Air Conditioning Trades Ass'n v. Baker***: Obtained the dismissal of a constitutional challenge to a California law that protects prospective apprentices from exploitation by requiring a showing of a training need before state approval will be granted to new apprenticeship programs.

\* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision finding that a union could grieve an employer's violations of procedural protections in the collective bargaining agreement related to termination of probationary employees.

\* ***Kairy v. SuperShuttle Int'l, Inc.***: Successful Ninth Circuit appeal reinstating California employment law claims brought by misclassified airport drivers whose employer argued that allowing the claims to proceed in court would impermissibly interfere with the regulatory authority of the California Public Utilities Commission.

\* ***Green v. Bank of America***: Two successful Ninth Circuit appeals in "suitable seating" case brought on behalf of bank tellers, overturning district court rulings that had construed the law as requiring each employee to specifically request seating, held the law preempted by the National Banking Act, and imposed excessive exhaustion requirements on employees seeking statutory relief.

\* ***Garrett v. Bank of America***: Negotiated a $15 million civil penalty settlement, of which more than $7 million was paid to the California Labor and Workforce Development Agency for the enforcement of labor laws and the education of employers and employees about their rights and responsibilities, as well as injunctive relief requiring the defendant to comply with California's "suitable seating" laws, in an action brought under California's Private Attorney General Act.

\* ***Brooks v. U.S. Bank***: Obtained a $1.9 million settlement of a federal court case brought on behalf of a class of 2,600 in-store bankers for violation of California's "suitable seating" law.

\* ***Alex Rodriguez v. Major League Baseball Players Association***: Defended Major League Baseball Players Association against duty of fair representation claims asserted by baseball player whose challenge to Major League Baseball drug testing suspension was resolved in a collectively bargained arbitration procedure, resulting in the player's voluntary dismissal of his lawsuit shortly after filing complaint.

\* ***Iskanian v. CLS Transportation***: Briefed and argued a California Supreme Court case prohibiting employers from requiring arbitration of representative action claims brought against California's Private Attorney General Act.

* ***SEIU Healthcare Michigan v. Snyder***: Obtained an injunction under the Contract Clause of the U.S. Constitution against the implementation of a Michigan statute that would have nullified an existing collective bargaining agreement covering thousands of homecare workers.

* ***Acquisto v. Sacramento City Unified School District***: Obtained a writ of mandate overturning a school district's mass layoff of public school teachers out of seniority order.

* ***United Farmworkers of America, AFL-CIO v. Dutra Farms***: Obtained judgments against 18 growers and a growers' association prohibiting them from illegally financing an "employee committee" to defeat union organizing drives.

* ***Steam Press Holdings, Inc. v. Hawaii Teamsters, Local 996***: Established that federal labor law precludes an employer from obtaining damages under state defamation law for economic losses resulting from a strike.

* ***In re Gulf USA Corporation and Pintlar Corporation***: Preserved millions of dollars of retiree medical benefits in a major bankruptcy proceeding on behalf of thousands of retired Idaho mine and smelter workers.

* ***IBEW Local 595 v. Aubry***: Enjoined the Department of Industrial Relations from spending taxpayer funds to implement a new methodology that would drastically cut prevailing wage rates, where the Legislature had refused to appropriate funds for that purpose.

* ***California State Building and Construction Trades Council v. Duncan***: Enjoined the expenditure of state funds on administrative rulemaking proceedings that would have lowered the minimum wage for apprentices throughout California, on the ground that the Governor lacked the authority to item-veto the Legislature's decision not to fund such proceedings.

* ***County of Alameda v. Aubry***: Enjoined California from reducing the prevailing wage in the construction industry by 20 percent, where the agency had failed to comply with the Administrative Procedure Act's rulemaking requirements.

* ***United Steel Workers Local 12-369 v. United Steel Workers, Int'l***: Successfully defended at trial and on appeal an international union wrongfully accused of discrimination and violations of labor law.

* ***Williamson v. Microsemi***: Obtained a $2.35 million settlement, amounting to 113% of targeted bonuses, on behalf of a class of employees and executives of a merged company who failed to receive change-in-ownership/retention bonuses to which they were entitled after the completion of the merger.

* ***Salas/Pette/Slack v. Int'l Union of Operating Engineers***: In three separate cases, obtained dismissal with prejudice of meritless state and federal claims, including claims under the federal RICO statute, brought against an international union and its officials.

* ***CRONA and Lucile Packard Children's Hospital***: Obtained an arbitration award ordering hospital to pay its nurses contractually-required weekend premium pay in excess of $100,000.

-19-

\* ***Bierman v. Dayton/ D'Agostino v. Patrick/ Mentele v. Inslee/ Hill v. SEIU***: Defeated constitutional challenges to state laws that permit childcare and homecare workers to have union representation.

\* ***Int'l Franchise Ass'n, Inc. v. City of Seattle***: Assisted, as amicus curiae, in defeating a motion for preliminary injunction that sought to stop Seattle's $15 minimum wage from going into effect, and subsequently in successfully defending the district court's denial of the preliminary injunction on appeal to the Ninth Circuit, after which the plaintiff voluntarily dismissed the case.

\* ***Nat'l Restaurant Ass'n v. Comm'n of Labor***: Secured dismissal on the merits of a fast food industry challenge to a New York state wage order requiring a $15 per hour minimum wage to be paid to workers in chain restaurants.

\* ***Demetris v. Transport Workers Union/ Letbetter v. Transport Workers Union***: Obtained and defended on appeal a judgment of dismissal in favor of a labor union sued over its equity distribution plan in connection with American Airlines' bankruptcy proceedings.

\* ***Friedrichs v. California Teachers Ass'n***: Along with co-counsel, successfully defended against constitutional challenge California's "fair share fee" statute, which requires employees who share in the benefits of public sector collective bargaining, but who choose not to become members of the union that represents them, to pay a pro rata portion of the union's costs in obtaining those benefits.

\* ***Vaquero v. Ashley Furniture Industries, Inc.***: Successfully defended on appeal a federal court class certification order on behalf of commissioned furniture sales personnel who were not separately paid for non-sales activity, where employer failed to maintain records documenting the extent of that unpaid work.

\* ***United Public Workers, AFSCME, Local 646 v. Ige***: Obtained an injunction from the Ninth Circuit temporarily prohibiting the implementation of a Hawai'i state statute that would privatize public health care facilities during the term of a collective bargaining agreement covering those facilities, and subsequently obtained a settlement protecting the affected employees' jobs.

\* ***Unico v. Harris***: Obtained a federal district court decision upholding against a federal preemption and constitutional challenge a California law requiring contractors performing work at refineries to use a skilled and trained workforce.

\* ***Trustees of the U.A. Local 38 Defined Benefit Pension Plan v. Trustees of the Plumbers and Pipe Fitters National Pension Fund***: Successful representation of a national pension fund in arbitration, federal district court, and the Ninth Circuit, obtaining and defending an arbitration award requiring a local pension fund to remit full pension contributions to the home pension fund of traveling employees pursuant to a national reciprocity agreement between the funds.

\* ***Alvarez v. Inslee***: Defeated a constitutional challenge to collectively bargained agreements that grant union representatives access to the public sector employees they represent.

* ***Bayer v. Neiman Marcus***: Obtained Ninth Circuit ruling that nominal damages are available for an employer's interference with its employee's efforts to pursue an Americans with Disabilities Act claim, even though the ADA precludes compensatory damages.

* ***Fisk v. Inslee***: Obtained summary judgment in federal district court upholding union dues authorization agreements against a constitutional challenge, and successfully defended summary judgment ruling on appeal.

* ***AFT Local 2121 v. Accrediting Commission for Community and Junior Colleges***: Obtained settlement in a federal court challenge brought on behalf of labor organizations representing community college faculty and individual faculty members to the practices of an organization that accredits California community colleges and to that entity's threatened termination of the accreditation of City College of San Francisco, which preserves City College's accreditation and mandates policy and standards changes that will increase the accrediting organization's transparency and accountability, and avoid interference with the unions' collective bargaining relationships.

* ***Andino/Ahmad/Arenzana/Avilo/Khan/Narayan v. EGL/CEVA***: Obtained settlements in multiple federal court actions asserting wage and hour claims under the California Labor Code on behalf of delivery truck drivers who were allegedly misclassified as independent contractors rather than employees.

* ***Guzman-Padilla v. Van de Pol***: Negotiated a settlement of a federal court case brought on behalf of approximately 120 Hispanic employees of a dairy, under which the employer agreed to make substantial changes to its employment and housing policies and practices and to pay $390,000 in class monetary relief.

* ***Riffey v. Rauner***: Upheld on appeal to the Seventh Circuit a federal district court decision refusing to certify a plaintiff class seeking to recoup fair share fees previously paid for union representation in collective bargaining and grievance representation.

* ***Riverbank Unified School Dist. v. Com'n on Professional Competence***:  Obtained a California Court of Appeal decision ordering reinstatement of a teacher who had been wrongfully terminated, where the Superior Court failed to apply the correct legal standard and to accord sufficient weight to the administrative tribunal's credibility determinations.

* ***Todd v. Amalgamated Transit Union Local 1574***: Obtained dismissal of claims against a union for breach of the duty of fair representation, breach of contract, and intentional infliction of emotional distress arising from a grievance arbitration.

* ***Western States Trucking Ass'n v. Schoorl***: Represented intervenor union in obtaining a federal district court judgment upholding against a federal preemption challenge California's use of the "ABC test" to determine whether truck drivers are employees or independent contractors for purposes of a wage order.

* ***Simpson Strong-Tie Co.***: Obtained an arbitration award against an employer's installation of surveillance cameras in the workplace without prior bargaining with the union that represents the company's workers.

\* ***In the Matter of the Seniority List Integration Arbitration Between the Pilots of Alaska Airlines and the Pilots of Virgin America***: Represented the Virgin America pilots in a seniority integration arbitration following the merger of Virgin America with Alaska Airlines, resulting in a single, integrated pilot seniority list.

\* ***Berman v. Microchip***: Obtained summary judgment in ERISA litigation against company that terminated employees at its merger partner and refused to pay them severance plan benefits.

**\* *Transport Workers Union Local 556 v. Southwest Airlines Co.***: Obtained a preliminary injunction in a class action requiring the defendant airline to provide its employees with paid sick leave and kin care leave in compliance with California and local law.

\* ***State of Alaska v. Alaska State Employees Ass'n/ Alaska State Employees Ass'n v. Dunleavy***: Obtained a TRO and a Preliminary Injunction preventing the State of Alaska from unilaterally terminating state employees' union dues deductions and requiring state employee union members to annually renew their dues deduction authorizations after receiving a government "warning" that doing so would involve waiving their rights.

\* ***Maycock v. Dugovich***: Defeated challenge brought under Labor Management Relations Act and Labor-Management Reporting and Disclosure Act to union's response to demands for internal union information.

\* ***Allied Concrete v. Baker***: Defeated a constitutional challenge to a state law that requires suppliers of concrete to public works projects to pay prevailing wages to ready-mix delivery drivers.

\* ***Grossman v. Hawaii Gov't Employees Ass'n/ Cook v. Brown/ Belgau v. Inslee, Anderson v. SEIU Local 503, Babb v. Cal. Teachers Ass'n/  Carey v. Inslee/ Danielson v. Inslee/ Mentele v. Inslee/ Crockett v. NEA-Alaska/ Hough v. SEIU Local 521/ Bermudez v. SEIU Local 521/ Wholean v. CSEA SEIU Local 2001/ Hamidi v.SEIU Local 1000/ Lyon v. SEIU Local 1000/ Sweet v. Cal. Ass'n of Psychiatric Technicians/ Oliver v. SEIU Local 668* and numerous other cases**: Successfully defended public sector labor unions against claims seeking to invalidate state laws providing for exclusive representation, challenging the validity of union membership applications that predate the Supreme Court's decisions in *Janus v. AFSCME Council 31* and *Harris v. Quinn*, and attempting to compel refunds of dues and fair share fees paid prior to *Janus* and *Harris*.

**\* *Aguiar v. Superior Court (Cintas Corp.)/ In re Farmers Ins. Exchange Claims Representative's Overtime Pay Litigation/ Gerlach v. Wells Fargo & Co./ Higazi v. Cadence Design Systems, Inc./ Bell v. Farmers Svcs., LLC/ Gerke v. Waterhouse Securities/ Mendoza-Barrera v. San Andreas HVAC, Inc./ Acevedo v. SelectBuild/ Hines v. KFC/ In re The Pep Boys Overtime Actions/ Figueroa v. Guess?, Inc./ Marchelos v. Reputation.com/ Tokoshima v. The Pep Boys – Manny, Moe, & Jack/ Cancilla v. Ecolab, Inc./ Behaein v. Pizza Hut/ Spicher v. Aidells Sausage Co./ Sanchez v. McDonald's/Hughes v. McDonald's/ Becerra v. Fong/ Pimentel v. Fong/ Lopez v. Delta Air Lines, Inc.***: Obtained numerous awards and settlements, worth tens of millions of dollars, in employment misclassification and wage-and-hour class actions and individual cases.

## ENVIRONMENT AND PUBLIC HEALTH

\* ***People v. ConAgra Grocery Products Co.***: Obtained appellate affirmance of a trial court order requiring three paint manufacturers to pay hundreds of millions of dollars into a fund dedicated to remediating health hazards caused by deteriorating lead-based paint in private residences throughout California.  Helped defeat manufacturers' petitions for California Supreme Court review and U.S. Supreme Court *certiorari*.

\* ***Monsanto Co. v. Office of Environmental Health Hazard Assessment***: Successfully helped defend, on behalf of an intervenor, the constitutionality of Proposition 65's mechanism for listing known carcinogens against a challenge brought by Monsanto.

\* ***NRDC v. Patterson*** (***Rodgers***): Obtained a court ruling that the U.S. Bureau of Reclamation illegally dried up California's second longest river by diverting excessive amounts of water for agricultural and other uses, and subsequently negotiated a comprehensive settlement providing for restoration of the river and reintroduction of native salmon population.

\* ***NRDC v. Kempthorne***: Working closely with the Natural Resources Defense Council and Earthjustice, overturned the U.S. Fish and Wildlife Service's biological opinion on the effect of the California Central Valley Project's operations on threatened Delta smelt and obtained protective interim remedies, including reduced water pumping from the Sacramento-San Joaquin River Delta and an order requiring the Service to issue a new biological opinion. Also obtained *en banc* decision from Ninth Circuit reversing district court and holding that the Bureau of Reclamation was obligated to consult with the U.S. Fish and Wildlife Service regarding the effect of renewing long-term water contracts on the threatened Delta smelt.

\* ***Les v. Reilly***: Required the Environmental Protection Agency to strictly apply the Delaney Clause's prohibition against cancer-causing substances in processed foods.

\* ***Public Citizen v. Dep't of Transportation***: Obtained a Ninth Circuit ruling (later overturned by the Supreme Court) blocking for several years the federal government's decision to allow Mexico-domiciled trucks to travel throughout the United States without an Environmental Impact Statement and a Clean Air Act conformity analysis.

\* ***California v. Browner***: In a challenge to the Environmental Protection Agency's systematic failure to enforce federal food safety laws, obtained a consent decree that required dozens of cancer-causing pesticides to be removed from the food supply.

\* ***Sierra Club v. Brown***: Obtained a settlement of a lawsuit against California's Governor and environmental agencies to prevent delays in adding substances to the list of chemicals that are known to the State of California to cause cancer and reproductive harm.

\* ***Pacific Coast Federation of Fishermen's Associations v. Gutierrez***: In association with the Natural Resources Defense Council and Earthjustice, overturned the National Marine Fisheries Service's biological opinion on the effect of the California Central Valley Project's operations on three species of threatened and endangered salmon and obtained protective interim remedies, including early opening of dam gates and shortening the periods in which the gates are closed, facilitating migration up and down the Sacramento River; also obtained an order requiring the Service to issue a new biological opinion.

\* ***United Steelworkers v. California Dep't of Forestry and Fire Protection***: Obtained a ruling that the California Department of Forestry's approval of a plan to log vast portions of California's redwood forests violated the California Forest Practice Act's requirements for a sustainable yield plan.

\* ***Orff v. United States*** (Supreme Court): Obtained a ruling (based on arguments in merits brief filed on behalf of environmental organizations) rejecting a challenge brought by agribusiness interests to the federal government's reduction of contractual water allocations to a local water district for the purpose of protecting threatened salmon and smelt.

\* ***PhRMA v. County of Alameda***: Defeated a certiorari petition filed by a national coalition of prescription drug manufacturers that challenged Alameda County's innovative Safe Drug Disposal Ordinance under the dormant Commerce Clause.

\* ***California Healthcare Ass'n v. California Dep't of Health Svcs.***: Defeated a hospital industry challenge to a California health regulation requiring minimum nurse-to-patient staffing ratios.

\* ***NRDC v. Price Pfister***: Compelled major faucet manufacturers to eliminate lead from drinking water faucets, pursuant to Proposition 65, the California Toxics Initiative.

\* ***NRDC v. The Reclamation Bd. of the Resources Agency of the State of California***: Obtained a writ of mandate overturning a state administrative agency's approval of an extensive development project on top of a major levee in the Sacramento River Delta, for violating regulations governing flood control levees.

\* ***Sunshine Canyon***: Successfully advocated in land use proceedings, on behalf of a coalition of environmental, labor, and community organizations, for stringent environmental conditions to be placed on a large solid waste landfill in Los Angeles County.

\* ***Town and Country Resort Hotel***: Successfully advocated on behalf of a labor organization, in land use proceedings, for environmental, affordable housing, and public transit conditions to be placed on a large hotel and residential development in San Diego County.

\* ***NRDC v. EPA***: Settled a Clean Air Act case requiring warning labels on processed foods manufactured with methyl bromide, an ozone-depleting substance.

\* ***NRDC v. Whitman***: Forced the Environmental Protection Agency to reassess the safety of some of the nation's most dangerous pesticides, to protect children, farmworkers, and consumers.

* ***NRDC v. Smith Kline***: Required reductions in lead content of calcium dietary supplements.

* ***EDF & NRDC v. Sta-Rite***: Successfully challenged the widespread use of lead in submersible water pumps, under the California Toxics Initiative.

* ***Tosco Corp. v. Communities for a Better Environment***: Defeated a declaratory judgment action brought by an oil company to preclude environmental organizations from seeking penalties for its discharges of dioxin.

* ***AFL-CIO v. Deukmejian***: Required the Governor of California to expand tenfold the list of carcinogenic chemicals subject to the California Toxics Initiative.

* ***California Labor Federation v. Cal. OSHA***: Preserved the California Toxics Initiative against an OSHA preemption attack.

* ***NRDC v. EPA***: Compelled the Environmental Protection Agency to stop holding "closed-door" meetings with industry representatives before setting pesticide health and safety standards.

* ***AFL-CIO v. Deukmejian***: Overturned a regulation exempting food, drugs, and cosmetics from the California Toxics Initiative.

* ***NRDC v. OEHHA***: Forced a state environmental agency to withdraw a "records retention" policy that had required agency scientists to destroy data and documents that were inconsistent with final agency position.

* ***AFL-CIO v. Gorsuch***: Overturned the Environmental Protection Agency's moratorium on public disclosure of industry pesticide health and safety studies.

* ***NRDC v. Wilson***: Required the Governor of California to timely determine whether to expand the list of reproductive toxicants subject to the California Toxics Initiative to include five dozen chemicals identified as reproductive toxicants by the Federal Environmental Protection Agency.

* ***NRDC v. Badger Meters, Inc.***: Required manufacturers of water meters that leach lead into residential drinking water to shift to a low lead-emitting alloy.

* ***NRDC v. Safeway, Inc.***: Required large grocery retailers to achieve a substantial reduction in diesel truck emissions around their grocery distribution centers, which are located primarily in low-income areas.

* ***Environmental Law Foundation v. Crystal Geyser Water Co.***: Required manufacturers to eliminate unlawfully high levels of arsenic, trihalomethanes, and heterotrophic bacteria from bottled drinking water.

* ***As You Sow v. Icrest International LLC***: Obtained a consent judgment in a Proposition 65 lawsuit against a manufacturer of a seaweed product that requires the company to provide warnings to consumers regarding cadmium contained in the product.

\* ***City and County of San Francisco v. United States Tobacco Co.***: Required warnings to be provided to consumers regarding the health dangers of smokeless tobacco products.

\* ***Environmental Law Foundation v. Ironite Products Co.***: Obtained a consent judgment banning the continued sale in California of a fertilizer manufactured from hazardous waste that contained excessive levels of arsenic and lead.

\* ***As You Sow v. Quikrete***: Obtained consent judgment under California's Proposition 65 requiring manufacturer to provide warnings regarding the presence of chemicals in its cement mixes and products that are known to the State of California to cause cancer and reproductive harm.

\* ***In re Vinegar Litigation***: Obtained settlements requiring food retailers to post consumer warnings regarding the presence of lead in balsamic vinegar.

\* ***In re St. Luke's Hospital Merger***: Persuaded the California Attorney General to conduct a review of the terms of a proposed merger of two hospitals, including the extent to which the merger would serve or disserve the needs of the affected communities.

\* ***Firebaugh Canal Water District v. U.S. Bureau of Reclamation***: Joined with U.S. Interior Department in defeating San Joaquin Valley water districts' attempts to compel the government to provide them low-cost drainage services, which would have kept more toxic-laden agricultural lands in production and required more water diversions.

\* ***NRDC v. Pritzker***: Obtained Ninth Circuit ruling that the National Marine Fisheries Service violated the Marine Mammal Protection Act by failing to consider whether mitigation measures in addition to those measures proposed by the U.S. Navy for its use of low-frequency sonar were necessary to achieve the least practicable adverse impact on marine mammals.

\* ***As You Sow v. River Canyon Retreat, Inc.***: Obtained a consent judgment in a Proposition 65 lawsuit against a distributor and retailer of eleven health food products requiring the company to provide warnings to consumers regarding lead and cadmium contained in the products, pay civil penalties to an enforcement agency, and make additional settlement payments.

\* ***As You Sow v. JFC Int'l, Inc.***: Obtained a consent judgment in a Proposition 65 lawsuit against a distributor of a seaweed product requiring the company to provide warnings to consumers regarding lead and cadmium contained in the product, conduct studies to identify cleaner alternative sources for the product, pay civil penalties to an enforcement agency, and make additional settlement payments.

\* ***As You Sow v. Abbot Laboratories Inc.***: Obtained a consent judgment in a Proposition 65 lawsuit against a manufacturer of protein bars that requires the company produce products below designated lead levels or provide warnings to consumers regarding lead contained in the product.

# FREE SPEECH

\* **Conant v. McCaffrey**: Obtained a permanent injunction under the First Amendment prohibiting the federal government from revoking or threatening to revoke the prescription drug licenses of California physicians on the basis of their confidential communications with their seriously ill patients regarding medical marijuana.

\* **Walker v. Air Line Pilots Ass'n**: Obtained a jury verdict following a ten-week trial upholding the right of the Air Line Pilots Association to engage in free speech activities promoting solidarity among strikers.

\* **Eller Media Co. v. City of Oakland**: Defeated efforts by billboard and alcohol industry to overturn a City of Oakland ordinance prohibiting billboards advertising alcoholic beverages in residential neighborhoods and in proximity to schools and playgrounds.

\* **Sutter Health v. UNITE HERE**: Obtained reversal on appeal of an employer's $17.3 million defamation verdict against a union based on a communication that was part of a labor dispute, on the ground that the trial court erred by failing to instruct the jury that the plaintiff was required to prove actual malice.

\* **Auvil v. CBS 60 Minutes**: Obtained a dismissal of a class-action product-defamation suit brought by Washington apple growers against the Natural Resources Defense Council for having publicized the public health hazards of the growth regulator Alar.

\* **SEIU v. City of Houston**: After obtaining a preliminary injunction under the First Amendment, obtained on appeal a ruling that three Houston ordinances that restrict the right to protest via parades and public gatherings in public parks, and that restrict the use of sound amplification equipment, violate the First Amendment.

\* **Connelly v. No On 128, the Hayden Initiative**: Enforced a California law requiring state initiative campaign advertisements to identify industry campaign contributors.

\* **Crawford v. Int'l Union of Rubber Workers Local 703**: Obtained appellate reversal of a six-figure jury verdict against a union and picketers who had exercised their free speech right to disparage strikebreakers.

\* **Buyukmihci v. Regents**: Obtained a permanent injunction protecting the free speech rights of a tenured professor of veterinary medicine whom the University of California had tried to fire because of his animal rights views.

\* **Carreira v. Trustees of the California State University**: Obtained the first order ever issued by a California court overturning the California State University's denial of a whistleblower retaliation complaint and ordering a jury trial on that claim; and subsequently negotiated a nearly $1.8 million settlement for the whistleblower, a tenured professor at Long Beach State University.

* ***Furukawa Farms v. California Rural Legal Assistance***: Successfully defended a statewide poverty law office against a suit brought by agricultural growers to block its advocacy on behalf of farm workers.

* ***Coors v. Wallace***: Defeated an antitrust suit brought by Adolph Coors Company against the organizers of a nationwide consumer boycott of Coors beer.

* ***Evergreen Oil Co. v. Communities for a Better Environment***: Obtained a dismissal under California's anti-SLAPP statute of an oil company's defamation action against a non-profit environmental advocacy group.

* ***LaCome v. Wells et. al.***: Obtained a dismissal under California's anti-SLAPP statute of a defamation action brought against a nonprofit legal aid organization.

* ***Tosco Corp. v. Communities for a Better Environment***: Obtained a dismissal for lack of federal jurisdiction of an oil company's federal court defamation action against an environmental group that had engaged in free speech about air pollution issues.

* ***California Nurses Ass'n v. Stern***: Obtained a dismissal, under California's anti-SLAPP statute, of a lawsuit contending that peaceful home visits by representatives of a labor organization constituted "stalking."

* ***ABC Security Service, Inc. v. SEIU Local 24/7***: Successfully defended labor union against a SLAPP suit brought by an employer seeking damages against a union for its organizing campaign to obtain recognition as the representative of the employer's workers, and negotiated a stipulated dismissal under which the employer entered into a card-check and neutrality agreement with the union to govern the recognition process, resulting in recognition and a collective bargaining agreement.

* ***Singer v. American Psychological Ass'n***: Obtained a dismissal, under California's anti-SLAPP statute, of a lawsuit seeking to impose defamation liability on professional associations for statements made in amicus curiae briefs they had filed in court.

* ***POSCO v. Contra Costa Building & Construction Trades Council***: Defeated an antitrust suit brought against various labor unions for engaging in environmental lobbying and litigation.

* ***Recall Gray Davis Committee v. Regents of the University of California***: Obtained a dismissal, under California's anti-SLAPP statute, of a lawsuit seeking to hold the State Building and Construction Trades Council of California, which sponsored a political event, vicariously liable for spontaneous protests outside the event venue.

* ***Schavrien v. Lynch***: Obtained a dismissal, under California's anti-SLAPP law, of a lawsuit against the former President of the California Public Utilities Commission, brought by an executive of an energy company regulated by the Commission, for publicly exposing the executive's attendance at a campaign fundraising event in support of the spouse of a Commissioner.

\* ***Knox v. Westly***: Defeated a preliminary injunction motion brought several days before a statewide election to prohibit a union from spending union dues and fees to oppose anti-worker ballot initiatives.

\* ***Mosqueda v. CCPOA***: Defeated a libel action brought by a prison warden against a correctional officers union for statements made in support of litigation initiated by a union officer.

\* ***Western Growers Ass'n v. United Farm Workers***: Obtained a dismissal under California's anti-SLAPP statute of an "unfair business practices" action brought by a growers' association against a union for its free speech activities.

\* ***Allied Pilots Ass'n v. San Francisco***: Obtained an injunction allowing pilots to handbill and picket at San Francisco International Airport.

\* ***Bruce Church, Inc. v. United Farm Workers***: Overturned on First Amendment and statutory grounds a $10 million judgment against the United Farm Workers for engaging in allegedly improper boycott activity.

\* ***Guess?, Inc. v. UNITE***: Obtained a dismissal, under California's anti-SLAPP statute, of a complaint alleging that a union had unlawfully supported picketing and litigation activity directed against the employer's workplace practices.

\* ***UFCW v. Brewer***: Obtained a permanent injunction under the First Amendment against provisions of two Arizona statutes, SB 1363 and SB 1365, that limit unions' ability to collect member dues, to participate in political advocacy, and to engage in protected speech activities.

\* ***D'Arrigo Bros. Co. of California v. United Farm Workers***: Obtained appellate reversal of California Superior Court decision denying a motion under California's anti-SLAPP statute to dismiss a civil lawsuit seeking money damages for a union's alleged conduct in assisting the General Counsel of the Agricultural Labor Relations Board to prosecute the union's unfair labor practice charge.

\* ***Global Community Monitor v. Lumber Liquidators, Inc.***: Obtained dismissal under California's anti-SLAPP statute of defamation and business tort claims brought by retailer of flooring products against environmental organization, arising from environmental organization's press release announcing its lawsuit against the retailer for Proposition 65's environmental notice and warning provisions in selling flooring products that emit excessive levels of formaldehyde.

\* ***Lyon v. SEIU Local 1000***: Obtained dismissal under California's anti-SLAPP statute of state law action seeking to compel public sector union to repay fair share fees collected prior to the Supreme Court's decision in *Janus v. AFSCME, Council 31*.

## CAMPAIGN AND ELECTION

* ***North Carolina State Conference of the NAACP v. The North Carolina State Bd. of Elections***: Obtained preliminary injunction from federal district court ordering North Carolina state and county officials to restore to the rolls thousands of voters whose registrations were unlawfully cancelled in the weeks leading up to the November 2016 election.

* ***Mesinna v. Padilla (Howard)***: Defeated an original writ petition filed in the California Supreme Court that sought to block an initiative regulating the dialysis industry from appearing on the statewide general election ballot.

* ***County of Santa Clara v. Padilla (Perry)***: Filed an original writ petition in the California Supreme Court challenging a misleading and deceptive initiative that would have eliminated public nuisance liability for lead paint manufacturers, after which the initiative was withdrawn.

* ***Rivera Madera v. Detzer/Lee***: Obtained preliminary injunction from federal district court requiring Florida to provide sample Spanish language ballots to Puerto Rican voters in 32 of its counties for the November 2018; obtained subsequent preliminary injunction requiring Florida to provide official Spanish language ballots and Spanish language materials and election assistance at all future elections in those 32 counties.

* ***Northeast Ohio Coalition for the Homeless v. Husted/ SEIU Local 1 v. Husted***: Struck down Ohio law that would have disqualified, prior to the November 2012 election, thousands of votes cast by registered voters in the right polling location but the wrong precinct due to poll-worker error.

* ***Brunner v. Ohio Republican Party*** (Supreme Court): Helped to defeat the Republican Party's attempt, during the November 2008 election, to require Ohio election officials to turn over the records of newly registered voters whose voter registration and motor vehicle information did not match, which would have enabled the Party to seek disenfranchisement of up to 600,000 new voters.

* ***Curley v. Lake County Bd. of Elections and Registration***: Obtained an injunction requiring election officials to permit early voting in the November 2008 election in predominantly African-American and Latino communities of Gary, Hammond, and East Chicago, Indiana.

* ***Common Cause of Colorado v. Hoffman***: Obtained a stipulation and court order requiring Colorado's Secretary of State to stop the unlawful purging of registered voters prior to the November 2008 election and to count ballots cast by voters who had previously been improperly purged unless there was clear and convincing evidence that they were ineligible to vote.

* ***State ex rel. Colvin v. Brunner/ Project Vote v. Madison County Board of Elections***: Helped to defeat the Ohio Republican Party's efforts, during the November 2008 election, to require voters to wait 30 days after registering to vote before being able to cast an absentee ballot, which would have deprived thousands of voters of their right to vote absentee.

* ***AFL-CIO v. Eu***: Invalidated a proposed initiative requiring a new federal constitutional convention to exact a "balanced budget" amendment, on the ground that the initiative violated Article V of the U.S. Constitution.

* ***Common Cause v. Jones***: Obtained a court order requiring the replacement of pre-scored punch card voting machines in California prior to the 2004 Presidential election.

* ***Fleischman v. Protect Our City***: Obtained, and successfully defended in the Arizona Supreme Court, an injunction removing an anti-immigrant initiative from the November 2006 Phoenix ballot on the ground that the city law granting initiative supporters the right to supplement signatures after the filing deadline was preempted by state law.

* ***Hawaii State AFL-CIO v. Yoshina***: Overturned on state election law grounds Hawaii's decision to ignore abstentions in determining whether the required percentage of votes was cast in favor of a ballot measure calling for a new state constitutional convention.

* ***Gomez v. City of Escondido***: Obtained a consent decree requiring the City of Escondido to convert to a district-based system for electing the City Council, in place of a longstanding at-large system that had diluted the voting strength of the Latino community and had prevented them from electing candidates of their choosing.

* ***Bennett v. Yoshina***: Successfully defended against a federal court due process challenge the Hawaii electorate's vote to refuse to hold a new state constitutional convention.

* ***Central California Farmers Ass'n v. Eu***: Defeated on state constitutional grounds an attempt by agribusiness to remove a comprehensive environmental protection initiative from the California ballot.

* ***Kneebone v. Norris***: Successfully defended a local election official's decision to reject an initiative petition, which would have prohibited a city from entering into project labor agreements on any city-funded construction projects, on the ground that the initiative's proponents failed to comply with the publication requirements of the Election Code.

* ***Cardona v. Oakland Unified School District***: Upheld the City of Oakland's right to delay redistricting on basis of the 1990 census until the census was adjusted to correct for the disproportionate undercount of minorities.

* ***Barry v. Nishioka***: Obtained a writ of mandate ordering election officials to place candidates on the ballot despite apparent noncompliance with nomination petition formalities.

* ***Edrington v. Floyd***: Successfully defended the City of Oakland's wording of the ballot question and analysis for a "just cause" eviction initiative against challenge by landlords.

* ***Dallman v. Ritter***: Obtained, and successfully defended in the Colorado Supreme Court, a preliminary injunction against Colorado Amendment 54, a voter initiative that would have banned public employee unions from making political contributions in state and local elections, on the ground the initiative violated the First and Fourteenth Amendments.

* **Daly v. Board of Supervisors of San Bernardino County**: Obtained a writ of administrative mandate overturning a county Board of Supervisors' filling of a vacancy on the Board as violating the Brown Act due the Board's use of a secret e-mailed ballot procedure to select candidates to interview for the vacancy.

## IMMIGRATION

* **Regents of University of California v. United States Dep't of Homeland Security/County of Santa Clara v. Trump**: Obtained a federal court preliminary injunction against the Trump administration's rescission of DACA as arbitrary and capricious under the Administrative Procedure Act, and helped successfully defend the district court's preliminary injunction before the Ninth Circuit.

* **AFL-CIO v. Chertoff**: Obtained a nation-wide injunction against a Department of Homeland Security regulation that would turn Social Security Administration "no-match" letters into an immigration-enforcement tool without authorization from Congress.

* **Catholic Social Services/Ayuda/Immigrant Assistance Project v. Reno**: Obtained the right to apply for legalization under the Immigration Reform and Control Act for hundreds of thousands of undocumented aliens who were prevented from applying because of unlawful federal regulations; and negotiated temporary work authorization for approximately three million aliens potentially eligible for legalization under the Act.

* **Calif. Rural Legal Assistance v. Legal Services Corp.**: Overturned a regulation prohibiting the provision of federally-funded legal services to a nationwide class of several million aliens who had been legalized through the amnesty process.

* **SEIU Local 535 v. Thornburgh**: Compelled the Immigration and Naturalization Service to rescind a regulation that deprived temporary nonimmigrant workers of the right to strike.

* **Patel v. Quality Inn South/ EEOC v. Tortilleria "La Mejor"**: Through a series of cases, established the eligibility of undocumented immigrant workers for the full remedial protections of the Fair Labor Standards Act and Title VII of the 1964 Civil Rights Act.

* **Lopez-Alvarado v. Ashcroft**: Obtained a Ninth Circuit reversal of Board of Immigration Appeal's decision ordering deportation of an immigrant family that had lived in the United States for more than ten years.

* **Int'l Union of Bricklayers and Allied Craftsmen v. Meese**: Obtained a decision prohibiting the federal government and employers from using non-immigrant business (B-1) visas to circumvent the requirement that temporary, non-immigrant, foreign workers not undercut the prevailing wage.

## MISCELLANEOUS

* **Blessing v. Freestone** (Supreme Court): Preserved the availability of a remedy under 42 U.S.C. 1983 in cases seeking enforcement of federal statutory rights.

\* ***In re Anthem Inc. Data Breach***: Served as co-lead counsel in federal multi-district litigation involving hundreds of consumer class actions against Anthem, Inc. and its affiliated Blue Cross-Blue Shield companies in data breach case, and obtained a significant $115 million settlement requiring defendants to change their data privacy practices.

\* ***Kashmiri v. Regents***: Won a $33.8 million class-action judgment against the University of California for improperly charging fee increases to tens of thousands of undergraduate, graduate and professional students, and obtained a preliminary injunction prohibiting the University from charging professional students an additional $15 million in fees.

\* ***Luquetta v. Regents***: Won more than $48 million in a class action against the University of California for improperly charging fee increases to almost 3,000 professional students.

\* ***People v. Horton***: Obtained a California Supreme Court death penalty reversal on the direct appeal of a capital case.

\* ***Horton v. Mayle***: Obtained a Ninth Circuit habeas corpus remand of a former death penalty defendant's murder conviction due to the prosecutor's failure to disclose potentially exculpatory evidence, and obtained reversal of the conviction after an evidentiary hearing in the federal district court, resulting in the client's freedom after 27 years in prison.

\* ***Jane Doe v. Reddy***: Obtained an $11 million settlement in a human trafficking case on behalf of young Indian women who were unlawfully brought into the United States and forced to provide sex and free labor.

\* ***Anderson v. Regents***: Obtained an $11 million recovery in a Contracts Clause class action challenging the University of California's refusal to fund thousands of university professors' merit salary increases.

\* ***Eklund v. Byron Union School District***: Established the right of public school teachers to use games, role-playing, and other methods considered to be best pedagogical practices to teach about the history, culture and religion of Islam as part of a secular program of education in a world history class.

\* ***United States ex rel. Hendow v. University of Phoenix***: Won a $78.5 million settlement in a False Claims Act case against a for-profit university that allegedly defrauded the government by falsely certifying its compliance with the Higher Education Act's prohibition against paying commissions to recruiters of new students, which was the second-largest settlement ever of a False Claims Act case in which the U.S. Government declined to intervene.

\* ***Oster v. Wagner***: Obtained an injunction to block implementation of a California statute that would have severely reduced the eligibility of elderly and disabled Californians for in-home support services that enable them to remain in their own homes.

\* ***Dominguez v. Schwarzenegger***: Obtained, and successfully defended on appeal, a preliminary injunction against the implementation of a state statute that would have reduced the wages of providers of in-home support services to elderly and disabled Californians, and blocked Fresno County from reducing the wages of its providers to the minimum wage.

\* ***M.R. v. Dreyfus***: Obtained a Ninth Circuit ruling that plaintiffs challenging a ten percent reduction in hours of Medicaid homecare services are entitled to a preliminary injunction under the Americans with Disabilities Act.

\* ***Hart v. Electronic Arts/ Keller v. Electronic Arts***: Successfully briefed and argued a Third Circuit appeal and briefed a Ninth Circuit appeal in cases establishing that NCAA student athletes have a state law right-of-publicity in the commercial use of their likenesses that is sufficient to overcome video game manufacturers' First Amendment defense, later resulting in $40 million settlement.

\* ***Wells Fargo v. City of Richmond/ Bank of New York v. City of Richmond***: Successful defense of lawsuits filed against the city of Richmond that allege it would be illegal for the city to exercise eminent domain authority to condemn residential mortgage loans.

\* ***Sharp v. Next Entertainment, Inc.***: Helped to a obtain decision holding that the California Rules of Professional Responsibility do not preclude labor unions and other advocacy groups from funding class-action litigation, by filing amicus curiae brief and presenting oral argument on behalf of labor and public interest groups, including the ACLU of Southern California.

\* ***Utility Consumers' Action Network v. Sears/California Federal Bank/Household Credit Service/Texaco Credit Card Services/Capital One/Bank of America***: Obtained settlements in a series of consumer privacy class actions against financial institutions and credit card companies prohibiting unauthorized dissemination of personal account information to third party telemarketers.

\* ***California Labor Federation v. Cal. OSHA***: Invalidated, on state constitutional grounds, California Budget Act restrictions on the state's payment of public interest attorneys' fees.

\* ***Gardner v. Schwarzenegger***: Obtained a restraining order, preliminary injunction, and permanent injunction, which was affirmed on appeal, against enforcement of a state statute that would have permitted incarceration of non-violent drug offenders contrary to California Proposition 36, which mandated probation and drug treatment.

\* ***Hamilton v. Great Expectations***: Obtained an $8.5 million settlement of a statewide class action against a video dating service that had electronically eavesdropped on confidential membership interviews.

\* ***Garvin v. Utility Consumers' Action Network/Savage v. Utility Consumers' Action Network***: Successful defense on appeal of a $14 million settlement of a state law privacy class action challenging a bank's practice of selling confidential consumer information to third-party marketing companies.

\* ***Ammari Electronics v. Pacific Bell Directory***: Successfully defended on appeal a $17.35 million jury verdict on behalf of small businesses that paid for, but did not receive, best-efforts distribution of Pacific Bell Yellow Page Directories.

\* **_Jensen v. Kaiser Permanente_**: Obtained the rescission of a health maintenance organization's cost-cutting policy requiring staff psychiatrists to prescribe psychotropic medications for patients they have not examined.

\* **_Welfare Rights Org. v. Crisan_**: Established an evidentiary privilege for communications between applicants for public benefits and their lay representatives, including union representatives.

\* **_Rogers v. Governing Bd. of the Sacramento City Unified Sch. Dist._**: Obtained a writ of mandate and a permanent injunction under the California Charter Schools Act prohibiting a school board from converting an existing public high school into a charter school without the approval of a majority of the school's teachers and requiring the school district to open a new non-charter public high school upon a showing of community support.

\* **_In re Sealed Case_**: Obtained a $13.2 million settlement of a False Claims Act case and two related wrongful termination cases on behalf of a husband and wife who were terminated after disclosing extensive fraud committed by their government contractor employer.

\* **_NAACP v. Davis_**: Reinstated a statutory requirement that the California Highway Patrol must collect racial profiling data, despite gubernatorial funding veto.

\* **_California Court Reporters Ass'n v. Judicial Council_**: Struck down rules that would have allowed official court reporters to be replaced by audiotape recordings in California Superior Courts, and obtained an injunction against expenditures of taxpayer funds in furtherance of such rules.

\* **_In re Marriage Cases_**: Helped obtain a California Supreme Court decision upholding the right to same-sex marriage under the California Constitution, by filing amicus curiae brief in conjunction with professors and students from Howard University Law School.

\* **_Davidson v. County of Sonoma_**: Obtained a substantial settlement on behalf of a law enforcement officer injured as a result of his employer's mock hostage training exercise in which he was seized and threatened at gunpoint.

\* **_Vasquez v. State of California_**: Obtained a unanimous California Supreme Court decision holding that prevailing plaintiffs who seek private attorney general fees are not required, as a condition of eligibility for a fee award, to demonstrate that they made efforts to settle their dispute before filing their civil complaint.

\* **_Olney v. Pringle_**: Negotiated a settlement prohibiting state legislators from paying large retroactive salary increases to select staff in violation of the state Constitution.

\* **_Gary W. v. State of Louisiana/ La Raza Unida v. Volpe_**: Required Louisiana and California to pay federal court civil rights attorney's fee awards, despite the refusal of state legislatures to appropriate the necessary funds.

\* ***The Northeast Ohio Coalition for the Homeless v. Husted***: Overturned a long-standing Sixth Circuit rule capping the number of compensable hours incurred in public interest attorneys' fees litigation to three percent of the hours incurred in litigating the underlying case.

\* ***Laffitte v. Robert Half Int'l Inc.***: Obtained a unanimous California Supreme Court decision approving the use of percentage-based common fund attorneys' fees in public interest litigation.

\* ***Nobles v. MBNA Corp.***: Obtained a settlement of a California consumer class action against a bank that misleadingly offered consumer lines of credit without disclosing hidden costs and credit impacts, resulting in a payment to class members of more than 85% of the claimed losses, with interest.

\* ***Beaver v. Tarsadia Hotels***: Obtained an order on reconsideration, and then successfully defended it on appeal, resulting in a $130 million judgment for plaintiffs holding that the four-year limitations period of California's Unfair Competition Law applies to conduct that violates the federal Interstate Land Sales Transfer Act, despite the federal statute's shorter limitations period.

\* ***Fanning v. HSBC/ Lindgren v. HSBC***: Negotiated a $13 million settlement of privacy class actions in federal court on behalf of California credit card account holders who alleged that their telephone conversations with their bank's debt collection and financial fraud personnel were secretly recorded.

## CITATIONS TO JUDICIAL DECISIONS

The firm's attorneys have participated in the following U.S. Supreme Court cases, as counsel for either a party or an amicus:  ***Epic Systems, Inc. v. Lewis***, 138 S. Ct. 1612 (2018); ***Expressions Hair Design v. Schneiderman***, 137 S. Ct. 1144 (2017); ***Fisher v. University of Texas at Austin***, 136 S. Ct. 2198 (2016); ***Armstrong v. Exceptional Child Ctr., Inc.***, 135 S. Ct. 1378 (2015); ***Harris v. Quinn,*** 134 S. Ct. 2618 (2014); ***Arizona v. United States***, 567 U.S. 387 (2012); ***Nat' Fed'n of Indep. Business v. Sebelius***, 567 U.S. 519 (2012); ***Knox v. Svc. Employees Int'l Union, Local 1000***, 567 U.S. 298 (2012); ***Douglas v. Indep. Living Ctr. of So. California, Inc.***, 565 U.S. 606 (2012); ***Chamber of Commerce v. Whiting***, 563 U.S. 582 (2011); ***Granite Rock Co. v. Int'l Bhd. of Teamsters***, 561 U.S. 287 (2010); ***Rent-A-Center, West, Inc. v. Jackson***, 561 U.S. 63 (2010); ***Brunner v. Ohio Republican Party***, 555 U.S. 5 (2008); ***Chamber of Commerce v. Brown***, 554 U.S. 60 (2008), rev'g ***Chamber of Commerce v. Lockyer***, 463 F.3d 1076 (9th Cir. 2006) (*en banc*); ***Long Island Care at Home, Ltd. v. Coke***, 551 U.S. 158 (2007); ***Orff v. United States***, 545 U.S. 596 (2005); ***Dep't of Transportation v. Public Citizen***, 541 U.S. 752 (2004); ***BE&K Construction Co. v. NLRB***, 536 U.S. 516 (2002), *on remand*, 351 N.L.R.B. No. 29 (2007); ***Hoffman Plastic Compounds v. NLRB***, 535 U.S. 137 (2002); ***EEOC v. Waffle House***, 534 U.S. 279 (2001); ***Lorillard Tobacco Co. v. Reilly***, 533 U.S. 525 (2001); ***Lujan v. G&G Fire Sprinklers, Inc.***, 532 U.S. 189 (2001); ***Circuit City Stores, Inc. v. Adams***, 532 U.S. 105 (2001); ***Sutton v. United Air Lines, Inc.***, 527 U.S. 471 (1999); ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.***, 526 U.S. 344 (1999); ***Nat'l Fed'n of Federal Employees, Local 1309 v. Dep't of the Interior***, 526 U.S. 86 (1999); ***Wright v. Universal Maritime Svc. Corp.***, 525 U.S. 70 (1998); ***Faragher v. City of Boca Raton***, 524 U.S. 775 (1998); ***Burlington Indus. v. Ellerth***, 524 U.S. 742 (1998); ***Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW***, 523 U.S. 653 (1998); ***Allentown Mack Sales and Svc., Inc. v. NLRB***, 522 U.S. 359

(1998); ***Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.***, 522 U.S. 192 (1997); ***Blessing v. Freestone***, 520 U.S. 329 (1997); ***California Dep't of Industrial Relations v. Dillingham Construction, Inc.***, 519 U.S. 316 (1997); ***Walters v. Metropolitan Educ. Enterprises***, 519 U.S. 202 (1997); ***Auciello Iron Works, Inc. v. NLRB***, 517 U.S. 781 (1996); ***UFCW v. Brown Group***, 517 U.S. 544 (1996); ***NLRB v. Town & Country Elec., Inc.***, 516 U.S. 85 (1995); ***McKennon v. Nashville Banner***, 513 U.S. 352 (1995); ***Hawaiian Airlines v. Norris***, 512 U.S. 246 (1994); ***Livadas v. Bradshaw***, 512 U.S. 107 (1994); ***NLRB v. Health Care & Retirement Corp.***, 511 U.S. 571 (1994); ***ABF Freight System Inc. v. NLRB***, 510 U.S. 317 (1994); ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993); ***Reno v. Catholic Social Svcs.***, 509 U.S. 43 (1993); ***Dist. of Columbia v. Greater Washington Bd. of Trade***, 506 U.S. 125 (1992); ***Forsyth County v. Nationalist Movement***, 505 U.S. 123 (1992); ***Gade v. Nat'l Solid Waste Mgt. Ass'n***, 505 U.S. 85 (1992); ***INS v. Nat'l Ctr. for Immigrants' Rights***, 502 U.S. 183 (1991); ***Gilmer v. Interstate/Johnson Lane Corp.***, 500 U.S. 20 (1991); ***UAW v. Johnson Controls, Inc.***, 499 U.S. 187 (1991); ***ALPA v. O'Neill***, 499 U.S. 65 (1991); ***McNary v. Haitian Refugee Ctr., Inc.***, 498 U.S. 479 (1991); ***United States v. Kokinda***, 497 U.S. 720 (1990); ***Keller v. State Bar of California***, 496 U.S. 1 (1990); ***NLRB v. Curtin Matheson Scientific, Inc.***, 494 U.S. 775 (1989); ***Guidry v. Sheet Metal Workers Nat'l Pension Fund***, 493 U.S. 365 (1989); ***Breininger v. Sheet Metal Workers Int'l Ass'n, Local Union No. 6***, 493 U.S. 67 (1989); ***Webster v. Reproductive Health Svcs.***, 492 U.S. 490 (1989); ***Bd. of Trustees of SUNY v. Fox***, 492 U.S. 469 (1989); ***Price Waterhouse v. Hopkins***, 490 U.S. 228 (1989); ***Frisby v. Schultz***, 487 U.S. 474 (1988); ***Lingle v. Norge Div. of Magic Chef, Inc.***, 486 U.S. 399 (1988); ***Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council***, 485 U.S. 568 (1988); ***Bd. of Airport Commissioners v. Jews for Jesus, Inc.***, 482 U.S. 569 (1987); ***Caterpillar, Inc. v. Williams***, 482 U.S. 386 (1987); ***Fall River Dying & Finishing Corp. v. NLRB***, 482 U.S. 27 (1987); ***Fort Halifax Packing Co. v. Coyne***, 482 U.S. 1 (1987); ***Atchison, Topeka & Santa Fe Ry. v. Buell***, 480 U.S. 557 (1987); ***California Federal Savings & Loan Ass'n v. Guerra***, 479 U.S. 1312 (1987); ***Baker v. General Motors Corp.***, 478 U.S. 21 (1986); ***Int'l Union, UAW v. Brock***, 477 U.S. 274 (1986); ***Meritor Savings Bank v. Vinson***, 477 U.S. 57 (1986); ***NLRB v. Financial Institution Employees***, 475 U.S. 192 (1986); ***Pacific Gas & Electric Co. v. Public Utilities Comm.***, 475 U.S. 1 (1986); ***Pattern Makers' League v. NLRB***, 473 U.S. 95 (1985); ***Ruckelshaus v. Monsanto Co.***, 467 U.S. 986 (1984); ***Ellis v. Bh'd of Ry. Airline & S.S. Clerks***, 466 U.S. 435 (1984); ***Arizona Governing Committee v. Norris***, 463 U.S. 1073 (1983); ***Shaw v. Delta Airlines***, 463 U.S. 85 (1983); ***Newport News Shipbuilding & Dry Dock Co. v. EEOC***, 462 U.S. 669 (1983); ***Bush v. Lucas***, 462 U.S. 367 (1983); ***Connick v. Myers***, 461 U.S. 138 (1983); ***Knight v. Minnesota Community College Faculty Ass'n***, 460 U.S. 1048 (1983); ***Bowen v. United States Postal Service***, 459 U.S. 212 (1983); ***Bd. of Educ. v. Pico***, 457 U.S. 853 (1982); ***Heffron v. ISKCON***, 452 U.S. 640 (1981); ***Donovan v. Dewey***, 452 U.S. 594 (1981); ***NLRB v. Retail Stores Employees Union***, 447 U.S. 607 (1980); ***Pruneyard Shopping Center v. Robins***, 447 U.S. 74 (1980); ***Whirlpool Corp. v. Marshall***, 445 U.S. 1 (1980); ***Babbitt v. United Farm Workers Nat'l Union***, 442 U.S. 289 (1979); ***Cannon v. Univ. of Chicago***, 441 U.S. 677 (1979); ***New York Telephone Co. v. New York Labor Dep't***, 440 U.S. 519 (1979); ***Hisquierdo v. Hisquierdo***, 439 U.S. 572 (1979); ***City of Los Angeles v. Manhart***, 435 U.S. 702 (1978).

The firm's attorneys have also participated in the following cases in the federal courts of appeals: ***Salazar v. McDonald's Corp.***, 939 F.3d 1051 (9th Cir. 2019); ***Blair v. Rent-A-Center, Inc.***, 928 F.3d 819 (9th Cir. 2019); ***Bekele v. Lyft, Inc.***, 918 F.3d 181 (1st Cir. 2019); ***Mentele v. Inslee***, 916 F.3d 783 (9th Cir. 2019); ***Hamidi v. Serv. Emps. Int'l Union, Local 1000***, 747 Fed. Appx. 586 (9th Cir. 2019); ***Fisk v. Inslee***, 2019 WL 141253 (9th Cir. 2019); ***Riffey v. Rauner***,

910 F.3d 314 (7th Cir. 2018); ***Regents of the Univ. of Cal. v. Dep't of Homeland Sec.***, 908 F.3d 476 (9th Cir. 2018); ***Pioneer Roofing Org. v. Local Joint Adjustment Smart Bd. Local Union No. 104***, 725 Fed. Appx. 582 (9th Cir. 2018); ***Casumpang v. Hawaii Comm. and Sugar Co.***, 712 Fed. Appx. 709 (9th Cir. 2018); ***Allied Concrete and Supply Co. v. Baker***, 904 F.3d 1053 (9th Cir. 2018); ***Lewis v. Alabama***, 896 F.3d 1282 (11th Cir. 2018); ***Clark v. City of Seattle***, 899 F.3d 802 (9th Cir. 2018); ***Interpipe Contracting v. Becerra***, 898 F.3d 879 (9th Cir. 2018); ***Chamber of Comm. v. City of Seattle***, 890 F.3d 769 (9th Cir. 2018); ***Riffey v. Rauner***, 873 F.3d 558 (7th Cir. 2017); ***Int'l Union of Operating Engineers Local 139 v. Schimel***, 863 F.3d 674 (7th Cir. 2017); ***Demetris v. Transport Workers Union***, 862 F.3d 799 (9th Cir. 2017); ***Int'l Bhd. of Teamsters v. United States Dep't of Transportation***, 861 F.3d 944 (9th Cir. 2017); ***Bayer v. Neiman Marcus Group, Inc.***, 861 F.3d 853 (9th Cir. 2017); ***NLRB v. Alternative Entertainment, Inc.***, 858 F.3d 393 (6th Cir. 2017); ***Maloney v. T3Media, Inc.***, 853 F.3d 1004 (9th Cir. 2017); ***Hill v. Svc. Employees Int'l Union***, 850 F.3d 861 (7th Cir. 2017); ***Jarvis v. Cuomo***, 660 Fed. Appx. 72 (2d Cir. 2016); ***Natural Resources Defense Council v. Pritzker***, 828 F.3d 1125 (9th Cir. 2016); ***Brown v. Wal-Mart Stores, Inc.***, 651 Fed. Appx. 672 (9th Cir. 2016); ***Bierman v. Dayton***, 817 F.3d 1070 (8th Cir. 2016); ***Beaver v. Tarsadia Hotels***, 816 F.3d 1170 (9th Cir. 2016); ***D'Agostino v. Patrick***, 812 F.3d 240 (1st Cir. 2016); ***Villarreal v. R.J. Reynolds Tobacco Co.***, 839 F.3d 958 (11th Cir. 2016) (*en banc*); ***Green v. Bank of America, N.A.***, 634 Fed. Appx. 188 (9th Cir. 2015); ***Int'l Franchise Ass'n v. City of Seattle***, 803 F.3d 389 (9th Cir. 2015); ***Texas v. United States***, 787 F.3d 733 (5th Cir. 2015); ***DeBoer v. Snyder***, 772 F.3d 388 (6th Cir. 2014); ***Friedrichs v. California Teachers Ass'n***, 2014 WL 10076847 (9th Cir. Nov. 18, 2014), *aff'd by an equally divided court*, 136 S. Ct. 1083 (2016); ***Natural Resources Defense Council v. Jewell***, 749 F.3d 776 (9th Cir. 2014); ***Kilby v. CVS Pharmacy, Inc.***, 739 F.3d 1192 (9th Cir. 2013); ***Valle del Sol Inc. v. Whiting***, 732 F.3d 1006 (9th Cir. 2013) and 709 F.3d 808 (9th Cir. 2013); ***United Steel Workers Local 12-369 v. United Steel Workers, Int'l***, 728 F.3d 1107 (9th Cir. 2013); ***In re NCAA Student-Athlete Name & Likeness Licensing Litig.***, 724 F.3d 1268 (9th Cir. 2013), *cert. dismissed sub nom.* **Elec. Arts Inc. v. Keller**, 135 S. Ct. 42 (2014); ***Svc. Employees Int'l Union v. Nat'l Union of Healthcare Workers***, 718 F.3d 1036 (9th Cir. 2013); ***Hart v. Elec. Arts, Inc.***, 717 F.3d 141 (3d Cir. 2013), *cert. dismissed*, 135 S. Ct. 43 (2014); ***Int'l Bhd. of Teamsters v. United States Dep't of Transportation***, 714 F.3d 580 (2013); ***Firebaugh Canal Water Dist. v. United States***, 712 F.3d 1296 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1300 (2014); ***Carrillo v. Schneider Logistics, Inc.***, 501 Fed. Appx. 713 (9th Cir. 2012); ***Gale v. First Franklin Loan Servs.***, 701 F.3d 1240 (9th Cir. 2012); ***Northeast Ohio Coalition for the Homeless v. Husted***, 696 F.3d 580 (6th Cir. 2012), *later proceeding*, 831 F.3d 686 (2016); ***Mulhall v. UNITE HERE Local 355***, 667 F.3d 1211 (11th Cir. 2012); ***M.R. v. Dreyfus***, 663 F.3d 1100 (9th Cir. 2011), *amended on denial of pet. for rehearing en banc*, 697 F.3d 706 (9th Cir. 2012); ***Kairy v. SuperShuttle Int'l***, 660 F.3d 1146 (9th Cir. 2011); ***Virginia ex rel. Cuccinelli v. Sebelius***, 656 F.3d 253 (4th Cir. 2011); ***Harris v. Quinn***, 656 F.3d 692 (7th Cir. 2011), *rev'd*, 134 S. Ct. 2618 (2014); ***Florida v. United States Dep't of Health and Human Svcs.***, 648 F.3d 1235 (11th Cir. 2011); ***Knox v. Cal. State Employees Ass'n, Local 1000***, 628 F.3d 1115 (9th Cir. 2010), *rev'd sub nom* **Knox v. Svc. Employees Int'l Ass'n, Local 1000**, 132 S. Ct. 2277 (2012); ***Narayan v. EGL, Inc.***, 616 F.3d 895 (9th Cir. 2010); ***Dominguez v. Schwarzenegger***, 596 F.3d 1087 (9th Cir. 2010); ***Svc. Employees Int'l. Union, Local 5 v. City of Houston***, 595 F.3d 588 (5th Cir. 2010); ***Veldechalam v. Tata America Int'l Corp.***, 339 Fed. Appx. 761 (9th Cir. 2009); ***Glass v. UBS Financial Svcs. Inc.***, 331 Fed. Appx. 452 (9th Cir. 2009); ***The Sierra Club Foundation v. Dep't of Transportation***, 563 F.3d 897 (9th Cir. 2009); ***Morgan v. Family Dollar Stores, Inc.***, 551 F.3d 1233 (11th Cir. 2008); ***Adcock v. Freightliner, LLC***, 550 F.3d 369 (4th Cir. 2008); ***Chicanos Por La Causa, Inc. v. Napolitano***, 544 F.3d 976

(9th Cir. 2008); *Ohio Republican Party v. Brunner*, 544 F.3d 711 (6th Cir. 2008) (*en banc*), *rev'd*, 555 U.S. 5 (2008); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 546 F.3d 1169 (9th Cir. 2008), *aff'd in part and rev'd in part*, 130 S. Ct. 2847 (2010); *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 546 F.3d 639 (9th Cir. 2008), and 512 F.3d 1112 (9th Cir. 2008); *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation*, 481 F.3d 1119 (9th Cir. 2007); *In re Garabedd Melkonian Trust*, 235 Fed. Appx. 404 (9th Cir. 2007); *Chamber of Commerce v. Lockyer*, 463 F.3d 1076 (9th Cir. 2006) (*en banc*), *rev'd sub nom Chamber of Commerce v. Brown*, 554 U.S. 60 (2008); *United States v. Afshari*, 446 F.3d 915 (9th Cir. 2006), *cert. denied sub no*m *Rahmani v. United States*, 549 U.S. 1110 (2007); *Eklund v. Byron Union School Dist.*, 154 Fed. Appx. 648, 2005 WL 3086580 (9th Cir. 2005); *Recon Refractory & Constr. Inc. v. NLRB*, 424 F.3d 980 (9th Cir. 2005); *Horton v. Mayle*, 408 F.3d 570 (9th Cir. 2005); *Cummings v. Connell*, 402 F.3d 936 (9th Cir. 2005), and 316 F.3d 886 (9th Cir. 2003); *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847 (9th Cir. 2004); *Associated Builders & Contractors v. Nunn*, 356 F.3d 979 (9th Cir. 2004); *Wagner v. Professional Engineers in California Gov't*, 354 F.3d 1036 (9th Cir. 2004); *Harik v. California Teachers Ass'n*, 326 F.3d 1042 (9th Cir. 2003); *Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602 (9th Cir. 2003); *Public Citizen v. Dep't of Transportation*, 316 F.3d 1002 (9th Cir. 2003), *rev'd*, 541 U.S. 752 (2004); *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), *aff'g Conant v. McCaffrey*, 2000 WL 1281174 (N.D. Cal. 2000), 172 F.R.D. 681 (N.D. Cal. 1997); *Immigrant Assistance Project v. INS*, 306 F.3d 842 (9th Cir. 2002); *Steam Press Holdings, Inc. v. Hawaii Teamsters and Allied Workers Union, Local 996*, 302 F.3d 998 (9th Cir. 2002); *Wininger v. Boyden*, 301 F.3d 1115 (9th Cir. 2002); *Prescott v. County of El Dorado*, 298 F.3d 844 (9th Cir. 2002); *Casumpang v. Int'l Longshoremen's Local 142*, 269 F.3d 1042 (9th Cir. 2001), *later proceeding*, 361 F. Supp. 2d 1195 (D. Hawaii 2005); *Foster v. Mahdesian*, 268 F.3d 689 (9th Cir. 2001); *BE&K Construction Co. v. NLRB*, 246 F.3d 619 (6th Cir. 2001), *rev'd*, 536 U.S. 516 (2002); *Petrochem Insulation v. NLRB*, 240 F.3d 26 (D.C. Cir. 2001); *Hoffman Plastic Compounds, Inc. v. NLRB*, 237 F.3d 639 (D.C. Cir. 2001) (*en banc*), *rev'd*, 535 U.S. 137 (2002); *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001); *Catholic Social Svcs. v. INS*, 232 F.3d 1139 (9th Cir. 2000) (*en banc*); *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the United States Virgin Islands*, 218 F.3d 232 (3rd Cir. 2000); *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493 (9th Cir. 2000); *Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174*, 203 F.3d 703 (9th Cir. 2000) (*en banc*); *Aramark Corp. v. NLRB*, 179 F.3d 872 (10th Cir. 1999) (*en banc*); *U.S. Airways, Inc. v. Nat'l Mediation Bd.*, 177 F.2d 985 (D.C. Cir. 1999); *Retlaw Broadcasting Co. v. NLRB*, 172 F.3d 660 (9th Cir. 1999); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 170 F.3d 1 (1st Cir. 1999); *CPS Chem. Co. v. NLRB*, 160 F.3d 150 (3d Cir. 1998); *G&G Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893 (9th Cir. 1998), *vacated and remanded*, 526 U.S. 1061 (1999), *on remand*, 204 F.3d 941 (9th Cir. 2000), *rev'd*, 532 U.S. 189 (2001); *Californians v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998); *Tahara v. Matson Terminals, Inc.*, 152 F.3d 929, 1998 WL 405855, 1998 U.S. App. LEXIS 15412 (9th Cir. 1998) (mem. disp.); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998); *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1998); *Bennett v. Yoshina*, 140 F.3d 1218 (9th Cir. 1998); *McNealy v. Caterpillar, Inc.*, 139 F.3d 1113 (7th Cir. 1998); *San Antonio Comm. Hosp. v. So. California Dist. Council of Carpenters*, 137 F.3d 1090 (9th Cir. 1997); *McClatchy Newspapers, Inc. v. NLRB*, 131 F.3d 1026 (D.C. Cir. 1998); *Montero v. INS*, 124 F.3d 381 (2d Cir. 1997); *ConAgra v. NLRB*, 117 F.3d 1435 (D.C. Cir. 1997); *Associated Builders & Contrs., Inc. v. Local 302,*

*IBEW*, 109 F.3d 1353 (9th Cir. 1997); *Pryner v. Tractor Supply Co., Inc.*, 109 F.3d 354 (7th Cir. 1997); *Beverly Enterprises-Pennsylvania, Inc. v. Dist. 1199C*, 90 F.3d 93 (3rd Cir. 1996); *Fry v. ALPA*, 88 F.3d 831 (10th Cir. 1996); *WSB Electric, Inc. v. Curry*, 88 F.3d 788 (9th Cir. 1996); *United Ass'n of Journeymen & Apprentices v. Reno*, 73 F.3d 1134 (D.C. Cir. 1996); *Chamber of Commerce v. Bragdon*, 64 F.3d 497 (9th Cir. 1995); *Washington Svc. Contractors v. Dist. of Columbia*, 54 F.3d 811 (D.C. Cir. 1995); *Legalization Assistance Project v. INS*, 50 F.3d 789 (9th Cir.1995); *Maui Trucking v. Gen. Contractors Labor Ass'n*, 37 F.3d 436 (9th Cir. 1994); *Electromation, Inc. v. NLRB*, 35 F.3d 1148 (7th Cir. 1993); *Cannon v. Edgar*, 33 F.3d 880 (7th Cir. 1994); *USS-POSCO Industries v. Contra Costa Building & Construction Trades Council*, 31 F.3d 800 (9th Cir. 1994); *Wedges/Ledges, Inc. v. City of Phoenix*, 24 F.3d 56 (9th Cir. 1994); *Combined Mgt. Inc. v. Superintendent of Ins.*, 22 F.3d 1 (1st Cir. 1994); *Employee Staffing Svcs., Inc. v. Aubry*, 20 F.3d 1038 (9th Cir. 1994); *Perales v. Thornburgh*, 4 F.3d 99 (2d Cir. 1992); *American Dental Ass'n v. Martin*, 984 F.2d 823 (7th Cir. 1993); *United Ass'n of Journeymen v. Barr*, 981 F.2d 1269 (D.C. Cir. 1992), vacating 768 F. Supp. 375 (D.D.C. 1991); *Les v. Reilly*, 968 F.2d 985 (9th Cir. 1992); *Shelby County Health Care Corp. v. AFSCME Local 1733*, 967 F.2d 1091 (6th Cir. 1992); *Elecrical Jt. Apprenticeship Comm. v. MacDonald*, 949 F.2d 270 (9th Cir. 1991); *Kidwell v. Transportation Communication Int'l Union*, 946 F.2d 283 (4th Cir. 1991); *IBEW v. Eichleay Corp.*, 944 F.2d 1047 (3rd Cir. 1991); *Colorado-Ute Electrical Ass'n v. NLRB*, 939 F.2d 1392 (10th Cir. 1991); *California Rural Legal Assistance v. Legal Service Corp.*, 937 F.2d 465, 917 F.2d 1171 (9th Cir. 1991); *Toledo Typographical Union No. 63 v. NLRB*, 907 F.2d 1220 (D.C. Cir. 1990); *Indianapolis Power & Light Co. v. NLRB*, 898 F.2d 524 (7th Cir. 1990); *U.S. Postal Service v. APWU*, 893 F.2d 1117 (9th Cir. 1990); *Hydrostorage v. No. California Boilermakers*, 891 F.2d 719 (9th Cir. 1989); *News/Sun Sentinel Co. v. NLRB*, 890 F.2d 430 (D.C. Cir. 1989); *Nat'l Posters, Inc. v. NLRB*, 885 F.2d 175 (4th Cir. 1989); *NLRB v. Parents and Friends of the Specialized Living Ctr.*, 879 F.2d 1442 (7th Cir. 1989); *In re Thornburgh*, 869 F.2d 1503 (D.C. Cir. 1989); *Stache v. Int'l Union of Bricklayers*, 852 F.2d 1231 (9th Cir. 1988); *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988); *NLRB v. Ashkenazy Property Mgt. Corp.*, 817 F.2d 75 (9th Cir. 1987); *UAW v. Brock*, 816 F.2d 761 (D.C. Cir. 1987); *Local 512, Warehouse and Office Workers' Union v. NLRB* (*Felbro*), 795 F.2d 705 (9th Cir. 1986); *IBEW, Local 387 v. NLRB* (*Arizona Public Service Co.*), 788 F.2d 1412 (9th Cir. 1986); *AFSCME v. State of Washington*, 770 F.2d 1401 (9th Cir. 1985); *California Hosp. Ass'n v. Henning*, 770 F.2d 856 (9th Cir. 1985); *White v. City of Richmond*, 713 F.2d 458 (9th Cir. 1983); *Hawaiian Telephone Co. v. Hawaii Dep't of Labor & Industrial Relations*, 691 F.2d 905 (9th Cir. 1982), earlier proceeding, 614 F.2d 1197 (9th Cir. 1980); *Spain v. Mountanos*, 690 F.2d 742 (9th Cir. 1982); *Gary W. v. State of Louisiana*, 622 F.2d 804 (5th Cir. 1980); *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980).

In the federal district courts, the firm's cases have included the following: *Oliver v. Servs. Emps. Int'l Union Local 668*, 2019 WL 5964778 (E.D. Pa. 2019); *Hamidi v. SEIU Local 1000*, 2019 WL 5536324 (E.D. Cal. 2019); *Maycock v. Dugovich*, 2019 WL 4849511 (W.D. Wa. 2019); *LaSpina v. SEIU Penn. State Council*, 2019 WL 4750423 (M.D. Pa. 2019); *Anderson v. Servs. Emps. Int'l Union Local 503*, 2019 WL 4246688 (D. Or. 2019); *Sweet v. Cal. Ass'n of Psychiatric Technicians*, 2019 WL 4054105 (E.D. Cal. 2019); *Seager v. United Teachers Los Angeles*, 2019 WL 3822001 (C.D. Cal. 2019); *Molina v. Penn. Social Serv. Union*, 392 F.Supp.3d 469 (M.D. Pa. 2019); *Center for Popular Democracy v. Bd. of Governors of Fed. Reserve Sys.*, 2019 WL 3207829 (E.D.N.Y. 2019); *Bayer v. Neiman Marcus Group, Inc.*, 2019 WL 2519537 (N.D. Cal. 2019); *Hamidi v. SEIU Local 1000*, 2019 WL 25133767 (E.D. Cal. 2019); *Grossman v. Hawaii Gov. Emps. Ass'n/AFSCME Local 152*, 382

-40-

F.Supp.3d 1088 (D. Hawaii 2019); *Rivera Madera v. Lee*, 2019 WL 2077037 (N.D. Fla. 2019); *Babb v. Cal. Teachers Ass'n/Wilford v. Nat'l Educ. Ass'n/Matthews v. United Teachers Los Angeles/Martin v. California Teachers Ass'n/Few v. United Teachers Los Angeles*, 378 F.Supp.3d 857 (C.D. Cal. 2019); *Wholean v. CSEA SEIU Local 2001*, 2019 WL 1873021 (D. Conn. 2019); *Bermudez v. Serv. Emps. Int'l Union, Local 521*, 2019 WL 1615414 (N.D. Cal. 2019); *Hough v. SEIU Local 521*, 2019 WL 1785414 (N.D. Cal. 2019); *Berman v. Microchip Tech. Inc.*, 2019 WL 1318550 (N.D. Cal. 2019); *Cockrum v. Donald J. Trump for President, Inc.*, 365 F.Supp.3d 652 (E.D. Va. 2019); *Crockett v. NEA-Alaska*, 367 F.Supp.3d 996 (D. Alaska 2019); *Carey v. Inslee*, 364 F.Supp.3d 1220 (W.D. Wa. 2019); *Cook v. Brown*, 364 F.Supp.3d 1184 (D. Or. 2019); *Natural Resources Defense Council v. Bernhardt*, 2019 WL 937872 (E.D. Cal. 2019); *Belgau v. Inslee*, 359 F.Supp.3d 1000 (W.D. Wa. 2019); *North Carolina State Conf. of the NAACP v. The N.C. State Bd. of Elections*, 2018 WL 3748172 (M.D.N.C. 2018); *Danielson v. AFSCME Council 28*, 340 F.Supp.3d 1083 (W.D. Wa. 2018); *Blair v. Rent-A-Center, Inc.*, 2018 WL 5721799 (N.D. Cal. 2018); *Yohn v. Cal. Teachers Ass'n*, 2018 WL 5264076 (C.D. Cal. 2018); *Danielson v. Inslee*, 2018 WL 3917937 (W.D. Wa. 2018); *Belgau v. Inslee*, 2018 WL 4931602 (W.D. Wa. 2018); *Greer v. Pac. Gas and Elec. Co.*, 2018 WL 5880768 (E.D. Cal. 2018); *Cockrum v. Donald J. Trump for President, Inc.*, 319 F.Supp.3d 158 (D.D.C. 2018); *Madera v. Detzner*, 325 F.Supp.3d 1269 (N.D. Fla. 2018); *Chavez v. Plan Benefit Servs., Inc.*, 2018 WL 3016925 (W.D. Tx. 2018); *Bayer v. Neiman Marcus Group*, 2018 WL 2427787 (N.D. Cal. 2018); *Pimentel v. Aloise*, 2018 WL 6025613; *Schuman v. Microchip Tech. Inc*, 302 F.Supp.3d 1101 (N.D. Cal. 2018); *Berman v. Microchip Tech. Inc*, 2018 WL 732667 (N.D. Cal. 2018); *Kao v. Abbott Laboratories Inc.*, 2017 WL 5257041 (N.D. Cal. Nov. 13, 2017); *Blair v. Rent-A-Center, Inc.*, 2017 WL 4805577 (N.D. Cal. Oct. 25, 2017); *Regents of University of California v. United States Department of Homeland Security*, 2017 WL 4642324 (N.D. Cal. Oct. 17, 2017), *pet'n for writ of mandamus denied sub nom In re United States*, 875 F.3d 1200 (9th Cir. 2017), *cert. granted, vacated, and remanded*, 2017 WL 6505860 (Dec. 20, 2017), *remanding to district court*, 2017 WL 6541751 (9th Cir. Dec. 21, 2017), *preliminary injunction granted on remand*, 2018 WL 339144 (N.D. Cal. Jan. 9, 2018); *Clark v. City of Seattle*, 2017 WL 3641908 (W.D. Wash. Aug. 24, 2017); *Fisk v. Inslee*, 2017 WL 4619223 (W.D. Wash. Oct, 16, 2017); *Chamber of Commerce v. City of Seattle*, 2017 WL 3267730 (W.D. Wash. Aug. 1, 2017); *Yohn v. California Teachers Ass'n*, 2017 WL 2628946 (C.D. Cal. June 1, 2017); *Alvarez v. Inslee*, 2017 LRRM 91,147, 2017 WL 1079923 (W.D. Wash. May 22, 2017); *Natural Resources Defense Council v. McCarthy*, 231 F. Supp. 3d 491 (N.D. Cal. 2017); *Pioneer Roofing Org. v. Sheet Metal Workers Local Union No. 104*, 2017 LRRM 16,035, 2017 WL 201615 (N.D. Cal. Jan. 18, 2017); *Bierman v. Dayton*, 227 F. Supp. 3d 1022, 208 LRRM 3085 (D. Minn. 2017); *Winner v. Rauner*, 2016 LRRM 422,986, 2016 WL 7374258 (N.D. Ill. Dec. 20, 2016); *North Carolina State Conference of the NAACP v. The North Carolina Bd. of Elections*, 2016 WL 6581284 (M.D.N.C. Nov. 4, 2016); *Hoffman v. Inslee*, 2016 WL 6126016 (W.D. Wash. Oct. 20, 2016); *Pette v. Int'l Union of Operating Engineers*, 2016 WL 4596338 (C.D. Cal. Sept. 2, 2016); *Salazar v. McDonald's Corp.*, 2016 WL 4394165 (N.D. Cal. Aug. 16, 2016), and subsequent orders, 2017 WL 88999 (N.D. Cal. Jan. 5, 2017), and 2017 WL 950986 (N.D. Cal. Mar. 10, 2017); *Totten v. Kellogg Brown & Root, LLC*, 2016 WL 316019 (C.D. Cal. Jan. 22, 2016); *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1237 (N.D. Cal. 2015), and subsequent order, 2016 WL 3648550 (N.D. Cal. July 7, 2016); *D'Agostino v. Patrick*, 98 F. Supp. 3d 109 (D. Mass. 2015), *aff'd*, 812 F.3d 240 (1st Cir. 2016); *Greene v. Dayton*, 81 F. Supp. 3d 747 (D. Minn. 2015); *Bierman v. Dayton*, 2014 WL 5438505 (D. Minn. 2014), appeal dismissed as moot, 817 F.3d 1070 (8th Cir. 2016); *Natural Resources Defense Council v. Pritzker*, 62 F. Supp. 3d 969 (N.D. Cal. 2014); *Beaver v. Tarsadia Hotels*,

29 F. Supp. 3d 1294 (S.D. Cal. 2014), on reconsideration, 29 F. Supp. 3d 1323 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016); ***Svc. Employees Int'l Union, Local 1 v. Husted***, 887 F. Supp. 2d 761 (S.D. Ohio 2012), *aff'd in part and rev'd in part sub nom* ***Northeast Ohio Coalition for the Homeless v. Husted***, 696 F.3d 580 (6th Cir. 2012), and later proceeding, 906 F. Supp. 2d 745 (S.D. Ohio 2012); ***Friendly House v. Whiting***, 846 F. Supp. 2d 1053 (D. Ariz. 2012), *aff'd*, ***Valle del Sol Inc. v. Whiting***, 709 F.3d 808 (9th Cir. 2013); ***Narayan v. EGL, Inc.***, 285 F.R.D. 473 (N.D. Cal. 2012); ***Oster v. Lightbourne***, 2012 WL 685808 (N.D. Cal. March 2, 2012); ***Carrillo v. Schneider Logistics, Inc.***, 2012 WL 556309 (C.D. Cal. Jan. 31, 2012), 2011 WL 6104839 (C.D. Cal. Dec. 7, 2011), and 823 F. Supp. 2d 1040 (C.D. Cal. 2012); ***Ellis v. Costco Wholesale Corp.***, 285 F.R.D. 492 (N.D. Cal. 2012); ***San Francisco Baykeeper v. West Bay Sanitary Dist.***, 2011 WL 6012936 (N.D. Cal. Dec. 1, 2011); ***UFCW Local 99 v. Brewer***, 817 F. Supp. 2d 1118 (D. Ariz. 2011), later proceeding, 934 F. Supp. 2d 1167 (D. Ariz. 2013); ***Copello v. Boehringer Ingelheim***, 2011 WL 3325857 (N.D. Ill. Nov. 2, 2011); ***M.R. v. Dreyfus***, 767 F. Supp. 2d 1149 (W.D. Wash. 2011); ***Southern Wine + Spirits Co. v. Simpkins***, 2011 WL 124631 (S.D. Fla. Jan. 14, 2011); ***Dimenco v. Svc. Employees Int'l Union***, 2011 WL 89999 (N.D. Cal. Jan. 10, 2011); ***M.R. v. Dreyfus***, 2011 WL 31553 (W.D. Wash. Jan 05, 2011); ***Common Cause of Colorado v. Buescher***, 2010 WL 4537073 (D. Colo. Nov. 3, 2010), and 2010 WL 4156486 (D. Colo. Oct. 18, 2010); ***Dominguez v. Schwarzenegger***, 2010 WL 3447691 (N.D. Cal. Aug. 30, 2010), 2010 WL 2673715 (N.D. Cal. July 2, 2010), and 2010 WL 2348659 (N.D. Cal. June 8, 2010); ***Danieli v. IBM***, 2010 WL 2399329 (S.D.N.Y. March 29, 2010); ***V.L. v. Wagner***, 669 F. Supp. 2d 1106 (N.D. Cal. 2009); ***Martinez v. Schwarzenegger***, 2009 WL 3353227 (N.D. Cal. Oct. 15, 2009), and 2009 WL 1844989 (June 26, 2009); ***The OSO Group v. Bullock & Associates***, 2009 WL 2422285 (N.D. Cal. Aug. 6, 2009); ***NRDC v. Kempthorne***, 627 F. Supp. 2d 1212 (E.D. Cal. 2009), 2009 WL 1575208 (E.D. Cal. June 3, 2009), and 2008 WL 5054115 (E.D. Cal. Nov. 19, 2008); ***Veliz v. Cintas Corp.***, 2009 WL 1107702 (N.D. Cal. 2009); ***New United Motor Mfg., Inc. v. UAW, Local 2244***, 184 L.R.R.M. 2539, 2008 WL 2540702 (N.D. Cal. June 19, 2008); ***Pacific Coast Fed'n of Fishermen's Ass'n v. Gutierrez***, 2008 WL 2223070 (E.D. Cal. May 20, 2008), subsequent proceeding, 2008 WL 2851568 (E.D. Cal. July 18, 2008); ***United States ex rel. UNITE HERE v. Cintas Corp.***, 2008 WL 1767039 (N.D. Cal. April 16, 2008); ***McCabe Hamilton & Renny Co., Ltd. v. Int'l Longshore & Warehouse Union, Local 142***, 557 F. Supp. 2d 1171 (D. Haw. 2008); ***AFL-CIO v. Chertoff***, 552 F. Supp. 2d 999 (N.D. Cal. 2007); ***Svc. Employees Int'l Union v. City of Houston***, 542 F. Supp. 2d 617 (S.D. Tex. 2008); ***Knox v. Westly***, 183 L.R.R.M. 3232, 2008 WL 850128 (E.D.Cal. March 28, 2008), *rev'd sub nom* ***Knox v. Cal. State Employees Ass'n, Local 1000***, 628 F.3d 1115 (9th Cir. 2010), *rev'd sub nom* ***Knox v. Svc. Employees Int'l Ass'n, Local 1000***, 132 S. Ct. 2277 (2012); ***Arizona Contractors Ass'n, Inc. v. Candelaria***, 534 F. Supp.2d 1036 (D. Ariz. 2008), *aff'd sub nom* ***Chicanos Por La Causa, Inc. v. Napolitano***, 544 F.3d 976 (9th Cir. 2008); ***Golden Gate Restaurant Ass'n v. City and County of San Francisco***, 42 Employee Benefits Cases 2185, 2007 WL 4570521 (N.D. Cal. Dec. 26, 2007), *rev'd*, 546 F.3d 639 (9th Cir. 2008); ***Arizona Contractors Ass'n, Inc. v. Napolitano***, 526 F. Supp. 2d 968 (D. Ariz. 2007), later proceeding ***Arizona Contractors Ass'n, Inc. v. Candelaria***, 534 F. Supp. 2d 1036 (D. Ariz. 2008), *aff'd sub nom* ***Chicanos Por La Causa, Inc. v. Napolitano***, 544 F.3d 976 (9th Cir. 2008); ***Fusi v. Emery World Airlines, Inc.***, 183 L.R.R.M. 2225, 2007 WL 4207863 (S.D. Ohio 2007); ***In re American Family Mut. Ins. Co. Overtime Pay Litigation***, 155 Labor Cases ¶ 35,353, 2007 WL 2936319 (D. Colo. 2007); ***Int'l Longshore & Warehouse Union, Local 142 v. C. Brewer & Co.***, 496 F. Supp. 2d 1179 (D. Haw. 2007); ***SkyWest Pilots ALPA Org. Comm. v. SkyWest Airlines, Inc.***, 2007 WL 1848678, 182 L.R.R.M. 2485 (N.D. Cal. 2007); ***Adams v. Inter-Con Security Systems, Inc.***, 242 F.R.D. 530, 2007 WL 1089694 (N.D. Cal. 2007); ***Chao v. Allied Pilots Ass'n***, 2007

WL 518586, 181 L.R.R.M. 2578 (N.D. Tex. 2007); *Adcock v. UAW*, 2006 WL 3257044, 180 L.R.R.M. 3291 (W.D.N.C. 2006); *Knox v. Westly*, 2006 WL 2374763, 180 L.R.R.M. 3170 (E.D. Cal. 2006), earlier proceeding, 2005 WL 3031622 (E.D. Cal. 2005), subsequent proceedings, 2007 WL 516263, 181 L.R.R.M. 2501 (E.D. Cal. 2007), 2006 WL 3147683 (E.D. Cal. 2006); *Vega v. Contract Cleaning Maintenance*, 2006 WL 1554383, 11 Wage & Hour Cas.2d 1121 (N.D. Ill. 2006); *Patterson v. Heartland Industrial Partners, LLP*, 428 F. Supp. 2d 714 (N.D. Ohio 2006), earlier proceeding, 225 F.R.D. 204 (N.D. Ohio 2004); *Darensburg v. Metropolitan Transportation Comm'n*, 2006 WL 167657 (N.D. Cal. 2006); *NRDC v. Rodgers*, 381 F. Supp. 2d 1212 (E.D. Cal. 2005), motion for reconsideration denied, 2005 WL 2466067 (E.D. Cal. 2005), earlier proceeding, 2005 WL 1388671 (E.D. Cal. 2005); *Rachford v. Air Line Pilots Ass'n, Int'l*, 375 F. Supp. 2d 908 (N.D. Cal. 2005), later proceeding, 2006 WL 927742 (N.D. Cal. 2006), *aff'd mem.*, 284 Fed. Appx. 473 (9th Cir. 2008); *Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 361 F. Supp. 2d 1195 (D. Haw. 2005), subsequent proceeding, 411 F. Supp. 2d 1201 (D. Haw. 2005); *Patel v. Sugen, Inc.*, 354 F. Supp. 2d 1098 (N.D. Cal. 2005); *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation*, 300 F. Supp. 2d 1020 (D. Ore. 2003), amended, 336 F. Supp. 2d 1077 (D. Ore. 2004), *aff'd in part, rev'd in part, and remanded*, 466 F.3d 853 (9th Cir. 2006), later proceeding, 14 Wage & Hour Cas.2d 356, 2008 WL 4763029 (D. Ore. Oct. 28, 2008); *Cummings v. Connell*, 281 F. Supp. 2d 1187 (E.D. Cal. 2003), *rev'd*, 402 F.3d 936 (9th Cir. 2005), later proceeding, 2006 WL 1716160, 180 L.R.R.M. 2159 (E.D. Cal. 2006); *SEIU Local 87 v. SEIU Local 1877*, 230 F. Supp. 2d 1099 (N.D. Cal. 2002); *Does I v. Gap, Inc.*, 2002 WL 1000068 (D.N.M.I. 2002), related proceeding, 2002 WL 1000073 (D.N.M.I. 2002); *Chamber of Commerce v. Lockyer*, 225 F. Supp. 2d 1199 (C.D. Cal. 2002), *rev'd*, 463 F.3d 1076 (9th Cir. 2006) (*en banc*); *Common Cause v. Jones*, 213 F. Supp. 2d 1110, 213 F. Supp. 2d 1116 (C.D. Cal. 2002); *Catholic Social Svcs. v. Ashcroft*, 206 F.R.D. 654 (E.D. Cal. 2002); *In re World War II Era Japanese Forced Labor Litigation*, 164 F. Supp. 2d 1153 (N.D. Cal. 2001), and 114 F.Supp. 939 (N.D. Cal. 2000); *Does I v. Advance Textile Corp.*, 2001 WL 1842389 (D.N.M.I. 2001); *NRDC v. Whitman*, 53 E.R.C. 1673, 2001 WL 1221774 (N.D. Cal.), later proceeding, 2001 WL 1456783 (N.D. Cal. 2001), appeal dism. sub nom *NRDC v. EPA*, 35 Fed. Appx. 590, 2002 WL 1042092 (9th Cir. 2002); *Eller Media Co. v. City of Oakland*, 2000 WL 33376585 (N.D. Cal. 2000), earlier proceedings, 1998 WL 827426 (N.D. Cal. 1998), and 1998 WL 549494 (N.D. Cal. 1998); *CF&I Steel, L.P. v. Bay Area Rapid Transit District*, 2000 WL 1375277 (N.D. Cal. 2000); *Chadwick v. IBEW*, 2000 WL 1006373 (N.D. Cal. 2000); *Friedman v. Cal. State Employees Ass'n*, 2000 U.S. Dist. LEXIS 7049, 163 L.R.R.M. 2924 (E.D. Cal. 2000); *Foster v. Garcy*, 1999 U.S. Dist. LEXIS 21876, 140 Lab. Cas. (CCH) ¶ 58,914 (N.D. Cal. 1999); *Tosco v. Communities for a Better Environment*, 41 F. Supp. 2d 1061 (C.D. Cal. 1999); *Bishop v. Air Line Pilots Ass'n*, 159 L.R.R.M. 2005, 1998 U.S. Dist. LEXIS 11948 (N.D. Cal. 1998), *aff'd mem.*, 2000 U.S. App. LEXIS 3270 (9th Cir. March 1, 2000); *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 1998 U.S. Dist. LEXIS 9226, 77 FEP Cas. (BNA) 532 (S.D.N.Y. 1998); *Catholic Social Svcs. v. Reno*, 1998 U.S. Dist. LEXIS 10429, 10430, 10431 (E.D. Cal. 1998); *Sims v. Alameda-Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253 (N.D. Cal. 1998); *Cremin v. Merrill Lynch*, 957 F. Supp. 1460 (N.D. Ill. 1997); *McLendon v. Continental Group, Inc.*, 872 F. Supp. 142 (D.N.J. 1994); *Alameda Newspapers, Inc. v. City of Oakland*, 860 F. Supp. 1428 (N.D. Cal. 1994); *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707 (N.D. Cal. 1994); *Catholic Social Svcs. v. Reno*, 856 F. Supp. 526 (N.D. Cal. 1994); *In re Gulf USA Corp.*, 171 Bankr. 379 (D. Id. 1994); *Auvil v. CBS, 60 Minutes*, 800 F. Supp. 928 (E.D. Wash. 1992); *Cardona v. Oakland Unified School Dist.*, 785 F. Supp. 837 (N.D. Cal. 1992); *Associated Builders & Contractors v. BACA*, 769 F. Supp. 1537 (N.D. Cal. 1991); *EEOC v. Tortilleria "La Mejor,"* 758 F. Supp. 585 (E.D. Cal. 1991); *Akau v. Tel-A-Com*

*Hawaii, Inc.*, 1990 Dist. LEXIS 4647 (D. Hawaii 1990); *Puzz v. United States Dep't of the Interior*, 1989 Dist. LEXIS 16649 (N.D. Cal 1989); *Bricklayers and Allied Craftsmen, Local Union No. 3 v. Masonry & Tile Contractors Ass'n of So. Nevada*, 136 L.R.R.M. 2319 (D. Nev. 1990); *California ex rel. Van de Kamp v. Reilly*, 750 F. Supp. 433 (E.D. Cal. 1990); *UFCW Local 1564 v. City of Clovis*, 735 F. Supp. 999 (D.N.M. 1990); *Immigrant Assistance Project v. INS*, 709 F. Supp. 998 (W.D. Wash. 1989) *aff'd*, 976 F.2d 1198 (9th Cir. 1993), *vacated and remanded*, 510 U.S. 594 (1993); *Ayuda, Inc. v. Barr*, 687 F. Supp. 650 (D.D.C. 1988), *rev'd in part*, 880 F.2d 1325 (D.C. Cir. 1989), *vacated and remanded*, 498 U.S. 1117 (1991), *on remand*, 948 F.2d 742 (D.D.C. 1991), 700 F. Supp 49 (D.D.C. 1988), 744 F. Supp. 21 (D.D.C. 1990), *stayed*, 919 F.2d 153 (D.C. Cir. 1990), *rev'd*, 948 F.2d 742 (D.C. Cir. 1991), *vacated and remanded*, 509 U.S. 916 (1993), *on remand*, 7 F.3d 246 (D.C. Cir. 1993), *pet. for rehearing denied*, 14 F.3d 61 (D.C. Cir.), *cert. denied*, 513 U.S. 815 (1994); *Bower v. Bunker Hill Co.*, 675 F. Supp. 1263, 675 F. Supp. 1254, 114 F.R.D. 587 (E.D. Wash. 1986), and 689 F. Supp. 1032 (E.D. Wash. 1985); *Int'l Union of Bricklayers and Allied Craftsmen v. Meese*, 616 F. Supp. 1387 (N.D. Cal. 1985); *Adolph Coors Co. v. Sickler*, 608 F. Supp. 1417 (C.D. Cal. 1985); *Int'l Union, UAW v. Donovan*, 570 F. Supp. 210 (D.D.C. 1983), *rev'd*, 746 F.2d 855 (D.C. Cir. 1984); *Int'l Union, UAW v. Donovan*, 568 F. Supp. 1047 (D.D.C. 1983), *rev'd*, 746 F.2d 839 (D.C. Cir. 1984), *rev'd sub nom Int'l Union, UAW v. Brock*, 477 U.S. 274 (1986), *on remand*, 816 F.2d 761 (D.C. Cir. 1987); *Int'l Union, UAW v. Donovan*, 554 F. Supp. 1172 (D.D.C. 1983); *La Raza Unida v. Volpe*, 545 F. Supp. 36 (N.D. Cal. 1982); *AFL-CIO v. Marshall*, 494 F. Supp. 971 (D.D.C. 1980).

The firm has also participated in the following state supreme court cases, among others: *ZB, N.A. v. Superior Court*, 8 Cal.5th 175 (2019); *Chang v. Winklevoss*, 95 Mass.App.Ct. 202 (2019); *Dynamex Operations West v. Superior Court*, 4 Cal.5th 903 (2018); *Daniels v. Fandual, Inc.*, 109 N.E.3d 390 (Indiana Supreme Court 2018); *Gerawan Farming, Inc. v. Agricultural Labor Relations Bd.*, 3 Cal.5th 1118 (2017); *Roy Allan Slurry Seal, Inc. v. American Asphalt South*, 2 Cal.5th 505 (2017); *Laffitte v. Robert Half Int'l Inc.*, 1 Cal.5th 480 (2016); *Kilby v. CVS Pharmacy, Inc.*, 63 Cal.4th 1 (2016); *United Public Workers v. Abercrombie*, 133 Haw. 188 (2014); *Paratransit, Inc. v. Unemployment Ins. Appeals Bd.*, 59 Cal.4th 551 (2014); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (2014); *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal.4th 1 (2014); *American Nurses Ass'n v. Torlakson*, 57 Cal.4th 570 (2013); *County of Los Angeles v. Los Angeles County Employee Relations Comm'n*, 56 Cal.4th 905 (2013); *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 55 Cal.4th 1083 (2012); *State Bldg. & Construction Trades Council v. City of Vista*, 54 Cal.4th 547 (2012); *United Teachers of Los Angeles v. Los Angeles Unified School Dist.*, 54 Cal.4th 504 (2012); *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012); *Peterson v. State*, 280 P.3d 559 (Alaska 2012); *Hawaii State Teachers Ass'n v. Abercrombie*, 126 Haw. 318 (2012); *California Grocers Ass'n v. City of Los Angeles*, 52 Cal.4th 177 (2011); *Professional Engineers in California Gov't v. Schwarzenegger*, 50 Cal.4th 989 (2010); *St. John's Well Child and Family Center v. Schwarzenegger*, 50 Cal.4th 960 (2010); *Hawaii Gov't Employees Ass'n v. Lingle*, 239 P.3d 1 (Haw. 2010); *City of San Jose v. Operating Engineers Local No. 3*, 49 Cal.4th 597 (2010); *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal.4th 665 (2010); *Amalgamated Transit Union v. Superior Court*, 46 Cal.4th 993 (2009); *Sheehan v. The San Francisco 49ers, Ltd.*, 45 Cal.4th 992 (2009); *Vasquez v. State of California*, 45 Cal.4th 243 (2008); *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 896 N.E.2d 979 (Ohio 2008); *EPIC v. California Dep't of Forestry & Fire Protection*, 44 Cal.4th 459 (2008); *In re Marriage Cases*, 43 Cal.4th 757 (2008); *Gentry v. Superior Court*, 42 Cal.4th

443 (2007); ***Fleischman v. Protect Our City***, 214 Ariz. 406, 153 P.3d 1035 (2007); ***Tahara v. Matson Terminals, Inc.***, 111 Hawaii 16, 136 P.3d 904 (2006); ***Reynolds v. Bement***, 36 Cal.4th 1075 (2005); ***City of Long Beach v. Dep't of Industrial Relations***, 34 Cal.4th 942 (2004), vacating 110 Cal.App.4th 636 (2003); ***AFL-CIO v. Hood***, 885 So.2d 373 (Fla. 2004); ***Intel Corp. v. Hamidi***, 30 Cal.4th 1342 (2003); ***Viner v. Sweet***, 30 Cal.4th 1232 (2003); ***Hamilton v. Maryland Casualty Co.***, 27 Cal.4th 718 (2002); ***Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n***, 26 Cal.4th 1013 (2001); ***Gerawan Farming, Inc. v. Lyons***, 24 Cal.4th 468 (2000); ***Armendariz v. Foundation Health Psychcare Svcs.***, 24 Cal.4th 83 (2000); ***Morillion v. Royal Packing Co.***, 22 Cal.4th 575 (2000); ***Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.***, 20 Cal.4th 243 (1999); ***Hawaii State AFL-CIO v. Yoshina***, 935 P.2d 89 (Haw. 1997); ***Masonry & Tile Contractors Ass'n v. Jolley, Urga & Wirth***, 941 P.2d 486 (Nev. 1997); ***People ex rel. Lundgren v. Superior Court*** (***American Standard***), 14 Cal.4th 294 (1996); ***AFL-CIO v. Unemployment Ins. Appeals Bd.***, 13 Cal.4th 1017 (1996), rev'g 38 Cal.App.4th 1205 (1995); ***People v. Horton***, 11 Cal.4th 1068 (1996); ***So. California Chapter of Associated Builders & Contractors, Inc. v. California Apprenticeship Council***, 4 Cal.4th 422 (1992); ***In re Horton***, 54 Cal.3d 82 (1991); ***Cumero v. Public Employment Relations Bd.***, 49 Cal.3d 575 (1989); ***Keller v. State Bar***, 47 Cal.3d 1152 (1989); ***DeTomaso v. Pan American World Airways***, 43 Cal.3d 517 (1987); ***County of Los Angeles v. State of California***, 43 Cal.3d 46 (1987); ***Long Beach City Employees Ass'n v. City of Long Beach***, 41 Cal.3d 937 (1986); ***Regents of the Univ. of California v. Public Employment Relations Bd.***, 41 Cal.3d 601 (1986); ***San Jose Teachers Ass'n v. Superior Court***, 38 Cal.3d 839 (1985); ***AFL-CIO v. Eu***, 36 Cal.3d 687 (1984); ***Legislature of the State of California v. Deukmejian***, 34 Cal.3d 658 (1983); ***San Mateo City School Dist. v. Public Employment Relations Bd.***, 33 Cal.3d 850 (1983); ***Welfare Rights Org. v. Crisan***, 33 Cal.3d 766 (1983); ***Serrano v. Unruh***, 32 Cal.3d 621 (1982); ***Mandel v. Myers***, 29 Cal.3d 531 (1981); ***Pacific Legal Foundation v. Unemployment Ins. Appeals Bd.***, 29 Cal.3d 101 (1981); ***Sears Roebuck & Co. v. San Diego County Dist. Council of Carpenters***, 25 Cal.3d 317 (1979); ***Robins v. Pruneyard Shopping Center***, 23 Cal.3d 899 (1979).

The firm has also participated in the following cases in the state courts of appeal, among others: ***Ferra v. Loews Hollywood Hotel, LLC***, 2019 WL 5061494 (Cal. Ct. App. 2019); ***Esparza v. Safeway, Inc.***, 36 Cal.App.5th 42 (2019); ***Barber v. State Personnel Bd.***, 35 Cal.App.5th 500 (2019); ***Glaviano v. Sacramento Unified Sch. Dist.***, 22 Cal.App.5th 744 (2018); ***Castillo v. Glenair, Inc.***, 23 Cal.App.5th 262 (2018); ***People v. ConAgra Grocery Products Co.***, 17 Cal.App.5th 51 (2017); ***Turman v. Superior Court***, 17 Cal.App. 5th 969 (2017); ***Vergara v. California***, 246 Cal.App.4th 619 (2016); ***Nat'l Restaurant Ass'n v. Comm'n of Labor***, 141 A.D.3d 185, 34 N.Y.S.3d 232 (2016); ***El Centro v. Lanier***, 245 Cal.App.4th 1494 (2016); ***Jenks v. DLA Piper Rudnick Gray Cary US LLP***, 243 Cal.App.4th 1 (2015); ***Noe v. Superior Court***, 237 Cal.App.4th 316 (2015); ***Koval v. Pac. Bell Tel. Co.***, 232 Cal.App.4th 1050 (2014); ***Van Zant v. Apple, Inc.***, 229 Cal.App.4th 965 (2014); ***Professional Engineers in California Gov't v. Brown***, 229 Cal.App.4th 861 (2014); ***Sheet Metal Workers' Int'l Ass'n, Local 104 v. Duncan***, 229 Cal.App.4th 192 (2014); ***California High-Speed Rail Authority v. Superior Court***, 228 Cal.App.4th 676 (2014); ***Los Angeles Unified School Dist. v. Superior Court***, 228 Cal.App.4th 222 (2014); ***Hall v. Rite Aid Corp.***, 226 Cal.App.4th 278 (2014); ***D'Arrigo Bros. v. United Farmworkers***, 224 Cal.App.4th 790 (2014); ***ALPA Int'l v. United Airlines, Inc.***, 223 Cal.App.4th 706 (2014); ***Farmers Ins. Exch. v. Superior Court***, 218 Cal.App.4th 96 (2013); ***Gonzalez v. Downtown L.A. Motors LP***, 215 Cal.App.4th 36 (2013); ***California Redevelopment Ass'n v. Matosantos***, 212 Cal.App.4th 1457 (2013); ***Veronese v. Lucasfilm Ltd.***, 212 Cal.App.4th 1 (2012); ***Hernandez v. Chipotle Mexican Grill, Inc.***, 208

Cal.App.4th 1487 (2012); *Reed v. United Teachers Los Angeles*, 208 Cal.App.4th 322 (2012); *Hensel Phelps Construction Co. v. San Diego Unified Port Dist.,* 197 Cal.App.4th 1020 (2011); *California Chamber of Commerce v. Brown*, 196 Cal.App.4th 233 (2011); *County of Los Angeles v. Los Angeles County Employee Relations Comm'n*, 192 Cal.App.4th 1409 (2011); *Ralph's Grocery Co. v. UFCW Local 8*, 192 Cal.App.4th 200 (2011); *Home Depot v. Superior Court*, 191 Cal.App.4th 210 (2011); *EPIC v. California Dep't of Forestry and Fire Protection*, 190 Cal.App.4th 217 (2010); *Bright v. 99 Cents Only Stores*, 189 Cal.App.4th 1472 (2010); *Lazarin v. Superior Court*, 188 Cal.App.4th 1560 (2010); *Sutter Health v. UNITE-HERE*, 186 Cal.App.4th 1193 (2010); *Gardner v. Schwarzenegger*, 178 Cal.App.4th 1366 (2009); *In re Consumer Privacy Cases*, 175 Cal.App.4th 545 (2009); *County of Sonoma v. Superior Court*, 173 Cal.App.4th 322 (2009); *Aguiar v. Superior Court* (*Cintas Corp.*), 170 Cal.App.4th 313 (2009); *Project Vote v. Madison County Bd. of Elections*, 2008 WL 4445176 (Ohio Sept. 29, 2008); *Curley v. Lake County Bd. of Elections and Registration*, 896 N.E.2d 24 (Ind. App. 2008); *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157 (2008); *Sharp v. Next Entertainment, Inc.*, 163 Cal.App.4th 410 (2008); *State Building and Construction Trades Council v. Duncan*, 162 Cal.App.4th 289 (2008); *Kashmiri v. Regents of the University of California*, 156 Cal.App.4th 809 (2007); *Sheet Metal Workers Int'l Ass'n, Local Union No. 104 v. Rea*, 153 Cal.App.4th 1071 (2007); *Aguiar v. Cintas Corp. No. 2*, 144 Cal.App.4th 121 (2006); *The Hess Collection Winery v. California Agricultural Relations Bd.*, 140 Cal.App.4th 1584 (2006); *So. California Edison Co. v. Public Utilities Comm'n*, 140 Cal.App.4th 1085 (2006); *Du Charme v. IBEW, Local 45*, 110 Cal.App.4th 107 (2003); *Svc. Employees Int'l Union v. Superior Court*, 89 Cal.App.4th 1390 (2001); *Bell v. Farmers Ins. Exch.*, 87 Cal.App.4th 805 (2001), later proceeding, 115 Cal.App.4th 715 (2004), later proceeding, 135 Cal.App.4th 1138 (2006), later proceeding, 137 Cal.App.4th 835 (2006); *United Farm Workers v. Dutra Farms*, 83 Cal.App.4th 1146 (2000); *Western Crop Protection Ass'n v. Davis*, 80 Cal.App.4th 741 (2000); *Pulaski v. California Occupational Safety and Health Stds. Bd.*, 75 Cal.App.4th 1315 (1999); *IBEW Local 595 v. Superior Court*, 54 Cal.App.4th 1291 (1997); *IBEW v. Aubry*, 41 Cal.App.4th 1632 (1996); *California Court Reporters Ass'n v. Judicial Council*, 39 Cal.App.4th 15 (1995), later proceeding, 59 Cal.App.4th 959 (1997); *L.A. County Court Reporters Ass'n v. Superior Court*, 31 Cal.App.4th 403 (1995); *Smith v. Superior Court* (*Degnan*), 31 Cal.App.4th 205 (1994); *AFL-CIO v. Unemployment Ins. Appeals Bd.*, 23 Cal.App.4th 51 (1994); *California Labor Fed'n v. California Safety and Health Stds. Bd.*, 5 Cal.App.4th 985 (1991), later proceeding, 221 Cal.App.3d 1547 (1990); *Jerabek v. Public Employment Relations Bd.*, 2 Cal.App.4th 1298 (1991); *Zambrano v. Oakland Unified School Dist.*, 229 Cal.App.3d 802 (1991); *Rust v. Vallejo*, 215 Cal.App.3d 771 (1989); *AFL-CIO v. Deukmejian*, 212 Cal.App.3d 425 (1989); *Wallace v. Consumers Cooperative, Inc.*, 170 Cal.App.3d 836 (1985); *Filipino Accountants Ass'n, Inc. v. State Bd. of Accountancy*, 155 Cal.App.3d 1023 (1984); *Brown v. Superior Court*, 137 Cal.App.3d 778 (1982); *Serrano v. Priest*, 131 Cal.App.3d 188 (1982); *AFL-CIO v. Employment Development Dep't*, 88 Cal.App.3d 811 (1979).

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID MCDONALD,

Plaintiff,

v.

CP OPCO, LLC, et al.,

Defendants.

Case No. 17-cv-04915-HSG

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS; GRANTING IN PART MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD**

Re: Dkt. Nos. 126, 130, 132

Currently before the Court are Plaintiff David McDonald's unopposed motions for final approval of class action settlement, Dkt. No. 132 ("FA Mot."); attorneys' fees and costs, Dkt. No. 126 ("Fees Mot."); and class representative service award ("SA Mot."), Dkt. No. 130. The Court held a hearing on the motions on May 9, 2019. For the reasons stated below, the Court **GRANTS** all three motions but reduces the requested class representative service award.

I. **BACKGROUND**

A. **Factual Allegations**

Plaintiff David McDonald alleged that he was a former employee of the following entities, all of which were initially named as defendants: CP OpCo, LLC (doing business as Classic Party Rentals, or "Classic"); Insperity PEO Services, L.P. ("Insperity"); and Apollo Global Management, LLC; Apollo Centre Street Partnership, L.P.; Apollo Franklin Partnership, L.P.; Apollo Credit Opportunity Fund III AIV I LP; Apollo SK Strategic Investments, L.P.; Apollo Special Opportunities Managed Account, L.P.; and Apollo Zeus Strategic Investments, L.P. (the

"Apollo Defendants" and, collectively with Insperity, "Defendants").[1] *See* Second Amended Complaint ("SAC"), Dkt. No. 50 ¶ 1. According to Plaintiff, Classic was an event rental company, Insperity operated Classic's human resources department, and the Apollo Defendants were Classic's parent companies. *Id.* ¶¶ 20–28.

Plaintiff alleged that he worked as a full-time employee at Classic's location in Burlingame, California, along with approximately 135 other full-time employees. *Id.* ¶¶ 32, 34. In addition to Burlingame, Classic had other California locations in Carpinteria, El Segundo, Los Angeles, Modesto, Napa, Sacramento, San Diego, San Jose, Santa Ana, and Thousand Palms. *Id.* ¶ 29. Each of these California locations employed at least 75 people. *Id.* ¶ 31.

Plaintiff had worked for Classic for approximately 18 months when Bright Event Rentals, LLC ("Bright") acquired Classic on July 11, 2017. *Id.* ¶¶ 33, 37–38. Prior to the transaction, Plaintiff received assurances that his job was not at risk, despite the possible sale of the business. *Id.* ¶ 35. On July 10, 2017, Classic's general manager for the Burlingame location announced to the staff members who were physically present that they were terminated, effective July 11. *Id.* ¶ 39. Employees who were not physically present learned of their termination when they came to work on July 11. *Id.* ¶ 40. Bright hired some former Classic employees, but Plaintiff was not among those re-hired by Bright. *Id.* ¶¶ 43–44. Employees at Classic's other California locations "showed up to work on or around July 10, 2017 and found their facilities locked" and were notified by Defendants that they had been terminated, effective immediately. *Id.* ¶ 45.

Later that same week, Plaintiff received a letter from Insperity, "notifying him that his employment with Defendant Classic and Defendant Insperity was terminated on July 11, 2017." *Id.* ¶ 46.[2] Plaintiff alleged that Defendants did not provide notice of the layoffs to their employees prior to July 10, *id.* ¶ 38, and did not provide the relevant state, county, or city entities with at least 60 days' notice of the closures of the California locations, *id.* ¶ 48.

United States District Court
Northern District of California

---

[1] Classic is not a party to the settlement agreement because it is defunct and the Clerk entered default against it on October 23, 2017. *See* Dkt. No. 29.

[2] The exhibit Plaintiff references in the SAC is attached to the First Amended Complaint, Dkt. No. 13, as Exhibit A, but is not attached to the SAC.

2

United States District Court
Northern District of California

### B.    Procedural Background

Plaintiff filed his initial complaint on August 23, 2017, Dkt. No. 1, and his First Amended Complaint on September 14, Dkt. No. 13.  On October 23, the clerk entered default against Classic.  Dkt. No. 29.  Plaintiff filed the Second Amended Complaint on November 27.  Dkt. No. 50.

Plaintiff brought suit on behalf of the following putative class: "All persons who were employed by Defendants, at any of Defendant Classic's California locations and who were terminated pursuant to a mass layoff or termination (as those terms are defined in California Labor Code Section 1400), or a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) by Defendants on or around July 11, 2017 . . . ."  SAC ¶ 49.  He alleged three causes of action: (1) failure to provide timely written notice of a mass layoff or plant closing, in violation of the Federal WARN Act, 29 U.S.C. § 2101, *et seq.*; (2) failure to provide timely written notice of mass layoffs, in violation of California Labor Code § 1400, *et seq.*; and (3) violation of California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq. See* SAC ¶¶ 51–78.

The parties engaged in a magistrate judge settlement conference in May 2018, at which they reached a settlement agreement.  *See* Dkt. Nos. 95, 96.  Plaintiff moved for preliminary approval of the class action settlement on August 9, 2018, Dkt. No. 105, which the Court granted on January 28, 2019, Dkt. No. 119.

Plaintiff moved for attorneys' fees and costs, *see* Fees Mot., and for approval of a class representative service award on March 18, *see* SA Mot., and for final approval on April 22, *see* FA Mot.

### C.    Settlement Agreement

The parties submitted a class action settlement agreement as part of their motion for preliminary approval, which the Court granted.  *See* Stipulation of Settlement ("Settlement"), Dkt. No. 105-2.  The key terms are as follows:

Settlement Class: The proposed settlement class consists of "all persons who were employed by CP OpCo dba Classic Party Rentals at a Covered Location (that is, San Diego, Santa

3

Ana/Orange County, Culver City/Inglewood (Hillcrest Blvd.), El Segundo, Burlingame/San Francisco, Compton, Modesto, Napa, San Jose, and Thousand Palms/Palm Desert) in California and who were terminated from their employment with CP OpCo dba Classic Party Rentals on or around July 11, 2017." Settlement ¶ II.F. Plaintiff estimates this class to consist of 1,039 people. FA Mot. at 5.

Release: Class members agree to release "all causes of action that were alleged or reasonably could have been alleged in the Second Amended Complaint based on the facts, legal theories, allegations, or causes of action contained therein concerning: (a) violation of the California or federal WARN Acts; (b) unfair business practices based on the afore-referenced claims; (c) any other claims or penalties under the statutes pleaded in the Action based on the afore-referenced claims; and (d) all damages, penalties, interest, and other amounts recoverable under California and federal law based on the afore-referenced claims, to the extent permissible, including but not limited to the California Labor Code, as to the facts alleged in the Action." Settlement ¶ II.II.

Settlement Fund: $3 million, non-reversionary, funded by Insperity and the Apollo Defendants, with $2.06 million available for class member settlement payments. FA Mot. at 4–5. Counsel estimates that the average individual settlement payment will be $1,983. FA Mot. at 6.

Allocation Plan: The settlement allocates 75% of the net settlement fund to class members who were not rehired within one month of termination and the remaining 25% of the fund to those employees who were rehired within one month. Settlement ¶ III.M.2(a)–(c). Individual payments will be allocated 50% to back wages and 50% to interest and penalties. Settlement ¶ III.M.2(f). Class members will be automatically mailed a settlement check, without needing to submit a claim. Settlement ¶ III.M.2(g). Payments intended for class members who do not cash their settlement checks within 90 days will be re-distributed to those who cashed their settlement checks. Settlement ¶ III.M.2(g). If less than $30,000 remains in the fund after the initial distribution, the residual will be donated to Legal Aid at Work as a cy pres recipient. Settlement ¶ III.M.2(h).

Attorneys' Fees and Costs; Administration: Class counsel were permitted to seek up to

4

30% of the $3 million settlement fund for attorneys' fees as well as actual litigation expenses incurred up to $15,000. Settlement ¶ III.M.4. The settlement was not contingent upon these fees being granted. *Id.* Class counsel separately agreed with Defendants to request no more than their lodestar. Declaration of Eileen B. Goldsmith ("Goldsmith Decl."), Dkt. No. 105-1 ¶ 36. The parties selected a settlement administrator, which agreed to cap its costs at $15,000. Settlement ¶¶ III.OO–NN.

Class Representative Award: The settlement allowed for an incentive award of up to $15,000 to McDonald but was not contingent upon this award being granted. Settlement ¶¶ III.D, III.M.3.

## II.    MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### A.    Class Certification

Final approval of a class action settlement requires, as a threshold, an assessment of whether the class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and (b). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998). Because no facts that would affect these requirements have changed since the Court preliminarily approved the class on January 28, 2019, this order incorporates by reference its prior analysis under Rules 23(a) and (b) as set forth in the order granting preliminary approval. *See* Dkt. No. 119 at 5–9. The Court affirms its previous findings and certifies the settlement class.

### B.    The Settlement

"The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). The Court may finally approve a class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon*, 150 F.3d at 1025. To assess whether a proposed settlement comports with Rule 23(e), courts should consider the following factors:

> the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

United States District Court
Northern District of California

*Hanlon*, 150 F.3d at 1025 (the "*Hanlon* factors"). No single factor is the "most significant," *Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982), and "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge," *Hanlon*, 150 F.3d at 1026. In addition, "[a]dequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. The Court begins with the adequacy of notice before turning to whether the settlement itself is fair, reasonable, and adequate.

### i. Adequacy of Class Notice

Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The Court must direct "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must "clearly and concisely state in plain, easily understood language" the nature of the action, the class definition, and the class members' right to exclude themselves from the class. Fed. R. Civ. P. 23(c)(2)(B). Although Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each class member actually receive notice. *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is "best practicable" notice, not "actually received" notice).

The Court finds that the notice plan previously approved by the Court was implemented and complies with Rule 23(c)(2)(B). The settlement administrator mailed the class notice to putative class members, attempted to find updated addresses for class members whose notices were returned undelivered, and re-mailed those notices. *See* FA Mot. at 7–8. Only nine of the 1,039 notices were ultimately deemed undeliverable. *See* Dkt. No. 132-2 ¶ 9. The administrator also established a website and toll-free number for putative class members who had questions about the settlement. FA Mot. at 8. The administrator received one request for exclusion and no objections. *See* Dkt. No. 132-2 ¶ 10–11. In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the class members.

United States District Court
Northern District of California

### ii. Fairness, Adequacy, and Reasonableness of Settlement

Having found the notice procedures adequate under Rule 23(e), the Court next considers whether the entire settlement comports with Rule 23(e).

### a. Strength of Plaintiff's Case; Risk, Expense, Complexity, and Likely Duration of Continued Litigation; and Risks of Maintaining Class Action Status

Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Courts "may presume that through negotiation, the Parties . . . arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-cv-1365-CW, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010). Additionally, difficulties and risks in litigating weigh in favor of approving a class settlement. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (noting that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). "Generally, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838-MEJ, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014) (quotation omitted).

This case settled before the Court had an opportunity to consider the merits of the claims, including before the Court ruled on Insperity's motion for judgment on the pleadings. However, continuing to litigate this case would have posed substantial risks for Plaintiff and generated significant costs. For example, Plaintiff would have needed to continue discovery into the relationship between the various entities named as Defendants and Defendants would have continued to litigate whether they could be held liable for Classic's alleged WARN Act violations. *See* FA Mot. at 11–12. Eventually, Plaintiff would have needed to move for class certification and summary judgment, as well as potentially proceed to trial, and Defendants might have moved for summary judgment. This additional litigation would have, in the best-case scenario, been expensive and time-consuming—and in the worst-case scenario, could have led to Plaintiff and the class going home empty-handed. Accordingly, these factors support approving the settlement.

7

### b. Settlement Amount

The settlement amount also weighs in favor of approval. Defendants will make a non-reversionary settlement payment of $3,000,000 and individual class members stand to recover an average of nearly $2,000. *See* FA Mot. at 13. Given that WARN Act damages are limited to 60 days' worth of back pay, this is a significant recovery for the class members, who, as class counsel points out, earned approximately $10 to $30 per hour when they were employed by Classic. *See* Fees Mot. at 8. As the Court previously noted, the settlement represents approximately 37.5% of the Defendants' maximum possible exposure. *See* Dkt. No. 119 at 12. In addition, because class members are not required to submit claims and uncashed checks will be redistributed to class members, settlement dollars will reach the class members in a timely and efficient manner. Further, if less than $30,000 remains in the fund after the initial distribution, the residual will be donated to Legal Aid at Work, which the Court finds to be an appropriate cy pres recipient. *See* Settlement ¶ III.M.2(h).[3] Therefore, the settlement amount supports approval.

### c. Extent of Discovery Completed and Stage of Proceedings

This factor evaluates whether class counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Class counsel has engaged in significant discovery, including obtaining and reviewing "thousands of pages of documents" relating to the structure of the various entities, the sale of Classic's California locations, and payroll records. *See* Mot. at 14. The Court finds that

---

[3] The Ninth Circuit has noted that the cy pres doctrine may be employed in the context of a class action settlement to "put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (quotation omitted). However, a cy pres distribution also "poses many nascent dangers" because the choice of a cy pres beneficiary "may answer to the whims and self interests of the parties, their counsel, or the court" if selection "is not tethered to the nature of the lawsuit and the interests of the silent class members." *Id.* at 1039. In light of these concerns, the Ninth Circuit requires that there be a "driving nexus between the plaintiff class and the cy pres beneficiaries"—in other words, the award must be guided by the objectives of the underlying statutes and the interests of the silent class, and must not benefit a group too remote from the class. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (internal quotation omitted). The Court finds that Legal Aid at Work meets the *Dennis* requirements because it shares the objective of the WARN Acts in ensuring employee rights and any distribution will benefit people making claims similar to those Plaintiff made. *See Cifuentes v. CEVA Logistics U.S., Inc.*, No. 16-CV-01957-H-DHB, 2017 WL 2537247, at *5 (S.D. Cal. June 12, 2017) (approving Legal Aid at Work as cy pres recipient in wage and hour class action settlement).

United States District Court
Northern District of California

1    the parties have received, examined, and analyzed information, documents, and materials that

2    sufficiently enabled them to assess the likelihood of success on the merits and the extent of the

3    potential damages.  Therefore, this factor weighs in favor of approval.

4                         **d.  Experience and Views of Counsel**

5            The Court next considers the experience and views of counsel, and it finds that this factor

6    also weighs in favor of approval.  "[P]arties represented by competent counsel are better

7    positioned than courts to produce a settlement that fairly reflects each party's expected outcome in

8    litigation."  *Rodriguez*, 563 F.3d at 967 (quotation omitted).  Accordingly, "[t]he

9    recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *In re*

10   *Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008).  The Court has previously

11   evaluated class counsel's qualifications and experience and concluded that counsel is qualified to

12   represent the class's interests in this action given their extensive experience litigating class actions.

13   *See* Dkt. No. 119 at 8–9.  The Court recognizes, however, that courts have diverged on the weight

14   to assign counsel's opinions.  *Compare Carter v. Anderson Merch., LP*, 2010 WL 1946784, at *8

15   (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.") *with Chun-*

16   *Hoon*, 716 F. Supp. 2d at 852 ("[T]his court is reluctant to put much stock in counsel's

17   pronouncements. . . .").  This factor's impact is therefore modest but favors approval.

18                        **e.  Reaction of Class Members**

19           The reaction of class members supports final approval.  "[T]he absence of a large number

20   of objections to a proposed class action settlement raises a strong presumption that the terms of a

21   proposed class settlement action are favorable to the class members."  *Nat'l Rural Telecomms.*

22   *Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *In re Linkedin User Privacy*

23   *Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) ("A low number of opt-outs and objections in

24   comparison to class size is typically a factor that supports settlement approval.").

25           Class notice advising each class member of the requirements regarding objections and

26   exclusions was served in accordance with the methods approved by the Court.  Of the 1,039 class

27   members, only one opted out and none submitted an objection.  *See* FA Mot. at 15.  Further, at the

28   May 9 final fairness hearing, no putative class member voiced an objection.  The Court finds that

the nearly unanimous positive reception of the settlement by class members favors approval. *Cf. Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement where 45 of approximately 90,000 class members objected).

*       *       *

After considering and weighing all of the above factors, the Court finds that the settlement agreement is fair, adequate, and reasonable, and that the settlement class members received adequate notice. Accordingly, Plaintiff's motion for final approval of class action settlement is **GRANTED**.

## III.    MOTION FOR ATTORNEYS' FEES AND COSTS

In its second unopposed motion, class counsel asks the Court to approve an award of $900,000 in attorneys' fees and $9,894 in costs. *See* Fees Mot. at 1.

### A.    Attorneys' Fees

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Court has discretion in a common fund case to choose either (1) the lodestar method or (2) the percentage-of-the-fund when calculating reasonable attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Under the percentage-of-recovery method, twenty-five percent of a common fund is the benchmark for attorneys' fees awards. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.").

Under the lodestar method, a "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*

United States District Court
Northern District of California

*v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quotation omitted). Generally, "the relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "In addition to affidavits from the fee applicant, other evidence of prevailing market rates may include affidavits from other area attorneys or examples of rates awarded to counsel in previous cases." *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 687 (N.D. Cal. 2016).

Although "the choice between lodestar and percentage calculation depends on the circumstances, . . . either method may . . . have its place in determining what would be reasonable compensation for creating a common fund." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (quotation omitted). To guard against an unreasonable result, the Ninth Circuit has encouraged district courts to cross-check any calculations done in one method against those of another method. *Vizcaino*, 290 F.3d at 1050–51. Whether the Court awards the benchmark amount or some other rate, the award must be supported "by findings that take into account all of the circumstances of the case." *Id.* at 1048.

Class counsel seek fees equal to 30% of the settlement fund, which amounts to $900,000. *See* Fees Mot. at 10. Counsel represent that they have "devoted more than 1,405 hours to this litigation" at billing rates from $280 per hour for litigation assistants to $485 per hour for associates to $980 per hour for partners. *See* Fees Mot. at 13; Dkt. No. 127 ¶ 41; Dkt. No. 128 ¶ 24. Counsel thus calculates their lodestar—not including time spent on this fees motion or the motion for final approval—to be $915,353. *See* Fees Mot. at 12–13. At the motion hearing, counsel estimated that their lodestar had increased to $960,000 and would continue to increase until funds were distributed to class members.

The Court finds the request for $900,000 in attorneys' fees to be reasonable. Counsel achieved a real benefit for the class members, who stand to receive an average of nearly $2,000 apiece. Counsel attained this result only after engaging in third-party discovery and fairly

complex motion practice, including defeating the Apollo Defendants' motion to dismiss in which they argued that they could not be held liable as parent companies. Though the request for fees equal to 30% of the settlement fund is higher than the 25% benchmark, it is well within the ordinary range of fees approved by courts in this district. *See, e.g.*, *Bower v. Cycle Gear, Inc*, No. 14-CV-02712-HSG, 2016 WL 4439875, at *7 (N.D. Cal. Aug. 23, 2016) (approving fee award equal to 30% of settlement fund, resulting in a 1.37 lodestar multiplier). The Court also finds it noteworthy that the requested fees are lower than the lodestar, resulting in a lodestar multiplier of approximately 0.98. Given the circumstances of this case, the Court finds the fee request reasonable under both the percentage of recovery and lodestar methods, and **GRANTS** the request for $900,000 in attorneys' fees.

### B. Costs

Class counsel are also entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (quotation omitted). Class counsel seek reimbursement from the settlement fund for $9,894 in litigation costs and expenses. *See* Fees Mot. at 15. These costs include filing fees, copying costs, postage, legal research, couriers, service of process, and other costs that would normally be charged to a paying client. *See id.*; Dkt. No. 128-1 Ex. G; Dkt. No. 127 ¶¶ 57, 58. Defendants do not oppose this request and no class members have objected. The Court finds the amount requested by class counsel reasonably incurred and **GRANTS** in full the motion for costs in the amount of $9,894.

## IV. MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD

Finally, in its third unopposed motion, class counsel asks the Court to grant a service award in the amount of $15,000 to the named Plaintiff, David McDonald. *See* SA Mot. at 1.

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez*, 563 F.3d at 958 ("Incentive awards are fairly typical in class action cases."). They are designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59.

United States District Court
Northern District of California

Nevertheless, the Ninth Circuit has cautioned that "district courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013). This vigilance is particularly important where "the proposed service fees greatly exceed the payments to absent class members." *Id.* at 1165 (quotation omitted). The district court must evaluate an incentive award by analyzing "relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation." *Staton*, 327 F.3d at 977 (internal quotation and alterations omitted). Courts in this district have recognized that a $5,000 service award "is presumptively reasonable." *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL 362395, at *10 (N.D. Cal. Jan. 29, 2016) (citing *Harris v. Vector Marketing Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012)).

McDonald submitted a declaration detailing his efforts in this litigation, which he estimates totaled to 43.5 hours. *See* Dkt. No. 130-2 ¶ 8. McDonald explained that he "sought out potential attorneys," worked with counsel prior to the filing of the lawsuit, searched for documents, conferred with his fellow terminated co-workers, coordinated with class counsel, and attended the magistrate judge settlement conference. *See id.* McDonald also expressed that he was "concern[ed]" that filing this lawsuit would "put [his] future employment at risk." *See id.* ¶ 10.

Considering all of the circumstances of this case and McDonald's involvement, the Court concludes that a $15,000 incentive award is outsized but that a service award of twice the presumption is fair and reasonable. McDonald was actively involved in the successful prosecution of this lawsuit and thus the presumptive award does not adequately compensate him for his efforts or reputational risk incurred. However, the requested service award is approximately 7.5 times the recovery of an average class member and is disproportionate to the number of hours McDonald put into this lawsuit. Accordingly, the Court **GRANTS IN PART** Plaintiff's motion for a class representative incentive payment and awards McDonald $10,000.

## V.    CONCLUSION

For the foregoing reasons, the Court orders that:

1.   Plaintiff's motion for final approval of class action settlement is **GRANTED.**

2.   Plaintiff's motion for an award of attorneys' fees and costs is **GRANTED**.  Class counsel shall be awarded $900,000.00 in attorneys' fees and $9,894 in costs from the settlement fund.

3.   Plaintiff's motion for a class representative service award is **GRANTED IN PART** and the Court awards McDonald $10,000.00.

The parties and settlement administrator are directed to implement this order and the settlement agreement in accordance with the terms of the settlement agreement.

**IT IS SO ORDERED.**

Dated:   5/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| REYNALDO LOPEZ et al.<br><br>       Plaintiffs,<br><br>  v.<br><br>DELTA AIRLINES, INC. et al.<br><br>       Defendants. | No. 2:15-cv-07302-SVW-SS<br><br>[Assigned to Hon. Stephen V. Wilson; Magistrate Judge: Hon. Suzanne H. Segal]<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS** |

/ / /

/ / /

/ / /

The Court, having considered the papers submitted in support of Plaintiffs Reynaldo Lopez, LaDona Narr, Karl Armstrong, Eunice Delgadillo, Umberto Mendoza and Aveia Tautolo's ("Plaintiffs") Motion for Attorneys' Fees, Costs and Class Representative Service Payments, hereby finds and orders as follows:

## FINDINGS OF FACT

1.   Pursuant to the Stipulation of Settlement ("Stipulation") (Dkt. 138-3), Class Counsel are entitled to attorneys' fees in an amount not to exceed $1,416,667.00, subject to court approval, and reimbursement of costs as determined by the Court. Pursuant to the Declaration of Matthew J. Matern (Dkt. 138-2, ¶ 39), Class Counsel's costs were not expected to exceed $190,000.00.

2.   As of September 28, 2017, Class Counsel's combined lodestar calculation is $1,568,474.75, representing a total of 2724.55 attorney hours at Class Counsel's customary hourly rates.

3.   Class Counsel's hourly rates are reasonable and in line with rates prevailing in the community for attorneys of comparable skill, experience, and reputation.

4.   The number of hours expended and documented by Class Counsel was reasonable and necessary under the circumstances of this action.

5.   The attorneys' fees requested in the amount of $1,416,667.00 represent a negative multiplier of approximately 0.90 of Class Counsel's lodestar.

6.   Class Counsel's request for an award of $1,416,667.00 in attorneys' fees represents 33-1/3% of the common settlement fund.

7.   Therefore, whether analyzed on a lodestar/multiplier basis or as a percentage of the common fund, the attorneys' fees requested by Class Counsel in the amount of $1,416,667.00 are fair and reasonable.

8.   Class Counsel has incurred $171,942.48 in costs and expenses. Such costs and expenses were reasonably incurred in prosecuting this action on behalf of the Class.

9.     The Class Notice approved by the Court and disseminated via U.S. Mail to the Class Members by the Settlement Administrator notified Class Members of the maximum amounts of attorneys' fees and costs sought by Class Counsel. The Class Notice further notified Class Members of their right to object to the Settlement and the deadline to file an objection.  The Motion for Attorneys' Fees and Costs was filed before the deadline to object to the Settlement.

10.     ____ objections have been filed to the requests for attorneys' fees, costs and Class Representative Service Payments.

## CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 23(h)(3) and 52(a), the Court reaches the following conclusions of law:

1.     As this Court's jurisdiction arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which means the Court is sitting in diversity, the Court applies California state law in assessing Class Counsel's fee application, as both the availability of a fee award and the method of calculating that award are considered substantive issues reflecting important state policy. *See Mangold v. California Public Utilities Commission*, 67 F. 3d 1470, 1478 (9th Cir. 1995) ("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state."); *Gezalyan v. BMW of North America*, 697 F. Supp. 2d 1168, 1170 (C.D. Cal. 2010) ("In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees."); *Gonzalez v. S. Wine & Spirits of Am., Inc.*, 555 F. App'x 704, 704 (9th Cir. 2014) ("The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney's fees. Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award.").

///

2. Class Counsel is entitled to recover reasonable attorneys' fees and costs of suit under Labor Code §§ 1194 and 2802, as this litigation culminated in a settlement that provided for a recovery of unpaid wages and unpaid expense reimbursements.

3. Class Counsel is also entitled to a fee award under California's private attorney general statute, Code of Civil Procedure § 1021.5, as (a) this action has resulted in the enforcement of an important right affecting the public interest, (b) a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons, and (c) the necessity and financial burden of private enforcement are such as to make the award appropriate.

4. Under the lodestar method, the court considers a compilation of the time spent and a reasonable hourly compensation of each attorney to evaluate the reasonableness of the fee requested. *See Ramos v. Countrywide Home Loans*, Inc., 82 Cal. App. 4th 615, 622 (2000). The hours spent and the reasonable hourly compensation are computed to arrive at a "lodestar" figure which may then be augmented or diminished by the court taking into account various "multiplier" factors. *Id.* (citing *Serrano,* 20 Cal. 3d at 48-49).

5. Under California law, "[m]ultipliers can range from 2 to 4 or even higher." *Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 254-255 (2001). To determine whether a positive lodestar multiplier is justified, California courts consider various factors, including: (1) the contingent nature of the fee agreement, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (2) the novelty or difficulty of the questions involved, and the skill displayed in presenting them; (3) the results obtained; and (4) any delay in payment. *See Serrano,* 20 Cal. 3d at 49; *Ramos,* 82 Cal. App. 4th at 622; *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582 (2004).

///

///

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS
No. 2:15-cv-07302-SVW-SS

6.      The California Supreme Court has held that "when a number of persons are entitled in common to a specific fund, and an action brought by a plaintiff or plaintiffs for the benefit of all results in the creation or preservation of that fund, such plaintiff or plaintiffs may be awarded attorneys' fees out of the fund." *Serrano*, 20 Cal.3d at 34. (internal citations omitted); *see also Laffitte v. Robert Half International, Inc.*, 1 Cal. 5th 480, 506 (2016).

7.      While there is no specific benchmark under California law, payment of 30% through 45% of the fund amount toward attorneys' has been determined to be a reasonable amount. *See* Cabraser, *California Class Actions Practice and Procedure*, § 15.03 (LexisNexis, 2003); *see also Laffitte*, 1 Cal. 5th at 506 (affirming fee award equal to 33-1/3% of the common fund created by the settlement).

8.      United States District Courts in California have commonly awarded attorneys' fees ranging from 30 to 40 percent in common fund cases. *See Corral v. Lifecare Solutions Inc.*, No. CV12-10074-FMO (PJWx), Dkt. No. 55 (C.D. Cal. Nov. 6, 2014) (approving requested fee award of 33 1/3%); *Ruiz v. JCP Logistics, Inc.*, No. SACV131908JLSANX, 2016 WL 6156212, at *10 (C.D. Cal. Aug. 12, 2016) (awarding attorney's fees of 30% of the gross settlement fund); *Ingalls v. Hallmark Mktg. Corp.*, No. 08-CV-4342-VBF (E), 2009 U.S. Dist. LEXIS 131078 (C.D. Cal. Oct. 16, 2009) (wage and hour class action awarding fees equal to 33 1/3%); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM SHX, 2008 WL 8150856, at *16 (C.D. Cal. Jul. 21, 2008) (concluding 34% fee award is fair and reasonable in wage and hour class action).

9.      Class Counsel is entitled to recover reasonable attorneys' fees and costs of suit under Labor Code §§ 1194 and 2802 as this litigation culminated in a settlement that provided for a recovery of unpaid wages and unpaid expense reimbursements.

///

///

10.    Courts routinely grant enhancements for class representatives, which are necessary to provide an incentive to represent the class and are appropriate given the benefit the Class Representatives produce for the class. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The requested enhancements of $10,000 each for the two Class Representatives, LaDona Narr and Karl Armstrong, are fair and reasonable in light of the Class Representatives' efforts on behalf of the Class, including in bringing the action, participating in discovery and sitting for deposition, and assisting Class Counsel in investigation and fact development.  In addition, the Class Representatives undertook substantial reputational risk in pursuing a class action lawsuit against their former employer, and have agreed to broader releases in the Settlement than the absent Class Members.

## ORDER

Pursuant to Fed. R. Civ. P. 23(h), the Court orders as follows:

1. Class Counsel are awarded attorneys' fees in the amount of $1,416,667.00 for their services in connection with the litigation and resolution of the claims asserted in this action, to be paid from the Gross Settlement Amount pursuant to the terms of the Stipulation;

2. Class Counsel are awarded $171,942.48 in costs and expenses, to be paid from the Gross Settlement Amount pursuant to the terms of the Stipulation; and

3. Plaintiffs and Class Representatives LaDona Narr and Karl Armstrong are awarded $10,000.00 each for their service to the Class.

**IT IS SO ORDERED.**

Date: November 15, 2017

Hon. Stephen V. Wilson
United States District Judge

EXHIBIT D

JAMES M. FINBERG (SBN: 114850)
Email: jfinberg@altshulerberzon.com
EVE H. CERVANTEZ (SBN: 164709)
Email: ecervantez@altshulerberzon.com
CONNIE K. CHAN (SBN: 284230)
Email: cchan@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone: (415) 421-7151
Facsimile:  (415) 362-8064

JOHN T. MULLAN (SBN: 221149)
Email: jtm@rezlaw.com
MICHELLE G. LEE (SBN: 266167)
Email: mgl@rezlaw.com
**RUDY, EXELROD, ZIEFF & LOWE, L.L.P.**
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513

Attorneys for Plaintiffs CARMEN SPICHER and
DAVID FLEMING and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARMEN SPICHER and DAVID FLEMING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AIDELLS SAUSAGE COMPANY, INC.,<br><br>Defendant. | Case No. 3:15-cv-05012-WHO<br><br>**REVISED ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:     May 31, 2017<br>Time:     2:00 p.m.<br>Ctrm.:    2<br>Judge:   The Hon. William H. Orrick<br><br>Trial Date:  None Set<br>FAC Filed: January 17, 2015 |

Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Costs and Expenses came on for hearing before this Court on May 31, 2017.  Having considered the arguments and evidence, and for the reasons that follow, the Court hereby GRANTS Plaintiffs' motion and awards Class Counsel $593,750.00 in attorneys' fees (25% of the settlement fund) and $43,883.49 in costs and expenses.

## I.    The Requested Fee Award Is Reasonable

The Court finds that the requested fee award, which is 25% of the settlement fund and only approximately two-thirds of Class Counsel's lodestar, is reasonable under both the percentage-of-the-fund method and a lodestar cross-check, particularly in light of the substantial time and resources Class Counsel devoted to this risky litigation on a contingency basis, and in light of the excellent results obtained through the settlement.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942, 944 (9th Cir. 2011); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

After two years of hard-fought litigation, Class Counsel secured a $2.375 million, non-reversionary settlement with Defendant Aidells Sausage Company, Inc. ("Defendant" or "Aidells") on behalf of approximately 509 former Aidells employees who performed product demonstrations in retail and Costco stores throughout the state.  Pursuant to the terms of the Settlement Agreement, after deducting proposed attorneys' fees and costs, proposed service payments to the two named plaintiffs, LWDA payment, an errors and omissions fund, and settlement administration costs, the remainder of the fund (approximately $1.666 million) will automatically be distributed to all Class Members who can be located and who do not timely exclude themselves from the settlement by opting out.  The average gross (*i.e.*, pre-tax) payment to each Class Member will be over $3,000.00.  *See* Settlement Agreement, Dkt. 60-3 ("Settlement") ¶¶III.L.7, III.M.2.

In order to obtain this significant benefit for the Class, Class Counsel devoted substantial time and resources to investigating and litigating this complex class and collective action over more than two years – all of which was undertaken on a contingency basis in the face of considerable risk that Class Counsel would ultimately receive no compensation at all.  Class

1    Counsel's efforts included conducting extensive informal factual investigation (including

2    interviews with dozens of absent class members), reviewing voluminous documents produced in

3    discovery, and taking and defending depositions.  At the time the parties reached settlement,

4    Plaintiffs' motion for certification under Rule 23 was already fully briefed.  The Court finds that

5    the excellent results Class Counsel achieved for the Class in the face of considerable litigation

6    risks, and the substantial burdens Class Counsel shouldered for over two years while pursuing

7    this litigation on a contingency basis at the expense of other work, all support the reasonableness

8    of the requested fee award.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir.

9    2002).

10          The percentage Class Counsel seeks (25%) is the Ninth Circuit benchmark for common

11   fund awards.  *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir.

12   2015); *In re Bluetooth*, 654 F.3d at 942.  Here, the Court finds that a fee award of 25% is

13   reasonable under the common fund doctrine, particularly in light of the excellent results achieved

14   and the significant risks presented.  No special circumstances require departure from the 25%

15   "benchmark" standard.  *See Six (6) Mexican Workers*, 904 F.2d at 1311.

16          The Court finds that the reasonableness of the fee request is confirmed by a lodestar

17   cross-check.  Class Counsel's lodestar as of March 23, 2017, the date of their Motion for

18   Attorneys' Fees and Costs, exceeded $852,800.00.  Declaration of James M. Finberg in Support

19   of Plaintiffs' Motion for Attorneys' Fees and Expenses ("Finberg Fee Decl.") ¶¶31-32;

20   Declaration of John Mullan in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses

21   ("Mullan Fee Decl.") ¶¶35-37; *see In re Bluetooth*, 654 F.3d at 942, 944-45 (endorsing use of

22   lodestar cross-check); *Vizcaino*, 290 F.3d at 1050.  Between March 23, 2017, and May 15, 2017

23   Class Counsel performed additional work. (Finberg Reply Decl. ¶3). Thus, the requested fees are

24   considerably *lower* than Class Counsel's lodestar.

25          The Court finds that the hours and rates used to calculate Class Counsel's lodestar, as

26   documented in detail in Class Counsel's supporting declarations, are reasonable.  As detailed in

27   the accompanying declarations of Class Counsel, Class Counsel spent more than 1,615 hours

28   litigating this case without any guarantee of payment, and faced substantial risk that they would

REVISED ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:15-CV-05012-WHO

not be compensated for their time.  Finberg Fee Decl. ¶¶15-22, 30-32; Mullan Fee Decl. ¶¶21-28, 37.  The Court finds that this time was reasonably spent on numerous essential litigation tasks in prosecuting this action over more than two years.  The Court thus finds that the hours used in calculating Class Counsel's lodestar are reasonable.

The Court also finds that the rates used in calculating Class Counsel's lodestar are reasonable.  The lodestar should be calculated using hourly rates that are "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), and it is appropriate to apply each attorney's current rates for all hours of work, regardless of when performed, to account for the delay in payment resulting from the years it took to litigate the case, *see Missouri v. Jenkins*, 491 U.S. 274, 282-84 (1989).  Here, Class Counsel's experience, reputation, and ability justify the hourly rates used to calculate the lodestar, which are consistent with the market rates for attorneys of their level of skill and experience.  The hourly rates used by Class Counsel to calculate their lodestar are rates that paying clients have actually paid them, and that have repeatedly been approved by this and other courts as reasonable.  Moreover, while the complexity and risks of this litigation would justify enhancement of the lodestar by a risk multiplier, *see Vizcaino*, 290 F.3d at 1051, Class Counsel seek a fee award that is only approximately two-thirds of their actual lodestar, which further underscores the reasonableness of their fee request.

For all the foregoing reasons, the Court finds that the requested fee award is fair, reasonable, and appropriate, and accordingly awards Class Counsel $593,750.00 in attorneys' fees.

## II.      The Requested Cost Award Is Reasonable

The Court finds that Class Counsel are also entitled to reimbursement from the settlement fund in the amount of $43,883.49 for litigation costs and expenses reasonably incurred, which is more than $6,116.00 less than the amount they are authorized to seek under the terms of the Settlement Agreement.  *See* Settlement ¶III.M.4.  Like attorneys' fees, these expenses should be paid from the common fund because all Class Members should share their fair share of the costs of the litigation, from which they benefitted.  The expenses for which Class Counsel seek

reimbursement are the normal costs of litigation that are traditionally billed to paying clients. *See, e.g.*, *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys should recover reasonable out of pocket costs of the type ordinarily billed to paying clients). The Court has reviewed the supporting declarations of Class Counsel and finds that the costs and expenses for which they seek reimbursement were necessary to the prosecution of this litigation, were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class. The Court finds that Class Counsel's costs are reasonable and reimbursable, and accordingly awards Class Counsel $43,883.49 in costs and expenses. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1177-78 (S.D. Cal. 2007).

**IT IS SO ORDERED.**

Dated: May 31, 2017

_____
Honorable William H. Orrick III
United States District Court Judge

REVISED ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:15-CV-05012-WHO

# EXHIBIT E

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICK CANCILLA, et al.,

          Plaintiffs,

     v.

ECOLAB, INC.,

          Defendant.

Case No. 12-cv-03001-JD

**ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND SERVICE PAYMENTS**

Re: Dkt. No. 227, 228, 231

In this wage-and-hour class and collective action, the Court previously granted preliminary approval of a proposed class action settlement. Dkt. No. 226. Following a December 9, 2015 hearing, this order resolves plaintiffs' unopposed motions for: (1) final settlement approval and certification of a settlement class, (2) attorneys' fees and costs, and (3) class representative service awards. Dkt. Nos. 231, 227, 228. The Court grants the first two motions, and grants in part the third.

**BACKGROUND**

The key facts are set out in the Court's preliminary approval order. Dkt. No. 226. In summary, the plaintiffs in this action are current and former Service Specialists, Select Segment Service Specialists and Senior Service Specialists in Ecolab's Pest Elimination Division (collectively, "Service Specialists"). *Id.* at 1; Dkt. No. 119 ¶ 8. Plaintiffs allege that Ecolab misclassified them as exempt from the Fair Labor Standards Act, and consequently "failed to pay them overtime at a rate not less than one and one-half times their regular rate of pay for all hours worked over forty (40) hours in a workweek." Dkt. No. 119 ¶¶ 8-9. The named plaintiffs also allege various state law violations relating to Ecolab's compensation practices. *Id.* at 4-12.

In 2013, the Court conditionally certified the FLSA claim in this case as a collective action under section 16(b) of the FLSA, 29 U.S.C. 216(b) and ordered that notice of the collective action be mailed to putative members.  Dkt. No. 85.  The parties entered into a settlement agreement after mediation in May 2015.  Dkt. No. 231 at 3.  That settlement agreement is the operative agreement in this case.  *See* Dkt. No. 231 at 1, 4; Dkt. No. 223-2.  The Court granted preliminary approval on August 12, 2015, finding that the agreement was "fair, reasonable, and adequate" under Federal Rule of Civil Procedure 23(e).  Dkt. No. 226.

The proposed class consists of 1,053 individuals, including 580 Service Specialists who opted in to the previously certified FLSA collective action class and 473 additional putative class members that are Service Specialists in eight state settlement classes.  Dkt. No. 231 at 1.  The conditionally certified FLSA collective action class includes:

> [a]ll individuals who worked for Ecolab as a Service Specialist from October 12, 2010 to the present who opted into this lawsuit, and were not dismissed, and did not withdraw, other than the two Opt-In Plaintiffs who were dismissed and then added back, as of the May 8, 2015 mediation.

Dkt. No. 223-2 at 3.  The putative state settlement classes cover all Service Specialists who worked for Ecolab in Colorado and New York from June 12, 2006 through April 30, 2015; in Illinois, Maryland, and Washington from June 12, 2009 through April 30, 2015; and in Missouri, North Carolina, and Wisconsin from June 12, 2010 through April 30, 2015.  Dkt. No. 223 at 9.

The non-reversionary settlement fund to be paid by Ecolab to settle the suit is $7,500,000.  Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 10.  The agreement states class counsel's intention to seek up to 25% of this settlement amount for attorney fees and reimbursement of up to $150,000 for out-of-pocket costs.  Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 10.  The agreement also expresses the class representatives' intention to request service payments of $3,000 each, to total $27,000 for the nine class representatives.  Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 11.  Up to an additional $45,000 was estimated for the settlement administrator.  Dkt. No. 231 at 4.  Ecolab agreed to pay additionally the employer's share of state and federal payroll taxes on the portion of settlement payouts that are designated as unpaid wages.  *Id.*; Dkt. No. 223-2, Exh. 1 at 10.  A reserve of $25,000 of the settlement fund will be set aside to address processing errors and to

United States District Court
Northern District of California

1    ensure that all participating class members will receive at least $100 from the settlement. Dkt. No.

2    231 at 4-5. The remaining fund, estimated to be close to $5,400,000, will be distributed among

3    the class members on a modified pro rata basis according to their weeks worked as a Service

4    Specialist during the class periods, applying a multiplier of 1.5 to the hours worked by FLSA class

5    members during the FLSA class period. Dkt. No. 231 at 5-6.

6        The class members do not need to submit claim forms in order to receive a settlement

7    check. Unless they excluded themselves from the settlement, all class members will receive a

8    check with no further action required. Dkt. No. 231 at 5. If the amount of uncashed checks

9    together with the $25,000 reserve fund totals $30,000 or more after 120 days, those funds will be

10   redistributed to the class members who cashed their initial checks on a pro-rata basis. *Id*. If the

11   amount is less than $30,000, it will go to the cy pres beneficiary, the Legal Aid Society-

12   Employment Law Center in San Francisco. *Id.*

13       The class members who do not opt out will release Ecolab from all claims for:

14           wages, statutory and civil penalties, damages and liquidated
             damages, interest, fees and costs that were or could have been
15           alleged and whether known or unknown under the FLSA and/or
             Colorado, Illinois, Maryland, Missouri, New York, North Carolina,
16           Washington or Wisconsin law, arising out of the allegations of the
             Complaint during the applicable Class Periods set forth above...
17

18   Dkt. No. 231 at 6; Dkt. No. 223-2, Ex. 1 at 24. This release is "limited to wage and hour claims

19   that were alleged in the Complaints in the action or arise from facts alleged in the Complaints."

20   Dkt. No. 231 at 7. Each plaintiff for whom the Court approves an incentive payment also will sign

21   "individual, general releases" of claims, including any claims arising from their employment with

22   Ecolab. *See id.*; *see* Dkt. No. 223-2, Ex. 1 at 26.

23       Plaintiffs report that notice has been provided in accordance with the proposed settlement

24   agreement and the Court's preliminary approval order. The settlement administrator received and

25   updated a list of the class members' names and addresses. Dkt. No 231 at 7; Dkt. No. 231-2 ¶ 3.

26   The approved class notice was mailed to the updated mailing addresses. Dkt. No. 231-2 ¶ 4.

27   Efforts were made to locate new addresses, and a second round of notice packets were sent to

28   those whose packets were returned in the first cycle. *Id*. ¶ 7. The notice informed parties they

could challenge their applicable workweek calculation, and the one challenge that was made was resolved. *Id.* ¶ 8. A toll-free line and website were set up to field inquiries and provide information. *Id.* ¶¶ 5-6. The administrator reported that as of the October 19, 2015 deadline, the only two requests by putative class members for exclusion from the class had been rescinded. *Id.* ¶ 9; Dkt. No. 231 at 8. No objections to the settlement were received. Dkt. No. 231-2 ¶ 10; Dkt. No. 231 at 8.

## DISCUSSION

### I. FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL CERTIFICATION OF SETTLEMENT CLASS

In the order granting preliminary approval, the Court found that the proposed settlement satisfies the requirements of Federal Rule of Civil Procedure 23(a), namely, numerosity, commonality, typicality and adequacy of representation. Dkt. No. 226 at 5-6. The Court also found that the proposed class met the predominance and superiority requirements of Rule 23(b)(3). *Id.* at 6. The Court concluded that, overall, the proposed agreement was "fair, reasonable, and adequate" under Rule 23(e). *Id.* at 4.

The Court finds that these conclusions hold at this final approval stage. The relief available to the class is reasonable in light of the risks they face. For the strengths and weaknesses of plaintiff's case, plaintiff's motion points to the defenses defendant raised in its summary judgment motion, including arguments that certain of plaintiff's claims fell into FLSA exemptions. Dkt. No. 231 at 11. Plaintiffs also cite the difficulties they were facing in maintaining certification of the FLSA class and obtaining certification of the eight state classes. *Id.* at 11-12. By settling, the class avoids the risk that the Court will find merit in any of those bases, and each member will instead simply receive a check in the mail that on average, is expected to equal approximately five thousand dollars. *Id.* at 13.

The Court also finds that the discovery done in the case was appropriate, and plaintiffs' counsel has detailed a sufficiently robust investigation, including interviews with hundreds of class members, depositions of Ecolab witnesses, and significant amounts of written discovery and document production. *Id.* at 14. Last but not least, plaintiffs report that no class members have

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    objected to the proposed settlement, which is a significant factor in favor of final approval.  *Id.* at

2    15-16; *see Sarkisov v. StoneMor Partners L.P.,* No. 13-CV-04834-JD, 2015 WL 5769621, at *3

3    (N.D. Cal. Sept. 30, 2015); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575, 576

4    n.7 (9th Cir. 2004) (listing "the reaction of the class members to the proposed settlement" among

5    the "non-exclusive" settlement evaluation factors courts are to consider before granting approval).

6    No objections were raised at the public hearing.

7        The Court determines that notice to the class members was accomplished in the manner

8    prescribed by the settlement and as approved by the Court at the preliminary approval stage.  *See*

9    Dkt. No. 226 at 6.

10       On the FLSA side of the case, the Court previously found that plaintiff had satisfied the

11   standards and granted conditional certification of the FLSA collective action, which is generally

12   more lenient than the requirements for certification under Federal Rule of Civil Procedure 23.

13   Dkt. No. 226 at 2, 6; Dkt. No. 85.  That conclusion, too, still holds.  And for the same reasons

14   already discussed, the Court finds that the proposed FLSA settlement constitutes a "fair and

15   reasonable" resolution "of a bona fide dispute," and approves it.  *See Lynn's Food Stores, Inc. v.*

16   *United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  The Court confirms David Beausoleil and

17   Patrick Sweeney as class representatives of the FLSA opt in class.

18       Consequently, the Court grants final approval of the proposed settlement, finally certifies

19   the state settlement classes as proposed, and confirms as final the appointment of named plaintiffs

20   David Beausoleil, Lucio Flores, Robert Birch, Thomas Jennison, Michael Emanuel, Kenneth

21   Forbes, Frederick Simon, Brian O'Neil and Patrick Sweeney as the class representatives of the

22   respective state classes under Rule 23.

23   **II.  ATTORNEYS' FEES AND COSTS**

24       Plaintiff's counsel seeks the Court's approval for an award of $1,875,000 in attorneys' fees

25   and $135,601.83 in costs.  Dkt. No. 227 at 1.  Reasonable attorney's fees and costs are allowed

26   under Federal Rule of Civil Procedure 23(h) and Section 216 of the FLSA, 29 U.S.C. § 216(b),

27   both of which apply to this case.

28

United States District Court
Northern District of California

The amount sought by plaintiffs' counsel represents 25% of the $7,500,000 total class settlement. This amount is consistent with the "benchmark" in our Circuit when fees are sought in this manner. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%"). The reasonableness of the fees requested is confirmed by the fact that the fee award sought by counsel is only about 66% of the $2,835,000 in fees calculated by plaintiffs in their lodestar. *See* Dkt. No. 227 at 10; *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (approving the district court's use of the lodestar method "as a cross-check of the percentage method"). The Court finds that the unopposed fee request is also adequately supported by the documentation plaintiff has submitted, Dkt. Nos. 227-1 to 227-6, and the Court approves it.

Plaintiff's counsel has documented a request for $135,601.83 in costs, which the Court finds adequately-supported and reasonable. The Court awards these costs as requested.

### III. INCENTIVE AWARDS

The "incentive payment" request is granted only in part. Plaintiffs ask the Court to award an extra $3,000 in incentive payments to each of the nine named plaintiffs and class representatives. Dkt. No. 228 at 1.

The Court, following the Ninth Circuit, has consistently expressed strong skepticism of arrangements whereby named plaintiffs do better than ordinary members of the class, based on the danger that it may lead to collusive settlements and conflict within the plaintiff's side of the case. *See Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014) ("Absent a particularized showing of expenses incurred or injury suffered by [the named plaintiff] (above and beyond those of the other proposed class members), an enhancement award is inappropriate"); *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527, 2014 WL 5826335, at *6 (N.D. Cal. Nov. 10, 2014); *Sarkisov*, 2015 WL 5769621, at *4. The Court has expressly advised the parties in this case that this is a "practice that this Court normally rejects." Dkt. No. 226 at 7.

United States District Court
Northern District of California

But the Court's serious doubts about the propriety of incentive payments do not amount to an inflexible rule. In rare circumstances, there can be factors that warrant the award of additional money to the named representatives above and beyond what the rank-and-file class members get. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (describing relevant factors in determining an incentive award as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation" (quotation omitted)).

This case qualifies for a modest additional award to the named plaintiffs. As an initial factor, the named plaintiffs won a significant settlement in this matter, which will result in an average payout of approximately $5,000 to class members. Dkt. No. 228 at 1. This is a significant settlement and recovery in the context of this case and the non-highly compensated Service Specialist plaintiffs. *See* Dkt. No. 231 at 13. And more than half of the named plaintiffs appear to have been Ecolab employees during the pendency of the suit, and still worked on the case despite the possibility of retaliation from their employer. Dkt. No. 228 at 5; Dkt. No. 228-3; Dkt. No. 228-10; Dkt. No. 229; Dkt. No. 228-5; Dkt. No. 228-8. The named plaintiffs will sign significantly broader releases than the other class members. Dkt. No. 228 at 7. The named plaintiffs report participation in many elements of the case, meeting with counsel and co-workers to investigate and prosecute the case, interfacing with co-workers regarding the case and their FLSA opt-in process, searching for documents and helping with other discovery, and participating in depositions and mediation. Dkt. No. 228 at 3-4; Dkt. No. 228-1 to 228-10; Dkt. No. 229.

In light of these facts, Court approves service awards of $500 to each of the nine named plaintiffs. In addition, all of the named plaintiffs may be reimbursed for any out-of-pocket costs and any work missed.

## CONCLUSION

The Court grants plaintiff's (1) motion for final approval of class settlement and for final certification of settlement class, Dkt. No. 231, and (2) motion for attorneys' fees and costs, Dkt. No. 227. The Court grants final approval of the proposed settlement, and finally certifies the state

settlement classes and FLSA class as proposed.  The Court confirms the appointment of David

Beausoleil, Lucio Flores, Robert Birch, Thomas Jennison, Michael Emanuel, Kenneth Forbes,

Frederick Simon, Brian O'Neil and Patrick Sweeney as the class representatives of the respective

state classes under Rule 23, and David Beausoleil and Patrick Sweeney as class representatives of

the FLSA opt in class.  The Court further approves the payment of $1,875,000 in attorneys' fees

and $135,601.83 in costs to class counsel.

       Plaintiff's motion for incentive pay to the nine class representatives, Dkt. No. 228, is

granted in part, and these named plaintiffs may be reimbursed for any out-of-pocket costs and any

work missed.

       The parties are ordered to comply with the remaining terms of the revised settlement

agreement, Dkt. No. 223-2, Exh. 1, and the Clerk is requested to close the file and terminate any

pending matters.

       **IT IS SO ORDERED.**

Dated:  January 5, 2016

_____

JAMES DONATO
United States District Judge

# EXHIBIT F

1

2

3

4

5

6

7

8

9

10

11                **UNITED STATES DISTRICT COURT FOR THE**

12        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

13

14   STEVE TOKOSHIMA, LUIS FLORES, and          CASE NO.:  C12-4810 CRB
     JAMES FABER, on Behalf of Themselves and All
15   Others Similarly Situated,                 **[~~PROPOSED~~] ORDER GRANTING
                                                FINAL APPROVAL OF CLASS ACTION
16            Plaintiffs,                        SETTLEMENT; GRANTING MOTION
                                                FOR ATTORNEY'S FEES AND
17     vs.                                       REIMBURSEMENT OF EXPENSES**

18   THE PEP BOYS - MANNY MOE & JACK OF        Date:   January 9, 2015
     CALIFORNIA, a California Corporation; THE PEP   Time:   10:00 a.m.
19   BOYS - MANNY MOE & JACK, a Pennsylvania   Ctrm.:  6
     Corporation; and DOES 1-10,               Judge:  Hon. Charles R. Breyer
20
              Defendants.
21

22

23

24

25

26

27

28
     ───────────────────────────────────────────────────────────
     [~~Proposed~~] Order Granting Final Approval of Class Action Settlement; Granting Motion for Attorney's Fees and
     Reimbursement of Expenses; Case No.: C12-4810 CRB

1    This matter was heard by the Court on January 9, 2015, at 10:00 a.m., in Courtroom 6, of

2    United States District Court, Northern District of California, before the Honorable Charles R.

3    Breyer, pursuant to the noticed Motions for Final Approval of Class Action Settlement and for

4    Attorneys' Fees and Reimbursement of Expenses.

5        The Court has reviewed the materials submitted by the parties, as well as the comments and

6    materials received from parties interested in the Settlement and has heard arguments presented at

7    the hearing.  For the reasons cited on the record as well as those stated hereafter, the Court finds

8    and orders as follows:

9        The Court, having considered the documents filed by the Parties in connection with the

10   class action settlement, the arguments of counsel, the Motion for Final Approval of Class Action

11   Settlement, pursuant to Fed. R. Civ. P. 23(e), filed December 1, 2014, Dkt. 75; the Motion for

12   Attorney's Fees and Reimbursement of Expenses, filed December 1, 2014, Dkt. 76; the Joint

13   Stipulation of Settlement and Release of Claims ("Settlement Agreement," Docket No. 72-2); this

14   Court's Order re Motion for Class Certification and Motion to Strike filed April 28, 2014, Dkt. 65;

15   the Motion for Preliminary Approval of Class Action Settlement, Dkt. 72; this Court's Order

16   Granting Preliminary Approval of Class Action Settlement filed September 26, 2014, Dkt. 73; and

17   the Reply Brief in support of Final Approval of Class Action Settlement and Award of Attorney's

18   Fees and Costs filed December 22, 2014, hereby grants final approval of the Settlement and grants

19   the motion for attorney's fees and reimbursement of expenses and HEREBY ORDERS AND

20   MAKES THE FOLLOWING DETERMINATIONS:

21       1.    Except as otherwise specified herein, the Court for purpose of this Final Approval

22   Order adopts all defined terms set forth in the Settlement Agreement.

23       2.    This Court has jurisdiction over the subject matter of this litigation and all claims

24   raised in this action and released in the Settlement Agreement, and personal jurisdiction over The

25   Pep Boys – Manny, Moe and Jack and The Pep Boys – Manny Moe and Jack of California

26   (collectively "Defendants"), and all Class Members.  Specifically, this Court has subject matter

27   jurisdiction over this action pursuant to 28 U.S.C. §1332.

28       3.    Pursuant to this Court's Order filed September 26, 2014, Docket No. 73, the Notice

1

of Settlement ("Notice") was mailed by first-class mail, on October 16, 2014, to 1,490 Class Members.  Most of the Notices were not returned as undeliverable, and the vast majority of Notice Packets that were initially returned undeliverable were re-mailed to new addresses determined after investigation.  The Notice advised the class of the pertinent terms of the proposed settlement, namely, the claims to be resolved by way of the settlement, the Gross Settlement Amount, the preliminary estimate of settlement payments and the basis for calculating each Class Members' settlement payment, the method for distributing settlement payments, the proposed deductions for attorney's fees, litigation costs, settlement administration costs, class representative enhancement payments, and amount to be paid to the State of California's Labor Workforce and Development Agency ("LWDA") under the Private Attorney General Act ("PAGA").  *See* Class Notice, Dkt. 72-3.  It further informed Class Members of the manner in which to request exclusion or to object to the settlement and the deadlines for each, and their right to appear in person or by counsel at the final approval hearing.  Adequate periods of time were provided by each of these procedures.  *Id.* As a part of this notice process, no class member has sought to be excluded from the Settlement Class, no Class Member has submitted a written objection, and no Class Member has stated an intention to appear at the final approval hearing.

4.      The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, and therefore fully satisfied the requirements of Fed. R. Civ. P. 23(c) and (e), and due process.

5.      The Court hereby approves the Settlement pursuant to Fed. R. Civ. P. 23(e), as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate.  The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement is the result of non-collusive, arms-length negotiations between experienced counsel representing the interests of the Class and Defendants, after thorough legal and factual investigation.  In granting final approval of the Settlement, the

2

Court considered the nature of the claims, the overall amount of the Settlement and the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.  In addition to these reasons and those set forth in the Court's statements on the record at the preliminary approval hearing and those set forth in the Preliminary Approval Order, the fact that no Class Member objected or opted out further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

6.      The Court finds and determines that the Settlement Payments to be paid to the Class Members as provided for by the Settlement are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members in accordance with the terms of the Settlement.

7.      The Court finds and determines that the $5,000.00 amount to be paid from the Gross Settlement Amount to the LWDA for civil penalties under PAGA, as provided for by the Settlement, is fair and reasonable.  The Court hereby gives final approval to and orders said payment to the LWDA in accordance with the terms of the Settlement.

8.      Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendants make payments to the Class Members in accordance with the Settlement.

9.      The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

10.      The Court also approves the settlement of the Released Claims as defined in paragraph V.1.38 of the Settlement Agreement.

11.      The Court also approves the payment of actual costs incurred, up to $39,000, from the Gross Settlement Amount to Simpluris Inc. for the costs of administering the Settlement as set forth in the Settlement Agreement.

12.      Every person in the class who did not submit a valid and timely request for

3

exclusion is a Class Member and shall be bound by the Settlement and the separately filed Final Judgment and Dismissal.

13. As of the Effective Date of the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the Pep Boys Releasees (as defined by the Settlement). As of the date of this Order of Final Approval, all Class Members who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively or in any other capacity, that are released by the Settlement against any of the Pep Boys Releasees.

14. Neither the Settlement nor any of the terms set forth in the Settlement constitutes an admission by the Defendants, or any of the Pep Boys Releasees, of liability to the Plaintiffs or any Class Member, nor does this Order of Final Approval constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of the Defendants or any of the other Pep Boys Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the Pep Boys Releasees; nor is this Order of Final Approval a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against the Pep Boys Releasees. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to enforce the instant Order of Final Approval, the Judgment, or the Settlement, or to support a defense by the Pep Boys Releasees of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction.

15. The Class Representatives have fairly and adequately represented and protected the interests of the Class in the Action. In light of their efforts, the Court hereby awards class representative incentive awards as follows: The Court approves Service Payments to the Class Representatives in the amount of $10,000.00 to Steve Tokoshima, $10,000.00 to James Faber, and

4

$7,500.00 to Luis Flores, as an enhancement for the initiation of this action, work performed, and risks undertaken, as more fully set forth in the moving papers and Class Representative Declarations.  These amounts are separate and apart from any other recovery to which these Class Representatives might be entitled to under other provisions of the Settlement Agreement.

16. The Court finds that notice of the requested award of attorney's fees and reimbursement of costs and expenses was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure.  Class Members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no Class Member has objected to the requested fees or expenses.

17. Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, the Court approves the application of Class Counsel, 1) Altshuler Berzon LLP; and 2) Rastegar & Matern, in the total amount of $1,080,000.00, or 30 percent of the gross settlement fund, for their attorney's fees and $97,207.56 for their actual litigation expenses incurred.  The award of 30 percent of the common fund is within the range of attorney fee awards in similar wage-and-hour class actions and is warranted in this case due to the high level of risk involved and the exceptional skill and diligence required to litigate and resolve the novel legal claims at issue.  The propriety of awarding 30 percent of the common fund in this case is confirmed by the lodestar cross-check.  Based on the time expended and rates charged, which the Court specifically finds to be reasonable, Class Counsel's lodestar actually exceeds the common fund award.

18. The Court further approves and directs Simpluris Inc., the appointed Settlement Administrator, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

> A. Class Members, by check, his/her individual Settlement Payment as calculated by the Settlement Administrator within thirty (30) calendar days of the "Effective Date" as defined in paragraph V.1.18 of the Settlement Agreement, and by second check, any additional amount determined to be

5

1     owing to each Class Member pursuant to paragraphs V.8.6-V.8.10 of the

2     Settlement Agreement, on the timelines set forth therein;

3      B.     Class Representatives, the sums of $10,000.00 to Steve Tokoshima,

4     $10,000.00 to James Faber, and $7,500.00 to Luis Flores, by check within

5     fifteen (15) calendar days of the Effective Date, in addition any Settlement

6     distribution to which each of them is entitled, and which shall be distributed

7     to them in accordance with subparagraph (A);

8      C.     State of California LWDA, the sum of $5,000.00 by check to the LWDA

9     within twenty (20) calendar days of the Effective Date;

10      D.     Altshuler Berzon LLP and Rastegar & Matern, jointly, by wire transfer, the

11     total amount of $1,080,000.00, or 30 percent of the Gross Settlement

12     Amount, for their attorney's fees and $97,207.56 for their litigation

13     expenses, within fifteen (15) calendar days of the Effective Date; and

14      E.     National Automotive Technician Education Foundation, by check, as *cy pres*

15     beneficiary, in accordance with paragraphs V.8.8 and V.8.11 of the

16     Settlement Agreement.

17     19.     The Notice informed Class Members that they would be mailed Settlement Payment

18 checks only if they could be located during the Notice process. Notice, Dkt. 72-3 at 7 ¶12. The

19 Notice further informed Class Members that funds from Settlement Payment checks that are not

20 cashed will be redistributed. *Id.*, Dkt. 72-3 at 8 ¶13. The Settlement Payment checks sent to Class

21 Members in this matter do not entitle the Class Members to the proceeds of the check. Class

22 Members must negotiate the check issued to them within the stale date period set forth in ¶V.8.5 of

23 the Settlement Agreement to perfect their right to receive payment from the Net Settlement

24 Amount. Checks which are not negotiated by the stale date or regarding which there has not been a

25 reissue request made by the stale date will become void. The recipient's interest in a payment from

26 the Net Settlement Amount will upon the stale date be extinguished. The funds resulting from the

27 voided checks and any related tax payments will become a part of the corpus of the Net Settlement

28 Amount and will be subject to redistribution or tender to a cy pres recipient, as directed in ¶¶V.8.6-

1    V.8.10 of the Settlement Agreement.

2         20.    Without affecting the finality of the Settlement or the Judgment in any way, the

3    Court retains jurisdiction over this Action and the parties, including all Class Members, for the

4    administration and effectuation of the Settlement including, but not limited to, the ultimate

5    distribution to the Class Members, payment of attorney's fees and expenses, the enhancement

6    payment awards to the Class Representatives, payment to the State of California LWDA, and other

7    issues related to this Settlement.

8         21.    If the Settlement does not become final and effective in accordance with the terms

9    of the Settlement, this Order of Final Approval and Judgment and all orders entered in connection

10   herewith shall be vacated and shall have no further force or effect.

11

12   IT IS SO ORDERED.

13   Dated:   January  23 , 2015

     _____
14                                    Hon. Charles R. Breyer
15                                    Judge, U.S. District Court

16
     Approved as to form:
17

18                                    MORGAN, LEWIS & BOCKIUS LLP

19

20   Date:  December 22, 2014          /s/ John Battenfeld
                                       _____
21                                      John Battenfeld

22                                    JOHN BATTENFELD
                                      KATHY GAO
23                                    HIEN NGUYEN

24                                    Attorneys for Defendants
                                      THE PEP BOYS – MANNY, MOE AND JACK
25                                    AND THE PEP BOYS – MANNY, MOE AND
                                      JACK OF CALIFORNIA
26

27

28

                                           7
     _____
     [Proposed] Order Granting Final Approval of Class Action Settlement; Granting Motion for Attorney's Fees and
     Reimbursement of Expenses; Case No.: C12-4810 CRB

EXHIBIT G

COPY

1084.001
1.6

ORIGINAL FILED

MAY 3 1 2013        122

SUPERIOR COURT

1   James M. Finberg (SBN 114850)
    Eve Cervantez (SBN 164709)
2   ALTSHULER BERZON LLP
    177 Post Street, Suite 300
3   San Francisco, California 94108
    Telephone: (415) 421-7151
4   Facsimile:  (415) 362-8064
    Email:  jfinberg@altber.com
5   Email:  ecervantez@altber.com

6   Todd F. Jackson (SBN 202598)
    Nina Wasow (SNB 242047)
7   LEWIS FEINBERG LEE RENAKER & JACKSON PC
    476 9th Street
8   Oakland, California 94607
    Telephone: (510) 839-6824
9   Facsimile: (510) 839-7839
    Email: tjackson@lewisfeinberg.com
10  Email: nwasow@lewisfeinberg.com

11  David Borgen (SBN 99354)
    James Kan (SBN 240749)
12  GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
13  Oakland, CA 94612
    Telephone:  (510) 763-9800
14  Facsimile:  (510) 835-1417
    Email: dborgen@gbdhlegal.com
15  Email: jkan@gbdhlegal.com

16  *Attorneys for Plaintiff and the Plaintiff Class*

17              SUPERIOR COURT OF THE STATE OF CALIFORNIA

18              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

19

20  ROBERT BELL, on behalf of himself and a class | Case No. BC 438517
    of those similarly situated,
21                                               | Assigned to:  Hon. Teresa Sanchez-Gordon,
              Plaintiff,                          | Dept. 74
22
23  vs.                                          | [PROPOSED] ORDER GRANTING
                                                 | COMMON FUND ATTORNEYS' FEES
24  FARMERS SERVICES, LLC,                       | AND EXPENSES

              Defendant.
25                                               | Date:
                                                 | Time:
26                                               | Place:  Department 74

27                                               | Date Action Filed:    May 25, 2010
                                                 | Trial Date:           None
28

          [PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES
                              Case No. BC438517

1    On May 29, 2013, the Court held a hearing on Plaintiff's Motion for Common Fund

2  Attorneys' Fees and Expenses.

3    Having considered Plaintiff's memorandum of points and authorities in support of its

4  motion, the supporting evidence, and the argument of counsel, the Court GRANTS Plaintiff's

5  Motion for Common Fund Attorneys' Fees and Expenses.

6    1.   Common Fund Attorney's Fees

7    Class Counsel seek an attorneys' fee award of $840,000, or 30 percent of the $2,800,000

8  settlement fund. "Courts recognize two methods for calculating attorney fees in civil class

9  actions: the lodestar/multiplier method and the percentage of recovery method." *Wershba v.*

10  *Apple Computer, Inc.*, 91 Cal. App. 4th 224, 254 (2001). The Court finds that the requested

11  attorneys' fees are reasonable under either method.

12    The lodestar is calculated by multiplying the reasonable hours expended by reasonable

13  hourly rates for each attorney. *Id.* The lodestar can then be adjusted or enhanced with a

14  multiplier, if appropriate. *Id.* Here, Class Counsel submitted declarations establishing both the

15  number of hours expended on the case and the hourly rates for their services. The Court finds

16  that the hourly rates set forth in these declarations are reasonable and in line with market rates for

17  attorneys of similar experience in the San Francisco Bay Area, and that the number of hours

18  expended, after the exercise of billing judgment by Class Counsel, as set forth in the declarations,

19  is likewise reasonable. Based on this information, Class Counsel's total lodestar is

20  $1,475,505.50. As such, the requested fee award of $840,000 is *less* than the lodestar value of

21  Class Counsel's work. Indeed, Class Counsel are only requesting approximately 57 percent of

22  their lodestar. Given this, the fee award sought is easily fair and reasonable under a lodestar

23  analysis.

24    The requested fee award is also reasonable under a percentage-of-the-fund analysis.

25  Thirty percent of the common fund is well within the range of what is commonly awarded for

26  attorneys' fees in contingent class actions. *See, e.g., Munoz v. BCI Coca-Cola Bottling Co. of*

27  *Los Angeles*, 186 Cal. App. 4th 399, 403 (2010) (affirming settlement with 30% fee award in

28  wage-and-hour class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008) ("fee

1   awards in class actions average around one-third of the recovery") (internal quotation marks

2   omitted). Here, the fairness of a thirty-percent award is supported by the effectiveness of Class

3   Counsel's legal representation, the results obtained, and the risks of continued litigation; the fact

4   that Class Counsel undertook the representation on a contingency basis and to the exclusion of

5   other paying work; and the positive response of the Class to the settlement. *See In re Consumer*

6   *Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009) (listing factors considered in determining fee

7   award). Class Counsel's diligent investigation and vigorous litigation of the class claims

8   positioned Plaintiff to settle this case for $2.8 million, thus providing meaningful monetary relief

9   to the class and avoiding the risk and expense of protracted litigation. Moreover, in the nearly

10  three years it has taken to resolve Plaintiff's claims, Class Counsel performed more than 2800

11  hours of work, without any payment from their client and to the exclusion of other paying work.

12  Finally, the notice mailed to the class expressly stated that Class Counsel would be seeking up to

13  30% of the common fund, or $840,000, in attorneys' fees. No objections to the settlement or to

14  proposed fee award have been received by counsel or the claims administrator.

15          For all of these reasons, the Court finds the requested fee award to be fair and reasonable.

16  Accordingly, the Court hereby awards Class Counsel attorneys' fees in the amount of $840,000

17      2.  Expenses

18          Class Counsel also seek $55,000 from the settlement fund as reimbursement for out-of-

19  pocket expenses they incurred during this litigation. Class Counsel have submitted declarations

20  summarizing the amount and purpose of the expenses incurred in this case. Having reviewed

21  these declarations, the Court finds that Class Counsel properly seek reimbursement for the types

22  of expenses ordinarily incurred in the course of litigation (for example, filing fees, deposition

23  transcripts, and copying charges) and that these expenses were reasonably incurred for the

24  benefit of the class. Moreover, the reimbursement requested is less than the $55,223.25 in out-

25  of-pocket expenses that Class Counsel actually incurred. Finally, although the notice mailed to

26  the class expressly stated that Class Counsel would seek up to $55,000 from the settlement fund

27  as reimbursement for out-of-pocket expenses, no objections to the proposed reimbursement have

28  been received by counsel or the claims administrator.

[PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES
Case No. BC438517

1        For these reasons, the Court finds that reimbursement of $55,000 for costs and expenses

2  is justified.  Accordingly, the Court hereby awards Class Counsel expenses in the amount of

3  $55,000.

4  **IT IS SO ORDERED.**

5

6  Dated: _____S-31-13_____        TERESA SANCHEZ-GORDON

7                                 Hon. Teresa Sanchez-Gordon

8                           LOS ANGELES COUNTY SUPERIOR
                                    COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES
Case No. BC438517

EXHIBIT A

STEPHEN P. BERZON
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
HUNTER B. THOMSON*
STEFANIE L. WILSON

*ADMITTED IN NEW YORK ONLY

**ALTSHULER BERZON LLP**

ATTORNEYS AT LAW

177 POST STREET, SUITE 300

SAN FRANCISCO, CALIFORNIA 94108

(415) 421-7151

FAX (415) 362-8064

www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

ELIZABETH VISSERS
FELLOW

December 2019

## FIRM RESUME

    Altshuler Berzon LLP is a San Francisco law firm that specializes in labor and employment, constitutional, environmental, civil rights, campaign and election, and impact litigation, at both the trial and appellate levels, in federal and state courts, as well as before administrative agencies.

## <u>CURRENT CASES</u>

    Altshuler Berzon LLP's current docket includes the following matters:

\* *SEIU Local 200U v. Trump*: Federal court challenge on behalf of federal employees to implementation of three Executive Orders impacting the rights of federal employees and their unions as violating the procedural and substantive requirements of the Administrative Procedure Act and otherwise violating statutory authority and the Constitution.

\* *North Carolina State Conference of the NAACP v. The North Carolina State Bd. of Elections*: Federal law challenge to North Carolina state and county officials' removal of thousands of voters from the registration rolls in the weeks leading up to the November 2016 election based on mass challenges alleging that the voters had relocated their residences.

\* *Ries v. McDonald's USA LLC*: Class action seeking to hold McDonald's responsible for failing to protect employees from sexual harassment.

\* *Chamber of Commerce v. City of Seattle*: The defense on remand from the Ninth Circuit of a Seattle ordinance authorizing collective organization and negotiation by independent contractor drivers who work for for-hire transportation companies, such as Uber and Lyft.

\* *Ellis v. Google, Inc.*: A class action under the California Equal Pay Act alleging that Google pays women employees less than it pays men with similar qualifications performing similar work.



\* ***Jewett v. Oracle Corp.***: A class action under the California Equal Pay Act alleging the women employed in technology and technology support positions were paid less than men with similar qualifications performing similar work.

\* ***Rivera Madera v. Lee***: A federal court challenge under the Voting Rights Act to Florida's failure to provide Spanish language ballots to Puerto Rican voters in 32 of its counties.

\* ***City of Oakland v. BP P.L.C./ County of San Mateo v. Chevron Corp.***: Representation of California public entities in Eighth and Ninth Circuits in climate-change litigation seeking to hold major oil and gas companies responsible under state public nuisance law for abating damage to public infrastructure resulting from global warming.

\* ***William Morris Endeavor Entertainment LLC, et al. v. Writers Guild of America, West et al.***: Representation of Hollywood screenwriters union and individual screenwriters in lawsuit asserting antitrust, RICO, and state law challenges to major talent agencies' compensation based on the profits of the movie or television show for which the screenwriter writes, instead of through the traditional commission model, as creating inherent conflicts of interest; defense of union against antitrust and federal labor law claims brought by major talent agencies in same case.

\* ***California v. Azar***: Representation of intervenor unions and homecare workers in challenge to Trump administration's issuance of a rule interpreting a provision of the Medicaid Act to prohibit the deduction of union dues and benefits payments from homecare workers' paychecks

\* ***Pacific Coast Federation of Fishermen's Associations v. Ross***: Federal district court lawsuit brought on behalf of a coalition of fishing and conservation groups challenging the Trump Administration's Endangered Species Act permits (known as biological opinions) for the operations of the Central Valley Project and State Water Project in California.

\* ***Center for Popular Democracy v. Board of Governors of the Federal Reserve System***: FOIA lawsuit seeking to compel disclosure of public records concerning the selection and appointment of presidents and directors of the regional Federal Reserve Banks.

\* ***Sanchez v. McDonald's/Salazar v. McDonald's***: California state law class actions in state and federal courts on behalf of restaurant crew members employed by corporate-owned and franchisee-owned McDonald's fast food outlets, alleging numerous violations of California employment law and seeking to establish McDonald's corporate liability on joint employer and other theories.

\* ***Regents of University of California v. United States Dep't of Homeland Security/County of Santa Clara v. Trump***: A federal court action challenging the Trump Administration's rescission of the Deferred Action for Childhood Arrivals ("DACA") program on constitutional, statutory, and equitable grounds.

**\*** ***Curling v. Kemp***: Representation of *amicus curiae* Common Cause, National Election Defense Coalition, and Protect Democracy in a federal court challenge to Georgia's use of electronic voting equipment that does not generate paper records of voting results.

\* ***Lewis v. Alabama***: A federal equal protection challenge asserting intentional race discrimination in Alabama state statute preempting Birmingham minimum wage ordinance; now en banc before the Eleventh Circuit.

\* ***California Trucking Ass'n v. Becerra***: Representation of intervenor union in defense of California's use of the "ABC test" to determine whether truck drivers are employees or independent contractors for purposes of a wage order, against Federal Aviation Administration Authorization Act preemption and other claims.

\* ***OBOT v. City of Oakland***:  Two cases, the first an appeal from a federal court ruling that the City of Oakland's prohibition on the storage and handling of coal in Oakland based on substantial risk to residents' health and safety breached its contract with a bulk shipping goods terminal developer; the second the defense of the City of Oakland in state trial and appellate courts against contract and tort claims brought by the same developer.

\* ***Daly v. Board of Supervisors of San Bernardino County***: Defense on appeal of a Superior Court victory in a Brown Act challenge to a county Board of Supervisors' use of a secret e-mailed ballot procedure to select candidates to interview for a vacant supervisor position.

\* ***NRDC v. Bernhardt***: Following remand from an 11-0 *en banc* victory at the Ninth Circuit, continued litigation of an environmental challenge to long-term contracts for the delivery of more than 2.3 million acre-feet of California Central Valley Project water and operations of that project, as posing a severe risk to the survival and recovery of the threatened Delta smelt and salmon.

\* ***Canela v. Costco Wholesale Corp***: The defense in the Ninth Circuit against an Article III challenge to employees' right to pursue representative actions in federal court under California's Private Attorney General Act ("PAGA") without obtaining class certification under the Federal Rules of Civil Procedure.

\* ***Ibarra v. Wells Fargo Bank***: The defense on appeal of a federal trial court order awarding bank employees over $95 million in damages based on the bank's failure to provide legally compliant meal periods and rest breaks.

\* ***Ridgeway v. Wal-Mart***: Defense on appeal of a $54 million jury verdict in favor of truck drivers who were not properly compensated for layovers, rest breaks, and pre- and post-truck inspections.

\* ***In re ExxonMobile Corp***: Defense of California cities and counties sued in Texas state court for alleged conspiracy to interfere with an oil and gas company's speech about the causes and effects of climate change.

\* ***Goss v. Ross***: State court "suitable seating" case on behalf of retail store cashiers who were not permitted access to seating while assisting customers at front-end cashier stands.

**\* *Oman v. Delta Air Lines, Inc*.**: A California Supreme Court appeal, on certified questions from the Ninth Circuit, concerning application of California wage-and-hour laws to employees of out-of-state companies, who routinely spent short periods of time working on the ground in California.

**\* *Transport Workers Union Local 556 et al. v. Southwest Airlines Co.*:** A state court action alleging that the employer violated paid sick leave and kin care requirements of California and local law.

**\* *Shuman v. Microchip*:** ERISA class action against a company that terminated the workforce of its merger partner and refused to pay benefits allegedly due under ERISA severance plan.

**\* *Blair v. Rent-A-Center*:** A consumer class action in federal district court seeking a public injunction and damages for hundreds of thousands of low-income consumers who were allegedly overcharged in violation of California's Rental Purchase Law for appliances and other products purchased on a rent-to-buy basis.

**\* *Faulkner v. Dominguez*:** The defense of a union representing airline ramp, operations, provisions and freight agents in a federal court action for breach of contract.

**\* *Warner v. Fry's Electronics*:** A state court representative action for civil penalties brought on behalf of sales employees alleging systematic violations of California's minimum wage law.

**\* *American Airlines Flow-Thru Pilots Coalition v. Allied Pilots Ass'n*:** The defense of a labor union sued for the positions it took in collective bargaining negotiations and in a seniority integration arbitration.

**\* *Chavez v. Plan Benefit Services, Inc.*:** A federal court class action under ERISA for charging allegedly excessive fees for administrative and marketing services for health insurance and retirement plans.

**\* *California Physicians' Service dba Blue Shield of California v. Johnson*:** Appeal of the denial of an anti-SLAPP motion brought by a whistleblower who was sued for providing information to government regulators, the media, and the public.

**\* *Bayer v. Neiman Marcus*:** Appeal after a bench trial in a federal court action under Section 503(b) of Americans with Disabilities Act seeking to establish that an employer's imposition of a mandatory arbitration agreement after the plaintiff-employee had already filed an administrative complaint with the EEOC unlawfully interferes with its employees' ability to pursue their ADA rights.

**\* *Johnson v. Serenity Transportation*:** Ninth Circuit appeal challenging denial of class certification in case of first impression under California's labor contractor joint employer law.

\* ***State of Alaska v. Alaska State Employees Ass'n/ Alaska State Employees Ass'n v. Dunleavy***:
State court challenge to the State of Alaska's attempt to unilaterally terminate state employees'
union dues deductions and to require state employee union members to annually renew their dues
deduction authorizations after receiving a government "warning" that doing so would involve
waiving their rights.

\* ***Major League Baseball Players Ass'n v. Top Velocity LLC***: Federal district court action
challenging web site operator's unauthorized appropriation of baseball players' likenesses as
violations of the right of publicity and Lanham Act protections.

\* ***Health Care Ass'n of America v. Becerra***: Representation of a labor union intervenor in
defense of a California law that allows unions to obtain names and telephone numbers of
registered homecare aides who choose to share that information with unions.

\* ***NRDC v. Nat'l Oceanic and Atmospheric Administration – Fisheries***: FOIA lawsuit
challenging the Fisheries Service's failure to provide records regarding its consultation on the
impacts of the Central Valley Project and State Water Project on federally protected Chinook
salmon.

\* ***Evans Hotels, LLC et. al. v. UNITE HERE! Local 30 et. al***: Representation of a labor union
in defense of speech and petitioning activity alleged to violate federal labor, antitrust, and RICO
laws and state common law.

\* ***SEIU v. Preferred Building Services***: Federal court of appeal petition seeking to overturn an
NLRB decision that an employer lawfully fired janitors who protested sexual harassment and
low wages, as based on an overly broad construction of the NLRA's secondary boycott
prohibition.

\* ***Aliser v. SEIU California/ Anderson v. SEIU 503/ Babb v. CTA/ Wilford v. Nat'l Educ.
Ass'n/ Matthews v. United Teachers Los Angeles/ Martin v. California Teachers Ass'n/ Few v.
United Teachers Los Angeles/ Belgau v. Inslee/ Bermudez v. SEIU Local 521/ Bierman v.
Dayton/ Brice v. CFA/ Carey v. Inslee/ Chambers v. AFSCME AFL-CIO et al./ Cook v. Brown
and Oregon AFSCME Council 75/ Crockett v. NEA-Alaska/ Danielson v. Inslee/ Few v.
UTLA/ Fisk v. Inslee/ Grossman v. HI Gov't Employees/ Hamidi v. SEIU Local 1000/
Hendrickson v. AFSCME Council 18/ Hoekman v. Education Minnesota/ Hough v. SEIU
Local 521/ Imhoff v. CTA/ James et al. v. SEIU Local 668 et al./ LaSpina v. SEIU PA State
Council/ Lyon v. SEIU Local 1000/ Mandel v. SEIU Local 73/ Martin v. CTA/ Matthews v.
UTLA/ Mentele v. Inslee/ Molina v. SEIU 668/ Polk v. SEIU Local 2015/ Riffey v. Rauner/
Thompson v. Marietta Education Ass'n/ Wholean v. CSEA SEIU Local 2001/ Wilford v. NEA***
**and numerous other cases pending in the federal district and circuit courts**: The defense of
public sector labor unions against cases seeking to invalidate state laws providing for exclusive
representation, challenging the validity of union membership applications that predate the
Supreme Court's decisions in *Janus v. AFSCME Council 31* and *Harris v. Quinn*, and attempting
to compel refunds of dues and fair share fees paid prior to *Janus* and *Harris*.

We also represent many local unions and apprenticeship programs on general matters, including litigation, negotiations, arbitrations and advice. In addition, we represent many workers in individual employment matters, public agencies in selected constitutional cases, and law firms and public interest organizations on statutory and common fund attorneys' fees matters. We also defend labor unions and public interest groups against SLAPP suits, and regularly provide legal advice to both unions and public agencies on the drafting of legislation, ballot measures, and regulations.

## <u>VICTORIES</u>

### LABOR AND EMPLOYMENT

* ***UAW v. Johnson Controls*** (Supreme Court): Prohibited employers from adopting "fetal protection" policies that discriminate against female workers in violation of Title VII.

* ***UAW v. Brock*** (Supreme Court): Compelled the Department of Labor to restore $200 million in wrongfully withheld Trade Act benefits to thousands of unemployed autoworkers and steelworkers.

* ***Bower v. Bunker Hill Co.***: Restored, after a six-week jury trial, tens of millions of dollars of retiree health insurance benefits that had been terminated following the shutdown of Idaho's largest private employer.

**\* *Dynamex Operations West v. Superior Court***: Obtained a unanimous California Supreme Court ruling establishing a new legal standard for distinguishing between employees and independent contractors under California Wage Orders.

* ***Interpipe Contracting v. Becerra***: Successfully helped defend, on behalf of a labor organization as amicus curiae, state law that required construction workers' consent to divert their wages to industry advancement programs on public works projects.

* ***North Carolina State Conference of the NAACP v. The North Carolina State Bd. of Elections***: Obtained summary judgment decision against North Carolina and county election officials, holding that officials violated the National Voter Registration Act by removing thousands of voters from the registration rolls in the weeks leading up to the November 2016 election.

* ***Rasier LLC v. City of Seattle***: Representing the City of Seattle, defeated state administrative law challenge to rules implementing Seattle ordinance authorizing collective organization and negotiation by independent contractor drivers who work for for-hire transportation companies, such as Uber and Lyft.

* ***Clark v. City of Seattle***: Representing the City of Seattle, defeated constitutional and statutory challenges to rules implementing Seattle ordinance authorizing collective organization and negotiation by independent contractor drivers who work for for-hire transportation companies, such as Uber and Lyft.

* ***Golden Gate Restaurant Ass'n v. City and County of San Francisco***: Obtained a Ninth Circuit ruling upholding, against an ERISA preemption challenge, a San Francisco ordinance that requires employers either to provide health benefits to their employees or to pay into a City fund for the same purpose.

* ***Nicanor Casumpang, Jr. v. Hawaiian Comm'l & Sugar Co.***: Obtained dismissal of former union member's duty of fair representation claim against labor union, including successful defense of dismissal ruling before the Ninth Circuit.

**\*** ***Pimentel v. Aloise***: Obtained dismissal with prejudice of union members' LMRDA challenge to union leadership election.

* ***Gerawan Farms v. Agricultural Labor Relations Board***: Representing United Farm Workers union in conjunction with in-house counsel, obtained California Supreme Court decision overturning Court of Appeal decision and upholding the constitutionality of a California law requiring binding interest arbitration to resolve agricultural labor disputes.

* ***UAW v. Kiddoo***: Required California to resume paying unemployment compensation to almost 400,000 unemployed workers following a budgetary impasse between the Legislature and the Governor.

* ***Bay Area Laundry Workers v. Ferbar*** (Supreme Court): Established longer statute of limitations for suits against employers who withdraw from multi-employer pension plans.

* ***Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174***: Obtained a unanimous *en banc* court of appeals decision overturning decisions that had severely weakened the protection afforded by the Norris-LaGuardia Act to union economic action.

* ***Armendariz v. Foundation Health Psychcare Svcs.***: Obtained a California Supreme Court ruling that employers cannot require their employees, as a condition of employment, to resolve employment claims through arbitration, where the arbitration agreement does not provide for specific procedural protections.

* ***UFCW Local 751 v. Brown Shoe Group, Inc.*** (Supreme Court): Established union standing to sue employers that violate the Worker Adjustment and Retraining Notification Act's statutory notice requirements.

* ***Vergara v. California***: Overturned on appeal trial court decision invalidating as unconstitutional California statutes governing public school teacher tenure and layoff.

* ***Air Line Pilots Association, International, et al. v. United Airlines, Inc.***: Obtained declaratory and injunctive relief on behalf of United Airlines pilots requiring the airline to comply with California's Kin Care law, which requires employers that offer paid sick leave to allow employees to use up to half of that leave to care for ill relatives.

\* *24 Hour Fitness USA, Inc./ Totten v. Kellogg Brown & Root, LLC*: Obtained rulings from the National Labor Relations Board and the Central District of California striking down mandatory employment arbitration agreements that prohibit class collective actions and representative actions as violations of the right to engage in concerted protected activity guaranteed by the National Labor Relations Act.

\* *Ochoa v. McDonald's*: Obtained substantial settlements with both franchisee and McDonald's in California state law class action brought on behalf of restaurant crew members employed in franchisee-owned McDonald's fast food outlets, alleging numerous violations of California employment law and seeking to establish McDonald's corporate liability on joint employer and other theories.

\* *Hall v. Rite Aid/ Kilby v. CVS Pharmacy, Inc./ Henderson v. JP Morgan Chase/ Smiles v. Wlgreens*: Obtained substantial settlements, including penalties and injunctive relief, in Private Attorneys General Act ("PAGA") cases involving claims based on employers' failure to provide cashiers suitable seating.

\* *Greene v. Dayton*: Obtained Eighth Circuit decision affirming district court's dismissal of claims that a state law permitting homecare workers for Medicaid program participants to be represented by a union is preempted by the National Labor Relations Act, violates the Contract Clause, and tortiously interferes with the right to contract.

\* *Does I, et al. v. The Gap, Inc., et al.*: Negotiated a $20 million settlement and innovative workplace monitoring program in anti-sweatshop class action on behalf of 30,000 Chinese and other foreign workers against Saipan garment factories and retailers for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, the Alien Tort Claims Act, the Fair Labor Standards Act, and federal common law.

\* *Granite Rock Co. v. Int'l Bhd. of Teamsters* (Supreme Court): Obtained a U.S. Supreme Court decision rejecting an employer's unprecedented attempt to expand Section 301 of the Labor Management Relations Act to include tort theories for interference with contract by international union.

\* *Regents of the University of Wisconsin v. Adidas*: Successful intervention on behalf of an Indonesian labor union, followed by settlement in the Wisconsin state court, of an action brought to hold Adidas responsible under a University licensing agreement for unpaid wages and benefits owed to 2,700 Indonesian garment workers employed by a bankrupt factory that manufactured Adidas apparel.

\* *Washington Service Contractors Coalition v. District of Columbia*: Successfully defended against a federal preemption challenge a local displaced worker ordinance that requires new service contractors to retain the employees of their predecessors.

\* *NLRB v. Town & Country Electric, Inc.* (Supreme Court): Protected paid union organizers from discriminatory discharge or refusal to hire under the National Labor Relations Act.

* ***Carrillo v. Schneider Logistics, Inc.***: Federal district court class action resulting in $22.7 million settlement on behalf of low-wage immigrant warehouse workers who alleged that Walmart, its warehouse operator, and their labor services contractors were joint employers liable for a series of state and federal wage-and-hour violations, including for imposing unlawful group piece rate scheme, wage fraud, and wrongful mass retaliatory termination.

* ***Does I Thru XXIII v. Advanced Textile Corp.***: Established the right of workers to sue under fictitious names and withhold their identities from their employers, where they reasonably fear that disclosure of their identities will result in severe retaliation.

* ***Brinker Restaurant Corp. v. Superior Court***: Obtained a unanimous California Supreme Court decision, which ultimately resulted in a $56 million settlement, establishing standards governing meal period and rest break claims, and affirming in part and reversing in part trial court's certification of class of low-wage restaurant workers.

* ***Veliz v. Cintas Corp.***: Obtained a $22.75 million settlement of class actions and individual cases pending in the Ninth Circuit, the Northern District of California, the Judicial Panel on Multidistrict Litigation, and AAA arbitration, each of which challenged a nationwide industrial laundry company's policy of classifying its drivers as exempt from overtime requirements of federal and state wage-and-hour laws.

* ***McDonald v. CP OPCO, LLC dba Classic Party Rentals, et al.***: Obtained substantial settlement in federal class action alleging that defendants failed to provide notice to their employees prior to closing their facilities or conducting a mass layoff, in violation of the federal and California WARN Acts.

* ***AFL-CIO v. Employment Development Department***: Compelled California to continue to pay unemployment compensation benefits to hundreds of thousands of claimants per year pending evidentiary hearings on their continued eligibility.

* ***Hawaii State Teachers Ass'n/United Public Workers v. Lingle***: Enjoined the Governor of Hawaii from unilaterally implementing unpaid furloughs for all state employees of three days per month on the ground that unilateral implementation violated the state constitutional right to collective bargaining.

* ***El Centro v. Lanier***: Defeated a state constitutional challenge to a California law that provides charter cities with a financial incentive to require contractors on municipal construction projects to pay prevailing wages to their employees and to hire apprentices.

* ***Broussard v. First Tower Loan, LLC***: Obtained an arbitration decision holding that an employer violated Title VII's prohibition against sex discrimination when it constructively discharged a transgender male employee by requiring that he act and dress in conformity with traditional female gender stereotypes, and awarding economic and non-economic damages. In subsequent proceedings, the EEOC relied upon the arbitration decision to procure a consent decree requiring substantial changes in the defendant's treatment of transgender employees.

* ***SEIU-UHW v. Fresno County IHSS Public Authority***: Obtained an injunction requiring Fresno County to maintain the wage and benefit rates paid to providers of in-home support services pending arbitration of the union's grievance regarding the wage and benefit reduction.

* ***D.R. Horton***: On behalf of amici SEIU and Change to Win, obtained a ruling from the National Labor Relations Board (later reversed by Fifth Circuit) that employers commit an unfair labor practice by including prohibitions against joint, class, and collective actions in mandatory employment arbitration agreements.

* ***Narayan v. EGL***: Obtained a Ninth Circuit reversal of a district court's grant of summary judgment to an employer of delivery truck drivers, on the grounds that the district court had improperly applied Texas law to California drivers' statutory wage and hour claims and incorrect concluded that the drivers were independent contractors rather than employees.

* ***Satchell v. FedEx Express***: Obtained a consent decree providing $55 million in monetary relief to two classes of African American and Latino employees of FedEx Express, as well as comprehensive injunctive relief against discriminatory employment practices, including reducing managerial discretion in promotions, compensation and discipline, and prohibiting the use of a promotion test that had an adverse impact on minority employees.

* ***Noe v. Superior Court***: Obtained a Court of Appeal decision holding that businesses that hire contractors can be held liable under California's Private Attorney General Act for their contractors' misclassification of the contractors' employees as independent contractors.

* ***Bright v. 99 Cent Only Stores, Inc./ Home Depot v. Superior Ct.***: Obtained Court of Appeal rulings that California workers have private right of action under the Labor Code for civil PAGA penalties against employers who violate minimum labor conditions standards guaranteed by Industrial Wage Commission wage orders.

* ***Pulaski v. Calif. Occupational Safety and Health Standards Board***: Successfully defended the nation's first safety standard on ergonomics against an industry challenge, and invalidated exemptions that would have prevented that standard from applying to most California workplaces.

* ***Passantino v. Johnson & Johnson Consumer Products, Inc.***: Successfully defended on appeal a multi-million dollar jury award in an employment discrimination action under federal and state law.

* ***SkyWest Pilots ALPA Organizing Committee v. SkyWest Airlines, Inc.***: Obtained a temporary restraining order and a preliminary injunction prohibiting an airline from interfering with its pilots' rights to organize and to free expression under the Railway Labor Act.

* ***Glaviano v. Sacramento City Unified Sch. Dist.***: Obtained a California Court of Appeal decision reversing trial court's interpretation of attorney's fees statute requiring labor organization to disclose amount paid to outside counsel for representation of union member.

* ***Employee Staffing Services, Inc. v. Aubry***: Defeated an employee-leasing company's ERISA preemption challenge to California's workers' compensation laws.

-10-

\* ***California Teachers Ass'n v. Governing Bd. of Salinas City Elementary Sch. Dist.***: Obtained a California Supreme Court order vacating, and a subsequent Court of Appeal decision reversing, a court of appeal opinion that had required union to arbitrate non-waivable statutory claims brought on behalf of its members; on remand, obtained writ requiring school district to place teachers on the correct steps on the salary schedule and to provide more than $3 million in back pay and interest.

\* ***State Building & Constr. Trades v. Aubry***: Struck down, as a usurpation of legislative authority, administrative regulations that would have lowered by 20 percent the prevailing wage rate paid to construction workers on public projects.

\* ***Bell v. Farmers Ins. Exchange*** (***Bell III***): Obtained an appellate decision upholding the largest overtime pay jury verdict in history, in class action on behalf of insurance company claims representatives who were misclassified as exempt under California's wage and hour law, and subsequently negotiated a settlement in excess of $200 million for class members.

\* ***Turman v. Superior Court***: Obtained appellate decision holding that individual owners and their companies can be held jointly and severally liable for wage violations if they satisfy the Wage Order and common law definitions of "employer" under California law.

\* ***The Hess Collection Winery v. California Agricultural Relations Bd.***: Successfully defended against a constitutional challenge a California statute providing for the binding resolution of disputes between agricultural employers and their union-represented employees arising from their failure to agree on an initial labor contract, thereby guaranteeing that agricultural workers will obtain an initial contract.

\* ***Long Beach City Employees v. City of Long Beach***: Overturned on state constitutional grounds a city policy requiring public employees to submit to polygraph examinations.

\* ***Kaiser Aluminum and Chemical Corp.***: Obtained a ruling that a national aluminum manufacturer violated the National Labor Relations Act by unlawfully locking out 3,000 of its employees and must pay them approximately $175 million in back wages, at that time the highest backpay award in the history of the Act.

\* ***Associated Builders and Contractors v. Nunn/ ACTA v. Smith***: Defeated federal court preemption challenges to a regulation raising the minimum wage rates for California apprentices.

\* ***Duran v. U.S. Bank***: Obtained a unanimous California Supreme Court ruling, after briefing and oral argument on behalf of a coalition of amicus groups, allowing California employees to prove class-wide claims through surveys, and statistical and representative evidence, as long as trial plan provides their employer an adequate opportunity to prove individualized affirmative defenses.

\* ***Amaral v. Cintas Corp.***: Won a $1.6 million summary judgment in a class action challenging a nationwide laundry company's systematic underpayment of its workers, defeating state law preemption and federal due process challenges to a local living wage ordinance.

\* ***Ellis v. Costco Wholesale Corp.***: Obtained an $8 million settlement on behalf of a class of women employees who alleged gender discrimination in promotions in violation of Title VII of the 1964 Civil Rights Act, as well as wide-ranging programmatic relief modifying corporate policies to allow women a greater chance of promotions in the future.

\* ***AFL-CIO v. Marshall***: Obtained a ruling requiring payment of an additional 26 weeks of extended unemployment compensation benefits, worth billions of dollars, to unemployed workers nationwide.

\* ***Capers v. Nunn***: Obtained a decision upholding a California Apprenticeship Council ruling that precluded non-union apprenticeship program from operating outside its approved geographic area.

\* ***Rosenburg v. Int'l Business Machines Corp.***: Obtained a $65 million settlement in a class action brought on behalf of IBM information technology specialists for failure to pay overtime compensation.

\* ***Air Line Pilots Ass'n, Int'l v. Emery Worldwide Airlines, Inc.***: Obtained an eight-figure settlement of breach of contract claim on behalf of airline pilots who were permanently furloughed when their employer ceased flight operations.

\* ***Cremin v. Merrill Lynch***: Settled a nationwide sex discrimination class action on behalf of women brokers, resulting in establishment of novel claims procedure and agreement by brokerage firm no longer to compel any employees to arbitrate statutory discrimination claims.

\* ***Curtis-Bauer v. Morgan Stanley & Co., Inc.***: Obtained a $16 million class-action settlement for African-American and Latino financial advisors and financial advisor trainees requiring Morgan Stanley to change its account distribution procedures to de-emphasize historical factors that have an adverse impact on minorities, to engage in active recruitment of minority financial advisors, to tie manager compensation to diversification efforts, and to provide other non-monetary relief.

\* ***Akau v. Tel-A-Com Hawaii***: Upheld, against an employer's ERISA preemption challenge, Hawaii's Dislocated Workers Act, which provided supplemental unemployment compensation benefits to workers adversely affected by plant closings.

\* ***Reigh v. Calif. Unemployment Insurance Appeals Bd.***: Obtained the right to unemployment compensation for workers in non-safety-sensitive jobs who were discharged after refusing to take, or failing, a random drug test.

\* ***Martens v. Smith Barney***: Settled a nationwide sex discrimination class action on behalf of women brokerage employees, resulting in a novel claims procedure allowing for potentially tens of millions of dollars in damages.

\* ***California Hospital Ass'n v. Henning***: Overcame a federal statutory challenge to a California law requiring payment of accrued vacation pay to workers upon cessation of employment.

\* ***United Public Workers v. Yogi***: Invalidated a state public employee wage freeze that conflicted with the state constitutional right to organize for the purpose of collective bargaining.

\* ***St. Thomas - St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands***: Defeated a federal preemption challenge to a Virgin Islands statute that protects employees from termination without cause.

\* ***Simo v. Union of Needletrades, Industrial & Textile Employees***: Successfully defended on federal appeal a labor union's use of the "garment industry proviso" to Section 8(e) of the National Labor Relations Act.

\* ***Adcock v. United Auto Workers; Patterson v. Heartland Industrial Partners, LLP***: Obtained decisions from the Fourth Circuit (Adcock) and the Northern District of Ohio (Patterson) holding that an agreement under which an employer agrees to remain neutral in union organizing campaigns in return for the union's agreement to limitations on such campaigns does not violate Section 302 of the Labor Management Relations Act or the Racketeer Influenced and Corrupt Organizations Act.

\* ***Heartland Industrial Partners, LLP and the United Steelworkers of America, AFL-CIO***: Obtained a decision from the National Labor Relations Board upholding a neutrality and card-check organizing agreement under Section 8(e) of the National Labor Relations Act.

\* ***Pearson Dental Supplies v. Superior Court***: Obtained a California Supreme Court ruling that requires heightened judicial review of an arbitration award, issued pursuant to a mandatory arbitration agreement, that is challenged on the ground that the arbitrator's legal error deprived the claimant of a hearing on the merits of a fundamental statutory or common law claim.

\* ***Danielli v. Int'l Business Machines Corp.***: Obtained a $7.5 million common-fund settlement in a class action brought on behalf of IBM employees for IBM's failure to pay overtime compensation.

\* ***Vendachalam v. Tata International***: Obtained a Ninth Circuit decision that Tata International, India's largest conglomerate, could not force its overseas workers to arbitrate employment disputes before Tata's hand-picked arbitrators in Mumbai.

\* ***SEIU Local 24/7 v. Professional Technical Security Services, Inc.***: Obtained a settlement under state wage and hour laws providing payments to hundreds of low-wage workers as reimbursement for uniform cleaning expenses.

\* ***Int'l Longshore & Warehouse Union, Local 142 v. Brewer***: Obtained a settlement on behalf of a class of retirees from sugar and pineapple plantations compensating them for the company's termination of their medical plans.

\* ***Vega v. Contract Cleaning Maintenance, Inc.***: Obtained class-action settlements on behalf of low-wage janitors and maintenance workers who were misclassified as independent contractors, providing double overtime, reimbursement of allegedly unlawful paycheck deductions, and statutory interest.

* ***Wynne v. McCormick & Schmick's Seafood Restaurants, Inc.***: Obtained a consent decree against a restaurant chain requiring it to implement a series of measures to increase the representation of African-American employees in "front of the house," i.e., server, bartender, and host/hostess, positions.

* ***Southern California Edison Co. v. Public Utilities Comm'n***: Obtained a decision upholding the authority of the Public Utilities Commission to order utilities to require the payment of prevailing wages to construction workers on energy utility construction projects.

* ***Adams v. Inter-Con Security Systems, Inc.***: Obtained a $4 million settlement compensating private security guards who were required to work "off the clock" without pay and requiring the company to pay its employees in the future for the time they spend in mandatory training sessions and pre-shift briefings.

* ***Martin v. New United Motor Mfg., Inc.***: Obtained a $4.65 million settlement from an automobile manufacturing plant for failure to compensate its employees for donning and doffing protective gear, in violation of federal and state law.

* ***IBEW v. Eichleay***: Enforced a multi-million dollar arbitration award against an employer that tried to evade its contract obligations through a non-union alter ego.

* ***Local 1564 v. City of Clovis***: Invalidated a local "right to work" law enacted by a New Mexico city.

* ***Patel v. Sugen***: Obtained a nearly $2 million settlement in a class action challenge to a pharmaceutical company's refusal to pay contractually-mandated severance pay and bonuses to employees upon sale of the company, representing complete recovery of all monies owed plus ten percent interest.

* ***EQR/Legacy Partners***: Obtained a settlement in administrative action of $1.6 million in back wages to construction workers who were not paid the prevailing wage required on public works projects.

* ***Californians for Safe and Competitive Dump Truck Transportation v. Mendonca***: Defeated an industry challenge to the application of California's prevailing wage law to motor carriers after the enactment of trucking deregulation.

* ***Fry v. Air Line Pilots Ass'n***: Defeated an attempt to hold a union liable under RICO and state tort law for ostracism allegedly directed against strikebreakers.

* ***IBEW Locals 595 and 6 v. LIS Electric***: Won a private attorney general action, after a multi-week trial, against a construction contractor and its president for failing to pay workers prevailing wages on public works projects.

* ***International Longshore and Warehouse Union Local 142 v. Hawaiian Waikiki Beach Hotel***: Obtained an order requiring the corporate parent of a hotel in receivership to arbitrate claims for millions of dollars in accrued vacation and severance pay owed to the hotel's employees.

-14-

* **SEIU v. County of San Bernardino**: Obtained an injunction prohibiting one of the nation's largest counties from depriving its employees of their right to discuss union issues at work.

* **Retlaw Broadcasting Co. v. National Labor Relations Board**: Successfully defended on appeal the National Labor Relations Board's decision that an employer unlawfully implemented a contract proposal allowing it to bypass the union and negotiate directly with its individual employees.

* **San Joaquin Regional Transit Dist.**: Obtained an arbitration award that stopped a transit district from contracting out numerous jobs held by union-represented workers.

* **Driscoll v. Oracle**: Negotiated a $12.7 million settlement in nationwide overtime case under the Fair Labor Standards Act and state law on behalf of internet sales representatives.

* **UAW Local 2244 and New United Motor Manufacturing, Inc.**: Obtained an arbitration award in excess of a million dollars for violation of a contractual provision requiring an employer to pay wage premiums to employees who start their shifts before 6:00 a.m.

* **ATU Local 1292 and Alameda County Transit District**: Obtained an arbitration award prohibiting a public transit district from using a lease arrangement to evade contractual restrictions on outsourcing bargaining unit jobs.

* **California Federation of Interpreters v. Region 1 Court Interpreter Employment Relations Committee/ California Federation of Interpreters v. Region 2 Court Interpreter Employment Relations Committee/ California Federation of Interpreters v. Region 4 Court**: Obtained arbitration awards requiring Superior Courts to pay mileage compensation to court interpreters and holding that the courts acted illegally by giving interpreting assignments to independent contractors.

* **New United Motor Manufacturing, Inc. and United Auto Workers, Local 2244**: Successfully challenged in arbitration an employer's policy of terminating sick leave benefits for ill or injured employees, providing relief to nearly one hundred employees.

* **Int'l Bhd. of Electrical Workers Local 551 v. WSB Electric**: Enjoined a contractor and its officers from continuing to commit unfair business practices by underpaying workers on public works projects, leading to the debarment of the contractor from bidding on public works projects for three years.

* **Associated Builders and Contractors**: Obtained a National Labor Relations Board decision that an association of non-union construction contractors violated the National Labor Relations Act by filing and prosecuting a lawsuit challenging a union program to recapture jobs for union workers.

\* ***McCabe Hamilton & Renny Co., Ltd. v. Int'l Longshore & Warehouse Union, Local 142***: Obtained, and secured against federal court challenge, a $355,000 arbitration award for a longshore worker who was assaulted, permanently disabled, and forced to spend two years in a witness protection program due to the employer's breach of a contractual duty to provide a safe workplace.

\* ***Advocate Health Care Network v. Service Employees Int'l Union***: Obtained dismissal of defamation, commercial disparagement, unfair trade practices, and maintenance claims arising from union's support for community campaign to change hospital chain's practice of overcharging uninsured patients.

\* ***In re Opinion of Bill Lockyer, Attorney General*** (***State Allocation Board***): Obtained an interpretation from the California Attorney General requiring school districts to utilize competitive bidding laws to award public school construction projects, thereby insuring that union contractors have an opportunity to bid on such work.

\* ***In re Santa Ana Transit Village***: Obtained a California administrative ruling that a transfer of property for a redevelopment project at so-called "fair reuse value" is not equivalent to a transfer at the "fair market price," thereby requiring the payment of prevailing wages to construction workers on those projects.

\* ***Wagner v. Professional Engineers in California Gov't***: Established that the appropriate remedy for legal deficiencies in a union's annual fair share fee notice is for the union to correct and re-issue the notice, not to refund fees previously collected.

\* ***Bricklayers and Allied Craftworkers Local 3 v. Northern California Mason Contractors Multiemployer Bargaining Ass'n***: Obtained an arbitration award upholding a union's right to allocate annual economic increases under a collective bargaining agreement between wages and fringe benefits.

\* ***Contra Costa County and Contra Costa Public Defenders Ass'n***: Obtained an arbitration award against Contra Costa County for violating the "parity" clause of its collective bargaining agreement, which required the County to provide its public defenders with any new benefits provided to its district attorneys.

\* ***Montoya v. Laborers International Union of North America***: Obtained the voluntary dismissal with prejudice, after filing a motion to dismiss on grounds of justiciability and preemption, of a challenge to an international labor union's procedures for transferring geographic jurisdiction between local union affiliates.

\* ***Southern Wine & Spirits v. Simpkins***: Defeated a motion for preliminary injunction in Florida state court seeking to prevent California-based employee of Florida company from working for company's California competitor.

\* ***SEIU Local 24/7 and Pacific Gas & Electric Company***: Obtained a seven-figure arbitration award for an employer's failure to pay its security guards for on-duty meal periods.

* ***UGL-UNNICO Service Co.***: Helped obtain a National Labor Relations Board decision reinstating a bar to challenging a union's majority status after a new employer assumes control of an organized facility, thereby allowing the parties a reasonable period of time to negotiate a collective bargaining agreement.

* ***S&F Market Street Health Care LLC and Windsor of North Long Beach***: Obtained victory before a National Labor Relations Board administrative law judge and an injunction in federal district court in a case alleging that a nursing home employer engaged in unlawful "surface bargaining" by insisting on a package of contract proposals that would have forced the union to surrender all representational authority for the duration of the collective bargaining agreement.

* ***Sheen v. SAG***: Successfully defeated a motion for preliminary injunction under the Labor- Management Reporting and Disclosure Act seeking to stop the counting of votes in a union merger election, resulting in the merger passing by an overwhelming majority.

* ***Holloway v. Best Buy Co., Inc.***: Obtained a consent decree, with a four-year duration, in a federal court class action requiring changes in Best Buy's personnel policies and procedures that will enhance the equal employment opportunities for the thousands of women, African Americans, and Latinos employed by Best Buy nationwide.

* ***Reed v. Los Angeles Unified School District***: Overturned on appeal a California Superior Court decision approving a settlement agreement that impaired the statutory and contractual rights of public school teachers, over the objection of the teachers' union (which had not agreed to the settlement), on the grounds that the approval of the settlement violated the teachers' due process right to an adjudication of the merits of the underlying claim and the requirements of the California statute regarding judgments based on settlements.

* ***Los Angeles Times Communications LLC v. Los Angeles Unified School District***: On behalf of an intervening labor union, obtained a Court of Appeal decision holding that public school teachers' performance evaluations, identified with particular teachers, are not subject to disclosure under the California Public Records Act.

* ***Professional Engineers in California Government v. Brown***: Obtained, and successfully defended on appeal, a ruling that the California Governor and Department of Personnel Administration exceeded their authority by unilaterally imposing unpaid furloughs on public employees.

* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision finding that an employer violated the recognition clause of a collective bargaining agreement by transferring represented nurses' duties to non-union nurses.

* ***CRONA and Stanford Hospital & Clinics and Lucile Packard Children's Hospital***: Obtained an arbitration decision that stopped hospitals from making unilateral changes to reduce nurses' health benefits.

* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision ordering a hospital to pay specialty skills incentive payments to nurses in the hospital's main operating room.

* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision finding that employer violated the collective bargaining agreement by canceling on-call shifts shortly before they were to take place, without paying on-call pay.

* ***Turtle Bay Exploration Park, City of Redding***: Obtained a decision on administrative appeal that a hotel project was covered by the California's prevailing wage law because the developer was not paying fair-market rent for the use of public land, overturning the agency's original, contrary determination.

* ***Air Conditioning Trades Ass'n v. Baker***: Obtained the dismissal of a constitutional challenge to a California law that protects prospective apprentices from exploitation by requiring a showing of a training need before state approval will be granted to new apprenticeship programs.

* ***CRONA and Stanford Hospital & Clinics***: Obtained an arbitration decision finding that a union could grieve an employer's violations of procedural protections in the collective bargaining agreement related to termination of probationary employees.

* ***Kairy v. SuperShuttle Int'l, Inc.***: Successful Ninth Circuit appeal reinstating California employment law claims brought by misclassified airport drivers whose employer argued that allowing the claims to proceed in court would impermissibly interfere with the regulatory authority of the California Public Utilities Commission.

* ***Green v. Bank of America***: Two successful Ninth Circuit appeals in "suitable seating" case brought on behalf of bank tellers, overturning district court rulings that had construed the law as requiring each employee to specifically request seating, held the law preempted by the National Banking Act, and imposed excessive exhaustion requirements on employees seeking statutory relief.

* ***Garrett v. Bank of America***: Negotiated a $15 million civil penalty settlement, of which more than $7 million was paid to the California Labor and Workforce Development Agency for the enforcement of labor laws and the education of employers and employees about their rights and responsibilities, as well as injunctive relief requiring the defendant to comply with California's "suitable seating" laws, in an action brought under California's Private Attorney General Act.

* ***Brooks v. U.S. Bank***: Obtained a $1.9 million settlement of a federal court case brought on behalf of a class of 2,600 in-store bankers for violation of California's "suitable seating" law.

* ***Alex Rodriguez v. Major League Baseball Players Association***: Defended Major League Baseball Players Association against duty of fair representation claims asserted by baseball player whose challenge to Major League Baseball drug testing suspension was resolved in a collectively bargained arbitration procedure, resulting in the player's voluntary dismissal of his lawsuit shortly after filing complaint.

* ***Iskanian v. CLS Transportation***: Briefed and argued a California Supreme Court case prohibiting employers from requiring arbitration of representative action claims brought against California's Private Attorney General Act.

**\* *SEIU Healthcare Michigan v. Snyder***: Obtained an injunction under the Contract Clause of the U.S. Constitution against the implementation of a Michigan statute that would have nullified an existing collective bargaining agreement covering thousands of homecare workers.

\* ***Acquisto v. Sacramento City Unified School District***: Obtained a writ of mandate overturning a school district's mass layoff of public school teachers out of seniority order.

\* ***United Farmworkers of America, AFL-CIO v. Dutra Farms***: Obtained judgments against 18 growers and a growers' association prohibiting them from illegally financing an "employee committee" to defeat union organizing drives.

\* ***Steam Press Holdings, Inc. v. Hawaii Teamsters, Local 996***: Established that federal labor law precludes an employer from obtaining damages under state defamation law for economic losses resulting from a strike.

\* ***In re Gulf USA Corporation and Pintlar Corporation***: Preserved millions of dollars of retiree medical benefits in a major bankruptcy proceeding on behalf of thousands of retired Idaho mine and smelter workers.

\* ***IBEW Local 595 v. Aubry***: Enjoined the Department of Industrial Relations from spending taxpayer funds to implement a new methodology that would drastically cut prevailing wage rates, where the Legislature had refused to appropriate funds for that purpose.

\* ***California State Building and Construction Trades Council v. Duncan***: Enjoined the expenditure of state funds on administrative rulemaking proceedings that would have lowered the minimum wage for apprentices throughout California, on the ground that the Governor lacked the authority to item-veto the Legislature's decision not to fund such proceedings.

\* ***County of Alameda v. Aubry***: Enjoined California from reducing the prevailing wage in the construction industry by 20 percent, where the agency had failed to comply with the Administrative Procedure Act's rulemaking requirements.

\* ***United Steel Workers Local 12-369 v. United Steel Workers, Int'l***: Successfully defended at trial and on appeal an international union wrongfully accused of discrimination and violations of labor law.

\* ***Williamson v. Microsemi***: Obtained a $2.35 million settlement, amounting to 113% of targeted bonuses, on behalf of a class of employees and executives of a merged company who failed to receive change-in-ownership/retention bonuses to which they were entitled after the completion of the merger.

\* ***Salas/Pette/Slack v. Int'l Union of Operating Engineers***: In three separate cases, obtained dismissal with prejudice of meritless state and federal claims, including claims under the federal RICO statute, brought against an international union and its officials.

\* ***CRONA and Lucile Packard Children's Hospital***: Obtained an arbitration award ordering hospital to pay its nurses contractually-required weekend premium pay in excess of $100,000.

-19-

\* ***Bierman v. Dayton/ D'Agostino v. Patrick/ Mentele v. Inslee/ Hill v. SEIU***: Defeated constitutional challenges to state laws that permit childcare and homecare workers to have union representation.

\* ***Int'l Franchise Ass'n, Inc. v. City of Seattle***: Assisted, as amicus curiae, in defeating a motion for preliminary injunction that sought to stop Seattle's $15 minimum wage from going into effect, and subsequently in successfully defending the district court's denial of the preliminary injunction on appeal to the Ninth Circuit, after which the plaintiff voluntarily dismissed the case.

\* ***Nat'l Restaurant Ass'n v. Comm'n of Labor***: Secured dismissal on the merits of a fast food industry challenge to a New York state wage order requiring a $15 per hour minimum wage to be paid to workers in chain restaurants.

\* ***Demetris v. Transport Workers Union/ Letbetter v. Transport Workers Union***: Obtained and defended on appeal a judgment of dismissal in favor of a labor union sued over its equity distribution plan in connection with American Airlines' bankruptcy proceedings.

\* ***Friedrichs v. California Teachers Ass'n***: Along with co-counsel, successfully defended against constitutional challenge California's "fair share fee" statute, which requires employees who share in the benefits of public sector collective bargaining, but who choose not to become members of the union that represents them, to pay a pro rata portion of the union's costs in obtaining those benefits.

\* ***Vaquero v. Ashley Furniture Industries, Inc.***: Successfully defended on appeal a federal court class certification order on behalf of commissioned furniture sales personnel who were not separately paid for non-sales activity, where employer failed to maintain records documenting the extent of that unpaid work.

\* ***United Public Workers, AFSCME, Local 646 v. Ige***: Obtained an injunction from the Ninth Circuit temporarily prohibiting the implementation of a Hawai'i state statute that would privatize public health care facilities during the term of a collective bargaining agreement covering those facilities, and subsequently obtained a settlement protecting the affected employees' jobs.

\* ***Unico v. Harris***: Obtained a federal district court decision upholding against a federal preemption and constitutional challenge a California law requiring contractors performing work at refineries to use a skilled and trained workforce.

\* ***Trustees of the U.A. Local 38 Defined Benefit Pension Plan v. Trustees of the Plumbers and Pipe Fitters National Pension Fund***: Successful representation of a national pension fund in arbitration, federal district court, and the Ninth Circuit, obtaining and defending an arbitration award requiring a local pension fund to remit full pension contributions to the home pension fund of traveling employees pursuant to a national reciprocity agreement between the funds.

\* ***Alvarez v. Inslee***: Defeated a constitutional challenge to collectively bargained agreements that grant union representatives access to the public sector employees they represent.

\* ***Bayer v. Neiman Marcus***: Obtained Ninth Circuit ruling that nominal damages are available for an employer's interference with its employee's efforts to pursue an Americans with Disabilities Act claim, even though the ADA precludes compensatory damages.

\* ***Fisk v. Inslee***: Obtained summary judgment in federal district court upholding union dues authorization agreements against a constitutional challenge, and successfully defended summary judgment ruling on appeal.

\* ***AFT Local 2121 v. Accrediting Commission for Community and Junior Colleges***: Obtained settlement in a federal court challenge brought on behalf of labor organizations representing community college faculty and individual faculty members to the practices of an organization that accredits California community colleges and to that entity's threatened termination of the accreditation of City College of San Francisco, which preserves City College's accreditation and mandates policy and standards changes that will increase the accrediting organization's transparency and accountability, and avoid interference with the unions' collective bargaining relationships.

\* ***Andino/Ahmad/Arenzana/Avilo/Khan/Narayan v. EGL/CEVA***: Obtained settlements in multiple federal court actions asserting wage and hour claims under the California Labor Code on behalf of delivery truck drivers who were allegedly misclassified as independent contractors rather than employees.

\* ***Guzman-Padilla v. Van de Pol***: Negotiated a settlement of a federal court case brought on behalf of approximately 120 Hispanic employees of a dairy, under which the employer agreed to make substantial changes to its employment and housing policies and practices and to pay $390,000 in class monetary relief.

\* ***Riffey v. Rauner***: Upheld on appeal to the Seventh Circuit a federal district court decision refusing to certify a plaintiff class seeking to recoup fair share fees previously paid for union representation in collective bargaining and grievance representation.

\* ***Riverbank Unified School Dist. v. Com'n on Professional Competence***:  Obtained a California Court of Appeal decision ordering reinstatement of a teacher who had been wrongfully terminated, where the Superior Court failed to apply the correct legal standard and to accord sufficient weight to the administrative tribunal's credibility determinations.

\* ***Todd v. Amalgamated Transit Union Local 1574***: Obtained dismissal of claims against a union for breach of the duty of fair representation, breach of contract, and intentional infliction of emotional distress arising from a grievance arbitration.

**\*** ***Western States Trucking Ass'n v. Schoorl***: Represented intervenor union in obtaining a federal district court judgment upholding against a federal preemption challenge California's use of the "ABC test" to determine whether truck drivers are employees or independent contractors for purposes of a wage order.

\* ***Simpson Strong-Tie Co.***: Obtained an arbitration award against an employer's installation of surveillance cameras in the workplace without prior bargaining with the union that represents the company's workers.

\* ***In the Matter of the Seniority List Integration Arbitration Between the Pilots of Alaska Airlines and the Pilots of Virgin America***: Represented the Virgin America pilots in a seniority integration arbitration following the merger of Virgin America with Alaska Airlines, resulting in a single, integrated pilot seniority list.

\* ***Berman v. Microchip***: Obtained summary judgment in ERISA litigation against company that terminated employees at its merger partner and refused to pay them severance plan benefits.

**\* *Transport Workers Union Local 556 v. Southwest Airlines Co.***: Obtained a preliminary injunction in a class action requiring the defendant airline to provide its employees with paid sick leave and kin care leave in compliance with California and local law.

\* ***State of Alaska v. Alaska State Employees Ass'n/ Alaska State Employees Ass'n v. Dunleavy***: Obtained a TRO and a Preliminary Injunction preventing the State of Alaska from unilaterally terminating state employees' union dues deductions and requiring state employee union members to annually renew their dues deduction authorizations after receiving a government "warning" that doing so would involve waiving their rights.

\* ***Maycock v. Dugovich***: Defeated challenge brought under Labor Management Relations Act and Labor-Management Reporting and Disclosure Act to union's response to demands for internal union information.

\* ***Allied Concrete v. Baker***: Defeated a constitutional challenge to a state law that requires suppliers of concrete to public works projects to pay prevailing wages to ready-mix delivery drivers.

\* ***Grossman v. Hawaii Gov't Employees Ass'n/ Cook v. Brown/ Belgau v. Inslee, Anderson v. SEIU Local 503, Babb v. Cal. Teachers Ass'n/ Carey v. Inslee/ Danielson v. Inslee/ Mentele v. Inslee/ Crockett v. NEA-Alaska/ Hough v. SEIU Local 521/ Bermudez v. SEIU Local 521/ Wholean v. CSEA SEIU Local 2001/ Hamidi v.SEIU Local 1000/ Lyon v. SEIU Local 1000/ Sweet v. Cal. Ass'n of Psychiatric Technicians/ Oliver v. SEIU Local 668* and numerous other cases**: Successfully defended public sector labor unions against claims seeking to invalidate state laws providing for exclusive representation, challenging the validity of union membership applications that predate the Supreme Court's decisions in *Janus v. AFSCME Council 31* and *Harris v. Quinn*, and attempting to compel refunds of dues and fair share fees paid prior to *Janus* and *Harris*.

**\* *Aguiar v. Superior Court (Cintas Corp.)/ In re Farmers Ins. Exchange Claims Representative's Overtime Pay Litigation/ Gerlach v. Wells Fargo & Co./ Higazi v. Cadence Design Systems, Inc./ Bell v. Farmers Svcs., LLC/ Gerke v. Waterhouse Securities/ Mendoza-Barrera v. San Andreas HVAC, Inc./ Acevedo v. SelectBuild/ Hines v. KFC/ In re The Pep Boys Overtime Actions/ Figueroa v. Guess?, Inc./ Marchelos v. Reputation.com/ Tokoshima v. The Pep Boys – Manny, Moe, & Jack/ Cancilla v. Ecolab, Inc./ Behaein v. Pizza Hut/ Spicher v. Aidells Sausage Co./ Sanchez v. McDonald's/Hughes v. McDonald's/ Becerra v. Fong/ Pimentel v. Fong/ Lopez v. Delta Air Lines, Inc.***: Obtained numerous awards and settlements, worth tens of millions of dollars, in employment misclassification and wage-and-hour class actions and individual cases.

## ENVIRONMENT AND PUBLIC HEALTH

* ***People v. ConAgra Grocery Products Co.***: Obtained appellate affirmance of a trial court order requiring three paint manufacturers to pay hundreds of millions of dollars into a fund dedicated to remediating health hazards caused by deteriorating lead-based paint in private residences throughout California.  Helped defeat manufacturers' petitions for California Supreme Court review and U.S. Supreme Court *certiorari*.

* ***Monsanto Co. v. Office of Environmental Health Hazard Assessment***: Successfully helped defend, on behalf of an intervenor, the constitutionality of Proposition 65's mechanism for listing known carcinogens against a challenge brought by Monsanto.

* ***NRDC v. Patterson*** (***Rodgers***): Obtained a court ruling that the U.S. Bureau of Reclamation illegally dried up California's second longest river by diverting excessive amounts of water for agricultural and other uses, and subsequently negotiated a comprehensive settlement providing for restoration of the river and reintroduction of native salmon population.

* ***NRDC v. Kempthorne***: Working closely with the Natural Resources Defense Council and Earthjustice, overturned the U.S. Fish and Wildlife Service's biological opinion on the effect of the California Central Valley Project's operations on threatened Delta smelt and obtained protective interim remedies, including reduced water pumping from the Sacramento-San Joaquin River Delta and an order requiring the Service to issue a new biological opinion. Also obtained *en banc* decision from Ninth Circuit reversing district court and holding that the Bureau of Reclamation was obligated to consult with the U.S. Fish and Wildlife Service regarding the effect of renewing long-term water contracts on the threatened Delta smelt.

* ***Les v. Reilly***: Required the Environmental Protection Agency to strictly apply the Delaney Clause's prohibition against cancer-causing substances in processed foods.

* ***Public Citizen v. Dep't of Transportation***: Obtained a Ninth Circuit ruling (later overturned by the Supreme Court) blocking for several years the federal government's decision to allow Mexico-domiciled trucks to travel throughout the United States without an Environmental Impact Statement and a Clean Air Act conformity analysis.

* ***California v. Browner***: In a challenge to the Environmental Protection Agency's systematic failure to enforce federal food safety laws, obtained a consent decree that required dozens of cancer-causing pesticides to be removed from the food supply.

* ***Sierra Club v. Brown***: Obtained a settlement of a lawsuit against California's Governor and environmental agencies to prevent delays in adding substances to the list of chemicals that are known to the State of California to cause cancer and reproductive harm.

\* **_Pacific Coast Federation of Fishermen's Associations v. Gutierrez_**: In association with the Natural Resources Defense Council and Earthjustice, overturned the National Marine Fisheries Service's biological opinion on the effect of the California Central Valley Project's operations on three species of threatened and endangered salmon and obtained protective interim remedies, including early opening of dam gates and shortening the periods in which the gates are closed, facilitating migration up and down the Sacramento River; also obtained an order requiring the Service to issue a new biological opinion.

\* **_United Steelworkers v. California Dep't of Forestry and Fire Protection_**: Obtained a ruling that the California Department of Forestry's approval of a plan to log vast portions of California's redwood forests violated the California Forest Practice Act's requirements for a sustainable yield plan.

\* **_Orff v. United States_** (Supreme Court): Obtained a ruling (based on arguments in merits brief filed on behalf of environmental organizations) rejecting a challenge brought by agribusiness interests to the federal government's reduction of contractual water allocations to a local water district for the purpose of protecting threatened salmon and smelt.

\* **_PhRMA v. County of Alameda_**: Defeated a certiorari petition filed by a national coalition of prescription drug manufacturers that challenged Alameda County's innovative Safe Drug Disposal Ordinance under the dormant Commerce Clause.

\* **_California Healthcare Ass'n v. California Dep't of Health Svcs_.**: Defeated a hospital industry challenge to a California health regulation requiring minimum nurse-to-patient staffing ratios.

\* **_NRDC v. Price Pfister_**: Compelled major faucet manufacturers to eliminate lead from drinking water faucets, pursuant to Proposition 65, the California Toxics Initiative.

\* **_NRDC v. The Reclamation Bd. of the Resources Agency of the State of California_**: Obtained a writ of mandate overturning a state administrative agency's approval of an extensive development project on top of a major levee in the Sacramento River Delta, for violating regulations governing flood control levees.

\* **_Sunshine Canyon_**: Successfully advocated in land use proceedings, on behalf of a coalition of environmental, labor, and community organizations, for stringent environmental conditions to be placed on a large solid waste landfill in Los Angeles County.

\* **_Town and Country Resort Hotel_**: Successfully advocated on behalf of a labor organization, in land use proceedings, for environmental, affordable housing, and public transit conditions to be placed on a large hotel and residential development in San Diego County.

\* **_NRDC v. EPA_**: Settled a Clean Air Act case requiring warning labels on processed foods manufactured with methyl bromide, an ozone-depleting substance.

\* **_NRDC v. Whitman_**: Forced the Environmental Protection Agency to reassess the safety of some of the nation's most dangerous pesticides, to protect children, farmworkers, and consumers.

\* ***NRDC v. Smith Kline***: Required reductions in lead content of calcium dietary supplements.

\* ***EDF & NRDC v. Sta-Rite***: Successfully challenged the widespread use of lead in submersible water pumps, under the California Toxics Initiative.

\* ***Tosco Corp. v. Communities for a Better Environment***: Defeated a declaratory judgment action brought by an oil company to preclude environmental organizations from seeking penalties for its discharges of dioxin.

\* ***AFL-CIO v. Deukmejian***: Required the Governor of California to expand tenfold the list of carcinogenic chemicals subject to the California Toxics Initiative.

\* ***California Labor Federation v. Cal. OSHA***: Preserved the California Toxics Initiative against an OSHA preemption attack.

\* ***NRDC v. EPA***: Compelled the Environmental Protection Agency to stop holding "closed-door" meetings with industry representatives before setting pesticide health and safety standards.

\* ***AFL-CIO v. Deukmejian***: Overturned a regulation exempting food, drugs, and cosmetics from the California Toxics Initiative.

\* ***NRDC v. OEHHA***: Forced a state environmental agency to withdraw a "records retention" policy that had required agency scientists to destroy data and documents that were inconsistent with final agency position.

\* ***AFL-CIO v. Gorsuch***: Overturned the Environmental Protection Agency's moratorium on public disclosure of industry pesticide health and safety studies.

\* ***NRDC v. Wilson***: Required the Governor of California to timely determine whether to expand the list of reproductive toxicants subject to the California Toxics Initiative to include five dozen chemicals identified as reproductive toxicants by the Federal Environmental Protection Agency.

\* ***NRDC v. Badger Meters, Inc.***: Required manufacturers of water meters that leach lead into residential drinking water to shift to a low lead-emitting alloy.

\* ***NRDC v. Safeway, Inc.***: Required large grocery retailers to achieve a substantial reduction in diesel truck emissions around their grocery distribution centers, which are located primarily in low-income areas.

\* ***Environmental Law Foundation v. Crystal Geyser Water Co.***: Required manufacturers to eliminate unlawfully high levels of arsenic, trihalomethanes, and heterotrophic bacteria from bottled drinking water.

\* ***As You Sow v. Icrest International LLC***: Obtained a consent judgment in a Proposition 65 lawsuit against a manufacturer of a seaweed product that requires the company to provide warnings to consumers regarding cadmium contained in the product.

* ***City and County of San Francisco v. United States Tobacco Co.***: Required warnings to be provided to consumers regarding the health dangers of smokeless tobacco products.

* ***Environmental Law Foundation v. Ironite Products Co.***: Obtained a consent judgment banning the continued sale in California of a fertilizer manufactured from hazardous waste that contained excessive levels of arsenic and lead.

* ***As You Sow v. Quikrete***: Obtained consent judgment under California's Proposition 65 requiring manufacturer to provide warnings regarding the presence of chemicals in its cement mixes and products that are known to the State of California to cause cancer and reproductive harm.

* ***In re Vinegar Litigation***: Obtained settlements requiring food retailers to post consumer warnings regarding the presence of lead in balsamic vinegar.

* ***In re St. Luke's Hospital Merger***: Persuaded the California Attorney General to conduct a review of the terms of a proposed merger of two hospitals, including the extent to which the merger would serve or disserve the needs of the affected communities.

* ***Firebaugh Canal Water District v. U.S. Bureau of Reclamation***: Joined with U.S. Interior Department in defeating San Joaquin Valley water districts' attempts to compel the government to provide them low-cost drainage services, which would have kept more toxic-laden agricultural lands in production and required more water diversions.

* ***NRDC v. Pritzker***: Obtained Ninth Circuit ruling that the National Marine Fisheries Service violated the Marine Mammal Protection Act by failing to consider whether mitigation measures in addition to those measures proposed by the U.S. Navy for its use of low-frequency sonar were necessary to achieve the least practicable adverse impact on marine mammals.

* ***As You Sow v. River Canyon Retreat, Inc.***: Obtained a consent judgment in a Proposition 65 lawsuit against a distributor and retailer of eleven health food products requiring the company to provide warnings to consumers regarding lead and cadmium contained in the products, pay civil penalties to an enforcement agency, and make additional settlement payments.

* ***As You Sow v. JFC Int'l, Inc.***: Obtained a consent judgment in a Proposition 65 lawsuit against a distributor of a seaweed product requiring the company to provide warnings to consumers regarding lead and cadmium contained in the product, conduct studies to identify cleaner alternative sources for the product, pay civil penalties to an enforcement agency, and make additional settlement payments.

* ***As You Sow v. Abbot Laboratories Inc.***: Obtained a consent judgment in a Proposition 65 lawsuit against a manufacturer of protein bars that requires the company produce products below designated lead levels or provide warnings to consumers regarding lead contained in the product.

## FREE SPEECH

* ***Conant v. McCaffrey***: Obtained a permanent injunction under the First Amendment prohibiting the federal government from revoking or threatening to revoke the prescription drug licenses of California physicians on the basis of their confidential communications with their seriously ill patients regarding medical marijuana.

* ***Walker v. Air Line Pilots Ass'n***: Obtained a jury verdict following a ten-week trial upholding the right of the Air Line Pilots Association to engage in free speech activities promoting solidarity among strikers.

* ***Eller Media Co. v. City of Oakland***: Defeated efforts by billboard and alcohol industry to overturn a City of Oakland ordinance prohibiting billboards advertising alcoholic beverages in residential neighborhoods and in proximity to schools and playgrounds.

* ***Sutter Health v. UNITE HERE***: Obtained reversal on appeal of an employer's $17.3 million defamation verdict against a union based on a communication that was part of a labor dispute, on the ground that the trial court erred by failing to instruct the jury that the plaintiff was required to prove actual malice.

* ***Auvil v. CBS 60 Minutes***: Obtained a dismissal of a class-action product-defamation suit brought by Washington apple growers against the Natural Resources Defense Council for having publicized the public health hazards of the growth regulator Alar.

* ***SEIU v. City of Houston***: After obtaining a preliminary injunction under the First Amendment, obtained on appeal a ruling that three Houston ordinances that restrict the right to protest via parades and public gatherings in public parks, and that restrict the use of sound amplification equipment, violate the First Amendment.

* ***Connelly v. No On 128, the Hayden Initiative***: Enforced a California law requiring state initiative campaign advertisements to identify industry campaign contributors.

* ***Crawford v. Int'l Union of Rubber Workers Local 703***: Obtained appellate reversal of a six-figure jury verdict against a union and picketers who had exercised their free speech right to disparage strikebreakers.

* ***Buyukmihci v. Regents***: Obtained a permanent injunction protecting the free speech rights of a tenured professor of veterinary medicine whom the University of California had tried to fire because of his animal rights views.

* ***Carreira v. Trustees of the California State University***: Obtained the first order ever issued by a California court overturning the California State University's denial of a whistleblower retaliation complaint and ordering a jury trial on that claim; and subsequently negotiated a nearly $1.8 million settlement for the whistleblower, a tenured professor at Long Beach State University.

\* ***Furukawa Farms v. California Rural Legal Assistance***: Successfully defended a statewide poverty law office against a suit brought by agricultural growers to block its advocacy on behalf of farm workers.

\* ***Coors v. Wallace***: Defeated an antitrust suit brought by Adolph Coors Company against the organizers of a nationwide consumer boycott of Coors beer.

\* ***Evergreen Oil Co. v. Communities for a Better Environment***: Obtained a dismissal under California's anti-SLAPP statute of an oil company's defamation action against a non-profit environmental advocacy group.

\* ***LaCome v. Wells et. al.***: Obtained a dismissal under California's anti-SLAPP statute of a defamation action brought against a nonprofit legal aid organization.

\* ***Tosco Corp. v. Communities for a Better Environment***: Obtained a dismissal for lack of federal jurisdiction of an oil company's federal court defamation action against an environmental group that had engaged in free speech about air pollution issues.

\* ***California Nurses Ass'n v. Stern***: Obtained a dismissal, under California's anti-SLAPP statute, of a lawsuit contending that peaceful home visits by representatives of a labor organization constituted "stalking."

\* ***ABC Security Service, Inc. v. SEIU Local 24/7***: Successfully defended labor union against a SLAPP suit brought by an employer seeking damages against a union for its organizing campaign to obtain recognition as the representative of the employer's workers, and negotiated a stipulated dismissal under which the employer entered into a card-check and neutrality agreement with the union to govern the recognition process, resulting in recognition and a collective bargaining agreement.

\* ***Singer v. American Psychological Ass'n***: Obtained a dismissal, under California's anti-SLAPP statute, of a lawsuit seeking to impose defamation liability on professional associations for statements made in amicus curiae briefs they had filed in court.

\* ***POSCO v. Contra Costa Building & Construction Trades Council***: Defeated an antitrust suit brought against various labor unions for engaging in environmental lobbying and litigation.

\* ***Recall Gray Davis Committee v. Regents of the University of California***: Obtained a dismissal, under California's anti-SLAPP statute, of a lawsuit seeking to hold the State Building and Construction Trades Council of California, which sponsored a political event, vicariously liable for spontaneous protests outside the event venue.

\* ***Schavrien v. Lynch***: Obtained a dismissal, under California's anti-SLAPP law, of a lawsuit against the former President of the California Public Utilities Commission, brought by an executive of an energy company regulated by the Commission, for publicly exposing the executive's attendance at a campaign fundraising event in support of the spouse of a Commissioner.

\* ***Knox v. Westly***: Defeated a preliminary injunction motion brought several days before a statewide election to prohibit a union from spending union dues and fees to oppose anti-worker ballot initiatives.

\* ***Mosqueda v. CCPOA***: Defeated a libel action brought by a prison warden against a correctional officers union for statements made in support of litigation initiated by a union officer.

\* ***Western Growers Ass'n v. United Farm Workers***: Obtained a dismissal under California's anti-SLAPP statute of an "unfair business practices" action brought by a growers' association against a union for its free speech activities.

\* ***Allied Pilots Ass'n v. San Francisco***: Obtained an injunction allowing pilots to handbill and picket at San Francisco International Airport.

\* ***Bruce Church, Inc. v. United Farm Workers***: Overturned on First Amendment and statutory grounds a $10 million judgment against the United Farm Workers for engaging in allegedly improper boycott activity.

\* ***Guess?, Inc. v. UNITE***: Obtained a dismissal, under California's anti-SLAPP statute, of a complaint alleging that a union had unlawfully supported picketing and litigation activity directed against the employer's workplace practices.

\* ***UFCW v. Brewer***: Obtained a permanent injunction under the First Amendment against provisions of two Arizona statutes, SB 1363 and SB 1365, that limit unions' ability to collect member dues, to participate in political advocacy, and to engage in protected speech activities.

\* ***D'Arrigo Bros. Co. of California v. United Farm Workers***: Obtained appellate reversal of California Superior Court decision denying a motion under California's anti-SLAPP statute to dismiss a civil lawsuit seeking money damages for a union's alleged conduct in assisting the General Counsel of the Agricultural Labor Relations Board to prosecute the union's unfair labor practice charge.

\* ***Global Community Monitor v. Lumber Liquidators, Inc.***: Obtained dismissal under California's anti-SLAPP statute of defamation and business tort claims brought by retailer of flooring products against environmental organization, arising from environmental organization's press release announcing its lawsuit against the retailer for Proposition 65's environmental notice and warning provisions in selling flooring products that emit excessive levels of formaldehyde.

\* ***Lyon v. SEIU Local 1000***: Obtained dismissal under California's anti-SLAPP statute of state law action seeking to compel public sector union to repay fair share fees collected prior to the Supreme Court's decision in *Janus v. AFSCME, Council 31*.

## CAMPAIGN AND ELECTION

* ***North Carolina State Conference of the NAACP v. The North Carolina State Bd. of Elections***: Obtained preliminary injunction from federal district court ordering North Carolina state and county officials to restore to the rolls thousands of voters whose registrations were unlawfully cancelled in the weeks leading up to the November 2016 election.

* ***Mesinna v. Padilla (Howard)***: Defeated an original writ petition filed in the California Supreme Court that sought to block an initiative regulating the dialysis industry from appearing on the statewide general election ballot.

* ***County of Santa Clara v. Padilla (Perry)***: Filed an original writ petition in the California Supreme Court challenging a misleading and deceptive initiative that would have eliminated public nuisance liability for lead paint manufacturers, after which the initiative was withdrawn.

* ***Rivera Madera v. Detzer/Lee***: Obtained preliminary injunction from federal district court requiring Florida to provide sample Spanish language ballots to Puerto Rican voters in 32 of its counties for the November 2018; obtained subsequent preliminary injunction requiring Florida to provide official Spanish language ballots and Spanish language materials and election assistance at all future elections in those 32 counties.

* ***Northeast Ohio Coalition for the Homeless v. Husted/ SEIU Local 1 v. Husted***: Struck down Ohio law that would have disqualified, prior to the November 2012 election, thousands of votes cast by registered voters in the right polling location but the wrong precinct due to poll-worker error.

* ***Brunner v. Ohio Republican Party*** (Supreme Court): Helped to defeat the Republican Party's attempt, during the November 2008 election, to require Ohio election officials to turn over the records of newly registered voters whose voter registration and motor vehicle information did not match, which would have enabled the Party to seek disenfranchisement of up to 600,000 new voters.

* ***Curley v. Lake County Bd. of Elections and Registration***: Obtained an injunction requiring election officials to permit early voting in the November 2008 election in predominantly African-American and Latino communities of Gary, Hammond, and East Chicago, Indiana.

* ***Common Cause of Colorado v. Hoffman***: Obtained a stipulation and court order requiring Colorado's Secretary of State to stop the unlawful purging of registered voters prior to the November 2008 election and to count ballots cast by voters who had previously been improperly purged unless there was clear and convincing evidence that they were ineligible to vote.

* ***State ex rel. Colvin v. Brunner/ Project Vote v. Madison County Board of Elections***: Helped to defeat the Ohio Republican Party's efforts, during the November 2008 election, to require voters to wait 30 days after registering to vote before being able to cast an absentee ballot, which would have deprived thousands of voters of their right to vote absentee.

* ***AFL-CIO v. Eu***: Invalidated a proposed initiative requiring a new federal constitutional convention to exact a "balanced budget" amendment, on the ground that the initiative violated Article V of the U.S. Constitution.

* ***Common Cause v. Jones***: Obtained a court order requiring the replacement of pre-scored punch card voting machines in California prior to the 2004 Presidential election.

* ***Fleischman v. Protect Our City***: Obtained, and successfully defended in the Arizona Supreme Court, an injunction removing an anti-immigrant initiative from the November 2006 Phoenix ballot on the ground that the city law granting initiative supporters the right to supplement signatures after the filing deadline was preempted by state law.

* ***Hawaii State AFL-CIO v. Yoshina***: Overturned on state election law grounds Hawaii's decision to ignore abstentions in determining whether the required percentage of votes was cast in favor of a ballot measure calling for a new state constitutional convention.

* ***Gomez v. City of Escondido***: Obtained a consent decree requiring the City of Escondido to convert to a district-based system for electing the City Council, in place of a longstanding at-large system that had diluted the voting strength of the Latino community and had prevented them from electing candidates of their choosing.

* ***Bennett v. Yoshina***: Successfully defended against a federal court due process challenge the Hawaii electorate's vote to refuse to hold a new state constitutional convention.

* ***Central California Farmers Ass'n v. Eu***: Defeated on state constitutional grounds an attempt by agribusiness to remove a comprehensive environmental protection initiative from the California ballot.

* ***Kneebone v. Norris***: Successfully defended a local election official's decision to reject an initiative petition, which would have prohibited a city from entering into project labor agreements on any city-funded construction projects, on the ground that the initiative's proponents failed to comply with the publication requirements of the Election Code.

* ***Cardona v. Oakland Unified School District***: Upheld the City of Oakland's right to delay redistricting on basis of the 1990 census until the census was adjusted to correct for the disproportionate undercount of minorities.

* ***Barry v. Nishioka***: Obtained a writ of mandate ordering election officials to place candidates on the ballot despite apparent noncompliance with nomination petition formalities.

* ***Edrington v. Floyd***: Successfully defended the City of Oakland's wording of the ballot question and analysis for a "just cause" eviction initiative against challenge by landlords.

* ***Dallman v. Ritter***: Obtained, and successfully defended in the Colorado Supreme Court, a preliminary injunction against Colorado Amendment 54, a voter initiative that would have banned public employee unions from making political contributions in state and local elections, on the ground the initiative violated the First and Fourteenth Amendments.

\* ***Daly v. Board of Supervisors of San Bernardino County***: Obtained a writ of administrative mandate overturning a county Board of Supervisors' filling of a vacancy on the Board as violating the Brown Act due the Board's use of a secret e-mailed ballot procedure to select candidates to interview for the vacancy.

# IMMIGRATION

\* ***Regents of University of California v. United States Dep't of Homeland Security/County of Santa Clara v. Trump***: Obtained a federal court preliminary injunction against the Trump administration's rescission of DACA as arbitrary and capricious under the Administrative Procedure Act, and helped successfully defend the district court's preliminary injunction before the Ninth Circuit.

\* ***AFL-CIO v. Chertoff***: Obtained a nation-wide injunction against a Department of Homeland Security regulation that would turn Social Security Administration "no-match" letters into an immigration-enforcement tool without authorization from Congress.

\* ***Catholic Social Services/Ayuda/Immigrant Assistance Project v. Reno***: Obtained the right to apply for legalization under the Immigration Reform and Control Act for hundreds of thousands of undocumented aliens who were prevented from applying because of unlawful federal regulations; and negotiated temporary work authorization for approximately three million aliens potentially eligible for legalization under the Act.

\* ***Calif. Rural Legal Assistance v. Legal Services Corp.***: Overturned a regulation prohibiting the provision of federally-funded legal services to a nationwide class of several million aliens who had been legalized through the amnesty process.

\* ***SEIU Local 535 v. Thornburgh***: Compelled the Immigration and Naturalization Service to rescind a regulation that deprived temporary nonimmigrant workers of the right to strike.

\* ***Patel v. Quality Inn South/ EEOC v. Tortilleria "La Mejor"***: Through a series of cases, established the eligibility of undocumented immigrant workers for the full remedial protections of the Fair Labor Standards Act and Title VII of the 1964 Civil Rights Act.

\* ***Lopez-Alvarado v. Ashcroft***: Obtained a Ninth Circuit reversal of Board of Immigration Appeal's decision ordering deportation of an immigrant family that had lived in the United States for more than ten years.

\* ***Int'l Union of Bricklayers and Allied Craftsmen v. Meese***: Obtained a decision prohibiting the federal government and employers from using non-immigrant business (B-1) visas to circumvent the requirement that temporary, non-immigrant, foreign workers not undercut the prevailing wage.

# MISCELLANEOUS

\* ***Blessing v. Freestone*** (Supreme Court): Preserved the availability of a remedy under 42 U.S.C. 1983 in cases seeking enforcement of federal statutory rights.

* *In re Anthem Inc. Data Breach*: Served as co-lead counsel in federal multi-district litigation involving hundreds of consumer class actions against Anthem, Inc. and its affiliated Blue Cross-Blue Shield companies in data breach case, and obtained a significant $115 million settlement requiring defendants to change their data privacy practices.

* *Kashmiri v. Regents*: Won a $33.8 million class-action judgment against the University of California for improperly charging fee increases to tens of thousands of undergraduate, graduate and professional students, and obtained a preliminary injunction prohibiting the University from charging professional students an additional $15 million in fees.

* *Luquetta v. Regents*: Won more than $48 million in a class action against the University of California for improperly charging fee increases to almost 3,000 professional students.

* *People v. Horton*: Obtained a California Supreme Court death penalty reversal on the direct appeal of a capital case.

* *Horton v. Mayle*: Obtained a Ninth Circuit habeas corpus remand of a former death penalty defendant's murder conviction due to the prosecutor's failure to disclose potentially exculpatory evidence, and obtained reversal of the conviction after an evidentiary hearing in the federal district court, resulting in the client's freedom after 27 years in prison.

* *Jane Doe v. Reddy*: Obtained an $11 million settlement in a human trafficking case on behalf of young Indian women who were unlawfully brought into the United States and forced to provide sex and free labor.

* *Anderson v. Regents*: Obtained an $11 million recovery in a Contracts Clause class action challenging the University of California's refusal to fund thousands of university professors' merit salary increases.

* *Eklund v. Byron Union School District*: Established the right of public school teachers to use games, role-playing, and other methods considered to be best pedagogical practices to teach about the history, culture and religion of Islam as part of a secular program of education in a world history class.

* *United States ex rel. Hendow v. University of Phoenix*: Won a $78.5 million settlement in a False Claims Act case against a for-profit university that allegedly defrauded the government by falsely certifying its compliance with the Higher Education Act's prohibition against paying commissions to recruiters of new students, which was the second-largest settlement ever of a False Claims Act case in which the U.S. Government declined to intervene.

* *Oster v. Wagner*: Obtained an injunction to block implementation of a California statute that would have severely reduced the eligibility of elderly and disabled Californians for in-home support services that enable them to remain in their own homes.

* *Dominguez v. Schwarzenegger*: Obtained, and successfully defended on appeal, a preliminary injunction against the implementation of a state statute that would have reduced the wages of providers of in-home support services to elderly and disabled Californians, and blocked Fresno County from reducing the wages of its providers to the minimum wage.

\* ***M.R. v. Dreyfus***: Obtained a Ninth Circuit ruling that plaintiffs challenging a ten percent reduction in hours of Medicaid homecare services are entitled to a preliminary injunction under the Americans with Disabilities Act.

\* ***Hart v. Electronic Arts/ Keller v. Electronic Arts***: Successfully briefed and argued a Third Circuit appeal and briefed a Ninth Circuit appeal in cases establishing that NCAA student athletes have a state law right-of-publicity in the commercial use of their likenesses that is sufficient to overcome video game manufacturers' First Amendment defense, later resulting in $40 million settlement.

\* ***Wells Fargo v. City of Richmond/ Bank of New York v. City of Richmond***: Successful defense of lawsuits filed against the city of Richmond that allege it would be illegal for the city to exercise eminent domain authority to condemn residential mortgage loans.

\* ***Sharp v. Next Entertainment, Inc.***: Helped to a obtain decision holding that the California Rules of Professional Responsibility do not preclude labor unions and other advocacy groups from funding class-action litigation, by filing amicus curiae brief and presenting oral argument on behalf of labor and public interest groups, including the ACLU of Southern California.

\* ***Utility Consumers' Action Network v. Sears/California Federal Bank/Household Credit Service/Texaco Credit Card Services/Capital One/Bank of America***: Obtained settlements in a series of consumer privacy class actions against financial institutions and credit card companies prohibiting unauthorized dissemination of personal account information to third party telemarketers.

\* ***California Labor Federation v. Cal. OSHA***: Invalidated, on state constitutional grounds, California Budget Act restrictions on the state's payment of public interest attorneys' fees.

\* ***Gardner v. Schwarzenegger***: Obtained a restraining order, preliminary injunction, and permanent injunction, which was affirmed on appeal, against enforcement of a state statute that would have permitted incarceration of non-violent drug offenders contrary to California Proposition 36, which mandated probation and drug treatment.

\* ***Hamilton v. Great Expectations***: Obtained an $8.5 million settlement of a statewide class action against a video dating service that had electronically eavesdropped on confidential membership interviews.

\* ***Garvin v. Utility Consumers' Action Network/Savage v. Utility Consumers' Action Network***: Successful defense on appeal of a $14 million settlement of a state law privacy class action challenging a bank's practice of selling confidential consumer information to third-party marketing companies.

\* ***Ammari Electronics v. Pacific Bell Directory***: Successfully defended on appeal a $17.35 million jury verdict on behalf of small businesses that paid for, but did not receive, best-efforts distribution of Pacific Bell Yellow Page Directories.

* ***Jensen v. Kaiser Permanente***: Obtained the rescission of a health maintenance organization's cost-cutting policy requiring staff psychiatrists to prescribe psychotropic medications for patients they have not examined.

* ***Welfare Rights Org. v. Crisan***: Established an evidentiary privilege for communications between applicants for public benefits and their lay representatives, including union representatives.

* ***Rogers v. Governing Bd. of the Sacramento City Unified Sch. Dist.***: Obtained a writ of mandate and a permanent injunction under the California Charter Schools Act prohibiting a school board from converting an existing public high school into a charter school without the approval of a majority of the school's teachers and requiring the school district to open a new non-charter public high school upon a showing of community support.

* ***In re Sealed Case***: Obtained a $13.2 million settlement of a False Claims Act case and two related wrongful termination cases on behalf of a husband and wife who were terminated after disclosing extensive fraud committed by their government contractor employer.

* ***NAACP v. Davis***: Reinstated a statutory requirement that the California Highway Patrol must collect racial profiling data, despite gubernatorial funding veto.

* ***California Court Reporters Ass'n v. Judicial Council***: Struck down rules that would have allowed official court reporters to be replaced by audiotape recordings in California Superior Courts, and obtained an injunction against expenditures of taxpayer funds in furtherance of such rules.

* ***In re Marriage Cases***: Helped obtain a California Supreme Court decision upholding the right to same-sex marriage under the California Constitution, by filing amicus curiae brief in conjunction with professors and students from Howard University Law School.

* ***Davidson v. County of Sonoma***: Obtained a substantial settlement on behalf of a law enforcement officer injured as a result of his employer's mock hostage training exercise in which he was seized and threatened at gunpoint.

* ***Vasquez v. State of California***: Obtained a unanimous California Supreme Court decision holding that prevailing plaintiffs who seek private attorney general fees are not required, as a condition of eligibility for a fee award, to demonstrate that they made efforts to settle their dispute before filing their civil complaint.

* ***Olney v. Pringle***: Negotiated a settlement prohibiting state legislators from paying large retroactive salary increases to select staff in violation of the state Constitution.

* ***Gary W. v. State of Louisiana/ La Raza Unida v. Volpe***: Required Louisiana and California to pay federal court civil rights attorney's fee awards, despite the refusal of state legislatures to appropriate the necessary funds.

\* ***The Northeast Ohio Coalition for the Homeless v. Husted***: Overturned a long-standing Sixth Circuit rule capping the number of compensable hours incurred in public interest attorneys' fees litigation to three percent of the hours incurred in litigating the underlying case.

\* ***Laffitte v. Robert Half Int'l Inc.***: Obtained a unanimous California Supreme Court decision approving the use of percentage-based common fund attorneys' fees in public interest litigation.

\* ***Nobles v. MBNA Corp.***: Obtained a settlement of a California consumer class action against a bank that misleadingly offered consumer lines of credit without disclosing hidden costs and credit impacts, resulting in a payment to class members of more than 85% of the claimed losses, with interest.

\* ***Beaver v. Tarsadia Hotels***: Obtained an order on reconsideration, and then successfully defended it on appeal, resulting in a $130 million judgment for plaintiffs holding that the four-year limitations period of California's Unfair Competition Law applies to conduct that violates the federal Interstate Land Sales Transfer Act, despite the federal statute's shorter limitations period.

\* ***Fanning v. HSBC/ Lindgren v. HSBC***: Negotiated a $13 million settlement of privacy class actions in federal court on behalf of California credit card account holders who alleged that their telephone conversations with their bank's debt collection and financial fraud personnel were secretly recorded.

## <u>CITATIONS TO JUDICIAL DECISIONS</u>

The firm's attorneys have participated in the following U.S. Supreme Court cases, as counsel for either a party or an amicus:  ***Epic Systems, Inc. v. Lewis***, 138 S. Ct. 1612 (2018); ***Expressions Hair Design v. Schneiderman***, 137 S. Ct. 1144 (2017); ***Fisher v. University of Texas at Austin***, 136 S. Ct. 2198 (2016); ***Armstrong v. Exceptional Child Ctr., Inc.***, 135 S. Ct. 1378 (2015); ***Harris v. Quinn,*** 134 S. Ct. 2618 (2014); ***Arizona v. United States***, 567 U.S. 387 (2012); ***Nat' Fed'n of Indep. Business v. Sebelius***, 567 U.S. 519 (2012); ***Knox v. Svc. Employees Int'l Union, Local 1000***, 567 U.S. 298 (2012); ***Douglas v. Indep. Living Ctr. of So. California, Inc.***, 565 U.S. 606 (2012); ***Chamber of Commerce v. Whiting***, 563 U.S. 582 (2011); ***Granite Rock Co. v. Int'l Bhd. of Teamsters***, 561 U.S. 287 (2010); ***Rent-A-Center, West, Inc. v. Jackson***, 561 U.S. 63 (2010); ***Brunner v. Ohio Republican Party***, 555 U.S. 5 (2008); ***Chamber of Commerce v. Brown***, 554 U.S. 60 (2008), rev'g ***Chamber of Commerce v. Lockyer***, 463 F.3d 1076 (9th Cir. 2006) (*en banc*); ***Long Island Care at Home, Ltd. v. Coke***, 551 U.S. 158 (2007); ***Orff v. United States***, 545 U.S. 596 (2005); ***Dep't of Transportation v. Public Citizen***, 541 U.S. 752 (2004); ***BE&K Construction Co. v. NLRB***, 536 U.S. 516 (2002), *on remand*, 351 N.L.R.B. No. 29 (2007); ***Hoffman Plastic Compounds v. NLRB***, 535 U.S. 137 (2002); ***EEOC v. Waffle House***, 534 U.S. 279 (2001); ***Lorillard Tobacco Co. v. Reilly***, 533 U.S. 525 (2001); ***Lujan v. G&G Fire Sprinklers, Inc.***, 532 U.S. 189 (2001); ***Circuit City Stores, Inc. v. Adams***, 532 U.S. 105 (2001); ***Sutton v. United Air Lines, Inc.***, 527 U.S. 471 (1999); ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.***, 526 U.S. 344 (1999); ***Nat'l Fed'n of Federal Employees, Local 1309 v. Dep't of the Interior***, 526 U.S. 86 (1999); ***Wright v. Universal Maritime Svc. Corp.***, 525 U.S. 70 (1998); ***Faragher v. City of Boca Raton***, 524 U.S. 775 (1998); ***Burlington Indus. v. Ellerth***, 524 U.S. 742 (1998); ***Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW***, 523 U.S. 653 (1998); ***Allentown Mack Sales and Svc., Inc. v. NLRB***, 522 U.S. 359

(1998); ***Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.***, 522 U.S. 192 (1997); ***Blessing v. Freestone***, 520 U.S. 329 (1997); ***California Dep't of Industrial Relations v. Dillingham Construction, Inc.***, 519 U.S. 316 (1997); ***Walters v. Metropolitan Educ. Enterprises***, 519 U.S. 202 (1997); ***Auciello Iron Works, Inc. v. NLRB***, 517 U.S. 781 (1996); ***UFCW v. Brown Group***, 517 U.S. 544 (1996); ***NLRB v. Town & Country Elec., Inc.***, 516 U.S. 85 (1995); ***McKennon v. Nashville Banner***, 513 U.S. 352 (1995); ***Hawaiian Airlines v. Norris***, 512 U.S. 246 (1994); ***Livadas v. Bradshaw***, 512 U.S. 107 (1994); ***NLRB v. Health Care & Retirement Corp.***, 511 U.S. 571 (1994); ***ABF Freight System Inc. v. NLRB***, 510 U.S. 317 (1994); ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993); ***Reno v. Catholic Social Svcs.***, 509 U.S. 43 (1993); ***Dist. of Columbia v. Greater Washington Bd. of Trade***, 506 U.S. 125 (1992); ***Forsyth County v. Nationalist Movement***, 505 U.S. 123 (1992); ***Gade v. Nat'l Solid Waste Mgt. Ass'n***, 505 U.S. 85 (1992); ***INS v. Nat'l Ctr. for Immigrants' Rights***, 502 U.S. 183 (1991); ***Gilmer v. Interstate/Johnson Lane Corp.***, 500 U.S. 20 (1991); ***UAW v. Johnson Controls, Inc.***, 499 U.S. 187 (1991); ***ALPA v. O'Neill***, 499 U.S. 65 (1991); ***McNary v. Haitian Refugee Ctr., Inc.***, 498 U.S. 479 (1991); ***United States v. Kokinda***, 497 U.S. 720 (1990); ***Keller v. State Bar of California***, 496 U.S. 1 (1990); ***NLRB v. Curtin Matheson Scientific, Inc.***, 494 U.S. 775 (1989); ***Guidry v. Sheet Metal Workers Nat'l Pension Fund***, 493 U.S. 365 (1989); ***Breininger v. Sheet Metal Workers Int'l Ass'n, Local Union No. 6***, 493 U.S. 67 (1989); ***Webster v. Reproductive Health Svcs.***, 492 U.S. 490 (1989); ***Bd. of Trustees of SUNY v. Fox***, 492 U.S. 469 (1989); ***Price Waterhouse v. Hopkins***, 490 U.S. 228 (1989); ***Frisby v. Schultz***, 487 U.S. 474 (1988); ***Lingle v. Norge Div. of Magic Chef, Inc.***, 486 U.S. 399 (1988); ***Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council***, 485 U.S. 568 (1988); ***Bd. of Airport Commissioners v. Jews for Jesus, Inc.***, 482 U.S. 569 (1987); ***Caterpillar, Inc. v. Williams***, 482 U.S. 386 (1987); ***Fall River Dying & Finishing Corp. v. NLRB***, 482 U.S. 27 (1987); ***Fort Halifax Packing Co. v. Coyne***, 482 U.S. 1 (1987); ***Atchison, Topeka & Santa Fe Ry. v. Buell***, 480 U.S. 557 (1987); ***California Federal Savings & Loan Ass'n v. Guerra***, 479 U.S. 1312 (1987); ***Baker v. General Motors Corp.***, 478 U.S. 21 (1986); ***Int'l Union, UAW v. Brock***, 477 U.S. 274 (1986); ***Meritor Savings Bank v. Vinson***, 477 U.S. 57 (1986); ***NLRB v. Financial Institution Employees***, 475 U.S. 192 (1986); ***Pacific Gas & Electric Co. v. Public Utilities Comm.***, 475 U.S. 1 (1986); ***Pattern Makers' League v. NLRB***, 473 U.S. 95 (1985); ***Ruckelshaus v. Monsanto Co.***, 467 U.S. 986 (1984); ***Ellis v. Bh'd of Ry. Airline & S.S. Clerks***, 466 U.S. 435 (1984); ***Arizona Governing Committee v. Norris***, 463 U.S. 1073 (1983); ***Shaw v. Delta Airlines***, 463 U.S. 85 (1983); ***Newport News Shipbuilding & Dry Dock Co. v. EEOC***, 462 U.S. 669 (1983); ***Bush v. Lucas***, 462 U.S. 367 (1983); ***Connick v. Myers***, 461 U.S. 138 (1983); ***Knight v. Minnesota Community College Faculty Ass'n***, 460 U.S. 1048 (1983); ***Bowen v. United States Postal Service***, 459 U.S. 212 (1983); ***Bd. of Educ. v. Pico***, 457 U.S. 853 (1982); ***Heffron v. ISKCON***, 452 U.S. 640 (1981); ***Donovan v. Dewey***, 452 U.S. 594 (1981); ***NLRB v. Retail Stores Employees Union***, 447 U.S. 607 (1980); ***Pruneyard Shopping Center v. Robins***, 447 U.S. 74 (1980); ***Whirlpool Corp. v. Marshall***, 445 U.S. 1 (1980); ***Babbitt v. United Farm Workers Nat'l Union***, 442 U.S. 289 (1979); ***Cannon v. Univ. of Chicago***, 441 U.S. 677 (1979); ***New York Telephone Co. v. New York Labor Dep't***, 440 U.S. 519 (1979); ***Hisquierdo v. Hisquierdo***, 439 U.S. 572 (1979); ***City of Los Angeles v. Manhart***, 435 U.S. 702 (1978).

The firm's attorneys have also participated in the following cases in the federal courts of appeals: ***Salazar v. McDonald's Corp.***, 939 F.3d 1051 (9th Cir. 2019); ***Blair v. Rent-A-Center, Inc.***, 928 F.3d 819 (9th Cir. 2019); ***Bekele v. Lyft, Inc.***, 918 F.3d 181 (1st Cir. 2019); ***Mentele v. Inslee***, 916 F.3d 783 (9th Cir. 2019); ***Hamidi v. Serv. Emps. Int'l Union, Local 1000***, 747 Fed. Appx. 586 (9th Cir. 2019); ***Fisk v. Inslee***, 2019 WL 141253 (9th Cir. 2019); ***Riffey v. Rauner***,

910 F.3d 314 (7th Cir. 2018); *Regents of the Univ. of Cal. v. Dep't of Homeland Sec.*, 908 F.3d 476 (9th Cir. 2018); *Pioneer Roofing Org. v. Local Joint Adjustment Smart Bd. Local Union No. 104*, 725 Fed. Appx. 582 (9th Cir. 2018); *Casumpang v. Hawaii Comm. and Sugar Co.*, 712 Fed. Appx. 709 (9th Cir. 2018); *Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053 (9th Cir. 2018); *Lewis v. Alabama*, 896 F.3d 1282 (11th Cir. 2018); *Clark v. City of Seattle*, 899 F.3d 802 (9th Cir. 2018); *Interpipe Contracting v. Becerra*, 898 F.3d 879 (9th Cir. 2018); *Chamber of Comm. v. City of Seattle*, 890 F.3d 769 (9th Cir. 2018); *Riffey v. Rauner*, 873 F.3d 558 (7th Cir. 2017); *Int'l Union of Operating Engineers Local 139 v. Schimel*, 863 F.3d 674 (7th Cir. 2017); *Demetris v. Transport Workers Union*, 862 F.3d 799 (9th Cir. 2017); *Int'l Bhd. of Teamsters v. United States Dep't of Transportation*, 861 F.3d 944 (9th Cir. 2017); *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017); *NLRB v. Alternative Entertainment, Inc.*, 858 F.3d 393 (6th Cir. 2017); *Maloney v. T3Media, Inc.*, 853 F.3d 1004 (9th Cir. 2017); *Hill v. Svc. Employees Int'l Union*, 850 F.3d 861 (7th Cir. 2017); *Jarvis v. Cuomo*, 660 Fed. Appx. 72 (2d Cir. 2016); *Natural Resources Defense Council v. Pritzker*, 828 F.3d 1125 (9th Cir. 2016); *Brown v. Wal-Mart Stores, Inc.*, 651 Fed. Appx. 672 (9th Cir. 2016); *Bierman v. Dayton*, 817 F.3d 1070 (8th Cir. 2016); *Beaver v. Tarsadia Hotels*, 816 F.3d 1170 (9th Cir. 2016); *D'Agostino v. Patrick*, 812 F.3d 240 (1st Cir. 2016); *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958 (11th Cir. 2016) (*en banc*); *Green v. Bank of America, N.A.*, 634 Fed. Appx. 188 (9th Cir. 2015); *Int'l Franchise Ass'n v. City of Seattle*, 803 F.3d 389 (9th Cir. 2015); *Texas v. United States*, 787 F.3d 733 (5th Cir. 2015); *DeBoer v. Snyder*, 772 F.3d 388 (6th Cir. 2014); *Friedrichs v. California Teachers Ass'n*, 2014 WL 10076847 (9th Cir. Nov. 18, 2014), *aff'd by an equally divided court*, 136 S. Ct. 1083 (2016); *Natural Resources Defense Council v. Jewell*, 749 F.3d 776 (9th Cir. 2014); *Kilby v. CVS Pharmacy, Inc.*, 739 F.3d 1192 (9th Cir. 2013); *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013) and 709 F.3d 808 (9th Cir. 2013); *United Steel Workers Local 12-369 v. United Steel Workers, Int'l*, 728 F.3d 1107 (9th Cir. 2013); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268 (9th Cir. 2013), *cert. dismissed sub nom. Elec. Arts Inc. v. Keller*, 135 S. Ct. 42 (2014); *Svc. Employees Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036 (9th Cir. 2013); *Hart v. Elec. Arts, Inc.*, 717 F.3d 141 (3d Cir. 2013), *cert. dismissed*, 135 S. Ct. 43 (2014); *Int'l Bhd. of Teamsters v. United States Dep't of Transportation*, 714 F.3d 580 (2013); *Firebaugh Canal Water Dist. v. United States*, 712 F.3d 1296 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1300 (2014); *Carrillo v. Schneider Logistics, Inc.*, 501 Fed. Appx. 713 (9th Cir. 2012); *Gale v. First Franklin Loan Servs.*, 701 F.3d 1240 (9th Cir. 2012); *Northeast Ohio Coalition for the Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012), *later proceeding*, 831 F.3d 686 (2016); *Mulhall v. UNITE HERE Local 355*, 667 F.3d 1211 (11th Cir. 2012); *M.R. v. Dreyfus*, 663 F.3d 1100 (9th Cir. 2011), *amended on denial of pet. for rehearing en banc*, 697 F.3d 706 (9th Cir. 2012); *Kairy v. SuperShuttle Int'l*, 660 F.3d 1146 (9th Cir. 2011); *Virginia ex rel. Cuccinelli v. Sebelius*, 656 F.3d 253 (4th Cir. 2011); *Harris v. Quinn*, 656 F.3d 692 (7th Cir. 2011), *rev'd*, 134 S. Ct. 2618 (2014); *Florida v. United States Dep't of Health and Human Svcs.*, 648 F.3d 1235 (11th Cir. 2011); *Knox v. Cal. State Employees Ass'n, Local 1000*, 628 F.3d 1115 (9th Cir. 2010), *rev'd sub nom Knox v. Svc. Employees Int'l Ass'n, Local 1000*, 132 S. Ct. 2277 (2012); *Narayan v. EGL, Inc.*, 616 F.3d 895 (9th Cir. 2010); *Dominguez v. Schwarzenegger*, 596 F.3d 1087 (9th Cir. 2010); *Svc. Employees Int'l. Union, Local 5 v. City of Houston*, 595 F.3d 588 (5th Cir. 2010); *Veldechalam v. Tata America Int'l Corp.*, 339 Fed. Appx. 761 (9th Cir. 2009); *Glass v. UBS Financial Svcs. Inc.*, 331 Fed. Appx. 452 (9th Cir. 2009); *The Sierra Club Foundation v. Dep't of Transportation*, 563 F.3d 897 (9th Cir. 2009); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008); *Adcock v. Freightliner, LLC*, 550 F.3d 369 (4th Cir. 2008); *Chicanos Por La Causa, Inc. v. Napolitano*, 544 F.3d 976

(9th Cir. 2008); ***Ohio Republican Party v. Brunner***, 544 F.3d 711 (6th Cir. 2008) (*en banc*), *rev'd*, 555 U.S. 5 (2008); ***Granite Rock Co. v. Int'l Bhd. of Teamsters***, 546 F.3d 1169 (9th Cir. 2008), *aff'd in part and rev'd in part*, 130 S. Ct. 2847 (2010); ***Golden Gate Restaurant Ass'n v. City and County of San Francisco***, 546 F.3d 639 (9th Cir. 2008), and 512 F.3d 1112 (9th Cir. 2008); ***In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation***, 481 F.3d 1119 (9th Cir. 2007); ***In re Garabedd Melkonian Trust***, 235 Fed. Appx. 404 (9th Cir. 2007); ***Chamber of Commerce v. Lockyer***, 463 F.3d 1076 (9th Cir. 2006) (*en banc*), *rev'd sub nom* ***Chamber of Commerce v. Brown***, 554 U.S. 60 (2008); ***United States v. Afshari***, 446 F.3d 915 (9th Cir. 2006), *cert. denied sub no*m ***Rahmani v. United States***, 549 U.S. 1110 (2007); ***Eklund v. Byron Union School Dist.***, 154 Fed. Appx. 648, 2005 WL 3086580 (9th Cir. 2005); ***Recon Refractory & Constr. Inc. v. NLRB***, 424 F.3d 980 (9th Cir. 2005); ***Horton v. Mayle***, 408 F.3d 570 (9th Cir. 2005); ***Cummings v. Connell***, 402 F.3d 936 (9th Cir. 2005), and 316 F.3d 886 (9th Cir. 2003); ***Lopez-Alvarado v. Ashcroft***, 381 F.3d 847 (9th Cir. 2004); ***Associated Builders & Contractors v. Nunn***, 356 F.3d 979 (9th Cir. 2004); ***Wagner v. Professional Engineers in California Gov't***, 354 F.3d 1036 (9th Cir. 2004); ***Harik v. California Teachers Ass'n***, 326 F.3d 1042 (9th Cir. 2003); ***Deutsch v. Turner Corp.***, 324 F.3d 692 (9th Cir. 2003); ***Simo v. Union of Needletrades, Industrial & Textile Employees***, 322 F.3d 602 (9th Cir. 2003); ***Public Citizen v. Dep't of Transportation***, 316 F.3d 1002 (9th Cir. 2003), *rev'd*, 541 U.S. 752 (2004); ***Conant v. Walters***, 309 F.3d 629 (9th Cir. 2002), *aff'g* ***Conant v. McCaffrey***, 2000 WL 1281174 (N.D. Cal. 2000), 172 F.R.D. 681 (N.D. Cal. 1997); ***Immigrant Assistance Project v. INS***, 306 F.3d 842 (9th Cir. 2002); ***Steam Press Holdings, Inc. v. Hawaii Teamsters and Allied Workers Union, Local 996***, 302 F.3d 998 (9th Cir. 2002); ***Wininger v. Boyden***, 301 F.3d 1115 (9th Cir. 2002); ***Prescott v. County of El Dorado***, 298 F.3d 844 (9th Cir. 2002); ***Casumpang v. Int'l Longshoremen's Local 142***, 269 F.3d 1042 (9th Cir. 2001), *later proceeding*, 361 F. Supp. 2d 1195 (D. Hawaii 2005); ***Foster v. Mahdesian***, 268 F.3d 689 (9th Cir. 2001); ***BE&K Construction Co. v. NLRB***, 246 F.3d 619 (6th Cir. 2001), *rev'd*, 536 U.S. 516 (2002); ***Petrochem Insulation v. NLRB***, 240 F.3d 26 (D.C. Cir. 2001); ***Hoffman Plastic Compounds, Inc. v. NLRB***, 237 F.3d 639 (D.C. Cir. 2001) (*en banc*), *rev'd*, 535 U.S. 137 (2002); ***Tosco Corp. v. Communities for a Better Environment***, 236 F.3d 495 (9th Cir. 2001); ***Catholic Social Svcs. v. INS***, 232 F.3d 1139 (9th Cir. 2000) (*en banc*); ***St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the United States Virgin Islands***, 218 F.3d 232 (3rd Cir. 2000); ***Does I through XXIII v. Advanced Textile Corp.***, 214 F.3d 1058 (9th Cir. 2000); ***Passantino v. Johnson & Johnson Consumer Products, Inc.***, 212 F.3d 493 (9th Cir. 2000); ***Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174***, 203 F.3d 703 (9th Cir. 2000) (*en banc*); ***Aramark Corp. v. NLRB***, 179 F.3d 872 (10th Cir. 1999) (*en banc*); ***U.S. Airways, Inc. v. Nat'l Mediation Bd.***, 177 F.2d 985 (D.C. Cir. 1999); ***Retlaw Broadcasting Co. v. NLRB***, 172 F.3d 660 (9th Cir. 1999); ***Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith Inc.***, 170 F.3d 1 (1st Cir. 1999); ***CPS Chem. Co. v. NLRB***, 160 F.3d 150 (3d Cir. 1998); ***G&G Sprinklers, Inc. v. Bradshaw***, 156 F.3d 893 (9th Cir. 1998), *vacated and remanded*, 526 U.S. 1061 (1999), *on remand*, 204 F.3d 941 (9th Cir. 2000), *rev'd*, 532 U.S. 189 (2001); ***Californians v. Mendonca***, 152 F.3d 1184 (9th Cir. 1998); ***Tahara v. Matson Terminals, Inc.***, 152 F.3d 929, 1998 WL 405855, 1998 U.S. App. LEXIS 15412 (9th Cir. 1998) (mem. disp.); ***Hanlon v. Chrysler Corp.***, 150 F.3d 1011 (9th Cir. 1998); ***Duffield v. Robertson Stephens & Co.***, 144 F.3d 1182 (9th Cir. 1998); ***Bennett v. Yoshina***, 140 F.3d 1218 (9th Cir. 1998); ***McNealy v. Caterpillar, Inc.***, 139 F.3d 1113 (7th Cir. 1998); ***San Antonio Comm. Hosp. v. So. California Dist. Council of Carpenters***, 137 F.3d 1090 (9th Cir. 1997); ***McClatchy Newspapers, Inc. v. NLRB***, 131 F.3d 1026 (D.C. Cir. 1998); ***Montero v. INS***, 124 F.3d 381 (2d Cir. 1997); ***ConAgra v. NLRB***, 117 F.3d 1435 (D.C. Cir. 1997); ***Associated Builders & Contrs., Inc. v. Local 302,***

*IBEW*, 109 F.3d 1353 (9th Cir. 1997); *Pryner v. Tractor Supply Co., Inc.*, 109 F.3d 354 (7th Cir. 1997); *Beverly Enterprises-Pennsylvania, Inc. v. Dist. 1199C*, 90 F.3d 93 (3rd Cir. 1996); *Fry v. ALPA*, 88 F.3d 831 (10th Cir. 1996); *WSB Electric, Inc. v. Curry*, 88 F.3d 788 (9th Cir. 1996); *United Ass'n of Journeymen & Apprentices v. Reno*, 73 F.3d 1134 (D.C. Cir. 1996); *Chamber of Commerce v. Bragdon*, 64 F.3d 497 (9th Cir. 1995); *Washington Svc. Contractors v. Dist. of Columbia*, 54 F.3d 811 (D.C. Cir. 1995); *Legalization Assistance Project v. INS*, 50 F.3d 789 (9th Cir.1995); *Maui Trucking v. Gen. Contractors Labor Ass'n*, 37 F.3d 436 (9th Cir. 1994); *Electromation, Inc. v. NLRB*, 35 F.3d 1148 (7th Cir. 1993); *Cannon v. Edgar*, 33 F.3d 880 (7th Cir. 1994); *USS-POSCO Industries v. Contra Costa Building & Construction Trades Council*, 31 F.3d 800 (9th Cir. 1994); *Wedges/Ledges, Inc. v. City of Phoenix*, 24 F.3d 56 (9th Cir. 1994); *Combined Mgt. Inc. v. Superintendent of Ins.*, 22 F.3d 1 (1st Cir. 1994); *Employee Staffing Svcs., Inc. v. Aubry*, 20 F.3d 1038 (9th Cir. 1994); *Perales v. Thornburgh*, 4 F.3d 99 (2d Cir. 1992); *American Dental Ass'n v. Martin*, 984 F.2d 823 (7th Cir. 1993); *United Ass'n of Journeymen v. Barr*, 981 F.2d 1269 (D.C. Cir. 1992), vacating 768 F. Supp. 375 (D.D.C. 1991); *Les v. Reilly*, 968 F.2d 985 (9th Cir. 1992); *Shelby County Health Care Corp. v. AFSCME Local 1733*, 967 F.2d 1091 (6th Cir. 1992); *Elecrical Jt. Apprenticeship Comm. v. MacDonald*, 949 F.2d 270 (9th Cir. 1991); *Kidwell v. Transportation Communication Int'l Union*, 946 F.2d 283 (4th Cir. 1991); *IBEW v. Eichleay Corp.*, 944 F.2d 1047 (3rd Cir. 1991); *Colorado-Ute Electrical Ass'n v. NLRB*, 939 F.2d 1392 (10th Cir. 1991); *California Rural Legal Assistance v. Legal Service Corp.*, 937 F.2d 465, 917 F.2d 1171 (9th Cir. 1991); *Toledo Typographical Union No. 63 v. NLRB*, 907 F.2d 1220 (D.C. Cir. 1990); *Indianapolis Power & Light Co. v. NLRB*, 898 F.2d 524 (7th Cir. 1990); *U.S. Postal Service v. APWU*, 893 F.2d 1117 (9th Cir. 1990); *Hydrostorage v. No. California Boilermakers*, 891 F.2d 719 (9th Cir. 1989); *News/Sun Sentinel Co. v. NLRB*, 890 F.2d 430 (D.C. Cir. 1989); *Nat'l Posters, Inc. v. NLRB*, 885 F.2d 175 (4th Cir. 1989); *NLRB v. Parents and Friends of the Specialized Living Ctr.*, 879 F.2d 1442 (7th Cir. 1989); *In re Thornburgh*, 869 F.2d 1503 (D.C. Cir. 1989); *Stache v. Int'l Union of Bricklayers*, 852 F.2d 1231 (9th Cir. 1988); *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988); *NLRB v. Ashkenazy Property Mgt. Corp.*, 817 F.2d 75 (9th Cir. 1987); *UAW v. Brock*, 816 F.2d 761 (D.C. Cir. 1987); *Local 512, Warehouse and Office Workers' Union v. NLRB* (*Felbro*), 795 F.2d 705 (9th Cir. 1986); *IBEW, Local 387 v. NLRB* (*Arizona Public Service Co.*), 788 F.2d 1412 (9th Cir. 1986); *AFSCME v. State of Washington*, 770 F.2d 1401 (9th Cir. 1985); *California Hosp. Ass'n v. Henning*, 770 F.2d 856 (9th Cir. 1985); *White v. City of Richmond*, 713 F.2d 458 (9th Cir. 1983); *Hawaiian Telephone Co. v. Hawaii Dep't of Labor & Industrial Relations*, 691 F.2d 905 (9th Cir. 1982), earlier proceeding, 614 F.2d 1197 (9th Cir. 1980); *Spain v. Mountanos*, 690 F.2d 742 (9th Cir. 1982); *Gary W. v. State of Louisiana*, 622 F.2d 804 (5th Cir. 1980); *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980).

In the federal district courts, the firm's cases have included the following: *Oliver v. Servs. Emps. Int'l Union Local 668*, 2019 WL 5964778 (E.D. Pa. 2019); *Hamidi v. SEIU Local 1000*, 2019 WL 5536324 (E.D. Cal. 2019); *Maycock v. Dugovich*, 2019 WL 4849511 (W.D. Wa. 2019); *LaSpina v. SEIU Penn. State Council*, 2019 WL 4750423 (M.D. Pa. 2019); *Anderson v. Servs. Emps. Int'l Union Local 503*, 2019 WL 4246688 (D. Or. 2019); *Sweet v. Cal. Ass'n of Psychiatric Technicians*, 2019 WL 4054105 (E.D. Cal. 2019); *Seager v. United Teachers Los Angeles*, 2019 WL 3822001 (C.D. Cal. 2019); *Molina v. Penn. Social Serv. Union*, 392 F.Supp.3d 469 (M.D. Pa. 2019); *Center for Popular Democracy v. Bd. of Governors of Fed. Reserve Sys.*, 2019 WL 3207829 (E.D.N.Y. 2019); *Bayer v. Neiman Marcus Group, Inc.*, 2019 WL 2519537 (N.D. Cal. 2019); *Hamidi v. SEIU Local 1000*, 2019 WL 25133767 (E.D. Cal. 2019); *Grossman v. Hawaii Gov. Emps. Ass'n/AFSCME Local 152*, 382

F.Supp.3d 1088 (D. Hawaii 2019); *Rivera Madera v. Lee*, 2019 WL 2077037 (N.D. Fla. 2019); *Babb v. Cal. Teachers Ass'n/Wilford v. Nat'l Educ. Ass'n/Matthews v. United Teachers Los Angeles/Martin v. California Teachers Ass'n/Few v. United Teachers Los Angeles*, 378 F.Supp.3d 857 (C.D. Cal. 2019); *Wholean v. CSEA SEIU Local 2001*, 2019 WL 1873021 (D. Conn. 2019); *Bermudez v. Serv. Emps. Int'l Union, Local 521*, 2019 WL 1615414 (N.D. Cal. 2019); *Hough v. SEIU Local 521*, 2019 WL 1785414 (N.D. Cal. 2019); *Berman v. Microchip Tech. Inc.*, 2019 WL 1318550 (N.D. Cal. 2019); *Cockrum v. Donald J. Trump for President, Inc.*, 365 F.Supp.3d 652 (E.D. Va. 2019); *Crockett v. NEA-Alaska*, 367 F.Supp.3d 996 (D. Alaska 2019); *Carey v. Inslee*, 364 F.Supp.3d 1220 (W.D. Wa. 2019); *Cook v. Brown*, 364 F.Supp.3d 1184 (D. Or. 2019); *Natural Resources Defense Council v. Bernhardt*, 2019 WL 937872 (E.D. Cal. 2019); *Belgau v. Inslee*, 359 F.Supp.3d 1000 (W.D. Wa. 2019); *North Carolina State Conf. of the NAACP v. The N.C. State Bd. of Elections*, 2018 WL 3748172 (M.D.N.C. 2018); *Danielson v. AFSCME Council 28*, 340 F.Supp.3d 1083 (W.D. Wa. 2018); *Blair v. Rent-A-Center, Inc.*, 2018 WL 5721799 (N.D. Cal. 2018); *Yohn v. Cal. Teachers Ass'n*, 2018 WL 5264076 (C.D. Cal. 2018); *Danielson v. Inslee*, 2018 WL 3917937 (W.D. Wa. 2018); *Belgau v. Inslee*, 2018 WL 4931602 (W.D. Wa. 2018); *Greer v. Pac. Gas and Elec. Co.*, 2018 WL 5880768 (E.D. Cal. 2018); *Cockrum v. Donald J. Trump for President, Inc.*, 319 F.Supp.3d 158 (D.D.C. 2018); *Madera v. Detzner*, 325 F.Supp.3d 1269 (N.D. Fla. 2018); *Chavez v. Plan Benefit Servs., Inc.*, 2018 WL 3016925 (W.D. Tx. 2018); *Bayer v. Neiman Marcus Group*, 2018 WL 2427787 (N.D. Cal. 2018); *Pimentel v. Aloise*, 2018 WL 6025613; *Schuman v. Microchip Tech. Inc*, 302 F.Supp.3d 1101 (N.D. Cal. 2018); *Berman v. Microchip Tech. Inc*, 2018 WL 732667 (N.D. Cal. 2018); *Kao v. Abbott Laboratories Inc.*, 2017 WL 5257041 (N.D. Cal. Nov. 13, 2017); *Blair v. Rent-A-Center, Inc.*, 2017 WL 4805577 (N.D. Cal. Oct. 25, 2017); *Regents of University of California v. United States Department of Homeland Security*, 2017 WL 4642324 (N.D. Cal. Oct. 17, 2017), *pet'n for writ of mandamus denied sub nom In re United States*, 875 F.3d 1200 (9th Cir. 2017), *cert. granted, vacated, and remanded*, 2017 WL 6505860 (Dec. 20, 2017), *remanding to district court*, 2017 WL 6541751 (9th Cir. Dec. 21, 2017), *preliminary injunction granted on remand*, 2018 WL 339144 (N.D. Cal. Jan. 9, 2018); *Clark v. City of Seattle*, 2017 WL 3641908 (W.D. Wash. Aug. 24, 2017); *Fisk v. Inslee*, 2017 WL 4619223 (W.D. Wash. Oct, 16, 2017); *Chamber of Commerce v. City of Seattle*, 2017 WL 3267730 (W.D. Wash. Aug. 1, 2017); *Yohn v. California Teachers Ass'n*, 2017 WL 2628946 (C.D. Cal. June 1, 2017); *Alvarez v. Inslee*, 2017 LRRM 91,147, 2017 WL 1079923 (W.D. Wash. May 22, 2017); *Natural Resources Defense Council v. McCarthy*, 231 F. Supp. 3d 491 (N.D. Cal. 2017); *Pioneer Roofing Org. v. Sheet Metal Workers Local Union No. 104*, 2017 LRRM 16,035, 2017 WL 201615 (N.D. Cal. Jan. 18, 2017); *Bierman v. Dayton*, 227 F. Supp. 3d 1022, 208 LRRM 3085 (D. Minn. 2017); *Winner v. Rauner*, 2016 LRRM 422,986, 2016 WL 7374258 (N.D. Ill. Dec. 20, 2016); *North Carolina State Conference of the NAACP v. The North Carolina Bd. of Elections*, 2016 WL 6581284 (M.D.N.C. Nov. 4, 2016); *Hoffman v. Inslee*, 2016 WL 6126016 (W.D. Wash. Oct. 20, 2016); *Pette v. Int'l Union of Operating Engineers*, 2016 WL 4596338 (C.D. Cal. Sept. 2, 2016); *Salazar v. McDonald's Corp.*, 2016 WL 4394165 (N.D. Cal. Aug. 16, 2016), and subsequent orders, 2017 WL 88999 (N.D. Cal. Jan. 5, 2017), and 2017 WL 950986 (N.D. Cal. Mar. 10, 2017); *Totten v. Kellogg Brown & Root, LLC*, 2016 WL 316019 (C.D. Cal. Jan. 22, 2016); *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1237 (N.D. Cal. 2015), and subsequent order, 2016 WL 3648550 (N.D. Cal. July 7, 2016); *D'Agostino v. Patrick*, 98 F. Supp. 3d 109 (D. Mass. 2015), *aff'd*, 812 F.3d 240 (1st Cir. 2016); *Greene v. Dayton*, 81 F. Supp. 3d 747 (D. Minn. 2015); *Bierman v. Dayton*, 2014 WL 5438505 (D. Minn. 2014), appeal dismissed as moot, 817 F.3d 1070 (8th Cir. 2016); *Natural Resources Defense Council v. Pritzker*, 62 F. Supp. 3d 969 (N.D. Cal. 2014); *Beaver v. Tarsadia Hotels*,

29 F. Supp. 3d 1294 (S.D. Cal. 2014), on reconsideration, 29 F. Supp. 3d 1323 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016); *Svc. Employees Int'l Union, Local 1 v. Husted*, 887 F. Supp. 2d 761 (S.D. Ohio 2012), *aff'd in part and rev'd in part sub nom **Northeast Ohio Coalition for the Homeless v. Husted***, 696 F.3d 580 (6th Cir. 2012), and later proceeding, 906 F. Supp. 2d 745 (S.D. Ohio 2012); *Friendly House v. Whiting*, 846 F. Supp. 2d 1053 (D. Ariz. 2012), *aff'd*, *Valle del Sol Inc. v. Whiting*, 709 F.3d 808 (9th Cir. 2013); *Narayan v. EGL, Inc.*, 285 F.R.D. 473 (N.D. Cal. 2012); *Oster v. Lightbourne*, 2012 WL 685808 (N.D. Cal. March 2, 2012); *Carrillo v. Schneider Logistics, Inc.*, 2012 WL 556309 (C.D. Cal. Jan. 31, 2012), 2011 WL 6104839 (C.D. Cal. Dec. 7, 2011), and 823 F. Supp. 2d 1040 (C.D. Cal. 2012); *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492 (N.D. Cal. 2012); *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 2011 WL 6012936 (N.D. Cal. Dec. 1, 2011); *UFCW Local 99 v. Brewer*, 817 F. Supp. 2d 1118 (D. Ariz. 2011), later proceeding, 934 F. Supp. 2d 1167 (D. Ariz. 2013); *Copello v. Boehringer Ingelheim*, 2011 WL 3325857 (N.D. Ill. Nov. 2, 2011); *M.R. v. Dreyfus*, 767 F. Supp. 2d 1149 (W.D. Wash. 2011); *Southern Wine + Spirits Co. v. Simpkins*, 2011 WL 124631 (S.D. Fla. Jan. 14, 2011); *Dimenco v. Svc. Employees Int'l Union*, 2011 WL 89999 (N.D. Cal. Jan. 10, 2011); *M.R. v. Dreyfus*, 2011 WL 31553 (W.D. Wash. Jan 05, 2011); *Common Cause of Colorado v. Buescher*, 2010 WL 4537073 (D. Colo. Nov. 3, 2010), and 2010 WL 4156486 (D. Colo. Oct. 18, 2010); *Dominguez v. Schwarzenegger*, 2010 WL 3447691 (N.D. Cal. Aug. 30, 2010), 2010 WL 2673715 (N.D. Cal. July 2, 2010), and 2010 WL 2348659 (N.D. Cal. June 8, 2010); *Danieli v. IBM*, 2010 WL 2399329 (S.D.N.Y. March 29, 2010); *V.L. v. Wagner*, 669 F. Supp. 2d 1106 (N.D. Cal. 2009); *Martinez v. Schwarzenegger*, 2009 WL 3353227 (N.D. Cal. Oct. 15, 2009), and 2009 WL 1844989 (June 26, 2009); *The OSO Group v. Bullock & Associates*, 2009 WL 2422285 (N.D. Cal. Aug. 6, 2009); *NRDC v. Kempthorne*, 627 F. Supp. 2d 1212 (E.D. Cal. 2009), 2009 WL 1575208 (E.D. Cal. June 3, 2009), and 2008 WL 5054115 (E.D. Cal. Nov. 19, 2008); *Veliz v. Cintas Corp.*, 2009 WL 1107702 (N.D. Cal. 2009); *New United Motor Mfg., Inc. v. UAW, Local 2244*, 184 L.R.R.M. 2539, 2008 WL 2540702 (N.D. Cal. June 19, 2008); *Pacific Coast Fed'n of Fishermen's Ass'n v. Gutierrez*, 2008 WL 2223070 (E.D. Cal. May 20, 2008), subsequent proceeding, 2008 WL 2851568 (E.D. Cal. July 18, 2008); *United States ex rel. UNITE HERE v. Cintas Corp.*, 2008 WL 1767039 (N.D. Cal. April 16, 2008); *McCabe Hamilton & Renny Co., Ltd. v. Int'l Longshore & Warehouse Union, Local 142*, 557 F. Supp. 2d 1171 (D. Haw. 2008); *AFL-CIO v. Chertoff*, 552 F. Supp. 2d 999 (N.D. Cal. 2007); *Svc. Employees Int'l Union v. City of Houston*, 542 F. Supp. 2d 617 (S.D. Tex. 2008); *Knox v. Westly*, 183 L.R.R.M. 3232, 2008 WL 850128 (E.D.Cal. March 28, 2008), *rev'd sub nom Knox v. Cal. State Employees Ass'n, Local 1000*, 628 F.3d 1115 (9th Cir. 2010), *rev'd sub nom Knox v. Svc. Employees Int'l Ass'n, Local 1000*, 132 S. Ct. 2277 (2012); *Arizona Contractors Ass'n, Inc. v. Candelaria*, 534 F. Supp.2d 1036 (D. Ariz. 2008), *aff'd sub nom Chicanos Por La Causa, Inc. v. Napolitano*, 544 F.3d 976 (9th Cir. 2008); *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 42 Employee Benefits Cases 2185, 2007 WL 4570521 (N.D. Cal. Dec. 26, 2007), *rev'd*, 546 F.3d 639 (9th Cir. 2008); *Arizona Contractors Ass'n, Inc. v. Napolitano*, 526 F. Supp. 2d 968 (D. Ariz. 2007), later proceeding *Arizona Contractors Ass'n, Inc. v. Candelaria*, 534 F. Supp. 2d 1036 (D. Ariz. 2008), *aff'd sub nom Chicanos Por La Causa, Inc. v. Napolitano*, 544 F.3d 976 (9th Cir. 2008); *Fusi v. Emery World Airlines, Inc.*, 183 L.R.R.M. 2225, 2007 WL 4207863 (S.D. Ohio 2007); *In re American Family Mut. Ins. Co. Overtime Pay Litigation*, 155 Labor Cases ¶ 35,353, 2007 WL 2936319 (D. Colo. 2007); *Int'l Longshore & Warehouse Union, Local 142 v. C. Brewer & Co.*, 496 F. Supp. 2d 1179 (D. Haw. 2007); *SkyWest Pilots ALPA Org. Comm. v. SkyWest Airlines, Inc.*, 2007 WL 1848678, 182 L.R.R.M. 2485 (N.D. Cal. 2007); *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 2007 WL 1089694 (N.D. Cal. 2007); *Chao v. Allied Pilots Ass'n*, 2007

WL 518586, 181 L.R.R.M. 2578 (N.D. Tex. 2007); *Adcock v. UAW*, 2006 WL 3257044, 180 L.R.R.M. 3291 (W.D.N.C. 2006); *Knox v. Westly*, 2006 WL 2374763, 180 L.R.R.M. 3170 (E.D. Cal. 2006), earlier proceeding, 2005 WL 3031622 (E.D. Cal. 2005), subsequent proceedings, 2007 WL 516263, 181 L.R.R.M. 2501 (E.D. Cal. 2007), 2006 WL 3147683 (E.D. Cal. 2006); *Vega v. Contract Cleaning Maintenance*, 2006 WL 1554383, 11 Wage & Hour Cas.2d 1121 (N.D. Ill. 2006); *Patterson v. Heartland Industrial Partners, LLP*, 428 F. Supp. 2d 714 (N.D. Ohio 2006), earlier proceeding, 225 F.R.D. 204 (N.D. Ohio 2004); *Darensburg v. Metropolitan Transportation Comm'n*, 2006 WL 167657 (N.D. Cal. 2006); *NRDC v. Rodgers*, 381 F. Supp. 2d 1212 (E.D. Cal. 2005), motion for reconsideration denied, 2005 WL 2466067 (E.D. Cal. 2005), earlier proceeding, 2005 WL 1388671 (E.D. Cal. 2005); *Rachford v. Air Line Pilots Ass'n, Int'l*, 375 F. Supp. 2d 908 (N.D. Cal. 2005), later proceeding, 2006 WL 927742 (N.D. Cal. 2006), *aff'd mem.*, 284 Fed. Appx. 473 (9th Cir. 2008); *Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 361 F. Supp. 2d 1195 (D. Haw. 2005), subsequent proceeding, 411 F. Supp. 2d 1201 (D. Haw. 2005); *Patel v. Sugen, Inc.*, 354 F. Supp. 2d 1098 (N.D. Cal. 2005); *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litigation*, 300 F. Supp. 2d 1020 (D. Ore. 2003), amended, 336 F. Supp. 2d 1077 (D. Ore. 2004), *aff'd in part, rev'd in part, and remanded*, 466 F.3d 853 (9th Cir. 2006), later proceeding, 14 Wage & Hour Cas.2d 356, 2008 WL 4763029 (D. Ore. Oct. 28, 2008); *Cummings v. Connell*, 281 F. Supp. 2d 1187 (E.D. Cal. 2003), *rev'd*, 402 F.3d 936 (9th Cir. 2005), later proceeding, 2006 WL 1716160, 180 L.R.R.M. 2159 (E.D. Cal. 2006); *SEIU Local 87 v. SEIU Local 1877*, 230 F. Supp. 2d 1099 (N.D. Cal. 2002); *Does I v. Gap, Inc.*, 2002 WL 1000068 (D.N.M.I. 2002), related proceeding, 2002 WL 1000073 (D.N.M.I. 2002); *Chamber of Commerce v. Lockyer*, 225 F. Supp. 2d 1199 (C.D. Cal. 2002), *rev'd*, 463 F.3d 1076 (9th Cir. 2006) (*en banc*); *Common Cause v. Jones*, 213 F. Supp. 2d 1110, 213 F. Supp. 2d 1116 (C.D. Cal. 2002); *Catholic Social Svcs. v. Ashcroft*, 206 F.R.D. 654 (E.D. Cal. 2002); *In re World War II Era Japanese Forced Labor Litigation*, 164 F. Supp. 2d 1153 (N.D. Cal. 2001), and 114 F.Supp. 939 (N.D. Cal. 2000); *Does I v. Advance Textile Corp.*, 2001 WL 1842389 (D.N.M.I. 2001); *NRDC v. Whitman*, 53 E.R.C. 1673, 2001 WL 1221774 (N.D. Cal.), later proceeding, 2001 WL 1456783 (N.D. Cal. 2001), appeal dism. sub nom *NRDC v. EPA*, 35 Fed. Appx. 590, 2002 WL 1042092 (9th Cir. 2002); *Eller Media Co. v. City of Oakland*, 2000 WL 33376585 (N.D. Cal. 2000), earlier proceedings, 1998 WL 827426 (N.D. Cal. 1998), and 1998 WL 549494 (N.D. Cal. 1998); *CF&I Steel, L.P. v. Bay Area Rapid Transit District*, 2000 WL 1375277 (N.D. Cal. 2000); *Chadwick v. IBEW*, 2000 WL 1006373 (N.D. Cal. 2000); *Friedman v. Cal. State Employees Ass'n*, 2000 U.S. Dist. LEXIS 7049, 163 L.R.R.M. 2924 (E.D. Cal. 2000); *Foster v. Garcy*, 1999 U.S. Dist. LEXIS 21876, 140 Lab. Cas. (CCH) ¶ 58,914 (N.D. Cal. 1999); *Tosco v. Communities for a Better Environment*, 41 F. Supp. 2d 1061 (C.D. Cal. 1999); *Bishop v. Air Line Pilots Ass'n*, 159 L.R.R.M. 2005, 1998 U.S. Dist. LEXIS 11948 (N.D. Cal. 1998), *aff'd mem.*, 2000 U.S. App. LEXIS 3270 (9th Cir. March 1, 2000); *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 1998 U.S. Dist. LEXIS 9226, 77 FEP Cas. (BNA) 532 (S.D.N.Y. 1998); *Catholic Social Svcs. v. Reno*, 1998 U.S. Dist. LEXIS 10429, 10430, 10431 (E.D. Cal. 1998); *Sims v. Alameda-Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253 (N.D. Cal. 1998); *Cremin v. Merrill Lynch*, 957 F. Supp. 1460 (N.D. Ill. 1997); *McLendon v. Continental Group, Inc.*, 872 F. Supp. 142 (D.N.J. 1994); *Alameda Newspapers, Inc. v. City of Oakland*, 860 F. Supp. 1428 (N.D. Cal. 1994); *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707 (N.D. Cal. 1994); *Catholic Social Svcs. v. Coye*, 856 F. Supp. 526 (N.D. Cal. 1994); *In re Gulf USA Corp.*, 171 Bankr. 379 (D. Id. 1994); *Auvil v. CBS, 60 Minutes*, 800 F. Supp. 928 (E.D. Wash. 1992); *Cardona v. Oakland Unified School Dist.*, 785 F. Supp. 837 (N.D. Cal. 1992); *Associated Builders & Contractors v. BACA*, 769 F. Supp. 1537 (N.D. Cal. 1991); *EEOC v. Tortilleria "La Mejor,"* 758 F. Supp. 585 (E.D. Cal. 1991); *Akau v. Tel-A-Com*

*Hawaii, Inc.*, 1990 Dist. LEXIS 4647 (D. Hawaii 1990); *Puzz v. United States Dep't of the Interior*, 1989 Dist. LEXIS 16649 (N.D. Cal 1989); *Bricklayers and Allied Craftsmen, Local Union No. 3 v. Masonry & Tile Contractors Ass'n of So. Nevada*, 136 L.R.R.M. 2319 (D. Nev. 1990); *California ex rel. Van de Kamp v. Reilly*, 750 F. Supp. 433 (E.D. Cal. 1990); *UFCW Local 1564 v. City of Clovis*, 735 F. Supp. 999 (D.N.M. 1990); *Immigrant Assistance Project v. INS*, 709 F. Supp. 998 (W.D. Wash. 1989) *aff'd*, 976 F.2d 1198 (9th Cir. 1993), *vacated and remanded*, 510 U.S. 594 (1993); *Ayuda, Inc. v. Barr*, 687 F. Supp. 650 (D.D.C. 1988), *rev'd in part*, 880 F.2d 1325 (D.C. Cir. 1989), *vacated and remanded*, 498 U.S. 1117 (1991), *on remand*, 948 F.2d 742 (D.D.C. 1991), 700 F. Supp 49 (D.D.C. 1988), 744 F. Supp. 21 (D.D.C. 1990), *stayed*, 919 F.2d 153 (D.C. Cir. 1990), *rev'd*, 948 F.2d 742 (D.C. Cir. 1991), *vacated and remanded*, 509 U.S. 916 (1993), *on remand*, 7 F.3d 246 (D.C. Cir. 1993), *pet. for rehearing denied*, 14 F.3d 61 (D.C. Cir.), *cert. denied*, 513 U.S. 815 (1994); *Bower v. Bunker Hill Co.*, 675 F. Supp. 1263, 675 F. Supp. 1254, 114 F.R.D. 587 (E.D. Wash. 1986), and 689 F. Supp. 1032 (E.D. Wash. 1985); *Int'l Union of Bricklayers and Allied Craftsmen v. Meese*, 616 F. Supp. 1387 (N.D. Cal. 1985); *Adolph Coors Co. v. Sickler*, 608 F. Supp. 1417 (C.D. Cal. 1985); *Int'l Union, UAW v. Donovan*, 570 F. Supp. 210 (D.D.C. 1983), *rev'd*, 746 F.2d 855 (D.C. Cir. 1984); *Int'l Union, UAW v. Donovan*, 568 F. Supp. 1047 (D.D.C. 1983), *rev'd*, 746 F.2d 839 (D.C. Cir. 1984), *rev'd sub nom Int'l Union, UAW v. Brock*, 477 U.S. 274 (1986), *on remand*, 816 F.2d 761 (D.C. Cir. 1987); *Int'l Union, UAW v. Donovan*, 554 F. Supp. 1172 (D.D.C. 1983); *La Raza Unida v. Volpe*, 545 F. Supp. 36 (N.D. Cal. 1982); *AFL-CIO v. Marshall*, 494 F. Supp. 971 (D.D.C. 1980).

The firm has also participated in the following state supreme court cases, among others: *ZB, N.A. v. Superior Court*, 8 Cal.5th 175 (2019); *Chang v. Winklevoss*, 95 Mass.App.Ct. 202 (2019); *Dynamex Operations West v. Superior Court*, 4 Cal.5th 903 (2018); *Daniels v. Fandual, Inc.*, 109 N.E.3d 390 (Indiana Supreme Court 2018); *Gerawan Farming, Inc. v. Agricultural Labor Relations Bd.*, 3 Cal.5th 1118 (2017); *Roy Allan Slurry Seal, Inc. v. American Asphalt South*, 2 Cal.5th 505 (2017); *Laffitte v. Robert Half Int'l Inc.*, 1 Cal.5th 480 (2016); *Kilby v. CVS Pharmacy, Inc.*, 63 Cal.4th 1 (2016); *United Public Workers v. Abercrombie*, 133 Haw. 188 (2014); *Paratransit, Inc. v. Unemployment Ins. Appeals Bd.*, 59 Cal.4th 551 (2014); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348 (2014); *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal.4th 1 (2014); *American Nurses Ass'n v. Torlakson*, 57 Cal.4th 570 (2013); *County of Los Angeles v. Los Angeles County Employee Relations Comm'n*, 56 Cal.4th 905 (2013); *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 55 Cal.4th 1083 (2012); *State Bldg. & Construction Trades Council v. City of Vista*, 54 Cal.4th 547 (2012); *United Teachers of Los Angeles v. Los Angeles Unified School Dist.*, 54 Cal.4th 504 (2012); *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012); *Peterson v. State*, 280 P.3d 559 (Alaska 2012); *Hawaii State Teachers Ass'n v. Abercrombie*, 126 Haw. 318 (2012); *California Grocers Ass'n v. City of Los Angeles*, 52 Cal.4th 177 (2011); *Professional Engineers in California Gov't v. Schwarzenegger*, 50 Cal.4th 989 (2010); *St. John's Well Child and Family Center v. Schwarzenegger*, 50 Cal.4th 960 (2010); *Hawaii Gov't Employees Ass'n v. Lingle*, 239 P.3d 1 (Haw. 2010); *City of San Jose v. Operating Engineers Local No. 3*, 49 Cal.4th 597 (2010); *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal.4th 665 (2010); *Amalgamated Transit Union v. Superior Court*, 46 Cal.4th 993 (2009); *Sheehan v. The San Francisco 49ers, Ltd.*, 45 Cal.4th 992 (2009); *Vasquez v. State of California*, 45 Cal.4th 243 (2008); *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 896 N.E.2d 979 (Ohio 2008); *EPIC v. California Dep't of Forestry & Fire Protection*, 44 Cal.4th 459 (2008); *In re Marriage Cases*, 43 Cal.4th 757 (2008); *Gentry v. Superior Court*, 42 Cal.4th

443 (2007); *Fleischman v. Protect Our City*, 214 Ariz. 406, 153 P.3d 1035 (2007); *Tahara v. Matson Terminals, Inc.*, 111 Hawaii 16, 136 P.3d 904 (2006); *Reynolds v. Bement*, 36 Cal.4th 1075 (2005); *City of Long Beach v. Dep't of Industrial Relations*, 34 Cal.4th 942 (2004), vacating 110 Cal.App.4th 636 (2003); *AFL-CIO v. Hood*, 885 So.2d 373 (Fla. 2004); *Intel Corp. v. Hamidi*, 30 Cal.4th 1342 (2003); *Viner v. Sweet*, 30 Cal.4th 1232 (2003); *Hamilton v. Maryland Casualty Co.*, 27 Cal.4th 718 (2002); *Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*, 26 Cal.4th 1013 (2001); *Gerawan Farming, Inc. v. Lyons*, 24 Cal.4th 468 (2000); *Armendariz v. Foundation Health Psychcare Svcs.*, 24 Cal.4th 83 (2000); *Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2000); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 243 (1999); *Hawaii State AFL-CIO v. Yoshina*, 935 P.2d 89 (Haw. 1997); *Masonry & Tile Contractors Ass'n v. Jolley, Urga & Wirth*, 941 P.2d 486 (Nev. 1997); *People ex rel. Lundgren v. Superior Court* (*American Standard*), 14 Cal.4th 294 (1996); *AFL-CIO v. Unemployment Ins. Appeals Bd.*, 13 Cal.4th 1017 (1996), rev'g 38 Cal.App.4th 1205 (1995); *People v. Horton*, 11 Cal.4th 1068 (1996); *So. California Chapter of Associated Builders & Contractors, Inc. v. California Apprenticeship Council*, 4 Cal.4th 422 (1992); *In re Horton*, 54 Cal.3d 82 (1991); *Cumero v. Public Employment Relations Bd.*, 49 Cal.3d 575 (1989); *Keller v. State Bar*, 47 Cal.3d 1152 (1989); *DeTomaso v. Pan American World Airways*, 43 Cal.3d 517 (1987); *County of Los Angeles v. State of California*, 43 Cal.3d 46 (1987); *Long Beach City Employees Ass'n v. City of Long Beach*, 41 Cal.3d 937 (1986); *Regents of the Univ. of California v. Public Employment Relations Bd.*, 41 Cal.3d 601 (1986); *San Jose Teachers Ass'n v. Superior Court*, 38 Cal.3d 839 (1985); *AFL-CIO v. Eu*, 36 Cal.3d 687 (1984); *Legislature of the State of California v. Deukmejian*, 34 Cal.3d 658 (1983); *San Mateo City School Dist. v. Public Employment Relations Bd.*, 33 Cal.3d 850 (1983); *Welfare Rights Org. v. Crisan*, 33 Cal.3d 766 (1983); *Serrano v. Unruh*, 32 Cal.3d 621 (1982); *Mandel v. Myers*, 29 Cal.3d 531 (1981); *Pacific Legal Foundation v. Unemployment Ins. Appeals Bd.*, 29 Cal.3d 101 (1981); *Sears Roebuck & Co. v. San Diego County Dist. Council of Carpenters*, 25 Cal.3d 317 (1979); *Robins v. Pruneyard Shopping Center*, 23 Cal.3d 899 (1979).

The firm has also participated in the following cases in the state courts of appeal, among others: *Ferra v. Loews Hollywood Hotel, LLC*, 2019 WL 5061494 (Cal. Ct. App. 2019); *Esparza v. Safeway, Inc.*, 36 Cal.App.5th 42 (2019); *Barber v. State Personnel Bd.*, 35 Cal.App.5th 500 (2019); *Glaviano v. Sacramento Unified Sch. Dist.*, 22 Cal.App.5th 744 (2018); *Castillo v. Glenair, Inc.*, 23 Cal.App.5th 262 (2018); *People v. ConAgra Grocery Products Co.*, 17 Cal.App.5th 51 (2017); *Turman v. Superior Court*, 17 Cal.App. 5th 969 (2017); *Vergara v. California*, 246 Cal.App.4th 619 (2016); *Nat'l Restaurant Ass'n v. Comm'n of Labor*, 141 A.D.3d 185, 34 N.Y.S.3d 232 (2016); *El Centro v. Lanier*, 245 Cal.App.4th 1494 (2016); *Jenks v. DLA Piper Rudnick Gray Cary US LLP*, 243 Cal.App.4th 1 (2015); *Noe v. Superior Court*, 237 Cal.App.4th 316 (2015); *Koval v. Pac. Bell Tel. Co.*, 232 Cal.App.4th 1050 (2014); *Van Zant v. Apple, Inc.*, 229 Cal.App.4th 965 (2014); *Professional Engineers in California Gov't v. Brown*, 229 Cal.App.4th 861 (2014); *Sheet Metal Workers' Int'l Ass'n, Local 104 v. Duncan*, 229 Cal.App.4th 192 (2014); *California High-Speed Rail Authority v. Superior Court*, 228 Cal.App.4th 676 (2014); *Los Angeles Unified School Dist. v. Superior Court*, 228 Cal.App.4th 222 (2014); *Hall v. Rite Aid Corp.*, 226 Cal.App.4th 278 (2014); *D'Arrigo Bros. v. United Farmworkers*, 224 Cal.App.4th 790 (2014); *ALPA Int'l v. United Airlines, Inc.*, 223 Cal.App.4th 706 (2014); *Farmers Ins. Exch. v. Superior Court*, 218 Cal.App.4th 96 (2013); *Gonzalez v. Downtown L.A. Motors LP*, 215 Cal.App.4th 36 (2013); *California Redevelopment Ass'n v. Matosantos*, 212 Cal.App.4th 1457 (2013); *Veronese v. Lucasfilm Ltd.*, 212 Cal.App.4th 1 (2012); *Hernandez v. Chipotle Mexican Grill, Inc.*, 208

Cal.App.4th 1487 (2012); ***Reed v. United Teachers Los Angeles***, 208 Cal.App.4th 322 (2012); ***Hensel Phelps Construction Co. v. San Diego Unified Port Dist.,*** 197 Cal.App.4th 1020 (2011); ***California Chamber of Commerce v. Brown***, 196 Cal.App.4th 233 (2011); ***County of Los Angeles v. Los Angeles County Employee Relations Comm'n***, 192 Cal.App.4th 1409 (2011); ***Ralph's Grocery Co. v. UFCW Local 8***, 192 Cal.App.4th 200 (2011); ***Home Depot v. Superior Court***, 191 Cal.App.4th 210 (2011); ***EPIC v. California Dep't of Forestry and Fire Protection,*** 190 Cal.App.4th 217 (2010); ***Bright v. 99 Cents Only Stores***, 189 Cal.App.4th 1472 (2010); ***Lazarin v. Superior Court***, 188 Cal.App.4th 1560 (2010); ***Sutter Health v. UNITE-HERE***, 186 Cal.App.4th 1193 (2010); ***Gardner v. Schwarzenegger***, 178 Cal.App.4th 1366 (2009); ***In re Consumer Privacy Cases***, 175 Cal.App.4th 545 (2009); ***County of Sonoma v. Superior Court***, 173 Cal.App.4th 322 (2009); ***Aguiar v. Superior Court*** (***Cintas Corp.***), 170 Cal.App.4th 313 (2009); ***Project Vote v. Madison County Bd. of Elections***, 2008 WL 4445176 (Ohio Sept. 29, 2008); ***Curley v. Lake County Bd. of Elections and Registration***, 896 N.E.2d 24 (Ind. App. 2008); ***Amaral v. Cintas Corp. No. 2***, 163 Cal.App.4th 1157 (2008); ***Sharp v. Next Entertainment, Inc.***, 163 Cal.App.4th 410 (2008); ***State Building and Construction Trades Council v. Duncan***, 162 Cal.App.4th 289 (2008); ***Kashmiri v. Regents of the University of California***, 156 Cal.App.4th 809 (2007); ***Sheet Metal Workers Int'l Ass'n, Local Union No. 104 v. Rea***, 153 Cal.App.4th 1071 (2007); ***Aguiar v. Cintas Corp. No. 2***, 144 Cal.App.4th 121 (2006); ***The Hess Collection Winery v. California Agricultural Relations Bd.***, 140 Cal.App.4th 1584 (2006); ***So. California Edison Co. v. Public Utilities Comm'n***, 140 Cal.App.4th 1085 (2006); ***Du Charme v. IBEW, Local 45***, 110 Cal.App.4th 107 (2003); ***Svc. Employees Int'l Union v. Superior Court***, 89 Cal.App.4th 1390 (2001); ***Bell v. Farmers Ins. Exch.***, 87 Cal.App.4th 805 (2001), later proceeding, 115 Cal.App.4th 715 (2004), later proceeding, 135 Cal.App.4th 1138 (2006), later proceeding, 137 Cal.App.4th 835 (2006); ***United Farm Workers v. Dutra Farms***, 83 Cal.App.4th 1146 (2000); ***Western Crop Protection Ass'n v. Davis***, 80 Cal.App.4th 741 (2000); ***Pulaski v. California Occupational Safety and Health Stds. Bd.***, 75 Cal.App.4th 1315 (1999); ***IBEW Local 595 v. Superior Court***, 54 Cal.App.4th 1291 (1997); ***IBEW v. Aubry***, 41 Cal.App.4th 1632 (1996); ***California Court Reporters Ass'n v. Judicial Council***, 39 Cal.App.4th 15 (1995), later proceeding, 59 Cal.App.4th 959 (1997); ***L.A. County Court Reporters Ass'n v. Superior Court***, 31 Cal.App.4th 403 (1995); ***Smith v. Superior Court*** (***Degnan***), 31 Cal.App.4th 205 (1994); ***AFL-CIO v. Unemployment Ins. Appeals Bd.***, 23 Cal.App.4th 51 (1994); ***California Labor Fed'n v. California Safety and Health Stds. Bd.***, 5 Cal.App.4th 985 (1991), later proceeding, 221 Cal.App.3d 1547 (1990); ***Jerabek v. Public Employment Relations Bd.***, 2 Cal.App.4th 1298 (1991); ***Zambrano v. Oakland Unified School Dist.***, 229 Cal.App.3d 802 (1991); ***Rust v. Vallejo***, 215 Cal.App.3d 771 (1989); ***AFL-CIO v. Deukmejian***, 212 Cal.App.3d 425 (1989); ***Wallace v. Consumers Cooperative, Inc.***, 170 Cal.App.3d 836 (1985); ***Filipino Accountants Ass'n, Inc. v. State Bd. of Accountancy***, 155 Cal.App.3d 1023 (1984); ***Brown v. Superior Court***, 137 Cal.App.3d 778 (1982); ***Serrano v. Priest***, 131 Cal.App.3d 188 (1982); ***AFL-CIO v. Employment Development Dep't***, 88 Cal.App.3d 811 (1979).

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID MCDONALD,

Plaintiff,

v.

CP OPCO, LLC, et al.,

Defendants.

Case No. 17-cv-04915-HSG

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS; GRANTING IN PART MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD**

Re: Dkt. Nos. 126, 130, 132

Currently before the Court are Plaintiff David McDonald's unopposed motions for final approval of class action settlement, Dkt. No. 132 ("FA Mot."); attorneys' fees and costs, Dkt. No. 126 ("Fees Mot."); and class representative service award ("SA Mot."), Dkt. No. 130. The Court held a hearing on the motions on May 9, 2019. For the reasons stated below, the Court **GRANTS** all three motions but reduces the requested class representative service award.

I.    **BACKGROUND**

    A.    **Factual Allegations**

    Plaintiff David McDonald alleged that he was a former employee of the following entities, all of which were initially named as defendants: CP OpCo, LLC (doing business as Classic Party Rentals, or "Classic"); Insperity PEO Services, L.P. ("Insperity"); and Apollo Global Management, LLC; Apollo Centre Street Partnership, L.P.; Apollo Franklin Partnership, L.P.; Apollo Credit Opportunity Fund III AIV I LP; Apollo SK Strategic Investments, L.P.; Apollo Special Opportunities Managed Account, L.P.; and Apollo Zeus Strategic Investments, L.P. (the

"Apollo Defendants" and, collectively with Insperity, "Defendants").[1] *See* Second Amended Complaint ("SAC"), Dkt. No. 50 ¶ 1. According to Plaintiff, Classic was an event rental company, Insperity operated Classic's human resources department, and the Apollo Defendants were Classic's parent companies. *Id.* ¶¶ 20–28.

Plaintiff alleged that he worked as a full-time employee at Classic's location in Burlingame, California, along with approximately 135 other full-time employees. *Id.* ¶¶ 32, 34. In addition to Burlingame, Classic had other California locations in Carpinteria, El Segundo, Los Angeles, Modesto, Napa, Sacramento, San Diego, San Jose, Santa Ana, and Thousand Palms. *Id.* ¶ 29. Each of these California locations employed at least 75 people. *Id.* ¶ 31.

Plaintiff had worked for Classic for approximately 18 months when Bright Event Rentals, LLC ("Bright") acquired Classic on July 11, 2017. *Id.* ¶¶ 33, 37–38. Prior to the transaction, Plaintiff received assurances that his job was not at risk, despite the possible sale of the business. *Id.* ¶ 35. On July 10, 2017, Classic's general manager for the Burlingame location announced to the staff members who were physically present that they were terminated, effective July 11. *Id.* ¶ 39. Employees who were not physically present learned of their termination when they came to work on July 11. *Id.* ¶ 40. Bright hired some former Classic employees, but Plaintiff was not among those re-hired by Bright. *Id.* ¶¶ 43–44. Employees at Classic's other California locations "showed up to work on or around July 10, 2017 and found their facilities locked" and were notified by Defendants that they had been terminated, effective immediately. *Id.* ¶ 45.

Later that same week, Plaintiff received a letter from Insperity, "notifying him that his employment with Defendant Classic and Defendant Insperity was terminated on July 11, 2017." *Id.* ¶ 46.[2] Plaintiff alleged that Defendants did not provide notice of the layoffs to their employees prior to July 10, *id.* ¶ 38, and did not provide the relevant state, county, or city entities with at least 60 days' notice of the closures of the California locations, *id.* ¶ 48.

---

[1] Classic is not a party to the settlement agreement because it is defunct and the Clerk entered default against it on October 23, 2017. *See* Dkt. No. 29.
[2] The exhibit Plaintiff references in the SAC is attached to the First Amended Complaint, Dkt. No. 13, as Exhibit A, but is not attached to the SAC.

United States District Court
Northern District of California

**B.    Procedural Background**

Plaintiff filed his initial complaint on August 23, 2017, Dkt. No. 1, and his First Amended Complaint on September 14, Dkt. No. 13.  On October 23, the clerk entered default against Classic.  Dkt. No. 29.  Plaintiff filed the Second Amended Complaint on November 27.  Dkt. No. 50.

Plaintiff brought suit on behalf of the following putative class: "All persons who were employed by Defendants, at any of Defendant Classic's California locations and who were terminated pursuant to a mass layoff or termination (as those terms are defined in California Labor Code Section 1400), or a mass layoff or plant closing (as those terms are defined in the Federal WARN Act) by Defendants on or around July 11, 2017 . . . ."  SAC ¶ 49.  He alleged three causes of action: (1) failure to provide timely written notice of a mass layoff or plant closing, in violation of the Federal WARN Act, 29 U.S.C. § 2101, *et seq.*; (2) failure to provide timely written notice of mass layoffs, in violation of California Labor Code § 1400, *et seq.*; and (3) violation of California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq. See* SAC ¶¶ 51–78.

The parties engaged in a magistrate judge settlement conference in May 2018, at which they reached a settlement agreement.  *See* Dkt. Nos. 95, 96.  Plaintiff moved for preliminary approval of the class action settlement on August 9, 2018, Dkt. No. 105, which the Court granted on January 28, 2019, Dkt. No. 119.

Plaintiff moved for attorneys' fees and costs, *see* Fees Mot., and for approval of a class representative service award on March 18, *see* SA Mot., and for final approval on April 22, *see* FA Mot.

**C.    Settlement Agreement**

The parties submitted a class action settlement agreement as part of their motion for preliminary approval, which the Court granted.  *See* Stipulation of Settlement ("Settlement"), Dkt. No. 105-2.  The key terms are as follows:

Settlement Class: The proposed settlement class consists of "all persons who were employed by CP OpCo dba Classic Party Rentals at a Covered Location (that is, San Diego, Santa

Ana/Orange County, Culver City/Inglewood (Hillcrest Blvd.), El Segundo, Burlingame/San Francisco, Compton, Modesto, Napa, San Jose, and Thousand Palms/Palm Desert) in California and who were terminated from their employment with CP OpCo dba Classic Party Rentals on or around July 11, 2017." Settlement ¶ II.F. Plaintiff estimates this class to consist of 1,039 people. FA Mot. at 5.

Release: Class members agree to release "all causes of action that were alleged or reasonably could have been alleged in the Second Amended Complaint based on the facts, legal theories, allegations, or causes of action contained therein concerning: (a) violation of the California or federal WARN Acts; (b) unfair business practices based on the afore-referenced claims; (c) any other claims or penalties under the statutes pleaded in the Action based on the afore-referenced claims; and (d) all damages, penalties, interest, and other amounts recoverable under California and federal law based on the afore-referenced claims, to the extent permissible, including but not limited to the California Labor Code, as to the facts alleged in the Action." Settlement ¶ II.II.

Settlement Fund: $3 million, non-reversionary, funded by Insperity and the Apollo Defendants, with $2.06 million available for class member settlement payments. FA Mot. at 4–5. Counsel estimates that the average individual settlement payment will be $1,983. FA Mot. at 6.

Allocation Plan: The settlement allocates 75% of the net settlement fund to class members who were not rehired within one month of termination and the remaining 25% of the fund to those employees who were rehired within one month. Settlement ¶ III.M.2(a)–(c). Individual payments will be allocated 50% to back wages and 50% to interest and penalties. Settlement ¶ III.M.2(f). Class members will be automatically mailed a settlement check, without needing to submit a claim. Settlement ¶ III.M.2(g). Payments intended for class members who do not cash their settlement checks within 90 days will be re-distributed to those who cashed their settlement checks. Settlement ¶ III.M.2(g). If less than $30,000 remains in the fund after the initial distribution, the residual will be donated to Legal Aid at Work as a cy pres recipient. Settlement ¶ III.M.2(h).

Attorneys' Fees and Costs; Administration: Class counsel were permitted to seek up to

1    30% of the $3 million settlement fund for attorneys' fees as well as actual litigation expenses

2    incurred up to $15,000.  Settlement ¶ III.M.4.  The settlement was not contingent upon these fees

3    being granted.  *Id.*  Class counsel separately agreed with Defendants to request no more than their

4    lodestar.  Declaration of Eileen B. Goldsmith ("Goldsmith Decl."), Dkt. No. 105-1 ¶ 36.  The

5    parties selected a settlement administrator, which agreed to cap its costs at $15,000.  Settlement ¶¶

6    III.OO–NN.

7         Class Representative Award: The settlement allowed for an incentive award of up to

8    $15,000 to McDonald but was not contingent upon this award being granted.  Settlement ¶¶ III.D,

9    III.M.3.

## II.    MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### A.    Class Certification

12        Final approval of a class action settlement requires, as a threshold, an assessment of

13   whether the class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and

14   (b).  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998).  Because no facts that

15   would affect these requirements have changed since the Court preliminarily approved the class on

16   January 28, 2019, this order incorporates by reference its prior analysis under Rules

17   23(a) and (b) as set forth in the order granting preliminary approval.  *See* Dkt. No. 119 at 5–9.  The

18   Court affirms its previous findings and certifies the settlement class.

### B.    The Settlement

20        "The claims, issues, or defenses of a certified class may be settled . . . only with the court's

21   approval."  Fed. R. Civ. P. 23(e).  The Court may finally approve a class settlement "only after a

22   hearing and on finding that it is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *Hanlon*,

23   150 F.3d at 1025.  To assess whether a proposed settlement comports with Rule 23(e), courts

24   should consider the following factors:

> the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

United States District Court
Northern District of California

1   *Hanlon*, 150 F.3d at 1025 (the "*Hanlon* factors").  No single factor is the "most significant,"

2   *Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir.

3   1982), and "the decision to approve or reject a settlement is committed to the sound discretion of

4   the trial judge," *Hanlon*, 150 F.3d at 1026.  In addition, "[a]dequate notice is critical to court

5   approval of a class settlement under Rule 23(e)."  *Hanlon*, 150 F.3d at 1025.  The Court begins

6   with the adequacy of notice before turning to whether the settlement itself is fair, reasonable, and

7   adequate.

8           **i.    Adequacy of Class Notice**

9        Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice in a reasonable

10  manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  The

11  Court must direct "the best notice that is practicable under the circumstances, including individual

12  notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P.

13  23(c)(2)(B).  The notice must "clearly and concisely state in plain, easily understood language" the

14  nature of the action, the class definition, and the class members' right to exclude themselves from

15  the class.  Fed. R. Civ. P. 23(c)(2)(B).  Although Rule 23 requires that reasonable efforts be made

16  to reach all class members, it does not require that each class member actually receive notice.  *See*

17  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is

18  "best practicable" notice, not "actually received" notice).

19       The Court finds that the notice plan previously approved by the Court was implemented

20  and complies with Rule 23(c)(2)(B).  The settlement administrator mailed the class notice to

21  putative class members, attempted to find updated addresses for class members whose notices

22  were returned undelivered, and re-mailed those notices.  *See* FA Mot. at 7–8.  Only nine of the

23  1,039 notices were ultimately deemed undeliverable.  *See* Dkt. No. 132-2 ¶ 9.  The administrator

24  also established a website and toll-free number for putative class members who had questions

25  about the settlement.  FA Mot. at 8.  The administrator received one request for exclusion and no

26  objections.  *See* Dkt. No. 132-2 ¶ 10–11.  In light of these facts, the Court finds that the parties

27  have sufficiently provided the best practicable notice to the class members.

28

United States District Court
Northern District of California

### ii.    Fairness, Adequacy, and Reasonableness of Settlement

Having found the notice procedures adequate under Rule 23(e), the Court next considers whether the entire settlement comports with Rule 23(e).

#### a.    Strength of Plaintiff's Case; Risk, Expense, Complexity, and Likely Duration of Continued Litigation; and Risks of Maintaining Class Action Status

Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Courts "may presume that through negotiation, the Parties . . . arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-cv-1365-CW, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010). Additionally, difficulties and risks in litigating weigh in favor of approving a class settlement. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (noting that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). "Generally, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838-MEJ, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014) (quotation omitted).

This case settled before the Court had an opportunity to consider the merits of the claims, including before the Court ruled on Insperity's motion for judgment on the pleadings. However, continuing to litigate this case would have posed substantial risks for Plaintiff and generated significant costs. For example, Plaintiff would have needed to continue discovery into the relationship between the various entities named as Defendants and Defendants would have continued to litigate whether they could be held liable for Classic's alleged WARN Act violations. *See* FA Mot. at 11–12. Eventually, Plaintiff would have needed to move for class certification and summary judgment, as well as potentially proceed to trial, and Defendants might have moved for summary judgment. This additional litigation would have, in the best-case scenario, been expensive and time-consuming—and in the worst-case scenario, could have led to Plaintiff and the class going home empty-handed. Accordingly, these factors support approving the settlement.

### b. Settlement Amount

The settlement amount also weighs in favor of approval. Defendants will make a non-reversionary settlement payment of $3,000,000 and individual class members stand to recover an average of nearly $2,000. *See* FA Mot. at 13. Given that WARN Act damages are limited to 60 days' worth of back pay, this is a significant recovery for the class members, who, as class counsel points out, earned approximately $10 to $30 per hour when they were employed by Classic. *See* Fees Mot. at 8. As the Court previously noted, the settlement represents approximately 37.5% of the Defendants' maximum possible exposure. *See* Dkt. No. 119 at 12. In addition, because class members are not required to submit claims and uncashed checks will be redistributed to class members, settlement dollars will reach the class members in a timely and efficient manner. Further, if less than $30,000 remains in the fund after the initial distribution, the residual will be donated to Legal Aid at Work, which the Court finds to be an appropriate cy pres recipient. *See* Settlement ¶ III.M.2(h).[3] Therefore, the settlement amount supports approval.

### c. Extent of Discovery Completed and Stage of Proceedings

This factor evaluates whether class counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Class counsel has engaged in significant discovery, including obtaining and reviewing "thousands of pages of documents" relating to the structure of the various entities, the sale of Classic's California locations, and payroll records. *See* Mot. at 14. The Court finds that

---

[3] The Ninth Circuit has noted that the cy pres doctrine may be employed in the context of a class action settlement to "put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (quotation omitted). However, a cy pres distribution also "poses many nascent dangers" because the choice of a cy pres beneficiary "may answer to the whims and self interests of the parties, their counsel, or the court" if selection "is not tethered to the nature of the lawsuit and the interests of the silent class members." *Id.* at 1039. In light of these concerns, the Ninth Circuit requires that there be a "driving nexus between the plaintiff class and the cy pres beneficiaries"—in other words, the award must be guided by the objectives of the underlying statutes and the interests of the silent class, and must not benefit a group too remote from the class. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (internal quotation omitted). The Court finds that Legal Aid at Work meets the *Dennis* requirements because it shares the objective of the WARN Acts in ensuring employee rights and any distribution will benefit people making claims similar to those Plaintiff made. *See Cifuentes v. CEVA Logistics U.S., Inc.*, No. 16-CV-01957-H-DHB, 2017 WL 2537247, at *5 (S.D. Cal. June 12, 2017) (approving Legal Aid at Work as cy pres recipient in wage and hour class action settlement).

the parties have received, examined, and analyzed information, documents, and materials that sufficiently enabled them to assess the likelihood of success on the merits and the extent of the potential damages. Therefore, this factor weighs in favor of approval.

### d. Experience and Views of Counsel

The Court next considers the experience and views of counsel, and it finds that this factor also weighs in favor of approval. "[P]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez*, 563 F.3d at 967 (quotation omitted). Accordingly, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). The Court has previously evaluated class counsel's qualifications and experience and concluded that counsel is qualified to represent the class's interests in this action given their extensive experience litigating class actions. *See* Dkt. No. 119 at 8–9. The Court recognizes, however, that courts have diverged on the weight to assign counsel's opinions. *Compare Carter v. Anderson Merch., LP*, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.") *with Chun-Hoon*, 716 F. Supp. 2d at 852 ("[T]his court is reluctant to put much stock in counsel's pronouncements. . . ."). This factor's impact is therefore modest but favors approval.

### e. Reaction of Class Members

The reaction of class members supports final approval. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) ("A low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval.").

Class notice advising each class member of the requirements regarding objections and exclusions was served in accordance with the methods approved by the Court. Of the 1,039 class members, only one opted out and none submitted an objection. *See* FA Mot. at 15. Further, at the May 9 final fairness hearing, no putative class member voiced an objection. The Court finds that

United States District Court
Northern District of California

United States District Court
Northern District of California

1  the nearly unanimous positive reception of the settlement by class members favors approval.  *Cf.*

2  *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement

3  where 45 of approximately 90,000 class members objected).

4                                               \*       \*       \*

5        After considering and weighing all of the above factors, the Court finds that the settlement

6  agreement is fair, adequate, and reasonable, and that the settlement class members received

7  adequate notice.  Accordingly, Plaintiff's motion for final approval of class action settlement is

8  **GRANTED**.

9  ## III.    MOTION FOR ATTORNEYS' FEES AND COSTS

10        In its second unopposed motion, class counsel asks the Court to approve an award of

11  $900,000 in attorneys' fees and $9,894 in costs.  *See* Fees Mot. at 1.

12        **A.**    **Attorneys' Fees**

13        "In a certified class action, the court may award reasonable attorney's fees and nontaxable

14  costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  The Court

15  has discretion in a common fund case to choose either (1) the lodestar method or (2) the

16  percentage-of-the-fund when calculating reasonable attorneys' fees.  *Vizcaino v. Microsoft Corp.*,

17  290 F.3d 1043, 1047 (9th Cir. 2002).

18        Under the percentage-of-recovery method, twenty-five percent of a common fund is the

19  benchmark for attorneys' fees awards.  *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654

20  F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark'

21  for a reasonable fee award, providing adequate explanation in the record of any 'special

22  circumstances' justifying a departure.").

23        Under the lodestar method, a "lodestar figure is calculated by multiplying the number of

24  hours the prevailing party reasonably expended on the litigation (as supported by adequate

25  documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."

26  *Id.* at 941 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)).  "[T]he established

27  standard when determining a reasonable hourly rate is the rate prevailing in the community for

28  similar work performed by attorneys of comparable skill, experience, and reputation."  *Camacho*

*v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quotation omitted).  Generally, "the relevant community is the forum in which the district court sits."  *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "In addition to affidavits from the fee applicant, other evidence of prevailing market rates may include affidavits from other area attorneys or examples of rates awarded to counsel in previous cases."  *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 687 (N.D. Cal. 2016).

Although "the choice between lodestar and percentage calculation depends on the circumstances, . . . either method may . . . have its place in determining what would be reasonable compensation for creating a common fund."  *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (quotation omitted).  To guard against an unreasonable result, the Ninth Circuit has encouraged district courts to cross-check any calculations done in one method against those of another method.  *Vizcaino*, 290 F.3d at 1050–51.  Whether the Court awards the benchmark amount or some other rate, the award must be supported "by findings that take into account all of the circumstances of the case."  *Id.* at 1048.

Class counsel seek fees equal to 30% of the settlement fund, which amounts to $900,000.  *See* Fees Mot. at 10.  Counsel represent that they have "devoted more than 1,405 hours to this litigation" at billing rates from $280 per hour for litigation assistants to $485 per hour for associates to $980 per hour for partners.  *See* Fees Mot. at 13; Dkt. No. 127 ¶ 41; Dkt. No. 128 ¶ 24.  Counsel thus calculates their lodestar—not including time spent on this fees motion or the motion for final approval—to be $915,353.  *See* Fees Mot. at 12–13.  At the motion hearing, counsel estimated that their lodestar had increased to $960,000 and would continue to increase until funds were distributed to class members.

The Court finds the request for $900,000 in attorneys' fees to be reasonable.  Counsel achieved a real benefit for the class members, who stand to receive an average of nearly $2,000 apiece.  Counsel attained this result only after engaging in third-party discovery and fairly

United States District Court
Northern District of California

complex motion practice, including defeating the Apollo Defendants' motion to dismiss in which they argued that they could not be held liable as parent companies. Though the request for fees equal to 30% of the settlement fund is higher than the 25% benchmark, it is well within the ordinary range of fees approved by courts in this district. *See, e.g.*, *Bower v. Cycle Gear, Inc*, No. 14-CV-02712-HSG, 2016 WL 4439875, at *7 (N.D. Cal. Aug. 23, 2016) (approving fee award equal to 30% of settlement fund, resulting in a 1.37 lodestar multiplier). The Court also finds it noteworthy that the requested fees are lower than the lodestar, resulting in a lodestar multiplier of approximately 0.98. Given the circumstances of this case, the Court finds the fee request reasonable under both the percentage of recovery and lodestar methods, and **GRANTS** the request for $900,000 in attorneys' fees.

**B.  Costs**

Class counsel are also entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (quotation omitted). Class counsel seek reimbursement from the settlement fund for $9,894 in litigation costs and expenses. *See* Fees Mot. at 15. These costs include filing fees, copying costs, postage, legal research, couriers, service of process, and other costs that would normally be charged to a paying client. *See id.*; Dkt. No. 128-1 Ex. G; Dkt. No. 127 ¶¶ 57, 58. Defendants do not oppose this request and no class members have objected. The Court finds the amount requested by class counsel reasonably incurred and **GRANTS** in full the motion for costs in the amount of $9,894.

**IV.  MOTION FOR CLASS REPRESENTATIVE SERVICE AWARD**

Finally, in its third unopposed motion, class counsel asks the Court to grant a service award in the amount of $15,000 to the named Plaintiff, David McDonald. *See* SA Mot. at 1.

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez*, 563 F.3d at 958 ("Incentive awards are fairly typical in class action cases."). They are designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59.

United States District Court
Northern District of California

12

United States District Court
Northern District of California

1  Nevertheless, the Ninth Circuit has cautioned that "district courts must be vigilant in scrutinizing

2  all incentive awards to determine whether they destroy the adequacy of the class representatives."

3  *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).  This vigilance is

4  particularly important where "the proposed service fees greatly exceed the payments to absent

5  class members."  *Id.* at 1165 (quotation omitted).  The district court must evaluate an incentive

6  award by analyzing "relevant factors including the actions the plaintiff has taken to protect the

7  interests of the class, the degree to which the class has benefitted from those actions, the amount

8  of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of

9  workplace retaliation."  *Staton*, 327 F.3d at 977 (internal quotation and alterations omitted).

10  Courts in this district have recognized that a $5,000 service award "is presumptively reasonable."

11  *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL 362395, at *10 (N.D. Cal. Jan.

12  29, 2016) (citing *Harris v. Vector Marketing Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *7

13  (N.D. Cal. Feb. 6, 2012)).

14       McDonald submitted a declaration detailing his efforts in this litigation, which he estimates

15  totaled to 43.5 hours.  *See* Dkt. No. 130-2 ¶ 8.  McDonald explained that he "sought out potential

16  attorneys," worked with counsel prior to the filing of the lawsuit, searched for documents,

17  conferred with his fellow terminated co-workers, coordinated with class counsel, and attended the

18  magistrate judge settlement conference.  *See id.*  McDonald also expressed that he was

19  "concern[ed]" that filing this lawsuit would "put [his] future employment at risk."  *See id.* ¶ 10.

20       Considering all of the circumstances of this case and McDonald's involvement, the Court

21  concludes that a $15,000 incentive award is outsized but that a service award of twice the

22  presumption is fair and reasonable.  McDonald was actively involved in the successful prosecution

23  of this lawsuit and thus the presumptive award does not adequately compensate him for his efforts

24  or reputational risk incurred.  However, the requested service award is approximately 7.5 times the

25  recovery of an average class member and is disproportionate to the number of hours McDonald

26  put into this lawsuit.  Accordingly, the Court **GRANTS IN PART** Plaintiff's motion for a class

27  representative incentive payment and awards McDonald $10,000.

28

## V.   CONCLUSION

For the foregoing reasons, the Court orders that:

1. Plaintiff's motion for final approval of class action settlement is **GRANTED.**

2. Plaintiff's motion for an award of attorneys' fees and costs is **GRANTED**.  Class counsel shall be awarded $900,000.00 in attorneys' fees and $9,894 in costs from the settlement fund.

3. Plaintiff's motion for a class representative service award is **GRANTED IN PART** and the Court awards McDonald $10,000.00.

The parties and settlement administrator are directed to implement this order and the settlement agreement in accordance with the terms of the settlement agreement.

**IT IS SO ORDERED.**

Dated:   5/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

EXHIBIT C

1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                      CENTRAL DISTRICT OF CALIFORNIA

11

12 |                                    )    No. 2:15-cv-07302-SVW-SS
    REYNALDO LOPEZ et al.               )
13 |                                    )    [Assigned to Hon. Stephen V. Wilson;
              Plaintiffs,               )    Magistrate Judge: Hon. Suzanne H. Segal]
14 |                                    )
          v.                            )    **ORDER GRANTING PLAINTIFFS'**
15 |                                    )    **MOTION FOR ATTORNEYS' FEES,**
    DELTA AIRLINES, INC. et al.         )    **COSTS AND CLASS**
16 |                                    )    **REPRESENTATIVE SERVICE**
              Defendants.               )    **PAYMENTS**
17 |                                    )
    _____)
18

19

20

21

22

23

24

25

26    ///

27    ///

28    ///

1    The Court, having considered the papers submitted in support of Plaintiffs
2  Reynaldo Lopez, LaDona Narr, Karl Armstrong, Eunice Delgadillo, Umberto Mendoza
3  and Aveia Tautolo's ("Plaintiffs") Motion for Attorneys' Fees, Costs and Class
4  Representative Service Payments, hereby finds and orders as follows:

**FINDINGS OF FACT**

6    1.    Pursuant to the Stipulation of Settlement ("Stipulation") (Dkt. 138-3), Class
7  Counsel are entitled to attorneys' fees in an amount not to exceed $1,416,667.00, subject
8  to court approval, and reimbursement of costs as determined by the Court. Pursuant to the
9  Declaration of Matthew J. Matern (Dkt. 138-2, ¶ 39), Class Counsel's costs were not
10 expected to exceed $190,000.00.

     2.    As of September 28, 2017, Class Counsel's combined lodestar calculation is
12 $1,568,474.75, representing a total of 2724.55 attorney hours at Class Counsel's
13 customary hourly rates.

     3.    Class Counsel's hourly rates are reasonable and in line with rates prevailing
15 in the community for attorneys of comparable skill, experience, and reputation.

     4.    The number of hours expended and documented by Class Counsel was
17 reasonable and necessary under the circumstances of this action.

     5.    The attorneys' fees requested in the amount of $1,416,667.00 represent a
19 negative multiplier of approximately 0.90 of Class Counsel's lodestar.

     6.    Class Counsel's request for an award of $1,416,667.00 in attorneys' fees
21 represents 33-1/3% of the common settlement fund.

     7.    Therefore, whether analyzed on a lodestar/multiplier basis or as a percentage
23 of the common fund, the attorneys' fees requested by Class Counsel in the amount of
24 $1,416,667.00 are fair and reasonable.

     8.    Class Counsel has incurred $171,942.48 in costs and expenses. Such costs
26 and expenses were reasonably incurred in prosecuting this action on behalf of the Class.

9. The Class Notice approved by the Court and disseminated via U.S. Mail to the Class Members by the Settlement Administrator notified Class Members of the maximum amounts of attorneys' fees and costs sought by Class Counsel. The Class Notice further notified Class Members of their right to object to the Settlement and the deadline to file an objection. The Motion for Attorneys' Fees and Costs was filed before the deadline to object to the Settlement.

10. ____ objections have been filed to the requests for attorneys' fees, costs and Class Representative Service Payments.

## CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 23(h)(3) and 52(a), the Court reaches the following conclusions of law:

1. As this Court's jurisdiction arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which means the Court is sitting in diversity, the Court applies California state law in assessing Class Counsel's fee application, as both the availability of a fee award and the method of calculating that award are considered substantive issues reflecting important state policy. *See Mangold v. California Public Utilities Commission*, 67 F. 3d 1470, 1478 (9th Cir. 1995) ("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state."); *Gezalyan v. BMW of North America*, 697 F. Supp. 2d 1168, 1170 (C.D. Cal. 2010) ("In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees."); *Gonzalez v. S. Wine & Spirits of Am., Inc.*, 555 F. App'x 704, 704 (9th Cir. 2014) ("The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney's fees. Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award.").

///

2.      Class Counsel is entitled to recover reasonable attorneys' fees and costs of suit under Labor Code §§ 1194 and 2802, as this litigation culminated in a settlement that provided for a recovery of unpaid wages and unpaid expense reimbursements.

3.      Class Counsel is also entitled to a fee award under California's private attorney general statute, Code of Civil Procedure § 1021.5, as (a) this action has resulted in the enforcement of an important right affecting the public interest, (b) a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons, and (c) the necessity and financial burden of private enforcement are such as to make the award appropriate.

4.      Under the lodestar method, the court considers a compilation of the time spent and a reasonable hourly compensation of each attorney to evaluate the reasonableness of the fee requested. *See Ramos v. Countrywide Home Loans*, Inc., 82 Cal. App. 4th 615, 622 (2000). The hours spent and the reasonable hourly compensation are computed to arrive at a "lodestar" figure which may then be augmented or diminished by the court taking into account various "multiplier" factors. *Id.* (citing *Serrano,* 20 Cal. 3d at 48-49).

5.      Under California law, "[m]ultipliers can range from 2 to 4 or even higher." *Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 254-255 (2001). To determine whether a positive lodestar multiplier is justified, California courts consider various factors, including: (1) the contingent nature of the fee agreement, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (2) the novelty or difficulty of the questions involved, and the skill displayed in presenting them; (3) the results obtained; and (4) any delay in payment. *See Serrano,* 20 Cal. 3d at 49; *Ramos,* 82 Cal. App. 4th at 622; *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582 (2004).

///

///

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS
No. 2:15-cv-07302-SVW-SS
3

1    6.    The California Supreme Court has held that "when a number of persons are
2    entitled in common to a specific fund, and an action brought by a plaintiff or plaintiffs for
3    the benefit of all results in the creation or preservation of that fund, such plaintiff or
4    plaintiffs may be awarded attorneys' fees out of the fund." *Serrano*, 20 Cal.3d at 34.
5    (internal citations omitted); *see also Laffitte v. Robert Half International, Inc.*, 1 Cal. 5th
6    480, 506 (2016).

7    7.    While there is no specific benchmark under California law, payment of 30%
8    through 45% of the fund amount toward attorneys' has been determined to be a reasonable
9    amount. *See* Cabraser, *California Class Actions Practice and Procedure*, § 15.03
10   (LexisNexis, 2003); *see also Laffitte*, 1 Cal. 5th at 506 (affirming fee award equal to 33-
11   1/3% of the common fund created by the settlement).

12   8.    United States District Courts in California have commonly awarded
13   attorneys' fees ranging from 30 to 40 percent in common fund cases. *See Corral v.
14   Lifecare Solutions Inc.*, No. CV12-10074-FMO (PJWx), Dkt. No. 55 (C.D. Cal. Nov. 6,
15   2014) (approving requested fee award of 33 1/3%); *Ruiz v. JCP Logistics, Inc.*, No.
16   SACV131908JLSANX, 2016 WL 6156212, at *10 (C.D. Cal. Aug. 12, 2016) (awarding
17   attorney's fees of 30% of the gross settlement fund); *Ingalls v. Hallmark Mktg. Corp.*,
18   No. 08-CV-4342-VBF (E), 2009 U.S. Dist. LEXIS 131078 (C.D. Cal. Oct. 16, 2009)
19   (wage and hour class action awarding fees equal to 33 1/3%); *Fernandez v. Victoria Secret
20   Stores, LLC*, No. CV 06-04149 MMM SHX, 2008 WL 8150856, at *16 (C.D. Cal. Jul.
21   21, 2008) (concluding 34% fee award is fair and reasonable in wage and hour class
22   action).

23   9.    Class Counsel is entitled to recover reasonable attorneys' fees and costs of
24   suit under Labor Code §§ 1194 and 2802 as this litigation culminated in a settlement that
25   provided for a recovery of unpaid wages and unpaid expense reimbursements.

26   ///

27   ///

28

10.     Courts routinely grant enhancements for class representatives, which are necessary to provide an incentive to represent the class and are appropriate given the benefit the Class Representatives produce for the class. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The requested enhancements of $10,000 each for the two Class Representatives, LaDona Narr and Karl Armstrong, are fair and reasonable in light of the Class Representatives' efforts on behalf of the Class, including in bringing the action, participating in discovery and sitting for deposition, and assisting Class Counsel in investigation and fact development.  In addition, the Class Representatives undertook substantial reputational risk in pursuing a class action lawsuit against their former employer, and have agreed to broader releases in the Settlement than the absent Class Members.

### ORDER

Pursuant to Fed. R. Civ. P. 23(h), the Court orders as follows:

1. Class Counsel are awarded attorneys' fees in the amount of $1,416,667.00 for their services in connection with the litigation and resolution of the claims asserted in this action, to be paid from the Gross Settlement Amount pursuant to the terms of the Stipulation;

2. Class Counsel are awarded $171,942.48 in costs and expenses, to be paid from the Gross Settlement Amount pursuant to the terms of the Stipulation; and

3. Plaintiffs and Class Representatives LaDona Narr and Karl Armstrong are awarded $10,000.00 each for their service to the Class.

**IT IS SO ORDERED.**

Date: November 15, 2017

Hon. Stephen V. Wilson
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, COSTS AND CLASS REPRESENTATIVE SERVICE PAYMENTS
No. 2:15-cv-07302-SVW-SS
5

EXHIBIT D

JAMES M. FINBERG (SBN: 114850)
Email: jfinberg@altshulerberzon.com
EVE H. CERVANTEZ (SBN: 164709)
Email: ecervantez@altshulerberzon.com
CONNIE K. CHAN (SBN: 284230)
Email: cchan@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

JOHN T. MULLAN (SBN: 221149)
Email: jtm@rezlaw.com
MICHELLE G. LEE (SBN: 266167)
Email: mgl@rezlaw.com
**RUDY, EXELROD, ZIEFF & LOWE, L.L.P.**
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Attorneys for Plaintiffs CARMEN SPICHER and
DAVID FLEMING and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CARMEN SPICHER and DAVID FLEMING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AIDELLS SAUSAGE COMPANY, INC.,<br><br>Defendant. | Case No. 3:15-cv-05012-WHO<br><br>**REVISED ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:      May 31, 2017<br>Time:      2:00 p.m.<br>Ctrm.:     2<br>Judge:     The Hon. William H. Orrick<br><br>Trial Date: None Set<br>FAC Filed: January 17, 2015 |

Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Costs and Expenses came on for hearing before this Court on May 31, 2017.  Having considered the arguments and evidence, and for the reasons that follow, the Court hereby GRANTS Plaintiffs' motion and awards Class Counsel $593,750.00 in attorneys' fees (25% of the settlement fund) and $43,883.49 in costs and expenses.

## I.    The Requested Fee Award Is Reasonable

The Court finds that the requested fee award, which is 25% of the settlement fund and only approximately two-thirds of Class Counsel's lodestar, is reasonable under both the percentage-of-the-fund method and a lodestar cross-check, particularly in light of the substantial time and resources Class Counsel devoted to this risky litigation on a contingency basis, and in light of the excellent results obtained through the settlement.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942, 944 (9th Cir. 2011); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

After two years of hard-fought litigation, Class Counsel secured a $2.375 million, non-reversionary settlement with Defendant Aidells Sausage Company, Inc. ("Defendant" or "Aidells") on behalf of approximately 509 former Aidells employees who performed product demonstrations in retail and Costco stores throughout the state.  Pursuant to the terms of the Settlement Agreement, after deducting proposed attorneys' fees and costs, proposed service payments to the two named plaintiffs, LWDA payment, an errors and omissions fund, and settlement administration costs, the remainder of the fund (approximately $1.666 million) will automatically be distributed to all Class Members who can be located and who do not timely exclude themselves from the settlement by opting out.  The average gross (*i.e.*, pre-tax) payment to each Class Member will be over $3,000.00.  *See* Settlement Agreement, Dkt. 60-3 ("Settlement") ¶¶III.L.7, III.M.2.

In order to obtain this significant benefit for the Class, Class Counsel devoted substantial time and resources to investigating and litigating this complex class and collective action over more than two years – all of which was undertaken on a contingency basis in the face of considerable risk that Class Counsel would ultimately receive no compensation at all.  Class

1  Counsel's efforts included conducting extensive informal factual investigation (including

2  interviews with dozens of absent class members), reviewing voluminous documents produced in

3  discovery, and taking and defending depositions.  At the time the parties reached settlement,

4  Plaintiffs' motion for certification under Rule 23 was already fully briefed.  The Court finds that

5  the excellent results Class Counsel achieved for the Class in the face of considerable litigation

6  risks, and the substantial burdens Class Counsel shouldered for over two years while pursuing

7  this litigation on a contingency basis at the expense of other work, all support the reasonableness

8  of the requested fee award.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir.

9  2002).

10  The percentage Class Counsel seeks (25%) is the Ninth Circuit benchmark for common

11  fund awards.  *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir.

12  2015); *In re Bluetooth*, 654 F.3d at 942.  Here, the Court finds that a fee award of 25% is

13  reasonable under the common fund doctrine, particularly in light of the excellent results achieved

14  and the significant risks presented.  No special circumstances require departure from the 25%

15  "benchmark" standard.  *See Six (6) Mexican Workers*, 904 F.2d at 1311.

16  The Court finds that the reasonableness of the fee request is confirmed by a lodestar

17  cross-check.  Class Counsel's lodestar as of March 23, 2017, the date of their Motion for

18  Attorneys' Fees and Costs, exceeded $852,800.00.  Declaration of James M. Finberg in Support

19  of Plaintiffs' Motion for Attorneys' Fees and Expenses ("Finberg Fee Decl.") ¶¶31-32;

20  Declaration of John Mullan in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses

21  ("Mullan Fee Decl.") ¶¶35-37; *see In re Bluetooth*, 654 F.3d at 942, 944-45 (endorsing use of

22  lodestar cross-check); *Vizcaino*, 290 F.3d at 1050.  Between March 23, 2017, and May 15, 2017

23  Class Counsel performed additional work. (Finberg Reply Decl. ¶3). Thus, the requested fees are

24  considerably *lower* than Class Counsel's lodestar.

25  The Court finds that the hours and rates used to calculate Class Counsel's lodestar, as

26  documented in detail in Class Counsel's supporting declarations, are reasonable.  As detailed in

27  the accompanying declarations of Class Counsel, Class Counsel spent more than 1,615 hours

28  litigating this case without any guarantee of payment, and faced substantial risk that they would

REVISED ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:15-CV-05012-WHO

1   not be compensated for their time.  Finberg Fee Decl. ¶¶15-22, 30-32; Mullan Fee Decl. ¶¶21-28,

2   37.  The Court finds that this time was reasonably spent on numerous essential litigation tasks in

3   prosecuting this action over more than two years.  The Court thus finds that the hours

4   used in calculating Class Counsel's lodestar are reasonable.

5           The Court also finds that the rates used in calculating Class Counsel's lodestar are

6   reasonable.  The lodestar should be calculated using hourly rates that are "the prevailing market

7   rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), and it is

8   appropriate to apply each attorney's current rates for all hours of work, regardless of when

9   performed, to account for the delay in payment resulting from the years it took to litigate the

10  case, *see Missouri v. Jenkins*, 491 U.S. 274, 282-84 (1989).  Here, Class Counsel's experience,

11  reputation, and ability justify the hourly rates used to calculate the lodestar, which are consistent

12  with the market rates for attorneys of their level of skill and experience.  The hourly rates used by

13  Class Counsel to calculate their lodestar are rates that paying clients have actually paid them, and

14  that have repeatedly been approved by this and other courts as reasonable.  Moreover, while the

15  complexity and risks of this litigation would justify enhancement of the lodestar by a risk

16  multiplier, *see Vizcaino*, 290 F.3d at 1051, Class Counsel seek a fee award that is only

17  approximately two-thirds of their actual lodestar, which further underscores the reasonableness of

18  their fee request.

19          For all the foregoing reasons, the Court finds that the requested fee award is fair,

20  reasonable, and appropriate, and accordingly awards Class Counsel $593,750.00 in attorneys'

21  fees.

22  **II.      The Requested Cost Award Is Reasonable**

23          The Court finds that Class Counsel are also entitled to reimbursement from the settlement

24  fund in the amount of $43,883.49 for litigation costs and expenses reasonably incurred, which is

25  more than $6,116.00 less than the amount they are authorized to seek under the terms of the

26  Settlement Agreement.  *See* Settlement ¶III.M.4.  Like attorneys' fees, these expenses should be

27  paid from the common fund because all Class Members should share their fair share of the costs

28  of the litigation, from which they benefitted.  The expenses for which Class Counsel seek

3

reimbursement are the normal costs of litigation that are traditionally billed to paying clients. *See, e.g.*, *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys should recover reasonable out of pocket costs of the type ordinarily billed to paying clients). The Court has reviewed the supporting declarations of Class Counsel and finds that the costs and expenses for which they seek reimbursement were necessary to the prosecution of this litigation, were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class. The Court finds that Class Counsel's costs are reasonable and reimbursable, and accordingly awards Class Counsel $43,883.49 in costs and expenses. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1177-78 (S.D. Cal. 2007).

**IT IS SO ORDERED.**

Dated: May 31, 2017

_____
Honorable William H. Orrick III
United States District Court Judge

EXHIBIT E

1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    NICK CANCILLA, et al.,                Case No.  12-cv-03001-JD

8                    Plaintiffs,

9           v.                             **ORDER RE FINAL APPROVAL OF**
                                           **CLASS ACTION SETTLEMENT,**
10   ECOLAB, INC.,                         **ATTORNEYS' FEES AND SERVICE**
                                           **PAYMENTS**
11                  Defendant.
                                           Re: Dkt. No. 227, 228, 231

12

13          In this wage-and-hour class and collective action, the Court previously granted preliminary

14   approval of a proposed class action settlement.  Dkt. No. 226.  Following a December 9, 2015

15   hearing, this order resolves plaintiffs' unopposed motions for: (1) final settlement approval and

16   certification of a settlement class, (2) attorneys' fees and costs, and (3) class representative service

17   awards.  Dkt. Nos. 231, 227, 228.  The Court grants the first two motions, and grants in part the

18   third.

19                                    **BACKGROUND**

20          The key facts are set out in the Court's preliminary approval order.  Dkt. No. 226.  In

21   summary, the plaintiffs in this action are current and former Service Specialists, Select Segment

22   Service Specialists and Senior Service Specialists in Ecolab's Pest Elimination Division

23   (collectively, "Service Specialists").  *Id.* at 1; Dkt. No. 119 ¶ 8.  Plaintiffs allege that Ecolab

24   misclassified them as exempt from the Fair Labor Standards Act, and consequently "failed to pay

25   them overtime at a rate not less than one and one-half times their regular rate of pay for all hours

26   worked over forty (40) hours in a workweek."  Dkt. No. 119 ¶¶ 8-9.  The named plaintiffs also

27   allege various state law violations relating to Ecolab's compensation practices.  *Id.* at 4-12.

28

United States District Court
Northern District of California

In 2013, the Court conditionally certified the FLSA claim in this case as a collective action under section 16(b) of the FLSA, 29 U.S.C. 216(b) and ordered that notice of the collective action be mailed to putative members. Dkt. No. 85. The parties entered into a settlement agreement after mediation in May 2015. Dkt. No. 231 at 3. That settlement agreement is the operative agreement in this case. *See* Dkt. No. 231 at 1, 4; Dkt. No. 223-2. The Court granted preliminary approval on August 12, 2015, finding that the agreement was "fair, reasonable, and adequate" under Federal Rule of Civil Procedure 23(e). Dkt. No. 226.

The proposed class consists of 1,053 individuals, including 580 Service Specialists who opted in to the previously certified FLSA collective action class and 473 additional putative class members that are Service Specialists in eight state settlement classes. Dkt. No. 231 at 1. The conditionally certified FLSA collective action class includes:

> [a]ll individuals who worked for Ecolab as a Service Specialist from October 12, 2010 to the present who opted into this lawsuit, and were not dismissed, and did not withdraw, other than the two Opt-In Plaintiffs who were dismissed and then added back, as of the May 8, 2015 mediation.

Dkt. No. 223-2 at 3. The putative state settlement classes cover all Service Specialists who worked for Ecolab in Colorado and New York from June 12, 2006 through April 30, 2015; in Illinois, Maryland, and Washington from June 12, 2009 through April 30, 2015; and in Missouri, North Carolina, and Wisconsin from June 12, 2010 through April 30, 2015. Dkt. No. 223 at 9.

The non-reversionary settlement fund to be paid by Ecolab to settle the suit is $7,500,000. Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 10. The agreement states class counsel's intention to seek up to 25% of this settlement amount for attorney fees and reimbursement of up to $150,000 for out-of-pocket costs. Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 10. The agreement also expresses the class representatives' intention to request service payments of $3,000 each, to total $27,000 for the nine class representatives. Dkt. No. 231 at 4; Dkt. No. 223-2, Exh. 1 at 11. Up to an additional $45,000 was estimated for the settlement administrator. Dkt. No. 231 at 4. Ecolab agreed to pay additionally the employer's share of state and federal payroll taxes on the portion of settlement payouts that are designated as unpaid wages. *Id.*; Dkt. No. 223-2, Exh. 1 at 10. A reserve of $25,000 of the settlement fund will be set aside to address processing errors and to

Case 3:12-cv-05001-JD   Document 233   Filed 02/05/16   Page 3 of 8

1    ensure that all participating class members will receive at least $100 from the settlement. Dkt. No.

2    231 at 4-5. The remaining fund, estimated to be close to $5,400,000, will be distributed among

3    the class members on a modified pro rata basis according to their weeks worked as a Service

4    Specialist during the class periods, applying a multiplier of 1.5 to the hours worked by FLSA class

5    members during the FLSA class period. Dkt. No. 231 at 5-6.

6         The class members do not need to submit claim forms in order to receive a settlement

7    check. Unless they excluded themselves from the settlement, all class members will receive a

8    check with no further action required. Dkt. No. 231 at 5. If the amount of uncashed checks

9    together with the $25,000 reserve fund totals $30,000 or more after 120 days, those funds will be

10   redistributed to the class members who cashed their initial checks on a pro-rata basis. *Id*. If the

11   amount is less than $30,000, it will go to the cy pres beneficiary, the Legal Aid Society-

12   Employment Law Center in San Francisco. *Id.*

13        The class members who do not opt out will release Ecolab from all claims for:

14            wages, statutory and civil penalties, damages and liquidated
15            damages, interest, fees and costs that were or could have been
              alleged and whether known or unknown under the FLSA and/or
16            Colorado, Illinois, Maryland, Missouri, New York, North Carolina,
              Washington or Wisconsin law, arising out of the allegations of the
17            Complaint during the applicable Class Periods set forth above...

18   Dkt. No. 231 at 6; Dkt. No. 223-2, Ex. 1 at 24. This release is "limited to wage and hour claims

19   that were alleged in the Complaints in the action or arise from facts alleged in the Complaints."

20   Dkt. No. 231 at 7. Each plaintiff for whom the Court approves an incentive payment also will sign

21   "individual, general releases" of claims, including any claims arising from their employment with

22   Ecolab. *See id.*; *see* Dkt. No. 223-2, Ex. 1 at 26.

23        Plaintiffs report that notice has been provided in accordance with the proposed settlement

24   agreement and the Court's preliminary approval order. The settlement administrator received and

25   updated a list of the class members' names and addresses. Dkt. No 231 at 7; Dkt. No. 231-2 ¶ 3.

26   The approved class notice was mailed to the updated mailing addresses. Dkt. No. 231-2 ¶ 4.

27   Efforts were made to locate new addresses, and a second round of notice packets were sent to

28   those whose packets were returned in the first cycle. *Id*. ¶ 7. The notice informed parties they

3

Case 3:14-cv-03001-JD   Document 233   Filed 02/05/16   Page 4 of 8

1    could challenge their applicable workweek calculation, and the one challenge that was made was

2    resolved.  *Id.* ¶ 8.  A toll-free line and website were set up to field inquiries and provide

3    information.  *Id.* ¶¶ 5-6.  The administrator reported that as of the October 19, 2015 deadline, the

4    only two requests by putative class members for exclusion from the class had been rescinded.  *Id.*

5    ¶ 9; Dkt. No. 231 at 8.  No objections to the settlement were received.  Dkt. No. 231-2 ¶ 10; Dkt.

6    No. 231 at 8.

### DISCUSSION

### I.   FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL CERTIFICATION OF SETTLEMENT CLASS

10        In the order granting preliminary approval, the Court found that the proposed settlement

11   satisfies the requirements of Federal Rule of Civil Procedure 23(a), namely, numerosity,

12   commonality, typicality and adequacy of representation.  Dkt. No. 226 at 5-6.  The Court also

13   found that the proposed class met the predominance and superiority requirements of Rule 23(b)(3).

14   *Id.* at 6.  The Court concluded that, overall, the proposed agreement was "fair, reasonable, and

15   adequate" under Rule 23(e).  *Id.* at 4.

16        The Court finds that these conclusions hold at this final approval stage.  The relief

17   available to the class is reasonable in light of the risks they face.  For the strengths and weaknesses

18   of plaintiff's case, plaintiff's motion points to the defenses defendant raised in its summary

19   judgment motion, including arguments that certain of plaintiff's claims fell into FLSA

20   exemptions.  Dkt. No. 231 at 11.  Plaintiffs also cite the difficulties they were facing in

21   maintaining certification of the FLSA class and obtaining certification of the eight state classes.

22   *Id.* at 11-12.  By settling, the class avoids the risk that the Court will find merit in any of those

23   bases, and each member will instead simply receive a check in the mail that on average, is

24   expected to equal approximately five thousand dollars.  *Id.* at 13.

25        The Court also finds that the discovery done in the case was appropriate, and plaintiffs'

26   counsel has detailed a sufficiently robust investigation, including interviews with hundreds of

27   class members, depositions of Ecolab witnesses, and significant amounts of written discovery and

28   document production.  *Id.* at 14.  Last but not least, plaintiffs report that no class members have

United States District Court
Northern District of California

4

1    objected to the proposed settlement, which is a significant factor in favor of final approval.  *Id.* at

2    15-16; *see Sarkisov v. StoneMor Partners L.P.,* No. 13-CV-04834-JD, 2015 WL 5769621, at *3

3    (N.D. Cal. Sept. 30, 2015); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575, 576

4    n.7 (9th Cir. 2004) (listing "the reaction of the class members to the proposed settlement" among

5    the "non-exclusive" settlement evaluation factors courts are to consider before granting approval).

6    No objections were raised at the public hearing.

7            The Court determines that notice to the class members was accomplished in the manner

8    prescribed by the settlement and as approved by the Court at the preliminary approval stage.  *See*

9    Dkt. No. 226 at 6.

10           On the FLSA side of the case, the Court previously found that plaintiff had satisfied the

11   standards and granted conditional certification of the FLSA collective action, which is generally

12   more lenient than the requirements for certification under Federal Rule of Civil Procedure 23.

13   Dkt. No. 226 at 2, 6; Dkt. No. 85.  That conclusion, too, still holds.  And for the same reasons

14   already discussed, the Court finds that the proposed FLSA settlement constitutes a "fair and

15   reasonable" resolution "of a bona fide dispute," and approves it.  *See Lynn's Food Stores, Inc. v.

16   United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  The Court confirms David Beausoleil and

17   Patrick Sweeney as class representatives of the FLSA opt in class.

18           Consequently, the Court grants final approval of the proposed settlement, finally certifies

19   the state settlement classes as proposed, and confirms as final the appointment of named plaintiffs

20   David Beausoleil, Lucio Flores, Robert Birch, Thomas Jennison, Michael Emanuel, Kenneth

21   Forbes, Frederick Simon, Brian O'Neil and Patrick Sweeney as the class representatives of the

22   respective state classes under Rule 23.

23   **II.  ATTORNEYS' FEES AND COSTS**

24           Plaintiff's counsel seeks the Court's approval for an award of $1,875,000 in attorneys' fees

25   and $135,601.83 in costs.  Dkt. No. 227 at 1.  Reasonable attorney's fees and costs are allowed

26   under Federal Rule of Civil Procedure 23(h) and Section 216 of the FLSA, 29 U.S.C. § 216(b),

27   both of which apply to this case.

28

United States District Court
Northern District of California

The amount sought by plaintiffs' counsel represents 25% of the $7,500,000 total class settlement. This amount is consistent with the "benchmark" in our Circuit when fees are sought in this manner. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%"). The reasonableness of the fees requested is confirmed by the fact that the fee award sought by counsel is only about 66% of the $2,835,000 in fees calculated by plaintiffs in their lodestar. *See* Dkt. No. 227 at 10; *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (approving the district court's use of the lodestar method "as a cross-check of the percentage method"). The Court finds that the unopposed fee request is also adequately supported by the documentation plaintiff has submitted, Dkt. Nos. 227-1 to 227-6, and the Court approves it.

Plaintiff's counsel has documented a request for $135,601.83 in costs, which the Court finds adequately-supported and reasonable. The Court awards these costs as requested.

### III. INCENTIVE AWARDS

The "incentive payment" request is granted only in part. Plaintiffs ask the Court to award an extra $3,000 in incentive payments to each of the nine named plaintiffs and class representatives. Dkt. No. 228 at 1.

The Court, following the Ninth Circuit, has consistently expressed strong skepticism of arrangements whereby named plaintiffs do better than ordinary members of the class, based on the danger that it may lead to collusive settlements and conflict within the plaintiff's side of the case. *See Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014) ("Absent a particularized showing of expenses incurred or injury suffered by [the named plaintiff] (above and beyond those of the other proposed class members), an enhancement award is inappropriate"); *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527, 2014 WL 5826335, at *6 (N.D. Cal. Nov. 10, 2014); *Sarkisov*, 2015 WL 5769621, at *4. The Court has expressly advised the parties in this case that this is a "practice that this Court normally rejects." Dkt. No. 226 at 7.

But the Court's serious doubts about the propriety of incentive payments do not amount to an inflexible rule. In rare circumstances, there can be factors that warrant the award of additional money to the named representatives above and beyond what the rank-and-file class members get. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (describing relevant factors in determining an incentive award as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation" (quotation omitted)).

This case qualifies for a modest additional award to the named plaintiffs. As an initial factor, the named plaintiffs won a significant settlement in this matter, which will result in an average payout of approximately $5,000 to class members. Dkt. No. 228 at 1. This is a significant settlement and recovery in the context of this case and the non-highly compensated Service Specialist plaintiffs. *See* Dkt. No. 231 at 13. And more than half of the named plaintiffs appear to have been Ecolab employees during the pendency of the suit, and still worked on the case despite the possibility of retaliation from their employer. Dkt. No. 228 at 5; Dkt. No. 228-3; Dkt. No. 228-10; Dkt. No. 229; Dkt. No. 228-5; Dkt. No. 228-8. The named plaintiffs will sign significantly broader releases than the other class members. Dkt. No. 228 at 7. The named plaintiffs report participation in many elements of the case, meeting with counsel and co-workers to investigate and prosecute the case, interfacing with co-workers regarding the case and their FLSA opt-in process, searching for documents and helping with other discovery, and participating in depositions and mediation. Dkt. No. 228 at 3-4; Dkt. No. 228-1 to 228-10; Dkt. No. 229.

In light of these facts, Court approves service awards of $500 to each of the nine named plaintiffs. In addition, all of the named plaintiffs may be reimbursed for any out-of-pocket costs and any work missed.

## CONCLUSION

The Court grants plaintiff's (1) motion for final approval of class settlement and for final certification of settlement class, Dkt. No. 231, and (2) motion for attorneys' fees and costs, Dkt. No. 227. The Court grants final approval of the proposed settlement, and finally certifies the state

United States District Court
Northern District of California

United States District Court
Northern District of California

settlement classes and FLSA class as proposed.  The Court confirms the appointment of David

Beausoleil, Lucio Flores, Robert Birch, Thomas Jennison, Michael Emanuel, Kenneth Forbes,

Frederick Simon, Brian O'Neil and Patrick Sweeney as the class representatives of the respective

state classes under Rule 23, and David Beausoleil and Patrick Sweeney as class representatives of

the FLSA opt in class.  The Court further approves the payment of $1,875,000 in attorneys' fees

and $135,601.83 in costs to class counsel.

Plaintiff's motion for incentive pay to the nine class representatives, Dkt. No. 228, is

granted in part, and these named plaintiffs may be reimbursed for any out-of-pocket costs and any

work missed.

The parties are ordered to comply with the remaining terms of the revised settlement

agreement, Dkt. No. 223-2, Exh. 1, and the Clerk is requested to close the file and terminate any

pending matters.

**IT IS SO ORDERED.**

Dated:  January 5, 2016

_____
JAMES DONATO
United States District Judge

EXHIBIT F

1
2
3
4
5
6
7
8
9
10
11                  **UNITED STATES DISTRICT COURT FOR THE**

12          **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

13

14   STEVE TOKOSHIMA, LUIS FLORES, and          CASE NO.:  C12-4810 CRB
     JAMES FABER, on Behalf of Themselves and All
15   Others Similarly Situated,                  **[~~PROPOSED~~] ORDER GRANTING**
                                                 **FINAL APPROVAL OF CLASS ACTION**
16          Plaintiffs,                          **SETTLEMENT; GRANTING MOTION**
                                                 **FOR ATTORNEY'S FEES AND**
17    vs.                                        **REIMBURSEMENT OF EXPENSES**

18   THE PEP BOYS - MANNY MOE & JACK OF          Date:   January 9, 2015
     CALIFORNIA, a California Corporation; THE PEP Time:  10:00 a.m.
19   BOYS - MANNY MOE & JACK, a Pennsylvania    Ctrm.:  6
     Corporation; and DOES 1-10,                 Judge:  Hon. Charles R. Breyer
20
            Defendants.
21

22

23

24

25

26

27

28

This matter was heard by the Court on January 9, 23 2015, at 10:00 a.m., in Courtroom 6, of United States District Court, Northern District of California, before the Honorable Charles R. Breyer, pursuant to the noticed Motions for Final Approval of Class Action Settlement and for Attorneys' Fees and Reimbursement of Expenses.

The Court has reviewed the materials submitted by the parties, as well as the comments and materials received from parties interested in the Settlement and has heard arguments presented at the hearing.  For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court, having considered the documents filed by the Parties in connection with the class action settlement, the arguments of counsel, the Motion for Final Approval of Class Action Settlement, pursuant to Fed. R. Civ. P. 23(e), filed December 1, 2014, Dkt. 75; the Motion for Attorney's Fees and Reimbursement of Expenses, filed December 1, 2014, Dkt. 76; the Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement," Docket No. 72-2); this Court's Order re Motion for Class Certification and Motion to Strike filed April 28, 2014, Dkt. 65; the Motion for Preliminary Approval of Class Action Settlement, Dkt. 72; this Court's Order Granting Preliminary Approval of Class Action Settlement filed September 26, 2014, Dkt. 73; and the Reply Brief in support of Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs filed December 22, 2014, hereby grants final approval of the Settlement and grants the motion for attorney's fees and reimbursement of expenses and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1.     Except as otherwise specified herein, the Court for purpose of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over The Pep Boys – Manny, Moe and Jack and The Pep Boys – Manny Moe and Jack of California (collectively "Defendants"), and all Class Members.  Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

3.     Pursuant to this Court's Order filed September 26, 2014, Docket No. 73, the Notice

[Proposed] Order Granting Final Approval of Class Action Settlement; Granting Motion for Attorney's Fees and Reimbursement of Expenses; Case No.: C12-4810 CRB

1   of Settlement ("Notice") was mailed by first-class mail, on October 16, 2014, to 1,490 Class

2   Members.  Most of the Notices were not returned as undeliverable, and the vast majority of Notice

3   Packets that were initially returned undeliverable were re-mailed to new addresses determined after

4   investigation.  The Notice advised the class of the pertinent terms of the proposed settlement,

5   namely, the claims to be resolved by way of the settlement, the Gross Settlement Amount, the

6   preliminary estimate of settlement payments and the basis for calculating each Class Members'

7   settlement payment, the method for distributing settlement payments, the proposed deductions for

8   attorney's fees, litigation costs, settlement administration costs, class representative enhancement

9   payments, and amount to be paid to the State of California's Labor Workforce and Development

10   Agency ("LWDA") under the Private Attorney General Act ("PAGA").  *See* Class Notice, Dkt. 72-

11   3.  It further informed Class Members of the manner in which to request exclusion or to object to

12   the settlement and the deadlines for each, and their right to appear in person or by counsel at the

13   final approval hearing.  Adequate periods of time were provided by each of these procedures.  *Id.*

14   As a part of this notice process, no class member has sought to be excluded from the Settlement

15   Class, no Class Member has submitted a written objection, and no Class Member has stated an

16   intention to appear at the final approval hearing.

17          4.      The Court finds and determines that this notice procedure afforded adequate

18   protections to Class Members and provides the basis for the Court to make an informed decision

19   regarding approval of the Settlement based on the responses of Class Members.  The Court finds

20   and determines that the notice provided in this case was the best notice practicable, and therefore

21   fully satisfied the requirements of Fed. R. Civ. P. 23(c) and (e), and due process.

22          5.      The Court hereby approves the Settlement pursuant to Fed. R. Civ. P. 23(e), as set

23   forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable

24   and adequate.  The Court makes this finding based on a weighing of the strength of Plaintiffs'

25   claims and Defendants' defenses with the risk, expense, complexity, and duration of further

26   litigation.  The Court also finds that the Settlement is the result of non-collusive, arms-length

27   negotiations between experienced counsel representing the interests of the Class and Defendants,

28   after thorough legal and factual investigation.  In granting final approval of the Settlement, the

Court considered the nature of the claims, the overall amount of the Settlement and the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.  In addition to these reasons and those set forth in the Court's statements on the record at the preliminary approval hearing and those set forth in the Preliminary Approval Order, the fact that no Class Member objected or opted out further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

6.      The Court finds and determines that the Settlement Payments to be paid to the Class Members as provided for by the Settlement are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members in accordance with the terms of the Settlement.

7.      The Court finds and determines that the $5,000.00 amount to be paid from the Gross Settlement Amount to the LWDA for civil penalties under PAGA, as provided for by the Settlement, is fair and reasonable.  The Court hereby gives final approval to and orders said payment to the LWDA in accordance with the terms of the Settlement.

8.      Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendants make payments to the Class Members in accordance with the Settlement.

9.      The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

10.      The Court also approves the settlement of the Released Claims as defined in paragraph V.1.38 of the Settlement Agreement.

11.      The Court also approves the payment of actual costs incurred, up to $39,000, from the Gross Settlement Amount to Simpluris Inc. for the costs of administering the Settlement as set forth in the Settlement Agreement.

12.      Every person in the class who did not submit a valid and timely request for

3

exclusion is a Class Member and shall be bound by the Settlement and the separately filed Final

Judgment and Dismissal.

13. As of the Effective Date of the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the Pep Boys Releasees (as defined by the Settlement). As of the date of this Order of Final Approval, all Class Members who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively or in any other capacity, that are released by the Settlement against any of the Pep Boys Releasees.

14. Neither the Settlement nor any of the terms set forth in the Settlement constitutes an admission by the Defendants, or any of the Pep Boys Releasees, of liability to the Plaintiffs or any Class Member, nor does this Order of Final Approval constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of the Defendants or any of the other Pep Boys Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the Pep Boys Releasees; nor is this Order of Final Approval a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against the Pep Boys Releasees. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to enforce the instant Order of Final Approval, the Judgment, or the Settlement, or to support a defense by the Pep Boys Releasees of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction.

15. The Class Representatives have fairly and adequately represented and protected the interests of the Class in the Action. In light of their efforts, the Court hereby awards class representative incentive awards as follows: The Court approves Service Payments to the Class Representatives in the amount of $10,000.00 to Steve Tokoshima, $10,000.00 to James Faber, and

4

$7,500.00 to Luis Flores, as an enhancement for the initiation of this action, work performed, and risks undertaken, as more fully set forth in the moving papers and Class Representative Declarations. These amounts are separate and apart from any other recovery to which these Class Representatives might be entitled to under other provisions of the Settlement Agreement.

16. The Court finds that notice of the requested award of attorney's fees and reimbursement of costs and expenses was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure. Class Members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no Class Member has objected to the requested fees or expenses.

17. Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, the Court approves the application of Class Counsel, 1) Altshuler Berzon LLP; and 2) Rastegar & Matern, in the total amount of $1,080,000.00, or 30 percent of the gross settlement fund, for their attorney's fees and $97,207.56 for their actual litigation expenses incurred. The award of 30 percent of the common fund is within the range of attorney fee awards in similar wage-and-hour class actions and is warranted in this case due to the high level of risk involved and the exceptional skill and diligence required to litigate and resolve the novel legal claims at issue. The propriety of awarding 30 percent of the common fund in this case is confirmed by the lodestar cross-check. Based on the time expended and rates charged, which the Court specifically finds to be reasonable, Class Counsel's lodestar actually exceeds the common fund award.

18. The Court further approves and directs Simpluris Inc., the appointed Settlement Administrator, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

        A. Class Members, by check, his/her individual Settlement Payment as calculated by the Settlement Administrator within thirty (30) calendar days of the "Effective Date" as defined in paragraph V.1.18 of the Settlement Agreement, and by second check, any additional amount determined to be

5

1  owing to each Class Member pursuant to paragraphs V.8.6-V.8.10 of the

2  Settlement Agreement, on the timelines set forth therein;

3  B.  Class Representatives, the sums of $10,000.00 to Steve Tokoshima,

4  $10,000.00 to James Faber, and $7,500.00 to Luis Flores, by check within

5  fifteen (15) calendar days of the Effective Date, in addition any Settlement

6  distribution to which each of them is entitled, and which shall be distributed

7  to them in accordance with subparagraph (A);

8  C.  State of California LWDA, the sum of $5,000.00 by check to the LWDA

9  within twenty (20) calendar days of the Effective Date;

10 D.  Altshuler Berzon LLP and Rastegar & Matern, jointly, by wire transfer, the

11 total amount of $1,080,000.00, or 30 percent of the Gross Settlement

12 Amount, for their attorney's fees and $97,207.56 for their litigation

13 expenses, within fifteen (15) calendar days of the Effective Date; and

14 E.  National Automotive Technician Education Foundation, by check, as *cy pres*

15 beneficiary, in accordance with paragraphs V.8.8 and V.8.11 of the

16 Settlement Agreement.

17  19.  The Notice informed Class Members that they would be mailed Settlement Payment

18 checks only if they could be located during the Notice process.  Notice, Dkt. 72-3 at 7 ¶12.  The

19 Notice further informed Class Members that funds from Settlement Payment checks that are not

20 cashed will be redistributed.  *Id.*, Dkt. 72-3 at 8 ¶13.  The Settlement Payment checks sent to Class

21 Members in this matter do not entitle the Class Members to the proceeds of the check.  Class

22 Members must negotiate the check issued to them within the stale date period set forth in ¶V.8.5 of

23 the Settlement Agreement to perfect their right to receive payment from the Net Settlement

24 Amount.  Checks which are not negotiated by the stale date or regarding which there has not been a

25 reissue request made by the stale date will become void.  The recipient's interest in a payment from

26 the Net Settlement Amount will upon the stale date be extinguished.  The funds resulting from the

27 voided checks and any related tax payments will become a part of the corpus of the Net Settlement

28 Amount and will be subject to redistribution or tender to a cy pres recipient, as directed in ¶¶V.8.6-

6

1  V.8.10 of the Settlement Agreement.

2      20.    Without affecting the finality of the Settlement or the Judgment in any way, the

3  Court retains jurisdiction over this Action and the parties, including all Class Members, for the

4  administration and effectuation of the Settlement including, but not limited to, the ultimate

5  distribution to the Class Members, payment of attorney's fees and expenses, the enhancement

6  payment awards to the Class Representatives, payment to the State of California LWDA, and other

7  issues related to this Settlement.

8      21.    If the Settlement does not become final and effective in accordance with the terms

9  of the Settlement, this Order of Final Approval and Judgment and all orders entered in connection

10  herewith shall be vacated and shall have no further force or effect.

11

12  IT IS SO ORDERED.

13  Dated:  January  23 , 2015

14                                  _____

                                        Hon. Charles R. Breyer

15                                        Judge, U.S. District Court

16

17  Approved as to form:

18                                        MORGAN, LEWIS & BOCKIUS LLP

19

20  Date:  December 22, 2014           */s/ John Battenfeld*_____

21                                       John Battenfeld

22                                    JOHN BATTENFELD

23                                    KATHY GAO

                                    HIEN NGUYEN

24                                    Attorneys for Defendants

25                                      THE PEP BOYS – MANNY, MOE AND JACK

                                    AND THE PEP BOYS – MANNY, MOE AND

26                                      JACK OF CALIFORNIA

27

28

[Proposed] Order Granting Final Approval of Class Action Settlement; Granting Motion for Attorney's Fees and Reimbursement of Expenses; Case No.: C12-4810 CRB

EXHIBIT G

1   James M. Finberg (SBN 114850)
    Eve Cervantez (SBN 164709)
2   ALTSHULER BERZON LLP
    177 Post Street, Suite 300
3   San Francisco, California 94108
    Telephone: (415) 421-7151
4   Facsimile: (415) 362-8064
    Email: jfinberg@altber.com
5   Email: ecervantez@altber.com

6   Todd F. Jackson (SBN 202598)
    Nina Wasow (SNB 242047)
7   LEWIS FEINBERG LEE RENAKER & JACKSON PC
    476 9th Street
8   Oakland, California 94607
    Telephone: (510) 839-6824
9   Facsimile: (510) 839-7839
    Email: tjackson@lewisfeinberg.com
10  Email: nwasow@lewisfeinberg.com

11  David Borgen (SBN 99354)
    James Kan (SBN 240749)
12  GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
13  Oakland, CA 94612
    Telephone: (510) 763-9800
14  Facsimile: (510) 835-1417
    Email: dborgen@gbdhlegal.com
15  Email: jkan@gbdhlegal.com

16  *Attorneys for Plaintiff and the Plaintiff Class*

17              SUPERIOR COURT OF THE STATE OF CALIFORNIA

18              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

19

20  ROBERT BELL, on behalf of himself and a class    Case No. BC 438517
    of those similarly situated,
21                                                   Assigned to: Hon. Teresa Sanchez-Gordon,
                        Plaintiff,                   Dept. 74
22
              vs.                                    [PROPOSED] ORDER GRANTING
23                                                   COMMON FUND ATTORNEYS' FEES
    FARMERS SERVICES, LLC,                           AND EXPENSES
24
                        Defendant.                   Date:
25                                                   Time:
                                                     Place: Department 74
26
                                                     Date Action Filed:    May 25, 2010
27                                                   Trial Date:           None

28

            [PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES
                                    Case No. BC438517

1        On May 29, 2013, the Court held a hearing on Plaintiff's Motion for Common Fund

2    Attorneys' Fees and Expenses.

3        Having considered Plaintiff's memorandum of points and authorities in support of its

4    motion, the supporting evidence, and the argument of counsel, the Court GRANTS Plaintiff's

5    Motion for Common Fund Attorneys' Fees and Expenses.

6    1.   Common Fund Attorney's Fees

7        Class Counsel seek an attorneys' fee award of $840,000, or 30 percent of the $2,800,000

8    settlement fund. "Courts recognize two methods for calculating attorney fees in civil class

9    actions: the lodestar/multiplier method and the percentage of recovery method." *Wershba v.*

10   *Apple Computer, Inc.*, 91 Cal. App. 4th 224, 254 (2001). The Court finds that the requested

11   attorneys' fees are reasonable under either method.

12       The lodestar is calculated by multiplying the reasonable hours expended by reasonable

13   hourly rates for each attorney. *Id.* The lodestar can then be adjusted or enhanced with a

14   multiplier, if appropriate. *Id.* Here, Class Counsel submitted declarations establishing both the

15   number of hours expended on the case and the hourly rates for their services. The Court finds

16   that the hourly rates set forth in these declarations are reasonable and in line with market rates for

17   attorneys of similar experience in the San Francisco Bay Area, and that the number of hours

18   expended, after the exercise of billing judgment by Class Counsel, as set forth in the declarations,

19   is likewise reasonable. Based on this information, Class Counsel's total lodestar is

20   $1,475,505.50. As such, the requested fee award of $840,000 is *less* than the lodestar value of

21   Class Counsel's work. Indeed, Class Counsel are only requesting approximately 57 percent of

22   their lodestar. Given this, the fee award sought is easily fair and reasonable under a lodestar

23   analysis.

24       The requested fee award is also reasonable under a percentage-of-the-fund analysis.

25   Thirty percent of the common fund is well within the range of what is commonly awarded for

26   attorneys' fees in contingent class actions. *See, e.g., Munoz v. BCI Coca-Cola Bottling Co. of*

27   *Los Angeles*, 186 Cal. App. 4th 399, 403 (2010) (affirming settlement with 30% fee award in

28   wage-and-hour class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008) ("fee

2

1  awards in class actions average around one-third of the recovery") (internal quotation marks

2  omitted). Here, the fairness of a thirty-percent award is supported by the effectiveness of Class

3  Counsel's legal representation, the results obtained, and the risks of continued litigation; the fact

4  that Class Counsel undertook the representation on a contingency basis and to the exclusion of

5  other paying work; and the positive response of the Class to the settlement. *See In re Consumer*

6  *Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009) (listing factors considered in determining fee

7  award). Class Counsel's diligent investigation and vigorous litigation of the class claims

8  positioned Plaintiff to settle this case for $2.8 million, thus providing meaningful monetary relief

9  to the class and avoiding the risk and expense of protracted litigation. Moreover, in the nearly

10  three years it has taken to resolve Plaintiff's claims, Class Counsel performed more than 2800

11  hours of work, without any payment from their client and to the exclusion of other paying work.

12  Finally, the notice mailed to the class expressly stated that Class Counsel would be seeking up to

13  30% of the common fund, or $840,000, in attorneys' fees. No objections to the settlement or to

14  proposed fee award have been received by counsel or the claims administrator.

15       For all of these reasons, the Court finds the requested fee award to be fair and reasonable.

16  Accordingly, the Court hereby awards Class Counsel attorneys' fees in the amount of $840,000

17    2.  Expenses

18       Class Counsel also seek $55,000 from the settlement fund as reimbursement for out-of-

19  pocket expenses they incurred during this litigation. Class Counsel have submitted declarations

20  summarizing the amount and purpose of the expenses incurred in this case. Having reviewed

21  these declarations, the Court finds that Class Counsel properly seek reimbursement for the types

22  of expenses ordinarily incurred in the course of litigation (for example, filing fees, deposition

23  transcripts, and copying charges) and that these expenses were reasonably incurred for the

24  benefit of the class. Moreover, the reimbursement requested is less than the $55,223.25 in out-

25  of-pocket expenses that Class Counsel actually incurred. Finally, although the notice mailed to

26  the class expressly stated that Class Counsel would seek up to $55,000 from the settlement fund

27  as reimbursement for out-of-pocket expenses, no objections to the proposed reimbursement have

28  been received by counsel or the claims administrator.

[PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES
Case No. BC438517

1     For these reasons, the Court finds that reimbursement of $55,000 for costs and expenses

2 is justified. Accordingly, the Court hereby awards Class Counsel expenses in the amount of

3 $55,000.

4 **IT IS SO ORDERED.**

5

6 Dated: _5-31-13_

                                    TERESA SANCHEZ-GORDON

7                                     Hon. Teresa Sanchez-Gordon
                              LOS ANGELES COUNTY SUPERIOR

8                                   COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING COMMON FUND ATTORNEYS' FEES AND EXPENSES
Case No. BC438517

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Ossai Miazad*
Michael N. Litrownik*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com
mlitrownik@outtengolden.com

Daniel S. Stromberg*
Hannah Cole-Chu*
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue, 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
dstromberg@outtengolden.com
hcolechu@outtengolden.com

Thomas A. Saenz (Cal. Bar No. 159430)
Belinda Escobosa Helzer (Cal. Bar
No. 214178)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
tsaenz@maldef.org
bescobosa@maldef.org

*Attorneys for Plaintiffs and the Proposed Class*
*Additional counsel listed on signature page*
*admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MITZIE PEREZ and SERGIO BARAJAS, individually, and ANDRES ACOSTA, TERESA DIAZ VEDOY, VICTORIA RODAS, and SAMUEL TABARES VILLAFUERTE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | Case No. 17-cv-00454-MMC<br><br>**DECLARATION OF JAMES M. FINBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |

I, James M. Finberg, declare as follows:

1.      I am a member in good standing of the bar of the State of California, as well as the U.S. District Court for the Northern District of California, and I am a partner at the law firm Altshuler Berzon LLP.  I make these statements based on personal knowledge and would so testify if called as a witness.

2.      This Declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees and Costs in the above-captioned matter.

**My Background and Experience**

3.      Altshuler Berzon LLP ("Altshuler Berzon" or "AB") specializes in labor and employment, environmental, constitutional, campaign and election, and civil rights law.  We are among a limited number of law firms in the country that handle large, complex cases on a contingent basis. A copy of the firm's resume listing representative cases is attached hereto as Exhibit A.

**My Background and Experience**

4.      I received a Bachelor of Arts degree, with honors in history and environmental studies, from Brown University in 1980.  I received a Juris Doctor degree from the University of Chicago Law School in 1983.  At the University of Chicago Law School, I was the Executive Editor of the University of Chicago Law Review. From Fall 1983 through Summer 1984, I served as a law clerk to the Honorable Charles L. Levin, a Justice of the Supreme Court of the State of Michigan.

5.      I joined Altshuler Berzon LLP as a partner in January 2007.  From 1992 through 2006, I was a partner at Lieff Cabraser Heimann & Bernstein LLP.

6.      During my approximately 36 years of practice, I have served as lead or co-lead counsel in a number of discrimination class actions, including the following: *Butler v. Home Depot*, No. C94 4335 SI (settlement of $87.5 million, plus comprehensive injunctive relief, in gender discrimination case in 1998); *Satchell v. Federal Express Corp.*, No. C03-2659 SI; C03-2878 SI (N.D. Cal.) (approval of settlement of $55 million in monetary relief, plus comprehensive

injunctive relief, of race and national origin discrimination claims in 2007); *Holloway v. Best Buy*, No. C05-cv-05056 (N.D. Cal.) (approval of Consent Decree providing comprehensive injunctive relief in race and gender discrimination class action in 2011); *Jaffe v. Morgan Stanley*, No. C06-3903 TEH (N.D. Cal.) (approval of Consent Decree providing $16.5 million in monetary relief and comprehensive injunctive relief in 2008 in race discrimination class action); *Amochaev v. Smith Barney*, No. C05-CV-1298 PJH (N.D. Cal.) (approval of settlement providing $33 million in monetary relief, plus comprehensive injunctive relief in gender discrimination case in 2008); *Frank v. United Airlines*, No. C92 0692 MJJ (N.D. Cal.) (approval of $36.5 million settlement of gender discrimination case in 2004); *Buttram v. UPS*, No. 97-1590 MJJ (N.D. Cal.) ($12.2 million settlement, plus comprehensive injunctive relief, of race discrimination action); *Church v. Consolidated Freightways, Inc.*, 1993 WL149840 (N.D. Cal.) ($13.5 million settlement in age discrimination case).

7.    I have also served as lead, or co-lead, counsel in many class actions involving violations of wage and hour laws, including the following: *Fan v. Delta* (Case No. 2:19-cv-04599) ($4 million settlement of wage and hour class action in 2019); *McDonald v. CPOpCo* (Case No. 17-cv-04915)($3 million settlement of WARN Act Case in 2018); *Lopez v. Delta Air Lines, Inc.*, 2:15-cv-07302-SVW-SS (C.D. Cal.) ($4.25 million settlement of wage-and-hour class action in 2017); *Spicher v. Aidells Sausage Co*., 3:15-cv-05012-WHO (N.D. Cal) ($2.375 million settlement of wage and hour class action in 2017); *Guzman-Padilla, et al. v. Van de Pol, et al.*, 2:17-cv-00196-JAM-KJN (E.D. Cal) (wage-and-hour and discrimination settlement on behalf of class of 120 low-wage dairy workers providing monetary and extensive injunctive relief in 2017); *Cancilla et al. v. Ecolab, Inc.*, No. 12-3001-JD (N.D. Cal) ($7.5 million settlement of wage and hour case approved in January 2016); *Rosenburg v. International Business Machines Corp.,* No. CV 06-00430 PJH (N.D. Cal.) ($65 million settlement of wage and hour class and collective action in 2007); *Giannetto v. CSC Corp.*, No. CV 03-8201 (C.D. Cal.) ($24 million settlement of wage and hour case in 2005); *Gerlach v. Wells Fargo & Co.*, No. 05-00585 CW (N.D. Cal.) ($12.8 million settlement of wage and hour class and collective action in 2007); *Trotter v. Perdue*

1   *Farms,* No. 99 893 (RRM) (D. Del.) ($10 million settlement in wage and hour case in 2002)

2   *Thomas v. CSAA,* No. CH217752 (Alameda County Sup. Ct.) ($8 million settlement of wage and

3   hour case in 2002); *Danieli v. IBM*, No. 08-cv-3688 (S.D.N.Y) ($7.5 million settlement of class

4   action regarding alleged misclassification of technology support workers in 2010); *In re the Pep*

5   *Boys Overtime Actions*, Case No. 07-cv-01755 (C.D. Cal.) ($6 million settlement in 2008

6   compensating employees who were denied meal and rest breaks and required to work "off the

7   clock" without pay).

8         8.      I have also served as lead, or co-lead, counsel in various securities class actions,

9   including *In re California Micro Devices Securities Litigation*, No. C94 2817 VRW (N.D. Cal.)

10  ($26 million in settlements – approximately 100% of losses); *In re Network Associates, Inc.*

11  *Securities Litigation,* No. C99 1729 WHA (N.D. Cal.) ($30 million settlement in 2001); and *In re*

12  *Mediavision Technology Securities Litigation*, No. C94 1015 EFL (N.D. Cal.) (settlements and

13  judgments totaling $218 million).

14        9.      I have also served as one of the primary trial counsel in the trial of three class

15  action trials.  In September 2003, I served as one of the primary trial counsel representing

16  plaintiffs in a three-week class and collective action liability phase trial involving approximately

17  2,700 insurance claims adjusters in *In re: Farmers Insurance Exchange Claims Representatives'*

18  *Overtime Pay Litigation*, No. MDL Docket No. 1439 (D. Or.). On November 6, 2003, Judge

19  Robert E. Jones ruled in favor of the auto and low-level property adjusters.  The Court found that

20  Farmers acted willfully in violating the FLSA, and that the auto and low-level property adjustors

21  were entitled to liquidated damages as well as actual damages.  During 2004 and 2005, I and

22  colleagues tried the damages phase of that case.  Judgments totaling approximately $52.5 million

23  were entered for plaintiffs in 2005.  On March 30, 2007, a three-judge panel of the Ninth Circuit

24  affirmed in part, reversed in part, and remanded to the District Court for consideration of state law

25  claims.  *In re Farmers Exch., Claims Reps. Overtime Pay Litig*. 481 F.3d 1119 (9th Cir. 2007).

26  We settled those state law claims for $8 million.  In 2013, I served, in a class arbitration, as one of

27  the primary trial counsel for approximately 7,000 truck drivers who alleged KBR/Halliburton

28

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

1    forced them to work off the clock. In April 2015, I served as one the primary trial counsel for a

2    class of approximately 172,000 former California State University students who alleged that CSU

3    breached the implied covenant of good faith and fair dealing by increasing tuition twice in one

4    term in Fall 2009. I also served as lead trial counsel for the California Teachers Association of

5    California Federation of Teachers, as intervenors, in *Vergara v. California*, No. BC 484642 (L.A.

6    Sup. Ct.) a case involving the constitutionality of several provisions of the California Education

7    Code.

8            10.      Since 2005, I have been listed by Best Lawyers in America as one of the best

9    lawyers in America in the field of labor and employment law, and since 2018 also in the field of

10    class actions.  I was named by Best Lawyers as the 2014 Lawyer of the Year in the field of

11    Litigation-Labor and Employment in the San Francisco Bay Area.  From 2005 to 2013, I was

12    designated by *San Francisco Magazine* as one of the top 100 attorneys in Northern California,

13    and have been designated as a "Super Lawyer" since 2004. I am a fellow of the American College

14    of Labor and Employment Lawyers and of the American Bar Foundation. In 2003, I was selected

15    by *The Recorder* legal newspaper (based on a survey of judges, arbitrators, mediators, and

16    lawyers in the field) as the top plaintiff's securities litigator in the San Francisco Bay Area.  In

17    2006, I was selected by *The Daily Journal* as one of the Top 100 lawyers in California.  In 2009, I

18    was named a California Lawyer of the Year by the *California Lawyer* magazine in the area of

19    civil rights law. In 2020, I was named in the Legal 500 Hall of Fame in the field of Plaintiff Labor

20    and Employment Disputes.

21            11.      In 2005, I served as the President of the Bar Association of San Francisco.  From

22    2000-2001, I served as Co-Chair of the delegation of Lawyer Representatives from the Northern

23    District of California to the Ninth Circuit Judicial Conference.  From 1997 through 1998 and

24    2009 through 2010, I served as Co-Chair of the Board of Directors of the Lawyers' Committee

25    for Civil Rights of the San Francisco Bay Area, and served on its board for approximately two

26    decades.  I am currently serving as a member of the Executive Committee of the Board of

27    Directors of the Legal Aid at Work and serve as the Secretary of that organization.  From 2008 to

28

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

1    2010, I served on the Visiting Committee of the University of Chicago Law School.  From 2010

2    to 2013 I served on the board of the National Employment Lawyers Association.  I served on the

3    board of the Work Life Law Center at U.C. Hastings College of Law from 2011-2016.

4        12.    I am a co-author of the chapter "Statistical and Other Expert Proof," in

5    *Employment Discrimination Law* (5th ed. 2012, 4th ed. 2007, Lindemann and Grossman, BNA),

6    and the supplements to that chapter.  I also edited the 2000 and 2002 Cumulative Supplements to

7    Chapter 39, "Statistical Proof," of that treatise (3d ed.).  I am the author of two chapters in *Wage*

8    *and Hour Laws: A State-by-State Survey* (BNA, 2010) and one chapter in *The Fair Labor*

9    *Standards Act* (ABA, 2010).  I am the author of a chapter on Notice and Settlement in *The Class*

10    *Action Fairness Act: Law and Strategy* (ABA 2013) and the author of a chapter on Trials in *Class*

11    *Action Strategy* (ABA 2018). I am the author of a chapter on cross examination in *Trial*

12    *Techniques for the Labor and Employment Law Practitioner* (ABA 2019).  I was an editor of

13    *Securities Litigation Report* (Glasser Legal Works) from 2004-2006.

14        13.    I am author or co-author of the following articles, among others: "The Risk of

15    Using Algorithms for Employment Decisions" (*Daily Journal*, Oct. 8, 2019); "Assessing Whether

16    Compensation is Fair " (ABA EEO, 2018); "The Use of 'Big Data' for Employment Decisions"

17    (ABA, Nov. 2017); "Is the 'Gig' Economy a Bubble About to Burst or Is it Here to Stay?" (ABA,

18    March 2017); "*Tyson v. Bouaphakeo* and the New Fed. R. Civ. P. Proportionality Standards"

19    (ABA CLE, 2016); Co-author with George Hansan, Jason Marsili, and Cornelia Dai,

20    "Class/Collective Action Trials" (NELA June 2016); Co-author with Kelly M. Dermody, "Issue

21    Certification in Employment Class Actions: Rule 23 (c)(4) Provides a Useful Procedural Device"

22    (ABA LEL Section CLE Nov. 2015); "*Comcast v. Behrend*, Sound and Fury Signifying Little"

23    (ABA EEO Committee March 2014); Co-author with David Kern, "Strategic Thinking In

24    Defeating FLSA Defenses" (NELA March 2013); "Doing Well By Doing Good: Fulfilling The

25    Promise Of The FLSA" (NELA March 2013); Co-author with Ellen C. Kearns, Elizabeth

26    Lawrence, and Gregory K. McGillivary, "Square Peg, Round Hole: The Challenges and Pitfalls

27    of Exempt Classifications under the FLSA" (ABA Nov. 2012); "The Use of Expert Testimony in

28

- 5 -

1   Employment Cases Post-*Dukes*" (NELA Oct. 2012); "Life After *Dukes*—Disparate Impact

2   Claims for Compensation Discrimination are Certified in *McReynolds v. Merrill Lynch*, 2012 WL

3   572745, F.3d (7th Cir. 2012)" (NELA Annual Convention June 2012); "Representing

4   Misclassified and Reclassified Workers," (NELA Annual Convention July 2011); Co-author with

5   Dennis McClelland, Paul L. Bittner and Janet Herold, "Get in the Game: The Latest News and

6   Developments in Wage and Hour Litigation," (ABA 4th Annual CLE Conference November

7   2010); "*Ricci v. DeStefano*: Sound and Fury Signifying Little, For Now," (ABA EEO Conference

8   March 2010); Co-author with Peder Thoreen, "The Impact of *Morgan v. Family Dollar Stores* on

9   FLSA Collective Actions," ABA Section of Labor and Employment Law (2009); Co-Author with

10  David Borgen, Julia Akins Clark, Peder Thoreen, Ellen C. Kearnes, and William C. E. Robinson,

11  "White Collar Exemptions," (ABA 2008); Co-Author with Peder J. Thoreen, "The Use of

12  Representative Testimony in FLSA Collective Actions" (ABA 2008); Co-Author with Peder

13  J.Thoreen, "The Use of Representative Testimony and Bifurcation of Liability and Damages in

14  FLSA Collective Actions" (ABA 2007); Co-Author with Peter E. Leckman, "Holding Customers

15  Who Assist Securities Fraud Accountable Under State Law," *Securities Litigation Report* (Vol. 3,

16  No. 5, May 2006);  "Fair Labor Standards Act and State Law Wage & Hour Claims," ABA

17  Annual Meeting 2006; Author, "State Law Wage/Hour Class Actions: Alive And Well In Federal

18  Court," ABA Labor and Employment Section (2005); Co-Author with Melissa Matheny, "A

19  Developing Consensus:  The PSLRA's 'Basis' Requirement Does Not Require the Disclosure of

20  Confidential Sources in a Complaint," *Securities Litigation Report* (Vol. 2, No. 1, July/August

21  2005) (Glasser Legal Works); Co-Author with Chimène I. Keitner, "New Overtime Regulations

22  Require Heightened Vigilance," *San Francisco Attorney Magazine*, Spring 2004; Co-Author with

23  Chimène I. Keitner, "Summary of Proposed DOL Regulations Re FLSA Overtime Exemptions"

24  (2003) (American Bar Association - Labor and Employment Law, Federal Labor Standards

25  Legislation Committee Annual Report); "Title VII's Remedial Scheme:  Employment

26  Discrimination Class Actions at the Crossroads," *San Francisco Attorney* (August/September

27  2002); "Certification of Employment Discrimination Actions After The Passage of the 1991 Civil

28

- 6 -

Rights Act: (b)(2) or Not (b)(2), That Is The Question," Class Actions & Derivative Suits, Vol. 10 (March 2000); Co-Author with Joshua P. Davis, "*Allison v. Citgo Petroleum Corp.*- A Noble Retreat," Class Actions & Derivative Suits, Vol. 9, No. 1 (Winter 1999); Co-Author with Kelly Dermody, "Discovery in Employment Discrimination Class Actions," in Litigation and Settlement of Complex Class Actions (Glasser Legal Works 1998); Co-Author with Melanie M. Piech, "The Impact of the Private Securities Litigation Reform Act:  Unintended Consequences," *Securities Reform Act Litigation Reporter*, Vol. 6, No. 3 (Dec. 1998);  Co-Author with Karen Jo Koonan, "The Importance of Anecdotal Testimony to the Jury Trial of a Title VII Class Action: Lessons from *Butler v. Home Depot*," *Class Actions & Derivative Suits*, Vol. 8, No. 3 (Summer 1998); "Northern District of California Requires Internet Posting of Pleadings And Key Briefs In Securities Actions," *Securities Reform Act Litigation Reporter* (1997); "Class Actions: Useful Devices That Promote Judicial Economy And Provide Access to Justice," 41 New York Law School Law Review 353 (1997); Co-Author with Melvin R. Goldman, "Deposing Expert Witnesses" i*n Taking Depositions* (ABA) (1989); Co-Author with George C. Weickhardt, "New Push For Chemical Weapons," *Bulletin of the Atomic Scientist* (Nov. 1986); Comment, "The General Mining Law and The Doctrine of Pedis Possessio: The Case For Congressional Action," *University of Chicago Law Review* 1027 (1982).

14.    During the Spring Semester of 2008, I was an Adjunct Professor of Law at the University of California Hastings College of Law, where I taught a first-year course on statutory construction, focusing on employment discrimination law.

15.    My commercial hourly rate in 2020 is $1050/hour. In 2019, my commercial rate was $980/hour. In 2018, I billed my commercial clients at a rate of $940/hour, and was paid at that rate by at least two commercial clients, including the City and County of San Francisco. In 2017, I billed my commercial rate of $930/hour, and was paid at that rate by at least two clients, one of which was the City and County of San Francisco. In addition, in each year from 2007 to 2016, at least one paying client has paid me by the hour at my commercial hourly rate. In 2016, my commercial hourly rate was $925/hour. In 2014 and 2015, my commercial hourly rate was

$895/hour. In 2013, my commercial hourly rate was $875/hour. In 2012, my commercial hourly rate was $850/hour. In 2010, a paying client paid me at my commercial rate of $785/hour that year for over 840 hours of work at that rate. In 2011, that client paid me at my commercial rate of $825 per hour that year.

16.    Altshuler Berzon's commercial hourly rate (or their historical equivalents) have been repeatedly approved by courts, including in the following cases: *McDonald v. CPOpCo* (Case No. 17-cv-04915) (approving my 2019 rate of $980) (**Exhibit B**); *Lopez v. Delta Air Lines, Inc.*, 2:15-cv-07302-SVW-SS (C.D. Cal.) (approving my 2017 rate of $930) (**Exhibit C**); *Spicher v. Aidells' Sausage Co.,* Case No. 3:15-cv-05012-WHO (N.D. Cal.) (approving my 2017 rate of $930 per hour, 2017 law clerk rate of $285 per hour, and 2017 paralegal rate of $250 per hour) (**Exhibit D**); *Cancilla v. Ecolab, Inc.*, Case No. 12-cv-2001 JD (N.D. Cal) (approving my 2015 rate of $895 per hour) (**Exhibit E**); *Tokoshima v. The Pep Boys – Manny, Moe & Jack,* Case No. 12-04810 CRB (N.D. Cal) (approving my 2014 rate of $895, mid-level partner 2014 rate of $775, and junior partner 2014 rate of $635) (**Exhibit F**); *Bell v. Farmers Services, LLC,* BC438517 (Los Angeles County Super. Ct.) (approving my 2013 rate of $875 per hour, mid-level partner 2013 rate of $750 per hour, law clerk rate of $250 per hour, and paralegal rate of $225 per hour) (**Exhibit G);**

17.    I have personal knowledge of the hourly rates charged by other attorneys with comparable experience to mine. I believe that Altshuler Berzon's current commercial rates are fully consistent with the market rate for attorneys with comparable expertise, experience, and qualifications.

18.    I worked with Jahan Sagafi when we were both attorneys at Lieff, Cabraser, Heimann and Berstein, LLP. I have also co-counseled a number of cases with Outten & Golden, including *Rosenburg v. International Business Machines Corp.,* No. CV 06-00430 PJH (N.D. Cal.) and *Danieli v. International Business Machines Corp.*, No. 08-cv-3688 (S.D.N.Y). I know Jahan to be an experienced and capable lawyer with specialized knowledge of class actions and employment law. The hourly rates charged by Outten & Golden in the above captioned case for

DECLARATION OF JAMES M. FINBERG IN SUPPORT OF
PLAINTIFFS' FEE AND COST MOTION
CASE NO. 17-CV-00454-MMC

1    partners, associates, and paralegals are consistent with the hourly rates charged by my firm for

2    lawyers and paralegals with similar rates of experience.

3        19.    I declare, under penalty of perjury, under the laws of the United States that the

4    foregoing is true and correct. Executed this 21st day of September, 2020 at San Francisco,

5    California.

6                                    /s/ *James M Finberg*
                                     James M. Finberg
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -