| | |
|---|---|
| Jahan C. Sagafi   (Cal. Bar No. 224887) | Jamie D. Wells (SBN 290827) |
| Rachel Dempsey (Cal. Bar No. 310424) | **MCGUIREWOODS LLP** |
| OUTTEN & GOLDEN LLP | Two Embarcadero Center |
| One California Street, 12th Floor | Suite 1300 |
| San Francisco, CA 94111 | San Francisco, CA  94111-3821 |
| Telephone: (415) 638-8800 | Telephone:  (415) 844-9944 |
| Facsimile:  (415) 638-8810 | Facsimile:   (415) 844-9922 |
| jsagafi@outtengolden.com | |
| rdempsey@outtengolden.com | K. Issac deVyver (*pro hac vice*) |
| | Karla Johnson (*pro hac vice*) |
| Ossai Miazad (*pro hac vice*) | Tower Two-Sixty |
| Michael N. Litrownik (*pro hac vice*) | 260 Forbes Avenue |
| 685 Third Avenue, 25th Floor | Suite 1800 |
| New York, NY 10017 | Pittsburgh, PA 15222 |
| Telephone: (212) 245-1000 | Telephone: (412) 667-6000 |
| Facsimile:  (646) 509-2060 | Facsimile:  (412) 667-6050 |
| om@outtengolden.com | |
| mlitrownik@outtengolden.com | |

*Attorneys for Plaintiff and the Proposed Classes*     *Attorneys for Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO: 3:19-cv-04065-MMC-TSH<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated August 21, 2020, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated June 16, 2020 (the "Agreement").  On August 21, 2020, this Court granted preliminary approval to the proposed class action settlement set forth in the

1

Agreement between Plaintiff Eduardo Peña, individually and as class representative on behalf of the Class, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Parties"). This Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Class, and set a Final Approval Hearing to take place on January 8, 2021.  The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On January 8, 2021, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and any award to the Class Representative for his representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  **Definitions.**  This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2.  **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3.  **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4.     **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as the collective group of all persons making up the National Class and the California Class, defined as follows:

- "National Class" means those individuals who:
    - (i) applied for credit from the Wells Fargo direct auto line of business; (ii) between July 16, 2017 through the date of preliminary approval; (iii) who held valid and unexpired DACA status at the time they applied for credit; (iv) who were denied as set forth in the class data produced by Wells Fargo; and (v) who were not California residents as indicated in the "home state" data field at the time they applied for credit as set forth in the class data to be produced by Wells Fargo.
    - Excluded from the National Class are Wells Fargo, all officers, directors, and employees of Wells Fargo, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.
- "California Class" means those individuals who:
    - (i) applied for credit from the Wells Fargo direct auto line of business; (ii) between July 16, 2017 through the date of preliminary approval; (iii) who held valid and unexpired DACA status at the time they applied for credit; (iv) who were denied as set forth in the class data to be produced by Wells Fargo; and (v) who were California residents as indicated in the "home state" data field at the time they applied for credit as set forth in the class data produced by Wells Fargo.
    - Excluded from the California Class are Wells Fargo, all officers, directors, and employees of Wells Fargo, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(a) and (b)(3) is appropriate in that, in the settlement context:  (a) the Members of the Classes are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to each Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of each Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointment of the Plaintiff Eduardo Peña as Class Representative, and the counsel of record representing the Class Representative in the Action as Class Counsel.

6. **Settlement Approval.**  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs.  All claims in the Action are dismissed, and the case shall be closed pursuant to Paragraph 22 of this Order.

8. **Releases.**  The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.1-1.49 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment.  The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees and Unknown Claims.  The Releasors shall

be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

9. **Permanent Injunction.**  The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims.  The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10. **Approval of Class Notice.**  The form and means of disseminating the Class Notice, as provided for in (a) the Order Preliminarily Approving Settlement and Providing for Notice and (b) the Joint Stipulation and Order to Modify Forms & Instructions Document to be Mailed in Notice Packet, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.**  Plaintiff and Class Counsel have moved for an award of attorneys' fees, costs and expenses in the amount of $500,000.  The Court has considered this application separately from this Judgment. The Court finds that an award of $500,000 in attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount.

12. **Class Representative Incentive Awards.** The Court further finds that an incentive award for Plaintiff Eduardo Peña in the amount of $5000 is fair and reasonable, and the Court approves of the incentive award in this amount. The Court directs the Settlement Administrator to disburse this award to Plaintiff Eduardo Peña as provided in the Settlement Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wells Fargo. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

15. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

17. **Claim Review and Deficiency Process.**  The Settlement Administrator shall validate each Claim Form as directed in Section 5 of the Agreement.  Full compliance with the requirements of the terms of the Agreement and the Claim Form shall be necessary for the submission of a Verified Claim.  The Settlement Administrator shall have the authority to determine whether the submission of a Claim Form is complete and timely.  The Settlement Administrator's determinations in this regard shall be final and non-appealable.  Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that Claim but shall in all other respects be bound by the terms of the Agreement and by this Order.

18. **Reasonable Extensions.**  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. **Class Action Fairness Act (CAFA) Notice.**  Wells Fargo, through the Settlement Administrator, has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20. **Class Notice List.**  No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses, and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom the Class Notice was sent.

21. **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

22. **Action Closed.**  The Clerk of the Court is hereby directed to close the Action.

IT IS SO ORDERED.

DATED: January 8, 2021

_____
THE HONORABLE MAXINE M. CHESNEY
SENIOR UNITED STATES DISTRICT JUDGE