
Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California St, 12th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Benjamin D. Elga*
Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
81 Prospect Street, 7th Floor
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Ossai Miazad*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
om@outtengolden.com

*Attorneys for Plaintiff and the Proposed Class*
*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EDUARDO PEÑA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 19-cv-04065-MMC<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE CLASS LIST UNDER SEAL**<br><br>Judge: Maxine M. Chesney<br>Hearing Date: N/A<br>Hearing Time: N/A<br>Courtroom: 7, 19th floor |

## NOTICE OF MOTION AND MOTION

Per Civil Local Rule 79-5(e), Plaintiff respectfully moves for an order authorizing him to file under seal a Class List that contains the names and addresses of all Class Members to whom notice was sent, in accordance with Section 7.7 of the parties' Settlement Agreement, which provides:

> No later than thirty (30) days after the Effective Date, the Settlement Administrator, upon the approval of the Court to file under seal pursuant to the Protective Order (to protect the names, addresses, and other personal information of Class Members), will cause to be filed with the Court a list of the names and addresses of all Class Members to whom the Notice was sent ["Class List"]. The Parties agree that the list of names and addresses of all Class Members shall not be used for any purpose other than to enforce the terms of this Agreement.

ECF No. 89-2 (Settlement Agreement) § 7.7.

In accordance with this provision, as part of the Final Judgment and Order of Dismissal with Prejudice, this Court has already ordered that the Class List be filed under seal, as follows:

> No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses, and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom the Class Notice was sent

ECF No. 113 (Final Judgment) ¶ 20.

Although the Court has already ruled on this issue, Plaintiff submits this motion out of an abundance of caution and in compliance with Civil Local Rule 79-5. Wells Fargo does not oppose this motion. *See* Declaration of Ossai Miazad in Support of Motion to Seal ("Miazad Decl.") ¶ 4.

The Court may issue an order authorizing the sealing of documents if the requesting party can demonstrate that: (1) the document or portions thereof are "privileged or protectable as a trade secret or otherwise entitled to protection under the law," and (2) the request is narrowly tailored. Civ. L.R. 79-5(a). Although Plaintiff recognizes that there is a presumption of public access in court filings, he believes that the sensitivity of the information sought to be sealed and its peripheral relationship to the merits of the case outweigh this presumption here. The Class List contains Class Member contact information as well as information about their immigration

1  statuses and location.

2  Courts in California and the Ninth Circuit routinely find that class members or putative
3  class members "have a protected privacy interest in the confidentiality of their contact
4  information." *Amaraut v. Sprint/United Mgmt. Co.*, No. 19 Civ. 411, 2020 WL 8024170, at *7
5  (S.D. Cal. Jan. 14, 2020); *see also Belaire-W. Landscape, Inc. v. Super. Ct.*, 149 Cal. App. 4th
6  554, 561 (2007) ("The contact information for [the defendant employer's] current and former
7  employees deserves privacy protection."). They also routinely find this privacy interest
8  adequately protected by a protective order that limits the contact information to the parties in the
9  action. *See Austin v. Foodliner, Inc.*, No. 16 Civ. 7185, 2018 WL 1168694, at *2 (N.D. Cal.
10 Mar. 6, 2018) ("The predominant practice among courts in the Northern District of California is
11 to allow 'pre-certification discovery of putative class members' confidential [contact]
12 information subject to a protective order'"); *Benedict v. Hewlett-Packard Co.*, No. 13 Civ. 0119,
13 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013) ("[N]umerous courts in the Northern District
14 of California have allowed pre-certification discovery of putative class members' confidential
15 information subject to a protective order, without requiring prior notice to the putative class
16 members." (citing cases)). Accordingly, and consistent with standard practice in this district and
17 circuit, Plaintiff seeks Court approval to file the Class List under seal.

18 Sealing is particularly appropriate here because this action is resolved and there is
19 minimal public interest in the identity of all those on the Class List. *See Ctr. for Auto Safety v.*
20 *Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (where the information sought to be
21 filed under seal is "only tangentially related to the merits of [this] case" the party seeking to seal
22 it must show only good cause). Indeed, some of the people on the Class List are not even class
23 members, as the list includes everyone who was denied a loan from Wells Fargo pursuant to
24 certain immigration-related denial codes who had a Social Security number and a United States
25 address and were not identified as a citizen or permanent resident. *See* Settlement Agreement §
26 1.28. Because of this sorting mechanism, the list also identifies everyone on it as neither a
27 citizen nor a permanent resident, which is sensitive immigration status information that heightens
28 the privacy interests of those who appear on the Class List. *See, e.g., E.E.O.C. v. Signal Int'l,*

-2-

1  *L.L.C.*, No. 12 Civ. 557, 2013 WL 4854136, at *6 (E.D. La. Sept. 10, 2013), *aff'd sub*

2  *nom. David v. Signal Int'l, LLC*, No. 08 Civ. 1220, 2013 WL 6234592 (E.D. La. Dec. 2, 2013)

3  ("Courts frequently grant protective orders to protect an immigrant's current immigration

4  status."); *Flores v. Amigon*, 233 F. Supp. 2d 462, 464 (E.D.N.Y. 2002) ("[D]iscovery into the

5  plaintiffs' immigration status was irrelevant and posed a serious risk of injury to the plaintiffs,

6  outweighing any need for disclosure.").

7      Per Civil Local Rule 79-5(d), Plaintiff has attached the Class List under seal as an Exhibit

8  to the Declaration of Ossai Miazad pending the Court's ruling on this motion.

Dated: March 18, 2021

Respectfully submitted,

By: /s/ *Ossai Miazad*
     Ossai Miazad

Ossai Miazad*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
om@outtengolden.com

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California St., 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
jsagafi@outtengolden.com
rdempsey@outtengolden.com

Benjamin D. Elga*
Brian James Shearer*
Craig L. Briskin*
JUSTICE CATALYST LAW
81 Prospect Street, 7th Floor
Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

*admitted *pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*